**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| In re:<br><br>WALL007 LLC, *et al.*,[1]<br><br>Alleged Debtors. | Chapter 7<br><br>Case No. 20-31131 (HDH)<br>(Jointly Administered) |

**RESPONSE OF PETITIONING CREDITORS TO ALLEGED DEBTORS' SECOND MOTIONS TO DISMISS**

The petitioning creditors, Jun Li, Yunding Kang, Cunxiang Ji, Jin Wang, Peng Guo, Lin Zhou, Qu Chen, Kai Tian, Yijing Wu, Xuegeng Gong, Jin Wang, Weijia Kong, Heng Zhang, Hong Guo, Pei Guan, Yue Xu, Mai Ye, Chenchen Jiang, Qiuying Li, Ruinian Wu, Lin Zhou, Liying Yang, Yan Zhang, Wenjun Wang, Lan Ji, Ying Zhou, Lin Li, Li Jiang, Rufeng Ding, Cunxiang Ji, Lin Gao, Qiao Qin, Yue Zhang, Xiaodong Hao, Tianqing Song, Li Jiang, Weisi Wang, Xiaoquan Dai, Feng Yan, Heng Zhang, Ou Jiang, Jinzhe Wu, Yadan Liu, Wanwan Li, Wenjuan Yin, Jiancheng Chen, Yi Tang, Ying Zhang, Pengfei Dong, Kangying Mao, Yijing Wu, Li Jiang, Qin Chu, Yulan Chen, Sicheng Zhan, Pei Guan, Jingqiu Tang, Di Tang, Jun Zeng, Kui Wang, Yue Zhang, Jun Wang, Xiaomin Fan, Di Tang, Jialin Hu, Qin Chu, Jiaxiang Lu, Fuqing Chen, Hanjiang Fu, Aiguo Luo, Fang Ding, Xiangdong Zhu, Wai Ying, Yuan Yuan, Chao Xu, Guoqin Zhou, Yijing Wu (collectively, "Petitioning Creditors"), by and through their undersigned counsel, file this opposition (the "Second Opposition") to the Alleged Debtors, WALL007 LLC, WALL009 LLC, WALL010 LLC, WALL011 LLC, WALL012 LLC,

[1] The Alleged Debtors in these cases are: WALL007 LLC, WALL009 LLC, WALL010 LLC, WALL011 LLC, WALL012 LLC, WALL016 LLC, WALL017 LLC. The Alleged Debtors' federal tax identification numbers are unknown to the Petitioning Creditors sat this time.

WALL016 LLC, WALL017 LLC ("Alleged Debtors") second motions to dismiss (the "Second Motions"). The Petitioning Creditors respectfully aver as follows:

**INTRODUCTION**

Right on the heels of their First Motions to Dismiss and for other baseless relief ("First Motions"), the Alleged Debtors have filed second motions to dismiss, against the Petitioning Creditors, alleging various unfounded, unsupported and largely irrelevant procedural defects and deficiencies regarding the Petitions and service thereof ("Process"). The Alleged Debtors also take issue in their Second Motions with the status of co-counsel for the Petitioning Creditors in these cases ("Cases").

As an initial matter, the Alleged Debtors do not cite to a Federal or Bankruptcy Rule of Procedure, or any other grounds for that matter, as the basis for their dismissal requests. Armed with nothing more, the Alleged Debtors portray the Petitioning Creditors and their counsel as taking liberties with the Rules and lacking candor with the Court. Frankly, the Petitioning Creditors and their counsel believe the Second Motions were not filed in good faith with a meritorious basis for the relief they seek.

The Alleged Debtors allegations could not be further from the truth. The Petitioning Creditors believe that the Alleged Debtors filed the Second Motions to harass the Petitioning Creditors and their counsel, cause the Petitioning Creditors needless time and expense and, ultimately, in a thinly veiled attempt, to distract the Court from the substantive issues that plague their asserted opposition to the Petitions.

## PROCEDURAL HISTORY & STATEMENT OF FACTS

For the sake of brevity, the Petitioning Creditors incorporate their procedural history and statement of facts sections from their opposition ("First Opposition") to the First Motions [Dkt. No. 35].[2]

## LEGAL ARGUMENT

### I. Proper Attorney Admissions Have Been or Will be Entered by the Court and Counsel for Petitioning Creditors are Seeking Waiver of the Local Counsel Requirement

1. The Alleged Debtors contend that the attorneys representing the Petitioning Creditors are not admitted to this Court and that this, for some unexplained reason, is grounds for dismissal of all of the Petitions rather than clarification and correction as necessary.

2. Prior to filing the Petitions, Jiangang Ou and Stephen M. Packman, co-counsel for the Petitioning Creditors, sought admission to the United States District Court for the Northern District of Texas. See Exhibit "A."

