**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| In re:<br><br>WALL007 LLC, *et al.*,[1]<br><br>Alleged Debtors. | Chapter 7<br><br>Case No. 20-31131 (HDH)<br>(Jointly Administered) |

**THE PETITIONING CREDITORS' EMERGENCY MOTION (I) TO QUASH OR MODIFY THE ALLEGED DEBTORS' RULE 45 SUBPOENAS UPON PETITIONING CREDITORS, JIN WANG AND YIJING WU AND THIRD PARTIES; (II) FOR AN ORDER SCHEDULING A DISCOVERY CONFERENCE AND SETTING A DISCOVERY SCHEDULE; (III) REQUIRING THE ALLEGED DEBTORS TO ABIDE BY THE DISCOVERY ORDER AND ADJOURN DEPOSITIONS OF THIRD PARTY WITNESSES AND (IV) FOR SANCTIONS AGAINST COUNSEL FOR THE ALLEGED DEBTORS AND TIMOTHY BARTON FOR VIOLATIONS OF DISCOVERY RULES AND WITNESS INTIMIDATION**

Pursuant to Federal Rule of Civil Procedure 45 (as incorporated by Federal Rule of Bankruptcy Procedure 9016), petitioning creditors, Jun Li, Yunding Kang, Cunxiang Ji, Jin Wang, Peng Guo, Lin Zhou, Qu Chen, Kai Tian, Yijing Wu, Xuegeng Gong, Jin Wang, Weijia Kong, Heng Zhang, Hong Guo, Pei Guan, Yue Xu, Mai Ye, Chenchen Jiang, Qiuying Li, Ruinian Wu, Lin Zhou, Liying Yang, Yan Zhang, Wenjun Wang, Lan Ji, Ying Zhou, Lin Li, Li Jiang, Rufeng Ding, Cunxiang Ji, Lin Gao, Qiao Qin, Yue Zhang, Xiaodong Hao, Tianqing Song, Li Jiang, Weisi Wang, Xiaoquan Dai, Feng Yan, Heng Zhang, Ou Jiang, Jinzhe Wu, Yadan Liu, Wanwan Li, Wenjuan Yin, Jiancheng Chen, Yi Tang, Ying Zhang, Pengfei Dong, Kangying Mao, Yijing Wu, Li Jiang, Qin Chu, Yulan Chen, Sicheng Zhan, Pei Guan, Jingqiu Tang, Di Tang, Jun Zeng, Kui Wang, Yue Zhang, Jun Wang, Xiaomin Fan, Di Tang, Jialin Hu,

[1] The Alleged Debtors in these cases are: WALL007 LLC, WALL009 LLC, WALL010 LLC, WALL011 LLC, WALL012 LLC, WALL016 LLC, WALL017 LLC. The Alleged Debtors' federal tax identification numbers are unknown to the Petitioning Creditors sat this time.

Qin Chu, Jiaxiang Lu, Fuqing Chen, Hanjiang Fu, Aiguo Luo, Fang Ding, Xiangdong Zhu, Wai Ying, Yuan Yuan, Chao Xu, Guoqin Zhou, Yijing Wu (collectively, "Petitioning Creditors") to Alleged Debtors, WALL007 LLC, WALL009 LLC, WALL010 LLC, WALL011 LLC, WALL012 LLC, WALL016 LLC, WALL017 LLC ("Alleged Debtors"), file this "Motion" (i) to quash or modify the Alleged Debtors' Rule 45 subpoenas ("Subpoenas") upon Petitioning Creditors, Jin Wang and Yijing Wu and third parties; (ii) for an order scheduling a discovery conference and requiring counsel to submit a proposed discovery scheduling order in advance of such conference; (iii) to require the Alleged Debtors to abide by such discovery order and adjourn depositions of third party witnesses unilaterally scheduled by the Alleged Debtors' counsel and (iv) for sanctions against counsel for the Alleged Debtors and Timothy Barton for violations of discovery rules and witness intimidation.

