# Exhibit "A"

ARCHER
ATTORNEYS AT LAW

**Stephen M. Packman**
*Fellow of INSOL*
*Also Member of Pennsylvania and New York Bar*
spackman@archerlaw.com
215-246-3147 (Ext. 5147) Direct

Archer & Greiner, P.C.
Three Logan Square
1717 Arch Street, Suite 3500
Philadelphia, PA 19103-2739
215-963-3300 Main
215-963-9999 Fax
www.archerlaw.com

June 1, 2020

**VIA EMAIL**

Joyce W. Lindauer, Esq.
Joyce W. Lindauer Attorney, PLLC
1412 Main St., Ste. 500
Dallas, TX 75202

Re: In re WALL007, LLC, et al.[1]
Chapter 7 Bankruptcy Case No. 20-31131 (HDH) (Bankr. N.D. Tex.)
Our File No. WAL347-00961

Dear Ms. Lindauer:

As you know, this firm represents the Petitioning Creditors in the above-captioned bankruptcy cases (the "Cases"). This letter is in response to Mr. Veteto's letter of May 27, 2020 and your subsequent emails to me including through today.

Please be formally advised that we did not receive the Alleged Debtors' Subpoenas to Testify at a Deposition (the "Subpoenas"), directed to (i) Haibo Jiang, (ii) Haoqiang Fu a/k/a Michael Fu, (iii) Yijing Wu, and (iv) Jin Wang, until this morning at 9:34 am Eastern Time when Ms. Gwinnup sent them to us. Mr. Veteto's May 27th letter referenced enclosures but the email he sent to me did not have any subpoenas attached. In the future, please consult with us in advance before you unilaterally serve subpoenas in this case. Also, as we have already advised you in writing (which you confirmed), please do not have any direct contact with our clients. All communications to our clients are to be directed to us. Please also once again advise your clients accordingly.

Haibo Jiang and Michael Fu are not represented by this firm or Mr. Ou's firm. It is unclear to the undersigned whether proper service of the Subpoenas was even effected upon Jiang and Fu. We can speak with Mr. Fu about scheduling a mutually convenient date for his deposition later in June after paper discovery is exchanged. We cannot speak for Mr. Jiang and

[1] The Alleged Debtors in these cases are: WALL007 LLC, WALL009 LLC, WALL010 LLC, WALL011 LLC, WALL012 LLC, WALL016 LLC, WALL017 LLC.

do not know the purpose of your intended examination of him. Please advise us why you wish to depose him.

This firm and Mr. Ou's firm, do represent Petitioning Creditors' Yijing Wu and Jin Wang. We object on their behalf to your unilateral service of the Subpoenas and the manner in which the depositions were scheduled by the Alleged Debtors.

On May 27, 2020 at 2:37pm ET, Jeffery M. Veteto, an associate at your firm, sent an email with a letter attached on your letterhead titled "Notice Regarding Deposition Subpoenas" to undersigned counsel. Your letter and Mr. Veteto's email did not contain the Subpoenas directed to Wu and Wang. Accordingly, we contest that proper service was effectuated under Federal Rule of Civil Procedure 45(b)(1), as made applicable in bankruptcy cases by Federal Rule of Bankruptcy Procedure 9016, as counsel for Wu and Wang did not receive the Subpoenas until this morning, June 1, 2020.

As practical matter you did not consult with us beforehand. You also did not send us the traditional Notice upon counsel to take examinations under the Federal Rules. You also heard my representation to the Court at the initial conference that we would prefer to exchange paper discovery before depositions so we do not waste time.

We also have general objections, and more specific ones, to your discovery request in this proceeding, including the paper discovery you served and your intent to depose Petitioning Creditors without some showing as to why their depositions are necessary. If you wish to let us know why you believe depositions are necessary of any of the Petitioning Creditors, please let us know in writing which ones you proposed to examine and we will get back to you with our position. If you will not withdraw the subpoena on Petitioning Creditors scheduled for tomorrow or at least adjourn it without date for now, we will file a motion to quash and request costs and fees against your firm and your client. However, we hope that will not be necessary as we are willing to work out a discovery schedule with you.

In sum, the Alleged Debtors cannot reasonably expect that Wu and Wang would appear at a deposition tomorrow that they did not know was scheduled for June 2, 2020 on short notice. In fact, they will not be appearing tomorrow.

In addition, the parties have also not fully exchanged paper discovery in the Cases. It is premature to schedule such depositions without paper discovery. Further, you will need to make a showing to us before we agree to produce any Petitioning Creditors for examination after our exchange of paper discovery, including some detail as to why one or more of their depositions is necessary. Accordingly, Wu and Wang will not appear at the depositions presently scheduled for tomorrow, but we are amenable to discussing the matter further and entering into a reasonable discovery schedule with you. All rights of the Petitioning Creditors are reserved.

Finally, we have no knowledge of anyone leaving for China as alleged by you or Mr. Veteto. Please let us know your sources of this information.

Very truly yours,

*/s/ Stephen M. Packman*
STEPHEN M. PACKMAN

SMP:jg
Enclosures

218632241v1