**JOYCE W. LINDAUER ATTORNEY, PLLC**
Attorney & Mediator
1412 Main Street, Suite 500
Dallas, Texas 75202
Email: joyce@joycelindauer.com

Telephone No.
(972) 503-4033

Facsimile No.
(972) 503-4034

June 3, 2020

**VIA EMAIL AND EFILING WITH COURT**
The Honorable Harlin D. Hale
United States Bankruptcy Judge
Northern District of Texas
Earle Cabell Federal Building
1100 Commerce St.
Dallas, TX 75242-1496

Re: In re WALL007, et al.
Chapter 7 Case No. 20-31131

**Memorandum On Conducting Depositions of Chinese Nationals in China**

Dear Judge Hale:

In light of the central issue discussed in this morning's hearing—namely the difficultly in deposing Chinese Nationals while they are in China, we would like to draw to the Court's attention to the following resource materials that speak to the issue and may be helpful to the Court in resolving the current impasse.

We understand that in the past, depositions may have been conducted in Hong Kong as a workaround, but given the current environment in Hong Kong and the recent declaration by the U.S. that Hong Kong has lost its autonomy from China this is no longer a viable option. Additionally, just normal discovery is going to be a problem as producing certain information or documents may be prohibited by Chinse law and otherwise the process that you have to go through would require a Chinese court to compel production which most assuredly would never happen.

Here are some resources that discuss the issue related to depositions:

https://www.chinalawblog.com/2009/01/taking_depositions_in_china_it.html
("Only one limited deposition of a Chinese citizen in China has been allowed in 25+ years of China signing agreements allowing depositions to be taken. There is a very good reason for this. Depositions require the swearing of an oath. China has very strict laws regarding the administering and swearing of oaths. China likely regards the administering of oaths by foreign attorneys and consular officials as a "violation of China's judicial sovereignty." When foreign attorneys or

consular officials administer an unauthorized oath in China, the penalties include arrest, detention, expulsion, or deportation of all participants in the oath. Even conducting a deposition in a hotel room with an oath by private persons could result in criminal penalties under Chinese law. If you are involved in litigation and wish to take a deposition of a Chinese citizen, and you would mind having to sit in a Chinese prison, then you should probably seek permission from the Chinese authorities. If you are on the other side, and want to block the deposition of a Chinese citizen from being taken then you should raise an objection to the deposition as illegal under Chinese law, in a timely manner.)

https://harrisbricken.com/practice-areas/china-litigation-and-arbitration/
China, however, prohibits depositions on its soil, even if the deponent consents. In its declaration on accession to the Hague Convention on the Taking of Evidence Abroad in Civil and Commercial Matters, China stated it would not be bound by those provisions granting consular officers the right to oversee depositions. In 1989, China allowed a deposition in U.S. v. Leung Tak Lun, et al., 944 F.2d 642 (9th Cir. 1991), but advised that its grant of authority for that particular deposition should not be considered precedent, and it has not permitted a deposition since. Conducting a deposition in China may lead to arrest or expulsion. Even a telephonic deposition of a witness in China likely violates Chinese law, and would not be a good idea for anyone planning to go to China.

China has agreed to allow limited discovery of documents under the Hague Convention on Evidence. Articles 1 and 2 of that Convention provide for document discovery via a Letter of Request issued by the court where the action is pending and transmitted to the "Central Authority" of the jurisdiction where the documents are located. The Central Authority is then responsible for transmitting the request to the appropriate judicial body for a response. Article 23 of that Convention permits a signatory country to "declare that it will not execute Letters of Request issued for the purpose of obtaining pre-trial discovery of documents as known in Common Law countries." China has executed such a declaration, making document discovery permissible for trial purposes, but not merely to gather up information. Though China has agreed to document discovery for trial, you should not expect the Chinese Central Authority will instruct a Chinese court to compel production in your case. The U.S. State Department made the following accurate summary of how China tends to respond to U.S. court document discovery requests.

http://www.chinadocket.com/en/editorials/restrictions-on-taking-deposition-testimony-of-in-china-for-use-in-foreign-courts/
"China does not permit attorneys to take depositions in China for use in foreign courts. Under its Declaration and Reservations to the Hague Evidence Convention and subsequent diplomatic communications, China has indicated that . . . participation in such activity could result in the arrest, detention, or deportation of the American attorneys and other participants." See China Judicial Assistance, U.S. Dept. of State, https://travel.state.gov/content/travel/en/legal/Judicial-Assistance-Country-Information/China.html (emphasis in original); see also Jay K. Musoff, International Discovery Regulations & U.S. Government Investigations, Aspatore, Sept. 2012, at 2 ("China does not permit American attorneys in China to take depositions for use in foreign courts.").

https://www.lexology.com/library/detail.aspx?g=30c9f6c0-35d3-47b3-8200-9aa38e58c7fd
Though PRC law prohibits US litigants from obtaining evidence in China by any means other than the Hague Convention or diplomatic channels, this alone will not be enough to convince a US court to deviate from the Federal Rules.(6) The PRC party must demonstrate that disclosure of the information without consent from PRC authorities would result in a genuine threat, not just a mere possibility, of civil or criminal penalties. The PRC party will need to point to actual instances of enforcement when the type of information sought was disclosed in violation of PRC law. The US court must also be convinced that application of the Hague Convention will result in production of discoverable information and that China's interest in protecting the information outweighs the US interests at stake. At the onset of US litigation, PRC parties should consider the nature of information which may be requested, whether such information is protected by PRC law, and potential exposure to penalties if disclosed without approval.

Thank you in advance for your thoughtful consideration of this important issue.

Kindest Regards,

Joyce Lindauer

cc: Stephen Packman
Jiangang Ou