ARCHER
ATTORNEYS AT LAW

**Stephen M. Packman**
*Fellow of INSOL*
*Also Member of Pennsylvania and New York Bar*
spackman@archerlaw.com
215-246-3147 (Ext. 5147) Direct

Archer & Greiner, P.C.
Three Logan Square
1717 Arch Street, Suite 3500
Philadelphia, PA 19103-2739
215-963-3300 Main
215-963-9999 Fax
www.archerlaw.com

June 4, 2020

**VIA EMAIL**

Honorable Harlin D. Hale
U.S. Bankruptcy Court
Northern District of Texas
Earle Cabell Federal Building
1100 Commerce Street, 14th Floor
Courtroom #3
Dallas, TX 75242-1496
hdh_settings@txnb.uscourts.gov

Re: In re WALL007, LLC, et al.[1]
Chapter 7 Bankruptcy Case No. 20-31131 (HDH) (Bankr. N.D. Tex.)
Our File No. WAL347-00961

Dear Judge Hale:

We most respectfully write to respond to Ms. Lindauer's letter to Your Honor yesterday ("Letter"). The Letter was not requested by the Court during yesterday's hearing and we did object on behalf of Petitioners immediately to Ms. Lindauer submitting the Letter. Counsel then chose to submit the Letter anyway (to Ms. Bergreen) over our objection and what we believe was the Court's clear directive yesterday that the Parties try to coordinate the discovery process rather than fight over it. The Petitioners respectfully feel compelled to submit this response and ask the question: Why is Ms. Lindauer so insistent on zealously pursuing the Alleged Debtors' deposition agenda at this early stage of these cases?

The Alleged Debtors must believe that they have no real defenses to the Petitions and therefore have quite clearly chosen to pursue every procedural angle (no matter how baseless or time consuming for the Petitioners) they can think of, in order to avoid dealing with the relevant, undisputed facts. To date, the Alleged Debtors have filed two motions to dismiss the Petitions (one week apart from each other), among other motions, and attempted to ambush the Petitioners

---

[1] The Alleged Debtors in these cases are: WALL007 LLC, WALL009 LLC, WALL010 LLC, WALL011 LLC, WALL012 LLC, WALL016 LLC, WALL017 LLC.

and their counsel on their deposition quests as the Court heard yesterday. Now the Alleged Debtors would have the Court believe that depositions of the Petitioners in China are so essential to their defense, that the Court must address the alleged "illegality" of such depositions today pursuant to a Letter from counsel.

The Petitioners are largely Chinese nationals. At the outset of the proceedings, Petitioners attached to their Petitions, signed Declarations under oath affirming that they made the subject loans ("Loans") to the Alleged Debtors. The Loan Agreements at issue were attached to the Declarations setting forth the clear terms of the underlying debts which give rise to the Petitioners' claims in these cases.

Today, the Petitioners are filing on the docket of the main case, proof of the Alleged Debtors' receipt of the proceeds of the Loans ("Loan Receipts") made to them by the Petitioners. The Loan Receipts were each signed by Timothy Barton on behalf of the Debtors. It is therefore perplexing that Ms. Lindauer would state to the Court in argument yesterday (and then submit the Letter) that depositions of the Petitioners would be necessary to confirm exactly who advanced or made the Loans. Mr. Barton signed the Loan Receipts in favor of each of the Petitioners confirming receipt of the Loans <u>from the Petitioners</u>. The Loan Receipts are signed letters from Mr. Barton to the respective Petitioning Creditor confirming receipt of the money!

Depositions are not required under the Federal Rules simply because a party maintains that they want to take them. Bankruptcy Courts routinely limit discovery in cases where same is not warranted by the issues presented in the case. There is no universal "right to confront an accuser" in a civil case as stated by Ms. Lindauer during the hearing yesterday. There are methods of presenting evidence other than the testimonial kind to prove one's case or defend it.

This is not a criminal proceeding. These are simple cases where the Petitioners were asked to make the Loans to the Alleged Debtors and sign the Loan Agreements in order to evidence the Loans and the Alleged Debtors' promises to repay them to the Petitioners. The Alleged Debtors (through Mr. Barton) then signed the Loan Receipts, acknowledging that they had received the Loans from the Petitioners.

Respectfully, there is no bona fide dispute here as to the Petitioners' claims which would require the Alleged Debtors to take the depositions of 77 different Petitioners in China. This exercise would not only be a huge, costly inconvenience, but is also be completely unnecessary for this Court to consider the merits of the Petitions and any <u>legitimate</u> defense offered by the Alleged Debtors thereon.

The Alleged Debtors' defense we heard yesterday, during the hearing from Ms. Lindauer, that the Alleged Debtors do not know who to pay, is (respectfully) not a meritorious defense to the Petitions. It is an admission by the Alleged Debtors that the debts are real and due, but have not yet for some unexplained reason been paid.

The Court should require the Alleged Debtors to make a more in depth showing before ordering the Petitioners to submit to depositions, video or otherwise. In other words, what relevant evidence (supporting any meritorious defense advanced by the Alleged Debtor) cannot be obtained by the Alleged Debtors through discovery other than depositions?

The Alleged Debtors very recently served thousands of requests for written discovery responses upon the Petitioners. Petitioning Creditors respectfully request that the Court first require the Alleged Debtors to narrow down their written requests to comply with the Federal Rules. Then, once the Petitioners respond to the written discovery, and the Alleged Debtors take any third-party depositions in the United States which are actually relevant and necessary to a meritorious defense, the Court can consider whether depositions of any of the Petitioning Creditors are even warranted.

However, for the Alleged Debtors to asset that those depositions must be authorized now, is not supported by the facts or merits of these cases as advanced by the Alleged Debtors so far. The Alleged Debtors have yet to allege (in any pleading filed) any meritorious underlying defense to the Petitions, let alone any convincing reasons for depositions which could require the Petitioners to travel from mainland China in this COVID-19 environment.

The Petitioners urge the Court to require the Alleged Debtors to make a more in depth showing, at the appropriate time in these cases, with allowance of a more formal response by the Petitioners, before permitting the Alleged Debtors to take depositions of the Petitioners, who reside in China, as a matter of course.

Respectfully,

*/s/ Stephen M. Packman*
STEPHEN M. PACKMAN

SMP
cc: Joyce Lindauer, Esq., via email
Lisa Lambert, Esq., via email
James Ou, Esq., via email
Jorge Garcia, Esq., via email

218654817v1