**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| In re: | Chapter 7 |
| WALL007 LLC, *et al.*,[1] | Case No. 20-31131 (HDH) |
| Alleged Debtor. | |

**DECLARATION OF JORGE GARCIA, ESQUIRE IN FURTHER SUPPORT OF PETITIONING CREDITORS' RESPONSE TO ALLEGED DEBTORS SECOND MOTIONS TO DISMISS**

1. I, Jorge Garcia, an associate at Archer & Greiner, P.C., attorneys for the Petitioning Creditors, hereby declare as follows in further support of the Petitioning Creditors' response to the Alleged Debtors Second Motion to Dismiss:

**I. Attorney Admissions Have Been Entered by the Court and Counsel for Petitioning Creditors Have Been Granted Waivers of the Local Counsel Requirement**

1. Mr. Ou was admitted to practice before the U.S. District Court for the Northern District of Texas on or about May 27, 2020. See Exhibit "A" attached hereto.

2. Mr. Packman was admitted to practice before the U.S. District Court for the Northern District of Texas on or about June 8, 2020. See Exhibit "B" attached hereto.

3. On or about June 2, 2020, this Court entered an Order granting the Petitioning Creditors' motion to waive the local counsel requirement for their counsel. See Exhibit "C" attached hereto.

4. Accordingly, the "counsel issues" raised in the Second Motions have been fully addressed by the Petitioning Creditors and their counsel.

[1] The Alleged Debtors in these cases are: WALL007 LLC, WALL009 LLC, WALL010 LLC, WALL011 LLC, WALL012 LLC, WALL016 LLC, WALL017 LLC. The Alleged Debtors' federal tax identification numbers are unknown to the Petitioning Creditors at this time.

## II. Petitioning Creditors Did Serve the Scheduling Order Upon the Alleged Debtors

5. On May 28, 2020, the Petitioning Creditors filed an Amended Certificate of Service clarifying and providing greater detail as to the service of Process (including the Scheduling Order) upon the Alleged Debtors (the "First Amended Certificate"). [Dkt. No. 32].

6. The First Amended Certificate states that the Scheduling Order was included in the initial mailings, along with the summons and petitions, but was not identified in the original certificate of service filed due to inadvertence.

7. The Petitioning Creditors' respectfully refer the Court to the First Amended Certificate [Dkt. No. 32].

## III. Petitioning Creditors Did Serve the Motion for Joint Administration Upon the Alleged Debtors

8. The Petitioning Creditors served the Motion for Joint Administration (the "Administration Motion"), the related motion for expedited consideration and the notice of hearing on the Joint Motion (collectively, the "Joint Motions") as further described in the Second Amended Certificate of Service (the "Second Amended Certificate"). [Dkt. No. 33].

9. The Second Amended Certificate states that the Joint Motions were served properly under the Court Rules.

10. The Petitioning Creditors' respectfully refer the Court to the Second Amended Certificate [Dkt. No. 33].

## IV. The "Wet Signature" Certification Requirement Does Not Apply to Petitioner's Counsel

11. On May 20, 2020, Judge Harlin D. Hale entered General Order 2020-15, which amended General Order 2020-07 and General Order 2020-09 and indicated that the "wet signature" requirement "is hereby suspended." General Order 2020-15 signed by Judge Hale does not indicate a date on which the suspension is scheduled to end.

12. The attorney certification regarding the "wet signature" requirement in General Order 2020-07, referenced by the Alleged Debtors in their second motions to dismiss, appears to only applies to petitions filed by debtors. See General Order 2020-07 ("The electronic filing by an attorney of a document requiring the signature of a debtor, that is filed without the original "wet signature" in the attorney's possession, constitutes a certification by the debtor's attorney…").

13. Nevertheless, counsel is working on obtaining the "wet-ink" signatures from the Petitioning Creditors.

I certify pursuant to 28 U.S.C. § 1746 under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

uDated: June 12, 2020

/s/ *Jorge Garcia*

Jorge Garcia, Esquire
Archer & Greiner, P.C.
Three Logan Square
1717 Arch St., Suite 3500
Philadelphia, PA 19103
215-246-3102
Email: jgarcia@archerlaw.com

*Counsel for the Petitioning Creditors*

**CERTIFICATE OF SERVICE**

The undersigned hereby certified that on June 12, 2020, a true and correct copy of the foregoing document was served via the Court's EFC system upon the parties listed below:

**SERVICE LIST**

WALL007 LLC
13901 Midway Rd., Ste. 102
Dallas, TX 75244

WALL009 LLC
13901 Midway Rd., Ste. 102
Dallas, TX 75244

WALL010 LLC
13901 Midway Rd., Ste. 102
Dallas, TX 75244
DALLAS-TX

WALL011 LLC
13901 Midway Rd., Ste. 102
Dallas, TX 75244

WALL012 LLC
13901 Midway Rd., Ste. 102
Dallas, TX 75244

WALL016 LLC
13901 Midway Rd., Ste. 102
Dallas, TX 75244

WALL017 LLC
13901 Midway Rd., Ste. 102
Dallas, TX 75244

Joyce W. Lindauer, Esq.
Joyce W. Lindauer Attorney, PLLC
1412 Main St., Ste. 500
Dallas, TX 75202

Hoover Slovacek LLP
c/o Patrick D. Sullivan, Esq.
Galleria Tower II
5051 Westheimer, Ste. 1200
Houston, TX 77056

Robert W. Buchholz, Esq.
The Law Office of Robert W. Buchholz, P.C.
420 S. Cesar Chavez Blvd., Ste. 300
Dallas, TX 75201

United States Trustee
1100 Commerce Street
Room 976
Dallas, TX 75202

/s/ *Stephen M. Packman*
Stephen M. Packman, Esquire