Dee J. Kelly, Jr.
Tex. Bar I.D. 11217250
Katherine T. Hopkins
Tex. Bar I.D. 24070737
Joakim G. Soederbaum
Tex. Bar I.D. 24091338
KELLY HART & HALLMAN LLP
201 Main Street, Suite 2500
Fort Worth, TX 76102
Telephone: (817) 332-2500
Facsimile: (817) 878-9280
katherine.hopkins@kellyhart.com
joakim.soederbaum@kellyhart.com

ATTORNEYS FOR L. ALLEN HODGES III, AS INDEPENDENT EXECUTOR OF THE ESTATE OF LELAND A. HODGES JR., TEJAS GROUP, LTD., LAH III FAMILY SPECIFIC INTEREST, LTD., AND BLACKFOOT INTEREST, LTD.

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| In re: | § | |
| | § | Chapter 7 |
| WALL007 LLC, *et al.*[1], | § | |
| | § | Case No. 20-31131 (HDH) |
| Alleged Debtors. | § | (Jointly Administered) |
| | § | |

**THE STATE COURT PLAINTIFFS' OBJECTION TO ALLEGED DEBTORS' MOTION FOR EXPEDITED HEARING**

L. Allen Hodges III, as Independent Executor of The Estate of Leland A. Hodges Jr., Tejas Group, Ltd., LAH III Family Specific Interest, Ltd., and Blackfoot Interest, Ltd. (all collectively, the "State Court Plaintiffs") file their Objection to the Alleged Debtors' Motion for Expedited Hearing on Alleged Debtors' Emergency Motion to Enforce Automatic Stay Until Adjudication of the Chapter 7 Proceedings Pursuant to Section 11 U.S.C. 362 (the "Motion for Expedited Hearing") and show:

[1] The Alleged Debtors in these cases are: WALL007 LLC, WALL009 LLC, WALL010 LLC, WALL011 LLC, WALL012 LLC, WALL016 LLC, and WALL017 LLC. The Alleged Debtors' federal tax identification numbers are unknown to the Petitioning Creditors at this time.

1. The State Court Plaintiffs filed suit against 2999TC LP, LLC ("2999TC") on April 22, 2020, in a matter styled *L. Allen Hodges III, et al. v. 2999TC LP, LLC, et al.*, Cause No. 141-316567-20, seeking to recover from 2999TC a past due loan of over $4,000,000.00. That case is pending in the 141st District Court of Tarrant County, Texas, the Honorable John Chupp presiding. The State Court Plaintiffs also named JMJ Development, LLC ("JMJ") and Tim Barton ("Barton") as defendants because they guaranteed the loan (upon information and belief, 2999TC, JMJ and Barton are all separate and independent from, but related to, the Alleged Debtors). From the moment the case was filed, all three defendants in the state court proceeding (none of which are subject to or otherwise involved in this bankruptcy proceeding) have tried to avoid their obligations by dodging service and filing dilatory motions. In fact, the two guarantors have still not filed answers, but are now under threat of default judgement unless they do so this week. 2999TC filed its answer last week when faced with the same prospect.

2. When their case was filed, the State Court Plaintiffs sought and received a temporary restraining order from Judge Chupp related to certain collateral purportedly pledged against the loan (the "TRO"). That TRO was extended twice by agreement of 2999TC, JMJ, and Barton but expires today, June 16, 2020.[2] As of June 15, 2020, the State Court Plaintiffs had fully withdrawn their request for injunctive relief in state court and seek no relief other than judgment against 2999TC on the debt (and against the two guarantors if such debt remains unpaid at the time of judgment). A copy of the First Amended Petition filed in the state court action is attached hereto as Exhibit A. As this Court will see, the Alleged Debtors and their property are in no way implicated by the State Court Plaintiffs' claims or request for relief.

[2] The defendants in the state court proceeding actually agreed to extend the TRO ***after*** the Alleged Debtors claim that those same defendants discussed the bankruptcy with counsel for the State Court Plaintiffs.

3. Having seen 2999TC fail to stop the state court proceeding after trying five different dilatory motions before Judge Chupp, the Alleged Debtors (while having no interest in the outcome of the state proceedings, they apparently are somehow tied with the state court defendants by the ubiquitous Tim Barton) filed an emergency motion to enforce the automatic stay in this Court ("Motion to Enforce Stay"). [*See* Doc. 63]. The Alleged Debtors set out no grounds for an emergency, argue no rationale for the automatic stay beyond the now withdrawn request for injunctive relief, and appear to have made the filing solely to further 2999TC, JMJ, and Barton's efforts to block the State Court Plaintiffs from seeking to pursue their claims before Judge Chupp.

4. The sole rationale offered by the Alleged Debtors for an expedited hearing on its "emergency" Motion to Enforce Stay is a gratuitous allegation that an expedited hearing "is necessary to abate all deadlines, actions and hearings in the [state court] lawsuit that implicate directly or indirectly the assets of the Alleged Debtors." [*See* Doc. 67, ¶ 1]. This generalized, unsupported allegation does not provide good or sufficient cause to grant a hearing on an expedited basis.

5. A simple reading of the State Court Plaintiffs' First Amended Petition shows that they do not seek any relief that "implicates directly or directly the assets of the Alleged Debtors." Moreover, because the Alleged Debtors have not identified a single upcoming deadline, hearing, or action in the state court proceeding that requires an expedited hearing (because there are none), the State Court Plaintiffs do not believe the Motion for Expedited Hearing was filed in good faith.

