**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| In re:<br><br>WALL007 LLC, *et al.*,[1]<br><br>Alleged Debtors. | Chapter 7<br><br>Case No. 20-31131 (HDH)<br>(Jointly Administered) |

**JOINT DISCOVERY PLAN**

Pursuant to the Court's directive dated June 15, 2020, the petitioning creditors, Jun Li, Yunding Kang, Cunxiang Ji, Jin Wang, Peng Guo, Lin Zhou, Qu Chen, Kai Tian, Yijing Wu, Xuegeng Gong, Jin Wang, Weijia Kong, Heng Zhang, Hong Guo, Pei Guan, Yue Xu, Mai Ye, Chenchen Jiang, Qiuying Li, Ruinian Wu, Lin Zhou, Liying Yang, Yan Zhang, Wenjun Wang, Lan Ji, Ying Zhou, Lin Li, Li Jiang, Rufeng Ding, Cunxiang Ji, Lin Gao, Qiao Qin, Yue Zhang, Xiaodong Hao, Tianqing Song, Li Jiang, Weisi Wang, Xiaoquan Dai, Feng Yan, Heng Zhang, Ou Jiang, Jinzhe Wu, Yadan Liu, Wanwan Li, Wenjuan Yin, Jiancheng Chen, Yi Tang, Ying Zhang, Pengfei Dong, Kangying Mao, Yijing Wu, Li Jiang, Qin Chu, Yulan Chen, Sicheng Zhan, Pei Guan, Jingqiu Tang, Di Tang, Jun Zeng, Kui Wang, Yue Zhang, Jun Wang, Xiaomin Fan, Di Tang, Jialin Hu, Qin Chu, Jiaxiang Lu, Fuqing Chen, Hanjiang Fu, Aiguo Luo, Fang Ding, Xiangdong Zhu, Wai Ying, Yuan Yuan, Chao Xu, Guoqin Zhou, Yijing Wu (collectively, "Petitioning Creditors") and Alleged Debtors, WALL007 LLC, WALL009 LLC, WALL010 LLC, WALL011 LLC, WALL012 LLC, WALL016 LLC, WALL017 LLC ("Alleged Debtors") (collectively, the "Alleged Debtors," and together with the Petitioning Creditors, the "Parties"), hereby file this Joint Discovery Plan.

---

[1] The Alleged Debtors in these cases are: WALL007 LLC, WALL009 LLC, WALL010 LLC, WALL011 LLC, WALL012 LLC, WALL016 LLC, WALL017 LLC. The Alleged Debtors' federal tax identification numbers are unknown to the Petitioning Creditors sat this time.

## I. Written Discovery Requests

1. On May 26, 2020, the Alleged Debtors served interrogatories, document requests, and request for admissions upon Petitioning Creditors.

2. On June 1, 2020, the Petitioning Creditors served interrogatories and document requests upon the Alleged Debtors.

3. The Parties shall serve written and documentary responses, including objections, to Written Discovery Requests on the opposing Party on or before July 6, 2020, if not already served.

4. If any of the Parties' objections to Written Discovery Requests are not resolved by July 10, 2020, the Parties shall submit their unresolved issues to the Court for consideration. The Parties agree to abide by the Court's resolution of such issues as directed by the Court's further Order thereon. The Court may conduct a discovery hearing at its discretion and/or ask for additional filings by the Parties on any unresolved discovery issues.

## II. Depositions

5. No earlier than July 13, 2020, the Parties shall be entitled to conduct no more than one deposition of each party in this case plus five (5) non-party depositions, without further leave of Court except Mr. Michael Fu and Mr. Haibo Jiang may be deposed after June 17, 2020 pursuant to the Court Order of June 4, 2020.

6. All depositions are to be concluded by no later than July 31, 2020.

7. Depositions of Parties and any represented third-parties, except Mr. Fu and Mr. Jiang, shall be noticed as set forth above in paragraph 6, shall be noticed to their counsel at least ten days in advance of the deposition date and counsel shall confer and cooperate on scheduling if the deposition date chosen does not work for any deponent or their counsel. Any subpoenas served to date (or attempted to be served) on Wu and Wang prior to the Court's June 4, 2020 Order have

been quashed by the Court's Order of June 4, 2020. Should any party or non-party leave the United States of America or threaten to leave the United States all counsel will fully cooperate with one another to schedule and conduct such deposition before they leave.

8. The Parties and their counsel shall use their best efforts to provide such accommodations and courtesies regarding depositions as are needed relative to each other, their counsel, other non-parties and all witnesses, including such accommodations as to interpreters.

9. The Court will not require Alleged Debtor's counsel to take depositions in any manner that will force her to violate Chinese law. If the parties are able to reach an agreement that allows depositions to be conducted by video, they may do so. If the Alleged Debtor believes certain depositions (or all depositions) need to be conducted in person, they should communicate this request to counsel for the Petitioning Creditors. If the parties cannot agree to an in-person deposition, the parties may file an expedited motion with the Court to obtain a determination for specific deponents. In the event that certain individuals are not available for depositions, or do not sufficiently respond to other discovery, and the Court is unable to compel their compliance, this may affect the Petitioning Creditors' ability to satisfy their evidentiary burdens. In addition, the Court will consider options that may be suggested by the parties, including drawing adverse inferences.

10. The Parties shall reasonably cooperate to facilitate non-party depositions (for instance, in the event that a non-party deponent may be related by marriage to a Petitioning Creditor).

11. Counsel for Parties shall meet and confer regarding all discovery disputes. Such "meet and confer" communications may be in person or by phone. Counsel for the Parties must

certify that they conferred in person or by phone under Local Rule 7007-1(b) prior to filing any pleadings with the Court regarding discovery disputes.

12. A pre-trial conference shall be held the week of August 3, 2020 on a date to be set by the Court for purposes of setting pre-trial deadlines on submission of motions, witness lists, exhibits, briefs and such other matters as the Court deems necessary.

Dated: June 17, 2020

Respectfully submitted,

/s/ Joyce W. Lindauer
Joyce W. Lindauer
State Bar No. 21555700
Joyce W. Lindauer Attorney, PLLC
1412 Main Street, Suite 500
Dallas, Texas 75202
Telephone: (972) 503-4033
Facsimile: (972) 503-4034
Email: joyce@joycelindauer.com
Attorneys for Alleged Debtors

/s/ Stephen M. Packman (w/permission)
Stephen M. Packman
Archer & Greiner, P.C.
Three Logan Square
1717 Arch Street, Suite 3500
Philadelphia, PA 19103
Telephone: (215) 246-3147
Facsimile: (215) 963-9999
Email: spackman@archerlaw.com
Attorneys for Petitioning Creditors