# EXHIBIT B

**Janet McNeese**

**From:** Dee Kelly
**Sent:** Thursday, June 18, 2020 2:54 PM
**To:** Katherine T. Hopkins; Joakim Soederbaum
**Subject:** FW: Wall Cases
**Attachments:** 20200615125429.pdf

**From:** Joyce Lindauer [mailto:joyce@joycelindauer.com]
**Sent:** Monday, June 15, 2020 12:48 PM
**To:** Dee Kelly
**Cc:** Brandon, Elizabeth C.; Dian Gwinnup; Tim Barton
**Subject:** RE: Wall Cases

Attached are the highlighted sections which still speak to a lien on the real property collateral. I see your prayer does not seek that relief directly at this time but it previously did. We think that the amended pleading reinforces the fact that the prior pleadings, hearings and orders clearly violated the stay in the underlying bankruptcy cases. We will see what the Court has available for hearing times.

**PLEASE NOTE OUR NEW ADDRESS IN DOWNTOWN DALLAS**

JOYCE LINDAUER
Attorney at Law
And Mediator

*Joyce Lindauer*
Joyce W. Lindauer Attorney, PLLC
1412 Main Street
Suite 500
Dallas, TX 75202
PH 972-503-4033
FAX 972-503-4034
CEL 214-957-8039

**CAUSE NO. 141-316567-20**

| | | |
|---|---|---|
| **L. ALLEN HODGES III, AS INDEPENDENT EXECUTOR OF THE ESTATE OF LELAND A. HODGES JR., TEJAS GROUP, LTD., LAH III FAMILY SPECIFIC INTEREST, LTD., AND BLACKFOOT INTEREST, LTD.,** | § | **IN THE DISTRICT COURT** |
| **Plaintiffs,** | § | **141ST JUDICIAL DISTRICT** |
| **v.** | § | |
| **2999TC LP, LLC, JMJ DEVELOPMENT, LLC, AND TIM BARTON,** | § | |
| **Defendants.** | § | **TARRANT COUNTY, TEXAS** |

**PLAINTIFFS' FIRST AMENDED PETITION**

Plaintiffs L. Allen Hodges III, as Independent Executor of The Estate of Leland A. Hodges Jr. ("**Executor**"), Tejas Group, Ltd., LAH III Family Specific Interest, Ltd., and Blackfoot Interest, Ltd. (all collectively, "**Plaintiffs**") file their *First Amended Petition* against Defendants 2999TC LP, LLC, JMJ Development, LLC, and Tim Barton (all collectively, "**Defendants**") and would respectfully show the Court as follows:

**I.**
**NATURE OF THE ACTION**

1. In September of 2019 defendant 2999TC LP, LLC ("**2999TC**") borrowed $4,000,000.00 from Plaintiffs (the "**Loan**")—which Loan is evidenced by two promissory notes executed by 2999TC (the "**Notes**") and guaranteed by both JMJ Development, LLC ("**JMJ**") and Tim Barton ("**Barton**"). 2999TC soon defaulted on its obligations under the Note, Barton failed to perform as agreed in his guaranties, and the Loan was accelerated on or about April 14, 2020. To date, however, Defendants have failed to make *any* payments towards the more than

$4,000,000 due and owing since Plaintiffs received the December 2019 interest-only payment on January 29, 2020—a month and a half late. Accordingly, Plaintiffs brought this suit to recover the more than $4,000,000.00 owed by Defendants in connection with the Loan.

## II.
## DISCOVERY CONTROL PLAN

2. Discovery in this case is intended to be conducted under level 3 of Rule 190.4 of the Texas Rules of Civil Procedure.

## III.
## PARTIES

3. Executor, who resides in Tarrant County, Texas, is one of two duly qualified and acting independent executors under the will of Leland A. Hodges Jr., which is dated August 8, 2013, and which was probated in Probate Court Number One of Tarrant County, Texas, under the following case name and number: *Estate of Leland Allen Hodges, Jr., Deceased*, No. 2019 PR01662-1.

