**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| In re:<br><br>WALL007 LLC, *et al.*,[1]<br><br>Alleged Debtors. | Chapter 7<br><br>Case No. 20-31131 (HDH)<br>(Jointly Administered) |

**MOTION FOR AN ORDER (I) HOLDING TIMOTHY BARTON IN CONTEMPT FOR FAILURE TO COMPLY WITH THE COURT'S ORDER (II) IMPOSING SANCTIONS AGAINST TIMOTHY BARTON AND AWARDING THE PETITIONING CREDITORS ATTORNEY'S FEES AND (III) REQUIRING BARTON TO APPEAR BEFORE THE COURT CONCERNING THE IMPOSITION OF ADDITIONAL SANCTIONS AGAINST HIM AND/OR THE DEBTOR**

Jun Li, Yunding Kang, Cunxiang Ji, Jin Wang, Peng Guo, Lin Zhou, Qu Chen, Kai Tian, Yijing Wu, Xuegeng Gong, Jin Wang, Weijia Kong, Heng Zhang, Hong Guo, Pei Guan, Yue Xu, Mai Ye, Chenchen Jiang, Qiuying Li, Ruinian Wu, Lin Zhou, Liying Yang, Yan Zhang, Wenjun Wang, Lan Ji, Ying Zhou, Lin Li, Li Jiang, Rufeng Ding, Cunxiang Ji, Lin Gao, Qiao Qin, Yue Zhang, Xiaodong Hao, Tianqing Song, Li Jiang, Weisi Wang, Xiaoquan Dai, Feng Yan, Heng Zhang, Ou Jiang, Jinzhe Wu, Yadan Liu, Wanwan Li, Wenjuan Yin, Jiancheng Chen, Yi Tang, Ying Zhang, Pengfei Dong, Kangying Mao, Yijing Wu, Li Jiang, Qin Chu, Yulan Chen, Sicheng Zhan, Pei Guan, Jingqiu Tang, Di Tang, Jun Zeng, Kui Wang, Yue Zhang, Jun Wang, Xiaomin Fan, Di Tang, Jialin Hu, Qin Chu, Jiaxiang Lu, Fuqing Chen, Hanjiang Fu, Aiguo Luo, Fang Ding, Xiangdong Zhu, Wai Ying, Yuan Yuan, Chao Xu, Guoqin Zhou, Yijing Wu, (collectively, the "Petitioning Creditors"), by and through their undersigned counsel, hereby moves for an order (i) Holding Timothy Barton In Contempt For Failure To Comply With The Court's Order (ii)

[1]The Alleged Debtors in these cases are: WALL007 LLC, WALL009 LLC, WALL010 LLC, WALL011 LLC, WALL012 LLC, WALL016 LLC, WALL017 LLC. The Alleged Debtors' federal tax identification numbers are unknown to the Petitioning Creditors sat this time.

Imposing Sanctions Against Timothy Barton And Awarding The Petitioning Creditors Attorney's Fees And (iii) Requiring Barton To Appear Before The Court Concerning The Imposition Of Additional Sanctions Against Him And/Or The Debtor (the "Motion"), and respectfully allege as follows:

**PRELIMINARY STATEMENT**

1. The Petitioning Creditors file this Motion to due to Barton's continued, numerous attempts to contact Petitioning Creditors in violation of the Court's *Order Granting, In Part, The Petitioning Creditors' Emergency Motion (I) To Quash Or Modify The Alleged Debtors' Rule 45 Subpoenas Upon Petitioning Creditors, Jin Wang And Yijing Wu And Third Parties; (Ii) For An Order Scheduling A Discovery Conference And Setting A Discovery Schedule; (Iii) Requiring The Alleged Debtors To Abide By The Discovery Order And Adjourn Depositions Of Third Party Witnesses And (Iv) For Sanctions Against Counsel For The Alleged Debtors And Timothy Barton For Violations Of Discovery Rules And Witness Intimidation* [Dkt. No. 48] (the "Order").

2. The Order specifically states that Barton is not to contact the Petitioning Creditors directly but that such communications should go through counsel [Dkt. No. 48].

3. Despite the Order, Mr. Barton has two of his agents contacting the Petitioning Creditors directly requesting, *inter alia*, that they withdraw as Petitioning Creditors.

4. It has become apparent, based on the continued conduct of Barton and his agents, that Barton does not intend to comply with this court's orders and he will not stop communicating with the Petitioning Creditors directly unless the Court enforces the Order by holding him in contempt thereof.

## JURISDICTION AND VENUE

5. The Court has jurisdiction over the subject matter of this proceeding pursuant to 28 U.S.C. §§ 157, 1331 and 1334.

6. This proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

7. Venue of this action is proper in this Court pursuant to 28 U.S.C. § 1409.

## LEGAL ARGUMENT

### I. Violation of the Order

8. A bankruptcy court may issue civil contempt orders. In re Terrebonne Fuel & Lube, Inc., 108 F.3d 609, 612–13 (5th Cir. 1997); see also 11 U.S.C. § 105(a) (Bankruptcy courts may impose contempt sanctions when "necessary or appropriate" to enforce their own orders).

