Doc-245



***Electronically Recorded Document***

# Johnson County

**Becky Ivey**
**Johnson County Clerk**
**Cleburne, TX**

---

**Document Number: 2019-245**

**Recorded As : ERX-DEED OF TRUST**

| | |
|---|---|
| **Recorded On:** | **January 04, 2019** |
| **Recorded At:** | **10:23:12 am** |
| **Number of Pages:** | **10** |
| **Recording Fee:** | **$58.00** |

**Parties:**

**Direct-**

**Indirect-**

| | |
|---|---|
| **Receipt Number:** | **150442** |
| **Processed By:** | **Linda Bailey** |

---

***THIS PAGE IS PART OF THE INSTRUMENT***

COUNTY COURT JOHNSON COUNTY, TEXAS

I hereby certify that this instrument was filed on the date and time stamped hereon and was duly recorded in the Volume and Page of the named records in Johnson County, Texas.

Any provision herein which restricts the sale, rental or use of the described Real Estate because of color race is invalid and unenforceable under Federal law.

BECKY IVEY, COUNTY CLERK
JOHNSON COUNTY, TEXAS

NOTICE OF CONFIDENTIALITY RIGHTS: IF YOU ARE A NATURAL PERSON, YOU MAY REMOVE OR STRIKE ANY OR ALL OF THE FOLLOWING INFORMATION FROM ANY INSTRUMENT THAT TRANSFERS AN INTEREST IN REAL PROPERTY BEFORE IT IS FILED FOR RECORD IN THE PUBLIC RECORDS: YOUR SOCIAL SECURITY NUMBER OR YOUR DRIVER'S LICENSE NUMBER.

# DEED OF TRUST

Terms

| | |
|---|---|
| **DATE:** | December 28, 2018 |
| **GRANTOR:** | **Carnegie Development, a Delaware Limited Liability Company** |
| **GRANTOR'S MAILING ADDRESS:** | 1201 Orange St #600, Wilmington DE 19899 |
| **TRUSTEE:** | **IAN GHRIST** |
| **TRUSTEE'S MAILING ADDRESS:** | 2735 Villa Creek Drive, Suite 140, Farmers Branch, Texas 75234 |
| **LENDER:** | **Tamamoi LLC, a Delaware limited liability company as to a 97.625% interest and FDRE INC, an Oregon corporation, as to a 2.375% interest** |
| **LENDER'S MAILING ADDRESS:** | 5060 SW Philomath Blvd #363, Corvallis OR 97333 |

**NOTE:**

Date: December 28, 2018

Original principal amount: $2,000,000.00

Borrower: **Carnegie Development, a Delaware Limited Liability Company**

Lender: **Tamamoi LLC, a Delaware limited liability company as to a 97.625% interest and FDRE INC, an Oregon corporation, as to a 2.375% interest**

Maturity date: June 27, 2020

**PROPERTY (INCLUDING ANY IMPROVEMENTS):**

**Being a 195.4720 acre tract of land situated in the John N. Ely survey, abstract No. 261, Johnson County, Texas and being all that certain called 195.501 acre tract of land described in deed from Randolph M. Roten and Lisa Renne Roten to BSAG Properties Ltd. and recorded in Volume 4444, Page 156 of the Real Property Records of Johnson County, Texas, and further described by metes and bounds in the attached Exhibit A.**

**OTHER EXCEPTIONS TO CONVEYANCE AND WARRANTY:**
This conveyance is made and accepted subject to any and all restrictions, reservations, covenants, conditions, rights of way, easements, municipal and other governmental zoning

laws, regulations and ordinances, if any, of record in said county, to the extent (but not further) the same are valid and subsisting and affect title to the Property.

---

For value received and to secure payment of the Note, Grantor conveys the Property to Trustee in trust. Grantor warrants and agrees to defend the title to the Property, subject to the Other Exceptions to Conveyance and Warranty. On payment of the Note and all other amounts secured by this deed of trust, this deed of trust will have no further effect, and Lender will release it at Grantor's expense.

**Clauses and Covenants**

**A. Grantor's Obligations**

Grantor agrees to:

1. keep the Property in good repair and condition;

2. pay all taxes and assessments on the Property before delinquency, furnish to Lender annually, before taxes become delinquent, copies of tax receipts showing that all taxes on the property have been paid;

3. defend title to the Property subject to the Other Exceptions to Conveyance and Warranty and preserve the lien's priority as it is established in this deed of trust;

4. maintain, in a form acceptable to Lender, an insurance policy that:

   a. covers all improvements for their full insurable value as determined when the policy is issued and renewed, unless Lender approves a smaller amount in writing;

   b. contains an 80 percent coinsurance clause;

   c. provides fire and extended coverage, including windstorm coverage;

   d. protects Lender with a standard mortgage clause;

   e. provides flood insurance at any time the Property is in a flood hazard area; and

   f. contains such other coverage as Lender may reasonably require;

