**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| In re:<br><br>WALL007 LLC, *et al.*,[1]<br><br>Alleged Debtors. | Chapter 7<br><br>Case No. 20-31131 (HDH)<br>(Jointly Administered) |

**PETITIONING CREDITORS' MOTION TO COMPEL RESPONSES TO PETITIONING CREDITORS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND FIRST SET OF INTERROGATORIES**

Jun Li, Yunding Kang, Cunxiang Ji, Jin Wang, Peng Guo, Lin Zhou, Qu Chen, Kai Tian, Yijing Wu, Xuegeng Gong, Jin Wang, Weijia Kong, Heng Zhang, Hong Guo, Pei Guan, Yue Xu, Mai Ye, Chenchen Jiang, Qiuying Li, Ruinian Wu, Lin Zhou, Liying Yang, Yan Zhang, Wenjun Wang, Ying Zhou, Lin Li, Li Jiang, Rufeng Ding, Cunxiang Ji, Lin Gao, Qiao Qin, Yue Zhang, Xiaodong Hao, Tianqing Song, Li Jiang, Weisi Wang, Xiaoquan Dai, Feng Yan, Heng Zhang, Ou Jiang, Jinzhe Wu, Yadan Liu, Wanwan Li, Wenjuan Yin, Jiancheng Chen, Yi Tang, Ying Zhang, Pengfei Dong, Kangying Mao, Yijing Wu, Li Jiang, Qin Chu, Yulan Chen, Sicheng Zhan, Pei Guan, Jingqiu Tang, Di Tang, Jun Zeng, Kui Wang, Yue Zhang, Jun Wang, Xiaomin Fan, Di Tang, Jialin Hu, Qin Chu, Jiaxiang Lu, Fuqing Chen, Hanjiang Fu, Aiguo Luo, Fang Ding, Xiangdong Zhu, Wai Ying, Yuan Yuan, Chao Xu, Guoqin Zhou, Yijing Wu, (collectively, the "Petitioning Creditors"), by and through their counsel, hereby submit this motion (the "Motion"), pursuant to Rule 7037 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Federal Rule of Civil Procedure 37, for entry of an order, substantially in the form attached hereto as Exhibit "E" (the "Proposed Order"), compelling the Alleged

[1] The Alleged Debtors in these cases are: WALL007 LLC, WALL009 LLC, WALL010 LLC, WALL011 LLC, WALL012 LLC, WALL016 LLC, WALL017 LLC. The Alleged Debtors' federal tax identification numbers are unknown to the Petitioning Creditors sat this time.

Debtors, WALL007 LLC, WALL009 LLC, WALL010 LLC, WALL011 LLC, WALL012 LLC, WALL016 LLC, WALL017 LLC's (collectively, the "Alleged Debtors") responses ("Responses") to Petitioning Creditors' First Request for Production of Documents and First Set of Interrogatories ("Document Requests" and "Interrogatories") (collectively, the "Requests"). In further support of the Motion, the Petitioning Creditors respectfully represent as follows:

## PRELIMINARY STATEMENT[2]

1. The Petitioning Creditors file this Motion to compel production as a result of the Alleged Debtors' failure to adequately and fully respond to the Requests.

2. Despite the Alleged Debtors' general, vague and misplaced objections, Responses sought by the Petitioning Creditors to their Requests are quite relevant to the Petitions and the first "Motions to Dismiss" filed by the Alleged Debtors pending before the Court for hearing on August 17, 2020.

3. The fact that the Alleged Debtors are refusing to provide non-privileged, clearly relevant discovery is telling. The Petitioning Creditors can only conclude that the Alleged Debtors do not want the Court to discover the truth, that the Alleged Debtors are seemingly nothing more than shells with little or no assets. Certainly, the Alleged Debtors do not want the Petitioning Creditors to find out what happened to approximately $20,000,000 in loan proceeds from the Petitioning Creditors. Why else would they refuse to produce basic financial documents for the Alleged Debtors to the Petitioning Creditors?

