# Exhibit “A”

ARCHER
ATTORNEYS AT LAW

**Stephen M. Packman**
*Fellow of INSOL*
*Also Member of Pennsylvania*
*and New York Bar*
spackman@archerlaw.com
215-246-3147 (Ext. 5147) Direct

Archer & Greiner, P.C.
Three Logan Square
1717 Arch Street, Suite 3500
Philadelphia, PA 19103-2739
215-963-3300 Main
215-963-9999 Fax
www.archerlaw.com

June 1, 2020

**VIA EMAIL**

Joyce W. Lindauer, Esq.
Joyce W. Lindauer Attorney, PLLC
1412 Main St., Ste. 500
Dallas, TX 75202

Re: In re WALL007, LLC, et al.[1]
Chapter 7 Bankruptcy Case No. 20-31131 (HDH) (Bankr. N.D. Tex.)
Our File No. WAL347-00961

Dear Ms. Lindauer:

Enclosed please find the following:

- Petitioning Creditors' First Set of Interrogatories to the Alleged Debtors; and
- Petitioning Creditors' First Request for Production of Documents Upon the Alleged Debtors.

Very truly yours,

*/s/ Stephen M. Packman*
STEPHEN M. PACKMAN

SMP:jg
Enclosures

218624468v1

[1] The Alleged Debtors in these cases are: WALL007 LLC, WALL009 LLC, WALL010 LLC, WALL011 LLC, WALL012 LLC, WALL016 LLC, WALL017 LLC.

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| In re:<br><br>WALL007 LLC, *et al.*,[1]<br><br>Alleged Debtors. | Chapter 7<br><br>Case No. 20-31131 (HDH) |

**PETITIONING CREDITORS FIRST SET OF INTERROGATORIES TO THE ALLEGED DEBTORS**

Jun Li, Yunding Kang, Cunxiang Ji, Jin Wang, Peng Guo, Lin Zhou, Qu Chen, Kai Tian, Yijing Wu, Xuegeng Gong, Jin Wang, Weijia Kong, Heng Zhang, Hong Guo, Pei Guan, Yue Xu, Mai Ye, Chenchen Jiang, Qiuying Li, Ruinian Wu, Lin Zhou, Liying Yang, Yan Zhang, Wenjun Wang, Lan Ji, Ying Zhou, Lin Li, Li Jiang, Rufeng Ding, Cunxiang Ji, Lin Gao, Qiao Qin, Yue Zhang, Xiaodong Hao, Tianqing Song, Li Jiang, Weisi Wang, Xiaoquan Dai, Feng Yan, Heng Zhang, Ou Jiang, Jinzhe Wu, Yadan Liu, Wanwan Li, Wenjuan Yin, Jiancheng Chen, Yi Tang, Ying Zhang, Pengfei Dong, Kangying Mao, Yijing Wu, Li Jiang, Qin Chu, Yulan Chen, Sicheng Zhan, Pei Guan, Jingqiu Tang, Di Tang, Jun Zeng, Kui Wang, Yue Zhang, Jun Wang, Xiaomin Fan, Di Tang, Jialin Hu, Qin Chu, Jiaxiang Lu, Fuqing Chen, Hanjiang Fu, Aiguo Luo, Fang Ding, Xiangdong Zhu, Wai Ying, Yuan Yuan, Chao Xu, Guoqin Zhou, Yijing Wu, (collectively, the "Petitioning Creditors"), by and through their undersigned counsel, pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure (the "Federal Rules"), as made applicable herein by Rules 7026, 7033, and 9014(c) of the Federal Rules of Bankruptcy

---

[1] The Alleged Debtors in these cases are: WALL007 LLC, WALL009 LLC, WALL010 LLC, WALL011 LLC, WALL012 LLC, WALL016 LLC, WALL017 LLC. The Alleged Debtors' federal tax identification numbers are unknown to the Petitioning Creditors at this time.

Procedure (the "Bankruptcy Rules"), hereby propound this First Set of Interrogatories ("First Set") upon the Alleged Debtors to be answered fully within thirty (30) days after service hereof.

