# Exhibit “B”

**JOYCE W. LINDAUER ATTORNEY, PLLC**
Attorney & Mediator
1412 Main Street
Dallas, Texas 75202
Email: joyce@joycelindauer.com
Email: paul@joycelindauer.com

Telephone No.
(972) 503-4033

Facsimile No.
(972) 503-4034

July 6, 2020

**VIA ELECTRONIC AND FIRST-CLASS MAIL**

Stephen M. Packman
Archer & Greiner, P.C.
Three Logan Square
1717 Arch St., Suite 3500
Philadelphia, PA 19103
spackman@archerlaw.com

**RE: In the U.S. Bankruptcy Court for the Northern Division of Texas, Dallas Division**
***In re* WALL007 LLC, et al., Case No. 20-31131**
**OBJECTIONS TO PENDING DISCOVERY**

Dear Stephen:

With reference to the Joint Discovery Plan filed in the above-captioned matter on June 17, 2020, please be advised we are serving our responses to the Petitioning Creditors Interrogatories and Requests for Production of Documents propounded on June 1, 2020. We are prepared to discuss the objections prior to the deadline.

Very truly yours,

Joyce Lindauer, Esq.

cc: James Ou, Esq.
Khudabuksh K. Walji, Esq.

Joyce W. Lindauer
State Bar No. 21555700
Guy H. Holman
State Bar No. 24095171
Paul B. Geilich
State Bar No. 07792500
Joyce W. Lindauer Attorney, PLLC
1412 Main St., Suite 500
Dallas, Texas 75202
Telephone: (972) 503-4033
Facsimile: (972) 503-4034
**ATTORNEYS FOR ALLEGED DEBTORS**

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| **In re:**<br><br>**WALL007, et al**<br><br>**Alleged Debtors.** | **Case No. 20-31131**<br>**Chapter 7** |

# ALLEGED DEBTORS' OBJECTIONS AND RESPONSES TO PETITIONING CREDITORS' FIRST SET OF REQUEST FOR PRODUCTION

TO: Jun Li, Yunding Kang, Cunxiang Ji, Jin Wang, Peng Guo, Lin Zhou, Qu Chen, Kai Tian, Yijing Wu, Xuegeng Gong, Jin Wang, Weijia Kong, Heng Zhang, Hong Guo, Pei Guan, Yue Xu, Mai Ye, Chenchen Jiang, Qiuying Li, Ruinian Wu, Lin Zhou, Liying Yang, Yan Zhang, Wenjun Wang, Lan Ji, Ying Zhou, Lin Li, Li Jiang, Rufeng Ding, Cunxiang Ji, Lin Gao, Qiao Qin, Yue Zhang, Xiaodong Hao, Tianqing Song, Li Jiang, Weisi Wang, Xiaoquan Dai, Feng Yan, Heng Zhang, Ou Jiang, Jinzhe Wu, Yadan Liu, Wanwan Li, Wenjuan Yin, Jiancheng Chen, Yi Tang, Ying Zhang, Pengfei Dong, Kangying Mao, Yijing Wu, Li Jiang, Qin Chu, Yulan Chen, Sicheng Zhan, Pei Guan, Jingqiu Tang, Di Tang, Jun Zeng, Kui Wang, Yue Zhang, Jun Wang, Xiaomin Fan, Di Tang, Jialin Hu, Qin Chu, Jiaxiang Lu, Fuqing Chen, Hanjiang Fu, Aiguo Luo, Fang Ding, Xiangdong Zhu, Wai Ying, Yuan Yuan, Chao Xu, Guoqin Zhou, Yijing Wu, (collectively, the "Petitioning Creditors"), by and through their attorneys of record, **Jiangang Ou**, Nguyen & Chen LLP, 11200 Westheimer Road, Suite 120, Houston, Texas 77042 and **Stephen M. Packman**, Archer & Greiner, P.C., Three Logan Square, 1717 Arch Street, Suite 3500, Philadelphia, Pennsylvania 19103.

Alleged Debtors Wall007, LLC, et al. ("Alleged Debtors") serve the following objections and responses to Petitioning Creditors' *First Set of Request for Production.* All

responses and any documents, electronically stored information, and tangible things delivered concurrently with these objections and responses are produced in accordance with Rules 26 and 34 of the FEDERAL RULE OF CIVIL PROCEDURE, as made applicable herein, by Rules 7026, 7034, and 9014(c) of the FEDERAL RULES OF BANKRUPTCY PROCEDURE.

