# Exhibit "C"

ARCHER
ATTORNEYS AT LAW

**Stephen M. Packman**
*Fellow of INSOL*
*Member of New Jersey, Pennsylvania and New York Bars*
spackman@archerlaw.com
215-246-3147 (Ext. 5147) Direct

Archer & Greiner, P.C.
Three Logan Square
1717 Arch Street, Suite 3500
Philadelphia, PA 19103-2739
215-963-3300 Main
215-963-9999 Fax
www.archerlaw.com

July 14, 2020

**VIA EMAIL**

Joyce W. Lindauer, Esq.
Joyce W. Lindauer Attorney, PLLC
1412 Main St., Ste. 500
Dallas, TX 75202
joyce@joycelindauer.com

Re: In re WALL007, LLC, et al.[1]
Chapter 7 Bankruptcy Cases No. 20-31131 (HDH) (Bankr. N.D. Tex.)
Our File No. WAL347-00961

Dear Ms. Lindauer:

On June 1, 2020, the Petitioning Creditors sent discovery requests ("Interrogatories" and "Document Requests") (collectively, the "Requests") to you as counsel to each of the Alleged Debtors. On July 6, 2020, you provided responses (the "Responses") on behalf of the Alleged Debtors. Initially, no documents were produced and the Alleged Debtors objected to the majority of the Requests. Late Friday, July 10, we received some documents from you on behalf of the Alleged Debtors. The attached Schedule A identifies generally the documents received from you last Friday.

This letter is being sent to you per our phone call on July 10, 2020, wherein we discussed the Responses and tried to reach some accord on the Alleged Debtors' objections to no avail. This letter shall serve as the Petitioning Creditors' objections (the "Objections") to the Responses pursuant to the Joint Discovery Plan entered by the Court on June 20, 2020.

[1] The Alleged Debtors in these cases are: WALL007 LLC, WALL009 LLC, WALL010 LLC, WALL011 LLC, WALL012 LLC, WALL016 LLC, WALL017 LLC.

**1. <u>Objections to Responses to Interrogatories</u>**

**<u>INTERROGATORY NO. 2</u>:** Identify:

(a) All persons having knowledge of the facts related to the allegations of the Petitions, the First and Second Motions to Dismiss, the Loans and the Projects, or otherwise which may relate to this litigation and your defenses thereto; and with regard to each individual so named, set forth a current home and email address and phone number for such person and provide a narrative description of the facts or factual areas as to which he or she is knowledgeable.

**<u>ANSWER</u>:** The Alleged Debtors object to this Interrogatory as being compound, overly broad, not reasonably tailored in scope, unduly burdensome, potentially targeted at the harassment of the Alleged Debtors, and is not proportional to the needs of the case. Alleged Debtors further object to this Interrogatory to the extent it is general and seeks to require it to marshal all evidence that may be offered at trial, which is not a permissible form of discovery, and is merely a fishing expedition. Without waiving the foregoing objections, persons with knowledge responsive to such Interrogatory are identified as Timothy Barton, Saskya Bedoya, Michael Fit, and Jiang Haibo, Tidy Fan, Lynn Zhou, Allan Zhang, Jin Wang, Petitioning Creditors, Steve Wall.

**<u>OBJECTION</u>:** The Petitioning Creditors object to the Alleged Debtors' answer to Interrogatory No. 2. The Alleged Debtors provided the names of individuals that have "knowledge" responsive to the interrogatory, but failed to identity the type of knowledge these individuals have relative to the Petitions, the First and Second Motions to Dismiss, the Loans and the Projects. The Alleged Debtors also failed to provide the contact information for the individuals referenced by the Alleged Debtors in its answer.

In a further attempt to resolve same, please provide the Petitioning Creditors with the required information by no later than July 20, 2020.

**<u>INTERROGATORY 7</u>:** Do you contend that any declaration against interest with regard to the issues in this lawsuit have been made by any party hereto or by a director, officer, agent and/or employee of any party hereto?

**<u>ANSWER</u>:** Alleged Debtors object to this Interrogatory as it requires them to make a conclusion of law as such relates to any potential objection based on hearsay lodged by any party. Alleged Debtors further object to this Interrogatory to the extent it is general and seeks to require it to marshal all evidence that may be offered at trial, which is not a permissible form of discovery, and is merely a fishing expedition.

