Joyce W. Lindauer
State Bar No. 21555700
Paul B. Geilich
State Bar No. 07792500
Guy H. Holman
State Bar No. 24095171
Joyce W. Lindauer Attorney, PLLC
1412 Main St., Suite 500
Dallas, Texas 75202
Telephone: (972) 503-4033
Facsimile: (972) 503-4034
**ATTORNEYS FOR ALLEGED DEBTORS**

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| **In re:**<br><br>**WALL007, LLC, et al.**<br><br>**Alleged Debtors.** | **Case No. 20-31131**<br>**Chapter 7** |

# ALLEGED DEBTORS' OPPOSITION TO PETITIONERS' MOTION TO COMPEL RESPONSES TO FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND FIRST SET OF INTERROGATORIES

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

COMES NOW Alleged Debtors Wall007, LLC, et al., and file this their *Opposition to Petitioners' Motion to Compel Responses to First Request for Production of Documents and First Set of Interrogatories* (the "Motion," docket as ECF No. 92), and would respectfully show the Court as follows:

The Petitioners' Motion to Compel is nothing more than an attempt to move the lens of scrutiny from their own failures in discovery onto the Alleged Debtors and to create the illusion of mutual conflict, when in reality, the Alleged Debtors have properly responded to the Petitioners' discovery requests and will continue to cooperate with the Petitioners. Petitioners, however, have only provided Alleged Debtors with objections, circuitous arguments, and a general failure to

reciprocate. The Alleged Debtors deny -- in no uncertain terms -- the Petitioners' allegation that the Alleged Debtors have avoided full disclosure of evidence so as to prevent the Petitioners and the Court from learning certain fabricated details about the Alleged Debtors' financial situation.

The Alleged Debtors have produced to the Petitioners everything necessary to satisfy their good-faith discovery requirements and are willing to continue to cooperate. Anything the Alleged Debtors have withheld have been withheld for two critical reasons: either (1) the Petitioners' Request is seeking documents that should only be produced after this Honorable Court has considered and made a ruling on the dispositive motions to dismiss or invalidate the petitions that are currently pending before it for the 'petitioners' failure to provide valid wet signatures or attorney certification of the validity of the same, as those dispositive motions challenge whether the Petitioners have even met the minimum threshold for litigating a matter before this Court; or (2) the Petitioners' Request is relevant to a related dispute filed in state court by the Petitioners and then abandoned in favor of a strong-arm involuntary bankruptcy tactic, but is not relevant to the bankruptcy itself. Because the Alleged Debtors believe that the Petitioners have not properly made a claim for involuntary bankruptcy in this Court, the Alleged Debtors have tried to limit their discovery resonses only to information and evidence that will assist all parties in resolving the dispositive motions, with the expectation that the motions will eliminate the need for any further discovery if they are ruled upon favorably for the Alleged Debtors.

## I. RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

### A. *The Underlying Lender Dispute*

The Alleged Debtors are several Texas limited liability companies formed to acquire land to construct a subdivision with the purpose of selling residential lots to home builders. The improvements to the acquired lands are intended to include the development of streets, water utilities, sewers, sidewalks, and residential lots.

The Alleged Debtors sought the assistance of Michael Fu ("Fu"), who was doing business as Silverland Financial Ltd. ("Silverland") and Platinum Investment Corporation ("PIC") (collectively, the "Fu Entities") to acquire capital for these construction projects. Fu represents himself and the Fu Entities as the designated agent of the Petitioners, who are Chinese nationals. Fu reportedly located the Petitioners, engaged them to provide co-lending through the Fu Entities via pooled loan agreements with the respective Alleged Debtors, and organized the transfer of all funds.

Essentially, the pooled loans were part of a single partnership among the Petitioners as Co-Lenders with Fu and/or the Fu Entities wherein he served as the designated agent who administered the pooled loan agreements on their collective behalf. As such, Fu and the Petitioners are a single alleged creditor entity, and are not separate entities. Fu is the real party-in-interest in this case and is using the Petitioners as his pawns in these proceedings. This was further verified in Fu's deposition.

