**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| In re:<br><br>WALL007 LLC, *et al.*,[1]<br><br>Alleged Debtors. | Chapter 7<br><br>Case No. 20-31131 (HDH)<br>(Jointly Administered) |

**OPPOSITION OF PETITIONING CREDITORS TO THE ALLEGED DEBTORS' MOTION TO COMPEL PRODUCTION OF DOCUMENTARY EVIDENCE PERMITTING VERIFICATION OF ELECTRONIC SIGNATURES AND STAY ALL ADDITIONAL DISCOVERY OF NONDISPOSITIVE ISSUES, OR IN THE ALTERNATIVE TO INVALIDATE THE INVOLUNTARY PETITION AND TO SCHEDULE HEARING IN CONJUNCTION WITH CREDITORS' MOTION TO COMPEL**

Jun Li, Yunding Kang, Cunxiang Ji, Jin Wang, Peng Guo, Lin Zhou, Qu Chen, Kai Tian, Yijing Wu, Xuegeng Gong, Jin Wang, Weijia Kong, Heng Zhang, Hong Guo, Pei Guan, Yue Xu, Mai Ye, Chenchen Jiang, Qiuying Li, Ruinian Wu, Lin Zhou, Liying Yang, Yan Zhang, Wenjun Wang, Ying Zhou, Lin Li, Li Jiang, Rufeng Ding, Cunxiang Ji, Lin Gao, Qiao Qin, Yue Zhang, Xiaodong Hao, Tianqing Song, Li Jiang, Weisi Wang, Xiaoquan Dai, Feng Yan, Heng Zhang, Ou Jiang, Jinzhe Wu, Yadan Liu, Wanwan Li, Wenjuan Yin, Jiancheng Chen, Yi Tang, Ying Zhang, Pengfei Dong, Kangying Mao, Yijing Wu, Li Jiang, Qin Chu, Yulan Chen, Sicheng Zhan, Pei Guan, Jingqiu Tang, Di Tang, Jun Zeng, Kui Wang, Yue Zhang, Jun Wang, Xiaomin Fan, Di Tang, Jialin Hu, Qin Chu, Jiaxiang Lu, Fuqing Chen, Hanjiang Fu, Aiguo Luo, Fang Ding, Xiangdong Zhu, Wai Ying, Yuan Yuan, Chao Xu, Guoqin Zhou, Yijing Wu (collectively, "Petitioning Creditors"), by and through their undersigned counsel, file this opposition (the "Opposition") to the Alleged Debtors, WALL007 LLC, WALL009 LLC, WALL010 LLC,

---

[1] The Alleged Debtors in these cases are: WALL007 LLC, WALL009 LLC, WALL010 LLC, WALL011 LLC, WALL012 LLC, WALL016 LLC, WALL017 LLC. The Alleged Debtors' federal tax identification numbers are unknown to the Petitioning Creditors sat this time.

WALL011 LLC, WALL012 LLC, WALL016 LLC, WALL017 LLC (collectively, "Alleged Debtors") *Motion to Compel Production of Documentary Evidence Permitting Verification of Electronic Signatures and Stay All Additional Discovery of Nondispositive Issues, or in the Alternative to Invalidate the Involuntary Petition and to Schedule Hearing in Conjunction With Creditors' Motion to Compel* (the "First Motion to Compel") [Dkt. No. 101]. The Petitioning Creditors respectfully aver as follows:

**INTRODUCTION[2]**

1. The Court's Order On Second Motion of Alleged Debtors' to Dismiss Involuntary Petitioning Without Prejudice for Procedural Deficiencies [Dkt. No. 81] entered on June 23, 2020, required the Petitioning Creditors to provide their counsel with "Wet Signatures" on the Petitions by no later than July 6, 2020.

2. The Petitioning Creditors complied with this requirement and the Attorney Certification of Mr. Ou (the "Ou Certification") was filed of record with this Court on July 6, 2020 [Dkt. No. 84].

3. Not satisfied with such compliance, the Alleged Debtors' counsel questioned the authenticity of the Wet Signatures.

4. Although Petitioning Creditors were under no duty to do so, each of them, with the exception of a few stragglers, confirmed to their counsel via email that the Wet Signatures are in fact their signatures and filed declarations attesting to this (the "Wet Signature Declarations"). See Wet Signature Declarations Dkt. Nos. 111–117.

[2] Capitalized terms not defined in this section are shall have the meaning as defined later on in this Opposition.

5. As Mr. Packman mentioned to the Court during the initial hearing in this case, both the Archer firm and Ngyuen firm have had many communications with the Petitioning Creditors who are our clients.

6. The majority of those privileged communications are via email or other means of electronic communications due to the language barriers and time differences as between Petitioning Creditors and their counsel.

7. So why do the Alleged Debtors persist in their quite offensive quest to discredit the Petitioning Creditors and integrity of their counsel?

