**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| In re:<br><br>WALL007 LLC, *et al.*,[1]<br><br>Alleged Debtors. | Chapter 7<br><br>Case No. 20-31131 (HDH)<br>(Jointly Administered) |

**OPPOSITION OF PETITIONING CREDITORS TO THE ALLEGED DEBTORS' SECOND MOTION TO COMPEL DISCOVERY RESPONSES, FILED IN THE ALTERNATIVE TO ALLEGED DEBTORS' MOTION TO COMPEL PRODUCTION OF DOCUMENTARY EVIDENCE PERMITTING VERIFICATION OF ELECTRONIC SIGNATURES AND STAY ALL ADDITIONAL DISCOVERY OF NONDISPOSITIVE ISSUES, OR IN THE ALTERNATIVE TO INVALIDATE THE INVOLUNTARY PETITION AND TO SCHEDULE HEARING IN CONJUNCTION WITH CREDITORS' MOTION TO COMPEL**

Jun Li, Yunding Kang, Cunxiang Ji, Jin Wang, Peng Guo, Lin Zhou, Qu Chen, Kai Tian, Yijing Wu, Xuegeng Gong, Jin Wang, Weijia Kong, Heng Zhang, Hong Guo, Pei Guan, Yue Xu, Mai Ye, Chenchen Jiang, Qiuying Li, Ruinian Wu, Lin Zhou, Liying Yang, Yan Zhang, Wenjun Wang, Ying Zhou, Lin Li, Li Jiang, Rufeng Ding, Cunxiang Ji, Lin Gao, Qiao Qin, Yue Zhang, Xiaodong Hao, Tianqing Song, Li Jiang, Weisi Wang, Xiaoquan Dai, Feng Yan, Heng Zhang, Ou Jiang, Jinzhe Wu, Yadan Liu, Wanwan Li, Wenjuan Yin, Jiancheng Chen, Yi Tang, Ying Zhang, Pengfei Dong, Kangying Mao, Yijing Wu, Li Jiang, Qin Chu, Yulan Chen, Sicheng Zhan, Pei Guan, Jingqiu Tang, Di Tang, Jun Zeng, Kui Wang, Yue Zhang, Jun Wang, Xiaomin Fan, Di Tang, Jialin Hu, Qin Chu, Jiaxiang Lu, Fuqing Chen, Hanjiang Fu, Aiguo Luo, Fang Ding, Xiangdong Zhu, Wai Ying, Yuan Yuan, Chao Xu, Guoqin Zhou, Yijing Wu (collectively, "Petitioning Creditors"), by and through their undersigned counsel, file this opposition (the

[1] The Alleged Debtors in these cases are: WALL007 LLC, WALL009 LLC, WALL010 LLC, WALL011 LLC, WALL012 LLC, WALL016 LLC, WALL017 LLC. The Alleged Debtors' federal tax identification numbers are unknown to the Petitioning Creditors sat this time.

"Opposition") to the Alleged Debtors', WALL007 LLC, WALL009 LLC, WALL010 LLC, WALL011 LLC, WALL012 LLC, WALL016 LLC, WALL017 LLC's (collectively, "Alleged Debtors"), *Second Motion to Compel Discovery Responses* (the "Second Motion to Compel") [Dkt. No. 101]. The Petitioning Creditors respectfully aver as follows:

## INTRODUCTION[2]

1. The Alleged Debtors filed their Second Motion to Compel against the Petitioning Creditors, alleging very generally numerous "deficiencies" related to the Petitioning Creditors' responses to the Alleged Debtors' first request for production, first set of interrogatories, and request for admissions (collectively, the "Alleged Debtors' Requests").

2. The Alleged Debtors Requests contained thousands of discovery requests propounded upon the seventy-seven (77) individual Petitioning Creditors.

3. Despite the over-burdensome number of discovery requests, the Petitioning Creditors responded to, produced and/or answered (albeit some with objections under reservations of rights) every single one of the Alleged Debtors' Requests in conformity with the requirements under the Federal Rules of Civil Procedure (the "Responses").

