# EXHIBIT "C"

## Huber, Amy M.

**From:** Packman, Stephen
**Sent:** Thursday, August 6, 2020 7:37 AM
**To:** Garcia, Jorge
**Subject:** Fwd: In re WALL007 LLC, et al.
**Attachments:** (219021602 – 2) - 2020.07.31 - Letter to Lindauer enclosing Notices of Deposition and Subpoenas.PDF; ATT00001.htm; (219022047 – 2) - 2020.07.31 - Letter to Steven Metzger enclosing Notice of Deposition and Subpoena to Timothy Barton.PDF; ATT00002.htm

Sent from my iPhone

Begin forwarded message:

**From:** "Huber, Amy M." <ahuber@archerlaw.com>
**Date:** July 31, 2020 at 5:54:10 PM EDT
**To:** "joyce@joycelindauer.com" <joyce@joycelindauer.com>
**Cc:** "Packman, Stephen" <spackman@archerlaw.com>, "Garcia, Jorge" <jgarcia@archerlaw.com>, "Jiangang James Ou (jou@nguyen-chen.com)" <jou@nguyen-chen.com>
**Subject: In re WALL007 LLC, et al.**

Dear Ms. Lindauer:

On behalf of Stephen M. Packman, Esquire, please see the attached correspondence. Thank you.

**Amy M. Huber**
*Bankruptcy Administrative Assistant/Paralegal*
Stephen M. Packman, Esq.
Douglas G. Leney, Esq.
Tanneika A. Minott, Esq.
Jorge Garcia, Esq.

Archer & Greiner P.C.
Three Logan Square
1717 Arch Street, Suite 3500
Philadelphia, PA 19103
215-963-3300 (Ext. 5436)
ahuber@archerlaw.com
www.archerlaw.com

ARCHER
ATTORNEYS AT LAW

INFORMATION CONTAINED IN THIS E-MAIL TRANSMISSION IS PRIVILEGED AND CONFIDENTIAL. IF YOU ARE NOT THE INTENDED RECIPIENT OF THIS EMAIL, DO NOT READ, DISTRIBUTE OR REPRODUCE THIS TRANSMISSION (INCLUDING ANY ATTACHMENTS). IF YOU HAVE RECEIVED THIS E-MAIL IN ERROR, PLEASE IMMEDIATELY NOTIFY THE SENDER BY TELEPHONE OR EMAIL REPLY.

ARCHER
ATTORNEYS AT LAW

**Stephen M. Packman**
*Fellow of INSOL*
*Member of New Jersey, Pennsylvania and New York Bars*
spackman@archerlaw.com
215-246-3147 (Ext. 5147) Direct

Archer & Greiner, P.C.
Three Logan Square
1717 Arch Street, Suite 3500
Philadelphia, PA 19103-2739
215-963-3300 Main
215-963-9999 Fax
www.archerlaw.com

July 31, 2020

**VIA EMAIL AND FEDEX**

Joyce W. Lindauer, Esq.
Joyce W. Lindauer Attorney, PLLC
1412 Main St., Ste. 500
Dallas, TX 75202
joyce@joycelindauer.com

Re: In re WALL007, LLC, et al.[1]
Chapter 7 Bankruptcy Cases No. 20-31131 (HDH) (Bankr. N.D. Tex.)
Our File No. WAL347-00961

Dear Ms. Lindauer:

Enclosed please find Subpoenas to Testify at a Deposition in a Bankruptcy Case and Notices of Deposition to the following:

1. Corporate Designee of the Alleged Debtors for the deposition scheduled on August 10, 2020, at 9:30 a.m. (CT);

2. Saskya Bedoya, Treasurer and Secretary of the Alleged Debtors for deposition scheduled on August 10, 2020, at 1:00 p.m. (CT);

3. Timothy Barton, President of the Alleged Debtors for deposition scheduled on August 11, 2020 at 9:30 a.m. (CT);

4. Murugan Venkat, Corporate Controller of JMJ Development, LLC for the deposition scheduled on August 12, 2020, at 9:30 a.m. (CT);

5. Hongpeng Lin for the deposition scheduled on August 12, 2020, at 1:00 p.m. (CT).

[1] The Alleged Debtors in these cases are: WALL007 LLC, WALL009 LLC, WALL010 LLC, WALL011 LLC, WALL012 LLC, WALL016 LLC, WALL017 LLC.

Thank you.

Very truly yours,

*/s/ Stephen M. Packman*
STEPHEN M. PACKMAN

cc: Jorge Garcia, Esq.
Jiangang (James) Ou, Esq.

219021602v1

B2560 (Form 2560 – Subpoena to Testify at a Deposition in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

NORTHERN District of TEXAS (DALLAS DIVISION)

In re WALL007 LLC, et al.,
Debtor

Case No. 20-31131 (HDH)

*(Complete if issued in an adversary proceeding)*

Chapter 7

Plaintiff
v.

Adv. Proc. No.

Defendant

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: Corporate Designee of WALL007 LLC, WALL009 LLC, WALL010 LLC, WALL011 LLC, WALL012 LLC, WALL016 LLC and WALL017 LLC
*(Name of person to whom the subpoena is directed)*

☒ *Testimony*: **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this bankruptcy case (or adversary proceeding). If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| PLACE | DATE AND TIME |
|---|---|
| Veritext Legal Solutions<br>600 North Pearl Street, Suite 2230<br>Dallas, TX 75201 | 8/10/2020 at 9:30 a.m. (CT) |

The deposition will be recorded by this method:

☒ *Production*: You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

See attached Addendum to Subpoena

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 7/31/2020

CLERK OF COURT

OR

*Signature of Clerk or Deputy Clerk*

***/s/ Stephen M. Packman***
*Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)* Petitioning Creditors , who issues or requests this subpoena, are: Stephen M. Packman, Esq., Archer & Greiner, P.C. Three Logan Square, 1717 Arch St., Ste. 3500, Philadelphia, PA 19103; spackman@archerlaw.com; 215-246-3147

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

## PROOF OF SERVICE

**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any)*: ____________________________________________
on *(date)* __________ .

☐ I served the subpoena by delivering a copy to the named person as follows: __________________________________
______________________________________________________________________________________________
_________________________________ on (*date*) __________________ ; or

☐ I returned the subpoena unexecuted because: __________________________________________________________
______________________________________________________________________________________________

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ ______________________ .

My fees are $ _________ for travel and $_________ for services, for a total of $_________ .

I declare under penalty of perjury that this information is true and correct.

