# EXHIBIT "E"

## Garcia, Jorge

**From:** Joyce Lindauer <joyce@joycelindauer.com>
**Sent:** Thursday, August 6, 2020 9:59 AM
**To:** Packman, Stephen
**Cc:** Garcia, Jorge; Steven Metzger; K Walji; Tim Barton; vance@mcmurrylegal.com
**Subject:** RE: [EXT MAIL] Wall 007 and related Cases

Stephen - Steve and I would like to set up a call with you this morning Is there a good time for that?

-----Original Message-----
From: Packman, Stephen <spackman@archerlaw.com>
Sent: Wednesday, August 5, 2020 6:43 PM
To: Joyce Lindauer <joyce@joycelindauer.com>
Cc: Garcia, Jorge <jgarcia@archerlaw.com>; Steven Metzger <smetzger@pmklaw.com>; K Walji <k.walji@waljilaw.com>; Tim Barton <tbarton@jmjdevelopment.com>; vance@mcmurrylegal.com
Subject: Re: [EXT MAIL] Wall 007 and related Cases

If you will not produce the representatives of the debtor per our subpoenas served upon you as counsel for the debtor we will simply amend our motion to compel and take it up with the court on the 17th. There is no Order limiting discovery so your position is meritless.

Sent from my iPhone

On Aug 5, 2020, at 7:33 PM, Joyce Lindauer <joyce@joycelindauer.com> wrote:

Mr. Packman,

As you are aware, it is our position that any discovery that takes place prior to the resolution of our dispositive Motion to Dismiss and Motion re: Wet Signatures should be limited only to issues contained within those Motions dealing with standing and whether your clients hold claims that meet the criteria for the filing of involuntary petitions, as resolution in our favor of any of a number of issues raised in those Motions could result in invalidating the petitions / dismissal of the case.

We understand that you may not share our views, but are hopeful that a mutual agreement can be made so that all parties can make a good faith effort in continuing to exchanging meaningful discovery during the pendency of the dispositive Motions. To that end, we now send to you a draft proposed Joint Stipulation Regarding Discovery. As you will see, the Joint Stipulation does not require you to agree with our reasoning for the discovery limitations, and permits you to provide your own narrative as well (which we will not disturb) – the only agreement is for the Conclusion Paragraph, i.e. to limit the discovery prior to the ruling of the Court on the dispositive Motions . We believe that this is a fair way for all sides to be heard and for limited discovery to continue in good faith.

If you are amenable to joining this Stipulation, we request that you give us notice of such in the next 24 hours, and provide your draft position statement in the next 48 hours for filing. We appreciate your consideration.

PLEASE NOTE OUR NEW ADDRESS IN DOWNTOWN DALLAS

<image001.png>

Joyce Lindauer
Joyce W. Lindauer Attorney, PLLC
1412 Main Street
Suite 500
Dallas, TX 75202
PH 972-503-4033
FAX 972-503-4034
CEL 214-957-8039

<WALL BKP - Joint Stipulation Regarding Discovery VF2 Aug 5 2020.jl.docx>

**Garcia, Jorge**

**From:** Joyce Lindauer <joyce@joycelindauer.com>
**Sent:** Wednesday, August 5, 2020 7:33 PM
**To:** Packman, Stephen; Garcia, Jorge
**Cc:** Steven Metzger; K Walji; Tim Barton; vance@mcmurrylegal.com
**Subject:** [EXT MAIL] Wall 007 and related Cases
**Attachments:** WALL BKP - Joint Stipulation Regarding Discovery VF2 Aug 5 2020.jl.docx

Mr. Packman,

As you are aware, it is our position that any discovery that takes place prior to the resolution of our dispositive Motion to Dismiss and Motion re: Wet Signatures should be limited only to issues contained within those Motions dealing with standing and whether your clients hold claims that meet the criteria for the filing of involuntary petitions, as resolution in our favor of any of a number of issues raised in those Motions could result in invalidating the petitions / dismissal of the case.

We understand that you may not share our views, but are hopeful that a mutual agreement can be made so that all parties can make a good faith effort in continuing to exchanging meaningful discovery during the pendency of the dispositive Motions. To that end, we now send to you a draft proposed Joint Stipulation Regarding Discovery. As you will see, the Joint Stipulation does not require you to agree with our reasoning for the discovery limitations, and permits you to provide your own narrative as well (which we will not disturb) – the only agreement is for the Conclusion Paragraph, i.e. to limit the discovery prior to the ruling of the Court on the dispositive Motions . We believe that this is a fair way for all sides to be heard and for limited discovery to continue in good faith.

