# EXHIBIT "F"

**Huber, Amy M.**

| | |
|---|---|
| **From:** | Packman, Stephen |
| **Sent:** | Thursday, August 6, 2020 7:39 AM |
| **To:** | Garcia, Jorge |
| **Subject:** | Fwd: [EXT MAIL] Court Order of July 27, 2020 re: Good-Faith Conference Call held on July 29, 2020 at 3:00 pm |

Sent from my iPhone

Begin forwarded message:

**From:** "Packman, Stephen" <spackman@archerlaw.com>
**Date:** July 30, 2020 at 1:49:35 PM EDT
**To:** Joyce Lindauer <joyce@joycelindauer.com>
**Cc:** "Jiangang (James) Ou (jou@nguyen-chen.com)" <jou@nguyen-chen.com>, "Garcia, Jorge" <jgarcia@archerlaw.com>
**Subject: RE: [EXT MAIL] Court Order of July 27, 2020 re: Good-Faith Conference Call held on July 29, 2020 at 3:00 pm**

Thanks. Talk to you at 3pm CT.

---

**From:** Joyce Lindauer <joyce@joycelindauer.com>
**Sent:** Thursday, July 30, 2020 1:33 PM
**To:** Packman, Stephen <spackman@archerlaw.com>
**Cc:** K Walji <k.walji@waljilaw.com>; Krista Vassallo <KVassallo@jmjdevelopment.com>
**Subject:** RE: [EXT MAIL] Court Order of July 27, 2020 re: Good-Faith Conference Call held on July 29, 2020 at 3:00 pm

Much like you I am trying to narrow down the responses and what is still at issue for tomorrow.
See below

Please send me this morning the documents you will produce **by request number** and the interrogatories you will answer **by number** and timing on production of same. Our goal is to narrow down the disputes today over our motion to compel and your second motion to compel. Production:

Communications with Petitioning Creditors
Will produce
Communications with Michael Fu and his representatives
**Will produce**

Let me explain how we would like to see this case proceed. Since the standing issue has been raised And I believe the documents in 1 and 2 above could go to standing seems those should be produced.

As far as the Interrogatory Answers we are generally amending all the answers to address any omissions in the prior responses and should have those shortly.

I will do the same for yours **by request number** as to the discovery we did not answer and which you and we both summarized for the court yesterday in our papers (and which coincide based on the papers filed).

I would like to report to the Court later today on those request numbers (on both sides) which we have resolved and the numbers we have not, so that tomorrow is not a lengthy, dramatic production. We are being cooperative and so are YOU at least. Thanks for that. I agree

As far as the First Motion to Compel, please let me know exactly what else you would like to discuss with us about that Motion which we find to be procedurally improper and wholly unsupported. We are obviously not going to agree to it. We filed last night Declarations with proof attached that all but three of our clients did in fact sign the Petitions and Declarations. As to the remaining three, we should have those confirmations before the hearing. There is nothing else we are going to provide at this time as there is nothing else to provide. Please withdraw the Motion. We can reframe that Motion but we need to address the standing questions as those seem to be the most contested right now. Those are preliminary issues dealing with the basic claims being made in the cases. I will point you to the specific questions we expected to get answered in the discovery to cover these issues.

We can discuss depositions if you wish later today. However, I would point out that so far we have not received any cooperation from you or Mr. Metzger regarding scheduling depositions of Mr. Barton and Mr. Bedoya. If we don't have those scheduled this week, we will have to file another Motion. We will be sending you subpoenas for them this morning. Steve Metzger will be on the call. Ms. Bedoya is 7 months pregnant and under a doctor's care so that one is problematic. Mr. Barton is traveling next week so that is another problem. And we have your clients which is yet another issue regarding where and when those depositions will take place and the Declarations filed last night just raise more questions with your clients.

As far as your request to depose 10 different Petitioning Creditors, please let me know a date or dates and the topics for the deponents. Please also let us know how long do you intend the depositions to be so we can communicate directly with our clients. To the extent they are Chinese Nationals (which the majority are), they cannot obtain travel visas at this time due to travel bans due to COVID-19. We will try to make them available for video depositions provided that you provide the interpreter and timely provide us with the deposition topics for them. We will provide the video link. If that is not satisfactory for you, there is nothing else we can do at this time due to the virus and both Chinese and US travel bans and restrictions.

---

**From:** Packman, Stephen <spackman@archerlaw.com>
**Sent:** Thursday, July 30, 2020 7:49 AM
**To:** Joyce Lindauer <joyce@joycelindauer.com>
**Cc:** Jiangang (James) Ou (jou@nguyen-chen.com) <jou@nguyen-chen.com>; Garcia, Jorge <jgarcia@archerlaw.com>
**Subject:** RE: [EXT MAIL] Court Order of July 27, 2020 re: Good-Faith Conference Call held on July 29, 2020 at 3:00 pm

Joyce:

Please send me this morning the documents you will produce **by request number** and the interrogatories you will answer **by number** and timing on production of same. Our goal is to narrow down the disputes today over our motion to compel and your second motion to compel.

