**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| **In re:**<br><br>**WALL007 LLC,** ***et al.***<br><br>**Alleged Debtors.** | **Case No. 20-31131**<br>**Chapter 7** |

**ALLEGED DEBTORS REPLY TO PETITIONERS OPPOSITION TO ALLEGED DEBTORS MOTION TO QUASH PETITIONERS DEPOSITION NOTICES**

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

NOW HERE COME Alleged Debtors Wall007 LLC *et al*.[1] and file this Alleged Debtors Reply to Petitioners Opposition to Alleged Debtors Motion to Quash and in Support of Alleged Debtors Motion to Quash, and hereby state as follows:

## A. Petitioners' Argument that Alleged Debtors' Motion Fails to Meet the Legal Standard is Transparently Deficient.

Petitioners argue that Alleged Debtors' attempt to quash the deposition notices fails to meet the standards set forth in Federal Rule of Civil Procedure 45(d)(3)(A), which states:

> [o]n timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
>
> (i) fails to allow a reasonable time to comply;
>
> (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
>
> (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
>
> (iv) ***subjects a person to undue burden***.

(emphasis added). Here, Alleged Debtors have clearly pled and demonstrated that the Petitioners' Deposition Notices present multiple undue burdens upon the Alleged Debtors. First, counsel for

[1] The Alleged Debtors in these cases are: WALL007 LLC, WALL009 LLC, WALL010 LLC, WALL011 LLC, WALL012 LLC, WALL016 LLC, and WALL017 LLC.

the Petitioners have made clear that they intend to take depositions as soon as possible and intend to include every topic potentially relevant to the litigation in their line of deposition questioning. Considering that the Petitioners have not yet overcome the threshold hurdles raised in the Alleged Debtors multiple dispositive motions (Motion to Dismiss, Dkt. No. 19; Motion to Invalidate based on Lack of Validation of "Wet Signatures," Dkt. No. 101), such a position creates an inherent conflict with the Alleged Debtors' dispositive motions – *particularly* considering that a primary reason for such motions is to permit facially improper claims from being litigated and incurring expansive discovery costs. Such expense, as is customary for the taking of depositions, is a clear burden that, should the dispositive motions result in dismissal, could be avoided and are therefore undue at this juncture.

Moreover, the Petitioners boldly state that "the Subpoenas do not subject the Deponents to undue burden," (Opp. at 4.) but provide no analysis or reasoning for this bold and self-serving claim. The Petitioners do not address in any way the Chinese legal barrier to taking reciprocal depositions, nor do they acknowledge the common and ordinary legal justifications for staying or limiting depositions while dispositive motions are pending. As the Petitioners avoided tackling these hurdles altogether, they have not established a credible opposition to the Alleged Debtors' argument that the depositions pose an undue burden on the deponents and the Alleged Debtors.

To be clear – having representatives of the Alleged Debtors sit for depositions and not being permitted to reciprocate by taking the depositions of the Chinese national Petitioners would amount to a severe burden upon the Alleged Debtors. The Alleged Debtors require the opportunity for *quid pro quo* depositions to gain the discovery necessary to validate their position. To permit one-sided depositions – particularly in an *involuntary* bankruptcy proceeding – would be highly prejudicial to the Alleged Debtors.

**B. <u>Petitioners Provide No Legal Authority for Their Opposition, and Falsely Accuse Alleged Debtors of Their Own Fault.</u>**

In their Opposition, Petitioners repeatedly state that the Alleged Debtors provide no legal basis for their Motion to Quash. (Opp. at ¶¶ 9, 10, 21, 23, 26, 31, 38). Not so. With regard to Alleged Debtors argument that discovery should be limited to dispositive issues until the dispositive motions are adjudicated, Petitioners have apparently overlooked the following citations provided by Alleged Debtors in support of their argument:

- Federal Rule of Civil Procedure 26(c) (cited at p. 10 for the proposition that courts have broad discretion to issue necessary orders to protect the parties and to control the discovery process).

- *Herbert v. Lando*, 441 U.S. 153, 177, 99 S. Ct. 1635 (1979) (cited at p. 10 for the proposition that "judges should not hesitate to exercise appropriate control over the discovery process.").

