**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| In re:<br><br>WALL007 LLC, *et al.*,[1]<br><br>Alleged Debtors. | Chapter 7<br><br>Case No. 20-31131 (HDH)<br>(Jointly Administered) |

**OPPOSITION OF PETITIONING CREDITORS TO THE ALLEGED DEBTORS' SECOND MOTION TO COMPEL DISCOVERY RESPONSES, FILED IN THE ALTERNATIVE TO ALLEGED DEBTORS' MOTION TO COMPEL PRODUCTION OF DOCUMENTARY EVIDENCE PERMITTING VERIFICATION OF ELECTRONIC SIGNATURES AND STAY ALL ADDITIONAL DISCOVERY OF NONDISPOSITIVE ISSUES, OR IN THE ALTERNATIVE TO INVALIDATE THE INVOLUNTARY PETITION AND TO SCHEDULE HEARING IN CONJUNCTION WITH CREDITORS' MOTION TO COMPEL**

Jun Li, Yunding Kang, Cunxiang Ji, Jin Wang, Peng Guo, Lin Zhou, Qu Chen, Kai Tian, Yijing Wu, Xuegeng Gong, Jin Wang, Weijia Kong, Heng Zhang, Hong Guo, Pei Guan, Yue Xu, Mai Ye, Chenchen Jiang, Qiuying Li, Ruinian Wu, Lin Zhou, Liying Yang, Yan Zhang, Wenjun Wang, Ying Zhou, Lin Li, Li Jiang, Rufeng Ding, Cunxiang Ji, Lin Gao, Qiao Qin, Yue Zhang, Xiaodong Hao, Tianqing Song, Li Jiang, Weisi Wang, Xiaoquan Dai, Feng Yan, Heng Zhang, Ou Jiang, Jinzhe Wu, Yadan Liu, Wanwan Li, Wenjuan Yin, Jiancheng Chen, Yi Tang, Ying Zhang, Pengfei Dong, Kangying Mao, Yijing Wu, Li Jiang, Qin Chu, Yulan Chen, Sicheng Zhan, Pei Guan, Jingqiu Tang, Di Tang, Jun Zeng, Kui Wang, Yue Zhang, Jun Wang, Xiaomin Fan, Di Tang, Jialin Hu, Qin Chu, Jiaxiang Lu, Fuqing Chen, Hanjiang Fu, Aiguo Luo, Fang Ding, Xiangdong Zhu, Wai Ying, Yuan Yuan, Chao Xu, Guoqin Zhou, Yijing Wu (collectively, "Petitioning Creditors"), by and through their undersigned counsel, file this opposition (the

---

[1] The Alleged Debtors in these cases are: WALL007 LLC, WALL009 LLC, WALL010 LLC, WALL011 LLC, WALL012 LLC, WALL016 LLC, WALL017 LLC. The Alleged Debtors' federal tax identification numbers are unknown to the Petitioning Creditors sat this time.

**EXHIBIT "4"**

"Opposition") to the Alleged Debtors', WALL007 LLC, WALL009 LLC, WALL010 LLC, WALL011 LLC, WALL012 LLC, WALL016 LLC, WALL017 LLC's (collectively, "Alleged Debtors"), *Second Motion to Compel Discovery Responses* (the "Second Motion to Compel") [Dkt. No. 101]. The Petitioning Creditors respectfully aver as follows:

## INTRODUCTION[2]

1. The Alleged Debtors filed their Second Motion to Compel against the Petitioning Creditors, alleging very generally numerous "deficiencies" related to the Petitioning Creditors' responses to the Alleged Debtors' first request for production, first set of interrogatories, and request for admissions (collectively, the "Alleged Debtors' Requests").

2. The Alleged Debtors Requests contained thousands of discovery requests propounded upon the seventy-seven (77) individual Petitioning Creditors.

3. Despite the over-burdensome number of discovery requests, the Petitioning Creditors responded to, produced and/or answered (albeit some with objections under reservations of rights) every single one of the Alleged Debtors' Requests in conformity with the requirements under the Federal Rules of Civil Procedure (the "Responses").

4. As set forth herein, and quite contrary to the representations of the Alleged Debtors to this Court, there were very few Responses which set forth objections <u>and</u> refusals to respond and/or produce.

5. To date, the Petitioning Creditors have produced over 4,500 pages of documents to the Alleged Debtors, while the Alleged Debtors have produced a paltry forty-nine (49) pages to Petitioning Creditors and, quite ironically, have objected to many requests on the general basis of relevance. This is despite the fact that many of "Petitioning Creditors Requests" ask for

[2] Capitalized terms not defined in this section are shall have the meaning as defined later on in this Opposition.

production of basic business records of the Alleged Debtors such as financial and bank statements.

6. The Alleged Debtors have not once provided Petitioning Creditors with any specificity regarding their issues with the Responses despite communications and conversations with counsel attempting to resolve same.

7. In fact, the Second Motion to Compel is simply the same general, glossed version of the Alleged Debtors' objections to the Petitioning Creditors Requests. It is simply sets forth generalities without substance. I further dive into the facts, reflects that Petitioning Creditors responded to the vast majority of the Alleged Debtors' discovery by producing documents and providing actual responses and answers.

## PROCEDURAL HISTORY & STATEMENT OF FACTS

8. For the sake of brevity, the Petitioning Creditors incorporate herein their opposition to the Alleged Debtors' "First Motion to Compel" (the "Opposition to First Motion to Compel") [Dkt. No. 118].[3]

## LEGAL ARGUMENT

**I. The Petitioning Creditors responded to thousands of the Alleged Debtors' Requests in good-faith and in accordance with the requirements of the Federal Rules of Civil Procedure.**

***a. The Petitioning Creditors thoroughly responded to the Alleged Debtors' First Request for Production.***

9. The Alleged Debtors contend that the Petitioning Creditors have "***generally*** failed to respond to the Alleged Debtors' discovery requests" in response to the Alleged Debtors' First Requests for Production (the "Requests for Production"). See Second Motion to Compel, pg. 6.