3. Mr. Ou was advised by the Clerk's Office of the District Court that the Court was not accepting in person attorney admissions and that, therefore, all admissions would be done by forms submitted by email to the Clerk's office. See Exhibit "A."

4. Mr. Ou and Mr. Packman fully intended to be admitted to the U.S. District Court for the Northern District of Texas but due to the COVID-19 Crisis and a variety of other factors, the admission forms and process took longer than anyone expected.

5. However, Mr. Ou was told by the Clerk's office that he should not worry about any delay and that the admissions would be taken care of in due course under the Court's revised COVID-19 guidelines and procedures. See Exhibit "A."

[2] Capitalized terms not defined in this Second Opposition will have the same meaning as defined in the First Opposition.

6. Mr. Ou was admitted to practice before the U.S. District Court for the Northern District of Texas on or about May 27, 2020. See Exhibit "B" hereto.

7. Mr. Packman has his admission application completed and signed. It also has been sponsored by Joe Coleman, of Kane Russell Logan Coleman PC, a well-known Dallas bankruptcy attorney who he has worked with on cases including a large case in Delaware bankruptcy court. A copy of the Application is annexed hereto as Exhibit "C."

8. It is expected that Mr. Packman's certificate of good standing from the Supreme Court of the Commonwealth of Pennsylvania will be delivered to him on or about June 1, 2020. His application for admission will then be promptly submitted to the Clerk of the District Court for processing.

9. Mr. Packman hopes to be admitted to practice before the U.S. District Court for the Northern District of Texas on or about June 4, 2020 if the Court permits him to be sworn in that day.

10. Mr. Packman has been admitted to, and to his knowledge is in good standing with, the Courts of Pennsylvania, New Jersey and New York since 1989/90 and, thereafter, over the years, to many other Courts via pro hac vice or other admission, including Delaware, North Carolina, Florida, Texas, Minnesota, Iowa, California and Colorado.

11. It is noted that Mr. Packman has previously been admitted to practice before the Bankruptcy Court for the Southern District of Texas as recently as this year in the Southern Foods Group (Dean Foods) case, representing a bidder for assets of the debtors.

12. The Alleged Debtors also allege that the local counsel requirement has not been waived by the Court and that this too is somehow grounds for dismissal of the Petitions.

13. On May 28, 2020, the Petitioning Creditors filed a motion ("Waiver Motion"), pursuant to L.B.R. 2090-3(a), requesting a waiver of the local counsel requirement from the Presiding Judge. [Dkt. No. 34].

14. The Petitioning Creditors are awaiting an adjudication on the Waiver Motion.

15. If for some reason the request is denied, Petitioning Creditors will retain local counsel.

16. Accordingly, the "counsel issues" raised in the Second Motions have been fully addressed by the Petitioning Creditors and their counsel and the Second Motions should be denied.

**II. Petitioning Creditors Did Serve the Scheduling Order Upon the Alleged Debtors**

17. The Alleged Debtors contend that the Petitioning Creditors failed to serve the Scheduling Order upon the Alleged Debtors and that this allegation alone should entitle the Alleged Debtors to a dismissal of the Petitions.

18. The U.S. Bankruptcy for Court for the Western District of Texas considered an almost identical request by an alleged debtor for a motion to dismiss on the basis on improper service by the petitioning creditors. In re Rambo Imaging, L.L.P., 2007 WL 3376163, (Bankr. W.D. Tex. Nov. 8, 2007). In that case, the alleged debtor argued that it was improperly served and that the petition should be dismissed. Id. at *1. However, the Court found that the issues relating to service "had been cured as of the date of the hearing" and therefore did not consider such issue as a ground for dismissal. Id.

19. In this case, any alleged "issues" with service have been cured by the Petitioning Creditors in this case. See Dkt. Nos. 32 and 33].

20. In typical style, as with the First Motions, the Alleged Debtors do not cite to a Court Rule or any other grounds as the basis for this dismissal request.

21. The Alleged Debtors only cite to the Standing Scheduling Order Regarding Involuntary Cases [Dkt. No. 3] (the "Scheduling Order"), which outlines the measures Petitioning Creditors should take to serve Process upon the Alleged Debtors. See, Second Motions ¶ 4.

22. The Scheduling Order *does not* indicate that failure to take certain measures in regards to service would result in the dismissal of the Petitions. Nevertheless, the Alleged Debtors generally maintain for some reason that this is the case.

23. The Alleged Debtors' claim that the Petitioning Creditors only "served a copy of the within summons, together with the complaint filed in the proceeding on the alleged debtor in the case[.]" See Second Motions, ¶ 4.

24. On May 28, 2020, the Petitioning Creditors filed an Amended Certificate of Service clarifying and providing greater detail as to the service of Process (including the scheduling order) upon the Alleged Debtors (the "First Amended Certificate"). [Dkt. No. 32].