In support of their Motion, the Petitioning Creditors respectfully states as follows:

## INTRODUCTION

1. The Petitioning Creditors file this Motion due to the alarmingly rogue and recalcitrant behavior of the Alleged Debtors' counsel and their principal, Timothy Barton. It has become apparent based on the conduct of the Alleged Debtors' counsel, Joyce W. Lindauer, and the principal of her clients, Timothy Barton, that the parties will never arrive at an amicable resolution of the conduct of discovery in these cases.

2. Ms. Lindauer's issuance of Subpoenas to (and attempted service upon) Petitioning Creditors Wang and Wu, without even discussing them first with counsel for the Petitioning Creditors (or sharing the Subpoenas first with counsel); her scheduling of such depositions only four business days after the date of the Subpoenas and before the parties even have a chance to serve and respond to paper discovery; her failing to send copies of the Subpoenas to counsel for

Petitioning Creditors until one day prior to the scheduled depositions; her refusal to adjourn the depositions (as reasonably requested) to allow the parties time to exchange paper discovery and set deposition dates which are convenient for the parties, witnesses and counsel; her insistence on continuing with third-party depositions on extremely short notice to the witnesses and counsel for the Petitioners (by video no less as to counsel and with witnesses who either do not speak English well or who barely speak English at all), despite Petitioning Creditor counsel's willingness to try to coordinate depositions on a later date in June; her failure to provide any detail to counsel for Petitioners (as requested) of the alleged cause for scheduling the depositions on such short notice; and her and her client's principal's outrageous behavior with the witnesses as detailed herein; all support this Court conducting a hearing on short notice to consider the relief requested by Petitioning Creditors herein.

## ARGUMENT

### I. The Alleged Debtors Failed to Provide Reasonable Notice of the Depositions under the Rules

3. Under Federal Rule of Civil Procedure 45(d)(1), the party issuing the subpoena "must take reasonable steps to avoid imposing an undue burden" on the person subject to the subpoena. Fed. R. Civ. P. 45(d)(1).

4. On May 27, 2020, Ms. Lindauer's associate Jeffrey M. Veteto sent a Notice Regarding Deposition Subpoenas by email to Petitioning Creditors' counsel, Mr. Packman. Mr. Veteto's letter referenced enclosures, but the email he sent did not have any subpoenas attached.

5. On June 1, 2020, at 9:34am Eastern Time, the Alleged Debtors' counsel finally provided the Petitioning Creditors' counsel with the subpoenas to testify at a deposition (the "Subpoenas"), directed to (i) Haibo Jiang, (ii) Haoqiang Fu a/k/a Michael Fu, (iii) Yijing Wu,

and (iv) Jing Wang (collectively, the "Subpoenaed Parties"). The Subpoenas indicated that the depositions of the Subpoenaed Parties were scheduled for the next day, Tuesday, June 2, 2020 at 3pm Central Time in Stafford, Texas.

6. Thus, the Subpoenaed Parties, including Petitioning Creditors' Wu and Wang, effectively only received one (1) day of advance notice of the deposition time and place. This is unreasonable under any circumstances.

7. Despite attempts by Petitioning Creditors to reschedule the depositions and bring some order to the discovery proceedings, Ms. Lindauer indicated that the depositions would move forward on June 2, 2020, over counsel's objections. Attached as Exhibit "A" is a letter from Petitioning Creditors' counsel to Ms. Lindauer regarding an attempted resolution of the issues raised by the deposition Subpoenas. Also attached as part of Exhibit "A" is her response that the depositions would move forward if counsel for Petitioning Creditors would not agree to her unreasonable, unilateral demands to hold the depositions a few days later.