6. The Alleged Debtors are attempting to impose the automatic stay upon a proceeding that does not fall within the purview of, and is not subject to, the stay. Notably,

pursuant to L.B.R. 4001-1(f)(2), parties are entitled to "at least 21 days' notice of the hearing [on a motion that seeks imposition of the automatic stay] without the need for an expedited or emergency hearing, which will be granted only in exceptional circumstances." Importantly, in this District, motions for expedited hearings will be granted only under emergency or exigent circumstances. L.B.R. 3016-1(B); L.B.R. App'x E, Part IV.[3] In order for the State Court Plaintiffs to adequately address all of the issues in the Motion to Enforce Stay, it is necessary for them to have the time period allotted pursuant to the Local Rules.

7. Here, the Alleged Debtors claim that an expedited hearing "is necessary to abate all deadlines, actions and hearings in the state court lawsuit that implicate directly or indirectly the assets of the Alleged Debtors." This conclusory and entirely unsupported statement, however, is simply not true, as evidenced both by the (i) Alleged Debtors' failure to identify a single deadline, action, or hearing concerning the Alleged Debtors' assets that would necessitate an expedited hearing (because there are none), and (ii) the face of the State Court Plaintiffs' First Amended Petition, which makes expressly clear that nothing in the action before Judge Chupp implicates the Alleged Debtors or their assets:

> Barton ultimately caused membership interest in the following entities to be pledged as security of the Loan: Wall009, LLC, Ridgeview Addition, LLC, LDG001, LLC, JMR100, LLC, D4KL, LLC, BM318, LLC, and 2999TC LP, LLC. With respect to the pledge of interest in Ridgeview Addition LLC, the entity through which Barton pledged that interest, Carnegie Development, LLC, falsely represented to Plaintiffs that Ridgeview Addition, LLC owns the Guaranty Collateral identified as Ridgeview. **To be clear, Plaintiffs do not assert any claim, and do not seek any relief from this Court, arising from and/or based on (i) their security interest in the membership interest of these entities or (ii) their attenuated interest in the real estate owned by these entities and/or identified in the Barton Guaranties. Rather, the only relief Plaintiffs seek herein is directly against Defendants based on their respective breaches of**

[3] While the particular Local Rules cited herein specifically reference Chapter 11 filings and certain subparts of 11 U.S.C. 362, no practical reason exists to consider the Alleged Debtors' purported need for an expedited hearing with any less scrutiny.

> **the Notes and Guaranties: actual damages, pre- and post-judgment interest, attorney's fees, and costs.**
>
> By way of specific example, with respect to the pledge of membership interest in Wall009 LLC, this entity is an alleged debtor subject to an involuntary chapter 7 bankruptcy case pending in the United States Bankruptcy Court for the Northern District of Texas, Dallas Division, Case No. 20-31131. **Plaintiffs are not seeking any relief as to Wall009 LLC or the membership interests in Wall009 LLC, and will not seek any such relief without prior Bankruptcy Court approval.**

[*See* Doc. 65 & n. 5 of Ex. A thereto (emphasis added)].[4]

8. Simply put, the Alleged Debtors have not shown that good cause exists justifying an expedited hearing. Because the Alleged Debtors have failed to demonstrate cause to grant an expedited hearing exists (and, the State Court Plaintiffs believe, do not have a good faith basis to seek an expedited hearing on this matter), but yet still forced the State Court Plaintiffs to respond to an expedited motion, the Court should order the Alleged Debtors to reimburse the State Court Plaintiffs' for their expenses related to the preparation of this filing.

**RELIEF REQUESTED**

For the above reasons, the State Court Plaintiffs respectfully request that the Court: (i) deny the Motion for Expedited Hearing; (ii) deny the Motion to Enforce Automatic Stay, (iii) order the Alleged Debtors to reimburse the State Court Plaintiffs for their reasonable and necessary fees and expenses incurred as a result of filing this response and objection to the Motion for Expedited Hearing, and (iv) grant such further relief as the Court deems just and proper.

---

[4] While the First Amended Petition references certain assets that supposedly trace through Barton's spider's web of entities to one of the Alleged Debtors, it is abundantly clear (i) that such references are provided solely for narrative and factual background strictly as they relate to the claims against 2999TC, JMJ, and Barton; and (ii) the State Court Plaintiffs seek only monetary relief directly from those three defendants.

Dated: June 16, 2020

Respectfully submitted,

*/s/ Katherine T. Hopkins*
Dee J. Kelly, Jr.
Tex. Bar I.D. 11217250
Katherine T. Hopkins
Tex. Bar I.D. 24070737
Joakim G. Soederbaum
Tex. Bar I.D. 24091338
KELLY HART & HALLMAN LLP
201 Main Street, Suite 2500
Fort Worth, TX 76102
Telephone: (817) 332-2500
Facsimile: (817) 878-9280
dee.kelly@kellyhart.com
katherine.hopkins@kellyhart.com
joakim.soederbaum@kellyhart.com

**ATTORNEYS FOR L. ALLEN HODGES III, AS INDEPENDENT EXECUTOR OF THE ESTATE OF LELAND A. HODGES JR., TEJAS GROUP, LTD., LAH III FAMILY SPECIFIC INTEREST, LTD., AND BLACKFOOT INTEREST, LTD.**

## CERTIFICATE OF SERVICE

A true and correct copy of the foregoing document was served on June 16, 2020, on the persons/entities receiving service via ECF notification.

*/s/ Katherine T. Hopkins*
Katherine T. Hopkins