4. Plaintiff Tejas Group, Ltd. is a Texas limited partnership.

5. Plaintiff LAH III Family Specific Interest, Ltd. is a Texas limited partnership.

6. Plaintiff Blackfoot Interest, Ltd is a Texas limited partnership.

7. Defendant 2999TC is a Delaware limited liability company. 2999TC has appeared and filed an answer in this suit and may be served with this Petition pursuant to Texas Rule of Civil Procedure 21a.

8. Defendant JMJ is a Texas limited liability company. JMJ has appeared in this suit but not yet filed an answer, and may be served with this Petition pursuant to Texas Rule of Civil Procedure 21a.

9. Defendant Barton is an individual residing in the State of Texas. Barton has appeared in this suit but not yet filed an answer, and may be served with this Petition pursuant to Texas Rule of Civil Procedure 21a.[1]

## IV.
## JURISDICTION AND VENUE

10. This Court has subject-matter jurisdiction over this case because the amount in controversy is within the jurisdictional limits of this Court. Pursuant to Texas Rule of Civil Procedure 47, Plaintiffs state that they seek monetary relief over $1,000,000.00 but less than $5,000,000.00, plus attorney's fees, costs, and pre- and post-judgment interest.

11. This Court has personal jurisdiction over 2999TC and JMJ because they systematically conduct business in Texas, maintain a regular place of business in Texas, and entered into contracts with Texas residents to be performed in whole or in part in this state. *See* Tex. Civ. Prac. & Rem. Code § 17.042. This Court has personal jurisdiction over Barton because he resides in Texas and entered into contracts with Texas residents to be performed in whole or in part in this state. *See id.* This Court further have personal jurisdiction over 2999TC, JMJ, and Barton because they have appeared in this matter.

12. Venue in this matter is proper in this County because a substantial part of the activities, events, and damages giving rise to this lawsuit occurred in this County. *See* Tex. Civ. Prac. & Rem. Code § 15.002. Venue is further proper in this County because the Notes provide that venue for any dispute involving the Notes or any other instruments executed in connection with the Notes shall lie exclusively in Tarrant County, Texas. *See* Notes as amended.

[1] Plaintiffs note that Defendants Barton and JMJ did not provide any contact information on their motion to quash (although they appear to have served themselves a copy of that motion via tbarton@jmjdevelopment.com). Accordingly, until these two Defendants instruct the Court and the parties otherwise, in line with their previous filings and notices and out of an abundance of caution, Plaintiffs will serve a copy of all their filings on Barton and JMJ (1) via tbarton@jmjdevelopment.com, and (2) through the attorney filing these Defendants' motion to quash, Vance McMurry, at vance@mcmurrylegal.com.

## V.
## FACTS

13. On or around September 16, 2019, defendant 2999TC borrowed from Plaintiffs, and Plaintiffs loaned to 2999TC, the total amount of $4,000,000.00 (the "**Loan**") in connection with a project involving the acquisition of property located at 2999 Turtle Creek Boulevard, Dallas, Texas (the "**Property**"), for the purpose of development of a luxury hotel and residences. The Loan is evidenced by two promissory notes executed by defendant Barton on behalf of 2999TC (the "**Notes**").[2]

14. Pursuant to the terms of the Notes, the Loan accrues interest at the rate of 18% annually, and 2999TC is required to pay all accumulated, outstanding interest on a quarterly basis, payable on the 3-month, 6-month, and 9-month anniversary of the Notes, with the fourth and final interest payment being due along with all outstanding principal on September 16, 2020 (the "**Maturity Date**").[3]

15. Defendants Barton, individually, and JMJ guaranteed the Loan and 2999TC's performance under the Notes (the "**Guaranties**").[4] In addition, in connection with his personal Guaranties (the "**Barton Guaranties**"), Barton personally agreed within thirty (30) days of Plaintiffs' request to grant or cause to be granted a first-priority security interest in certain assets. More specifically, Barton agreed to grant Plaintiffs a first-priority lien in the unencumbered value of certain real estate (hereinafter collectively referred to as the "**Guaranty Collateral**"):

---

[2] Each Plaintiff advanced ¼ of the Loan, or $1,000,000.00. One Note, in the amount of $1,000,000.00, was made out to the Estate of Leland Allen Hodges, Jr., while the other Note, in the total amount of $3,000,000.00, was made out to Tejas Group, Ltd., LAH III Family Specific Interest, Ltd., and Blackfoot Interest, Ltd, collectively.