9. "[C]onsideration by a bankruptcy court of a civil contempt motion will encompass only two issues: whether the alleged contemnor knew of the order and whether he complied with it. Decision of these two issues would involve no determination of private rights under non-bankruptcy law. On the other hand, the issue of whether the alleged contemnor substantially complied with the underlying order may well raise questions as to the nature, contents, and meaning of the underlying order, whether the alleged contemnor knew of it, and whether his conduct complied with it, which questions are well within the special knowledge and expertise of the bankruptcy court." In re Layer, 2007 WL 2229624, at *9 (Bankr. N.D. Tex. July 31, 2007).

10. In order for civil contempt to be found, the court must determine by clear and convincing evidence that (a) a court order was in effect; (b) the order required certain conduct by the respondent; and (c) that the respondent failed to comply with the order. In re LATCL & F, Inc., 2001 WL 984912, at *3 (N.D. Tex. 2001) (citing Petroleos Mexicanos v. Crawford Enterprises, Inc., 826 F.2d 392, 400 (5th Cir. 1987)).

11. “An alleged contemnor must have had knowledge of the order on which civil contempt is to be based. The level of knowledge required, however, is not high. Intent or good faith is irrelevant.” Kellogg v. Chester, 71 B.R. 36, 38 (N.D. Tex. 1987). “[I]ntent is not an element in civil contempt matters. Instead, the basic rule is that all orders and judgments of courts must be complied with promptly.” In re Unclaimed Freight of Monroe, Inc., 244 B.R. 358, 366 (Bankr.W.D.La.1999).

12. For civil contempt of a court order, there need not be a showing that the conduct was willful so long as the contemnor actually failed to comply with the court's order. In re All Trac Transp., Inc., 306 B.R. 859, 875 (Bankr. N.D. Tex. 2004).

13. Here, there is no question that Mr. Barton knew about the contents of the Order. The Order states that: “Mr. Timothy Barton shall have no further contact with the Petitioning Creditors and all communications shall be through the Alleged Debtors’ counsel to the Petitioning Creditors’ counsel.” [Dkt. No. 48].

14. Moreover, Mr. Barton attended the hearing on June 3, 2020, in which counsel for the Petitioning Creditors told the Court that Mr. Barton had been threatening Petitioning Creditors directly via a third-party messaging app [Dkt. No. 44]. Petitioning Creditors requested that all communication with Petitioning Creditors going forward be conducted by and between counsel.

15. Judge Hale spoke to Mr. Barton directly about his improper communication with the Petitioning Creditors and told him that he would have no qualms about holding Mr. Barton in contempt should his conduct continue.

16. Mr. Barton has a notarized and signed Power of Attorney (“POA”) appointing Ling Zhong as his agent. See Declaration of Jiangang Ou, Exhibit “1.”

17. Based on information and belief, Yang Jiang works with Mr. Zhong.

18. Despite a clear directive by the Court, on or about June 9, 2020, Mr. Barton's agents, Ling Zhong and Yang Jiang, reached out to twenty-four (24) Petitioning Creditors directly via the WeChat messaging app. See Declaration of Jiangang Ou, Exhibits "2–3; 7." The WeChat conversation, which is translated to English from Mandarin Chinese, is as follows:

09:32 June 9

Yang Jiang: Hello everyone, long time no communications! Apologize! We had a meeting today:1. Mr. Ling Zhong will continue to do the Phase I Work, preparing two proposals(reinvestment or repayment) for the 35 individuals who don't participate in the joint [petitioning]; 2. As to the matter of hearing on June 19, we have a 90% chance to win [based on] the message that came back from Judge today); 3. The second and third settlement proposals for the 65 individuals who are participating in the [petitioning] are being discussed.

09:38

Yang Jiang: Tim will never make any compromise to the Petitioners, the counterclaim has been initiated.

09:51

AMBER: @Yang Jiang We purchased in 2019, have not yet received the interest this year, the loan will expire in April next year, we all want to exit and refund, how to do this?

Ling Zhong: I have received the second proposal, I'm trying to get better and additional terms and conditions for the 35 individuals.

Group of Dallas Investors (51)

June 21 21:37

"HuaXiangRong" invited "ljj" into the group

June21 22:07

"LiWanWan" invited "Zheng--"into the group

10:31 (June 28)

Yang Jiang: The negotiations on Project 019 has been done today. Upon the consent of the four individuals of this Project next week and the execution of the legal documents drafted by lawyers, they will be separated from the (Michael) Fu financing dispute system and have nothing to do with the bankruptcy case! Congratulations to all of these four investors of Project 019 today. May lose some money and time, but their investment money will be transferred per their own choices!