5. comply at all times with the requirements of the 80 percent coinsurance clause;

6. deliver the insurance policy to Lender within ten days of the date of this deed of trust and deliver renewals to Lender at least fifteen days before expiration;

7. furnish to Lender annually evidence of current paid-up insurance naming Lender as an insured;

8. obey all laws, ordinances, and restrictive covenants applicable to the Property;

9. keep any buildings occupied as required by the insurance policy; and

10. if the lien of this deed of trust is not a first lien, pay or cause to be paid all prior lien notes and abide by or cause to be abided by all prior lien instruments,

11. obtain the written consent of Lender prior to entering into any pledge, security agreement, mortgage, or deed of trust covering any portion of the Property.

**B. Lender's Rights**

1. Lender may appoint in writing a substitute trustee, succeeding to all rights and responsibilities of Trustee.

2. If the proceeds of the Note are used to pay any debt secured by prior liens, Lender is subrogated to all the rights and liens of the holders of any debt so paid.

3. Lender may apply any proceeds received under the insurance policy either to reduce the Note or to repair or replace damaged or destroyed improvements covered by the policy. If the Property is Grantor's primary residence and Lender reasonably determines that repairs to the improvements are economically feasible, Lender will make the insurance proceeds available to Grantor for repairs.

4. Notwithstanding note terms to the contrary, and unless applicable law prohibits, all payments received by Lender from Grantor under the Note or this deed of trust may, at Lender's discretion, be applied first to amounts payable under this deed of trust and then to amounts due and payable to Lender under the Note, to be applied to late charges, principal, or interest in the order Lender in its discretion determines.

5. If Grantor fails to perform any of Grantor's obligations, Lender may perform those obligations and be reimbursed by Grantor on demand for any amounts so paid, including attorney's fees, plus interest on those amounts from the dates of payment at the rate stated in the Note for matured, unpaid amounts. The amount to be reimbursed will be secured by this deed of trust.

6. Collateral Protection Insurance Notice: In accordance with the provisions of Section 307.052(a) of the Texas Finance Code, the Lender hereby notifies the Grantor as follows:

a. the Grantor is required to:

i. keep the collateral insured against damage in the amount the Lender specifies;

ii. purchase the insurance from an insurer that is authorized to do business in the state of Texas or an eligible surplus lines insurer; and

iii. name the Lender as the person to be paid under the policy in the event of a loss;

b. the Grantor must, if required by the Lender, deliver to the Lender a copy of the policy and proof of the payment of premiums; and

c. if the Grantor fails to meet any requirement listed in Paragraph (a) or (b), the Lender may obtain collateral protection insurance on behalf of the Grantor at the Grantor's expense.

7. If there is a default on the Note or if Grantor fails to perform any of Grantor's obligations and the default continues after any required notice of the default and the time allowed to cure, Lender may:

a. declare the unpaid principal balance and earned interest on the Note immediately due;

b. direct Trustee to foreclose this lien, in which case Lender or Lender's agent will cause notice of the foreclosure sale to be given as provided by the Texas Property Code as then in effect; and

c. purchase the Property at any foreclosure sale by offering the highest bid and then have the bid credited on the Note.

8. Lender may remedy any default without waiving it and may waive any default without waiving any prior or subsequent default.

9. If Grantor shall sell or convey all or any part of the Property or any interest therein, Lender may at Lender's option, declare the Note to be immediately due and payable, which option may be exercised at any time following such sale and/or conveyance.

**C. Trustee's Rights and Duties**

If directed by Lender to foreclose this lien, Trustee will:

1. either personally or by agent give notice of the foreclosure sale as required by the Texas Property Code as then in effect;

2. sell and convey all or part of the Property "AS IS" to the highest bidder for cash with a general warranty binding Grantor, subject to the Other Exceptions to Conveyance and Warranty and without representation or warranty, express or implied, by Trustee;

3. from the proceeds of the sale, pay, in this order:

a. expenses of foreclosure, including a reasonable commission to Trustee;

b. to Lender, the full amount of principal, interest, attorney's fees, and other charges due and unpaid;

c. any amounts required by law to be paid before payment to Grantor; and

d. to Grantor, any balance; and

4. be indemnified, held harmless and defended by Lender against all costs, expenses, and liabilities incurred by Trustee for acting in the execution or enforcement of the trust created by this deed of trust, which includes all court and other costs, including attorney's fees, incurred by Trustee in defense of any action or proceeding taken against Trustee in that capacity.