4. The general excuse the Alleged Debtors interpose (through their counsel) in their Responses is that the Requests are not relevant to the Court making a determination on the Petitions.

---

[2] Capitalized terms not defined in this section are defined in a later section of the Motion.

5. The Alleged Debtors' parroted relevancy objections without substance are untenable, particularly given the Fifth Circuit's broad interpretation of the relevancy standard. Coughlin v. Lee, 946 F.2d 1152, 1159 (5th Cir. 1991).

## JURISDICTION AND VENUE

6. The Court has jurisdiction over the subject matter of this proceeding pursuant to 28 U.S.C. §§ 157, 1331 and 1334.

7. This proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

8. Venue of this action is proper in this Court pursuant to 28 U.S.C. § 1409.

## RELEVANT PROCEDURAL AND FACTUAL BACKGROUND

9. The Petitioning Creditors filed involuntary chapter 7 bankruptcy petitions (collectively, the "Petitions") against each Alleged Debtor on April 8, 2020. See [Dkt. No. 1 in 20-31131]; [Dkt. No. 1 in 20-31133]; [Dkt. No. 1 in 20-31134]; [Dkt. No. 1 in 20-31135]; [Dkt. No. 1 in 20-31136]; [Dkt. No. 1 in 20-31138]; and, [Dkt. No. 1 in 20-31139].

10. On April 24, 2020, this Court entered an Order granting the Petitioning Creditors' motion to jointly administer the bankruptcy cases (the "Cases") under the lead case WALL007 LLC [Dkt. No. 11 in 20-31131] (the "Lead Case").

11. On May 7, 2020, each Alleged Debtor filed Motions to Dismiss. See [Dkt. Nos. 18–19 in 20-31131]; [Dkt. Nos. 15–16 in 20-31133]; [Dkt. Nos. 14–15 in 20-31134]; [Dkt. Nos. 14–15 in 20-31135]; [Dkt. Nos. 14–15 in 20-31136]; [Dkt. Nos. 14–15 in 20-31138]; and, [Dkt. Nos. 14–15 in 20-31139] (collectively, the "Motions to Dismiss").

12. The Motions to Dismiss seek dismissal of the Petitions alleging, *inter alia*, that: (1) there are an insufficient number of Petitioning Creditors to support the filing of the Petitions against the Alleged Debtors; (2) the Petitioning Creditors' claims are in bona fide dispute; (3) the

Alleged Debtors are generally paying their respective debts; and (4) the Petitions are not in the best interests of each of the Alleged Debtors and its creditors. See Motions to Dismiss.

13. On June 1, 2020, the Petitioning Creditors sent Requests to each of the Alleged Debtors. Attached as Exhibit "A" is a true and correct copy of the Requests propounded upon the Alleged Debtors.

14. On June 20, 2020, the Court entered a Joint Discovery Plan setting forth, among other matters, discovery deadlines.

15. On July 6, 2020, the Alleged Debtors provided their Responses. Attached as Exhibit "B" is a true and correct copy of the Responses.

16. Initially, no documents were produced and the Alleged Debtors objected rather generally to the majority of the Requests. See Exhibit "B."

17. On July 10, 2020, at the repeated requests of counsel for the Petitioning Creditors, the Petitioning Creditors' and the Alleged Debtors' counsel discussed the Responses in a failed attempt to amicably resolve the Petitioning Creditors' objections to the Responses.

18. The Alleged Debtors' counsel did indicate that they would be producing documents responsive to the Requests.

19. Later, in the evening of July 10, 2020, the Petitioning Creditors' counsel received minimal documents from the Alleged Debtors. Attached as Exhibit "C" is a copy of the letter sent to the Alleged Debtors detailing the deficiencies of their Responses. Attached as Schedule A to this letter is a list setting forth the few documents produced by the Alleged Debtors.