Dated: June 1, 2020

/s/ *Jiangang Ou*
Jiangang Ou
Nguyen & Chen LLP
11200 Westheimer Road Suite 120
Houston, TX 77042
(832) 767-0339
Fax : (832) 767-0669
Email: jou@nguyen-chen.com

Stephen M. Packman
Archer & Greiner, P.C.
Three Logan Square
1717 Arch St., Suite 3500
Philadelphia, PA 19103
215-246-3147
Email: spackman@archerlaw.com

*Counsel for the Petitioning Creditors*

## DEFINITIONS

1. "Affiliates" means an entity or person as defined in 11 U.S.C. 101(2).

2. "All" and "any" mean both each and every.

3. "Alleged Debtor" refers individually to, and "Alleged Debtors" means, collectively, WALL007 LLC (Case No. 20-31131), WALL009 LLC (Case No. 20-31133), WALL010 LLC (Case No. 20-31134), WALL011 LLC (Case No. 20-31135), WALL012 LLC (Case No. 20-31136), WALL016 LLC (Case No. 20-31138), WALL017 LLC (Case No. 20-31139).

4. "And" means "and," "or" or "and/or" whenever interpretation would result in the broadest or most liberal interpretation which would cause the greatest production of documents.

5. "Applicable Time Period" means all dates beginning January 1, 2017, through the Petition Date.

6. "Assets" means all property that would constitute property of the Alleged Debtors' bankruptcy estates, as of the Petition Dates pursuant to 11 U.S.C. 541.

7. "Bankruptcy Cases" means the bankruptcy cases: WALL007 LLC (Case No. 20-31131), WALL009 LLC (Case No. 20-31133), WALL010 LLC (Case No. 20-31134), WALL011 LLC (Case No. 20-31135), WALL012 LLC (Case No. 20-31136), WALL016 LLC (Case No. 20-31138), WALL017 LLC (Case No. 20-31139), filed by the Petitioning Creditors against the Alleged Debtors in the Bankruptcy Court.

8. "Bankruptcy Court" means the United States Bankruptcy Court for the Northern District of Texas.

9. "Communication" or "communications" mean any contact or act by which any information or knowledge is transmitted or conveyed between two or more persons and shall include, without limitation, written contact by such means as letters, notifications, emails, text

messages, instant messaging, voicemails, notes of face to face meetings and telephone conversations, memoranda, correspondence, notifications, telegrams, telex, or by any document, and oral contact by such means as face-to-face meetings and telephone conversations.

10. "Concerning" means in whole or in part and directly or indirectly referring to, relating to, connected with, commenting on, responding to, showing, describing, analyzing, reflecting, evidencing or constituting.

11. "Control" means the person or persons requested to produce documents herein who have the right to secure the documents, or a copy thereof, from another person or public entity or private entity which as actual, physical possession of the original document.

12. "Document" or "Documents" means all written, reported, recorded or graphic matter within the scope of the Federal Rules of Civil Procedure as incorporated in the Bankruptcy Rules. The term Documents expressly includes "Communications" as defined herein. Documents is used in its customary and broadest sense and includes every tangible thing, recording or reproduction of any visual or auditory information including, without limitation, all of the following items regardless of origin or location, whether printed or recorded, filmed or reproduced by any other mechanical process, or written or produced by hand, however produced or reproduced, whether or not claimed to be privileged against discovery on any ground, and whether an original, master or copy, now or at any time in Your possession, custody or control: (1) memoranda; (2) notes; (3) letters, e-mails, notifications, or communication (as defined in paragraph three above); (4) envelopes; (5) messages; (6) contracts; (7) agreements; (8) communications; (9) correspondence; (10) cablegrams; (11) radiograms; (12) telegrams; (13) facsimile cover sheets; (14) express delivery airbills; (15) delivery receipts; (16) notes/records of telephone conversations, meetings and/or conferences; (17) summaries, appraisals and

valuations; (18) records of personal conversations or interviews; (19) books, articles, manuals, magazines, newspapers, pamphlets, brochures, booklets, publications and/or diaries; (20) laboratory and engineering reports and notebooks; (21) charts, plans, sketches and/or drawings; (22) photographs; (23) photostatic microfilm; (24) reports and/or summaries of negotiations and/or investigations; (25) opinions and reports of consultants; (26) circulars, bulletins, notices, instructions; (27) stenographic or handwritten notes; (28) records; (29) accounts; (30) pictures, films, (31) voice recordings, tape recordings; (32) maps; (33) work papers; (34) arithmetic computations; (35) minutes of all other communications; (36) purchase orders; (37) questionnaires, surveys; (38) punch cards, magnetic tape, disc data, printouts, and other data computations from which information can be obtained; (39) patents, applications for patent appraisals and/or patentability or validity searches and studies; (40) sales records, including purchase orders and invoices; (41) financial reports and/or statements; (42) catalogs catalog sheets; (43) advertisements; (44) trade letters; (45) press, publicity, trade and produce releases; (46) draft, original or preliminary notes on, and marginal comments appearing on, any documents; (47) copies of all of the foregoing upon which notations in writing have been made which do not appear on the original; and any other Documents in the possession, custody or control of you and your, representatives, consultants, attorneys or other persons subject to your control or representing You in any capacity or for any purposes.