## I. OBJECTIONS AND RESPONSES TO REQUESTS FOR PRODUCTION OF DOCUMENTS

REQUEST FOR PRODUCTION NO. 1: All Documents which relate to the First Motions to Dismiss.

*RESPONSE: All documents responsive to this Request shall be provided; such documents consist of the Declaration of Timothy Barton, the List of Creditors, certain loan agreements, all petitions, proofs of wire transfers, a list of banks identified as receiving and sending funds, and a copy of the content of the English version of Michael Fu's website.*

*Alleged Debtors reserve the right to supplement this Response.*

REQUEST FOR PRODUCTION NO. 2: All Documents which relate to the Second Motions to Dismiss.

*RESPONSE: Alleged Debtors object to this Request to the extent that Plaintiff has equal, if not better access, to documents requested since the Documents referenced in the Second Motions to Dismiss exist and are already in Plaintiffs' possession, custody, or control or may be accessible from another source.*

*Alleged Debtors reserve the right to supplement this Response.*

REQUEST FOR PRODUCTION NO. 3: All Documents which relate to the Other Motions.

*RESPONSE: Debtors object to this Request because Petitioning Creditors fail to identify the "Other Motions" to which this Request is related. To the extent Alleged Debtors are compelled to respond, and without waiving its objections to this Request, Alleged Debtors have no documents responsive to this Request.*

*Alleged Debtors reserve the right to supplement this Response.*

REQUEST FOR PRODUCTION NO. 4: All Documents which the Alleged Debtors contend support their request for dismissal of the Petitions.

*RESPONSE: All documents responsive to this Request shall be provided; such documents consist of the Declaration of Timothy Barton, the List of Creditors, certain loan agreements, all petitions, proofs of wire transfers, a list of banks identified as receiving and sending funds, and a copy of the content of the English version of Michael Fu's website.*

*Alleged Debtors reserve the right to supplement this Response.*

REQUEST FOR PRODUCTION NO. 5: All Communications between the Alleged Debtors or their Representatives and the Petitioning Creditors or their Representatives during the Applicable Time Period.

*RESPONSE: Debtor objects to this Request on the grounds that it seeks communications that the Petitioning Creditors, as a party to such communications, has equal, if not better access, to and as such are already in Plaintiffs' possession, custody, or control.*

*Alleged Debtors reserve the right to supplement this Response.*

REQUEST FOR PRODUCTION NO. 6: All Communications between the Alleged Debtors or their Representatives and Michael Fu or any of his Representatives and/or Affiliates.

*RESPONSE: Debtor objects to this Request on the grounds that it seeks communications from Michael Fu, a.k.a. Hanjiang Fu, one of the parties listed as a "Petitioning Creditors," as a party to such communications, has equal, if not better access, to and as such are already in Plaintiffs' possession, custody, or control.*

*Alleged Debtors reserve the right to supplement this Response.*

REQUEST FOR PRODUCTION NO. 7: All Documents which support the Alleged Debtors' contention that Michael Fu should be deemed the Petitioning Creditor.

*RESPONSE: Debtor shall produce a copy of the "Brief in Support of the Motions of Alleged Debtors to Dismiss Involuntary Petitions, Request for Substitution of Real Party in Interest, Request for Bond, and Request for Award of Fees, Cost and Damages, or in the Alternative to Abstain under Bankruptcy Code § 305" (the "Brief in Support").*

*Alleged Debtors reserve the right to supplement this Response. Also Alleged Debtors reserve the right to include the deposition of Michael Fu and any exhibits thereto once it is taken.*

REQUEST FOR PRODUCTION NO. 8: All Documents that support the Alleged Debtors' contention that the Alleged Debtors each have more than 12 creditors.

*RESPONSE: Alleged Debtors shall each produce its List of Creditors in response to this Request.*

REQUEST FOR PRODUCTION NO. 9: All Documents that support the Alleged Debtors' contention that the Alleged Debtors are generally paying their debts as they come due.

*RESPONSE: Alleged Debtors object to this Request as being overly broad, not reasonably tailored in scope, unduly burdensome, potentially targeted at the harassment of the Alleged Debtors, and is not proportional to the needs of the case; Alleged Debtors particularly object to the use of the term "all" which as defined therein, if construed strictly, is global and overly broad, such that this Request is not reasonably tailored in scope. Generally the Alleged Debtors contend they had payment arrangements with their creditors.*

*Alleged Debtors reserve the right to supplement this Response.*

REQUEST FOR PRODUCTION NO. 10: All Documents which support the Alleged Debtors' contention that the Petitioning Creditors are not creditors of the Alleged Debtors.