**<u>OBJECTION</u>:** The Petitioning Creditors object to the Alleged Debtors' answer to Interrogatory No. 7. In an attempt to clarify and resolve same, please provide any declarations against interest from parties or third-parties which the Alleged Debtors may seek to introduce as evidence in this proceeding in support of their defense. Please provide such response by no later than July 20, 2020.

**<u>INTERROGATORY 8</u>:** If the answer to Interrogatory No. 7 is in the affirmative, set forth the exact words, if known, and if not known, the substance of each such declaration against interest, the name and address of the person making the declaration against interest, the names and addresses of all persons present when the declaration against interest was made, the place where and the time when the declaration against interest was made. If the declaration against interest was reduced to writing, annex a copy hereto.

**<u>ANSWER</u>:** Alleged Debtors object to this Interrogatory as it requires them to make a conclusion of law as such relates to any possible objection based on hearsay. Alleged Debtors further object to this Interrogatory to the extent it is general and seeks to require it to marshal all evidence that may be offered at trial, which is not a permissible form of discovery, and is merely a fishing expedition.

**<u>OBJECTION</u>:** Please see Petitioning Creditors' response above and provide such Response by no later than July 20, 2020.

**<u>INTERROGATORY 9</u>:** Do you contend that any admissions with regard to the issues in this matter have been made by any party hereto or by any director, officer, agent and/or employee of any party hereto?

**<u>ANSWER</u>:** Alleged Debtors object to this Interrogatory since no Requests for Admissions have yet been served on Alleged Debtors or their counsel. Alleged Debtors further object to this Interrogatory to the extent it is general and seeks to require it to marshal all evidence that may be offered at trial, which is not a permissible form of discovery, and is merely a fishing expedition.

**<u>OBJECTION</u>:** The Petitioning Creditors object to the Alleged Debtors' answer to Interrogatory No. 9. The Alleged Debtors objection is nonsensical. Request for admissions on critical issues, including admissions against a party's interest, are standard interrogatory requests in virtually every litigation (as are the majority of Petitioner's requests which the Alleged Debtors have objected to) and have nothing to do with whether or not Petitioning Creditors served separate requests for admissions. Please see Petitioning Creditors' responses to Nos. 7 and 8 above and provide such Response by no later than July 20, 2020.

**<u>INTERROGATORY 10</u>:** If the answer to Interrogatory No. 9 is in the affirmative, set forth the exact words, if known, and if not known, the substance of each such admission, the name and address of the person making the admission, the names and addresses of all persons present when the admission was made. If the admission was reduced to writing, annex a copy hereto.

**<u>ANSWER</u>:** Alleged Debtors object to this Interrogatory since no Requests for Admissions have yet been served on Alleged Debtors or their counsel. Alleged Debtors further object to this Interrogatory to the extent it is general and seeks to require it to marshal all evidence that may be offered at trial, which is not a permissible, form of discovery, and is merely a fishing expedition.

**OBJECTION:** The Petitioning Creditors object to the Alleged Debtors' answer to Interrogatory No. 10. Please see Petitioning Creditors' responses to Nos. 7 -9 above and provide such Response by no later than July 20, 2020.

**INTERROGATORY NO. 11:** Did you receive any statement, either written or oral, from any person relating in any way to this litigation? If the answer to this interrogatory is in the affirmative, as to each such statement, please set forth: (a) the date on which the statement was obtained, (b) the person who provided the statement, (c) the substance of the statement, (d) the identity of each and every person who was present when the statement was received. If the statement was in writing, annex to these answers to interrogatories a clear copy of the statement.

**ANSWER:** Alleged Debtors object to this Interrogatory as being overly broad, not reasonably tailored in scope, unduly burdensome, potentially targeted at the harassment of the Defendants, and is not proportional to the needs of the case. Alleged Debtors particularly object to use of the term "any" as such relates to the undefined terms "statement" and "person," which as defined therein, if construed strictly, is itself global and overly broad, such that this Request is not reasonably tailored in scope. Alleged Debtors .further object to this Interrogatory to the extent it is general and seeks to require them to marshal all evidence that may be offered at trial, which is not a permissible form of discovery, and is merely a fishing expedition.