When certain loan payments came due, Fu directed the Alleged Debtors to pay him directly on behalf of the Co-Lender Petitioners. Fu also held back monies from the Co-Lenders to offset fees he claimed he was owed. The Alleged Debtors had concerns that Fu was improperly taking a cut of the payments for himself. The Alleged Debtors believe that numerous of the financial practices of Fu, the Fu Entities, and the Petitioners were misleading, may have constituted fraud, and may have violated both U.S. and Chinese law. Based on their suspicions, the Alleged Debtors demanded to pay the Co-Lender Petitioners directly, rather than permit Fu to serve as an intermediary for the transfer of funds. Fu refused. Fu has testified he did not act as an agent for payments but the documentary proof indicates otherwise.

***The disagreement as to how and to whom the loans should be repaid is the primary underlying dispute with regard to this case***. The parties attempted to mediate the dispute – with Fu acting as the agent for the lenders in the mediation – but no resolution was reached.

B. *The State Court Action*

After the mediation failed, on November 15, 2019, the Fu Entities and a small handful of the Petitioners filed Cause No. DC-19-18361 in the District Court of Dallas County for the 44th Judicial District (the "State Court Case") as a debt collection action against the Alleged Debtors. ***The underlying subject matter of the instant bankruptcy proceedings served as the basis for the claims in that legal matter as well***.

The Original Petition in the State Court Case consists of salacious and specious content, and was filed in an effort by Fu to shake the Alleged Debtors down and to cover for unrelated failed business ventures undertaken by the Fu Entities. In the Original Petition, Fu asserted entitlement to fees the Alleged Debtors did not owe, shared confidential information, spread false rumors and outright lies, and defamed the Alleged Debtors to other lenders in a collective and calculated effort to force the Alleged Debtors to agree to a grossly lopsided settlement.

The Alleged Debtors devoted substantial resources to litigating the State Court Case. In the State Court Case, the Alleged Debtors filed an answer, plea in abatement, motion to dismiss pursuant to Tex. R. Civ. P. 91(a), and an anti-SLAPP ("Strategic Lawsuit Against Public Participation") motion. Petitioners never responded to any of these pleadings.

C. *The Federal Involuntary Bankruptcy Action*

When the court in the State Court Case issued orders contrary to the interests of Fu and the Petitioners, they collectively engaged in a tactical pivot by filing the instant involuntary bankruptcy cases to apply the pressure of additional and superfluous litigation based on the same claims as those in the State Court Case. Despite having initiated the State Court Case themselves,

the Petitioners filed these duplicitous bankruptcy cases as a strong-arm litigation tactic. The Petitioners saw the move to Bankruptcy Court as a way to achieve a quicker collection result. Fu has funded the legal fees for filing the bankruptcy cases. Considering that the primary issue between the parties is a simple contractual dispute, the State Court forum was, and remains, a more appropriate forum to resolve all disputes between the Alleged Debtors and the Petitioners. To that end the Alleged Debtors have filed a motion to dismiss as well as a request to abstain from these proceedings. The Alleged Debtors have also moved this Court to stay discovery pending the resolution of the dispositive motions.

D. *The Discovery Dispute*

On June 1, 2020, the Petitioners propounded on the Alleged Debtors a First Set of Interrogatories (hereinafter, the “Interrogatories”) and a First Request for Production of Documents (hereinafter, the “Request for Production”). The Alleged Debtors engaged in a good-faith effort to provide relevant, responsive documents that would assist the parties in resolving the dispositive issues before this Court. However, because the Alleged Debtors feel strongly that the Petitioners have not established a valid basis for litigating this issue in this Court and have not met the threshold requirements for doing so, the Alleged Debtors informed the Petitioners that all additional documentary discovery would be forthcoming after the resolution of the dispositive motions. The Alleged Debtors also raised several well-founded objections to certain of the Requests, including relevancy objections.

Reciprocally, the Alleged Debtors propounded discovery requests on the Petitioners. The Petitioners’ responses was highly evasive and generally meaningless. For instance, in response to Alleged Debtors’ Request for Production No. 41, the Petitioners Object that the Request is “unduly burdensome” because the information is produced in the response to Interrogatory No. 1. However, the response to Interrogatory No. 1 states in its entirety:

> Petition[er] asserts the Relevancy, Ambiguity, Undue Burden, and Confidentiality Objections. The information sought is entirely irrelevant to the claims and defenses raised in this Case and are not reasonably calculated to lead to the discovery ofadmissible evidence. Subject to the foregoing objections, and expressly without waiver of same, see documents produced.