8. The Alleged Debtors have no legitimate defenses to the Petitions. Thus, they can only try to divert the attention of this Court from the fact that they (a) have no defense and (b0 have not produced documents, information and now witnesses relating to the discovery requests propounded upon them by the Petitioning Creditors (the "Requests").

9. In fact, the Alleged Debtors now ask the Court (through a Motion to Compel no less) to allow them to skirt their discovery responsibilities by requesting a "stay" of their discovery obligations, or in the alternative, to dismiss the Petitions.

10. The Alleged Debtors do not cite to any case law which supports their requests for relief premised on their falsification of the Wet Signatures theory.

11. The First Motion to Compel is simply a thinly veiled distraction device and a waste of this Court's time and significant expense to the Petitioning Creditors.

**PROCEDURAL HISTORY & STATEMENT OF FACTS**

12. The Petitioning Creditors filed involuntary chapter 7 bankruptcy petitions (collectively, the "Petitions") against each Alleged Debtors on April 8, 2020. See [Dkt. No. 1 in 20-31131]; [Dkt. No. 1 in 20-31133]; [Dkt. No. 1 in 20-31134]; [Dkt. No. 1 in 20-31135]; [Dkt. No. 1 in 20-31136]; [Dkt. No. 1 in 20-31138]; and, [Dkt. No. 1 in 20-31139].

13. On April 24, 2020, this Court entered an Order granting the Petitioning Creditors' motion to jointly administer the bankruptcy cases (the "Cases") under the lead case WALL007 LLC [Dkt. No. 11 in 20-31131] (the "Lead Case").

14. On May 7, 2020, each Alleged Debtor filed Motions to Dismiss. See [Dkt. Nos. 18–19 in 20-31131]; [Dkt. Nos. 15–16 in 20-31133]; [Dkt. Nos. 14–15 in 20-31134]; [Dkt. Nos. 14–15 in 20-31135]; [Dkt. Nos. 14–15 in 20-31136]; [Dkt. Nos. 14–15 in 20-31138]; and, [Dkt. Nos. 14–15 in 20-31139] (collectively, the "Motions to Dismiss").

15. The Motions to Dismiss seek dismissal of the Petitions alleging discrete issues, namely that: (1) there are an insufficient number of Petitioning Creditors to support the filing of the Petitions against the Alleged Debtors; (2) the Petitioning Creditors' claims are in bona fide dispute; (3) the Alleged Debtors are generally paying their respective debts; and (4) the Petitions are not in the best interests of each of the Alleged Debtors and its creditors. See Motions to Dismiss.

16. As the Court is aware from the Petitioning Creditors' Motion to Compel:

> On June 1, 2020, the Petitioning Creditors sent Requests to each of the Alleged Debtors. On June 20, 2020, the Court entered a Joint Discovery Plan setting forth, among other matters, discovery deadlines. On July 6, 2020, the Alleged Debtors provided their Responses. Initially, no documents were produced and the Alleged Debtors objected rather generally to the majority of the Requests. On July 10, 2020, at the repeated requests of counsel for the Petitioning Creditors, the Petitioning Creditors' and the Alleged Debtors' counsel discussed the Responses in a failed attempt to amicably resolve the Petitioning Creditors' objections to the Responses. The Alleged Debtors' counsel did indicate that they would be producing documents responsive to the Requests. Later, in the evening of July 10, 2020, the Petitioning Creditors' counsel received minimal documents from the Alleged Debtors. The Alleged Debtors did not receive any formal or other meaningful response to the Deficiency Letter other than a subsequent, belated email from Ms. Lindauer indicating that no additional Responses would be forthcoming as, in Ms. Lindauer's view, the Petitioning Creditors allegedly did not comply with another Order of this Court relating to the "wet signatures" of the Petitioning Creditors.

17. On July 27, 2020, the Alleged Debtors filed the First Motion to Compel.

## ARGUMENT

### *I. The Petitioning Creditors' Wet Signatures are valid*

18. The Alleged Debtors maintain—without any admissible evidence[3]—that the Wet Signatures were digitally created using an electronic signature software.

19. Apparently, they are alleging that either counsel for the Petitioning Creditors or someone else created the Wet Signatures to fool the Alleged Debtors and this Court.

20. This is quite an allegation considering what the Petitioning Creditors have filed in this case in support of their Wet Signatures.

21. On or about July 6, 2020, the Petitioning Creditors filed the *Certification of Jiangang Ou, Esquire Regarding Receipt of Original "Wet-Signature" Petitions and Declarations from Petitioning* Creditors [Dkt. No. 84] *(with respect to the receipt of the "wet" signatures of the Petitions and Declarations from the Petitioning Creditors).*

22. Subsequently, upon the demand of Alleged Debtors' counsel, on or about July 7, 2020, counsel for the Petitioning Creditors produced to counsel all of the Wet Signatures that it received from each of the Petitioning Creditors.