4. As set forth herein, and quite contrary to the representations of the Alleged Debtors to this Court, there were very few Responses which set forth objections <u>and</u> refusals to respond and/or produce.

5. To date, the Petitioning Creditors have produced over 4,500 pages of documents to the Alleged Debtors, while the Alleged Debtors have produced a paltry forty-nine (49) pages to Petitioning Creditors and, quite ironically, have objected to many requests on the general basis of relevance. This is despite the fact that many of "Petitioning Creditors Requests" ask for

[2] Capitalized terms not defined in this section are shall have the meaning as defined later on in this Opposition.

production of basic business records of the Alleged Debtors such as financial and bank statements.

6. The Alleged Debtors have not once provided Petitioning Creditors with any specificity regarding their issues with the Responses despite communications and conversations with counsel attempting to resolve same.

7. In fact, the Second Motion to Compel is simply the same general, glossed version of the Alleged Debtors' objections to the Petitioning Creditors Requests. It is simply sets forth generalities without substance. I further dive into the facts, reflects that Petitioning Creditors responded to the vast majority of the Alleged Debtors' discovery by producing documents and providing actual responses and answers.

## PROCEDURAL HISTORY & STATEMENT OF FACTS

8. For the sake of brevity, the Petitioning Creditors incorporate herein their opposition to the Alleged Debtors' "First Motion to Compel" (the "Opposition to First Motion to Compel") [Dkt. No. 118].[3]

## LEGAL ARGUMENT

### I. The Petitioning Creditors responded to thousands of the Alleged Debtors' Requests in good-faith and in accordance with the requirements of the Federal Rules of Civil Procedure.

#### *a. The Petitioning Creditors thoroughly responded to the Alleged Debtors' First Request for Production.*

9. The Alleged Debtors contend that the Petitioning Creditors have "***generally*** failed to respond to the Alleged Debtors' discovery requests" in response to the Alleged Debtors' First Requests for Production (the "Requests for Production"). See Second Motion to Compel, pg. 6.

[3] Capitalized terms not defined in this Opposition shall have the same meaning as the terms capitalized in the Opposition to First Motion to Compel

10. This is a patently false statement as the Petitioning Creditors have produced thousands of pages of documents so far in these Cases to the Alleged Debtors' counsel and have otherwise responded in detail to each of the requests in the Requests for Production.

11. In fact, the Second Motion to Compel does not specifically identify what requests the Petitioning Creditors allegedly failed to provide or otherwise respond to in the Petitioning Creditors Responses.[4]

12. Each of the Requests for Production contain 58 separate document requests (17 of which are compound and repetitive) upon each of the individual Petitioning Creditors.

13. The Petitioning Creditors diligently reviewed the Requests for Production (with help from their counsel) and formulated responses based on the incredibly long, confusing, and often illegible requests made by the Alleged Debtors.

14. The Petitioning Creditors did their best to respond, provide documents in their possession that were responsive and did find it necessary to object to some requests that merited same coupled with a refusal to produce or respond (however, as set forth herein, such refusals are in the minority).

15. For the most part, even if an objection was lodged against a particular request, for purposes of reserving rights for future hearings, the Petitioning Creditors nevertheless provided responsive documents and requests and did not remain wholly unresponsive as alleged in the Second Motion to Compel.

---

4 In contrast, the Petitioning Creditors identified to the Alleged Debtors prior to filing their motion to compel (the "Petitioning Creditors' Motion to Compel"), in a letter dated July 14, 2020, specific issues they had with the Alleged Debtors' discovery responses and objections. See Petitioning Creditors' Motion to Compel, Exhibit "C" [Dkt. No. 92]. The Petitioning Creditors did this in order to try to amicably settle disputes with the Alleged Debtors regarding discovery objections; however, the Alleged Debtors refused to provide further documents and information. See Petitioning Creditors' Motion to Compel. The Alleged Debtors did not offer the same courtesy to the Petitioning Creditors by identifying the *specific* alleged "deficiencies" of the Petitioning Creditors' discovery responses prior to the filing of the Second Motion to Compel.