Date: _______________

_______________________________________________
*Server's signature*

_______________________________________________
*Printed name and title*

_______________________________________________
*Server's address*

Additional information concerning attempted service, etc.:

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)

## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person

(i) is a party or a party's officer; or

(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:

(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*

*(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

*(B) Objections*. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*

*(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

*(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

*(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

*(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

*(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

*(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

*(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*

*(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

*(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| In re: | Chapter 7 |
| WALL007 LLC, *et al.*,[1] | Case No. 20-31131 (HDH) |
| Alleged Debtor. | |

**ADDENDUM TO SUBPOENA**

You, or your representatives, must also bring with you to the deposition the following:

1. All writings and documents in your possession or available to you which relate to the Alleged Debtors, including, but not limited to, (a) communications (correspondence, emails, faxes, text, chats); (b) corporate and financial documents (for example, membership agreements, bylaws, minutes of meetings, resolutions, financial statements, tax returns, accounting books and records including balance sheets, P&Ls, account ledgers, agings, sales journals, disbursement ledgers, expense statements, bank records including statements); (c)agreements, instruments and other documents relating to the Alleged Debtors' businesses (for example, deeds, mortgages, loan agreements, notes, leases, valuations, appraisals, memos, opinions, graphs, charts, cash flows, projections, prospectus; and (d) all other documents and writings in your possession or available to you which relate to the Alleged Debtors, their assets, liabilities and businesses.



[1] The Alleged Debtors in these cases are: WALL007 LLC, WALL009 LLC, WALL010 LLC, WALL011 LLC, WALL012 LLC, WALL016 LLC, WALL017 LLC. The Alleged Debtors' federal tax identification numbers are unknown to the Petitioning Creditors at this time.

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| In re: | Chapter 7 |
| WALL007 LLC, *et al.*,[1] | Case No. 20-31131 (HDH) |
| Alleged Debtor. | |

**NOTICE OF DEPOSITION**

TO: Joyce W. Lindauer, Esq.
Joyce W. Lindauer Attorney, PLLC
1412 Main St., Ste. 500
Dallas, TX 75202
joyce@joycelindauer.com
*Counsel for Alleged Debtors*

PLEASE take notice that, pursuant to Federal Rule of Civil Procedure 30(b)(6), made applicable to this proceeding by Federal Rule of Bankruptcy Procedure 7030, on August 10, 2020, at 9:30 a.m. (CT), and continuing thereafter until it is complete, the undersigned counsel for Jun Li, Yunding Kang, Cunxiang Ji, Jin Wang, Peng Guo, Lin Zhou, Qu Chen, Kai Tian, Yijing Wu, Xuegeng Gong, Jin Wang, Weijia Kong, Heng Zhang, Hong Guo, Pei Guan, Yue Xu, Mai Ye, Chenchen Jiang, Qiuying Li, Ruinian Wu, Lin Zhou, Liying Yang, Yan Zhang, Wenjun Wang, Ying Zhou, Lin Li, Li Jiang, Rufeng Ding, Cunxiang Ji, Lin Gao, Qiao Qin, Yue Zhang, Xiaodong Hao, Tianqing Song, Li Jiang, Weisi Wang, Xiaoquan Dai, Feng Yan, Heng Zhang, Ou Jiang, Jinzhe Wu, Yadan Liu, Wanwan Li, Wenjuan Yin, Jiancheng Chen, Yi Tang, Ying Zhang, Pengfei Dong, Kangying Mao, Yijing Wu, Li Jiang, Qin Chu, Yulan Chen, Sicheng Zhan, Pei Guan, Jingqiu Tang, Di Tang, Jun Zeng, Kui Wang, Yue Zhang, Jun Wang, Xiaomin

---

[1] The Alleged Debtors in these cases are: WALL007 LLC, WALL009 LLC, WALL010 LLC, WALL011 LLC, WALL012 LLC, WALL016 LLC, WALL017 LLC. The Alleged Debtors' federal tax identification numbers are unknown to the Petitioning Creditors at this time.

Fan, Di Tang, Jialin Hu, Qin Chu, Jiaxiang Lu, Fuqing Chen, Hanjiang Fu, Aiguo Luo, Fang Ding, Xiangdong Zhu, Wai Ying, Yuan Yuan, Chao Xu, Guoqin Zhou, and Yijing Wu (collectively, the "Petitioning Creditors"), will take the oral deposition of the Corporate Designee of WALL007 LLC, WALL009 LLC, WALL010 LLC, WALL011 LLC, WALL012 LLC, WALL016 LLC, and WALL017 LLC (collectively, the "Alleged Debtors"), before a court reporter, who will transcribe the deposition, in the above bankruptcy proceeding, at Veritext Legal Solutions, 600 North Pearl Street, Suite 2230, Dallas, Texas 75201.

Pursuant to Federal Rule of Civil Procedure 30(b)(6), the matters on which the Corporate Designee is to testify are as follows:

1. All matters relating to the underlying Petitions, Motions to Dismiss filed by the Alleged Debtors, and other matters and issues raised by pleadings filed by the Petitioning Creditors and Alleged Debtors and otherwise in these cases.

Dated: July 31, 2020

/s/ *Stephen M. Packman*
Jiangang Ou
Nguyen & Chen LLP
11200 Westheimer Road Suite 120
Houston, TX 77042
Tel: 832-767-0339
Email: jou@nguyen-chen.com

Stephen M. Packman
Archer & Greiner, P.C.
Three Logan Square
1717 Arch St., Suite 3500
Philadelphia, PA 19103
Tel: 215-246-3147
Email: spackman@archerlaw.com

*Counsel for the Petitioning Creditors*

# UNITED STATES BANKRUPTCY COURT

NORTHERN District of TEXAS (DALLAS DIVISION)

In re WALL007 LLC, et al.,
Debtor

(Complete if issued in an adversary proceeding)

Plaintiff
v.