If you are amenable to joining this Stipulation, we request that you give us notice of such in the next 24 hours, and provide your draft position statement in the next 48 hours for filing. We appreciate your consideration.

**PLEASE NOTE OUR NEW ADDRESS IN DOWNTOWN DALLAS**

JOYCE LINDAUER
Attorney at Law
And Mediator

*Joyce Lindauer*
Joyce W. Lindauer Attorney, PLLC
1412 Main Street
Suite 500
Dallas, TX 75202
PH 972-503-4033
FAX 972-503-4034
CEL 214-957-8039

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| **In re:**<br><br>**WALL007 LLC, et al**<br><br>**Alleged Debtors.** | **Case No. 20-31131**<br>**Chapter 7** |

**JOINT STIPULATION REGARDING LIMITING DISCOVERY PENDING RESOLUTION OF DISPOSITIVE MOTIONS**

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

NOW HERE COME Alleged Debtors Wall007 LLC *et al*. and Petitioners Jun Li *et al*. and file this Joint Stipulation Regarding Discovery pursuant to Federal Rule of Bankruptcy Procedure 7029(b) and Federal Rule of Civil Procedure 29(b), and hereby state as follows:

A. <u>POSITION AS TO ALLEGED DEBTORS</u>

On May 7, 2020, the Alleged Debtors filed a Motion to Dismiss the above-captioned matter. (Dkt. No. 19.) In the Motion, the Alleged Debtors put forth the following arguments, any of which being dispositive of the action if decided in the Alleged Debtors' favor:

i. as the agent for all parties to the relevant pooled agreements, Haoqiang Fu, a/k/a Michael Fu and d/b/a Silverland Financial Ltd. and Platinum Investment Corporation, is the single real party in interest to this suit and should be substituted for the Petitioners, at which time the involuntary petitions should be dismissed under 11 U.S.C. § 303(b)(1) because there would be an insufficient number of petitioners to support the filing. Accordingly, the Petitioners have not established that they have standing to bring an action in this Court;

ii. as the claims are also the subject of pending litigation in Texas state court brought by Michael Fu's alter ego companies Silverland Financial Ltd. and Platinum Investment Corporation against the WALL entities and others (*Silverland Financial Ltd. et al. v. WALL007 et al.*, Cause No. DC-19-18361 in the 44th Judicial District Court of Dallas County, Texas), the involuntary petitions should be dismissed under 11 U.S.C. § 303(b)(1) because the claims are subject to bona fide disputes, contingent, and disputed. Accordingly, the Petitioners have not established that they have standing to bring suit in this Court;

iii. the involuntary petitions should be dismissed under 11 U.S.C. § 303(a) because they are not in the best interest of the Alleged Debtors and their real creditors, as the action is clearly a mere collection tactic in a two-party dispute, thus it would be in the Alleged Debtors' and their real creditors' best interest to have the dispute treated and resolved as such in a state court. Imposed bankruptcy would have a dramatic negative effect on the Alleged Debtors' ongoing business operations and ability to satisfy their obligations as well as significant reduction in the valuation of the companies;

iv. the involuntary petitions should be dismissed under 11 U.S.C. § 305(a) based on abstention principles because the involuntary petitions were filed in bad faith as a strong-arm litigation tactic when Michael Fu and his colleagues became frustrated and impatient that their pending state court action had been legitimately challenged and resolution was not expiditious;

v. the involuntary petitions should be dismissed for cause under 11 U.S.C. § 707(a) because the filing is an improper use of the bankruptcy court to create leverage in what is clearly a two-party collection dispute.

The Alleged Debtors also sought that the Petitioners be required to post a bond, as well as damages and attorneys' fees and costs due to the Petitioners' bad faith filing. The Motion to Dismiss (Dkt. No. 19) has not yet been resolved by this Honorable Court and remains pending.