I will do the same for yours **by request number** as to the discovery we did not answer and which you and we both summarized for the court yesterday in our papers (and which coincide based on the papers filed).

I would like to report to the Court later today on those request numbers (on both sides) which we have resolved and the numbers we have not, so that tomorrow is not a lengthy, dramatic production. We are being cooperative and so are YOU at least. Thanks for that.

As far as the First Motion to Compel, please let me know exactly what else you would like to discuss with us about that Motion which we find to be procedurally improper and wholly unsupported. We are obviously not going to agree to it. We filed last night Declarations with proof attached that all but three of our clients did in fact sign the Petitions and Declarations. As to the remaining three, we should have those confirmations before the hearing. There is nothing else we are going to provide at this time as there is nothing else to provide. Please withdraw the Motion.

We can discuss depositions if you wish later today. However, I would point out that so far we have not received any cooperation from you or Mr. Metzger regarding scheduling depositions of Mr. Barton and Mr. Bedoya. If we don't have those scheduled this week, we will have to file another Motion. We will be sending you subpoenas for them this morning.

As far as your request to depose 10 different Petitioning Creditors, please let me know a date or dates and the topics for the deponents. Please also let us know how long do you intend the depositions to be so we can communicate directly with our clients. To the extent they are Chinese Nationals (which the majority are), they cannot obtain travel visas at this time due to travel bans due to COVID-19. We will try to make them available for video depositions provided that you provide the interpreter and timely provide us with the deposition topics for them. We will provide the video link. If that is not satisfactory for you, there is nothing else we can do at this time due to the virus and both Chinese and US travel bans and restrictions.

Thanks.

---

**From:** Joyce Lindauer <joyce@joycelindauer.com>
**Sent:** Wednesday, July 29, 2020 10:12 PM
**To:** Garcia, Jorge <jgarcia@archerlaw.com>; Packman, Stephen <spackman@archerlaw.com>; K Walji <k.walji@waljilaw.com>; jou nguyen-chen.com <jou@nguyen-chen.com>
**Subject:** RE: [EXT MAIL] Court Order of July 27, 2020 re: Good-Faith Conference Call held on July 29, 2020 at 3:00 pm

Thank you for your courtesy

---

**From:** Garcia, Jorge <jgarcia@archerlaw.com>
**Sent:** Wednesday, July 29, 2020 8:33 PM
**To:** Packman, Stephen <spackman@archerlaw.com>; K Walji <k.walji@waljilaw.com>; Joyce Lindauer <joyce@joycelindauer.com>; jou nguyen-chen.com <jou@nguyen-chen.com>
**Subject:** RE: [EXT MAIL] Court Order of July 27, 2020 re: Good-Faith Conference Call held on July 29, 2020 at 3:00 pm

All—

As a follow up to Steve's email, attached are our filed oppositions to the first and second motions to compel filed by the Alleged Debtors. Please review in anticipation to our follow up call tomorrow.

Thanks,
Jorge

**Jorge Garcia, Esq.**

Archer & Greiner P.C.
Three Logan Square
1717 Arch Street, Suite 3500
Philadelphia, PA 19103
215-246-3102
jgarcia@archerlaw.com
www.archerlaw.com

---

**From:** Packman, Stephen <spackman@archerlaw.com>
**Sent:** Wednesday, July 29, 2020 8:35 PM
**To:** K Walji <k.walji@waljilaw.com>; Joyce Lindauer <joyce@joycelindauer.com>; jou nguyen-chen.com <jou@nguyen-chen.com>
**Cc:** Garcia, Jorge <jgarcia@archerlaw.com>
**Subject:** RE: [EXT MAIL] Court Order of July 27, 2020 re: Good-Faith Conference Call held on July 29, 2020 at 3:00 pm

Mr. Walji:

There was a typo in my email below which I have corrected and highlighted. Please have a wonderful evening and tomorrow we will discuss why you need to withdraw your First Motion to Compel.

Sincerely,

---

**From:** Packman, Stephen
**Sent:** Wednesday, July 29, 2020 8:15 PM
**To:** 'K Walji' <k.walji@waljilaw.com>; Joyce Lindauer <joyce@joycelindauer.com>; jou nguyen-chen.com <jou@nguyen-chen.com>
**Subject:** RE: [EXT MAIL] Court Order of July 27, 2020 re: Good-Faith Conference Call held on July 29, 2020 at 3:00 pm

Mr. Walji:

I disagree with your version of the conference call you set forth below. At the outset of the call, I asked Ms. Lindauer how she wished to proceed and she chose to first address the Petitioning Creditors' Motion to Compel. That was her choice not mine. I was flexible as to the manner and order of the conference. The conversation between Ms. Lindauer and me was proceeding civilly until you decided to interrupt us after I asked her why the Alleged Debtors would not produce their financial and corporate documents. Rather than allow Ms. Lindauer to respond you suddenly interjected and wanted to shift the discussion to your apparent quest to discredit the Petitioning Creditors and my law firm (and Mr. Ou's) by filing false accusations in your papers. I told you that since Ms. Lindauer and I were taking the

matters in the order she chose that we would proceed in that fashion at which point you, for the moment, went silent.