- *White v. Spikes*, No. 3:14-cv-389-M-BN, at *4 (N.D. Tex. Mar. 4, 2015) (cited at p. 10 for the proposition that in determining whether to limit discovery, courts look to whether a "threshold" or "preliminary" issue is at the heart of the dispositive motion, such as when jurisdiction, venue, standing, or immunity are preliminary issues, and at p. 11 for the proposition that to the extent that threshold issues require discovery before they can be decided, courts can and do limit discovery to only those threshold issues in order to carefully manage the process and decide the threshold matters without expending resources on merits discovery until it will clearly be relevant (citing *Enplanar, Inc. v. Marsh*, 25 F.3d 1043, 1994 WL 261088, at *2 (5th Cir. June 2, 1994).)).

- *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936) (cited at p. 10 for the proposition that "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.")

- *Petrus v. Bowen*, 833 F.2d 581 (5th Cir. 1987) (cited at p. 10 for the proposition that a court has inherent power to control discovery in a suit pending before it).

- *Tamburo v. Dworkin*, No. 04 C 3317, 2010 WL 4867346, at *1 (N.D. Ill. Nov. 17, 2010) (citing *U.S. Catholic Conference v. Abortion Rights Mobilization, Inc.*, 487 U.S. 72, 79– 80 (1988) (cited at p. 10 for the proposition that "

- *Twin City Fire Ins. Co. v. Emp'rs Ins. of Wausau*, 124 F.R.D. 652, 653 (D. Nev. 1989).

- *Ellis v. Fortune Seas, Ltd.*, 175 F.R.D. 308, 312 (S.D. Ind. 1997) (cited at p. 11 for the proposition that "a threshold showing of jurisdiction is consistent with the district court's obligation to control discovery").

- *Walk Haydel & Assocs., Inc. v. Coastal Power Prod. Co.*, 517 F.3d 235, 241–42 (5th Cir. 2008) (cited at p. 11 for the proposition that the court has discretion in type and amount of discovery permitted).

- *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988) (cited at p. 11 for the proposition that a discovery stay in light of a dispositive motion is proper because it would "further the goal of efficiency for the courts and the litigants").

- *Chudasama v. Mazda Motor Corp.*, 123 F.3d at 1368 (cited at p. 11 for the proposition that "[i]f the district court dismisses a non-meritorious claim before discovery has begun, unnecessary costs to the litigants and to the court system can be avoided.").

- *Followell v. Mills*, No. 05-2423, 2006 WL 889395, at *5 (W.D. Tenn. Mar. 31, 2006) (cited at pp. 11-12 for the proposition that "[i]f the motion is granted, the issue of discovery is moot. If the motion is denied, the protective order will be dissolved.").

- *In re Harrah's Entertainment, Inc. Sec. Litig*, No. 95-3925, 1997 WL 40640, at *2 (E.D. La. Feb. 3, 1997) (cited at p. 12 for the proposition that protective order limiting discovery is proper because "should [defendants] prevail on their motions to dismiss, no discovery would be necessary and any production of documents would have been a useless and wasteful effort. Rule 26 authorizes the Court to avoid such needless expense." (citing Petrus, 833 F.2d at 583)).

Similarly, with regard to Alleged Debtors argument that they are unable to take depositions of Petitioners unless Petitioners travel to the U.S. due to the illegality of taking depositions in China, Petitioners have once again overlooked the following multitude of case law and jurisprudence that Alleged Debtors provided to this Court in support of their argument:

- *Société Nationale Industrielle Aérospatiale v. U.S. Dist. Court for S. Dist. of Iowa*, 482 U.S. 522, 543–44 (1987) (cited at p. 13 for the proposition that principals of international comity must be considered when deciding the location of where a deposition of a party can be conducted.)

- *In re Honda American Motor Co., Inc. Dealership Relations Litigation*, 168 F.R.D. 535, 538 (D. Md. 1996) (cited at p. 13 for the proposition that "[i]f a federal court compels discovery on foreign soil, foreign judicial sovereignty may be infringed, but when depositions of foreign nationals are taken on American or neutral soil, courts have concluded that comity concerns are not implicated," and further cited

at p. 19 for the proposition that permitting the Petitioners to conduct in person depositions of the representatives of the Alleged Debtors under the liberal rules of the United States, while forcing the Alleged Debtors to conduct in person or video depositions under the constraints imposed by China and/or Hong Kong would be patently unfair, prejudicial, and inequitable).

- *In re Anschuetz Co., GmbH*, 754 F.2d 602, 608 n. 13 (5th Cir. 1985) (cited at p. 13 for the proposition that "where the district court's order is an order that [depositions] will be compelled only in the United States, there can be no invasion of German sovereignty.").