[3] Capitalized terms not defined in this Opposition shall have the same meaning as the terms capitalized in the Opposition to First Motion to Compel

10. This is a patently false statement as the Petitioning Creditors have produced thousands of pages of documents so far in these Cases to the Alleged Debtors' counsel and have otherwise responded in detail to each of the requests in the Requests for Production.

11. In fact, the Second Motion to Compel does not specifically identify what requests the Petitioning Creditors allegedly failed to provide or otherwise respond to in the Petitioning Creditors Responses.[4]

12. Each of the Requests for Production contain 58 separate document requests (17 of which are compound and repetitive) upon each of the individual Petitioning Creditors.

13. The Petitioning Creditors diligently reviewed the Requests for Production (with help from their counsel) and formulated responses based on the incredibly long, confusing, and often illegible requests made by the Alleged Debtors.

14. The Petitioning Creditors did their best to respond, provide documents in their possession that were responsive and did find it necessary to object to some requests that merited same coupled with a refusal to produce or respond (however, as set forth herein, such refusals are in the minority).

15. For the most part, even if an objection was lodged against a particular request, for purposes of reserving rights for future hearings, the Petitioning Creditors nevertheless provided responsive documents and requests and did not remain wholly unresponsive as alleged in the Second Motion to Compel.

---

[4] In contrast, the Petitioning Creditors identified to the Alleged Debtors prior to filing their motion to compel (the "Petitioning Creditors' Motion to Compel"), in a letter dated July 14, 2020, specific issues they had with the Alleged Debtors' discovery responses and objections. See Petitioning Creditors' Motion to Compel, Exhibit "C" [Dkt. No. 92]. The Petitioning Creditors did this in order to try to amicably settle disputes with the Alleged Debtors regarding discovery objections; however, the Alleged Debtors refused to provide further documents and information. See Petitioning Creditors' Motion to Compel. The Alleged Debtors did not offer the same courtesy to the Petitioning Creditors by identifying the *specific* alleged "deficiencies" of the Petitioning Creditors' discovery responses prior to the filing of the Second Motion to Compel.

16. A detailed review of the Petitioning Creditors responses show that out of 58 Requests for Production, each individual Petitioning Creditor provided responses <u>and documents</u> to 51 of those requests (Request for Production Nos. 1–24, 26–33, 41–58).

17. The Petitioning Creditors have not withheld any responsive documents on the basis of privilege, confidentiality of Petitioning Creditors' personal and private data, or otherwise.

18. Since the original production, the Petitioning Creditors produced at least another 1,100 pages of documents to the Alleged Debtors responsive to their Requests for Production.

19. Attached as Exhibit "A" are some of the responsive documents to the Requests for Production provided to the Alleged Debtors, including, *inter alia*, (1) Loan Agreements duly signed by Alleged Debtors, Petitioning Creditors and certain non-party agents; (2) receipts issued by the Alleged Debtors of Loan proceeds; (3) certain marketing and promotional materials prepared by the Alleged Debtors; (4) email correspondence between the Alleged Debtors and Petitioning Creditors concerning the repayment of Loan principal and interest and; (5) documents evidencing funding of the Loans.

20. The Petitioning Creditors responded with objections, but did not produce documents to 7 of the Requests for Production (Requests for Production Nos. 25, 34–40). Attached as Exhibit "B" is a document created by Petitioning Creditors' counsel summarizing certain of the Alleged Debtors' requests and the Petitioning Creditors' objections to those requests and their reason(s) for not producing same to the Alleged Debtors.

21. The Petitioning Creditors did not provide responsive documents to these Requests for Production as the Alleged Debtors sought confidential, personal information and data (without any statement of relevance or other justification) from the Petitioning Creditors.

Case 20-31131-hdh7 Doc 119 Filed 08/14/20 Entered 08/14/20 08:16:36 Page 6 of 11

Namely, the Alleged Debtors requested, *inter alia*, passports, tax identification numbers, and U.S. naturalization papers from the Petitioning Creditors.

22. The Petitioning Creditors are unwilling to provide such confidential and private data and information and, even if the Court should require same as somehow relevant to the defenses asserted, certainly would not do so without an appropriate protective order in place.

23. The Alleged Debtors have not identified such reasons or any reasons for these requests which clearly would violate data privacy laws in this country and elsewhere.

24. The Alleged Debtors also sought records of fees and expenses of counsel for the Petitioning Creditors' in its legal representation of the Petitioning Creditors in these Cases.

25. This request is irrelevant and seeks no information that goes to the claims and/or defenses in these Cases. It further seeks to intrude directly upon the attorney-client relationship between counsel for the Petitioning Creditors and the Petitioning Creditors.

26. These are the only substantive objections[5] raised by the Petitioning Creditors to the Requests for Production and the Petitioning Creditors and their counsel believe that the objections are well taken and thus no documents have been produced due to these limited objections.

27. Accordingly, this Court should deny the Alleged Debtors' Second Motion to Compel as to Requests for Production Nos. 25, 34–40.

5 The Petitioning Creditors also objected to requests on the basis of relevance, ambiguity, time frame issues, and legal conclusions, but nevertheless produced responsive documents (if any existed) to said requests subject to the foregoing objections which were asserted to preserve same for any future hearings.

***b. The Petitioning Creditors thoroughly answered and responded to the Alleged Debtors' First Set of Interrogatories***

28. The Alleged Debtors contend that the Petitioning Creditors' answers to the First Set of Interrogatories (the "Interrogatories") "were generally vague and without elaboration when any response was actually given." This is once again completely inaccurate.

29. On or about May 26, 2020, the Alleged Debtors served 19 Interrogatories (the "Interrogatories") upon ***each*** of the individual Petitioning Creditors.

30. As with the Requests for Production, the Interrogatories contained multiple compound questions that were incredibly long, confusing, and often unintelligible.