25. The Scheduling Order was included in the initial mailings, along with the summons and petitions, but was not identified in the original certificate of service filed due to inadvertence.

26. The Second Motions should be dismissed.

**III. Petitioning Creditors Did Not Deprive the Alleged Debtors of Due Process Rights**

27. The Alleged Debtors claim that the Petitioning Creditors have deprived them of due process due to the "short deadline and manner of service" regarding the Motion for Joint Administration (the "Administration Motion") that was filed by the Petitioning Creditors and later granted by this Court.

28. Apparently, the Alleged Debtors assert that if this is true, which it is not, that would somehow confer upon them grounds to have this Court dismiss all of the Petitions.

29. The Alleged Debtors have no authority supporting this dismissal request.

30. The Petitioning Creditors dispute that they failed to comply with the applicable Court Rules for service regarding the Administration Motion, the related motion for expedited consideration and the notice of hearing on the Joint Motion (collectively, the “Joint Motions”).

31. The Joint Motions were properly served on the Alleged Debtors pursuant to the applicable Court Rules in the manner as further described in the Second Amended Certificate of Service (the “Second Amended Certificate”). [Dkt. No. 33].

32. The Alleged Debtors were not deprived of any due its process rights as set forth in the Second Amended Certificate.

33. The Alleged Debtors have not moved or otherwise sought relief as to the Orders approving the Joint Motions which arguably would be the proper procedural remedy if in fact they were somehow aggrieved by the entry of a convenience type of order.

34. The Order approving the Administration Motion (“Administrative Order”) was entered for the procedural and administrative convenience of the Court and the parties. It does not in any way affect the substantive rights of the parties.

35. The Administrative Order specifically provides:

> “11. Nothing contained in the Motion or this Order shall be deemed or construed as directing or otherwise effecting a substantive consolidation of the Cases.”
> ******************************************************************************
> “13. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the interpretation, implementation, or enforcement of this Order.”

36. The Second Motions should be denied.

**IV. Petitioning Creditors Have Not Lacked Candor to the Court**

37. To the extent even remotely relevant to a motion to dismiss, the Petitioning Creditors and their counsel have not lacked candor as it pertains to their communications with the Court as maintained by the Alleged Debtors.

38. Again, the Alleged Debtors do not cite to a Court Rule, applicable law or any other grounds as the basis for this dismissal request.

39. The Petitioning Creditors and their attorneys have complied (or in good faith sought to comply as to admissions of counsel) with the relevant laws, rules and orders of this jurisdiction, including with the instructions from the Clerk of the Court as it pertains to attorney admissions, service, and due process.

40. If there are any matters which the Court should require the Petitioning Creditors, and/or their counsel, to address, procedural or otherwise, they will be attended to promptly.

**V. Alleged Non-Compliance with Petition Signature Requirements**

41. The Alleged Debtors contend that the Petitioning Creditors failed to comply with the petition signature requirements of this jurisdiction.

42. On March 25, 2020, the Honorable Judge Barbara Houser entered General Order 2020-07, which temporarily suspended the "wet signature" requirement "until May 1, 2020, unless further extended by the Court."

43. On April 20, 2020, Judge Houser entered General Order 2020-09, which amended General Order 2020-07 and extended the suspension of the "wet signature" requirement "until June 1, 2020, unless further extended by the Court."

44. On May 20, 2020, Judge Harlin D. Hale entered General Order 2020-15, which amended General Order 2020-07 and General Order 2020-09 and indicated that the "wet signature" requirement "is hereby suspended." General Order 2020-15 signed by Judge Hale does not indicate a date on which the suspension is scheduled to end.

45. The Petitions contained DocuSign electronic signatures from the Petitioning Creditors and were filed pursuant to the Orders entered by this Court. It is ironic that the Alleged Debtors are contesting the validity of DocuSign electronic signatures, when they have executed

many loan documents (including ones involving the Petitioning Creditors) with DocuSign electronic signatures and have accepted not less than $33 million of funds on that basis.

46. Most of the Petitioning Creditors are in China. Counsel is working to obtain the "wet-ink" signatures from all of the Petitioning Creditors and will file an attorney certification attesting to the requirement as soon as practically possible due to the COVID-19 pandemic.

## **CONCLUSION**

Based on the foregoing, the Petitioning Creditors respectfully request that the Second Motions be denied in their entirety.

Dated: May 29, 2020

/s/ *Jiangang Ou*
Jiangang Ou
Nguyen & Chen LLP
11200 Westheimer Road Suite 120
Houston, TX 77042
Tel: 832-767-0339
Email: jou@nguyen-chen.com

Stephen M. Packman
Archer & Greiner, P.C.
Three Logan Square
1717 Arch St., Suite 3500
Philadelphia, PA 19103
Tel: 215-246-3147
Email: spackman@archerlaw.com

*Counsel for the Petitioning Creditors*