8. The Fifth Circuit has consistently held that any compliance period less than the fourteen-day period to object in Civil Rule 45 unreasonable. Hall v. Louisiana, 2014 U.S. Dist. LEXIS 56165, at *38 (M.D. La. Apr. 23, 2014); Dixon v. Greyhound Lines, Inc., No. 13-179-JWD-RLB, 2014 U.S. Dist. LEXIS 162234, at *5 (M.D. La. Nov. 19, 2014). The "district court 'must quash or modify a subpoena that: (i) fails to allow a reasonable time to comply' or '(iv) subjects a person to undue burden." In re O'Hare, No. H-11-0539, 2012 U.S. Dist. LEXIS 55130, at *4 (S.D. Tex. Apr. 19, 2012) (quoting Fed. R. Civ. P. 45).

9. Indeed, Courts in the Fifth Circuit have quashed subpoenas that have given as little as nine and as many as eighteen days to comply because these "time frames are clearly unreasonable." Hall v. Louisiana, 2014 U.S. Dist. LEXIS 56165, at *38 (M.D. La. Apr. 23,

2014); Dixon v. Greyhound Lines, Inc., No. 13-179-JWD-RLB, 2014 U.S. Dist. LEXIS 162234, at *5 (M.D. La. Nov. 19, 2014) (quashing subpoena that give 9 days to respond when the party could have clearly served the notice earlier, knowing the impending deadline); In re O'Hare, No. H-11-0539, 2012 U.S. Dist. LEXIS 55130, at *4-5 (S.D. Tex. Apr. 19, 2012) (quashing subpoena, in part, because it provided 18 days for compliance); Hernandez v. City of Corpus Christi, No. C-10-186, 2011 U.S. Dist. LEXIS 60452, at *3-4 (S.D. Tex. June 6, 2011) (quashing subpoena that requested parties comply within 10 days).

10. It is noted that Wu resides in China. English is not her native tongue and, even if the taking of her deposition is warranted at some point in these cases, arrangements would have to be made by video with an interpreter.

11. It would also be good if counsel for the represented witnesses had time to prepare for depositions and the unrepresented third-party witnesses had sufficient time to retain counsel if they so choose. But this is apparently not important to the Alleged Debtors or their counsel.

12. In fact, Wang and Mr. Fu's English is limited. Petitioning Creditors believe that interpreters may be needed for most of the depositions in these cases.

13. Counsel did not even bother to serve Notices in Lieu of Subpoenas on Petitioning Creditors' counsel. She just sent the Rule 45 Subpoenas to counsel one day prior to the depositions.

14. For all of these reasons and, most importantly, because it is highly unreasonable for the Alleged Debtors to demand that the Petitioning Creditors and their counsel, and third-party witnesses, submit and appear for depositions on 24 hours prior notice, the Court should quash the Subpoenas on all of the designated witnesses or at least put them off by modifying them until a discovery schedule is ordered by this Court.

## II. The Alleged Debtors' Did Not Seek Leave of Court Before Issuing Subpoenas

15. Federal Rule of Civil Procedure 30 (as incorporated by Federal Rules of Bankruptcy Procedure 7030 and 9014) states that "[a] party must obtain leave of court, and the court must grant leave to the extent consistent with Rule 26(b)(1) and (2): (A) *if the parties have not stipulated to the deposition* **<u>and</u>***:*

(i) the deposition would result in more than 10 depositions being taken under this rule or Rule 31 by the plaintiffs, or by the defendants, or by the third-party defendants;

(ii) the deponent has already been deposed in the case; or

(iii) *the party seeks to take the deposition before the time specified in Rule 26(d), unless the party certifies in the notice, with supporting facts, that the deponent is expected to leave the United States and be unavailable for examination in this country after that time.*

16. Here, the Alleged Debtors have not sought to stipulate to the depositions of Petitioning Creditors' Yijing Wu and Jing Wang with counsel or as to the third-party witnesses. In fact, Alleged Debtors' counsel scheduled the depositions without consulting with the Petitioning Creditors counsel regarding the availability of the parties or counsel.