[3] The accrued interest is calculated on a 360-day-year basis, making each quarter 90 days and each full quarterly interest-only payment $180,000.00 (360 / 90 = 90; $4,000,000.00 x .18 / 360 x 90 = $180,000.00).

[4] More specifically, Barton and JMJ each executed one Guaranty for each of the $1,000,000 Note and the $3,000,000 Note, respectively, for a total of 4 Guaranties.

| Collateral | Acres | Lots |
|---|---|---|
| Real Property Development known as North Star | 63.75 | 302 |
| Real Property Development known as Griffin | 201 | 870 |
| Real Property Development known as Rogers Ranch | 100 | 40 |
| Real Property Development known as Killeen | 16.2 | 1 |
| Real Property Development known as Ridgeview | 15 | 54 |

16. Pursuant to the terms of the Barton Guaranties, on or about September 17, 2019, Plaintiffs requested that Barton provide the documentation necessary to establish the agreed-upon security interests within thirty days—by October 17, 2019—so that Plaintiffs could promptly perfect their security interests in the Guaranty Collateral.

17. Barton, however, failed to comply with Plaintiffs' September 17, 2019 request. Instead, he—directly or through other non-party entities owned by him—provided Plaintiffs with pledges of membership interests in entities holding title to the real estate at issue. In other words, Plaintiffs have not received liens directly on the real estate referenced in the Barton Guaranties and do not have an ownership interest in the holding companies; rather, Plaintiffs merely holds a security interest in certain holding companies.[5]

[5] Barton ultimately caused membership interest in the following entities to be pledged as security of the Loan: Wall009, LLC, Ridgeview Addition, LLC, LDG001, LLC, JMR100, LLC, D4KL, LLC, BM318, LLC, and 2999TC LP, LLC. With respect to the pledge of interest in Ridgeview Addition LLC, the entity through which Barton pledged that interest, Carnegie Development, LLC, falsely represented to Plaintiffs that Ridgeview Addition, LLC owns the Guaranty Collateral identified as Ridgeview. To be clear, Plaintiffs do not assert any claim, and do not seek any relief from this Court, arising from and/or based on (i) their security interest in the membership interest of these entities or (ii) their attenuated interest in the real estate owned by these entities and/or identified in the Barton Guaranties. Rather, the only relief Plaintiffs seek herein is directly against Defendants based on their respective breaches of the Notes and Guaranties: actual damages, pre- and post-judgment interest, attorney's fees, and costs.

By way of specific example, with respect to the pledge of membership interest in Wall009 LLC, this entity is an alleged debtor subject to an involuntary chapter 7 bankruptcy case pending in the United States Bankruptcy Court for the Northern District of Texas, Dallas Division, Case No. 20-31131. Plaintiffs are not seeking any relief as to Wall009 LLC or the membership interests in Wall009 LLC, and will not seek any such relief without prior Bankruptcy Court approval.

18. In addition, among other things, 2999TC failed to pay (i) the first interest-only payment in the amount of $180,000.00 when due on December 16, 2019; and (ii) Plaintiffs' out-of-pocket expenses incurred incidental to the Loan as agreed. Ultimately, only after Plaintiffs threatened to accelerate the Loan, on or about January 29, 2020, did 2999TC pay the overdue December 16, 2019, interest-only payment and Plaintiffs' out-of-pocket expenses incurred incidental to the Loan creation. Barton, however, failed to provide Plaintiffs' first-priority liens on the Guaranty Collateral as agreed, leaving Plaintiffs with the various membership pledges.