19. The improper communications by Barton's agents with Petitioning Creditors, included a PDF document attachment, which requested that the Petitioning Creditors "check" certain boxes that apply in order to receive a form of "reinvestment" or "repayment" opportunity from Barton:

WALL _________ , LLC
个人声明

| | | |
|---|---|---|
| I did not agree to a bankruptcy being filed for Wall _______ .<br>本人未曾同意对本人参与的 Wall 项目呈递破产申请。 | Yes ☐<br>是 | NO ☐<br>否 |
| I did not sign by DocuSign a petition to file such bankruptcy.<br>本人未曾作为原告请愿人在呈递的破产申请上做过电子签名。 | Yes ☐<br>是 | NO ☐<br>否 |
| I withdraw any consent to a bankruptcy being filed for Wall _______ .<br>本人撤回任何对 Wall 项目破产申请的同意书。 | Yes ☐<br>是 | NO ☐<br>否 |

Group of Dallas Investors (47)

Ling Zhong: SignOutPetition for WALL Personal Statement.pdf

Ling Zhong: Details for the SignOutPetition Personal Statement, all of the three sentences must be ticked ☑,regardless of whether or not you have been petitioners. The Witness listed below means you need two person who witness your signature to sign. Then send to MVenkat@jmjdevelopment.com a scanned copy and a photo of yourself and the Statement before (US Central Time) Friday 7/3.
08:32 (July 1,2020)

Ling Zhong: Some will be transferred to the group of Real Estate Claims.

*See* Declaration of Jiangang Ou, Exhibits "4–6."

20. Mr. Barton is the managing member of JMJ Development, which is an entity referenced in Ling Zhong's messages to the Petitioning Creditors.

21. Mr. Barton did not advise Petitioning Creditors' counsel of this communication beforehand and the Petitioning Creditors did not consent to Mr. Barton's agents' unsolicited communications.

22. These communications are in direct violation of the Order and the directive Judge Hale gave Mr. Barton at the June 3, 2020 hearing.

23. Mr. Barton should not be permitted to hind behind his agents and continue to harass and confuse the Petitioning Creditors in this case.

24. Mr. Barton should be held in contempt by this Court for his failure to comply with the Order.

## II. Sanctions for Violating Order

25. In determining what sort of sanctions should be imposed for civil contempt, the court should consider (a) the harm from noncompliance; (b) the probable effectiveness of the sanction; (c) the financial resources of the contemnor and the burden the sanctions may impose; and (d) the willfulness of the contemnor in disregarding the court's order." Lamar Financial Corp. v. Adams, 918 F.2d 564, 567 (5th Cir. 1990); see also United States v.. United Mine Workers, 330 U.S. 258 (1947) ("Where the purpose of a civil sanction is to make a party comply, the court must exercise its discretion in determining the proper sanction, considering the character and magnitude of the harm threatened by continued contumacy, and the probable effectiveness of any suggested sanction in bringing about the result desired.").

26. Here, Mr. Barton was informed multiple times—first directly by Petitioning Creditors' counsel; then by Court Order and Judge Hale directly—not to contact Petitioning Creditors. Despite this clear directive, Mr. Barton willfully and knowingly violated the Order by having his agents contact the Petitioning Creditors. See Declaration of Jiangang Ou, Exhibits "1–7."

27. Petitioning Creditors have incurred additional costs due to the bad faith of Mr. Barton including attorney's fees.

28. Mr. Barton should be held responsible for the unnecessary costs resulting from the Defendant's bad faith. These unnecessary costs include the costs and fees for bringing this Motion. See Crescent Publishing Group, Inc. v. Playboy Enterprises, Inc., 246 F.3d 142, 147 (2d Cir. 2001) ("[T]he decision to award fees rests in the court's equitable discretion.").

29. The Petitioning Creditors submit that under the circumstances, an award of attorney's fees to Petitioning Creditors is an appropriate sanction.

30. In addition, Petitioning Creditors request that the Court require Mr. Barton to appear before it to explain why he has clearly and knowingly violated the Order and why he and/or the Debtors should not be subjected to such further sanctions as the Court may thereafter deem appropriate.

## CONCLUSION

**WHEREFORE**, for the foregoing reasons, the Petitioning Creditors respectfully request that this Court grant the Motion and enter an order (i) holding Barton in contempt; (ii) imposing sanctions against Barton including the award of attorney fees; (iii) requiring Barton to appear before the Court; and (iv) granting such other and further relief that this Court deems just and proper under the circumstances.

Dated: July 2, 2020

/s/ *Jiangang Ou*
Jiangang Ou
Nguyen & Chen LLP
11200 Westheimer Road Suite 120
Houston, TX 77042
(832) 767-0339
Fax : (832) 767-0669
Email: jou@nguyen-chen.com

Stephen M. Packman
Archer & Greiner, P.C.
Three Logan Square
1717 Arch St., Suite 3500
Philadelphia, PA 19103
215-246-3147
Email: spackman@archerlaw.com

*Counsel for the Petitioning Creditors*

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that, on July 2, 2020, a true and correct copy of the foregoing document was served on all parties requesting service via the Court's EFC system.

/s/ Stephen M. Packman
Stephen M. Packman

218839696v1