**D. General Provisions**

1. If any of the Property is sold under this deed of trust, Grantor must immediately surrender possession to the purchaser. If Grantor fails to do so, Grantor will become a tenant at sufferance of the purchaser, subject to an action for forcible detainer.

2. Recitals in any trustee's deed conveying the Property will be presumed to be true.

3. Proceeding under this deed of trust, filing suit for foreclosure, or pursuing any other remedy will not constitute an election of remedies.

4. This lien will remain superior to liens later created even if the time of payment of all or part of the Note is extended or part of the Property is released.

5. If any portion of the Note cannot be lawfully secured by this deed of trust, payments will be applied first to discharge that portion.

6. Grantor assigns to Lender all amounts payable to or received by Grantor from condemnation of all or part of the Property, from private sale in lieu of condemnation, and from damages caused by public works or construction on or near the Property. After deducting any expenses incurred, including attorney's fees and court and other costs, Lender will either release any remaining amounts to Grantor or apply such amounts to reduce the Note. Lender will not be liable for failure to collect or to exercise diligence in collecting any such amounts. Grantor will immediately give Lender notice of any actual or threatened proceedings for condemnation of all or part of the Property.

7. Grantor assigns to Lender absolutely, not only as collateral, all present and future rent and other income and receipts from the Property. Grantor warrants the validity and enforceability of the assignment. Grantor may as Lender's licensee collect rent and other income and receipts as long as Grantor is not in default under the Note or this deed of trust. Grantor will apply all rent and other income and receipts to payment of the Note and performance of this deed of trust, but if the rent and other income and receipts exceed the amount due under the Note and deed of trust, Grantor may retain the excess. If Grantor defaults in payment of the Note or performance of this deed of trust, Lender may terminate Grantor's license to collect rent and other income and then as Grantor's agent may rent the Property and collect all rent and other income and receipts. Lender neither has nor assumes any obligations as lessor or landlord with respect to any occupant of the Property. Lender may exercise Lender's rights and remedies under this paragraph without taking possession of the Property. Lender will apply all rent and other income and receipts collected under this paragraph first to expenses incurred in exercising Lender's rights and remedies and then to Grantor's obligations under the Note and this deed of trust in the order determined by Lender. Lender is not required to act under this paragraph, and acting under this paragraph does not waive any of Lender's other rights or remedies. If Grantor becomes a voluntary or involuntary debtor in bankruptcy, Lender's filing a proof of claim in bankruptcy will be deemed equivalent to the appointment of a receiver under Texas law.

8. Interest on the debt secured by this deed of trust will not exceed the maximum amount of nonusurious interest that may be contracted for, taken, reserved, charged, or received under law. Any interest in excess of that maximum amount will be credited on the principal of the debt or, if that has been paid, refunded. On any acceleration or required or permitted prepayment, any such excess will be canceled automatically as of the acceleration or prepayment or, if already paid, credited on the principal of the debt or, if the principal of the debt has been paid, refunded. This provision overrides any conflicting provisions in this and all other instruments concerning the debt.

9. In no event may this deed of trust secure payment of any debt that may not lawfully be secured by a lien on real estate or create a lien otherwise prohibited by law.

10. When the context requires, singular nouns and pronouns include the plural.

11. The term *Note* includes all extensions and renewals of the Note and all amounts secured by this deed of trust.

12. This deed of trust binds, benefits, and may be enforced by the successors in interest of all parties.

13. If Grantor and Borrower are not the same person, the term *Grantor* includes Borrower.

14. Grantor and each surety, endorser, and guarantor of the Note waive all demand for payment, presentation for payment, notice of intention to accelerate maturity, notice of acceleration of maturity, protest, and notice of protest, to the extent permitted by law.

15. Grantor agrees to pay reasonable attorney's fees, trustee's fees, and court and other costs of enforcing Lender's rights under this deed of trust if this deed of trust is placed in the hands of an attorney for enforcement.

16. If any provision of this deed of trust is determined to be invalid or unenforceable, the validity or enforceability of any other provision will not be affected.

17. The term *Lender* includes any mortgage servicer for Lender.

18. Grantor represents that this deed of trust and the Note for $2,000,000.00 are given for the following purposes: funds advanced for business purposes only by Lender at Grantor's request to used in payment of the purchase price of the Property.

**THIS DEED OF TRUST REPRESENTS THE FINAL AGREEMENT BETWEEN THE PARTIES AND MAY NOT BE CONTRADICTED BY EVIDENCE OF PRIOR, CONTEMPORANEOUS, OR SUBSEQUENT ORAL AGREEMENTS OF THE PARTIES. THERE ARE NO UNWRITTEN ORAL AGREEMENTS BETWEEN THE PARTIES**

**GRANTOR:**

Carnegie Development,
a Delaware Limited Liability Company

By:__________________________
Timothy L. Barton
Its: Manager

Doc-245



**ACKNOWLEDGMENT**

STATE OF TEXAS §
COUNTY OF DALLAS §

BEFORE ME, the undersigned authority, on this day personally appeared Timothy L. Barton known to me to be the person whose name is subscribed to the foregoing instrument and acknowledged to me that he executed the same for the purposes and consideration therein expressed, in his capacity as manager of Carnegie Development, a Delaware Limited Liability Company

Given under my hand and seal of office this 28th day of December, 2018.