20. The Alleged Debtors did not receive any formal or other meaningful response to the Deficiency Letter other than a subsequent, belated email from Ms. Lindauer indicating that no additional Responses would be forthcoming as, in Ms. Lindauer's view, the Petitioning

Creditors allegedly did not comply with another Order of this Court relating to the "wet signatures" of the Petitioning Creditors. Attached as Exhibit "D" is email correspondence from the Alleged Debtors' counsel indicating they would not be producing any additional responses and documents to the Requests.

21. Even if these allegations (about the wet signatures) were true, which they are not, such allegations do not permit the Alleged Debtors to refuse to respond to the Requests.

22. The Alleged Debtors simply do not want to comply with the Requests as set forth herein.

**LEGAL ARGUMENTS**

23. "The purpose of discovery is to ascertain the truth." In re Certain Asbestos Cases, 112 F.R.D. 427, 432 n. 8 (N.D. Tex. 1986) (Fitzwater, J.); see also Batson v. Neal Spelce Assocs., Inc., 112 F.R.D. 632, 642 (W.D. Tex. 1986) ("Mutual knowledge of all of the relevant facts gathered by both parties is essential to proper litigation."). This is why the Federal Rules permit parties to "obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense," without regard to whether the information will be ultimately admissible at trial, so long as the request "appears reasonably calculated to lead to the discovery of admissible evidence." FED. R. CIV. P. 26(b)(1). These liberal discovery provisions are meant to encourage full vetting of the issues and facts prior to trial, and to "remove surprise," prevent sandbagging, and avoid a favorable trial outcome based on the disfavored practice of "trial by ambush." Super Future Equities, Inc. v. Wells Fargo Bank Minn., N.A., 2007 WL 441037, at *8 (N.D. Tex. Dec. 14, 2007).

24. The Petitioning Creditors are entitled to "discovery regarding any matter . . ., which is relevant to the subject matter in the pending action." FED. R. CIV. P. 26(b). The Fifth Circuit has held that "relevance" is to be construed broadly—information is relevant as long as it

"encompass[es] any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." Coughlin v. Lee, 946 F.2d 1152, 1159 (5th Cir. 1991). Additionally, relevancy is not limited to admissible evidence. Id.

25. Failure by one party to fulfill its obligation to produce requested documents opens the door to a motion to compel production. FED. R. CIV. P. 37(a)(3)(B); Curtis v. Metropolitan Life Ins. Co., 2016 WL 687164, at *2 (N.D. Tex. Feb. 19, 2016) (Horan, J.). For purposes of a motion to compel, "an evasive or incomplete ... response must be treated as a failure to respond." FED. R. CIV. P. 37(a)(4).

26. It is the burden of the party resisting discovery to "show how each discovery request is not relevant or [is] otherwise objectionable." Carr v. State Farm Mut. Auto. Ins., Co., 312 F.R.D. 459, 463 (N.D. Tex. 2015) (Horan, J.) (citing McLeod, Alexander, Powel & Apffel, P.C. v. Quarles, 894 F.2d 1482, 1485 (5th Cir. 1990). This burden includes the obligation of demonstrating the applicability of a claimed privilege. Id. (citing In re Santa Fe Int'l Corp., 272 F.3d 705, 710 (5th Cir. 2001)). If the party objecting to a discovery request fails to sufficiently "urge and argue in support of [its] objection to a request," such objection is waived and production must be compelled. Id.

### *A. The Requests Seeks Documents and Information Relevant to the Petitions and Motions to Dismiss filed by the Alleged Debtors.*

27. The Petitioning Creditors Requests are directly relevant to the defenses pled by the Alleged Debtors in their Motions to Dismiss. See Motions to Dismiss. From the Alleged Debtors' own pleading:

> As an initial matter, dismissal of the Involuntary Petitions is warranted (i) because the jurisdictional requirements of Section 303 of the Bankruptcy Code have been disregarded; (ii) Michel Fu ("Fu"), who was doing business as Silverland Financial Ltd. ("Silverland") and Platinum Investment Corporation ("PIC"), is the real party-in-interest and he is using the Petitioners as his pawns in

> this proceeding; and (iii) because the Alleged Debtors have an ongoing dispute with each Petitioner– meaning they do not meet the requirements of Section 303(b)(1) of the Bankruptcy Code. Further the Alleged Debtors contend that they are generally paying their undisputed noncontingent and liquidated debts as they come due. The claims being asserted by the Petitioners are subject to bona fide dispute as to liability and amount.