13. “Financials” means all financial statements, tax returns, and other documents reflecting the Assets and Liabilities of the Debtor and/or its business operations (and value thereof) including, but not limited to, cash flow, profit and loss statements, quarterly and year-end financial statements and internal financial records such as account receivable and payable ledgers, cash payment and receipt journals, deposit slips, loan documents, loan statements, wire

confirmations, bank statements, ACH transactions, inter-company transfers, appraisals, valuations, reports, analysis, environmental studies, business plans, projections, models, forecasts, prospectus and any financial document or schedule filed in these Bankruptcy Cases or referred to in any filing by the Alleged Debtors.

14. “First Motions to Dismiss” means those certain motions to dismiss the Petitions filed by each of the Alleged Debtors on May 7, 2020.

15. “Insider” means an entity or person as defined in 11 U.S.C 101(31).

16. “Liabilities” means all debts and obligations of the Alleged Debtors.

17. “Loan Agreements” means the loan agreements entered into between the Petitioning Creditors on one hand, and the Alleged Debtors on the other hand.

18. “Loans” means those loans made by the Petitioning Creditors to the Alleged Debtors evidenced by the Loan Agreements.

19. “Petition Date(s)” means April 8, 2020.

20. “Other Motions” means those additional motions (to the First Motions to Dismiss) filed by the Alleged Debtors on May 7, 2020.

21. “Petitioning Creditors” means, collectively, the individual creditors in the each of the Bankruptcy Cases of the Alleged Debtors.

22. “Petitions” means those involuntary petitions filed by the Petitioning Creditors.

23. “Projects” means those real estate acquisition and “horizontal” development projects referenced in the Loan Agreements and the Alleged Debtors First Motions to Dismiss.

24. “Regarding” means anything of any kind concerning, pertaining, describing, referring, or relating, directly or indirectly, in whole or in part, to the subject matter of each request.

25. “Relate to,” “Refer to,” or “Evidencing” (or a form thereof) means constituting, reflecting, respecting, supporting, contradicting, referring to, stating, describing, recording, noting, embodying, containing, mentioning, studying, analyzing, discussing or evaluating.

26. Representatives means a parties employee, agent, professional, broker, or other person acting on behalf of such party.

27. “Second Motions to Dismiss” means those certain motions to dismiss the Petitions filed by each of the Alleged Debtors on May 14, 2020.

28. “You” or “Your” means the Alleged Debtors.

## INSTRUCTIONS

1. Reproduce each interrogatory in full before each answer.

2. Each interrogatory is to be answered separately. When an interrogatory has several parts, answer each part and/or sub-part separately.

3. If you cannot provide a full and complete answer to an interrogatory, answer as much of the interrogatory as possible and state why you cannot provide a full and complete answer.

4. Where exact information cannot be furnished, estimated information is to be supplied. Where an estimate is used, it should be identified as such, and an explanation given as to the basis on which the estimate was made and the reason exact information cannot be furnished.

5. These interrogatories are to be deemed continuing so as to require modified and/or supplemental answers in the event that you obtain information pertinent thereto between the time answers are served and the time the above-captioned action is concluded.

6. If in responding, you or your counsel either withhold the production of any document or refuse to disclose the substance of any oral communication on the grounds of a claim of privilege, confidentiality or the work product doctrine, please state with respect to any such documents or information, the request to which the document or oral communication is responsive, whether the document exists, the date of the document or oral communication, the type of document (i.e., three-page letter, one-paragraph memorandum) or oral communication (e.g., meeting, telephone call, etc.), the subject matter or title of the document or the nature of the oral communication, each person who authored the document or who participated in the oral communication and his or her business title or position, all intended recipients of the document and all persons or organizations who have reviewed or at any time possessed the document, the

location of the original and all copies of the document, and the nature of and basis for the privilege or immunity claimed.