*RESPONSE: Alleged Debtors shall provide the Motion to Dismiss, the aforementioned Brief in Support, and the List of Remitters. Also pertinent to support of such contention is the June 25, 2020 deposition testimony of Jiang Haibo.*

*Alleged Debtors reserve the right to supplement this Response. Further the deposition of Michael Fu will support this response.*

REQUEST FOR PRODUCTION NO. 11: All Documents which support the Alleged Debtors' contention that the Petitioning Creditors' claims are contingent in nature.

*RESPONSE: Alleged Debtors shall provide the Motion to Dismiss, the aforementioned Brief in Support, and the List of Remitters. Also pertinent to support of such contention is the June 25, 2020 deposition testimony of Jiang Haibo.*

*Alleged Debtors reserve the right to supplement this Response. Further the deposition of Michael Fu will support this response.*

REQUEST FOR PRODUCTION NO. 12: All Documents that support the Alleged Debtors' contention that the Petitioning Creditors' claims are subject to a bona fide dispute as to liability.

*RESPONSE: Alleged Debtors shall provide the Motion to Dismiss, the aforementioned Brief in Support, and the List of Remitters. Also pertinent to support of such contention is the June 25, 2020 deposition testimony of Jiang Haibo.*

*Alleged Debtors reserve the right to supplement this Response. Further the deposition of Michael Fu will support this response.*

REQUEST FOR PRODUCTION NO. 13: All Documents that support the Alleged Debtors' contention that the Petitioning Creditors' claims are subject to a bona fide dispute as to amount.

*RESPONSE: Alleged Debtors shall provide the Motion to Dismiss, the aforementioned Brief in Support, and the List of Remitters. Also pertinent to support of such contention is the June 25, 2020 deposition testimony of Jiang Haibo.*

*Alleged Debtors reserve the right to supplement this Response. Further the deposition of Michael Fu will support this response.*

REQUEST FOR PRODUCTION NO. 14: NO REQUEST MADE.

*RESPONSE*: NO RESPONSE IS REQUIRED.

REQUEST FOR PRODUCTION NO. 15: All documents which support the Alleged Debtors' contention that the Petitions were filed in bad faith.

*RESPONSE: Alleged Debtors shall provide the Motion to Dismiss, the aforementioned Brief in Support, and the List of Remitters. Also pertinent to support of such contention is the June 25, 2020 deposition testimony of Jiang Haibo.*

*Alleged Debtors reserve the right to supplement this Response. Further the deposition of Michael Fu will support this response.*

REQUEST FOR PRODUCTION NO. 16: All Documents which support the Alleged Debtors' contention that the Alleged Debtors' have suffered damages as a result of the Petitions.

*RESPONSE: Alleged Debtors shall provide the Motion to Dismiss, the aforementioned Brief in Support, and the List of Remitters. Also pertinent to support of such contention is the June 25, 2020 deposition testimony of Jiang Haibo.*

*Alleged Debtors reserve the right to supplement this Response. Further the deposition of Michael Fu will support this response.*

REQUEST FOR PRODUCTION NO. 17: All Documents which support the Debtors' contention that they are entitled to punitive damages against the Petitioners.

*RESPONSE: Alleged Debtors shall provide the Motion to Dismiss, the aforementioned Brief in Support, and the List of Remitters. Also pertinent to support of such contention is the June 25, 2020 deposition testimony of Jiang Haibo.*

*Alleged Debtors reserve the right to supplement this Response. Further the deposition of Michael Fu will support this response.*

REQUEST FOR PRODUCTION NO. 18: All Documents which support the Alleged Debtors' contention that the Petitions are not in the best interests of the Alleged Debtors and its Creditors.

*RESPONSE: Alleged Debtors shall provide the Motion to Dismiss, the aforementioned Brief in Support, and the List of Remitters. Also pertinent to support of such contention is the June 25, 2020 deposition testimony of Jiang Haibo.*

*Alleged Debtors reserve the right to supplement this Response. Further the deposition of Michael Fu will support this response.*

REQUEST FOR PRODUCTION NO. 19: All Documents which the Alleged Debtors contend support their contention that the Court should abstain under 11 U.S.C. § 305.