**OBJECTION:** The Petitioning Creditors object to the Alleged Debtors' answer to Interrogatory No. 11. In an attempt to clarify and resolve same, please provide any statements from parties or third-parties which the Alleged Debtors may seek to introduce as evidence in this proceeding in support of their defense, including but not limited to alleged statements against interest. Please provide such response by no later than July 20, 2020.

**INTERROGATORY NO. 14:** Set forth in detail the factual basis for each and every denial of, objection or opposition to any of the allegations contained in the Petitions.

**ANSWER:** Alleged Debtors object to this Interrogatory to the extent it is general and seeks to require it to marshal all evidence that may be offered at trial, which is not a permissible form of discovery, and is merely a fishing expedition. Alleged Debtors further object to the use of the term "each and every" which as defined therein, if construed strictly, is global and overly broad, such that this Interrogatory is not reasonably tailored in scope. To the extent that Alleged Debtors are compelled to respond notwithstanding their objections and without waiving such, Debtors have already produced, and Petitioning Creditors are already in possession of such responses.

**OBJECTION:** The Petitioning Creditors object to the Alleged Debtors' answer to Interrogatory No. 14. The Alleged Debtors failed to provide any factual basis for contesting the filing of the Petitions. Petitioning Creditors are not required to guess what facts the Petitioning Creditors may rely upon at the time of trial in support of their defense(s) to the Petition.

In an effort to resolve the matter, please set forth concise statements of all facts which support any and all defenses which the Alleged Debtors have asserted to date or intend to assert

at the time of trial in this matter in opposition to the Petitions. Please provide your answers by no later than July 20, 2020.

Petitioning Creditors also demand that the Alleged Debtors certify or verify their answers to the Interrogatories as required by Federal Rules of Civil Procedure 33 (as adopted by Federal Rule of Bankruptcy Procedure 9032.

**2. Objections to Responses to the Requests for Production**

**REQUEST NO. 4:** All Documents which the Alleged Debtors contend support their request for dismissal of the Petitions.

**RESPONSE:** All documents responsive to this Request shall be provided; such documents consist of the Declaration of Timothy Barton, the List of Creditors, certain loan agreements, all petitions, proofs of wire transfers, a list of banks identified as receiving and sending funds, and a copy of the content of the English version of Michael Fu's website. Alleged Debtors reserve the right to supplement this Response.

**OBJECTION:** The Petitioning Creditors object to the Alleged Debtors' response to Request No. 4 as the production is incomplete. As evidenced by Schedule A, the Alleged Debtors have provided very few documents in response to the Requests. Please provide complete responsive documents to this Request by July 20, 2020.

**REQUEST NO. 5:** All communications between the Alleged Debtors or their Representatives and the Petitioning Creditors or their Representatives during the Applicable Time Period.

**RESPONSE:** Alleged Debtors object to this Request on the grounds that it seeks communications that the Petitioning Creditors, as a party to such communications, has equal, if not better access, to and as such are already in Plaintiffs 'possession, custody, or control.

**OBJECTION:** The Petitioning Creditors object to the Alleged Debtors' response to Request No. 5. This is an improper response. The Petitioning Creditors are not required to guess which documents are in the possession of the Alleged Debtors which are responsive to this Request. The Alleged Debtors have an obligation to search through their documents and provide responsive documents to this Request. Please provide the responsive documents by July 20, 2020.

**REQUEST NO. 6:** All Communications between the Alleged Debtors or their Representatives and Michael Fu or any of his Representatives and/or Affiliates.

**RESPONSE:** Debtor objects to this Request on the grounds that it seeks communications from Michael Fu, a.k.a. Hanjiang Fu, one of the parties listed as a "Petitioning Creditors," as a party to such communications, has equal, if not better access, to and as such are already in Plaintiffs 'possession, custody, or control.

**OBJECTION:** The Petitioning Creditors object to the Alleged Debtors' response to Request No. 6. The Alleged Debtors indicate that "Michael Fu" is listed as one of the Petitioning Creditors. That is factually incorrect. Mr. Fu is not a Petitioning Creditor. Moreover, the Alleged Debtors indicate that "the Petitioning Creditors, as a party to such communications, has equal, if the not better access" to documents. This is an improper response. The Petitioning Creditors are not required to guess which documents are in the possession of the Alleged Debtors which are responsive to this Request. The Alleged Debtors have an obligation to search through their documents and provide responsive documents to this Request. Please provide the responsive documents by July 20, 2020.