Clearly, the Interrogatory response provides no actual information, and the responses are circuitous and meaningless. The Petitioners also do the same thing in response to Alleged Debtors' Request for Production Nos 42-58, and similar evasive and disingenuous methods for avoiding discovery throughout their responses.

Additionally, counsel for the Petitioners were ordered by this Court to produce and verify original "wet signatures" for every Petitioner who has noted a petition. However, as thoroughly described in Alleged Debtors' *Motion to Compel Production of Documentary Evidence Permitting Verification of Electronic Signatures and Stay All Additional Discovery of Non-Dispositive Issues, or in the Alternative to Invalidate the Involuntary Petition, and to Schedule Hearing in Conjunction With Petitioners' Motion to Compel*, the Petitioners have failed to produce trustworthy wet signatures that establish the validity of the identities of each Petitioner. As such, counsel for the Petitioners have not even established that the alleged Petitioners in this case have authorized this suit, or even exist.

The parties now seek resolution of these disputes through opposing Motions to Compel.

## II. ARGUMENT

### A. *Alleged Debtors Properly Produced All Information Relevant to Resolve the Dispositive Motions, and Properly Withheld Additional Discovery Pending the Resolution of Those Motions.*

Petitioners are not entitled to discovery until the controversies related to the validity of both their identity and their Involuntary Petition is resolved. The validity of any claim in this matter is predicated on the validity of the Involuntary Petitions themselves. The omission of information

that may be used to identify a petitioner (or the provision of false identifying information) on such "has been held to be a material misrepresentation." *Tighe v. Valencia (in Re Guadarrama)*, 284 B.R. 463, 473 (C.D. Cal. 2002). Providing false or fabricated information used to identify a party, or failing to provide identifying information, "are all material statements in that they might mislead [a party] as to the identity of the petitioner and might ultimately affect the determination of [a party's] eligibility to petition for bankruptcy[.]" *Id*. at 474. "The false information [in a Petition] undermines the fundamental objectives of the Bankruptcy Code, which include complete and accurate disclosure of all relevant information and meaningful notice to all parties in interest." *Id*.

Here, since information which may be used to validate the identity of the Petitioners has been actively and unjustifiably withheld, such action has made it impossible to determine the Petitioners' eligibility to petition this Court, and then to demand discovery related to a presumptively invalid petition asserting invalid claims. Before any questions relating to the Petitioners discovery requests can be answered, the controversy related to the validity of both their identity and their Involuntary Petition must first be resolved.

B. *Because Certain of the Petitioners' Requests Were Irrelevant, the Relevancy Objection Was Properly Used to Shield Non-Discoverable Information From Production.*

The Petitioners fallaciously accuse the Alleged Debtors of utilizing a general relevancy "excuse" as justification for withholding evidence. However, Alleged Debtors cited a "relevancy objection" in only eight of 33 Requests based on the legitimate reason that such Requests did not, and do not, relate in any way to the issues before the Court. In actuality, in most cases the Alleged Debtors provided the documents requested, or the Petitioners already had such requested documents in their possession or control. The Petitioners' attempt to portray the discovery responses differently is disingenuous.

## III. CONCLUSION

For all of the foregoing reasons, the Petitioners' Motion should be denied, and this Court should grant such other and further relief as it deems appropriate.

Dated: July 29, 2020

Respectfully submitted,

**Joyce W. Lindauer Attorney, PLLC**
1412 Main St., Suite 500
Dallas, Texas 75202
Telephone: (972) 503-4033
Facsimile: (972) 503-4034

/s/ Joyce W. Lindauer__________________
Joyce W. Lindauer
State Bar No. 21555700
joyce@joycelindauer.com

Guy H. Holman
State Bar No. 24095171
guy@joycelindauer.com

Paul B. Geilich
State Bar No. 07792500
paul@joycelindauer.com

*Attorneys for Alleged Debtors*

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing document was served upon all counsel of record on this 29th day of July, 2020, in accordance with the FEDERAL RULES OF CIVIL PROCEDURE.

*/s/ Joyce W. Lindauer*__________________
Joyce W. Lindauer