23. The Alleged Debtors did not raise any issues relating to the Wet Signatures until the Petitioning Creditors indicated that they would be filing a motion to compel production of documents and information from the Alleged Debtors due to their non-responsive answers.

24. Prior to the filing of the First Motion to Compel, in anticipation of the Alleged Debtors' next subterfuge, counsel for the Petitioning Creditors took the extraordinary and costly

[3] The Alleged Debtors attached to the First Motion to Compel a self-serving document created by their counsel alleging showing discrepancies with the Petitioning Creditors' signatures. However, the Alleged Debtors fail to provide any evidentiary proof—instead only assume—that the signatures are not from the Petitioning Creditors.

step of emailing each of the Petitioning Creditors, asking them to confirm ***in writing*** that they had indeed place their Wet Signatures on the Petitions and Declarations as ordered by this Court.

25. The Court is respectfully directed to Wet Signature Declarations.

26. As evidenced by the Wet Signature Declarations, all but Petitioning Creditors, Ruinian Wu, Sicheng Zhan, and Di Tang, confirmed that they did indeed "wet" sign the Petitions and Declarations. Counsel for the Petitioning Creditors expects to receive confirmation from these three (3) Petitioning Creditors shortly.

27. Despite the Alleged Debtors' allegations in its First Motion to Compel, neither the Petitioning Creditors nor their counsel used electronic-signature software to sign the Petitions and Declarations.

28. The Wet Signatures, the Ou Certification, the Wet Signatures Declarations and the emails from the Petitioning Creditors themselves should constitute sufficient proof, to the extent that proof is even legally required, that the Petitioning Creditors did in fact sign the Petitions and the Declarations.

### ***II. The Alleged Debtors discovery responses to the Requests should not be stayed as this will severely prejudice the Petitioning Creditors ability to obtain relevant discovery in these Cases.***

29. The Alleged Debtors offer no case law in support of the proposition that because they allege that the Wet Signatures are not "real" this somehow entitles them to skirt their discovery responsibilities in these Cases.

30. According to the Alleged Debtors, the Petitioning Creditors "have not established that they have a right to discovery."

31. This Court's Order, the Discovery Plan approved by the Court and the Federal Rules state otherwise.

32. The Requests seek evidence that goes to the heart of the contentions in these Cases as well as the defenses asserted in the Alleged Debtors' pleadings in the Cases. This is a fact that the Alleged Debtors do not dispute in the First Motion to Compel.

33. Federal Rule of Civil Procedure 26(b)(1) states that:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any ***non-privileged matter that is relevant to any party's claim or defense*** and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1) (emphasis added).

34. The Alleged Debtors also fail to mention in their First Motion to Compel that many of the Petitioning Creditors' Requests deal with very routine, basic information that most companies, who claim they have an ongoing business and/or assets, would have in their possession (or available to them) in the ordinary course—i.e. (i) documents that might demonstrate whether a business is paying its debts when due (which the Alleged Debtors assert is true in their Motions to Dismiss); (ii) documents reflecting the current assets and liabilities of the Alleged Debtors which might support defenses and assertions by the Alleged Debtors that the Petitioning Creditors' claims are subject to bona fide dispute or that they have real assets and liabilities (i.e., they are real, not sham companies) and, therefore, that the Petitions are allegedly not in the best interests of their estates and the creditors (which they assert as defenses); and (iii) documents relating to the loan agreements and the Petitioning Creditors' claims which are at the heart of the Petitions and defenses thereto (i.e. the claims are subject to bona fide dispute).

35. To date, the Petitioning Creditors have produced to the Alleged Debtors at least 4,400 documents (with more to be produced) responsive to the document and information requests propounded to them by the Alleged Debtors.

36. It would be patently unfair to alleviate the Alleged Debtors' discovery responsibilities when the Petitioning Creditors have participated in good-faith in responding to thousands of discovery requests propounded by the Alleged Debtors to each individual Petitioning Creditor.

37. The Petitioning Creditors would be severely prejudiced if such stay on discovery is granted by this Court at this juncture of the Cases.

38. Accordingly, the Alleged Debtors' request to stay discovery should be denied.

## CONCLUSION

Based on the foregoing, the Petitioning Creditors respectfully request that the First Motion to Compel be denied in its entirety.

Dated: July 29, 2020

/s/ *Stephen M. Packman*

Jiangang Ou
Nguyen & Chen LLP
11200 Westheimer Road Suite 120
Houston, TX 77042
Tel: 832-767-0339
Email: jou@nguyen-chen.com

Stephen M. Packman
Archer & Greiner, P.C.
Three Logan Square
1717 Arch St., Suite 3500
Philadelphia, PA 19103
Tel: 215-246-3147
Email: spackman@archerlaw.com

*Counsel for the Petitioning Creditors*

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that, on July 29, 2020, a true and correct copy of the foregoing document was served on all parties requesting service via the Court's ECF system.

/s/ Stephen M. Packman
Stephen M. Packman

219002185v3