16. A detailed review of the Petitioning Creditors responses show that out of 58 Requests for Production, each individual Petitioning Creditor provided responses <u>and documents</u> to 51 of those requests (Request for Production Nos. 1–24, 26–33, 41–58).

17. The Petitioning Creditors have not withheld any responsive documents on the basis of privilege, confidentiality of Petitioning Creditors' personal and private data, or otherwise.

18. Since the original production, the Petitioning Creditors produced at least another 1,100 pages of documents to the Alleged Debtors responsive to their Requests for Production.

19. Attached as Exhibit "A" are some of the responsive documents to the Requests for Production provided to the Alleged Debtors, including, *inter alia*, (1) Loan Agreements duly signed by Alleged Debtors, Petitioning Creditors and certain non-party agents; (2) receipts issued by the Alleged Debtors of Loan proceeds; (3) certain marketing and promotional materials prepared by the Alleged Debtors; (4) email correspondence between the Alleged Debtors and Petitioning Creditors concerning the repayment of Loan principal and interest and; (5) documents evidencing funding of the Loans.

20. The Petitioning Creditors responded with objections, but did not produce documents to 7 of the Requests for Production (Requests for Production Nos. 25, 34–40). Attached as Exhibit "B" is a document created by Petitioning Creditors' counsel summarizing certain of the Alleged Debtors' requests and the Petitioning Creditors' objections to those requests and their reason(s) for not producing same to the Alleged Debtors.

21. The Petitioning Creditors did not provide responsive documents to these Requests for Production as the Alleged Debtors sought confidential, personal information and data (without any statement of relevance or other justification) from the Petitioning Creditors.

Namely, the Alleged Debtors requested, *inter alia*, passports, tax identification numbers, and U.S. naturalization papers from the Petitioning Creditors.

22. The Petitioning Creditors are unwilling to provide such confidential and private data and information and, even if the Court should require same as somehow relevant to the defenses asserted, certainly would not do so without an appropriate protective order in place.

23. The Alleged Debtors have not identified such reasons or any reasons for these requests which clearly would violate data privacy laws in this country and elsewhere.

24. The Alleged Debtors also sought records of fees and expenses of counsel for the Petitioning Creditors' in its legal representation of the Petitioning Creditors in these Cases.

25. This request is irrelevant and seeks no information that goes to the claims and/or defenses in these Cases. It further seeks to intrude directly upon the attorney-client relationship between counsel for the Petitioning Creditors and the Petitioning Creditors.

26. These are the only substantive objections[5] raised by the Petitioning Creditors to the Requests for Production and the Petitioning Creditors and their counsel believe that the objections are well taken and thus no documents have been produced due to these limited objections.

27. Accordingly, this Court should deny the Alleged Debtors' Second Motion to Compel as to Requests for Production Nos. 25, 34–40.

5 The Petitioning Creditors also objected to requests on the basis of relevance, ambiguity, time frame issues, and legal conclusions, but nevertheless produced responsive documents (if any existed) to said requests subject to the foregoing objections which were asserted to preserve same for any future hearings.

***b. The Petitioning Creditors thoroughly answered and responded to the Alleged Debtors' First Set of Interrogatories***

28. The Alleged Debtors contend that the Petitioning Creditors' answers to the First Set of Interrogatories (the "Interrogatories") "were generally vague and without elaboration when any response was actually given." This is once again completely inaccurate.

29. On or about May 26, 2020, the Alleged Debtors served 19 Interrogatories (the "Interrogatories") upon ***each*** of the individual Petitioning Creditors.

30. As with the Requests for Production, the Interrogatories contained multiple compound questions that were incredibly long, confusing, and often unintelligible.

31. The Petitioning Creditors reviewed the Interrogatories and raised legitimate objections to some Interrogatories that required such response; however even when an objection was raised, to the extent is was not subject to privilege, work product or sought confidential and private data, an answer to the interrogatory ***was provided*** to the Alleged Debtors.