Defendant

Case No. 20-31131 (HDH)

Chapter 7

Adv. Proc. No. ________________

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: Saskya Bedoya, Treasurer and Secretary of WALL007 LLC, WALL009 LLC, WALL010 LLC, WALL011 LLC, WALL012 LLC, WALL016 LLC and WALL017 LLC
*(Name of person to whom the subpoena is directed)*

☒ *Testimony*: **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this bankruptcy case (or adversary proceeding). If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| PLACE | DATE AND TIME |
|---|---|
| Veritext Legal Solutions<br>600 North Pearl Street, Suite 2230<br>Dallas, TX 75201 | 8/10/2020 at 1:00 p.m. (CT) |

The deposition will be recorded by this method:

☒ *Production*: You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:
See attached Addendum to Subpoena

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 7/31/2020

CLERK OF COURT

OR

________________________ *Signature of Clerk or Deputy Clerk*

***/s/ Stephen M. Packman***
*Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)* Petitioning Creditors , who issues or requests this subpoena, are: Stephen M. Packman, Esq., Archer & Greiner, P.C. Three Logan Square, 1717 Arch St., Ste. 3500, Philadelphia, PA 19103; spackman@archerlaw.com; 215-246-3147

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

**PROOF OF SERVICE**

**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any)*: _______________________________________________
on *(date)* __________ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____________________________________
____________________________________________________________________________________________________
__________________________________ on (*date*) ___________________ ; or

☐ I returned the subpoena unexecuted because: ____________________________________________________________
____________________________________________________________________________________________________

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _______________________ .

My fees are $ _________ for travel and $_________ for services, for a total of $_________ .

I declare under penalty of perjury that this information is true and correct.

Date: _______________

____________________________________
*Server's signature*

____________________________________
*Printed name and title*

____________________________________
*Server's address*

Additional information concerning attempted service, etc.:

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)

**(made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)**

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person

(i) is a party or a party's officer; or

(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:

(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*

*(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

*(B) Objections*. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*

*(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

*(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

*(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

*(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

*(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

*(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

*(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*

*(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

*(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| In re: | Chapter 7 |
| WALL007 LLC, *et al.*,[1] | Case No. 20-31131 (HDH) |
| Alleged Debtor. | |

**ADDENDUM TO SUBPOENA**

You, or your representatives, must also bring with you to the deposition the following:

1. All writings and documents in your possession or available to you which relate to the Alleged Debtors, including, but not limited to, (a) communications (correspondence, emails, faxes, text, chats); (b) corporate and financial documents (for example, membership agreements, bylaws, minutes of meetings, resolutions, financial statements, tax returns, accounting books and records including balance sheets, P&Ls, account ledgers, agings, sales journals, disbursement ledgers, expense statements, bank records including statements); (c)agreements, instruments and other documents relating to the Alleged Debtors' businesses (for example, deeds, mortgages, loan agreements, notes, leases, valuations, appraisals, memos, opinions, graphs, charts, cash flows, projections, prospectus; and (d) all other documents and writings in your possession or available to you which relate to the Alleged Debtors, their assets, liabilities and businesses.

[1] The Alleged Debtors in these cases are: WALL007 LLC, WALL009 LLC, WALL010 LLC, WALL011 LLC, WALL012 LLC, WALL016 LLC, WALL017 LLC. The Alleged Debtors' federal tax identification numbers are unknown to the Petitioning Creditors at this time.

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| In re: | Chapter 7 |
| WALL007 LLC, *et al.*,[1] | Case No. 20-31131 (HDH) |
| Alleged Debtor. | |

**NOTICE OF DEPOSITION**

TO: Joyce W. Lindauer, Esq.
Joyce W. Lindauer Attorney, PLLC
1412 Main St., Ste. 500
Dallas, TX 75202
joyce@joycelindauer.com
*Counsel for Alleged Debtors*

PLEASE take notice that, pursuant to Federal Rule of Civil Procedure 30(b)(1), made applicable to this proceeding by Federal Rule of Bankruptcy Procedure 7030, on August 10, 2020, at 1:00 p.m. (CT), and continuing thereafter until it is complete, the undersigned counsel for Jun Li, Yunding Kang, Cunxiang Ji, Jin Wang, Peng Guo, Lin Zhou, Qu Chen, Kai Tian, Yijing Wu, Xuegeng Gong, Jin Wang, Weijia Kong, Heng Zhang, Hong Guo, Pei Guan, Yue Xu, Mai Ye, Chenchen Jiang, Qiuying Li, Ruinian Wu, Lin Zhou, Liying Yang, Yan Zhang, Wenjun Wang, Ying Zhou, Lin Li, Li Jiang, Rufeng Ding, Cunxiang Ji, Lin Gao, Qiao Qin, Yue Zhang, Xiaodong Hao, Tianqing Song, Li Jiang, Weisi Wang, Xiaoquan Dai, Feng Yan, Heng Zhang, Ou Jiang, Jinzhe Wu, Yadan Liu, Wanwan Li, Wenjuan Yin, Jiancheng Chen, Yi Tang, Ying Zhang, Pengfei Dong, Kangying Mao, Yijing Wu, Li Jiang, Qin Chu, Yulan Chen, Sicheng Zhan, Pei Guan, Jingqiu Tang, Di Tang, Jun Zeng, Kui Wang, Yue Zhang, Jun Wang, Xiaomin

[1] The Alleged Debtors in these cases are: WALL007 LLC, WALL009 LLC, WALL010 LLC, WALL011 LLC, WALL012 LLC, WALL016 LLC, WALL017 LLC. The Alleged Debtors' federal tax identification numbers are unknown to the Petitioning Creditors at this time.

Fan, Di Tang, Jialin Hu, Qin Chu, Jiaxiang Lu, Fuqing Chen, Hanjiang Fu, Aiguo Luo, Fang Ding, Xiangdong Zhu, Wai Ying, Yuan Yuan, Chao Xu, Guoqin Zhou, and Yijing Wu (collectively, the "Petitioning Creditors") will take the oral deposition of Saskya Bedoya, in her capacity as Treasurer and Secretary of WALL007 LLC, WALL009 LLC, WALL010 LLC, WALL011 LLC, WALL012 LLC, WALL016 LLC, and WALL017 LLC (collectively, the "Alleged Debtors"), before a court reporter, who will transcribe the deposition, in the above bankruptcy proceeding, at Veritext Legal Solutions, 600 North Pearl Street, Suite 2230, Dallas, Texas 75201.

Pursuant to Federal Rule of Civil Procedure 30(b)(1), the matters on which Saskya Bedoya is to testify are as follows:

1. All matters relating to the underlying Petitions, Motions to Dismiss filed by the Alleged Debtors, and other matters and issues raised by pleadings filed by the Petitioning Creditors and Alleged Debtors and otherwise in these cases.