On July 27, 2020, the Alleged Debtors filed a Motion to Compel Production of Documentary Evidence Permitting Verification of Electronic Signatures and Stay All Additional Discovery of Non-Dispositive Issues, or in the Alternative to Invalidate the Involuntary Petition. (Dkt. No. 101). In the Motion, the Alleged Debtors argued that the alleged "wet signatures" that counsel for Petitioners produced on July 6 and 7, 2020 (after significant delay and only after being ordered by this Court on June 15, 2020 (Dkt. No. 66) via motion on May 14, 2020 (Dkt. No. 27) to meet the required wet signatures obligation) were inconsistent with signatures from other sources, including loan agreements, Chinese passports, and the involuntary petitions themselves. Counsel for Petitioners, Mr. Jiangang "James" Ou, filed a verification attesting to the signatures' authenticity, but has not provided any information or evidence establishing the methodology that he used to confirm the identity of the Petitioners or the authenticity of these signatures. Considering

that the Petitioners are all Chinese nationals, who do not speak or write in the English language, and seemingly using Michael Fu as a conduit to arrange the loan agreements and the lawsuits in the United States, the Alleged Debtors have significant concerns regarding the authenticity of certain of these alleged "wet signatures." A decision by the Court to invalidate their petitions based on the failure to provide authentic "wet signatures" would be dispositive of the action.

In that Motion, the Alleged Debtors also sought a stay of all discovery unrelated to the resolution of the dispositive issues. The Alleged Debtors posit that on multiple fronts, the Petitioners have not met their burden of establishing standing in this Court, thus have not demonstrated that they are entitled to discovery from the Alleged Petitioners. The Motion to Compel Wet Signatures filed on July 27, 2020 (Dkt. No. 101) has not yet been resolved by this Honorable Court and remains pending.

Notwithstanding the Alleged Debtors' position, the Alleged Debtors have, in good faith, begun exchanging discovery with Petitioners as relating to the resolution of the dispositive issues. The Petitioners have noted rush depositions of several representatives of the Alleged Debtors, which they are seeking to take in the next two weeks. It is the Alleged Debtors' position, however, that any discovery that take place before the dispositive motions are resolved should be limited only to discovery related to the dispositive issues raised in those motions, as the Petitioners' standing in this Court is in question thus the Petitioners are not yet entitled to obtain discovery. Further, resolution that results in disposing of this case would render discovery efforts meaningless, thus limiting discovery to only dispositive issues could conserve the resources of the parties and protect the parties from unnecessary exposure of sensitive information. The Alleged Debtors have in good faith limited their discovery productions on these grounds. As the parties are scheduled to come before this Court on August 17, 2020 to resolve certain outstanding discovery

issues (including the issue of whether to stay discovery), the Alleged Debtors intend to do so at least until that date, including in the depositions that the Petitioners have noted for prior to the August 17th hearing.

B. POSITION AS TO PETITIONERS

[TO BE INSERTED BY COUNSEL FOR PETITIONERS]

C. CONCLUSION AND TERMS OF STIPULATION

By this Stipulation, the Parties hereby agree to limit all further discovery, including written discovery, production of documents, and depositions, to only such discovery that is relevant to the dispositive issues contained within the Motions pending resolution by this Court. The terms of this Joint Stipulation shall remain in place until such time that all dispositive issues have been resolved and this honorable Court has determined that the Petitioners have standing and are entitled to discovery on the merits in preparation for trial, or by other order of this honorable Court.

IT IS SO STIPULATED.

Dated: August XX, 2020

**Archer & Greiner, P.C.**
1717 Arch St., Suite 3500
Philadelphia, PA 19103
Telephone: (215) 246-3147 x5147

______________________________
Stephen M. Packman
spackman@archerlaw.com

**Nguyen & Chen LLP**
11200 Westheimer Rd., Suite 120
Houston, TX 77042
Telephone: (832) 767-0669

Jiangjang "James" Ou
jou@nguyen-chen.com

*Attorneys for Petitioners*

Respectfully submitted,

**Joyce W. Lindauer Attorney, PLLC**
1412 Main St., Suite 500
Dallas, Texas 75202
Telephone: (972) 503-4033

______________________________
Joyce W. Lindauer
State Bar No. 21555700
joyce@joycelindauer.com

Guy H. Holman
State Bar No. 24095171
guy@joycelindauer.com

Paul B. Geilich
State Bar No. 07792500
paul@joycelindauer.com

*Attorneys for Alleged Debtors*

**CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the foregoing document was served upon all counsel of record on this XX day of August, 2020, in accordance with the Federal Rules of Bankruptcy Procedure and Federal Rules of Civil Procedure.

_______________________________
Joyce W. Lindauer