After Ms. Lindauer and I worked through her remaining issues with the Petitioner's Motion to Compel, we then moved on to the Alleged Debtors' Second Motion to Compel. I advised Ms. Lindauer that the Petitioning Creditors responded to the vast majority of the voluminous discovery requests served by the Alleged Debtors. I advised that I would be providing her with our responses to the Second Motion which will clarify those objections which warranted no further response or production by the Petitioning Creditors. That will be forthcoming shortly as, in the interim, I have to spend time and my clients' money on responding to your inaccurate representations below.

We then turned to the Alleged Debtors' First Motion to Compel which is really not a motion to compel but rather a position paper that you are apparently taking on behalf of the Alleged Debtors. The First Motion is, as I said repeatedly, your position. It is not in response to discovery propounded on the Petitioning Creditors. It is nothing more than your unsupported belief that the Petitioning Creditors are not real clients of our firms. It is a position that is both insulting and false. We will be responding to that position tonight.

As I further said, if after you review our filing tonight, you wish to discuss it further, we will do so tomorrow. However, I can tell you that if you do not withdraw your false accusations against our law firm, Mr. Ou's firm and against the Petitioning Creditor, we will have no choice but to proceed with all rights and remedies against you and your clients. As far as your final comment, as I said, I have never in 31 years of practice been accused by anyone of filing anything false or representing fictitious clients. You are the first to make such allegations and you had better be prepared to back them up if you persist with your First Motion to Compel.

I also have noted to Ms. Lindauer that you have an unavoidable conflict under the Bankruptcy Code in representing the Alleged Debtors. Not only do you represent the principal of the Alleged Debtors, Timothy Barton, but you also are listed as a creditor of each of the Alleged Debtors. Perhaps you are unfamiliar with the conflict provisions of the Bankruptcy Code. We will moving to disqualify you from representing the Alleged Debtors in due course.

Sincerely,

---

**From:** K Walji <k.walji@waljilaw.com>
**Sent:** Wednesday, July 29, 2020 7:53 PM
**To:** Joyce Lindauer <joyce@joycelindauer.com>; Packman, Stephen <spackman@archerlaw.com>; jou nguyen-chen.com <jou@nguyen-chen.com>
**Cc:** K Walji <k.walji@waljilaw.com>
**Subject:** [EXT MAIL] Court Order of July 27, 2020 re: Good-Faith Conference Call held on July 29, 2020 at 3:00 pm

Mr. Packman, Ms. Lindauer and Mr. Ou,

1. This purpose of this email is to highlight the key outcomes of today's conference call today held from 3:00 pm to approximately 3:45pm CST.

2. The conference call today was initiated pursuant to the Court's Order of July 27, 2020 which "ORDERED that the parties are to have a good-faith conference regarding their discovery disputes."

3. Ms. Lindauer spent approximately 30 minutes in discussing with Mr. Packman the Petitioners request for production of documents, and she also offered to provide a Chart which would

highlight Petitioners responses to Alleged Debtors discovery requests to facilitate the good-faith discussions.

4. However, when the discussions pivoted toward the *Alleged Debtors Motion to Compel Production of Documentary Evidence Permitting Verification of Electronic Signatures and Stay all Additional Discovery of Non-Dispositive Issues, or in the alternative to Invalidate the Involuntary Petition, and for Sanctions, Attorney Fees, and Costs, and to Schedule Hearing in Conjunction with Petitioners Motion to Compel,* Mr. Packman was not prepared to discuss the issues on the table and instead informed that he would be filing an opposition pleading this evening.

5. Accordingly, it was decided to have a follow-up the conference call tomorrow, July 30, 2020 at 1:00 pm CST, and per Mr. Packman, the Call-In Details remain the same, i.e. Tel No 855.501.8979 Access Code # 3543078#.

Finally, I wish to kindly request that tomorrow's discussions remain civil and professional and ask Mr. Packman to refrain from using crude and unprofessional language as he did during today's conference call.

Thank you,

**Khudabuksh**
**K. WALJI, Esq.**
**U.S. & Int'l Legal Advisor**
**M: +1.713.562.6875**
**Confidentiality Implied**

INFORMATION CONTAINED IN THIS E-MAIL TRANSMISSION IS PRIVILEGED AND CONFIDENTIAL. IF YOU ARE NOT THE INTENDED RECIPIENT OF THIS EMAIL, DO NOT READ, DISTRIBUTE OR REPRODUCE THIS TRANSMISSION (INCLUDING ANY ATTACHMENTS). IF YOU HAVE RECEIVED THIS E-MAIL IN ERROR, PLEASE IMMEDIATELY NOTIFY THE SENDER BY TELEPHONE OR EMAIL REPLY.