- The U.S. Department of State – Bureau of Consular Affairs, *Restrictions on Taking Deposition Testimony of in China for Use in Foreign Courts*, THE CHINA DOCKET REPORT, November 2, 2018, quoting Craig Allely, Successful Depositions in International Litigation, 37 No. 4 Litigation 12, 13 (2011) (cited at p. 14 for the proposition that "China does not permit attorneys to take depositions in China for use in foreign courts. Under its Declarations and Reservations to the Hague Evidence Convention and subsequent diplomatic communications, China has indicated that taking depositions, whether voluntary or compelled, and obtaining other evidence in China for use in foreign courts may, as a general matter, only be accomplished through requests to its Central Authority under the Hague Evidence Convention. Consular depositions would require permission from the Central Authority on a case by case basis and the Department of State will not authorize the involvement of consular personnel in a deposition without that permission. Participation in such activity could result in the arrest, detention or deportation of the American attorneys and other participants. … "in practice [the Chinese government] so severely restrict them that, for all practical purposes, . . . [they] are simply not going to happen.").

- Consular Affairs, U.S. Dept. of State, Taking Voluntary Depositions of Willing Witnesses, 7 Foreign Affair Manual 920 (2013), available at https://fam.state.gov/fam/07fam/ 07fam0920.html (cited at p. 14 for the proposition that, although the People's Republic of China is a signatory to the Hague Evidence Convention, covering discovery for international litigation, China has explicitly rejected Chapter II (except Art. 15), meaning that the taking of willing depositions is generally not permitted within the country).

- *Ji v. Jling Inc.*, 15-CV-4194 (SIL) at *10 (E.D.N.Y. Mar. 31, 2019) (cited at p. 14 for the proposition that under Chinese law "[t]he embassy and consulate of a foreign country are permitted to serve process, conduct investigations, and to obtain evidence from its own nationals, but shall not violate the law of People's Republic of China or a compulsory measure. ... [N]o foreign authority or individual is allowed to serve process, conduct investigation, or obtain evidence within the borders of People's Republic of China without permission from the authority of the People's Republic of China." (quoting article 277 of the Chinese Civil Law), and at p. 15 for the proposition that courts will strike from the record testimony taken in deposition "via video link while located in mainland China," because such

testimony "violated Chinese law." Further cited on p. 15 for the proposition that "China regards the administering of oaths by foreign attorneys and consular officials as a violation of China's judicial sovereignty" and, consequently, "[w]hen foreign attorneys or consular officials administer an unauthorized oath in China, the penalties may include arrest, detention, expulsion, or deportation of all participants in the oath.").

- Federal Rule of Civil Procedure 30(d)(4) (cited at p. 15 for the proposition that depositions take place "where the deponent answers the questions.").

- *Aerocrine AB v. Apieron Inc.*, 267 F.R.D. 105, 108 (D. Del. 2010) (cited at p. 16 for the proposition that the general presumption is that the plaintiff, in this case the Petitioners, is required to be deposed in the forum in which they choose to file suit, unless there was no choice of jurisdiction or there is other good cause to depart from the general rule).

- *Bayer AG v. Sony Elecs. Inc.*, No. 95-8-JJF, slip op. at 5 (D.Del. Sept. 30, 1998) (D.I. 95 Attachment 1) (cited at p. 16 for the proposition that the general presumption is that the plaintiff, in this case the Petitioners, is required to be deposed in the forum in which they choose to file suit, unless there was no choice of jurisdiction or there is other good cause to depart from the general rule).

- *Su v. Sotheby's, Inc.*, 17-CV-4577 (VEC), 3 (S.D.N.Y. Aug. 28, 2019) (cited at pp. 16-17 for the proposition that "[b]ecause Plaintiffs chose to file suit in this district ... they bear the burden of showing the existence of good cause to excuse their presumptive obligation to be deposed in New York," and at pp. 17-18 for the proposition that, given the legal prohibition on conducting depositions in China and administering oaths by foreign officials and attorneys, none of the requirements of Rule 28 of the Civil Rules of Procedure can be satisfied, and that reliance on WeChat or Zoom for international videotaped depositions is insufficient to meet Rule 28's standards). Further cited at p. 17 for the proposition that "[a]ccording to the United States Department of State, 'China does not permit attorneys to take depositions in China for use in foreign courts'; such depositions, 'as a general matter, [may] only be accomplished through requests to its Central Authority under the Hague Evidence Convention.'"