31. The Petitioning Creditors reviewed the Interrogatories and raised legitimate objections to some Interrogatories that required such response; however even when an objection was raised, to the extent is was not subject to privilege, work product or sought confidential and private data, an answer to the interrogatory ***was provided*** to the Alleged Debtors.

32. A further review of the Petitioning Creditors' answers to the Interrogatories reflect that out of 19 Interrogatories, each individual Petitioning Creditor provided answers to 13 of those Interrogatories (Interrogatories Nos. 1–7, 9–11, 13–14, 19).

33. Each of the Petitioning Creditors provided a signed verification attesting to the accuracy of the answers to the Interrogatories.

34. The Petitioning Creditors objected and did not provide answers to the following Interrogatories: 8, 12, 15–18. Attached as Exhibit "C" is a document created by Petitioning Creditors' counsel outlining those Interrogatories and the Petitioning Creditors' objections to said requests and their reason(s) for not answering those Interrogatories.

35. The Petitioning Creditors did not provide responsive answers to these Interrogatories as the Alleged Debtors sought confidential, personal data, privileged

communications and work product (without any basis of relevance or other justification) from the Petitioning Creditors. Namely, the Alleged Debtors requested, *inter alia*, information regarding any documents received from the Chinese government regarding the Loans and communications and strategy (work product) between the Petitioning Creditors and their attorneys relating to the Cases and legal fees and retention communications and documents between the Petitioning Creditors and their attorneys.

36. Accordingly, this Court should deny the Alleged Debtors' Second Motion to Compel responses to Interrogatories numbered 8, 12, 15–18.

***c. The Petitioning Creditors fully responded to the Alleged Debtors' Request for Admissions***

37. The Alleged Debtors contend that Petitioning Creditors' responses to the Alleged Debtors' Request for Admissions (100 requests to each of the 77 Petitioners)(the "Requests for Admissions") "are designed to prejudice the ability of the Alleged Debtors to formulate a case."

38. However, the Alleged Debtors fail to identify in their Second Motion to Compel with any specificity which responses to the Requests for Admissions they have issues with such that they are somehow prejudiced in their defense. Instead, they advance completely unsubstantiated objections to the "Petitioning Creditors Responses."

39. A further review of the Petitioning Creditors Responses reveals that out of the 100 Request for Admissions, each individual Petitioning Creditors provided answers to ***96*** of those Request for Admissions (Request for Admissions Nos. 1–93, 98–100).

40. The Petitioning Creditors objected to and did not produce responses to, the following requests by the Alleged Debtors: 94–97. Attached as Exhibit "D" is a document created by Petitioning Creditors' counsel outlining the Alleged Debtors' requests and the

Petitioning Creditors' objections to those requests and their reasons(s) for not admitting or denying those requests.

41. The Petitioning Creditors objected and did not provide admissions or denials to the requests numbered 94-97.

42. The Petitioning Creditors did not provide responsive answers to these Requests for Admissions as the Alleged Debtors seek confidential, personal information (without any form of justification) from the Petitioning Creditors.

43. Namely, the Alleged Debtors requested admissions regarding current and future communications and strategy between the Petitioning Creditors and their attorneys relating to the Cases—such requests ask for responses which are protected by the attorney-client privilege and work product doctrine and will not be answered by the Petitioning Creditors.

44. Accordingly, this Court should deny the Alleged Debtors' Second Motion to Compel response to Requests for Admissions numbered 94-97.

## CONCLUSION

Based on the foregoing, the Petitioning Creditors respectfully request that the Second Motion to Compel be denied in its entirety and the Court award Petitioning Creditors fees and costs.

Dated: July 29, 2020

/s/ *Stephen M. Packman*
Jiangang Ou
Nguyen & Chen LLP
11200 Westheimer Road Suite 120
Houston, TX 77042
Tel: 832-767-0339
Email: jou@nguyen-chen.com

Stephen M. Packman
Archer & Greiner, P.C.
Three Logan Square
1717 Arch St., Suite 3500
Philadelphia, PA 19103

Tel: 215-246-3147
Email: spackman@archerlaw.com

*Counsel for the Petitioning Creditors*

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that, on July 29, 2020, a true and correct copy of the foregoing document was served on all parties requesting service via the Court's ECF system.

/s/ Stephen M. Packman
Stephen M. Packman

# EXHIBIT "A"

**RE: wire record for Lender Zhang Heng & Guan Pei**

Sender:Saskya Bedoya<SBedoya@jmjdevelopment.net>
Time between:Thursday, Jun 29, 2017 6:01 AM
Recipient:周霖<lynn@yding.cn>

Please find attached the wire receipt for Guan Pei.

**Saskya Bedoya**

**JMJ Development, Inc.**

1755 Wittington Place

Suite 340

Dallas, TX 75234

P: 972.385.9934

F: 972.241.4484

C: 214.641.0122

sbedoya@jmjdevelopment.net

www.jmjdevelopment.net

*The information transmitted is intended only for the person or entity to which it is addressed and may contain confidential and / or privileged material. Any review, retransmission, dissemination or other use of, or taking action of any action in reliance upon this information by persons or entities other than the intended recipient is prohibited. If you received this message in error, please contact the sender and delete the material from all computers.*

---

**From:** 周霖 [mailto:lynn@yding.cn]
**Sent:** Tuesday, June 27, 2017 3:11 AM
**To:** Saskya Bedoya
**Subject:** wire record for Lender Zhang Heng & Guan Pei

Hi Saskya,

Lender Zhang Heng wired total $100,060 today via three different name, you can check attached file Zhang Heng 10w 01~03, thanks.

Lender Guan Pei wired total $100,000 today, you can check the last attachment.

Pls send me both two wire receipts after your accounting confirm the receipt, thanks.