17. Nevertheless, the Alleged Debtors seek to depose the witnesses in a grossly one-sided, contrived manner, quite contrary to the well-established rules governing the conduct of depositions by subpoena.

18. Accordingly, the Subpoenas should be quashed or modified as aforesaid.

## III. Petitioning Creditors Request a Discovery Plan and Scheduling Conference to Avoid Further Discovery Abuses by the Alleged Debtors and their Counsel

19. On May 15, 2020, this Court held a joint status conference (the "Conference") with Alleged Debtors' counsel and Petitioning Creditors' counsel.

20. At the Conference, Petitioning Creditors' counsel advised the Court that he would prefer that written discovery be conducted first before limited depositions are taken.

21. In theory, the parties would work out their disputes regarding written discovery and depositions on their own without involvement of the Court. The Court advised the parties during the Conference that this was a prudent action to take prior to the August 17, 2020 trial date scheduled.

22. On or about May 26, 2020, the Alleged Debtors' served their first request for production of documents ("Request for Production"), first set of interrogatories (the "Interrogatories"), and first set of requests for admissions (the "Request for Admissions") upon counsel for the Petitioning Creditors.

23. The Request for Production included fifty-eight (58) document requests directed to **each** of the Petitioning Creditors. This exceeds the number of documents that a party may request under Federal Rule of Civil Procedure 34 (as incorporated by Federal Rules of Civil Procedure 7034 and 9014).

24. The Interrogatories included nineteen (19) requests directed to each of the Petitioning Creditors. There are 77 Petitioning Creditors in these cases.

25. The Request for Admissions included one hundred (100) requests for admissions from each of the Petitioning Creditors. This exceeds the number of interrogatories a party may

request under Federal Rule of Civil Procedure 36 (as incorporated by Federal Rules of Civil Procedure 7036 and 9014).

26. In total, the Alleged Debtors have requested about **13,969** discovery responses from Petitioning Creditors.

27. It is clear that Ms. Lindauer has served discovery requests so far in excess of the Rules that this Court's intervention is urgently needed. Many of the Alleged Debtors' requests are irrelevant, duplicative, overly burdensome, and seek to harass the Petitioning Creditors who believe that they have already made out a prima facie case for relief or are well far along to it.

28. As described in detail in the previous section, the Alleged Debtors' did not serve Subpoenas to Petitioning Creditors' counsel until the morning of June 1, 2020—allowing for only (1) day to prepare for depositions.

29. In fact, based on information and belief, Ms. Lindauer's firm attempted to serve the Petitioning Creditors, Jing Wang (the wife of Mr. Fu) and Yijing Wu, directly without supplying the Subpoenas to either of their co-counsel first—a clear violation of the Rules governing service upon represented parties, as well as a questionable ethical practice. See, Exhibit "B" hereto.

30. This is not the first time that the Alleged Debtors' and their counsel have contacted the Petitioning Creditors without first contacting the attorneys representing them.

31. On or about April 29, 2020, most, if not all, of the Petitioning Creditors received a letter on Ms. Lindauer's letterhead titled "The Wall Entity Bankruptcies and Status Update." This was twenty (21) days after the Petitioning Creditors filed the Petitions against each of the Alleged Debtors and Ms. Lindauer was fully aware that the Petitioning Creditors were

represented by counsel. Attached as Exhibit "C" is a letter from Ms. Lindauer directed to petitioning creditors of the Alleged Debtors.

32. Even more disconcerting than this is the very recent attempts by Mr. Barton to contact and harass third-party witnesses. See, attached texts where Barton threatens Mr. Fu and Mr. Jiang with sanctions, arrest warrants and jail if they do not appear for depositions. Mr. Jiang is the husband of one of the Petitioning Creditors who resides in China. It is not clear why a deposition of Mr. Jiang is relevant or warranted but it is clear that Mr. Barton is threatening him. See, email and text annexed hereto as Exhibit "D."