19. When the second interest-only payment became due on March 16, 2020, 2999TC again failed to pay as agreed. In addition to 2999TC failing to make the $180,000.00 interest-only payment, among other things, Plaintiffs learned that Barton purportedly had allowed the granting of a first-priority lien on some of the real estate supposed to serve as Guaranty Collateral. By doing so, Barton potentially diluted the unencumbered value in which he agreed to grant Plaintiffs a first-priority lien as set forth in the Barton Guaranties. Accordingly, on March 27, 2020, Plaintiffs sent a second notice of default demanding that Defendants cure the defaults by April 6, 2020.

20. When Defendants failed to cure its defaults as demanded in Plaintiffs' March 27, 2020, notice, Plaintiffs accelerated the Loan and demanded payment in full from Defendants of all amounts due and owing. To date, however, Defendants have failed to pay as agreed, the Notes remain unpaid, and the principal is currently due and owing in full. As of April 21, 2020, a total of approximately $4,250,000.00 was immediately due and owing in the form of outstanding principal balance and accrued but unpaid interest.[6] Interest and attorney's fees

[6] This amount takes into account and credits the fact that Plaintiffs, albeit late, ultimately received the first $180,000.00 interest-only payment.

continue to accrue. Accordingly, Plaintiffs have filed the instant lawsuit to recover the amounts owed by Defendants.

## VI.
## CAUSES OF ACTION

### BREACH OF PROMISSORY NOTES

21. Plaintiffs incorporate herein by reference the foregoing allegations.

22. As set forth above, 2999TC is the maker of two enforceable Notes, which it executed and delivered to Plaintiffs. Plaintiffs are the beneficiaries and legal holders and owners of the Notes.

23. Plaintiffs performed their obligations under the Notes and loaned the total amount of $4,000,000.00 to 2999TC. 2999TC, in contrast, breached the Notes, among other things, through its failure to make the March 2020 interest-only payment as agreed and to make payment in full upon acceleration of the Loan. The entire principal balances of $1,000,000.00 and $3,000,000.00 remains due and owing under each Note, respectively and, as of April 21, 2020, a total of approximately $250,000.00 in accrued but unpaid interest was due and owing between the two Notes,[7] and remains unpaid to date.

24. As a proximate and foreseeable result of 2999TC's breach of the Notes, Plaintiffs have been damaged in a sum in excess of the minimum jurisdictional limits of the Court, for which sums Plaintiffs hereby sue, together with cost, attorney's fees, and pre-judgment and post-judgment interest at the contractually agreed rate of 18% to the greatest extent allowed by applicable law.

---

[7] The interest, while referred to collectively because it accrues on identical terms for each Note, accrues separately for the two Notes, with ¾ of the referenced interest accruing in connection with the $3,000,000.00 Note and ¼ of the interest accruing in connection with the $1,000,000.00 Note (based on the amount of each Note in proportion to the Loan). Plaintiffs refer to the interest as of April 21, 2020, the date before this suit was filed, as pre-judgment interest begins to accrue on April 22, 2020.

25. All conditions precedent to Plaintiffs' right to recover under the Notes have been performed, have occurred, or have been excused.

**BREACH OF GUARANTIES**

26. Plaintiffs incorporate herein by reference the foregoing allegations.

27. As set forth above, as consideration for Plaintiffs making the Loan to 2999TC, Barton and JMJ executed and delivered to Plaintiffs enforceable Guaranties for the benefit of Plaintiffs, securing 2999TC's performance under the Notes. Plaintiffs are the legal owners and holders of the Guaranties.

28. Pursuant to the Guaranties, Barton and JMJ must make any payments that become due and owing under the Notes. Plaintiffs performed their obligations by making the $4,000,000.00 Loan as contemplated by the Notes and the Guaranties. Thus, the Notes obligated 2999TC to pay Plaintiffs as amounts became due and owing. 2999TC defaulted under the Notes, among other things, by failing to make the March 2020 interest-only payment as agreed and to make payment in full upon acceleration of the Loan, thereby triggering Barton and JMJ's obligation to pay these amounts to Plaintiffs. Barton and JMJ, however, breached their respective Guaranties by failing to pay the amounts due to Plaintiffs under the Notes upon demand when 2999TC failed to pay as agreed and required. Barton further breached the Barton Guaranties by virtue of his failure to deliver the agreed-upon first-priority liens on the Guaranty Collateral.