NOTARY PUBLIC, STATE OF TEXAS

NOTARY PUBLIC STATE OF TEXAS
Bella D Khusal
My Commission Expires
09/24/2022
ID No. 131734480

Printed Name: BELLA D. KHUSAL

My Commission Expires: 09/24/2022

**AFTER RECORDING RETURN TO:**
FDRE INC
5060 SW Philomath Blvd #363
Corvallis OR 97333

EXHIBIT "A"

LEGAL DESCRIPTION

BEING a 195.4720 acre tract of land situated in the John N. Ely Survey, Abstract No.261, Johnson County, Texas and being all that certain called 195.501 acre tract of land described in Deed from Randolph M. Roten and Lisa Renne Roten to BSAG Properties Ltd. And recorded in Volume 4444, Page 156 of the Real Property Records of Johnson County, Texas.

BEGINNING at a RR Spike set for corner in County Road 506 at the East corner of said 195.501 acre tract of land and being at intersection of the Southwest line of Farm-to-Market Road No. 157 with the Southeast line of said 195.501 acre tract, said corner also being in the in the established Southeast line of said Ely Survey, same being the established Northwest line of the Absalom Williams Survey, Abstract No. 857;

THENCE South 59°40'46" West with said Survey lines and the Southeast line of said 195.501 acre tract a distance of 2,150.64 feet to a RR Spike found for corner at the South corner of said 195.501 acre tract, same being the East corner of a called 0.6 acre save and accept tract from the called 200 acre parent tract recorded in Volume 2170, Page 901 of said Real Property Records;

THENCE North 49°15'24" West across said Ely Survey and with the Southwest line of said 195.502 acre tract a distance of 444.86 feet to a ½" iron rod found for corner at an angle corner in said Southwest line, same being the Northeast line of a called 124.051 acre tract of land described in Deed from Virginia D. Rhinehart to Derrell G. Leonard and recorded in Volume 3557, Page 778 of said Real Property Records;

THENCE North 30°22'29" West with said Southwest and Northeast lines at a distance of 2921.20 feet passing a 5" metal corner post found for corner at the North corner of the above referenced 124.051 acre tract of land, same being the East corner of that certain called 12.027 acre tract of land, Tract Two described in Deed from R. Pratt Phillips, et ux to Harper Cattle, L.L.C. and recorded in Volume 2476, Page 646 of said Real Property Records and continuing a total distance of 3,304.29 feet to RR spike found for the West corner of said 195.502 acre tract and being in County Road 507, the established Northwest line of said John N. Ely Survey, same being the Southeast line of the J. W. Harris Survey, Abstract No. 1072;

THENCE North 59°22'28" East with County Road 507, the Northwest line of said 195.502 acre tract and the Northwest line of said Ely Survey, same being the Southeast line of said Harris Survey a distance of 2,329.19 feet to a RR spike found for corner at the North corner of said 195.502 acre tract, same being the established North corner of said Ely Survey and being in the Southwest line of the J. Ware Survey, Abstract No. 913;

THENCE South 30°27'55" East with the Northeast line of said Ely Survey, the Northeast line of said 195.502 acre tract and the Southwest line of said Ware Survey a distance of 162.69 feet to a ½" iron rod found for corner in the Southwest line of Farm-to-Market Road No. 157 and being at the beginning of a non-tangent curve to the left;

THENCE in a Southeasterly direction with said curve to the left having a radius of 358.31 feet, whose chord bears South 16°46'07" East -169.20 for an arc length of 170.81 feet;

THENCE with the East line of said 195.502 acre tract and the Southwest line of said Farm-to-Market Road the following:

South 30°27'37" East a distance of 454.30 feet to a ½" iron rod found for corner;

South 24°44'51" East a distance of 100.50 feet to a ½" iron rod set for corner with cap marked "SANDS";

South 30°27'29" East a distance of 1,400.00 feet to a ½" iron rod set for corner with cap marked "SANDS";

South 36°10'07" East a distance of 100.50 feet to a ½" iron rod set for corner with cap marked "SANDS";

THENCE South 30°27'29" East a distance of 1,356.00 feet back to the POINT OF BEGINNING AND CONTAINING 8,514,762 square feet or 195.4720 acres of land more or less