See Motions to Dismiss, ¶ 2.

28. The Alleged Debtors' also requested dismissal of the Petitions as they "[are] not in the best interest of the Alleged Debtor[s'] creditors or the Alleged Debtor[s]. See Motions to Dismiss, ¶ 40–48.

29. Many of the Requests deal with very routine, basic information that most companies, who claim they have an ongoing business and/or assets, would have in their possession (or available to them) in the ordinary course—i.e. (i) documents that might demonstrate whether a business is paying its debts when due (which the Alleged Debtors assert is true in their Motions to Dismiss); (ii) documents reflecting the current assets and liabilities of the Alleged Debtors which might support defenses and assertions by the Alleged Debtors that the Petitioning Creditors' claims are subject to bona fide dispute or that they have real assets and liabilities (ie., they are real, not sham companies) and, therefore, that the Petitions are allegedly not in the best interests of their estates and the creditors (which they assert as defenses); and (iii) documents relating to the loan agreements and the Petitioning Creditors' claims which are at the heart of the Petitions and defenses thereto (i.e. the claims are subject to bona fide dispute).

30. The Court is respectfully directed to the following table:

| | | | |
|---|---|---|---|
| **REQUEST NO. 5:** All communications between the Alleged Debtors or their Representatives and the Petitioning Creditors or their Representatives during the Applicable Time Period. | **REQUEST NO. 9:** All Documents that support the Alleged Debtors' contention that the Alleged Debtors are generally paying their debts as they come due. **RESPONSE:** Alleged Debtors object to this Request | **REQUEST NO. 20:** All Documents evidencing the Alleged Debtors' memorialization of the Loans, or otherwise related to the Loans, including, but not limited to, Loan Agreements, security agreements, notes, | **REQUEST NO. 21:** All minutes, resolutions, approvals and other Documents pertaining to Board of Director(s) or Board of Manager(s) (or equivalent governing body of Alleged Debtors) meetings for the |