7. When required to "identify" a person or to provide the "identify" of a person, state the person's (a) full name (first, middle, last), (b) present or last known residence and business address, and (c) present or last known residence and business telephone numbers.

8. When required to "identify" an entity, such as a corporation, partnership, firm, or other organization, state the entity's (a) full name, (b) present or last known address, (c) full name and business address during the time period during which information is inquired, and (d) the type of business conducted by the entity.

9. When required to "identify" a document, state its (a) date, (b) author(s), (c) recipient(s) and addressee(s), (d) type of document (e.g.: letter, memorandum, telegram, chart, photograph, sound reproduction, etc.) (e) present or last known location, and (f) present or last known custodian(s). If the above information is not available, state some other means of identifying the document. If any document was, but is no longer in your possession, or subject to your control, or in existence, state whether it is (a) missing or lost, (b) has been destroyed, (c) has been transferred voluntarily or involuntarily to others, or (d) otherwise disposed of, and in each instance, explain the circumstances surrounding the authorization for such disposition thereof and state the date or approximate date thereof.

10. When required to "identify" a communication, state (a) by whom and (b) to whom each such communication was made, (c) the date it was made, (d) the place(s) at which it was made, and (e) the subject matter and substance thereof.

11. When you are required to provide the "basis" of an allegation, assertion, belief, conclusion or contention then (a) state all of the underlying facts, information, reasons and/or

analyses upon which the allegation, assertion, belief, conclusion or contention is based, and (b) identify each document and /or oral communication upon which the allegation, assertion, belief, conclusion or contention is based.

12. If, with respect to any interrogatory or part or subpart thereof, you produce business records in lieu of otherwise answering such interrogatory, the following information must be provided and the following procedures employed: (a) specify all documents from which the answer to such interrogatory may be derived or ascertained, and (b) produce such documents separately and designate the interrogatory to which each such document relates.

**INTERROGATORIES**

1. For each of the Alleged Debtors set forth:

(a) A current primary business address;

(b) Its current registered agent;

(c) Its members, officers, managers and directors.

(d) The number of employees, their names and their positions.

**ANSWER:**

2. Identify:

(a) All persons having knowledge of the facts related to the allegations of the Petitions, the First and Second Motions to Dismiss, the Loans and the Projects, or otherwise which may relate to this litigation and your defenses thereto; and with regard to each individual so named, set forth a current home and email address and phone number for such person and provide a narrative description of the facts or factual areas as to which he or she is knowledgeable.

**ANSWER:**

3. Identify each person whom you expect to call at trial as an expert witness, stating the subject matter on which he/she is expected to testify, his/her field of expertise and the full and detailed qualifications, training, professional and practical experience, education and degree obtained by each person.

**ANSWER:**

4. As to each person named in the answer to Interrogatory No. 3, state the substance of the facts and opinions to which the expert is expected to testify and a summary of the grounds for each opinion. Attach to the answers to these interrogatories copies of all written reports

submitted to you (or detailed resume if reports were oral) of each person named in the answer to Interrogatory No. 3.

**ANSWER:**

5. State whether or not there are any other reports in existence from the particular experts named, either written or oral. If the answer is in the affirmative, attach to the answers to these interrogatories clear copies of all such reports. If any such report, either written or oral, subsequently becomes known to you or becomes available, submit copies thereof in supplemental answers to these interrogatories.

**ANSWER:**

6. Set forth the names, addresses and fields of expertise of any person, other than those named in the answer to Interrogatory No. 3, who has been retained, specifically employed or consulted by you in anticipation of litigation or preparation for trial and who is not expected to be called as a witness at trial and the subject matter on which said person was consulted.

**ANSWER:**

7. Do you contend that any declaration against interest with regard to the issues in this lawsuit have been made by any party hereto or by a director, officer, agent and/or employee of any party hereto?

**ANSWER:**

8. If the answer to Interrogatory No. 7 is in the affirmative, set forth the exact words, if known, and if not known, the substance of each such declaration against interest, the name and address of the person making the declaration against interest, the names and addresses of all persons present when the declaration against interest was made, the place where and the time

when the declaration against interest was made. If the declaration against interest was reduced to writing, annex a copy hereto.

**ANSWER:**

9. Do you contend that any admissions with regard to the issues in this matter have been made by any party hereto or by any director, officer, agent and/or employee of any party hereto?