*RESPONSE: Alleged Debtors shall provide the Motion to Dismiss, the aforementioned Brief in Support, and the List of Remitters. Also pertinent to support of such contention is the June 25, 2020 deposition testimony of Jiang Haibo.*

*Alleged Debtors reserve the right to supplement this Response. Further the deposition of Michael Fu will support this response.*

REQUEST FOR PRODUCTION NO. 20: All Documents evidencing the Alleged Debtors' memorialization of the Loans, or otherwise related to the Loans, including, but not limited to, Loan Agreements, security agreements, notes, collateralization documents, receipts (including Loan proceeds receipts), acknowledgments and confirmations.

*RESPONSE: Alleged Debtors shall provide the Motion to Dismiss, the aforementioned Brief in Support, and the List of Remitters. Also pertinent to support of such contention is the June 25, 2020 deposition testimony of Jiang Haibo.*

*Alleged Debtors reserve the right to supplement this Response. Further the deposition of Michael Fu will support this response.*

REQUEST FOR PRODUCTION NO. 21: All minutes, resolutions, approvals and other Documents pertaining to Board of Director(s) or Board of Manager(s) (or equivalent governing body of Alleged Debtors) meetings for the Alleged Debtors during the Applicable Time Period which relate to the Loans and/or the Projects.

*RESPONSE: Alleged Debtors object as such documents are not relevant to any issues before the Court at this time.*

*Alleged Debtors reserve the right to supplement this Response.*

REQUEST FOR PRODUCTION NO. 22: All Documents evidencing that any of Alleged Debtors is not ultimately controlled by Timothy Barton.

*RESPONSE: Alleged Debtors object to this Request on the grounds that such documents are not relevant to any issue before the Court at this time.*

*Alleged Debtors reserve the right to supplement this Response.*

REQUEST FOR PRODUCTION NO. 23: All Documents evidencing the ownership of the Alleged Debtors and, if the owners are not persons, then all Documents evidencing ownership of any entity(ies) which own any of the Alleged Debtors and so forth until such entity(ies) are owned by a person(s).

RESPONSE: Such information has been filed with the Court regarding ownership of the Alleged Debtors.

REQUEST FOR PRODUCTION NO. 24: All Documents maintained by the Alleged Debtors relating to any payments received by the Alleged Debtors on the Loans.

*RESPONSE: Alleged Debtors object to this Request on the grounds that such documents are not relevant to any issue before the Court at this time. Further the Request as formulated makes no sense as Alleged Debtors would not receive payments on loans.*

*Alleged Debtors reserve the right to supplement this Response.*

REQUEST FOR PRODUCTION NO. 25: All Documents relating to the Alleged Debtors' contention that they attempted to repay the Loans or any part thereof.

*RESPONSE: Alleged Debtors object to this Request on the grounds that such documents are not relevant to any issue before the Court at this time.*

*Alleged Debtors reserve the right to supplement this Response.*

REQUEST FOR PRODUCTION NO. 26: All Documents relating to the Alleged Debtors' contention that any land was purchased with the Loans or otherwise funded.

*RESPONSE: Alleged Debtors object to this Request on the grounds that such documents are not relevant to any issue before the Court at this time.*

*Alleged Debtors reserve the right to supplement this Response.*

REQUEST FOR PRODUCTION NO. 27: All Documents relating to the Alleged Debtors' contention that the Projects were funded by the Loans or otherwise funded.

*RESPONSE: Alleged Debtors object to this Request on the grounds that such documents are not relevant to any issue before the Court at this time.*

*Alleged Debtors reserve the right to supplement this Response.*

REQUEST FOR PRODUCTION NO. 28: All Documents relating to all Assets of the Alleged Debtors during the Applicable Time Period.

*RESPONSE: Alleged Debtors object to this Request on the grounds that it is overly broad, not reasonably tailored in scope, unduly burdensome, potentially targeted at the harassment of the Defendants, and is not proportional to the needs of the case; Alleged Debtors particularly object to the use of the term " all" which as defined therein, if construed strictly, is global and overly broad, such that this Request is not reasonably tailored in scope.*

REQUEST FOR PRODUCTION NO. 29: All Documents relating to all Liabilities of the Alleged Debtors during the Applicable Time Period.

*RESPONSE: Alleged Debtors have filed a list of creditors in each case.*

REQUEST FOR PRODUCTION NO. 30: All Documents which are Financials and/or related to Financials of the Alleged Debtors during the Applicable Time Period.

*Alleged Debtors object to this Request on the grounds that such documents are not relevant to any issue before the Court at this time.*

*Alleged Debtors reserve the right to supplement this Response.*

REQUEST FOR PRODUCTION NO. 31: All Documents relating to any transfer of Assets from or on behalf of any of the Alleged Debtors to Carnegie Development Inc. or JMJ Development LLC or Steve Wall or Timothy Barton or Sada Cumber or Michael Fu, or Affiliates or Insiders.