**REQUEST NO. 8:** All Documents that support the Alleged Debtors' contention that the Alleged Debtors each have more than 12 creditors.

**RESPONSE:** Alleged Debtors shall each produce its List of Creditors in response to this Request.

**OBJECTION:** The Petitioning Creditors object to the Alleged Debtors' response to Request No. 8. The Alleged Debtors provided a production on July 10. The production of documents did not contain a response to this request despite the Alleged Debtors' response indicating that a "List of Creditors" would be produced. Therefore, such documents should be produced by the Alleged Debtors. Please produced same by July 20, 2020.

**REQUEST NO. 9:** All Documents that support the Alleged Debtors' contention that the Alleged Debtors are generally paying their debts as they come due.

**RESPONSE:** Alleged Debtors object to this Request as being overly broad, not reasonably tailored in scope, unduly burdensome, potentially targeted at the harassment of the Alleged Debtors, and is not proportional to the needs of the case; Alleged Debtors particularly object to the use of the term "all" which as defined therein, if construed strictly, is global and overly broad, such that this Request is not reasonably tailored in scope. Generally the Alleged Debtors contend they had payment arrangements with their creditors. Alleged Debtors reserve the right to supplement this Response.

**OBJECTION:** The Petitioning Creditors object to the Alleged Debtors' response to Request No. 9. There is nothing improper about this request as the Alleged Debtors make this contention in their pleadings to dismiss the Petitions. Since that is the case, the Alleged Debtors must produce all financial documents in their possession demonstrating that they are in fact paying their debts as due (ie., payable agings and other accounting records such as bank statements). Alleged Debtors indicate that "the Debtors contend they had payment arrangements with their creditors." However, the Alleged Debtors failed to produce any documents that support this assertion. Please produce all documents responsive to this Request by July 20, 2020.

**REQUEST NO. 16:** All Documents which support the Alleged Debtors' contention that the Alleged Debtors' have suffered damages as a result of the Petitions.

**RESPONSE:** Alleged Debtors shall provide the Motion to Dismiss, the aforementioned Brief in Support, and the List of Remitters. Also pertinent to support of such contention is the June 25, 2020 deposition testimony of Jiang Haibo.

Alleged Debtors reserve the right to supplement this Response. Further the deposition of Michael Fu will support this response.

**OBJECTION:** The Petitioning Creditors object to the Alleged Debtors' response to Request No. 16. The Alleged Debtors failed to provide documents that support their contention that they have sustained damages as a result of the Petitions. Moreover, demand is hereby made again for the Alleged Debtors to produce all financial books and records supporting their contention that the Alleged Debtors even have ongoing businesses or assets which could be damaged. Please provide all documents by no later than July 20, 2020.

**REQUEST NO. 20:** All Documents evidencing the Alleged Debtors' memorialization of the Loans, or otherwise related to the Loans, including, but not limited to, Loan Agreements, security agreements, notes, collateralization documents, receipts (including Loan proceeds receipts), acknowledgments and confirmations.

**RESPONSE:** Alleged Debtors shall provide the Motion to Dismiss, the aforementioned Brief in Support, and the List of Remitters. Also pertinent to support of such contention is the June 25, 2020 deposition testimony of Jiang Haibo.

Alleged Debtors reserve the right to supplement this Response. Further the deposition of Michael Fu will support this response.

**OBJECTION:** The Petitioning Creditors object to the Alleged Debtors' response to Request No. 20. The Alleged Debtors did not provide any documents relevant to the Loans including those requested by way of examples. There are over 70+ Petitioning Creditors, collectively, of the Alleged Debtors. It is hard to believe that the Alleged Debtors do not have documentation responsive to this Request. Please produce all responsive documents by no later than July 20, 2020.

**REQUEST NO. 21:** All minutes, resolutions, approvals and other Documents pertaining to Board of Director(s) or Board of Manager(s) (or equivalent governing body of Alleged Debtors) meetings for the Alleged Debtors during the Applicable Time Period which relate to the Loans and/or the Projects.