32. A further review of the Petitioning Creditors' answers to the Interrogatories reflect that out of 19 Interrogatories, each individual Petitioning Creditor provided answers to 13 of those Interrogatories (Interrogatories Nos. 1–7, 9–11, 13–14, 19).

33. Each of the Petitioning Creditors provided a signed verification attesting to the accuracy of the answers to the Interrogatories.

34. The Petitioning Creditors objected and did not provide answers to the following Interrogatories: 8, 12, 15–18. Attached as Exhibit "C" is a document created by Petitioning Creditors' counsel outlining those Interrogatories and the Petitioning Creditors' objections to said requests and their reason(s) for not answering those Interrogatories.

35. The Petitioning Creditors did not provide responsive answers to these Interrogatories as the Alleged Debtors sought confidential, personal data, privileged

communications and work product (without any basis of relevance or other justification) from the Petitioning Creditors. Namely, the Alleged Debtors requested, *inter alia*, information regarding any documents received from the Chinese government regarding the Loans and communications and strategy (work product) between the Petitioning Creditors and their attorneys relating to the Cases and legal fees and retention communications and documents between the Petitioning Creditors and their attorneys.

36. Accordingly, this Court should deny the Alleged Debtors' Second Motion to Compel responses to Interrogatories numbered 8, 12, 15–18.

***c. The Petitioning Creditors fully responded to the Alleged Debtors' Request for Admissions***

37. The Alleged Debtors contend that Petitioning Creditors' responses to the Alleged Debtors' Request for Admissions (100 requests to each of the 77 Petitioners)(the "Requests for Admissions") "are designed to prejudice the ability of the Alleged Debtors to formulate a case."

38. However, the Alleged Debtors fail to identify in their Second Motion to Compel with any specificity which responses to the Requests for Admissions they have issues with such that they are somehow prejudiced in their defense. Instead, they advance completely unsubstantiated objections to the "Petitioning Creditors Responses."

39. A further review of the Petitioning Creditors Responses reveals that out of the 100 Request for Admissions, each individual Petitioning Creditors provided answers to ***96*** of those Request for Admissions (Request for Admissions Nos. 1–93, 98–100).

40. The Petitioning Creditors objected to and did not produce responses to, the following requests by the Alleged Debtors: 94–97. Attached as Exhibit "D" is a document created by Petitioning Creditors' counsel outlining the Alleged Debtors' requests and the

Petitioning Creditors' objections to those requests and their reasons(s) for not admitting or denying those requests.

41. The Petitioning Creditors objected and did not provide admissions or denials to the requests numbered 94-97.

42. The Petitioning Creditors did not provide responsive answers to these Requests for Admissions as the Alleged Debtors seek confidential, personal information (without any form of justification) from the Petitioning Creditors.

43. Namely, the Alleged Debtors requested admissions regarding current and future communications and strategy between the Petitioning Creditors and their attorneys relating to the Cases—such requests ask for responses which are protected by the attorney-client privilege and work product doctrine and will not be answered by the Petitioning Creditors.

44. Accordingly, this Court should deny the Alleged Debtors' Second Motion to Compel response to Requests for Admissions numbered 94-97.

## CONCLUSION

Based on the foregoing, the Petitioning Creditors respectfully request that the Second Motion to Compel be denied in its entirety and the Court award Petitioning Creditors fees and costs.

Dated: July 29, 2020

/s/ *Stephen M. Packman*
Jiangang Ou
Nguyen & Chen LLP
11200 Westheimer Road Suite 120
Houston, TX 77042
Tel: 832-767-0339
Email: jou@nguyen-chen.com

Stephen M. Packman
Archer & Greiner, P.C.
Three Logan Square
1717 Arch St., Suite 3500
Philadelphia, PA 19103

Tel: 215-246-3147
Email: spackman@archerlaw.com

*Counsel for the Petitioning Creditors*

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that, on July 29, 2020, a true and correct copy of the foregoing document was served on all parties requesting service via the Court's ECF system.

/s/ Stephen M. Packman
Stephen M. Packman