Dated: July 31, 2020

/s/ *Stephen M. Pacman*
Jiangang Ou
Nguyen & Chen LLP
11200 Westheimer Road Suite 120
Houston, TX 77042
Tel: 832-767-0339
Email: jou@nguyen-chen.com

Stephen M. Packman
Archer & Greiner, P.C.
Three Logan Square
1717 Arch St., Suite 3500
Philadelphia, PA 19103
Tel: 215-246-3147
Email: spackman@archerlaw.com

*Counsel for the Petitioning Creditors*

# UNITED STATES BANKRUPTCY COURT

NORTHERN District of TEXAS (DALLAS DIVISION)

In re WALL007 LLC, et al.,
Debtor

(Complete if issued in an adversary proceeding)

Plaintiff
v.

Defendant

Case No. 20-31131 (HDH)

Chapter 7

Adv. Proc. No. ________________

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: Timothy Barton, President of WALL007 LLC, WALL009 LLC, WALL010 LLC, WALL011 LLC, WALL012 LLC, WALL016 LLC and WALL017 LLC
*(Name of person to whom the subpoena is directed)*

☒ *Testimony*: **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this bankruptcy case (or adversary proceeding). If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| PLACE | DATE AND TIME |
|---|---|
| Veritext Legal Solutions<br>600 North Pearl Street, Suite 2230<br>Dallas, TX 75201 | 8/11/2020 at 9:30 a.m. (CT) |

The deposition will be recorded by this method:

☒ *Production*: You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

See attached Addendum to Subpoena

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 7/31/2020

CLERK OF COURT

OR

________________________ /s/ Stephen M. Packman
*Signature of Clerk or Deputy Clerk* *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)* Petitioning Creditors, who issues or requests this subpoena, are: Stephen M. Packman, Esq., Archer & Greiner, P.C. Three Logan Square, 1717 Arch St., Ste. 3500, Philadelphia, PA 19103; spackman@archerlaw.com; 215-246-3147

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

## PROOF OF SERVICE

**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any)*: ______________________________________________
on *(date)* __________ .

☐ I served the subpoena by delivering a copy to the named person as follows: ____________________________________
____________________________________________________________________________________________________
__________________________________ on (*date*) ___________________ ; or

☐ I returned the subpoena unexecuted because: ____________________________________________________________
____________________________________________________________________________________________________

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _______________________ .

My fees are $ _________ for travel and $_________ for services, for a total of $_________ .

I declare under penalty of perjury that this information is true and correct.

Date: _______________

________________________________________________
*Server's signature*

________________________________________________
*Printed name and title*

________________________________________________
*Server's address*

Additional information concerning attempted service, etc.:

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)

**(made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)**

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person

(i) is a party or a party's officer; or

(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:

(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*

*(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

*(B) Objections*. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*

*(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

*(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

*(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

*(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

*(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

*(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

*(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*

*(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

*(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| In re: | Chapter 7 |
| WALL007 LLC, *et al.*,[1] | Case No. 20-31131 (HDH) |
| Alleged Debtor. | |

**ADDENDUM TO SUBPOENA**

You, or your representatives, must also bring with you to the deposition the following:

1. All writings and documents in your possession or available to you which relate to the Alleged Debtors, including, but not limited to, (a) communications (correspondence, emails, faxes, text, chats); (b) corporate and financial documents (for example, membership agreements, bylaws, minutes of meetings, resolutions, financial statements, tax returns, accounting books and records including balance sheets, P&Ls, account ledgers, agings, sales journals, disbursement ledgers, expense statements, bank records including statements); (c)agreements, instruments and other documents relating to the Alleged Debtors' businesses (for example, deeds, mortgages, loan agreements, notes, leases, valuations, appraisals, memos, opinions, graphs, charts, cash flows, projections, prospectus; and (d) all other documents and writings in your possession or available to you which relate to the Alleged Debtors, their assets, liabilities and businesses.

219018622v1

[1] The Alleged Debtors in these cases are: WALL007 LLC, WALL009 LLC, WALL010 LLC, WALL011 LLC, WALL012 LLC, WALL016 LLC, WALL017 LLC. The Alleged Debtors' federal tax identification numbers are unknown to the Petitioning Creditors at this time.

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| In re:<br><br>WALL007 LLC, *et al.*,[1]<br><br>Alleged Debtor. | Chapter 7<br><br>Case No. 20-31131 (HDH) |

**NOTICE OF DEPOSITION**

| | | |
|---|---|---|
| TO: | Joyce W. Lindauer, Esq.<br>Joyce W. Lindauer Attorney, PLLC<br>1412 Main St., Ste. 500<br>Dallas, TX 75202<br>joyce@joycelindauer.com<br>*Counsel for Alleged Debtors* | Steven C. Metzger Esq.<br>Metzger Law PLLC<br>3626 N. Hall St., Ste. 800<br>Dallas, TX 75219<br>smetzger@pmklaw.com<br>*Counsel for Timothy Barton* |

PLEASE take notice that, pursuant to Federal Rule of Civil Procedure 30(b)(1), made applicable to this proceeding by Federal Rule of Bankruptcy Procedure 7030, on August 11, 2020, at 9:30 a.m. (CT), and continuing thereafter until it is complete, the undersigned counsel for Jun Li, Yunding Kang, Cunxiang Ji, Jin Wang, Peng Guo, Lin Zhou, Qu Chen, Kai Tian, Yijing Wu, Xuegeng Gong, Jin Wang, Weijia Kong, Heng Zhang, Hong Guo, Pei Guan, Yue Xu, Mai Ye, Chenchen Jiang, Qiuying Li, Ruinian Wu, Lin Zhou, Liying Yang, Yan Zhang, Wenjun Wang, Ying Zhou, Lin Li, Li Jiang, Rufeng Ding, Cunxiang Ji, Lin Gao, Qiao Qin, Yue Zhang, Xiaodong Hao, Tianqing Song, Li Jiang, Weisi Wang, Xiaoquan Dai, Feng Yan, Heng Zhang, Ou Jiang, Jinzhe Wu, Yadan Liu, Wanwan Li, Wenjuan Yin, Jiancheng Chen, Yi Tang, Ying Zhang, Pengfei Dong, Kangying Mao, Yijing Wu, Li Jiang, Qin Chu, Yulan Chen, Sicheng Zhan, Pei Guan, Jingqiu Tang, Di Tang, Jun Zeng, Kui Wang, Yue Zhang, Jun Wang, Xiaomin

---

[1] The Alleged Debtors in these cases are: WALL007 LLC, WALL009 LLC, WALL010 LLC, WALL011 LLC, WALL012 LLC, WALL016 LLC, WALL017 LLC. The Alleged Debtors' federal tax identification numbers are unknown to the Petitioning Creditors at this time.