- Amir Shachmurove, *A Quixotic Quest Over Befogged Terrain? How to Choose and Contest a Deposition's Location Under Federal Procedural Law*, 87 U. Cin. L. Rev. 945 (2019) citing United States v. Cordoba, No. 12- 20157-CR-ROSENBAUM, 2013 U.S. Dist. LEXIS 46804, at *11–12, 2013 WL 1325302, at *4 (S.D. Fla. Apr. 1, 2013) (cited at p. 18 for the proposition that certain logistical factors must also be considered before permitting a deposition to be conducted overseas under Rule 28, including requiring the deponent to "(1) provide documentation that the foreign nation's government permits such depositions to proceed on its own soil or does not expressly foreclose their conduct; (2) identify and secure one or more officials who are authorized to administer an oath at the prospective location; (3) set forth dates, times, and locations of any foreign

deposition promptly; (4) arrange high-resolution cameras/videos offering a full view of both the deponent and his or her immediate surroundings if the deposition is to be taken via live video; and/or (5) identify any and all interpreters, stenographers, and, if necessary, videographers to be involved.").

- *First National Bank v. Reinhart Vertrieb's AG*, 116 F.R.D. 8 (1986) (cited at p. 19 for the proposition that permitting the Petitioners to conduct in person depositions of the representatives of the Alleged Debtors under the liberal rules of the United States, while forcing the Alleged Debtors to conduct in person or video depositions under the constraints imposed by China and/or Hong Kong would be patently unfair, prejudicial, and inequitable).

- *Memory Film Prods. v. Makara*, No. 05-CV-3735, 2007 WL 1385740, at *3 (E.D.N.Y. May 9, 2007) (cited at p. 19 for the proposition that "[t]he court finds that an in-person deposition is also preferable in terms of ensuring the accuracy of the depositions and interpretations, and avoiding the prejudice and expenses [that Defendant] would face were she required to conduct the depositions . . . by telephone, across continents and time zones.").

Even more egregiously, despite erroneously claiming that the Alleged Debtors have provided no legal basis for their positions (when they clearly have provided voluminous support), the Petitioners *themselves* have, in fact, provided no legal basis for their refutations of the same. (*See generally*, Opp.). Indeed, not only is the Petitioners' Opposition entirely lacking any legal analysis or citations, it also never addresses the Alleged Debtors argument regarding the illegality of depositions in China *at all*. The Petitioners never once mention Chinese law, the fact that the Petitioners are Chinese nationals currently located in mainland China, or even state the word "China" at any time in their Opposition. Instead, the Petitioners simply cast that argument aside with the baseless, self-serving conclusion that "[t]he remainder of the Motion to Quash is essentially a long diatribe by the Alleged Debtors and their counsel why the depositions of certain of the Petition[ers] should not be conducted by video. Petition[ers] submit that this 'issue' is not relevant to the Motion to Quash under Rule 45." (Opp. at ¶¶ 29-30). Accordingly, it is very clear: The Alleged Debtors have provided this court with ample legal support for their arguments, and the Petitioners have provided the Court with an absolute dearth of credible refutation.

**C. <u>Petitioners Disingenuously Claim that the Dispositive Motions Challenging Standing are Irrelevant to the Discovery Issues at Bar</u>**

Petitioners argue that the entirety of the Alleged Debtors' first argument, seeking limitations on discovery until dispositive motions are adjudicated, are "irrelevant" to the parties' discovery disputes. This is, of course, a paper-thin attempt to obfuscate the clear and legally-stable argument that discovery should be limited until the issues raised in the dispositive motions. To say that such an argument is irrelevant to discovery is illogical at best. Petitioners have offered no legal support for their position, and it should be ignored.

Dated: August 14, 2020

Respectfully submitted,

**Joyce W. Lindauer Attorney, PLLC**
1412 Main St., Suite 500
Dallas, Texas 75202
Telephone: (972) 503-4033

*<u>/s/ Joyce W. Lindauer</u>*
Joyce W. Lindauer
State Bar No. 21555700
joyce@joycelindauer.com

Guy H. Holman
State Bar No. 24095171
guy@joycelindauer.com

*Attorneys for Alleged Debtors*

**<u>CERTIFICATE OF SERVICE</u>**

I certify that a true and correct copy of the foregoing document was served upon all counsel of record on this 14th day of August 2020, in accordance with the Federal Rules of Bankruptcy Procedure and Federal Rules of Civil Procedure.

<u>/s/ Joyce W. Lindauer</u>
Joyce W. Lindauer