Best Regards,

**Lynn Zhou**
**Vice President**
Platinum Investment Corporation
11-i, No.855 South Pudong RD (World Plaza), Shanghai PRC
lynn@yding.cn
Mobile: +8613701850213
Phone: +86-21-68888016
Fax: +86-21-68888330
www.yding.cn

---

**General accessories**

Wire\x26nbsp;Receipt\x26nbsp;-\x26nbsp;wall009\x26nbsp;-\x26nbsp;100,000\x26nbsp;-\x26nbsp;Guan\x26nbsp;Pei.pdf (343.83K)

# Wall009, LLC

June 28, 2017

Guan Pei
Passport No G27500096
#6101 Building 1, No.36 Zengguang Road
Beijing, China

Dear Guan Pei:

This letter will serve as confirmation by Wall009, LLC that we have received the amount of USD 100,000.00 by wire transfer into our account at Capital One Bank on June 26, 2017.

The loan proceeds stated above will be paid with interest to the original sending account in accordance with the time, terms and conditions of the Loan Agreement.

Please contact the undersigned immediately if you have any questions regarding this receipt.

Sincerely,

Wall009, LLC

By: Timothy Barton

President of Carnegie Development LLC

The Managing Member of Wall009 LLC

**Wire Receipts**

Sender:Saskya Bedoya<SBedoya@jmjdevelopment.net>
Time between:Thursday, Feb 8, 2018 6:56 AM
Recipient:lynn<lynn@yding.cn>

**Saskya Bedoya**
**JMJ Development LLC**
13901 Midway Rd
Suite 102-LB 243
Dallas, TX 75244
P: 972.385.9934
F: 972.241.4484
C: 214.641.0122
sbedoya@jmjdevelopment.net
www.jmjdevelopment.net

*The information transmitted is intended only for the person or entity to which it is addressed and may contain confidential and / or privileged material. Any review, retransmission, dissemination or other use of, or taking action of any action in reliance upon this information by persons or entities other than the intended recipient is prohibited. If you received this message in error, please contact the sender and delete the material from all computers.*

---

**2EachGeneral accessories**

Wire\x26nbsp;Receipt\x26nbsp;-\x26nbsp;Wall011\x26nbsp;-\x26nbsp;100,000\x26nbsp;-\x26nbsp;Ji\x26nbsp;Cunxiang.pdf (108.17K)

Wire\x26nbsp;Receipt\x26nbsp;-\x26nbsp;Wall011\x26nbsp;-\x26nbsp;100,000\x26nbsp;-\x26nbsp;Qin\x26nbsp;Qiao.pdf (108.20K)

# Wall011, LLC

February 7, 2018

Ji Cunxiang
Passport No G26733388
Room 1-114, No.5, Cuiweidongli,
Haiding District, Beijing, China
wubohxs@163.com
(86)13311209871

Dear Ji Cunxiang

This letter will serve as confirmation by Wall011, LLC that we have received the amount of USD 100,000.00 by wire transfer into our account at Capital One Bank on February 06, 2018.

The loan proceeds stated above will be paid with interest to the original sending account in accordance with the time, terms and conditions of the Loan Agreement.

Please contact the undersigned immediately if you have any questions regarding this receipt.

Sincerely,
Wall011, LLC

DocuSigned by:
Tim Barton
55E2C214E42B42F...

By: Timothy Barton
President of Carnegie Development LLC
The Managing Member of Wall011 LLC

# Wall011, LLC

February 7, 2018

Qin Qiao
Passport No EB1116049
1-202,No 12 Yiyuanjv,No 4 Cuiwei Road,
Haidian District,Beijing, China
jonson-yu@163.com
(86)18611035500

Dear Qin Qiao

This letter will serve as confirmation by Wall011, LLC that we have received the amount of USD 100,000.00 by wire transfer into our account at Capital One Bank on February 06, 2018.

The loan proceeds stated above will be paid with interest to the original sending account in accordance with the time, terms and conditions of the Loan Agreement.

Please contact the undersigned immediately if you have any questions regarding this receipt.

Sincerely,
Wall011, LLC

DocuSigned by:
Tim Barton
55E2C214E42B42F...

By: Timothy Barton
President of Carnegie Development LLC
The Managing Member of Wall011 LLC

**RE: 回复： several payment proof for Wall012**

Sender:Hongpeng Lin<HLin@jmjdevelopment.net>
Time between:Saturday, Jun 2, 2018 3:11 AM
Recipient:周霖<lynn@yding.cn>
copy give away:Saskya Bedoya<SBedoya@jmjdevelopment.net>; 郭虹<Michelle@yding.cn>; Saskya Bedoya<SBedoya@jmjdevelopment.net>; Lynn@yding.cn<Lynn@yding.cn>

Hi Lynn,

Attached please find the receipt for Liu Yadan, Zhang Ying, Gao Huaizhen, Jiang Li, Yan Feng.

Thanks

**From:** 周霖 [mailto:lynn@yding.cn]
**Sent:** Friday, June 01, 2018 3:33 AM
**To:** Hongpeng Lin; Saskya Bedoya
**Cc:** 郭虹
**Subject:** 回复：several payment proof for Wall012

Hi Hong,

I attached several more wire proofs here, Kindly pls update the wire receipt progress today, thanks.

1) Liu Yadan: principle is $100K, she wired three time, 1st $49,965 via Zhang Yinjing; 2nd $49,980 via herself; 3rd $91.62 via Yuan Transfer, total amount is over $100K, pls check the actual arrival amount and send me the wire receipt of total 100K later on; (Confirmed 1st wire arrival amount is $49950, 2nd wire to Tim arrival amount $49,965, rest $85 you got from Yuan Transfer yesterday), you can release wire receipt now.

2) Zhang Ying: principle is $50K, you received her 1st $10K and 2nd $20K already; attached is her 3rd $20390.54 via Yuan transfer, pls check the actual arrival amount and send me wire receipt for total $100K later on; (Confirmed 1st wire arrival amount is $9995, 2nd wire arrival amount is $20000, rest $20005 you got from Yuan Transfer yesterday), you can release wire receipt now.

3) Jiang Li: principle is $500K, 1st $100K via Silverland Finance Limited, 2nd $150K via Silverland, 3rd 25K via HSBC. Pls check attached proof for 2nd and 3rd wire.