33. Here are the relevant excerpts from Mr. Barton's diatribes:

> Timothy Barton, the principal of the Alleged Debtors, was copied on an email sent by Ms. Lindauer to Mr. Fu demanding that he appear for deposition tomorrow. Mr. Barton, unprompted, responded to Ms. Lindauer's email to Mr. Fu, by copying Mr. Fu on his response to Lindauer, and said - "I thought we should include if you do not show there will be sanctions and eventually bench warrent [sic]."
>
> Mr. Barton also texted Haibo Jiang and stated "[c]ontact your lawyer if you do not show tomorrow you can have fines from court and if further refuse judge will sign warrant to put you in jail Mr fu start a process now you are part of it and must answer court if you ignore court your possible arrest do not run away will only be worse call your lawyer don't listen to fu or anyone call lawyer so you don't make worse for you [sic]."

34. Counsel for Petitioning Creditors can advise the Court that many of the Petitioning Creditors and the third-party witnesses are quite troubled by Ms. Lindauer and Mr. Barton based on their harassment and campaign of intimidation.

35. Respectfully, it is readily apparent that the parties cannot moved forward with any amicable discussions regarding a discovery schedule.

36. The Petitioning Creditor believe that they have sufficient cause to request a discovery plan blessed by the Court that sets out timelines for paper discovery followed by

depositions that may be taken of relevant witnesses with some reasonable limitations on the number of depositions to be conducted on both sides before further hearings on the Petition.

**IV. Request for Sanctions Against Counsel and Timothy Barton**

37. Petitioning Creditors request that the Court consider awarding sanctions against counsel, Ms. Lindauer and Mr. Barton for their violations of the Discovery Rules, this Court's directive that the parties try to work out their discovery plans, and both of their highly inappropriate contact with the Petitioning Creditors and third-party witnesses in this matter.

38. Under F.R.B.P. 37 and 11 U.S.C. § 105, this Court is empowered to enter Orders to deter discovery abuses and the type of behavior that Petitioning Creditors fear will continue in these case unless curtailed now by the Court.

39. Not only is the behavior of counsel and Mr. Barton interfering with the conduct of these cases but it is also costing the Petitioning Creditors a lot of money.

40. Since the Petitions were filed, the Alleged Debtors have filed at least five Motions (including two separate Motions to Dismiss); served outrageously voluminous written discovery, as if these case involved highly complicated trial issues (these cases are about the Alleged Debtors non-payment of 77 Loan Agreements, and other creditors, and refusal to account to the Petitioning Creditors (and other lenders) for the loan proceeds and business transactions of the Debtors); unilaterally scheduled depositions on short notice without consent of counsel (prompting counsel to spend many hours preparing this Motion); and embarked upon a relentless campaign of intimidation and harassment of the Petitioning Creditors and others.

41. For all of those reasons and others set forth herein, Petitioning Creditors respectfully request entry of an Order awarding them appropriate sanctions against counsel for the Alleged Debtors and Mr. Barton.

## CONCLUSION

The Petitioning Creditors therefore respectfully request entry of an Order as follows:

1. Quashing the Subpoenas or modifying them consistent with a Discovery Order to be entered;

2. Entering a Discovery Order after conducting a discovery conference;

3. Awarding Petitioning Creditors sanctions against counsel for the Alleged Debtors and Mr. Timothy Barton as requested herein; and,

4. Awarding such other and/or further relief as the Court deems just and appropriate.

Dated: June 2, 2020

/s/ *Jiangang Ou*
Jiangang Ou
Nguyen & Chen LLP
11200 Westheimer Road Suite 120
Houston, TX 77042
Tel: 832-767-0339
Email: jou@nguyen-chen.com

Stephen M. Packman
Archer & Greiner, P.C.
Three Logan Square
1717 Arch St., Suite 3500
Philadelphia, PA 19103
Tel: 215-246-3147
Email: spackman@archerlaw.com
*Counsel for the Petitioning Creditors*

218640554v1