29. As a proximate and foreseeable result of Barton's and JMJ's breach of their respective Guaranties, Plaintiffs have been damaged in a sum in excess of the minimum jurisdictional limits of the Court, for which sums Plaintiffs hereby sue, together with costs, attorney's fees, and pre-judgment and post-judgment interest at the contractually agreed rate of 18% to the greatest extent allowed by applicable law.

30. All conditions precedent to Plaintiffs' right to recover under the Guaranties have been performed, have occurred, or have been excused.

## VII.
## ATTORNEY'S FEES

31. Plaintiffs have been required to retain the undersigned legal counsel to institute and prosecute this action. In accordance with the loan documents (including the Notes and the Guaranties), and Tex. Civ. Prac. & Rem. Code § 38.001, Plaintiffs are entitled to recover their reasonable and necessary attorney's fees in bringing and prosecuting this action, and for any and all appeals enforcing the requested judgment.

## VIII.
## JURY DEMAND

32. Plaintiffs demand a jury trial and have previously tendered the appropriate fee along with the filing of their Original Petition.

## IX.
## REQUEST FOR DISCLOSURE

33. Pursuant to Texas Rule of Civil Procedure 194, Defendants are requested to disclose, within the time required by Rule 194.3 and based on the service of Plaintiffs' Original Petition,[8] the information or material described in Rule 194.2.

## X.
## PRAYER

For the reasons set forth above, the Plaintiffs respectfully request that the Court render judgment against Defendants, jointly and severally, and in favor of Plaintiffs, awarding Plaintiffs the following relief:

---

[8] Plaintiffs are including its request for disclosure to avoid creating the appearance that they have withdrawn their original request for disclosure. Plaintiffs' inclusion of the request for disclosure should not be interpreted as an extension of Defendants' deadline to respond to the same based on Plaintiffs' original request.

(a) any and all actual damages suffered in an amount within the jurisdictional limits of the Court;

(b) pre-judgment interest at the contractually-agreed upon rate of 18%;

(c) post-judgment interest at the contractually-agreed upon rate of 18%;

(d) attorney's fees;

(e) costs of suit; and

(f) such other and further relief to which Plaintiffs show themselves to be justly entitled whether at law or in equity.

Respectfully submitted,

*__/s/ Dee J. Kelly, Jr.__*
Dee J. Kelly, Jr.
dee.kelly@kellyhart.com
State Bar No. 11217250
Joakim G. Soederbaum
joakim.soederbaum@kellyhart.com
State Bar No. 24091338
KELLY, HART & HALLMAN LLP
201 Main Street, Suite 2500
Fort Worth, Texas 76102
Phone: 817-332-2500
Facsimile: 817-878-9280

**COUNSEL FOR PLAINTIFFS**

**CERTIFICATE OF SERVICE**

I hereby certify that on this 15th day of June, 2020, a true and correct copy of the foregoing document was served electronically upon all pro se Parties and counsel of record as follows:

Elizabeth C. Brandon
Bradley J. Purcell
**REED SMITH LLP**
ebrandon@reedsmith.com
bpurcell@ReedSmith.com
**ATTORNEYS FOR DEFENDANT**
**2999TC LP, LLC**

Tim Barton, Individually
tbarton@jmjdevelopment.com
**PRO SE**

JMJ Development, LLC
By: Tim Barton
Its: Chief Executive Officer
tbarton@jmjdevelopment.com
**PRO SE**

Vance McMurry
508 W. Lookout #14-74
Richardson, Texas 75080
vance@mcmurrylegal.com
**AS FILING ATTORNEY FOR DEFENDANTS**
**TIM BARTON AND JMJ DEVELOPMENT, LLC**

*/s/ Dee J. Kelly, Jr.*
Dee J. Kelly, Jr.