| | | | |
|---|---|---|---|
| **RESPONSE:** Alleged Debtors object to this Request on the grounds that it seeks communications that the Petitioning Creditors, as a party to such communications, has equal, if not better access, to and as such are already in Plaintiffs 'possession, custody, or control.<br>**OBJECTION:** This is an improper response. The Petitioning Creditors are not required to guess which documents are in the possession of the Alleged Debtors which are responsive to this Request. The Alleged Debtors have an obligation to search through their documents and provide responsive documents to this Request…<br><br>**REQUEST NO. 8:** All Documents that support the Alleged Debtors' contention that the Alleged Debtors each have more than 12 creditors.<br>**RESPONSE:** Alleged Debtors shall each produce its List of Creditors in response to this Request.<br>**OBJECTION:** The Alleged Debtors provided a production on July 10. The production of documents did not contain a response to this request despite the Alleged Debtors' response indicating that a "List of Creditors" would be produced… | as being overly broad, not reasonably tailored in scope, unduly burdensome, potentially targeted at the harassment of the Alleged Debtors, and is not proportional to the needs of the case…<br>**OBJECTION:** There is nothing improper about this request as the Alleged Debtors make this contention in their pleadings to dismiss the Petitions. Since that is the case, the Alleged Debtors must produce all financial documents in their possession demonstrating that they are in fact paying their debts as due (ie., payable agings and other accounting records such as bank statements)…<br><br>**REQUEST NO. 16:** All Documents which support the Alleged Debtors' contention that the Alleged Debtors' have suffered damages as a result of the Petitions.<br>**RESPONSE:** Alleged Debtors shall provide the Motion to Dismiss, the aforementioned Brief in Support, and the List of Remitters. Also pertinent to support of such contention is the June 25, 2020 deposition testimony of Jiang Haibo. Alleged Debtors reserve the right to supplement this Response. Further the deposition of Michael Fu will support this response.<br>**OBJECTION:** The Alleged Debtors failed to provide documents that support their contention that they have sustained damages as a result of the Petitions… | collateralization documents, receipts (including Loan proceeds receipts), acknowledgments and confirmations.<br>**RESPONSE:** Alleged Debtors shall provide the Motion to Dismiss, the aforementioned Brief in Support, and the List of Remitters. Also pertinent to support of such contention is the June 25, 2020 deposition testimony of Jiang Haibo. Alleged Debtors reserve the right to supplement this Response. Further the deposition of Michael Fu will support this response.<br>**OBJECTION:** The Alleged Debtors did not provide any documents relevant to the Loans including those requested by way of examples. There are over 70+ Petitioning Creditors, collectively, of the Alleged Debtors. It is hard to believe that the Alleged Debtors do not have documentation responsive to this Request… | Alleged Debtors during the Applicable Time Period which relate to the Loans and/or the Projects.<br>**RESPONSE:** Alleged Debtors object as such documents are not relevant to any issues before the Court at this time.<br>Alleged Debtors reserve the right to supplement this Response.<br>**OBJECTION:** The Alleged Debtors are allegedly duly formed limited liability companies. Generally, such companies have business records that they are able to produce to substantiate that they are actual businesses…<br><br>**REQUEST NO. 30:** All Documents which are Financials and/or related to Financials of the Alleged Debtors during the Applicable Time Period.<br>**RESPONSE:** Alleged Debtors object to this Request on the grounds that such documents are not relevant to any issue before the Court at this time....<br>**OBJECTION:** The Alleged Debtors are limited liability companies. Generally, companies have business records and/or financial documents. Such documents would be relevant to the underlying Petitions and relevant documents should be produced by the Alleged Debtors. The Alleged Debtors have asserted that they have legitimate businesses and assets which are being interrupted and incurring damages as a result of the Petitions. They further allege that the Petitions are not in the best interests of the Alleged Debtors or the creditors… |

See Exhibit "D."

31. Some of the Requests simply ask for basic litigation responses such as whether declarations or admissions have been made which might be against the interests of the Alleged Debtors or the Petitioning Creditors or which are otherwise relevant to this litigation.

32. The Responses are, at times, nonsensical as the Court can glean from the following table:

| |
|---|
| **INTERROGATORY 7:** Do you contend that any declaration against interest with regard to the issues in this lawsuit have been made by any party hereto or by a director, officer, agent and/or employee of any party hereto?<br>**ANSWER:** Alleged Debtors object to this Interrogatory as it requires them to make a conclusion of law as such relates to any potential objection based on hearsay lodged by any party…<br>**OBJECTION:** In an attempt to clarify and resolve same, please provide any declarations against interest from parties or third-parties which the Alleged Debtors may seek to introduce as evidence in this proceeding in support of their defense…<br><br>**INTERROGATORY 9:** Do you contend that any admissions with regard to the issues in this matter have been made by any party hereto or by any director, officer, agent and/or employee of any party hereto?<br>**ANSWER:** Alleged Debtors object to this Interrogatory since no Requests for Admissions have yet been served on Alleged Debtors or their counsel. Alleged Debtors further object to this Interrogatory… [this] is merely a fishing expedition.<br>**OBJECTION:** Request for admissions on critical issues, including admissions against a party's interest, are standard interrogatory requests in virtually every litigation (as are the majority of Petitioner's requests which the Alleged Debtors have objected to) and have nothing to do with whether or not Petitioning Creditors served separate requests for admissions…<br><br>**INTERROGATORY NO. 14:** Set forth in detail the factual basis for each and every denial of, objection or opposition to any of the allegations contained in the Petitions.<br>**ANSWER:** Alleged Debtors object to this Interrogatory to the extent it is general and seeks to require it to marshal all evidence that may be offered at trial, which is not a permissible form of discovery, and is merely a fishing expedition… To the extent that Alleged Debtors are compelled to respond notwithstanding their objections and without waiving such, Debtors have already produced, and Petitioning Creditors are already in possession of such responses.<br>**OBJECTION:** … The Alleged Debtors failed to provide any factual basis for contesting the filing of the Petitions. Petitioning Creditors are not required to guess what facts the Petitioning Creditors may rely upon at the time of trial in support of their defense(s) to the Petition… |

See Exhibit "D."