**ANSWER:**

10. If the answer to Interrogatory No. 9 is in the affirmative, set forth the exact words, if known, and if not known, the substance of each such admission, the name and address of the person making the admission, the names and addresses of all persons present when the admission was made. If the admission was reduced to writing, annex a copy hereto.

**ANSWER:**

11. Did you receive any statement, either written or oral, from any person relating in any way to this litigation? If the answer to this interrogatory is in the affirmative, as to each such statement, please set forth: (a) the date on which the statement was obtained, (b) the person who provided the statement, (c) the substance of the statement, (d) the identity of each and every person who was present when the statement was received. If the statement was in writing, annex to these answers to interrogatories a clear copy of the statement.

**ANSWER:**

12. Identify and state the present location and custodian of any and all documents which have any bearing on the facts at issue in this matter. This answer should correspond with the definition of “document” and “identify” appearing in the foregoing definitions and instructions.

**ANSWER:**

13. If you intend to rely upon any statute, regulation, or ordinance in support of your objections, defenses or claims related to the Petitions, state the exact title and section or other citation.

**ANSWER:**

14. Set forth in detail the factual basis for each and every denial of, objection or opposition to any of the allegations contained in the Petitions.

**ANSWER:**

15. Designate for each and every interrogatory answered herein which of such information is not within the personal knowledge of the person certifying these answers and as to that information, state the name and address of every person from whom it was received, or, if the source of the information is documentary, a full description including the location thereof.

**ANSWER:**

16. Identify by name, address and title each individual who either supplied information used for, or participated in the drafting of these answers to interrogatories. For each person identified (a) if that individual assisted in the drafting of an answer, identify by interrogatory number each answer which the individual assisted in drafting, (b) if that individual supplied information which was used in preparation of an interrogatory answer, state by interrogatory number, each answer for which the individual supplied information and identify the information supplied. If the source of the information was documentary, identify in detail the documents from which the information was obtained.

**ANSWER:**

**CERTIFICATION**

I hereby certify that the foregoing statements made by me are true; that the copies of the reports annexed hereto rendered by proposed expert witnesses are exact copies of the entire report or reports rendered by them; and that the existence of other reports of said expert, either written or oral are unknown to me.

I further certify that these Interrogatories shall be deemed continuing until the time of trial and that any responsive information becoming known to me subsequent to the filing of answers hereto shall be supplied by supplemental answers, together with existence of any experts' reports later discovered or becoming available.

I further certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment for contempt of Court.

Dated:

______________________________
Print Name:
Print Title:

218607253v1

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| In re:<br><br>WALL007 LLC, *et al.*,[1]<br><br>Alleged Debtors. | Chapter 7<br><br>Case No. 20-31131 (HDH) |

**PETITIONING CREDITORS FIRST REQUEST FOR PRODUCTION OF DOCUMENTS UPON THE ALLEGED DEBTORS**

Jun Li, Yunding Kang, Cunxiang Ji, Jin Wang, Peng Guo, Lin Zhou, Qu Chen, Kai Tian, Yijing Wu, Xuegeng Gong, Jin Wang, Weijia Kong, Heng Zhang, Hong Guo, Pei Guan, Yue Xu, Mai Ye, Chenchen Jiang, Qiuying Li, Ruinian Wu, Lin Zhou, Liying Yang, Yan Zhang, Wenjun Wang, Lan Ji, Ying Zhou, Lin Li, Li Jiang, Rufeng Ding, Cunxiang Ji, Lin Gao, Qiao Qin, Yue Zhang, Xiaodong Hao, Tianqing Song, Li Jiang, Weisi Wang, Xiaoquan Dai, Feng Yan, Heng Zhang, Ou Jiang, Jinzhe Wu, Yadan Liu, Wanwan Li, Wenjuan Yin, Jiancheng Chen, Yi Tang, Ying Zhang, Pengfei Dong, Kangying Mao, Yijing Wu, Li Jiang, Qin Chu, Yulan Chen, Sicheng Zhan, Pei Guan, Jingqiu Tang, Di Tang, Jun Zeng, Kui Wang, Yue Zhang, Jun Wang, Xiaomin Fan, Di Tang, Jialin Hu, Qin Chu, Jiaxiang Lu, Fuqing Chen, Hanjiang Fu, Aiguo Luo, Fang Ding, Xiangdong Zhu, Wai Ying, Yuan Yuan, Chao Xu, Guoqin Zhou, Yijing Wu, (collectively, the “Petitioning Creditors”), by and through their undersigned counsel, pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure (the “Federal Rules”), as made applicable herein by Rules 7026, 7033, and 9014(c) of the Federal Rules of Bankruptcy Procedure (the “Bankruptcy Rules”), hereby propound this First Set of Requests for Production