*Alleged Debtors object to this Request on the grounds that such documents are not relevant to any issue before the Court at this time.*

*Alleged Debtors reserve the right to supplement this Response.*

REQUEST FOR PRODUCTION NO. 32: All Documents relating to the debts listed on the Payables Report (Exhibit "A" to Alleged Debtors' List of Creditors).

*RESPONSE: Alleged Debtors shall produce all documents in their possession responsive to this request.*

REQUEST FOR PRODUCTION NO. 33: All other Documents not produced pursuant to the requests above which the Alleged Debtors intend to rely upon in support of their opposition to the Petitions or otherwise at trial of this matter.

*RESPONSE: Alleged Debtors object to this Request to the extent it is general and seeks to require it to marshal all evidence that may be offered at trial, which is not a permissible form of discovery, and is merely a fishing expedition.*

Respectfully submitted,

*/s/ Joyce W. Lindauer*

Joyce W. Lindauer
State Bar No. 21555700
Paul B. Geilich
State Bar No. 07792500
Guy H. Holman
State Bar No. 24095171
Joyce W. Lindauer Attorney, PLLC
1412 Main Street, Suite 500
Dallas, Texas 75201
Telephone: (972) 503-4033
Facsimile: (972) 503-4034
Email: joyce@joycelindauer.com
guy@joycelindauer.com
paul@joycelindauer.com
**ATTORNEYS FOR DEFENDANTS**

CERTIFICATE OF SERVICE

I certify that on July 6, 2020, I served this document on all counsel of record via email.

*/s/ Joyce W. Lindauer*

Joyce W. Lindauer

Joyce W. Lindauer
State Bar No. 21555700
Paul B. Geilich
State Bar No. 07792500
Guy H. Holman
State Bar No. 24095171
Joyce W. Lindauer Attorney, PLLC
1412 Main St., Suite 500
Dallas, Texas 75202
Telephone: (972) 503-4033
Facsimile: (972) 503-4034
**ATTORNEYS FOR PLAINTIFF**

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| **In re:** | |
| **WALL007, et al** | **Case No. 20-31131**<br>**Chapter 7** |
| **Alleged Debtors.** | |

**ALLEGED DEBTORS' OBJECTIONS AND RESPONSES TO PETITIONING CREDITORS' FIRST SET OF INTERROGATORIES**

TO: Jun Li, Yunding Kang, Cunxiang Ji, Jin Wang, Peng Guo, Lin Zhou, Qu Chen, Kai Tian, Yijing Wu, Xuegeng Gong, Jin Wang, Weijia Kong, Heng Zhang, Hong Guo, Pei Guan, Yue Xu, Mai Ye, Chenchen Jiang, Qiuying Li, Ruinian Wu, Lin Zhou, Liying Yang, Yan Zhang, Wenjun Wang, Lan Ji, Ying Zhou, Lin Li, Li Jiang, Rufeng Ding, Cunxiang Ji, Lin Gao, Qiao Qin, Yue Zhang, Xiaodong Hao, Tianqing Song, Li Jiang, Weisi Wang, Xiaoquan Dai, Feng Yan, Heng Zhang, Ou Jiang, Jinzhe Wu, Yadan Liu, Wanwan Li, Wenjuan Yin, Jiancheng Chen, Yi Tang, Ying Zhang, Pengfei Dong, Kangying Mao, Yijing Wu, Li Jiang, Qin Chu, Yulan Chen, Sicheng Zhan, Pei Guan, Jingqiu Tang, Di Tang, Jun Zeng, Kui Wang, Yue Zhang, Jun Wang, Xiaomin Fan, Di Tang, Jialin Hu, Qin Chu, Jiaxiang Lu, Fuqing Chen, Hanjiang Fu, Aiguo Luo, Fang Ding, Xiangdong Zhu, Wai Ying, Yuan Yuan, Chao Xu, Guoqin Zhou, Yijing Wu, (collectively, the "Petitioning Creditors"), by and through their attorneys of record, **Jiangang Ou**, Nguyen & Chen LLP, 11200 Westheimer Road, Suite 120, Houston, Texas 77042 and **Stephen M. Packman**, Archer & Greiner, P.C., Three Logan Square, 1717 Arch Street, Suite 3500, Philadelphia, Pennsylvania 19103.