**RESPONSE:** Alleged Debtors object as such documents are not relevant to any issues before the Court at this time.

Alleged Debtors reserve the right to supplement this Response.

**OBJECTION:** The Petitioning Creditors object to the Alleged Debtors' response to Request No. 21. The Alleged Debtors are allegedly duly formed limited liability companies.

Generally, such companies have business records that they are able to produce to substantiate that they are actual businesses. This goes directly to the defense by the Alleged Debtors that the Petitions are not in the best interests of the Alleged Debtors and their creditors. If such documents do not exist, then the Alleged Debtors should indicate that as part of its response to this Request. If they do exist, please produce them by no later than July 20, 2020.

**REQUEST NO. 24:** All Documents maintained by the Alleged Debtors relating to any payments received by the Alleged Debtors on the Loans.

**RESPONSE:** Alleged Debtors object to this Request on the grounds that such documents are not relevant to any issue before the Court at this time. Further the Request as formulated makes no sense as Alleged Debtors would not receive payments on loans.

Alleged Debtors reserve the right to supplement this Response.

**OBJECTION:** The Petitioning Creditors hereby clarify and correct the Request at issue. The Request should read "any Loan proceeds received by the Alleged Debtors." This Request is directly relevant to defenses asserted by the Alleged Debtors including that the Petitioning Creditor's claims are subject to bona fide dispute. Please produce all documents responsive to this Request by no later than July 20, 2020.

**REQUEST NO. 25:** All Documents relating to the Alleged Debtors' contention that they attempted to repay the Loans or any part thereof.

**RESPONSE:** Alleged Debtors object to this Request on the grounds that such documents are not relevant to any issue before the Court at this time.

Alleged Debtors reserve the right to supplement this Response.

**OBJECTION:** The Petitioning Creditors object to the Alleged Debtors' response to Request No. 25. The Alleged Debtors have indicated to the Petitioning Creditors numerous times that they have attempted to "repay" the loans to the Petitioning Creditors and that such actions would resolve the underlying issues that led to the filing of the Petitions. In their production of documents on July 10, the Alleged Debtors submitted what appears to be an affidavit seeking a signature and information from apparent creditors of the Alleged Debtors However, it is unclear how this is responsive to this request. Therefore, if documents and/or communications exist that the Alleged Debtors tried to pay back money owed to the Petitioning Creditors, then such documents and writings should be produced by the Alleged Debtors. Please produce all such responsive documents by July 20, 2020.

**REQUEST NO. 27:** All Documents relating to the Alleged Debtors' contention that the Projects were funded by the Loans or otherwise funded.

**RESPONSE:** Alleged Debtors object to this Request on the grounds that such documents are not relevant to any issue before the Court at this time.

Alleged Debtors reserve the right to supplement this Response.

**OBJECTION:** The Petitioning Creditors object to the Alleged Debtors' response to Request No. 27. The Alleged Debtors have asserted that they have legitimate businesses which own assets (land and certain improvements) which are being interrupted and incurring damages as a result of the Petitions. They further allege that the Petitions are not in the best interests of the Alleged Debtors or the creditors. The Loans from Petitioning Creditors were made so that the Alleged Debtors could acquire the land and make certain improvements for the projects. These documents are highly relevant to the Petitions and the defenses asserted. Please produce all such documents by July 20, 2020.

**REQUEST NO. 28:** All Documents relating to all Assets of the Alleged Debtors during the Applicable Time Period.

**RESPONSE:** Alleged Debtors object to this Request on the grounds that it is overly broad, not reasonably tailored in scope, unduly burdensome, potentially targeted at the harassment of the Defendants, and is not proportional to the needs of the case; Alleged Debtors particularly object to the use of the term " all" which as defined therein, if construed strictly, is global and overly broad, such that this Request is not reasonably tailored in scope.

**OBJECTION:** The Petitioning Creditors object to the Alleged Debtors' response to Request No. 28. The Alleged Debtors are limited liability companies. Generally, companies have business records relating to their assets. The Petitioning Creditors contend that the Alleged Debtors received loan funds (which would thus be considered assets of the Alleged Debtors once transferred), but were never paid back. The Alleged Debtors have asserted that they have legitimate businesses and assets which are being interrupted and are incurring damages as a result of the Petitions. They further allege that the Petitions are not in the best interests of the Alleged Debtors or the creditors. The Loans from Petitioning Creditors were made so that the Alleged Debtors could acquire the land and make certain improvements for the projects. These documents are highly relevant to the Petitions and the defenses asserted. Please produce all such documents by July 20, 2020.