Fan, Di Tang, Jialin Hu, Qin Chu, Jiaxiang Lu, Fuqing Chen, Hanjiang Fu, Aiguo Luo, Fang Ding, Xiangdong Zhu, Wai Ying, Yuan Yuan, Chao Xu, Guoqin Zhou, and Yijing Wu (collectively, the "Petitioning Creditors") will take the oral deposition of Timothy Barton, in his capacity as President of WALL007 LLC, WALL009 LLC, WALL010 LLC, WALL011 LLC, WALL012 LLC, WALL016 LLC, and WALL017 LLC (collectively, the "Alleged Debtors"), before a court reporter, who will transcribe the deposition, in the above bankruptcy proceeding at Veritext Legal Solutions, 600 North Pearl Street, Suite 2230, Dallas, Texas 75201.

Pursuant to Federal Rule of Civil Procedure 30(b)(1), the matters on which Timothy Barton is to testify are as follows:

1. All matters relating to the underlying Petitions, Motions to dismiss filed by the Alleged Debtors, and other matters and issues raised by pleadings filed by the Petitioning Creditors and Alleged Debtors and otherwise in these cases.

Dated: July 31, 2020

/s/ *Stephen M. Packman*
Jiangang Ou
Nguyen & Chen LLP
11200 Westheimer Road Suite 120
Houston, TX 77042
Tel: 832-767-0339
Email: jou@nguyen-chen.com

Stephen M. Packman
Archer & Greiner, P.C.
Three Logan Square
1717 Arch St., Suite 3500
Philadelphia, PA 19103
Tel: 215-246-3147
Email: spackman@archerlaw.com

*Counsel for the Petitioning Creditors*

B2560 (Form 2560 – Subpoena to Testify at a Deposition in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

NORTHERN District of TEXAS (DALLAS DIVISION)

In re WALL007 LLC, et al.,
Debtor

Case No. 20-31131 (HDH)

*(Complete if issued in an adversary proceeding)*

Chapter 7

Plaintiff
v.

Adv. Proc. No.

Defendant

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: Murugan Venkat, Corporate Controller, JMJ Development, LLC, 1755 Wittington Place, Suite 340, Dallas, TX 75234
*(Name of person to whom the subpoena is directed)*

☒ *Testimony*: **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this bankruptcy case (or adversary proceeding). If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| PLACE | DATE AND TIME |
|---|---|
| Veritext Legal Solutions<br>600 North Pearl Street, Suite 2230<br>Dallas, TX 75201 | 8/12/2020 at 9:30 a.m. (CT) |

The deposition will be recorded by this method:

☒ *Production*: You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

See attached Addendum to Subpoena.

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 7/31/2020

CLERK OF COURT

OR

Signature of Clerk or Deputy Clerk

*/s/ Stephen M. Packman*
*Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)* Petitioning Creditors, who issues or requests this subpoena, are: Stephen M. Packman, Esq., Archer & Greiner, P.C. Three Logan Square, 1717 Arch St., Ste. 3500, Philadelphia, PA 19103; spackman@archerlaw.com; 215-246-3147

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

## PROOF OF SERVICE

**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any)*: ____________________________________________
on *(date)* __________ .

☐ I served the subpoena by delivering a copy to the named person as follows: ___________________________________
_______________________________________________________________________________________________
_________________________________ on (*date*) ___________________ ; or

☐ I returned the subpoena unexecuted because: ___________________________________________________________
_______________________________________________________________________________________________

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _______________________ .

My fees are $ _________ for travel and $_________ for services, for a total of $_________ .

I declare under penalty of perjury that this information is true and correct.

Date: _______________

_______________________________________________
*Server's signature*

_______________________________________________
*Printed name and title*

_______________________________________________
*Server's address*

Additional information concerning attempted service, etc.:

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)

**(made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)**

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person

(i) is a party or a party's officer; or

(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:

(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*

*(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

*(B) Objections*. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*

*(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

*(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

*(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

*(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

*(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

*(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

*(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*

*(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

*(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| In re: | Chapter 7 |
| WALL007 LLC, *et al.*,[1] | Case No. 20-31131 (HDH) |
| Alleged Debtor. | |

## ADDENDUM TO SUBPOENA

You, or your representatives, must also bring with you to the deposition the following:

1. All writings and documents in your possession or available to you which relate to the Alleged Debtors, including, but not limited to, (a) communications (correspondence, emails, faxes, text, chats); (b) corporate and financial documents (for example, membership agreements, bylaws, minutes of meetings, resolutions, financial statements, tax returns, accounting books and records including balance sheets, P&Ls, account ledgers, agings, sales journals, disbursement ledgers, expense statements, bank records including statements); (c)agreements, instruments and other documents relating to the Alleged Debtors' businesses (for example, deeds, mortgages, loan agreements, notes, leases, valuations, appraisals, memos, opinions, graphs, charts, cash flows, projections, prospectus; and (d) all other documents and writings in your possession or available to you which relate to the Alleged Debtors, their assets, liabilities and businesses.



[1] The Alleged Debtors in these cases are: WALL007 LLC, WALL009 LLC, WALL010 LLC, WALL011 LLC, WALL012 LLC, WALL016 LLC, WALL017 LLC. The Alleged Debtors' federal tax identification numbers are unknown to the Petitioning Creditors at this time.

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| In re:<br><br>WALL007 LLC, *et al.*,[1]<br><br>Alleged Debtor. | Chapter 7<br><br>Case No. 20-31131 (HDH) |

**NOTICE OF DEPOSITION**

TO: Murugan Venkat, Corporate Controller
JMJ Development, LLC
1755 Wittington Place, Suite 340
Dallas, TX 75234

Joyce W. Lindauer, Esq.
Joyce W. Lindauer Attorney, PLLC
1412 Main St., Ste. 500
Dallas, TX 75202
joyce@joycelindauer.com
*Counsel for Alleged Debtors*