4) Gao Huaizhen: principle is $200K, wired total $200K via HSBC; (Confirmed wire pending is $19975,

Gao wire the rest $25 in RMB to PIC, will wire to JMJ once we know the total gap from other lenders after all wires are made for Wall012), you can release wire receipt now.

5) Yan Feng: principle is $150K, 1st $100K via herself, 2nd $500 via Silverland, 3rd $49500 wired by himsefl, pls check attached wire proof.

6) Yang Shuping: principle is $100K, both 1st $50K and 2nd $50K wired by herself, pls check attached payment proof.

7) Cai Hua: principle is $500K, up to now she wired $350K as following allocation, pls check the receipt accordingly.

Yong Sun ,east-west bank ,$64400

Yong Sun ,cathey bank, $41300

Wanjia Sun, bank of America,$196000

Wanjia Sun,Chase bank,$25000

Wanjia Sun,Chase bank,$23300

P.S total wire you recieved from Yuan Transfer is $20113.18 yesterday, $85 goes for Liu Yadan, $20005 goes for Zhang Ying, pls keep the rest $23 on your account, same as above 4) we'll calculate the final shortage numbers PIC needs to wire to JMJ after all wires made for Wall012 project.

Best Regards,

**Lynn Zhou**
**Vice President**
Platinum Investment Corporation
lynn@yding.cn
www.yding.cn

------------------------------------------------------------------

发件人：周霖 <lynn@yding.cn>

发送时间：2018年5月29日(星期二) 22:47

收件人：Hongpeng Lin <HLin@jmjdevelopment.net>; Saskya Bedoya <sbedoya@jmjdevelopment.net>

抄　送：郭虹 <michelle@yding.cn>

主　题：回复：several payment proof for Wall012

Hi Hong,

Gao Huaizhen wired total $200K via HSBC bank, attached is her payment proof, pls check the receipt as well, thanks.

Best Regards,

**Lynn Zhou**
**Vice President**
Platinum Investment Corporation
lynn@yding.cn
www.yding.cn

------------------------------------------------------------------

发件人：周霖 <lynn@yding.cn>

发送时间：2018年5月28日(星期一) 18:51

收件人：Hongpeng Lin <HLin@jmjdevelopment.net>; Saskya Bedoya <sbedoya@jmjdevelopment.net>; Tim Barton <tbarton@jmjdevelopment.net>

抄　送：郭虹 <michelle@yding.cn>

主　题：回复：several payment proof for Wall012

Hi Hong,

Just a further follow up for below payment progress, pls let us know which wire you have received already on Tuesday, thanks.

Liu Yadan's 2nd wire $49980 to Wall012 LLC has been returned by SPD bank today due to some restriced policy, so she wired to Tim's personal account instead of Wall012 LLC, attached is her payment proof, kindly pls check with Tim and update the receipt to us later on, thanks a lot.

Best Regards,

**Lynn Zhou**
**Vice President**
Platinum Investment Corporation
lynn@yding.cn
www.yding.cn

------------------------------------------------------------------

发件人：周霖 <lynn@yding.cn>

发送时间：2018年5月25日(星期五) 19:36

收件人：Hongpeng Lin <HLin@jmjdevelopment.net>; Saskya Bedoya

<sbedoya@jmjdevelopment.net>

抄 送：郭虹 <michelle@yding.cn>

主 题：several payment proof for Wall012

Hi Hong,

Following are several payment proofs for Wall012, kindly pls check the receipt accordingly, thanks.

1) Liu Yadan: principle is $100K, she wired three time, 1st $49,965 via Zhang Yinjing; 2nd $49,980 via herself; 3rd $91.62 via Yuan Transfer, total amount is over $100K, pls check the actual arrival amount and send me the wire receipt of total 100K later on;

2) Zhang Ying: principle is $50K, you received her 1st $10K and 2nd $20K already; attached is her 3rd $20390.54 via Yuan transfer, pls check the actual arrival amount and send me wire receipt for total $100K later on;

3) Jiang Li: principle is $500K, 1st $100K via Silverland Finance Limited, balance will be wired later.

About Yuan Transfer, the handling charge from their end is around 1.8%~1.9% of wired amount, so we suggest lender to wire extra amount already. Pls let us know the actual arrival amount so we can track if there is any bank charge inside of United States other than Yuan Transfer.

**Lynn Zhou**
**Vice President**
Platinum Investment Corporation
lynn@yding.cn
www.yding.cn

---

**5EachGeneral accessories**

Wire\x26nbsp;Receipt\x26nbsp;-\x26nbsp;Wall012\x26nbsp;-100,000\x26nbsp;-Liu\x26nbsp;Yadan.pdf (1.05M)

Wire\x26nbsp;Receipt\x26nbsp;-\x26nbsp;Wall012\x26nbsp;-50,000\x26nbsp;-Zhang\x26nbsp;Ying.pdf (1.04M)

Wire\x26nbsp;Receipt\x26nbsp;-\x26nbsp;Wall012\x26nbsp;-200,000\x26nbsp;-Gao\x26nbsp;Huaizhen.pdf (1.05M)

Wire\x26nbsp;Receipt\x26nbsp;-\x26nbsp;Wall012\x26nbsp;-500,000\x26nbsp;-Jiang\x26nbsp;Li.pdf (1.05M)

Wire\x26nbsp;Receipt\x26nbsp;-\x26nbsp;Wall012\x26nbsp;-150,000\x26nbsp;-Yan\x26nbsp;Feng.pdf (1.04M)

# Wall012, LLC

June 1, 2018

Zhang Ying
Passport Number: E45741507
1-6-501,No 9,Fangyuan Nanli,Chaoyang District,
Beijing, China
judy7835@hotmail.com
(86) 13601011962

Dear Zhang Ying:

This letter will serve as confirmation by Wall012, LLC that we have received the amount of USD 50,000.00 by wire transfer into our account at Capital One Bank on May 30, 2018.