33. The Petitioning Creditors require such Responses, to prepare for litigation, including in order to adequately respond to the arguments made in the Motions to Dismiss and to support their Petitions at the hearing presently scheduled before this Court on August 17, 2020.

34. The Petitioning Creditors can only conclude that Alleged Debtors are refusing to respond as they do not want anyone to discover the truth, that the Alleged Debtors may not be legitimate business but very well could be nothing more than shells with little or no assets.

35. Certainly, the Alleged Debtors do not want the Petitioning Creditors to find out what happened to the $33,000,000 in loan proceeds extended by the Petitioning Creditors and other lenders to the Alleged Debtors. Why else would they refuse to answer simple questions such as who maintains the Alleged Debtors' financial books and records or produce basic corporate and financial documents to the Petitioning Creditors?

36. The Alleged Debtors' relevancy objections are untenable, particularly given the Fifth Circuit's broad interpretation of the relevancy standard. Coughlin v. Lee, 946 F.2d 1152, 1159 (5th Cir. 1991).

37. The Alleged Debtors also failed to verify the responses to the Interrogatories as required by Federal Rule of Civil Procedure 33 (as adopted by Federal Rule of Bankruptcy Procedure 9032). Without verification, the Petitioning Creditors cannot ascertain whether the Responses are true, complete and accurate.

### *B. The Petitioning Creditors Are Entitled to Recover Attorney's Fees Incurred in Connection with this Motion.*

38. Federal Rule of Civil Procedure 37(a)(5)(A) provides that, if a motion to compel is granted, "the court must, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees," except that "the court must not order this payment if: (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust." FED. R. CIV. P. 37(a)(5)(A).

39. Attorney's fees are required here. The Petitioning Creditors made repeated requests for the information sought to be compelled and have conferred with opposing counsel

on multiple occasions. Nevertheless, the Alleged Debtors have refused to produce responsive documents without any legitimate justification, thereby creating delay and imposing costs upon the Petitioning Creditors. Under these circumstances, Rule 37(a)(5)(A) mandates that this Court award the Petitioning Creditors their fees and expenses in making this Motion.

## CONCLUSION

40. Based on the foregoing, the Petitioning Creditors request that this Court enter an order: (i) requiring the Alleged Debtors to produce all documents responsive to the Petitioning Creditors' First Requests; (ii) granting attorney's fees, expenses and costs of court incurred by the Petitioning Creditors in connection with this Motion and for any hearing thereon; and (iii) granting any other relief that is just and proper.

Dated: July 23, 2020

/s/ *Stephen M. Packman*

Jiangang Ou
Nguyen & Chen LLP
11200 Westheimer Road Suite 120
Houston, TX 77042
(832) 767-0339
Fax : (832) 767-0669
Email: jou@nguyen-chen.com

Stephen M. Packman
Archer & Greiner, P.C.
Three Logan Square
1717 Arch St., Suite 3500
Philadelphia, PA 19103
215-246-3147
Email: spackman@archerlaw.com

*Counsel for the Petitioning Creditors*

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that, on July 23, 2020, a true and correct copy of the foregoing document was served on all parties requesting service via the Court's ECF system.

/s/ Stephen M. Packman
Stephen M. Packman

**CERTIFICATE OF CONFERENCE**

I hereby certify that on July 23, 2020, I conferred by e-mail with counsel to the Alleged Debtors regarding the relief requested in this Motion. The Alleged Debtors indicated it would not produce additional Responses to the Petitioning Creditors' Requests.

*/s/ Stephen M. Packman*
Stephen M. Packman

218971193v1