---

[1] The Alleged Debtors in these cases are: WALL007 LLC, WALL009 LLC, WALL010 LLC, WALL011 LLC, WALL012 LLC, WALL016 LLC, WALL017 LLC. The Alleged Debtors’ federal tax identification numbers are unknown to the Petitioning Creditors at this time.

of Documents ("First Request") upon the Alleged Debtors to be answered fully within thirty (30) days after service hereof.

Dated: June 1, 2020

/s/ *Jiangang Ou*
Jiangang Ou
Nguyen & Chen LLP
11200 Westheimer Road Suite 120
Houston, TX 77042
(832) 767-0339
Fax : (832) 767-0669
Email: jou@nguyen-chen.com

Stephen M. Packman
Archer & Greiner, P.C.
Three Logan Square
1717 Arch St., Suite 3500
Philadelphia, PA 19103
215-246-3147
Email: spackman@archerlaw.com

*Counsel for the Petitioning Creditors*

**DEFINITIONS**

1. "Affiliates" means an entity or person as defined in 11 U.S.C. 101(2).

2. "All" and "any" mean both each and every.

3. "Alleged Debtor" refers individually to, and "Alleged Debtors" means, collectively, WALL007 LLC (Case No. 20-31131), WALL009 LLC (Case No. 20-31133), WALL010 LLC (Case No. 20-31134), WALL011 LLC (Case No. 20-31135), WALL012 LLC (Case No. 20-31136), WALL016 LLC (Case No. 20-31138), WALL017 LLC (Case No. 20-31139).

4. "And" means "and," "or" or "and/or" whenever interpretation would result in the broadest or most liberal interpretation which would cause the greatest production of documents.

5. "Applicable Time Period" means all dates beginning January 1, 2017, through the Petition Date.

6. "Assets" means all property that would constitute property of the Alleged Debtors' bankruptcy estates, as of the Petition Dates pursuant to 11 U.S.C. 541.

7. "Bankruptcy Cases" means the bankruptcy cases: WALL007 LLC (Case No. 20-31131), WALL009 LLC (Case No. 20-31133), WALL010 LLC (Case No. 20-31134), WALL011 LLC (Case No. 20-31135), WALL012 LLC (Case No. 20-31136), WALL016 LLC (Case No. 20-31138), WALL017 LLC (Case No. 20-31139), filed by the Petitioning Creditors against the Alleged Debtors in the Bankruptcy Court.

8. "Bankruptcy Court" means the United States Bankruptcy Court for the Northern District of Texas.

9. "Communication" or "communications" mean any contact or act by which any information or knowledge is transmitted or conveyed between two or more persons and shall include, without limitation, written contact by such means as letters, notifications, emails, text

messages, instant messaging, voicemails, notes of face to face meetings and telephone conversations, memoranda, correspondence, notifications, telegrams, telex, or by any document, and oral contact by such means as face-to-face meetings and telephone conversations.

10. “Concerning” means in whole or in part and directly or indirectly referring to, relating to, connected with, commenting on, responding to, showing, describing, analyzing, reflecting, evidencing or constituting.

11. “Control” means the person or persons requested to produce documents herein who have the right to secure the documents, or a copy thereof, from another person or public entity or private entity which as actual, physical possession of the original document.