Alleged Debtors Wall007, LLC, et al. ("Alleged Debtors") serve the following objections and responses to Petitioning Creditors' *First Set of Interrogatories.* All responses

and any documents, electronically stored information, and tangible things delivered concurrently with these objections and responses are produced in accordance with Rules 26 and 33 of the FEDERAL RULE OF CIVIL PROCEDURE, as made applicable herein, by Rules 7026, 7033, and 9014(c) of the FEDERAL RULES OF BANKRUPTCY PROCEDURE.

## I. OBJECTIONS AND RESPONSES TO INTERROGATORIES

INTERROGATORY NO. 1: For each of the Alleged Debtors set forth:

a. A current primary business address;
b. Its current registered agent;
c. Its members, officers, managers and directors.
d. The number of employees, their names and their positions.

*ANSWER: No additional employees beyond those officers listed work for any of the following Alleged Debtors.*

*Wall007 LLC*

*a. 13901 Midway Rd, Suite 102-243 Dallas, TX 75244*
*b TRWF Lodge LLC*
*c. Manager- Carnegie Development LLC*
*Timothy Barton-President*
*Saskya Bedoya- Treasurer and Secretary*

*Wall009 LLC*

*a. 13901 Midway Rd, Suite 102-243 Dallas, TX 75244*
*b ONE Agent Texas, LLC*
*c. Manager- Northstar PM, LLC*
*Timothy Barton-President*
*Saskya Bedoya- Treasurer and Secretary*

*Wall010 LLC*

*a. 13901 Midway Rd, Suite 102-243 Dallas, TX 75244*
*b TRWF Lodge LLC*
*c. Manager- Carnegie Development LLC*
*Timothy Barton-President*
*Saskya Bedoya- Treasurer and Secretary*

*Wall011 LLC*

*a. 13901 Midway Rd, Suite 102-243 Dallas, TX 75244*
*b TRWF Lodge LLC*
*c. Manager- Carnegie Development LLC*
*Timothy Barton-President*
*Saskya Bedoya- Treasurer and Secretary*

*Wall012 LLC*

*a.* *13901 Midway Rd, Suite 102-243 Dallas, TX 75244*
*b* *TRWF Lodge LLC*
*c.* *Manager- TRWF LLC*
*Timothy Barton-President*
*Saskya Bedoya- Treasurer and Secretary*

*Wall016 LLC*

*a.* *13901 Midway Rd, Suite 102-243 Dallas, TX 75244*
*b* *TRWF Lodge LLC*
*c.* *Manager- TRWF LLC*
*Timothy Barton-President*
*Saskya Bedoya- Treasurer and Secretary*

*Wall017 LLC*

*a.* *13901 Midway Rd, Suite 102-243 Dallas, TX 75244*
*b* *TRWF Lodge LLC*
*c.* *Manager- Carnegie Development LLC*
*Timothy Barton-President*
*Saskya Bedoya- Treasurer and Secretary*

INTERROGATORY NO. 2: Identify:

a. All persons having knowledge of the facts related to the allegations of the Petitions, the First and Second Motions to Dismiss, the Loans and the Projects, or otherwise which may relate to this litigation and your defenses thereto; and with regard to each individual so named, set forth a current home and email address and phone number for such person and provide a narrative description of the facts or factual areas as to which he or she is knowledgeable.

*ANSWER: The Alleged Debtors object to this Interrogatory as being compound, overly broad, not reasonably tailored in scope, unduly burdensome, potentially targeted at the harrassment of the Alleged Debtors, and is not proportional to the needs of the case. Alleged Debtors further object to this Interrogatory to the extent it is general and seeks to require it to marshal all evidence that may be offered at trial, which is not a permissible form of discovery, and is merely a fishing expedition. Without waiving the foregoing objections, persons with knowledge responsive to such Interrogatory are identified as Timothy Barton, Saskya Bedoya, Michael Fu, and Jiang Haibo, Tidy Fan, Lynn Zhou, Allan Zhang, Jin Wang, Petitioning Creditors, Steve Wall.*

INTERROGATORY NO. 3: Identify each person whom you expect to call at trial as an expert witness, stating the subject matter on which he/she is expected to testify, his/her field of expertise and the full and detailed qualifications, training, professional and practical experience, education and degree obtained by each person.

*ANSWER: Alleged Debtors have not identified any person expected to be called as an expert witness at trial. Alleged Debtors shall amend its response if and when such person or persons are identified.*

INTERROGATORY NO. 4: As to each person named in the answer to Interrogatory No. 3, state the substance of the facts and opinions to which the expert is expected to testify and a summary of the grounds for each opinion. Attach to the answers to these interrogatories copies of all written reports submitted to you (or detailed resume if reports were oral) of each person named in the answer to Interrogatory No. 3.