**REQUEST NO. 30:** All Documents which are Financials and/or related to Financials of the Alleged Debtors during the Applicable Time Period.

**RESPONSE:** Alleged Debtors object to this Request on the grounds that such documents are not relevant to any issue before the Court at this time. Alleged Debtors reserve the right to supplement this Response.

**OBJECTION:** The Petitioning Creditors object to the Alleged Debtors' response to Request No. 30. The Alleged Debtors are limited liability companies. Generally, companies have business records and/or financial documents. Such documents would be relevant to the underlying Petitions and relevant documents should be produced by the Alleged Debtors. The Alleged Debtors have asserted that they have legitimate businesses and assets which are being interrupted and incurring damages as a result of the Petitions. They further allege that the

Petitions are not in the best interests of the Alleged Debtors or the creditors. The Loans from Petitioning Creditors were made so that the Alleged Debtors could acquire the land and make certain improvements for the projects. The Alleged Debtors contend that they are paying their debts as and when due. The Alleged Debtors also dispute the claims of Petitioning Creditors. The financial documents requested are highly relevant to the Petitions and the defenses asserted. Please produce all such documents by July 20, 2020.

**REQUEST NO. 31:** All Documents relating to any transfer of Assets from or on behalf of any of the Alleged Debtors to Carnegie Development Inc. or JMJ Development LLC or Steve Wall or Timothy Barton or Sada Cumber or Michael Fu, or Affiliates or Insiders.

**RESPONSE:** Alleged Debtors object to this Request on the grounds that such documents are not relevant to any issue before the Court at this time.

Alleged Debtors reserve the right to supplement this Response.

**OBJECTION:** The Petitioning Creditors object to the Alleged Debtors' response to Request No. 31. The Alleged Debtors have asserted that they have legitimate businesses which are being interrupted and incurring damages as a result of the Petitions. They further allege that the Petitions are not in the best interests of the Alleged Debtors or the creditors. The Loans from Petitioning Creditors were made so that the Alleged Debtors could acquire the land and make certain improvements for the projects. If any of the Alleged Debtors assets were transferred and/or Loan proceeds from Petitioning Creditors diverted, these facts would be highly relevant to the Alleged Debtors' allegations that they have ongoing businesses which are being damaged by the Petitions and that the Petitions are not in the best interests of the Alleged Debtors and their creditors. These documents are also relevant to the Petitioning Creditors' claims that the Alleged Debtors are in breach of the Loan Agreements. These Requests are highly relevant to the Petitions and the defenses asserted. Please produce all such documents by July 20, 2020.

Note: All objections and positions by Petitioning Creditors herein are without waiver of, prejudice to or limitation of other or additional grounds which they might assert in support of their Requests and their objections to the Alleged Debtors' responses in objection thereto. Please provide supplemental Responses by July 20, 2020. Otherwise, Petitioning Creditors will have no choice but to proceed in Court with a Motion to Compel Responses.

Very truly yours,

*/s/ Stephen M. Packman*
STEPHEN M. PACKMAN

cc: Petitioning Creditors
Jiangang (James) Ou, Esq.

218906053v6

**Schedule A**

"Response to Request No. 6":

- Email from vance@mcmurrylegal.com to Joyce Lindauer with subject line: RE: Yding Website.

"Response to Request No. 10":

- Names of individuals under the heading "Remitted by" with monetary amounts not identified.

"Response to Request No. 15":

- Complaint, Cause No. DC-19-18361, captioned *Silverland Finance LTD., Platinum Investment Corporation, Lin Zhou, Jin Wang, and Ji Lu v. Wall007, LLC, Wall009, LLC, Timothy Barton, Sada Cumber, and Carnegie Development Inc*

"Response to Request No. 25":

- Apparent draft of an Affidavit

"Response to Request No. 33":

- Master Loan Agreement dated February 15, 2017 between Platinum Investment Corporation and Wall007, LLC (UNSIGNED)