PLEASE take notice that, pursuant to Federal Rule of Civil Procedure 30(b)(1), made applicable to this proceeding by Federal Rule of Bankruptcy Procedure 7030, on August 12, 2020, at 9:30 a.m. (CT), and continuing thereafter until it is complete, the undersigned counsel for Jun Li, Yunding Kang, Cunxiang Ji, Jin Wang, Peng Guo, Lin Zhou, Qu Chen, Kai Tian, Yijing Wu, Xuegeng Gong, Jin Wang, Weijia Kong, Heng Zhang, Hong Guo, Pei Guan, Yue Xu, Mai Ye, Chenchen Jiang, Qiuying Li, Ruinian Wu, Lin Zhou, Liying Yang, Yan Zhang, Wenjun Wang, Ying Zhou, Lin Li, Li Jiang, Rufeng Ding, Cunxiang Ji, Lin Gao, Qiao Qin, Yue Zhang, Xiaodong Hao, Tianqing Song, Li Jiang, Weisi Wang, Xiaoquan Dai, Feng Yan, Heng Zhang, Ou Jiang, Jinzhe Wu, Yadan Liu, Wanwan Li, Wenjuan Yin, Jiancheng Chen, Yi Tang, Ying Zhang, Pengfei Dong, Kangying Mao, Yijing Wu, Li Jiang, Qin Chu, Yulan Chen, Sicheng Zhan, Pei Guan, Jingqiu Tang, Di Tang, Jun Zeng, Kui Wang, Yue Zhang, Jun Wang, Xiaomin Fan, Di Tang, Jialin Hu, Qin Chu, Jiaxiang Lu, Fuqing Chen, Hanjiang Fu, Aiguo Luo, Fang Ding, Xiangdong Zhu, Wai Ying, Yuan

[1] The Alleged Debtors in these cases are: WALL007 LLC, WALL009 LLC, WALL010 LLC, WALL011 LLC, WALL012 LLC, WALL016 LLC, WALL017 LLC. The Alleged Debtors' federal tax identification numbers are unknown to the Petitioning Creditors at this time.

Yuan, Chao Xu, Guoqin Zhou, and Yijing Wu (collectively, the "Petitioning Creditors"), will take the oral deposition of Murugan Venkat, Corporate Controller of JMJ Development, LLC, before a court reporter, who will transcribe the deposition, in the above bankruptcy proceeding, at Veritext Legal Solutions, 600 North Pearl Street, Suite 2230, Dallas, Texas 75201.

Pursuant to Federal Rule of Civil Procedure 30(b)(1), the matters on which Murugan Venkat is to testify are as follows:

1. All matters relating to the underlying Petitions, Motions to dismiss filed by the Alleged Debtors, and other matters and issues raised by pleadings filed by the Petitioning Creditors and Alleged Debtors and otherwise in these cases.

Dated: July 31, 2020

/s/ *Stephen M. Packman*
Jiangang Ou
Nguyen & Chen LLP
11200 Westheimer Road Suite 120
Houston, TX 77042
Tel: 832-767-0339
Email: jou@nguyen-chen.com

Stephen M. Packman
Archer & Greiner, P.C.
Three Logan Square
1717 Arch St., Suite 3500
Philadelphia, PA 19103
Tel: 215-246-3147
Email: spackman@archerlaw.com

*Counsel for the Petitioning Creditors*

# UNITED STATES BANKRUPTCY COURT

NORTHERN District of TEXAS (DALLAS DIVISION)

In re WALL007 LLC, et al.,
Debtor

(Complete if issued in an adversary proceeding)

Case No. 20-31131 (HDH)

Chapter 7

Plaintiff
v.
Defendant

Adv. Proc. No. ____________

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: Hongpeng Lin, 9963 Boyton Canyon Rd., Frisco, TX 75035
*(Name of person to whom the subpoena is directed)*

☒ *Testimony*: **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this bankruptcy case (or adversary proceeding). If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| PLACE | DATE AND TIME |
|---|---|
| Veritext Legal Solutions<br>600 North Pearl Street, Suite 2230<br>Dallas, TX 75201 | 8/12/2020 at 1:00 p.m. (CT) |

The deposition will be recorded by this method:

☒ *Production*: You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:
See attached Addendum to Subpoena.

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 7/31/2020

CLERK OF COURT

OR

_________________________
*Signature of Clerk or Deputy Clerk*

***/s/ Stephen M. Packman***
*Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)* Petitioning Creditors , who issues or requests this subpoena, are: Stephen M. Packman, Esq., Archer & Greiner, P.C. Three Logan Square, 1717 Arch St., Ste. 3500, Philadelphia, PA 19103; spackman@archerlaw.com; 215-246-3147

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

## PROOF OF SERVICE

**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any)*: ______________________________________________
on *(date)* __________ .

☐ I served the subpoena by delivering a copy to the named person as follows: ____________________________________
____________________________________________________________________________________________________
__________________________________ on (*date*) ___________________ ; or

☐ I returned the subpoena unexecuted because: ____________________________________________________________
____________________________________________________________________________________________________

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _______________________ .

My fees are $ _________ for travel and $_________ for services, for a total of $_________ .

I declare under penalty of perjury that this information is true and correct.

Date: _______________

________________________________________________
*Server's signature*

________________________________________________
*Printed name and title*

________________________________________________
*Server's address*

Additional information concerning attempted service, etc.:

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)

**(made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)**

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person

(i) is a party or a party's officer; or

(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:

(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*

*(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

*(B) Objections*. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*

*(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

*(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

*(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

*(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

*(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

*(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

*(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*

*(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

*(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| In re: | Chapter 7 |
| WALL007 LLC, *et al.*,[1] | Case No. 20-31131 (HDH) |
| Alleged Debtor. | |

**ADDENDUM TO SUBPOENA**

You, or your representatives, must also bring with you to the deposition the following:

1. All writings and documents in your possession or available to you which relate to the Alleged Debtors, including, but not limited to, (a) communications (correspondence, emails, faxes, text, chats); (b) corporate and financial documents (for example, membership agreements, bylaws, minutes of meetings, resolutions, financial statements, tax returns, accounting books and records including balance sheets, P&Ls, account ledgers, agings, sales journals, disbursement ledgers, expense statements, bank records including statements); (c)agreements, instruments and other documents relating to the Alleged Debtors' businesses (for example, deeds, mortgages, loan agreements, notes, leases, valuations, appraisals, memos, opinions, graphs, charts, cash flows, projections, prospectus; and (d) all other documents and writings in your possession or available to you which relate to the Alleged Debtors, their assets, liabilities and businesses.

219011808v3

[1] The Alleged Debtors in these cases are: WALL007 LLC, WALL009 LLC, WALL010 LLC, WALL011 LLC, WALL012 LLC, WALL016 LLC, WALL017 LLC. The Alleged Debtors' federal tax identification numbers are unknown to the Petitioning Creditors at this time.