The loan proceeds stated above will be paid with interest to the original sending account in accordance with the time, terms and conditions of the Loan Agreement.

Please contact the undersigned immediately if you have any questions regarding this receipt.

Sincerely,
Wall012, LLC

By: Timothy Barton
President of Carnegie Development LLC
The Managing Member of Wall012 LLC

# Wall012, LLC

June 1, 2018

Yan Feng
Passport Number: E88861852
54#, No.219 Gaomuqiao Road., Pudong District,
Shanghai, China
yan.windy@163.com
(86) 18502159855

Dear Yan Feng:

This letter will serve as confirmation by Wall012, LLC that we have received the amount of USD 150,000.00 by wire transfer into our account at Chase Bank on May 31, 2018.

The loan proceeds stated above will be paid with interest to the original sending account in accordance with the time, terms and conditions of the Loan Agreement.

Please contact the undersigned immediately if you have any questions regarding this receipt.

Sincerely,
Wall012, LLC

By: Timothy Barton
President of Carnegie Development LLC
The Managing Member of Wall012 LLC

# Wall012, LLC

June 1, 2018

Gao Huaizhen
Passport Number: G28257288
Room802,Unit Jia,Building4,Dongpo Yajv,Tianning District,
Changzhou,Jiangsu, China
13606115081@163.com
(86) 13606115081

Dear Gao Huaizhen:

This letter will serve as confirmation by Wall012, LLC that we have received the amount of USD 200,000.00 by wire transfer into our account at Chase Bank on May 29, 2018.

The loan proceeds stated above will be paid with interest to the original sending account in accordance with the time, terms and conditions of the Loan Agreement.

Please contact the undersigned immediately if you have any questions regarding this receipt.

Sincerely,
Wall012, LLC

By: Timothy Barton
President of Carnegie Development LLC
The Managing Member of Wall012 LLC

# Wall012, LLC

June 1, 2018

Jiang Li
Passport Number: EA3681029
1-5-401 , North dormitory, Haidian Health Bureau,
Qinghe 3rd Street, Haidian District, Beijing, China
kwj80@163.com
(86) 13611224740

Dear Jiang Li:

This letter will serve as confirmation by Wall012, LLC that we have received the amount of USD 500,000.00 by wire transfer into our account at Chase Bank on May 30, 2018.

The loan proceeds stated above will be paid with interest to the original sending account in accordance with the time, terms and conditions of the Loan Agreement.

Please contact the undersigned immediately if you have any questions regarding this receipt.

Sincerely,
Wall012, LLC

By: Timothy Barton
President of Carnegie Development LLC
The Managing Member of Wall012 LLC

# Wall012, LLC

June 1, 2018

Liu Yadan
Passport Number: G44599134
Room2008,Building10,Cuiwei Xili,Wanshou Road,
Haidian District,Beijing, China
liuyadan2009@163.com
(86) 13901316694

Dear Liu Yadan:

This letter will serve as confirmation by Wall012, LLC that we have received the amount of USD 100,000.00 by wire transfer into our account at Capital One Bank on May 30, 2018.

The loan proceeds stated above will be paid with interest to the original sending account in accordance with the time, terms and conditions of the Loan Agreement.

Please contact the undersigned immediately if you have any questions regarding this receipt.

Sincerely,
Wall012, LLC

By: Timothy Barton
President of Carnegie Development LLC
The Managing Member of Wall012 LLC

**Wire receipts**

Sender:Hongpeng Lin<HLin@jmjdevelopment.net>

Time between:Wednesday, Jan 23, 2019 1:04 AM

Recipient:郭虹<Michelle@yding.cn>

copy give away:Saskya Bedoya<SBedoya@jmjdevelopment.net>; Lynn@yding.cn<Lynn@yding.cn>

Hi Michelle,

Attached please find the wire receipts for Camillo Lake and Wall017.

Thanks,

Hongpeng Lin

JMJ Development, Inc.

1755 Wittington Place

Suite 340

Dallas, TX 75234

P: 972.385.9934

F: 972.241.4484

HLin@jmjdevelopment.net

www.jmjdevelopment.net

The information transmitted is intended only for the person or entity to which it is addressed and may contain confidential and / or privileged material. Any review, retransmission, dissemination or other use of, or taking action of any action in reliance upon this information by persons or entities other than the intended recipient is prohibited. If you received this message in error, please contact the sender and delete the material from all computers.

---

**4EachGeneral accessories**

Wire\x26nbsp;Receipt\x26nbsp;-\x26nbsp;Camillo\x26nbsp;lakes\x26nbsp;II\x26nbsp;-Qin\x26nbsp;Zhao\x26nbsp;-\x26nbsp;lot\x26nbsp;2-31\x26nbsp;-\x26nbsp;$48000.pdf (1.17M)

Wire\x26nbsp;Receipt\x26nbsp;-\x26nbsp;Wall017-\x26nbsp;$300k-\x26nbsp;Fan\x26nbsp;Xiaomin.pdf (1.29M)

Wire\x26nbsp;Receipt\x26nbsp;-\x26nbsp;Wall017-\x26nbsp;$100,000-\x26nbsp;Luo\x26nbsp;Aiguo.pdf (1.25M)

Wire\x26nbsp;Receipt\x26nbsp;-\x26nbsp;Wall017-1\x26nbsp;million-\x26nbsp;Gao\x26nbsp;Fei.pdf (1.28M)

**JMJAV, LLC**

January 17, 2019

Qin Zhao
No.7 Longteng Rd., Maoshan Industrial Zone, Jiangshan County,
Yinzhou District, Ningbo, Zhejiang, China
mariszhao@vip.163.com
0086- 13805862053

Dear Qin Zhao:

This letter will serve as confirmation by JMJAV LLC that we have received the amount of USD 48,000.00 by wire transfer, as earnest money for purchasing of Camillo Lakes II lot 2-31, on January 14,2019.