12. “Document” or “Documents” means all written, reported, recorded or graphic matter within the scope of the Federal Rules of Civil Procedure as incorporated in the Bankruptcy Rules. The term Documents expressly includes “Communications” as defined herein. Documents is used in its customary and broadest sense and includes every tangible thing, recording or reproduction of any visual or auditory information including, without limitation, all of the following items regardless of origin or location, whether printed or recorded, filmed or reproduced by any other mechanical process, or written or produced by hand, however produced or reproduced, whether or not claimed to be privileged against discovery on any ground, and whether an original, master or copy, now or at any time in Your possession, custody or control: (1) memoranda; (2) notes; (3) letters, e-mails, notifications, or communication (as defined in paragraph three above); (4) envelopes; (5) messages; (6) contracts; (7) agreements; (8) communications; (9) correspondence; (10) cablegrams; (11) radiograms; (12) telegrams; (13) facsimile cover sheets; (14) express delivery airbills; (15) delivery receipts; (16) notes/records of telephone conversations, meetings and/or conferences; (17) summaries, appraisals and

valuations; (18) records of personal conversations or interviews; (19) books, articles, manuals, magazines, newspapers, pamphlets, brochures, booklets, publications and/or diaries; (20) laboratory and engineering reports and notebooks; (21) charts, plans, sketches and/or drawings; (22) photographs; (23) photostatic microfilm; (24) reports and/or summaries of negotiations and/or investigations; (25) opinions and reports of consultants; (26) circulars, bulletins, notices, instructions; (27) stenographic or handwritten notes; (28) records; (29) accounts; (30) pictures, films, (31) voice recordings, tape recordings; (32) maps; (33) work papers; (34) arithmetic computations; (35) minutes of all other communications; (36) purchase orders; (37) questionnaires, surveys; (38) punch cards, magnetic tape, disc data, printouts, and other data computations from which information can be obtained; (39) patents, applications for patent appraisals and/or patentability or validity searches and studies; (40) sales records, including purchase orders and invoices; (41) financial reports and/or statements; (42) catalogs catalog sheets; (43) advertisements; (44) trade letters; (45) press, publicity, trade and produce releases; (46) draft, original or preliminary notes on, and marginal comments appearing on, any documents; (47) copies of all of the foregoing upon which notations in writing have been made which do not appear on the original; and any other Documents in the possession, custody or control of you and your, representatives, consultants, attorneys or other persons subject to your control or representing You in any capacity or for any purposes.

13. "Financials" means all financial statements, tax returns, and other documents reflecting the Assets and Liabilities of the Debtor and/or its business operations (and value thereof) including, but not limited to, cash flow, profit and loss statements, quarterly and year-end financial statements and internal financial records such as account receivable and payable ledgers, cash payment and receipt journals, deposit slips, loan documents, loan statements, wire

confirmations, bank statements, ACH transactions, inter-company transfers, appraisals, valuations, reports, analysis, environmental studies, business plans, projections, models, forecasts, prospectus and any financial document or schedule filed in these Bankruptcy Cases or referred to in any filing by the Alleged Debtors.

14. “First Motions to Dismiss” means those certain motions to dismiss the Petitions filed by each of the Alleged Debtors on May 7, 2020.

15. “Insider” means an entity or person as defined in 11 U.S.C 101(31).

16. “Liabilities” means all debts and obligations of the Alleged Debtors.

17. “Loan Agreements” means the loan agreements entered into between the Petitioning Creditors on one hand, and the Alleged Debtors on the other hand.

18. “Loans” means those loans made by the Petitioning Creditors to the Alleged Debtors evidenced by the Loan Agreements.

19. “Petition Date(s)” means April 8, 2020.

20. “Other Motions” means those additional motions (to the First Motions to Dismiss) filed by the Alleged Debtors on May 7, 2020.

21. “Petitioning Creditors” means, collectively, the individual creditors in the each of the Bankruptcy Cases of the Alleged Debtors.

22. “Petitions” means those involuntary petitions filed by the Petitioning Creditors.

23. “Projects” means those real estate acquisition and “horizontal” development projects referenced in the Loan Agreements and the Alleged Debtors First Motions to Dismiss.

24. “Regarding” means anything of any kind concerning, pertaining, describing, referring, or relating, directly or indirectly, in whole or in part, to the subject matter of each request.

25. “Relate to,” “Refer to,” or “Evidencing” (or a form thereof) means constituting, reflecting, respecting, supporting, contradicting, referring to, stating, describing, recording, noting, embodying, containing, mentioning, studying, analyzing, discussing or evaluating.

26. “Representatives” means a party’s employee, agent, professional, broker, or other person acting on behalf of such party.

27. “Second Motions to Dismiss” means those certain motions to dismiss the Petitions filed by each of the Alleged Debtors on May 14, 2020.

28. “You” or “Your” means the Alleged Debtors.

**INSTRUCTIONS**

1. Each of the following requests shall be deemed a continuing request up to and until the time of trial.

2. To the extent that a term is not specifically defined, you should use give the meaning typically prescribed to that word in common parlance.