*ANSWER: Alleged Debtors have not identified any person expected to be called as an expert witness at trial. Alleged Debtors shall amend its response if and when such person or persons are identified.*

INTERROGATORY NO. 5: State whether or not there are any other reports in existence from the particular experts named, either written or oral. If the answer is in the affirmative, attach to the answers to these interrogatories clear copies of all such reports. If any such report, either written or oral, subsequently becomes known to you or becomes available, submit copies thereof in supplemental answers to these interrogatories.

*ANSWER: Alleged Debtors have not identified any person expected to be called as an expert witness at trial. Alleged Debtors shall amend its response if and when such person or persons are identified.*

INTERROGATORY NO. 6: Set forth the names, addresses and fields of expertise of any person, other than those named in the answer to Interrogatory No. 3, who has been retained, specifically employed or consulted by you in anticipation of litigation or preparation for trial and who is not expected to be called as a witness at trial and the subject matter on which said person was consulted.

*ANSWER: Alleged Debtors object to this Interrogatory as violative of Rule 26(b)(4)(D) of the FEDERAL RULES OF CIVIL PROCEDURE regarding discovery dealing with consulting experts.*

INTERROGATORY NO. 7: Do you contend that any declaration against interest with regard to the issues in this lawsuit have been made by any party hereto or by a director, officer, agent and/or employee of any party hereto?

*ANSWER: Alleged Debtors object to this Interrogatory as it requires them to make a conclusion of law as such relates to any potential objection based on hearsay lodged by any party. Alleged Debtors further object to this Interrogatory to the extent it is general and seeks to require it to marshal all evidence that may be offered at trial, which is not a permissible form of discovery, and is merely a fishing expedition.*

INTERROGATORY NO. 8: If the answer to Interrogatory No. 7 is in the affirmative, set forth the exact words, if known, and if not known, the substance of each such declaration against

interest, the name and address of the person making the declaration against interest, the names and addresses of all persons present when the declaration against interest was made, the place where and the time when the declaration against interest was made. If the declaration against interest was reduced to writing, annex a copy hereto.

> *ANSWER: Alleged Debtors object to this Interrogatory as it requires them to make a conclusion of law as such relates to any possible objection based on hearsay. Alleged Debtors further object to this Interrogatory to the extent it is general and seeks to require it to marshal all evidence that may be offered at trial, which is not a permissible form of discovery, and is merely a fishing expedition.*

INTERROGATORY NO. 9: Do you contend that any admissions with regard to the issues in this matter have been made by any party hereto or by any director, officer, agent and/or employee of any party hereto?

> *ANSWER: Alleged Debtors object to this Interrogatory since no Requests for Admissions have yet been served on Alleged Debtors or their counsel. Alleged Debtors further object to this Interrogatory to the extent it is general and seeks to require it to marshal all evidence that may be offered at trial, which is not a permissible form of discovery, and is merely a fishing expedition.*

INTERROGATORY NO. 10: If the answer to Interrogatory No. 9 is in the affirmative, set forth the exact words, if known, and if not known, the substance of each such admission, the name and address of the person making the admission, the names and addresses of all persons present when the admission was made. If the admission was reduced to writing, annex a copy hereto.

> *ANSWER: Alleged Debtors object to this Interrogatory since no Requests for Admissions have yet been served on Alleged Debtors or their counsel. Alleged Debtors further object to this Interrogatory to the extent it is general and seeks to require it to marshal all evidence that may be offered at trial, which is not a permissible form of discovery, and is merely a fishing expedition.*

INTERROGATORY NO. 11: Did you receive any statement, either written or oral, from any person relating in any way to this litigation? If the answer to this interrogatory is in the affirmative, as to each such statement, please set forth: (a) the date on which the statement was obtained, (b) the person who provided the statement, (c) the substance of the statement, (d) the identity of each and every person who was present when the statement was received. If the statement was in writing, annex to these answers to interrogatories a clear copy of the statement.