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| In re: | Chapter 7 |
| WALL007 LLC, *et al.*,[1] | Case No. 20-31131 (HDH) |
| Alleged Debtor. | |

**NOTICE OF DEPOSITION**

TO: Hongpeng Lin
9963 Boyton Canyon Rd.
Frisco, TX 75035

Joyce W. Lindauer, Esq.
Joyce W. Lindauer Attorney, PLLC
1412 Main St., Ste. 500
Dallas, TX 75202
joyce@joycelindauer.com
*Counsel for Alleged Debtors*

PLEASE take notice that, pursuant to Federal Rule of Civil Procedure 30(b)(1), made applicable to this proceeding by Federal Rule of Bankruptcy Procedure 7030, on August 12, 2020, at 1:00 p.m. (CT), and continuing thereafter until it is complete, the undersigned counsel for Jun Li, Yunding Kang, Cunxiang Ji, Jin Wang, Peng Guo, Lin Zhou, Qu Chen, Kai Tian, Yijing Wu, Xuegeng Gong, Jin Wang, Weijia Kong, Heng Zhang, Hong Guo, Pei Guan, Yue Xu, Mai Ye, Chenchen Jiang, Qiuying Li, Ruinian Wu, Lin Zhou, Liying Yang, Yan Zhang, Wenjun Wang, Ying Zhou, Lin Li, Li Jiang, Rufeng Ding, Cunxiang Ji, Lin Gao, Qiao Qin, Yue Zhang, Xiaodong Hao, Tianqing Song, Li Jiang, Weisi Wang, Xiaoquan Dai, Feng Yan, Heng Zhang, Ou Jiang, Jinzhe Wu, Yadan Liu, Wanwan Li, Wenjuan Yin, Jiancheng Chen, Yi Tang, Ying Zhang, Pengfei Dong, Kangying Mao, Yijing Wu, Li Jiang, Qin Chu, Yulan Chen, Sicheng Zhan, Pei Guan, Jingqiu Tang, Di Tang, Jun Zeng, Kui Wang, Yue Zhang, Jun Wang, Xiaomin Fan, Di Tang, Jialin Hu, Qin Chu, Jiaxiang Lu, Fuqing Chen, Hanjiang Fu, Aiguo Luo, Fang Ding, Xiangdong Zhu, Wai Ying, Yuan

1 The Alleged Debtors in these cases are: WALL007 LLC, WALL009 LLC, WALL010 LLC, WALL011 LLC, WALL012 LLC, WALL016 LLC, WALL017 LLC. The Alleged Debtors' federal tax identification numbers are unknown to the Petitioning Creditors at this time.

Yuan, Chao Xu, Guoqin Zhou, and Yijing Wu (collectively, the "Petitioning Creditors"), will take the oral deposition of Hongpeng Lin, before a court reporter, who will transcribe the deposition, in the above bankruptcy proceeding, at Veritext Legal Solutions, 600 North Pearl Street, Suite 2230, Dallas, Texas 75201.

Pursuant to Federal Rule of Civil Procedure 30(b)(1), the matters on which Hongpeng Lin is to testify are as follows:

1. All matters relating to the underlying Petitions, Motions to dismiss filed by the Alleged Debtors, and other matters and issues raised by pleadings filed by the Petitioning Creditors and Alleged Debtors and otherwise in these cases.

Dated: July 31, 2020

/s/ *Stephen M. Packman*

Jiangang Ou
Nguyen & Chen LLP
11200 Westheimer Road Suite 120
Houston, TX 77042
Tel: 832-767-0339
Email: jou@nguyen-chen.com

Stephen M. Packman
Archer & Greiner, P.C.
Three Logan Square
1717 Arch St., Suite 3500
Philadelphia, PA 19103
Tel: 215-246-3147
Email: spackman@archerlaw.com

*Counsel for the Petitioning Creditors*

ARCHER
ATTORNEYS AT LAW

**Stephen M. Packman**
*Fellow of INSOL*
*Member of New Jersey, Pennsylvania and New York Bars*
spackman@archerlaw.com
215-246-3147 (Ext. 5147) Direct

Archer & Greiner, P.C.
Three Logan Square
1717 Arch Street, Suite 3500
Philadelphia, PA 19103-2739
215-963-3300 Main
215-963-9999 Fax
www.archerlaw.com

July 31, 2020

**VIA EMAIL AND FEDEX**

Steven C. Metzger Esq.
Metzger Law PLLC
3626 N. Hall St., Ste. 800
Dallas, TX 75219
smetzger@pmklaw.com

Re: In re WALL007, LLC, et al.[1]
Chapter 7 Bankruptcy Cases No. 20-31131 (HDH) (Bankr. N.D. Tex.)
Our File No. WAL347-00961

Dear Mr. Metzger:

Enclosed please find a Subpoena to Testify at a Deposition in a Bankruptcy Case and a Notice of Deposition directed to your client, Timothy Barton, in his capacity as President of the Alleged Debtors in the above-referenced involuntary bankruptcy proceeding. Please note, Mr. Barton's deposition is scheduled to take place on August 11, 2020 at 9:30 a.m. (CT).

Thank you.

Very truly yours,

*/s/ Stephen M. Packman*
STEPHEN M. PACKMAN

cc: Jorge Garcia, Esq.
Jiangang (James) Ou, Esq.
Joyce W. Lindauer, Esq.

219022047v1

[1] The Alleged Debtors in these cases are: WALL007 LLC, WALL009 LLC, WALL010 LLC, WALL011 LLC, WALL012 LLC, WALL016 LLC, WALL017 LLC.

B2560 (Form 2560 – Subpoena to Testify at a Deposition in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

NORTHERN District of TEXAS (DALLAS DIVISION)

In re WALL007 LLC, et al.,
Debtor

(Complete if issued in an adversary proceeding)

Case No. 20-31131 (HDH)

Chapter 7

____________________
Plaintiff
v.
____________________
Defendant

Adv. Proc. No. ____________

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: Timothy Barton, President of WALL007 LLC, WALL009 LLC, WALL010 LLC, WALL011 LLC, WALL012 LLC, WALL016 LLC and WALL017 LLC
*(Name of person to whom the subpoena is directed)*

☒ *Testimony*: **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this bankruptcy case (or adversary proceeding). If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| PLACE | DATE AND TIME |
|---|---|
| Veritext Legal Solutions<br>600 North Pearl Street, Suite 2230<br>Dallas, TX 75201 | 8/11/2020 at 9:30 a.m. (CT) |

The deposition will be recorded by this method:

☒ *Production*: You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

See attached Addendum to Subpoena

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 7/31/2020

CLERK OF COURT

OR

____________________
*Signature of Clerk or Deputy Clerk*

***/s/ Stephen M. Packman***
*Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)* Petitioning Creditors, who issues or requests this subpoena, are: Stephen M. Packman, Esq., Archer & Greiner, P.C. Three Logan Square, 1717 Arch St., Ste. 3500, Philadelphia, PA 19103; spackman@archerlaw.com; 215-246-3147

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

## PROOF OF SERVICE

**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any)*: ______________________________________________
on *(date)* __________ .