Sincerely,

By: Saskya Bedoya

Director of Finance

**13901 Midway Rd Suite 102, Dallas, TX 75244**
Phone (972) 385-9934 Fax (972) 241-4484

# Wall017, LLC

January 17, 2019

Luo Aiguo
Passport Number: G53172582
2-2-1401, Xiyuan, Jialvjingyuan Dongxiyuan,
Xihu District, Hangzhou, Zhejiang, China
373892105@qq.com
(86) 13705711191

Dear Luo Aiguo:

This letter will serve as confirmation by Wall017, LLC that we have received the amount of USD 100,000.00 by wire transfer into our account at Wells Fargo Bank on January 14, 2019.

The loan proceeds stated above will be paid with interest to the original sending account in accordance with the time, terms and conditions of the Loan Agreement.

Please contact the undersigned immediately if you have any questions regarding this receipt.

Sincerely,
Wall017, LLC

By: Timothy Barton
President of Carnegie Development LLC
The Managing Member of Wall017 LLC

# Wall017, LLC

January 17, 2019

Fan Xiaomin
Passport Number: E26113857
E-8D, Huating Jiayuan, No. 6 Beisihuan Zhonglu,
Chaoyang District, Beijing, China
wangzhiqing220@163.com
(86) 18601199358

Dear Fan Xiaomin:

This letter will serve as confirmation by Wall017, LLC that we have received the amount of USD 300,000.00 by wire transfer into our account at Chase Bank on January 7, 2019.

The loan proceeds stated above will be paid with interest to the original sending account in accordance with the time, terms and conditions of the Loan Agreement.

Please contact the undersigned immediately if you have any questions regarding this receipt.

Sincerely,
Wall017, LLC

By: Timothy Barton
President of Carnegie Development LLC
The Managing Member of Wall017 LLC

# Wall017, LLC

January 17, 2019

Gao Fei
Passport Number: G41758382
No.65, Xisi Bei'ertiao, Xicheng District,
Beijing, China
gaofei699@126.com
(86) 13311193699

Dear Gao Fei:

This letter will serve as confirmation by Wall017, LLC that we have received the amount of USD 1,000,000.00 by wire transfer into our account at Wells Fargo Bank on January 4, 2019.

The loan proceeds stated above will be paid with interest to the original sending account in accordance with the time, terms and conditions of the Loan Agreement.

Please contact the undersigned immediately if you have any questions regarding this receipt.

Sincerely,
Wall017, LLC

By: Timothy Barton
President of Carnegie Development LLC
The Managing Member of Wall017 LLC

# EXHIBIT "B"

**REQUEST NO. 25:** True and correct copies of any and all invoices tendered on You by Your counsel of record for fees and expenses incurred in relation to this Involuntary Case with any attorney-client privileged information redacted whether or not such fees have been paid or will be paid by You or any Third Party.

**RESPONSE:** Petitioning Creditor asserts the Relevancy, Ambiguity, Confidentiality, and Legal Conclusion Objections. The documents sought are entirely irrelevant to the claims and defenses raised in this Case and are not reasonably calculated to lead to the discovery of admissible evidence. Therefore, the Petitioning Creditor will maintain a privilege log and will not respond further to this Request.

**REQUEST NO. 34:** True and correct copies of any and all United States Certificate of Naturalization issued to You.

**RESPONSE:** Petitioning Creditor asserts the Relevancy, Undue Burden, and Confidentiality Objections. The documents sought are entirely irrelevant to the claims and defenses raised in this Case and are not reasonably calculated to lead to the discovery of admissible evidence. Therefore, the Petitioning Creditor will not respond further to this Request.

**REQUEST NO. 35:** True and correct copies of any and all United States residency card issued to You.

**RESPONSE:** Petitioning Creditor asserts the Relevancy, Undue Burden, and Confidentiality Objections. The documents sought are entirely irrelevant to the claims and defenses raised in this Case and are not reasonably calculated to lead to the discovery of admissible evidence. Therefore, the Petitioning Creditor will not respond further to this Request.

**REQUEST NO. 36:** True and correct copies of any and all passports issued to You by any country and any United States visas issued to You.

**RESPONSE:** Petitioning Creditor asserts the Relevancy, Undue Burden, and Confidentiality Objections. The documents sought are entirely irrelevant to the claims and defenses raised in this Case and are not reasonably calculated to lead to the discovery of admissible evidence. Therefore, the Petitioning Creditor will not respond further to this Request.

**REQUEST NO. 37:** True and correct copies of any tax identification number issued to You by the Internal Revenue Service of the United States,

**RESPONSE:** Petitioning Creditor asserts the Relevancy, Undue Burden, and Confidentiality Objections. The documents sought are entirely irrelevant to the claims and defenses raised in this Case and are not reasonably calculated to lead to the discovery of admissible evidence. Therefore, the Petitioning Creditor will not respond further to this Request.

**REQUEST NO. 38:** True and correct copies of any and all other United States identification card or paper issued to You by the United States, including by an applicable state government of the United States, including without limitation any driver's licenses, social security cards, or tax identification form.

**RESPONSE:** Petitioning Creditor asserts the Relevancy, Undue Burden, and Confidentiality Objections. The documents sought are entirely irrelevant to the claims and defenses raised in this Case and are not reasonably calculated to lead to the discovery of admissible evidence. Therefore, the Petitioning Creditor will not respond further to this Request.

**REQUEST NO. 39:** True and correct copies of any and all Documents containing personal identification information that You provided to the Alleged Debtor prior to the Date of the Involuntary Petition.

**RESPONSE:** Petitioning Creditor asserts the Relevancy, Undue Burden, and Confidentiality Objections. The documents sought are entirely irrelevant to the claims and defenses raised in this Case and are not reasonably calculated to lead to the discovery of admissible evidence. Therefore, the Petitioning Creditor will not respond further to this Request.

**REQUEST NO. 40:** True and correct copies of any and all Documents containing personal identification information that You provided to any of the Fu Parties prior to the Date of the Involuntary Petition.