3. In the event that you refuse to produce any Document called for by these requests on the grounds of privilege, or for any other reason, you must identify such Document and disclose in detail the grounds for such claimed privilege or such other refusal to produce.

4. Your refusal to produce any Document or the objection to any request in no way excuses you from timely production of all other Documents requested herein.

**DOCUMENTS REQUESTED**

1. All Documents which relate to the First Motions to Dismiss.

2. All Documents which relate to the Second Motions to Dismiss.

3. All Documents which relate to the Other Motions.

4. All Documents which the Alleged Debtors contend support their request for dismissal of the Petitions.

5. All communications between the Alleged Debtors or their Representatives and the Petitioning Creditors or their Representatives during the Applicable Time Period.

6. All Communications between the Alleged Debtors or their Representatives and Michael Fu or any of his Representatives and/or Affiliates.

7. All Documents which support the Alleged Debtors' contention that Michael Fu should be deemed the Petitioning Creditor.

8. All Documents that support the Alleged Debtors' contention that the Alleged Debtors each have more than 12 creditors.

9. All Documents that support the Alleged Debtors' contention that the Alleged Debtors are generally paying their debts as they come due.

10. All Documents which support the Alleged Debtors' contention that the Petitioning Creditors are not creditors of the Alleged Debtors.

11. All Documents which support the Alleged Debtors' contention that the Petitioning Creditors' claims are contingent in nature.

12. All Documents that support the Alleged Debtors' contention that the Petitioning Creditors' claims are subject to a bona fide dispute as to liability.

13. All Documents that support the Alleged Debtors' contention that the Petitioning Creditors' claims are subject to a bona fide dispute as to amount.

14.

15. All Documents which support the Alleged Debtors' contention that the Petitions were filed in bad faith.

16. All Documents which support the Alleged Debtors' contention that the Alleged Debtors' have suffered damages as a result of the Petitions.

17. All Documents which support the Debtors' contention that they are entitled to punitive damages against the Petitioners.

18. All Documents which support the Alleged Debtors' contention that the Petitions are not in the best interests of the Alleged Debtors and its Creditors.

19. All Documents which the Alleged Debtors contend support their contention that the Court should abstain under 11 U.S.C. 305.

20. All Documents evidencing the Alleged Debtors' memorialization of the Loans, or otherwise related to the Loans, including, but not limited to, Loan Agreements, security agreements, notes, collateralization documents, receipts (including Loan proceeds receipts), acknowledgments and confirmations.

21. All minutes, resolutions, approvals and other Documents pertaining to Board of Director(s) or Board of Manager(s) (or equivalent governing body of Alleged Debtors) meetings for the Alleged Debtors during the Applicable Time Period which relate to the Loans and/or the Projects.

22. All Documents evidencing that any of Alleged Debtors is not ultimately controlled by Timothy Barton.

23. All Document evidencing the ownership of the Alleged Debtors and, if the owners are not persons, then all Documents evidencing ownership of any entity(ies) which own any of the Alleged Debtors and so forth until such entity(ies) are owned by a person(s).

24. All Documents maintained by the Alleged Debtors relating to any payments received by the Alleged Debtors on the Loans.

25. All Documents relating to the Alleged Debtors' contention that they attempted to repay the Loans or any part thereof.

26. All Documents relating to the Alleged Debtors' contention that any land was purchased with the Loans or otherwise funded.

27. All Documents relating to the Alleged Debtors' contention that the Projects were funded by the Loans or otherwise funded.

28. All Documents relating to all Assets of the Alleged Debtors during the Applicable Time Period.

29. All Documents relating to all Liabilities of the Alleged Debtors during the Applicable Time Period.

30. All Documents which are Financials and/or related to Financials of the Alleged Debtors during the Applicable Time Period;

31. All Documents relating to any transfer of Assets from or on behalf of any of the Alleged Debtors to Carnegie Development Inc. or JMJ Development LLC or Steve Wall or Timothy Barton or Sada Cumber or Michael Fu, or Affiliates or Insiders.

32. All Documents relating to the debts listed on the Payables Report (Exhibit "A" to Alleged Debtors' List of Creditors).

33. All other Documents not produced pursuant to the requests above which the Alleged Debtors intend to rely upon in support of their opposition to the Petitions or otherwise at trial of this matter.