> *ANSWER: Alleged Debtors object to this Interrogatory as being overly broad, not reasonably tailored in scope, unduly burdensome, potentially targeted at the harassment of the Defendants, and is not proportional to the needs of the case. Alleged Debtors particularly object to use of the term "any" as such relates to the undefined terms "statement" and "person," which as defined therein, if construed*

*strictly, is itself global and overly broad, such that this Request is not reasonably tailored in scope. Alleged Debtors further object to this Interrogatory to the extent it is general and seeks to require them to marshal all evidence that may be offered at trial, which is not a permissible form of discovery, and is merely a fishing expedition.*

INTERROGATORY NO. 12: Identify and state the present location and custodian of any and all documents which have any bearing on the facts at issue in this matter. This answer should correspond with the definition of "document" and "identify" appearing in the foregoing definitions and instructions.

*ANSWER: Alleged Debtors object to use of the term "any and all" which as defined therein, if construed strictly, is itself global and overly broad, such that this Request is not reasonably tailored in scope. To the extent that the Alleged Debtors are compelled to respond notwithstanding their objections and without waiving such, they refer Petitioning Creditors to their responses in Interrogatory No. 1, question c. for each Alleged Debtor.*

INTERROGATORY NO. 13: If you intend to rely upon any statute, regulation, or ordinance in support of your objections, defenses or claims related to the Petitions, state the exact title and section or other citation.

*ANSWER: Alleged Debtors object to this Interrogatory to the extent it is general and seeks to require it to marshal all evidence that may be offered at trial, which is not a permissible form of discovery, and is merely a fishing expedition. Alleged Debtors further object to the use of the term "any" which as defined therein, if construed strictly, is global and overly broad, such that this Interrogatory is not reasonably tailored in scope. Alleged Debtors further object to this Interrogatory to the extent it seeks a legal conclusion.*

INTERROGATORY NO. 14: Set forth in detail the factual basis for each and every denial of, objection or opposition to any of the allegations contained in the Petitions.

*ANSWER: Alleged Debtors object to this Interrogatory to the extent it is general and seeks to require it to marshal all evidence that may be offered at trial, which is not a permissible form of discovery, and is merely a fishing expedition. Alleged Debtors further object to the use of the term "each and every" which as defined therein, if construed strictly, is global and overly broad, such that this Interrogatory is not reasonably tailored in scope. To the extent that Alleged Debtors are compelled to respond notwithstanding their objections and without waiving such, Debtors have already produced, and Petitioning Creditors are already in possession of, such responses.*

INTERROGATORY NO. 15: Designate for each and every interrogatory answered herein which of such information is not within the personal knowledge of the person certifying these answers and as to that information, state the name and address of every person from whom it

was received, or, if the source of the information is documentary, a full description including the location thereof.

> *ANSWER: Alleged Debtors object to the use of the term "each and every" which as defined therein, if construed strictly, is global and overly broad, such that this Interrogatory is not reasonably tailored in scope. To the extent that Alleged Debtors are compelled to respond notwithstanding their objections and without waiving such, Alleged Debtors shall provide the appropriate verification and/or certification of their responses from the responsible individuals identified in Interrogatory No. 1, question c. for each Alleged Debtor in accordance with Rule 33(b)(5) of the FEDERAL RULES OF CIVIL PROCEDURE.*

INTERROGATORY NO. 16: Identify by name, address and title each individual who either supplied information used for, or participated in the drafting of these answers to interrogatories. For each person identified (a) if that individual assisted in the drafting of an answer, identify by interrogatory number each answer which the individual assisted in drafting, (b) if that individual supplied information which was used in preparation of an interrogatory answer, state by interrogatory number, each answer for which the individual supplied information and identify the information supplied. If the source of the information was documentary, identify in detail the documents from which the information was obtained.

> *ANSWER: All responses to these interrogatories were prepared by Tim Barton, President of each of the Alleged Debtors. His address is 13901 Midway Rd, Suite 102-243 Dallas, TX 75244. He was assisted by his legal counsel, Joyce W. Lindauer, Joyce W. Lindauer, PLLC, 1412 Main Street, Suite 500, Dallas, Texas 75202.*

Respectfully submitted,

*/s/ Joyce W. Lindauer*

Joyce W. Lindauer
State Bar No. 21555700
Paul B. Geilich
State Bar No. 07792500
Guy H. Holman
State Bar No. 24095171
Joyce W. Lindauer Attorney, PLLC
1412 Main Street, Suite 500
Dallas, Texas 75201
Telephone: (972) 503-4033
Facsimile: (972) 503-4034
Email: joyce@joycelindauer.com
guy@joycelindauer.com
paul@joycelindauer.com
**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

I certify that on July 6, 2020, I served this document on all counsel of record via the ECF system and/or email.

*/s/ Joyce W. Lindauer*
Joyce W. Lindauer