☐ I served the subpoena by delivering a copy to the named person as follows: ____________________________________
____________________________________________________________________________________________________
__________________________________ on (*date*) ___________________ ; or

☐ I returned the subpoena unexecuted because: ____________________________________________________________
____________________________________________________________________________________________________

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _______________________ .

My fees are $ _________ for travel and $_________ for services, for a total of $_________ .

I declare under penalty of perjury that this information is true and correct.

Date: _______________

________________________________________________
*Server's signature*

________________________________________________
*Printed name and title*

________________________________________________
*Server's address*

Additional information concerning attempted service, etc.:

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)

**(made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)**

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person

(i) is a party or a party's officer; or

(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:

(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*

*(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

*(B) Objections*. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*

*(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

*(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

*(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

*(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

*(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

*(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

*(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*

*(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

*(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| In re: | Chapter 7 |
| WALL007 LLC, *et al.*,[1] | Case No. 20-31131 (HDH) |
| Alleged Debtor. | |

**ADDENDUM TO SUBPOENA**

You, or your representatives, must also bring with you to the deposition the following:

1. All writings and documents in your possession or available to you which relate to the Alleged Debtors, including, but not limited to, (a) communications (correspondence, emails, faxes, text, chats); (b) corporate and financial documents (for example, membership agreements, bylaws, minutes of meetings, resolutions, financial statements, tax returns, accounting books and records including balance sheets, P&Ls, account ledgers, agings, sales journals, disbursement ledgers, expense statements, bank records including statements); (c)agreements, instruments and other documents relating to the Alleged Debtors' businesses (for example, deeds, mortgages, loan agreements, notes, leases, valuations, appraisals, memos, opinions, graphs, charts, cash flows, projections, prospectus; and (d) all other documents and writings in your possession or available to you which relate to the Alleged Debtors, their assets, liabilities and businesses.

219018622v1

[1] The Alleged Debtors in these cases are: WALL007 LLC, WALL009 LLC, WALL010 LLC, WALL011 LLC, WALL012 LLC, WALL016 LLC, WALL017 LLC. The Alleged Debtors' federal tax identification numbers are unknown to the Petitioning Creditors at this time.

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| In re: | Chapter 7 |
| WALL007 LLC, *et al.*,[1] | Case No. 20-31131 (HDH) |
| Alleged Debtor. | |

**NOTICE OF DEPOSITION**

TO: Joyce W. Lindauer, Esq.
Joyce W. Lindauer Attorney, PLLC
1412 Main St., Ste. 500
Dallas, TX 75202
joyce@joycelindauer.com
*Counsel for Alleged Debtors*

Steven C. Metzger Esq.
Metzger Law PLLC
3626 N. Hall St., Ste. 800
Dallas, TX 75219
smetzger@pmklaw.com
*Counsel for Timothy Barton*

PLEASE take notice that, pursuant to Federal Rule of Civil Procedure 30(b)(1), made applicable to this proceeding by Federal Rule of Bankruptcy Procedure 7030, on August 11, 2020, at 9:30 a.m. (CT), and continuing thereafter until it is complete, the undersigned counsel for Jun Li, Yunding Kang, Cunxiang Ji, Jin Wang, Peng Guo, Lin Zhou, Qu Chen, Kai Tian, Yijing Wu, Xuegeng Gong, Jin Wang, Weijia Kong, Heng Zhang, Hong Guo, Pei Guan, Yue Xu, Mai Ye, Chenchen Jiang, Qiuying Li, Ruinian Wu, Lin Zhou, Liying Yang, Yan Zhang, Wenjun Wang, Ying Zhou, Lin Li, Li Jiang, Rufeng Ding, Cunxiang Ji, Lin Gao, Qiao Qin, Yue Zhang, Xiaodong Hao, Tianqing Song, Li Jiang, Weisi Wang, Xiaoquan Dai, Feng Yan, Heng Zhang, Ou Jiang, Jinzhe Wu, Yadan Liu, Wanwan Li, Wenjuan Yin, Jiancheng Chen, Yi Tang, Ying Zhang, Pengfei Dong, Kangying Mao, Yijing Wu, Li Jiang, Qin Chu, Yulan Chen, Sicheng Zhan, Pei Guan, Jingqiu Tang, Di Tang, Jun Zeng, Kui Wang, Yue Zhang, Jun Wang, Xiaomin

---

1 The Alleged Debtors in these cases are: WALL007 LLC, WALL009 LLC, WALL010 LLC, WALL011 LLC, WALL012 LLC, WALL016 LLC, WALL017 LLC. The Alleged Debtors' federal tax identification numbers are unknown to the Petitioning Creditors at this time.

Fan, Di Tang, Jialin Hu, Qin Chu, Jiaxiang Lu, Fuqing Chen, Hanjiang Fu, Aiguo Luo, Fang Ding, Xiangdong Zhu, Wai Ying, Yuan Yuan, Chao Xu, Guoqin Zhou, and Yijing Wu (collectively, the "Petitioning Creditors") will take the oral deposition of Timothy Barton, in his capacity as President of WALL007 LLC, WALL009 LLC, WALL010 LLC, WALL011 LLC, WALL012 LLC, WALL016 LLC, and WALL017 LLC (collectively, the "Alleged Debtors"), before a court reporter, who will transcribe the deposition, in the above bankruptcy proceeding at Veritext Legal Solutions, 600 North Pearl Street, Suite 2230, Dallas, Texas 75201.

Pursuant to Federal Rule of Civil Procedure 30(b)(1), the matters on which Timothy Barton is to testify are as follows:

1. All matters relating to the underlying Petitions, Motions to dismiss filed by the Alleged Debtors, and other matters and issues raised by pleadings filed by the Petitioning Creditors and Alleged Debtors and otherwise in these cases.

Dated: July 31, 2020

/s/ *Stephen M. Packman*
Jiangang Ou
Nguyen & Chen LLP
11200 Westheimer Road Suite 120
Houston, TX 77042
Tel: 832-767-0339
Email: jou@nguyen-chen.com

Stephen M. Packman
Archer & Greiner, P.C.
Three Logan Square
1717 Arch St., Suite 3500
Philadelphia, PA 19103
Tel: 215-246-3147
Email: spackman@archerlaw.com

*Counsel for the Petitioning Creditors*