**RESPONSE:** Petitioning Creditor asserts the Relevancy, Undue Burden, and Confidentiality Objections. The documents sought are entirely irrelevant to the claims and defenses raised in this Case and are not reasonably calculated to lead to the discovery of admissible evidence. Therefore, the Petitioning Creditor will not respond further to this Request.

# EXHIBIT "C"

**INTERROGATORY NO. 8:** Identify and describe any and all notices sent by Your or on Your behalf to, approvals applied for, or approvals received from any government agency located in China or any other country prior to the transmission of any funds by You or any other person on Your behalf including any Agent, including without limitation pre-approvals from the National Development and Reform Commission, the Ministry of Commerce, the State Administration of Foreign Exchange, and People's Bank of China.

**ANSWER:** Petitioning Creditor asserts the Relevancy, Ambiguity, Undue Burden, Confidentiality, and Legal Conclusion Objections. The information sought is entirely irrelevant to the claims and defenses raised in this Case and are not reasonably calculated to lead to the discovery of admissible evidence. Therefore, the Petitioning Creditor will not respond further to this Request.

**INTERROGATORY NO. 12:** Please describe Your past and current relationship with the other Petitioning Creditors and any Other Lenders that You have met either in person or via telephonic or Electronic means and the Date upon which such relationship first began.

**ANSWER:** Petitioning Creditor asserts the Relevancy Objection. The information sought is entirely irrelevant to the claims and defenses raised in this Case and are not reasonably calculated to lead to the discovery of admissible evidence. Therefore, the Petitioning Creditor will not respond further to this Request.

**INTERROGATORY NO. 15:** Describe any of Your current or future plans to be represented by any attorneys, other than Your counsel of record in this Involuntary Case, with respect to any claims or asserted defaults against the Alleged Debtor.

**ANSWER:** Petitioning Creditor asserts the Relevancy, Ambiguity, Undue Burden, Attorney/Client Privilege, and Legal Conclusion Objections. The information sought is entirely irrelevant to the claims and defenses raised in this Case and are not reasonably calculated to lead to the discovery of admissible evidence. Therefore, the Petitioning Creditor will not respond further to this Request.

**INTERROGATORY NO. 16:** Describe any written or oral communications, representations, and whatever reason, into efforts to organize You, the Petitioning Creditors, and any Other Lenders who are not Petitioning Creditors, for the filing of this Involuntary Case.

**ANSWER:** Petitioning Creditor asserts the Relevancy, Ambiguity, Undue Burden, Attorney/Client Privilege, and Legal Conclusion Objections. The information sought is entirely irrelevant to the claims and defenses raised in this Case and are not reasonably calculated to lead to the discovery of admissible evidence. Therefore, the Petitioning Creditor will not respond further to this Request.

**INTERROGATORY NO. 17:** Identify and describe the amount, source, and method of payment of any and all legal fees incurred by You or incurred on Your behalf, including any prepaid retainer, related to this Involuntary Case including whether nor not any of the Fu Parties paid any legal fees on Your behalf including without limitation the initial retainer amount, and if such legal fees were paid by any of the Fu Parties the date You first learned that any of the Fu Parties would pay or had paid such legal fees and how You learned such information.

**ANSWER:** Petitioning Creditor asserts the Relevancy, Ambiguity, Undue Burden, Attorney/Client Privilege, and Legal Conclusion Objections. The information sought is entirely irrelevant to the claims and defenses raised in this Case and are not reasonably calculated to lead to the discovery of admissible evidence. Therefore, the Petitioning Creditor will not respond further to this Request.

**INTERROGATORY NO. 18:** Identify and describe who delivered, and the method used to deliver, a draft of the involuntary petition to You and the process to consent to and sign the Involuntary Petition including without limitation identification of any Third Party, including any of the Fu Parties and any attorney, who provided the initial draft or provided any explanation of the involuntary petition.

**ANSWER:** Petitioning Creditor asserts the Relevancy, Ambiguity, Undue Burden, Attorney/Client Privilege, and Legal Conclusion Objections. The information sought is entirely irrelevant to the claims and defenses raised in this Case and are not reasonably calculated to lead to the discovery of admissible evidence. Therefore, the Petitioning Creditor will not respond further to this Request.

# EXHIBIT "D"

**REQUEST NO. 94:** Admit that at least one of the Fu Parties retained Your attorneys in this Involuntary Case on Your Behalf.

**RESPONSE:** Petitioning Creditor asserts the Relevancy, Ambiguity and Attorney/Client Privilege Objections. The information sought is entirely irrelevant to the claims and defenses raised in this Case and are not reasonably calculated to lead to the discovery of admissible evidence. Therefore, the Petitioning Creditor will not respond further to this Request.

**REQUEST NO. 95:** Admit that Michael Fu retained Your attorneys in this Involuntary Case on Your Behalf.

**RESPONSE:** Petitioning Creditor asserts the Relevancy, Ambiguity and Attorney/Client Privilege Objections. The information sought is entirely irrelevant to the claims and defenses raised in this Case and are not reasonably calculated to lead to the discovery of admissible evidence. Therefore, the Petitioning Creditor will not respond further to this Request.

**REQUEST NO. 96:** Admit that at least one of the Fu Parties paid the initial retainer to Your attorneys in this Involuntary Case on Your Behalf.

**RESPONSE:** Petitioning Creditor asserts the Relevancy, Ambiguity and Attorney/Client Privilege Objections. The information sought is entirely irrelevant to the claims and defenses raised in this Case and are not reasonably calculated to lead to the discovery of admissible evidence. Therefore, the Petitioning Creditor will not respond further to this Request.

**REQUEST NO. 97:** Admit that Michael Fu paid the initial retainer to Your attorneys in this Involuntary Case on Your Behalf.

**RESPONSE:** Petitioning Creditor asserts the Relevancy, Ambiguity and Attorney/Client Privilege Objections. The information sought is entirely irrelevant to the claims and defenses raised in this Case and are not reasonably calculated to lead to the discovery of admissible evidence. Therefore, the Petitioning Creditor will not respond further to this Request.