**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| In re:<br><br>WALL007 LLC, *et al.*,[1]<br><br>Alleged Debtors. | Chapter 7<br><br>Case No. 20-31131 (HDH)<br>(Jointly Administered) |

**<u>PETITIONING CREDITORS' AMENDED MOTION TO COMPEL</u>**

Jun Li, Yunding Kang, Cunxiang Ji, Jin Wang, Peng Guo, Lin Zhou, Qu Chen, Kai Tian, Yijing Wu, Xuegeng Gong, Jin Wang, Weijia Kong, Heng Zhang, Hong Guo, Pei Guan, Yue Xu, Mai Ye, Chenchen Jiang, Qiuying Li, Ruinian Wu, Lin Zhou, Liying Yang, Yan Zhang, Wenjun Wang, Ying Zhou, Lin Li, Li Jiang, Rufeng Ding, Cunxiang Ji, Lin Gao, Qiao Qin, Yue Zhang, Xiaodong Hao, Tianqing Song, Li Jiang, Weisi Wang, Xiaoquan Dai, Feng Yan, Heng Zhang, Ou Jiang, Jinzhe Wu, Yadan Liu, Wanwan Li, Wenjuan Yin, Jiancheng Chen, Yi Tang, Ying Zhang, Pengfei Dong, Kangying Mao, Yijing Wu, Li Jiang, Qin Chu, Yulan Chen, Sicheng Zhan, Pei Guan, Jingqiu Tang, Di Tang, Jun Zeng, Kui Wang, Yue Zhang, Jun Wang, Xiaomin Fan, Di Tang, Jialin Hu, Qin Chu, Jiaxiang Lu, Fuqing Chen, Hanjiang Fu, Aiguo Luo, Fang Ding, Xiangdong Zhu, Wai Ying, Yuan Yuan, Chao Xu, Guoqin Zhou, Yijing Wu (collectively, the "Petitioning Creditors"), by and through their counsel, hereby submit this amendment to the Petitioning Creditors Motion to Compel ("Motion to Compel"), pursuant to Rule 7037 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Federal Rule of Civil Procedure 37, for entry of an order, substantially in the form attached hereto as Exhibit "H" (the

---

[1] The Alleged Debtors in these cases are: WALL007 LLC, WALL009 LLC, WALL010 LLC, WALL011 LLC, WALL012 LLC, WALL016 LLC, and WALL017 LLC. The Alleged Debtors' federal tax identification numbers are unknown to the Petitioning Creditors sat this time.

**EXHIBIT "5"**

"Proposed Order"), (a) compelling responses to the Petitioning Creditors' First Request for Production of Documents and First Set of Interrogatories [Dkt. No. 92] and (b) compelling certain party deponents to appear for depositions, pursuant to Federal Rule of Civil Procedure 30(b)(4)(the "Amended Motion to Compel"). In further support of the Amended Motion to Compel, the Petitioning Creditors respectfully represent as follows:

**FACTS AND ARGUMENT[2]**

1. As the Court is aware, the history of this discovery saga between the parties dates back almost to the beginning of this case but the following recounts the most recent chronology of events.

2. On July 27, 2020, counsel for Petitioning Creditors sent an email to the Alleged Debtors' counsel requesting depositions of Barton and Bedoya. See, Exhibit "A."

3. On July 29, 2020, counsel once again requested dates for their depositions. See, Exhibit "A."

4. On August 7, 2020, Mr. Metzger responded that he represented Barton and that Barton would be produced but not until after the hearing on August 17th. See, Exhibit "A."

5. During subsequent communications, counsel for the Petitioning Creditors advised counsel for the Alleged Debtors and Mr. Metzger, that Barton and Bedoya would be noticed for deposition as representatives of the Alleged Debtors and that if the dates set forth did not work, alternative dates could be worked out.

6. Barton and Bedoya were identified by the Alleged Debtors in their interrogatories as officers of the Alleged Debtors (President and Treasurer/Secretary, respectively).

---

2 Capitalized terms not defined in this section are defined in a later section of the Amended Motion to Compel or in the Motion to Compel.

7. On July 31, 2020, the Petitioning Creditors sent Notices of Deposition and Subpoenas to the Alleged Debtors' counsel regarding the depositions of the Corporate Deponents, Barton, Bedoya and the 30(b)(6) Deponent. See Exhibit "B."

8. The depositions of Barton and Bedoya were scheduled for August 10th and 11th. See, Exhibit "B."

9. The deposition of the corporate designee was scheduled for August 10th. See, Exhibit "B."

10. At the same time, the Alleged Debtors have served Notices of Depositions to 21 Petitioning Creditors. The Petitioning Creditors believe these depositions are largely duplicative and interposed for harassment, but will not object to these depositions moving forward provided that the Alleged Debtors agree to reasonable dates and time periods and take them via video or phone. The Petitioning Creditors cannot travel here from China due to COVID-19 travel restrictions and, frankly, given the current environment, counsel for the Petitioning Creditors would respectfully request that the Court not require them to travel here and potentially expose themselves or others to COVID-19. See, Exhibit "C."

11. It is apparently the Alleged Debtors' position that they (i) either will not produce Barton and Bedoya for deposition until the Alleged Debtors' Motion to Dismiss is ruled on by this Court (no date has been set for such hearing) or, even if they do produce them, (ii) they will unilaterally impose a limit on the scope of the depositions. See, Exhibit "D."

12. In an attempt to circumvent the discovery rules and prevent Barton and Bedoya from testifying at a deposition, the Alleged Debtors sent the Petitioning Creditors a "Joint Stipulation"—which was oddly presented in the form of a motion—in which the Alleged Debtors' counsel states:

> The Petitioners have noted rush depositions of several representatives of the Alleged Debtors, which they are seeking to take in the next two weeks. It is the Alleged Debtors' position, however, that any discovery that take place before the dispositive motions are resolved should be limited only to discovery related to the dispositive issues raised in those motions, as the Petitioners' standing in this Court is in question thus the Petitioners are not yet entitled to obtain discovery. Further, resolution that results in disposing of this case would render discovery efforts meaningless, thus limiting discovery to only dispositive issues could conserve the resources of the parties and protect the parties from unnecessary exposure of sensitive information. The Alleged Debtors have in good faith limited their discovery productions on these grounds. As the parties are scheduled to come before this Court on August 17, 2020 to resolve certain outstanding discovery issues (including the issue of whether to stay discovery), the Alleged Debtors intend to do so at least until that date, including in the depositions that the Petitioners have noted for prior to the August 17th hearing.

See, Exhibit "E"

13. The Petitioning Creditors will not agree to the Alleged Debtors' "Joint Stipulation" as they believe that they are entitled to documents, information, and deposition testimony relevant to the claims and defenses asserted by the parties in the case. Accordingly, this Amended Motion to Compel was necessarily filed and not as a result of a lack of good faith efforts on the part of the Petitioning Creditors and their counsel to resolve the matters consensually.

14. In sum, after weeks of efforts to resolve these discovery disputes consensually, the Petitioning Creditors file this Amended Motion to Compel as a result of the Alleged counsel advising the Petitioning Creditors' counsel, on August 7, 2020, that (i) they were uncertain whether they would produce for video (or even phone) deposition three of the Alleged Debtors' corporate representatives—President, Timothy Barton ("Barton"), a corporate designee pursuant to Rule 30(b)(6) ("30b6 Deponent") and Treasurer/Secretary, Saskya Bedoya ("Bedoya")

Case 20-31131-hdh7 Doc 141 Filed 08/14/20 Entered 08/14/20 15:30:16 Page 5 of 16

(collectively, the "Corporate Deponents")—prior to this Court's determination on alleged dispositive issues raised in the Alleged Debtors first "Motion to Dismiss," filed in this proceeding three months ago, on May 7, 2020.

15. Two other depositions were also noticed by Petitioning Creditors of Hongpeng Lin and Murugan Venkat (the "Other Deponents") (collectively with the Corporate Deponents, the "Deponents"), pursuant to subpoenas, one of which was served on Mr. Lin and the other which remains pending for service.

16. Counsel for Timothy Barton, Mr. Metzger, has said that he **may** represent the Other Deponents, individually, but has yet to confirm same. Apparently, Mr. Metzger represents the Corporate Deponents, individually, but they were noticed for deposition as representatives of the Alleged Debtors, with the exception of Mr. Barton who also must answer questions related to the Petitioning Creditors Motion for Sanctions against him for violating this Court's Order of June 4, 2020.

17. On August 7, 2020, after two weeks of back and forth between counsel and service of Notices and Subpoenas ("Deposition Notices") on the Corporate and Other Deponents ("the Deponents") and counsel, Mr. Metzger advised Petitioning Creditors that even if any of the depositions went forward prior to the August 17, 2020 hearing on the Motion to Compel, counsel would unilaterally limit the depositions to suit his purposes-namely, to delay these proceedings and prevent Petitioning Creditors from getting to relevant information and the truth of the matter. See, email chains between counsel dating back to July 27, 2020 annexed hereto collectively as Exhibit "A" and Exhibits "D" and "E."

18. This new unilaterally imposed bar to Petitioning Creditors' discovery rights is of course consistent with the Alleged Debtors' prior refusals to act in good-faith during the

discovery process and their abundantly apparent attempts to delay these proceedings and prevent the Petitioning Creditors from taking discovery to support their Petitions, refute the defenses asserted and of course from discovering the truth about what happened here with their loans ("Loans") to the Alleged Debtors.

19. It has taken the Alleged Debtors two months to provide Petitioning Creditors with some responsive documents and answers to written discovery. See, annexed Exhibits "B" and "F" which is a list of those discovery documents produced, and which the Alleged Debtors have promised to produce, but have not as of the filing of this Amended Motion.

20. However, many gaps in their discovery responses remain as evidenced by their failure to produce documents and responses despite promising to do so; their refusal to respond to certain relevant requests as detailed herein and in the Motion to Compel; and their most recent refusal to produce witnesses for depositions without their self-imposed restrictions.

21. The Alleged Debtors assert (a) that they are paying their debts as they come due but refuse to produce financial documents or key witnesses to substantiate same; (b) that they are being adversely impacted by the pending proceedings (and have asserted by way of defense that the proceedings are not in their best interests or those of the creditors), yet they refuse to produce simple discovery which would substantiate these claims (i.e., their corporate documents to substantiate they are legitimate companies; their business books and records to substantiate that they have assets which might be effected; their corporate President and financial officer to testify on these and other relevant topics); (c) that they are incurring damages as a result of these Petitions (without producing any proof thereof); (d) that they received the loan proceeds at issue (some $20,000,000) yet for some reason do not have to pay that money back to the Petitioning Creditors (again calling into question the Alleged Debtors' business operations; assets; books and

Case 20-31131-hdh7 Doc 121 Filed 08/14/20 Entered 08/14/20 ... Page 7 of 16

records and the facts squarely within the knowledge of the Deponents and which might be reflected by the subject books and records).

22. The Alleged Debtors' primary defense to the Petitions, that they don't want to pay back the Petitioning Creditors (or now do not have to pay them back), because they may not be the correct lenders, is nothing more than a ruse to delay the obvious, the Alleged Debtors apparently do not have the cash or assets to pay back the Loans and they will do anything to delay these proceedings and prevent the Petitioning Creditors from discovering the truth of what the Debtors under the tutelage of Mr. Barton did with their money.

23. The Alleged Debtors had no problem whatsoever accepting some $20,000,000 in Loan money from the Petitioning Creditors pursuant to the "Loan Agreements"; verifying receipt of the Loan proceeds ("Loan Proceeds") from the Petitioning Creditors (See, Loan Verifications Exhibit " A" to the *Opposition Of Petitioning Creditors To The Alleged Debtors' Second Motion To Compel Discovery Responses* [Dkt. 119]); commencing interest payments to some of the Petitioning Creditors on the early Loans; and, quite unbelievably, maintaining in this proceeding that they would pay the Loans back but that they "don't know how or who to pay."

24. In fact, the Alleged Debtors maintain in their own pleading that:

> The disagreement as to how and to whom the loans should be repaid is the primary underlying dispute with regards to this case. The parties attempted to mediate the dispute – with Fu acting as the agent for the lenders in the mediation – but no resolution was reached.

See, *Alleged Debtors' Motion to Compel Production of Documentary Evidence Permitting Verification of Electronic Signatures and Stay All Additional Discovery of Non-Dispositive Issues, or in the alternative to invalidate the involuntary petition and to schedule a hearing in conjunction with Creditors' Motion to Compel*, p.3

In other words, the Alleged Debtors on the one had argue that they simply cannot pay the Loans back because they don't know who to pay but, on the other, apparently argue that they do not have to pay anyone on the Loans! It is an absurd construct of delay by the Alleged Debtors.

25. The Requests by Petitioning Creditors regarding admissions and declarations, including those against interest, are therefore highly relevant to these proceedings (ie., do they agree that the Loans must be paid or not? If so, why do they now dispute that they must repay the Loans to the Petitioning Creditors who are the lenders under the Loan Agreements?).

26. The Requests for documents evidencing how the Alleged Debtors took in the Loan Proceeds, and what they did with them, are directly relevant to these proceedings and the assertions of the Alleged Debtors as set forth above in their Motion to Dismiss.

27. The Requests for documents demonstrating whether the Alleged Debtors are legitimate companies with real assets and liabilities are not only relevant to the Petitions but also to other matters pending before this Court including, but not limited to, the *Motion for Stay Relief* of TAMAMOI, LLC [Dkt. No. 86] wherein the Alleged Debtors, or at least one of them, received a transfer of real property subject to TAMAMOI, LLC's lien claims, from (Carnegie Development, LLC) unbeknownst to the lender and to the Petitioning Creditors.

28. The Petitioning Creditors' understanding (as memorialized in the Loan Agreements) was that the Loan Proceeds would be used **by the Alleged Debtors** to purchase and "horizontally develop" real property for investment purposes and, in the process, the Loans would be repaid by the Alleged Debtors to the Petitioning Creditors in a timely fashion per the Loan Agreements.

29. What exactly the Alleged Debtors (or more aptly perhaps Mr. Barton) did with the Loan Proceeds remains a mystery to the Petitioning Creditors.

30. There is nothing in the Court's Order or Approved Discovery Plan, which limits the discovery obligations of the Alleged Debtors as they now unilaterally claim to the Petitioning Creditors.

31. To be clear, the Alleged Debtors astounding current assertion is that until the Court renders a decision on the First Motion to Dismiss, which has been pending since early May and has yet to be scheduled for hearing, the Alleged Debtors do not have to produce relevant financial documents or key witnesses—the Deponents—who they will undoubtedly rely on in support of their Motion to Dismiss which, in turn as pled, goes well beyond a Rule 12(b)(6) Motion as it raises all types of disputed facts and questions of law.

32. The general excuse the Alleged Debtors now interpose (through their counsel), in order to avoid their discovery obligations, is that the Requests are not relevant to the Court making a determination on the Petitions.

33. The Alleged Debtors are now using this same "rationale" to prevent the Petitioning Creditors from taking the depositions of Barton and Bedoya, in their official capacity as officers of the Alleged Debtors—despite it being highly likely that they have information that is directly relevant to the underlying claims and defenses in this case.

34. The Alleged Debtors' parroted relevancy objections without substance are untenable, particularly given the Fifth Circuit's broad interpretation of the relevancy standard. Coughlin v. Lee, 946 F.2d 1152, 1159 (5th Cir. 1991).

35. The Alleged Debtors' have made it abundantly clear that they will not participate in the discovery process in good faith unless, unfortunately, this Court gets involved and, therefore, the Petitioning Creditors are forced to file and proceed with this Amended Motion to Compel.

Case 20-31111-hdh7 Doc 129 Filed 08/14/20 Entered 08/14/20 15:20:30 Desc

36. The Petitioning Creditors' counsel have tried repeatedly over the last few weeks to reach some type of resolution of the Alleged Debtors' objections to producing corporate and financial documents for the Alleged Debtors and the Deponents. See, Exhibit "A."

37. On or about July 30, 2020, the parties conferred via a phone call in an attempt to discuss the numerous discovery disputes outlined in the Motion to Compel and the first and second motions to compel filed by the Alleged Debtors (collectively, the "Alleged Debtors' Motions to Compel") [Dkt. Nos. 101 and 105].

38. The Alleged Debtors indicated that they would be producing additional documents and information agreed upon by the parties on the call and would take under advisement whether to produce financial documents for the Alleged Debtors and witnesses.

39. The Alleged Debtors' counsel sent the amended discovery responses (See, Exhibit "G") and a letter with a link to additional documents which is broken. Petitioning Creditors are waiting for counsel to fix the link.

40. However, notwithstanding the attempted supplemental production, to date, the Alleged Debtors have **flat out refused to produce any true corporate or financial documentation from which the Alleged Debtors intend to support their defenses**. See, Exhibit "F" - a summary list of what the Alleged Debtors have produced as of August 9, 2020.[3]

41. "The purpose of discovery is to ascertain the truth." In re Certain Asbestos Cases, 112 F.R.D. 427, 432 n. 8 (N.D. Tex. 1986) (Fitzwater, J.); see also Batson v. Neal Spelce Assocs., Inc., 112 F.R.D. 632, 642 (W.D. Tex. 1986) ("Mutual knowledge of all of the relevant facts gathered by both parties is essential to proper litigation.").

[3] The Alleged Debtors' indicated they would produce all of the Alleged Debtors' communications with the Petitioning Creditors and with Michael Fu and his representatives. See, Exhibit "F."

42. This is why the Federal Rules permit parties to “obtain discovery regarding any non-privileged matter that is relevant to any party’s claim or defense,” without regard to whether the information will be ultimately admissible at trial, so long as the request “appears reasonably calculated to lead to the discovery of admissible evidence.” FED. R. CIV. P. 26(b)(1). These liberal discovery provisions are meant to encourage full vetting of the issues and facts prior to trial, and to “remove surprise,” prevent sandbagging, and avoid a favorable trial outcome based on the disfavored practice of “trial by ambush.” Super Future Equities, Inc. v. Wells Fargo Bank Minn., N.A., 2007 WL 441037, at *8 (N.D. Tex. Dec. 14, 2007).

43. The Fifth Circuit has held that “relevance” is to be construed broadly—information is relevant as long as it “encompass[es] any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case.” Coughlin v. Lee, 946 F.2d 1152, 1159 (5th Cir. 1991). Additionally, relevancy is not limited to admissible evidence. Id.

44. Federal Rule of Civil Procedure 30(b)(6) provides that a litigant may direct a notice of deposition to an organization, which must then designate one or more officers, directors, or other persons to testify on its behalf about information known or reasonably available to it. FED. R. CIV. P. 30(b)(6).

45. The rule streamlines the discovery process and places the burden of identifying responsive witnesses for a corporation on the corporation, which appears vicariously through its designee. Resolution Trust Corp. v. S. Union Co., 985 F.2d 196, 197 (5th Cir.1993).

46. “The duty to present and prepare a Rule 30(b)(6) designee goes beyond matters personally known to that designee or to matters in which that designee was personally involved. The deponent must prepare the designee to the extent matters are reasonably available, whether

from documents, past employees, or other sources." Brazos River Auth. v. GE Ionics, Inc., 469 F.3d 416, 433 (5th Cir.2006) (internal quotation marks and footnotes omitted).

47. Also, because under Rule 30(b)(6), the designated witness acts as the agent for the corporation, if a certain fact is within the collective knowledge or subjective belief of the organization, the designee should be prepared on the issue by the organization and allowed to testify as to it even if it is not within her direct personal knowledge. Id. at 435.

48. In particular, the deponent must prepare the designated witness to "answer fully, completely, unevasively, the questions posed ... as to the relevant subject matters." Id.

49. If the designated deponent is not knowledgeable about relevant facts, and the corporation has failed to designate an available, knowledgeable witness then the appearance is essentially no appearance at all, and sanctions may be imposed. Resolution Trust Corp. v. S. Union Co., 985 F.2d 916, 197 (5th Cir. 1993); see also Super Future Equities, Inc. v. Wells Fargo Bank Minn.,N.A., 2007 WL 4410370, *8 (N.D.Tex.2007) (citing approvingly cases holding that Rule 30(b)(6) requires the corporation to prepare its designee to give binding answers); Resolution Trust Corp. v. Sands, 151 F.R.D. 616, 618–19 (N.D.Tex.1993) (holding that Rule 30(b)(6) requires an entity to designate a witness to "testify as to matters known or reasonably available to the organization.") (emphasis added).

50. The Petitioning Creditors seek to depose the Corporate Deponents, Barton and Bedoya (and a 30(b)(6) designee if other than them), in their capacities as President and Treasurer/Secretary of the Alleged Debtors.

51. The law is clear that the Petitioning Creditors, like the Alleged Debtors, are entitled to relevant documents, information, and testimony to the claims and defenses plead in the pleadings filed with the Court.

52. No limitations on the scope of Petitioning Creditors' discovery is set forth in the Joint Discovery Plan filed with the Court (as agreed to by the parties) or otherwise under the Federal Rules of Civil Procedure which the Alleged Debtors can point to in order to severely limit the scope of discovery as they unilaterally seek to impose on the depositions and document production.

53. It is unreasonable for the Petitioning Creditors to participate in the discovery process—to the tune of producing 5,000+ documents and hundreds of responses from Petitioning Creditors to discovery requests—while the Alleged Debtors fail to respond to the majority of discovery requests (they still have not responded to interrogatory questions asking for simple litigation answers – i.e., admissions and declarations against interest) and now seek to avoid producing key witnesses or to severely limit their testimony.

54. Moreover, it is the position of the Petitioning Creditors that the Alleged Debtors seek to delay discovery in this case, including shielding critical witnesses from having to testify under oath. Petitioning Creditors are forced to assume such action by the Alleged Debtors is an indication that they are trying to hide potentially harmful information to their defenses.

55. Accordingly, the Petitioning Creditors request that (1) the Alleged Debtors be required by this Court to (a) produce the Corporate Deponents for video depositions (or phone as to Ms. Bedoya) within two weeks of entry of the Court's Order compelling same; (b) cooperate in the production of Mr. Lin and Mr. Venkat (both of whom worked for or formerly worked for or with the Alleged Debtors) for deposition pursuant to the same time line; (c) produce all documents, including the corporate and financial books and records of the Alleged Debtors, as requested by Petitioning Creditors; (d) fully respond and answer the subject Interrogatories as outlined in the Motion to Compel; (2) reimburse the Petitioning Creditors for their costs and

counsel fees for having to pursue this Amended Motion to Compel (and the Motion to Compel; and (3) the Court award Petitioning Creditors such other and further relief as the Court deems appropriate.

## CONCLUSION

Based on the foregoing, the Petitioning Creditors request entry of an Order granting the relief detailed above and such other relief as the Court deems appropriate under the circumstances.

Dated: August 10, 2020

/s/ *Stephen M. Packman*

Jiangang Ou
Nguyen & Chen LLP
11200 Westheimer Road Suite 120
Houston, TX 77042
(832) 767-0339
Fax : (832) 767-0669
Email: jou@nguyen-chen.com

Stephen M. Packman
Archer & Greiner, P.C.
Three Logan Square
1717 Arch St., Suite 3500
Philadelphia, PA 19103
215-246-3147
Email: spackman@archerlaw.com

*Counsel for the Petitioning Creditors*

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that, on August 10, 2020, a true and correct copy of the foregoing document was served on all parties requesting service via the Court's ECF system.

/s/ Stephen M. Packman
Stephen M. Packman

**CERTIFICATE OF CONFERENCE**

I hereby certify that on August 8, 2020, I conferred by e-mail with counsel to the Alleged Debtors regarding the relief requested in this Amended Motion to Compel. The Alleged Debtors indicated it would not produce Barton and Bedoya for depositions.

*/s/ Stephen M. Packman*
Stephen M. Packman

219054624v4

# EXHIBIT "A"

## Garcia, Jorge

**From:** Packman, Stephen
**Sent:** Monday, August 10, 2020 9:13 AM
**To:** Garcia, Jorge
**Subject:** FW: Wall

---

**From:** Packman, Stephen
**Sent:** Tuesday, July 28, 2020 7:59 AM
**To:** 'Joyce Lindauer' <joyce@joycelindauer.com>
**Cc:** Steven C. Metzger <smetzger@pmklaw.com>
**Subject:** RE: Wall

Mr. Metzger, please advise me of you and your client's availability for examination next week on August 3 or 4. I anticipate the deposition should take about a half a day but might spill over into the afternoon, your time.

---

**From:** Joyce Lindauer <joyce@joycelindauer.com>
**Sent:** Monday, July 27, 2020 12:23 PM
**To:** Packman, Stephen <spackman@archerlaw.com>
**Cc:** Steven C. Metzger <smetzger@pmklaw.com>
**Subject:** [EXT MAIL] RE: Wall

Mr. Barton's counsel is Steve Metzger I am forwarding your requests to him

---

**From:** Packman, Stephen <spackman@archerlaw.com>
**Sent:** Monday, July 27, 2020 11:07 AM
**To:** Joyce Lindauer <joyce@joycelindauer.com>
**Subject:** RE: Wall

3rd or 4th

---

**From:** Joyce Lindauer <joyce@joycelindauer.com>
**Sent:** Monday, July 27, 2020 12:06 PM
**To:** Packman, Stephen <spackman@archerlaw.com>
**Subject:** [EXT MAIL] RE: Wall

Ok will do – do you have a date I mind

---

**From:** Packman, Stephen <spackman@archerlaw.com>
**Sent:** Monday, July 27, 2020 10:58 AM
**To:** Joyce Lindauer <joyce@joycelindauer.com>
**Cc:** Jiangang (James) Ou (jou@nguyen-chen.com) <jou@nguyen-chen.com>
**Subject:** Wall

Please provide me dates for Mr. Barton's video deposition next week. Thanks.

## Garcia, Jorge

**From:** Packman, Stephen
**Sent:** Monday, August 10, 2020 9:14 AM
**To:** Garcia, Jorge
**Subject:** FW: Deposition of Timothy Barton

---

**From:** Packman, Stephen
**Sent:** Wednesday, July 29, 2020 8:33 AM
**To:** 'Joyce Lindauer' <joyce@joycelindauer.com>
**Subject:** RE: Deposition of Timothy Barton

Thanks.

---

**From:** Joyce Lindauer <joyce@joycelindauer.com>
**Sent:** Wednesday, July 29, 2020 8:32 AM
**To:** Packman, Stephen <spackman@archerlaw.com>
**Subject:** [EXT MAIL] Re: Deposition of Timothy Barton

I will check
We also have your clients to depose as well

Sent from my iPhone

> On Jul 29, 2020, at 7:29 AM, Packman, Stephen <spackman@archerlaw.com> wrote:
>
> Joyce:
>
> My understanding is that Mr. Barton is the representative of the Debtor. Since Mr. Metzger is not responding to my emails, we will send you a formal Notice to Produce him but I don't understand why that is necessary. I will also raise this issue with the Court Friday if it is not resolved.
>
> We also wish to take video depositions of Saskya Bedoya and Hongpeng Lin. Let us know if the Alleged Debtors will produce them and dates next week for them as well. We are running out of time to finish our discovery and motion practice in order to have a full hearing on August 17th.
>
> Thanks.

**Garcia, Jorge**

---

**From:** Packman, Stephen
**Sent:** Monday, August 10, 2020 9:15 AM
**To:** Garcia, Jorge
**Subject:** FW: Depositions:

---

**From:** Packman, Stephen
**Sent:** Wednesday, August 5, 2020 2:59 PM
**To:** 'Joyce Lindauer' <joyce@joycelindauer.com>
**Subject:** RE: Depositions:

Of petitioning creditors?

---

**From:** Joyce Lindauer <joyce@joycelindauer.com>
**Sent:** Wednesday, August 5, 2020 2:58 PM
**To:** Packman, Stephen <spackman@archerlaw.com>
**Subject:** [EXT MAIL] RE: Depositions:

I just received your email
I can respond to your points in just a few minutes
I hope you saw in the letter we can adjust dates per your schedule
We also have another batch of notices as well to schedule

---

**From:** Packman, Stephen <spackman@archerlaw.com>
**Sent:** Wednesday, August 5, 2020 1:56 PM
**To:** Joyce Lindauer <joyce@joycelindauer.com>
**Cc:** Jiangang (James) Ou (jou@nguyen-chen.com) <jou@nguyen-chen.com>; Garcia, Jorge <jgarcia@archerlaw.com>; Steven Metzger <smetzger@pmklaw.com>
**Subject:** Depositions:

Joyce:

1) Is the Debtor producing a 30b6 witness, Ms. Bedoya and Mr. Barton next week on the dates noticed/subpoenaed? I need to know for planning purposes. If not, I need alternative dates in August. I am not willing to push these off far. If we cannot agree on dates this week, I will have to take this before the Judge which I would rather not do given his directive to resolve discovery disputes or be subject to sanctions.

2) As far as the depositions of petitioning creditors, you noticed a lot of them without checking with us on dates. I will not be here from August 13-16th so those dates are out. To the extent you want to reschedule them, let me know. Due to COVID and travel restrictions, no petitioning creditors will be appearing live for depositions. I do not expect any of your witnesses to appear live either if they choose not to do so. I will be taking our depositions remotely. All depositions must be by video given COVID. I am not risking the health of anyone over a bankruptcy case.

3) Let me know what dates in August work for rescheduling the Petitioning creditors and I will set up the video depositions. The week of August 24th is good for me as of now. I also need to know how long you need with each

one. Frankly, 11 of them seems like an awful lot given the issues you have raised. Please see if you can narrow it down some.

4) We still need to understand which documents and interrogatories you will respond to and when. Please advise us and send the documents.

Thanks.

## Huber, Amy M.

**From:** Packman, Stephen
**Sent:** Thursday, August 6, 2020 7:39 AM
**To:** Garcia, Jorge
**Subject:** Fwd: In Re Wall 007, LLC, et al.

Sent from my iPhone

Begin forwarded message:

**From:** "Packman, Stephen" <spackman@archerlaw.com>
**Date:** July 29, 2020 at 2:47:00 PM EDT
**To:** Joyce Lindauer <joyce@joycelindauer.com>
**Cc:** "Jiangang (James) Ou (jou@nguyen-chen.com)" <jou@nguyen-chen.com>, "Garcia, Jorge" <jgarcia@archerlaw.com>
**Subject: RE: In Re Wall 007, LLC, et al.**

Thanks Joyce. Please let me know when Mr. Barton will appear for deposition then.

---

**From:** Joyce Lindauer <joyce@joycelindauer.com>
**Sent:** Wednesday, July 29, 2020 2:43 PM
**To:** Packman, Stephen <spackman@archerlaw.com>
**Subject:** [EXT MAIL] RE: In Re Wall 007, LLC, et al.

As I understand Mr. Barton's schedule he is out next week
Not sure how many days.
I have inquired about Ms. Bedoya and her availability.

---

**From:** Packman, Stephen <spackman@archerlaw.com>
**Sent:** Wednesday, July 29, 2020 1:32 PM
**To:** Joyce Lindauer <joyce@joycelindauer.com>
**Cc:** Steven C. Metzger <smetzger@pmklaw.com>; Jiangang (James) Ou (jou@nguyen-chen.com) <jou@nguyen-chen.com>; Garcia, Jorge <jgarcia@archerlaw.com>
**Subject:** RE: In Re Wall 007, LLC, et al.

Joyce:

I am responding directly to you not Mr. Metzger since the Petitioning Creditors are seeking to depose Mr. Barton and Mr. Bedoya as officers and representatives of the Alleged Debtors. Please see the attached wherein the Alleged Debtors identified **Barton and Bedoya as officers of the Alleged Debtors** (Interrogatory response 1(c)).

As Alleged Debtor's counsel, you will be receiving Notices of Depositions later today/this evening with tentative dates but we are somewhat flexible in that regard. If we can agree upon consensual dates for the video depositions within the next 10 days or so, great. If not, we will be filing another Motion but hope that is not necessary.

Also, for the record, and in case Mr. Metzger is not aware, there is a hearing currently scheduled in this case for August 17 so we will not agree to push off the depositions as you suggest below. We are flexible but do not agree to take the depositions only a week or so prior to the hearing date.

Please get me dates of availability for Mr. Barton and Mr. Bedoya this week as they are representatives of the Debtors and the Petitioning Creditors wish to take their depositions in advance of the August 17 hearing.

Mr. Metzger, the contempt motion against your client is not August 6. It is scheduled currently for August 10.

We will talk to you, Joyce, at 3pm CT time today. I trust that the call will only be with you (and any of your associates) as Alleged Debtors counsel. The purpose of the call is as directed by the Judge: to try to resolve the pending discovery motions on both sides.

Talk to you then.

---

**From:** Steven Metzger <smetzger@pmklaw.com>
**Sent:** Wednesday, July 29, 2020 1:16 PM
**To:** Packman, Stephen <spackman@archerlaw.com>
**Cc:** Joyce Lindauer <joyce@joycelindauer.com>
**Subject:** [EXT MAIL] In Re Wall 007, LLC, et al.

Mr. Packman-

I have sought from Tim Barton his availability next week and am advised that he will be traveling for previously scheduled matters and not available for the dates you request in your email below. Please note that his Declaration was filed yesterday with respect to the matter of your Motion for Contempt which I understand is currently scheduled for hearing on August 6, 2020 at 4 pm.

If you are really seeking more, subject to the result of the hearing this Friday afternoon on the Alleged Debtors Motion to Compel Discovery Responses, I imagine that we can find a mutually agreeable time in the future for a reasonable length deposition of Mr. Barton on the issues remaining in the case, if it continues.

******************************
**Steven C. Metzger**
**Metzger Law PLLC**
***(Formerly Metzger & McDonald PLLC)***
**3626 N. Hall Street, Suite 800**
**Dallas, Texas 75219-5133**
**214-740-5030 (Direct)**
**214-969-7600 (Main)**
**214-957-2505 (Cell)**
**214-224-7555 or 214-523-3838 (Facsimile)**
***smetzger@pmklaw.com***
***www.pmklaw.com***

PURPOSE OF EMAIL: This email is not intended to create an attorney client relationship where none previously exists. This email is not intended to be an opinion of counsel.

CONFIDENTIALITY NOTICE: This email is covered by the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510-2521 and is legally privileged. The information contained in this email is intended only for use of the individual or entity named above. If the reader of this

message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by telephone (Collect) (214-740-5033), and destroy the original message. Thank you.

---

**From:** Packman, Stephen <spackman@archerlaw.com>
**Sent:** Tuesday, July 28, 2020 6:59 AM
**To:** Joyce Lindauer <joyce@joycelindauer.com>
**Cc:** Steven Metzger <smetzger@pmklaw.com>
**Subject:** RE: Wall

Mr. Metzger, please advise me of you and your client's availability for examination next week on August 3 or 4. I anticipate the deposition should take about a half a day but might spill over into the afternoon, your time.

---

**From:** Joyce Lindauer <joyce@joycelindauer.com>
**Sent:** Monday, July 27, 2020 12:23 PM
**To:** Packman, Stephen <spackman@archerlaw.com>
**Cc:** Steven C. Metzger <smetzger@pmklaw.com>
**Subject:** [EXT MAIL] RE: Wall

Mr. Barton's counsel is Steve Metzger I am forwarding your requests to him

---

**From:** Packman, Stephen <spackman@archerlaw.com>
**Sent:** Monday, July 27, 2020 11:07 AM
**To:** Joyce Lindauer <joyce@joycelindauer.com>
**Subject:** RE: Wall

3rd or 4th

---

**From:** Joyce Lindauer <joyce@joycelindauer.com>
**Sent:** Monday, July 27, 2020 12:06 PM
**To:** Packman, Stephen <spackman@archerlaw.com>
**Subject:** [EXT MAIL] RE: Wall

Ok will do – do you have a date I mind

---

**From:** Packman, Stephen <spackman@archerlaw.com>
**Sent:** Monday, July 27, 2020 10:58 AM
**To:** Joyce Lindauer <joyce@joycelindauer.com>
**Cc:** Jiangang (James) Ou (jou@nguyen-chen.com) <jou@nguyen-chen.com>
**Subject:** Wall

Please provide me dates for Mr. Barton's video deposition next week. Thanks.

**Huber, Amy M.**

---

**From:** Packman, Stephen
**Sent:** Thursday, August 6, 2020 7:40 AM
**To:** Garcia, Jorge
**Subject:** Fwd: Wall
**Attachments:** Wu ruinian receipt from Saskya 20170629.pdf; ATT00001.htm; yang li ying receipt from Saskya 20171103.pdf; ATT00002.htm; Wall011 wire list.pdf; ATT00003.htm

Sent from my iPhone

Begin forwarded message:

> **From:** "Packman, Stephen" <spackman@archerlaw.com>
> **Date:** July 29, 2020 at 9:00:19 AM EDT
> **To:** Joyce Lindauer <joyce@joycelindauer.com>
> **Cc:** "Jiangang (James) Ou (jou@nguyen-chen.com)" <jou@nguyen-chen.com>, "Steven C. Metzger" <smetzger@pmklaw.com>
> **Subject: Wall**
>
> We think these documents speak for themselves. Again, please advise if the Alleged Debtors will produce Mr. Barton, Mr. Bedoya and Mr. Mr. Lin for depositions next week.

**RE: missing one wire receipt for lender Wu Ruinian**

Sender:Saskya Bedoya<SBedoya@jmjdevelopment.net>
Time between:Thursday, Jun 29, 2017 5:44 AM
Recipient:周霖<lynn@yding.cn>

Sorry for the delay. Please find attached.

Regards,

**Saskya Bedoya**

**JMJ Development, Inc.**

1755 Wittington Place

Suite 340

Dallas, TX 75234

P: 972.385.9934

F: 972.241.4484

C: 214.641.0122

sbedoya@jmjdevelopment.net

www.jmjdevelopment.net

*The information transmitted is intended only for the person or entity to which it is addressed and may contain confidential and / or privileged material. Any review, retransmission, dissemination or other use of, or taking action of any action in reliance upon this information by persons or entities other than the intended recipient is prohibited. If you received this message in error, please contact the sender and delete the material from all computers.*

---

**From:** 周霖 [mailto:lynn@yding.cn]
**Sent:** Tuesday, June 27, 2017 12:23 AM
**To:** Saskya Bedoya
**Subject:** missing one wire receipt for lender Wu Ruinian

Hi Saskya,

I checked my file record while I don't have the wire receipt for Wu Ruinian ($100,000) , maybe I didn't ask for it before. Since the wire arrived already when I was in your office, can you pls send me his wire receipt? Thanks a lot.

Best Regards,

**Lynn Zhou**
**Vice President**
Platinum Investment Corporation
11-i, No.855 South Pudong RD (World Plaza), Shanghai PRC
lynn@yding.cn
Mobile: +8613701850213
Phone: +86-21-68888016
Fax: +86-21-68888330
www.yding.cn

---------------------------------------------------------------

发件人：Saskya Bedoya <SBedoya@jmjdevelopment.net>

发送时间：2017年6月27日(星期二) 06:42

收件人：周霖 <lynn@yding.cn>

主　题：RE: 回复：several wire record for your reference

Please find attached.

Regards,

Saskya Bedoya

---

**From:**周霖 [mailto:lynn@yding.cn]
**Sent:** Monday, June 26, 2017 7:17 AM
**To:** Saskya Bedoya
**Subject:** 回复：several wire record for your reference

Hi Saskya,

Thanks a lot for your update information, pls send me the wire receipt for Xu Yue first, others you can send later when total amount arrive, thanks.

Best Regards,

**Lynn Zhou**
**Vice President**
Platinum Investment Corporation
11-i, No.855 South Pudong RD (World Plaza), Shanghai PRC
lynn@yding.cn
Mobile: +8613701850213
Phone: +86-21-68888016
Fax: +86-21-68888330

www.yding.cn

---------------------------------------------------------------

发件人：Saskya Bedoya <SBedoya@jmjdevelopment.net>

发送时间：2017年6月24日(星期六) 07:38

收件人：周霖 <lynn@yding.cn>

主　题：RE: several wire record for your reference

Hi Lynn,

This is what our bank shows for the account Wall009 LLC.

Pending　　　　Wire transfer deposit US...020941
+ $48,983.00

06/21/2017　　　ACH deposit XUEGENG GONG SENDER WALL009LLC　　+
$100,015.00

06/20/2017　　　Wire transfer fee YUE XU
- $15.00

06/20/2017　　　Wire transfer deposit YUE XU USDG...3921801　　+
$100,015.00

Kind regards,

**Saskya Bedoya**

**JMJ Development LLC**

13901 Midway Rd

Suite 102-LB 243

Dallas, TX 75244

P: 972.385.9934

F: 972.241.4484

C: 214.641.0122

sbedoya@jmjdevelopment.net

www.jmjdevelopment.net

*The information transmitted is intended only for the person or entity to which it is addressed and may contain confidential and / or privileged material. Any review, retransmission, dissemination or other use of, or taking action of any action in reliance upon this information by persons or entities other than the intended recipient is prohibited. If you received this message in error, please contact the sender and delete the material from all computers.*

---

**From:**周霖 [mailto:lynn@yding.cn]
**Sent:** Friday, June 23, 2017 3:34 AM
**To:** Saskya Bedoya
**Subject:** several wire record for your reference

Hi Saskya,

I sent you two wire records (Gong Xuegeng 1st 100K and my 1st 49K) already, now let me have a short summary for you regarding the latest payments from our side. Pls check following:

1, Gong Xuegeng: wired 1st 100K, pls check attached wire record. and she mailed 100K wellsfargo check via DHL 5918425542 today, pls check attached copy;

2, Xu Yue: wired 100K, pls check attached wire record;

3, Zhou Lin: wired 49K, pls check attached wire record, anothr $1000 will be wired out soon.

Pls let me know if your accounting receive above payment, and send me the wire receipt for Gong & Xu first once you receive their money, thanks a lot.

Best Regards,

**Lynn Zhou**
**Vice President**
Platinum Investment Corporation
11-i, No.855 South Pudong RD (World Plaza), Shanghai PRC
lynn@yding.cn
Mobile: +8613701850213
Phone: +86-21-68888016
Fax: +86-21-68888330
www.yding.cn

---

**General accessories**

Wire\x26nbsp;Receipt\x26nbsp;-\x26nbsp;wall009\x26nbsp;-\x26nbsp;100,000\x26nbsp;-\x26nbsp;Wu\x26nbsp;Ruinian.pdf (340.59K)

# Wall009, LLC

June 28, 2017

Wu Ruinian
Passport No E77502901
5-2-401, Xisihuan
Meiliyuan, Beijing, China

Dear Cai Xuezhen:

This letter will serve as confirmation by Wall009, LLC that we have received the amount of USD 100,000.00 by wire transfer into our account at Capital One Bank on June 06, 2017.

The loan proceeds stated above will be paid with interest to the original sending account in accordance with the time, terms and conditions of the Loan Agreement.

Please contact the undersigned immediately if you have any questions regarding this receipt.

Sincerely,

Wall009, LLC

By: Timothy Barton

President of Carnegie Development LLC

The Managing Member of Wall009 LLC

13901 Midway Road, Suite 102
Dallas, TX 75244
(PH) 972-385-9934 (Fax) 972-241-4484

**RE: 回复：回复：回复：wire receipt checking**

Sender:Saskya Bedoya<SBedoya@jmjdevelopment.net>
Time between:Friday, Nov 3, 2017 11:28 PM
Recipient:'??'<lynn@yding.cn>

Hi Lynn,

Please find wire receipts attached. I will send Mao Liying in one moment.

Regards,

Saskya Bedoya

---

**From:** 周霖 [mailto:lynn@yding.cn]
**Sent:** Wednesday, November 01, 2017 9:16 PM
**To:** Saskya Bedoya
**Subject:** 回复：回复：回复：wire receipt checking

Hi Saskya,

Got it, thanks.

Still waiting for following receipts, pls send them to me when your accounting receive those wires, thanks a lot.

-- $300K from Yang Liying

-- $200K from Mao Liying

-- $200K from Yang Hairuo (she wired another $100K which you confirmed the receipt on Oct 26th, she wired another 100K on Oct 30th, pls send me $200K wire receipt)

-- $100K from Lin Changhua (he wired $100K on Nov 1st, attached is his payment proof)

Best Regards,

**Lynn Zhou**
**Vice President**
Platinum Investment Corporation
lynn@yding.cn
www.yding.cn

------------------------------------------------------------

发件人：Saskya Bedoya <SBedoya@jmjdevelopment.net>

发送时间：2017年11月2日(星期四) 09:12

收件人：周霖 <lynn@yding.cn>

主　题：RE: 回复：回复：wire receipt checking

Hi Lynn,

Please find attached wire receipts for Li Jianjin and Wenjun Wang.

Which other wire receipts do you need?

Regards,

Saskya Bedoya

---

**From:** Saskya Bedoya
**Sent:** Tuesday, October 31, 2017 9:22 AM
**To:** 周霖
**Subject:** Re: 回复：回复：wire receipt checking

19,946 shows pending

300,000 yang liying posted

200,000 pending

100,000 pending

Saskya Bedoya

(214) 641-0122

Sent from my iPhone

On Oct 31, 2017, at 9:16 AM, 周霖 <lynn@yding.cn> wrote:

Hi Saskya,

Tina wired the rest $19950 (total $19965 include $15 bank charge) from Silverland to Wall 010 LLC on behalf of Li Jianjin, once you receive this wire, pls send me wire receipt

$500K for Li Jianjin, thanks.

BTW, another client Mao Liying also wired total $200K today, attached is her payment proof, pls check the receipt accordingly, thanks.

So today pls check 3 wire as following:

-- $19965 from Silverland for Li Jianjin;

-- $300000 pending from Yang Liying;

-- $200000 wire from Mao Liying

Best Regards,

**Lynn Zhou**
**Vice President**
Platinum Investment Corporation
lynn@yding.cn
www.yding.cn

------------------------------------------------------------------

发件人：Saskya Bedoya <SBedoya@jmjdevelopment.net>

发送时间：2017年10月31日(星期二) 09:50

收件人：周霖 <lynn@yding.cn>

主　题：Re:回复：wire receipt checking

Received 480,025 li jian jin

Received 50,000 Haonan Chen

Pending 300,000

Saskya Bedoya

(214) 641-0122

Sent from my iPhone

On Oct 29, 2017, at 10:10 AM, 周霖 <lynn@yding.cn> wrote:

Hi Saskya,

Wang Wenjun's son Haonan Chen finally helped her to wire $50K in USA, attached is the payment proof for your reference, kindly pls check the receipt accordingly, thanks.

Now we are waiting for your confirmation of following payments:

1) $480050 wired from Li Jianjin via HSBC on Oct 20th;

2) $300000 wired from Yang Liying via HSBC on Oct 26th;

3) $50,000 wired from Haonan Chen on behalf of Wang Wenjun in USA on Oct 27th.

Kindly pls check and send me wire receipts accordinlgy, thanks a lot.

Best Regards,

**Lynn Zhou**
**Vice President**
Platinum Investment Corporation
lynn@yding.cn
www.yding.cn

----------------------------------------------------------------

发件人：Saskya Bedoya <SBedoya@jmjdevelopment.net>

发送时间：2017年10月27日(星期五) 05:19

收件人：周霖 <lynn@yding.cn>

主　题：RE: wire receipt checking

Please find attached.

Kind regards,

Saskya Bedoya

---

**From:**周霖 [mailto:lynn@yding.cn]
**Sent:** Thursday, October 26, 2017 4:49 AM

**To:** Saskya Bedoya
**Subject:** wire receipt checking

Hi Saskya,

Other than last two wires Gang and Jianjin which you confirmed one Gang's $500K, we have two more wires today. $100K from Yang Hairuo, she will wire another $100K once this payment has been received, and Yang Liying's $300K. Attached is their payment proof, pls check with your accounting as well, thanks.

Pls send me Gang's wire receipt today, thanks.

**Lynn Zhou**
**Vice President**
Platinum Investment Corporation
lynn@yding.cn
www.yding.cn

---

**3EachGeneral accessories**

Wire\x26nbsp;Receipt\x26nbsp;-\x26nbsp;Wall010\x26nbsp;-\x26nbsp;200000\x26nbsp;-\x26nbsp;Yang\x26nbsp;Hairuo.pdf (108.22K)

Wire\x26nbsp;Receipt\x26nbsp;-\x26nbsp;Wall010\x26nbsp;-\x26nbsp;100000\x26nbsp;-\x26nbsp;Lin\x26nbsp;Changhua.pdf (111.63K)

Wire\x26nbsp;Receipt\x26nbsp;-\x26nbsp;Wall010\x26nbsp;-\x26nbsp;300000\x26nbsp;-\x26nbsp;Yang\x26nbsp;Liying.pdf (108.26K)

# Wall010, LLC

November 3, 2017

Lin Changhua
Passport No E39044981
56-2-402, Qiushi cun
Hangzhou, China
2465507079@qq.com
(86) 13805747448

Dear Lin Changhua:

This letter will serve as confirmation by Wall010, LLC that we have received the amount of USD 100,000.00 by wire transfer into our account at Capital One Bank on November 1, 2017.

The loan proceeds stated above will be paid with interest to the original sending account in accordance with the time, terms and conditions of the Loan Agreement.

Please contact the undersigned immediately if you have any questions regarding this receipt.

Sincerely,
Wall010, LLC

DocuSigned by:
Tim Barton
55E2C214E42B42F...

By: Timothy Barton
President of Carnegie Development LLC
The Managing Member of Wall010 LLC

# Wall010, LLC

November 3, 2017

Yang Hairuo
Passport No G48731804
Room 1302, 9#, No.100 Lane, Yushan Rd.
Pudong District, Shanghai, China
295140330@qq.com
(86) 13916213655

Dear Yang Hairuo:

This letter will serve as confirmation by Wall010, LLC that we have received the amount of USD 200,000.00 by wire transfer into our account at Capital One Bank on October 31, 2017.

The loan proceeds stated above will be paid with interest to the original sending account in accordance with the time, terms and conditions of the Loan Agreement.

Please contact the undersigned immediately if you have any questions regarding this receipt.

Sincerely,
Wall010, LLC

DocuSigned by:
Tim Barton
55E2C214E42B42F...

By: Timothy Barton
President of Carnegie Development LLC
The Managing Member of Wall010 LLC

# Wall010, LLC

November 3, 2017

Yang Liying
Passport No E47091811
7-4-701 Wulin Garden, No 112 Tianmushan Rd
Xihu District, Hangzhou, China
54658392@qq.com
(86) 13858141704

Dear Yang Liying:

This letter will serve as confirmation by Wall010, LLC that we have received the amount of USD 300,000.00 by wire transfer into our account at Capital One Bank on October 30, 2017.

The loan proceeds stated above will be paid with interest to the original sending account in accordance with the time, terms and conditions of the Loan Agreement.

Please contact the undersigned immediately if you have any questions regarding this receipt.

Sincerely,
Wall010, LLC

DocuSigned by:
Tim Barton
55E2C214E42B42F...

By: Timothy Barton
President of Carnegie Development LLC
The Managing Member of Wall010 LLC

**(no subject)**

Sender:Saskya Bedoya<SBedoya@jmjdevelopment.net>
Time between:Tuesday, Feb 6, 2018 10:09 AM
Recipient:周霖<Lynn@yding.cn>

**Saskya Bedoya**
**JMJ Development, Inc.**
1755 Wittington Place
Suite 340
Dallas, TX 75234
P: 972.385.9934
F: 972.241.4484
C: 214.641.0122
sbedoya@jmjdevelopment.net
www.jmjdevelopment.net

*The information transmitted is intended only for the person or entity to which it is addressed and may contain confidential and / or privileged material. Any review, retransmission, dissemination or other use of, or taking action of any action in reliance upon this information by persons or entities other than the intended recipient is prohibited. If you received this message in error, please contact the sender and delete the material from all computers.*

---

## General accessories

wall011\x26nbsp;received\x26nbsp;wires\x26nbsp;-\x26nbsp;02052018.xlsx (9.77K)

| Date | Description | Amount |
|---|---|---|
| Pending | Wire transfer deposit US...275371 | $49,985.00 |
| Pending | Wire transfer deposit US...275173 | $49,985.00 |
| 2018-2-2 | Wire transfer fee LILIN | ($15.00) |
| 2018-2-2 | Wire transfer fee JI CUN XIANG | ($15.00) |
| 2018-2-2 | Wire transfer deposit LILIN USD...7972 | $49,985.00 |
| 2018-2-2 | Wire transfer deposit JI CUN XIANG USDBJMUSBC | $49,985.00 |
| 2018-1-30 | Wire transfer fee MS GAO LIN ROOM 602 NO 6 L | ($15.00) |
| 2018-1-30 | Wire transfer fee LIYANXIA | ($15.00) |
| 2018-1-30 | Wire transfer fee LIU YI | ($15.00) |
| 2018-1-30 | Wire transfer deposit LIU YI USDS0680301A0AF01 | $49,980.00 |
| 2018-1-30 | Wire transfer deposit LIYANXIA USD...7041 | $49,985.00 |
| 2018-1-30 | Wire transfer deposit MS GAO LIN ROOM 602 NO 6 L USDS0680300B7A | $100,000.00 |

**Huber, Amy M.**

---

**From:** Packman, Stephen
**Sent:** Thursday, August 6, 2020 7:38 AM
**To:** Garcia, Jorge
**Subject:** Fwd: Wall-Tomorrow's Hearings

Sent from my iPhone

Begin forwarded message:

> **From:** "Packman, Stephen" <spackman@archerlaw.com>
> **Date:** July 30, 2020 at 4:53:00 PM EDT
> **To:** Joyce Lindauer <joyce@joycelindauer.com>
> **Cc:** "Jiangang (James) Ou (jou@nguyen-chen.com)" <jou@nguyen-chen.com>, "Garcia, Jorge" <jgarcia@archerlaw.com>
> **Subject: Wall-Tomorrow's Hearings**
>
> Joyce:
>
> Per our call today, we agree to continue tomorrow's motion hearings to the 17th of August and turn tomorrow's hearing into a status conference. We agree that we should advise the Court tomorrow of the discovery and case status; the outstanding issues on both sides; and request that the 8-17 date be reserved for us to present to the Court any outstanding discovery disputes and any other case issues that warrant discussion. We also intend to advise the Court tomorrow that we will be filing a summary judgement motion in the near future. We will be sending you notices and subpoenas later this evening for several Debtor and third-party witnesses we intend to depose by video.
>
> Sincerely,

## Huber, Amy M.

**From:** Packman, Stephen
**Sent:** Thursday, August 6, 2020 7:39 AM
**To:** Garcia, Jorge
**Subject:** Fwd: [EXT MAIL] Court Order of July 27, 2020 re: Good-Faith Conference Call held on July 29, 2020 at 3:00 pm

Sent from my iPhone

Begin forwarded message:

> **From:** "Packman, Stephen" <spackman@archerlaw.com>
> **Date:** July 30, 2020 at 1:49:35 PM EDT
> **To:** Joyce Lindauer <joyce@joycelindauer.com>
> **Cc:** "Jiangang (James) Ou (jou@nguyen-chen.com)" <jou@nguyen-chen.com>, "Garcia, Jorge" <jgarcia@archerlaw.com>
> **Subject: RE: [EXT MAIL] Court Order of July 27, 2020 re: Good-Faith Conference Call held on July 29, 2020 at 3:00 pm**
>
> Thanks. Talk to you at 3pm CT.
>
> ---
>
> **From:** Joyce Lindauer <joyce@joycelindauer.com>
> **Sent:** Thursday, July 30, 2020 1:33 PM
> **To:** Packman, Stephen <spackman@archerlaw.com>
> **Cc:** K Walji <k.walji@waljilaw.com>; Krista Vassallo <KVassallo@jmjdevelopment.com>
> **Subject:** RE: [EXT MAIL] Court Order of July 27, 2020 re: Good-Faith Conference Call held on July 29, 2020 at 3:00 pm
>
> Much like you I am trying to narrow down the responses and what is still at issue for tomorrow.
> See below
>
> Please send me this morning the documents you will produce **by request number** and the interrogatories you will answer **by number** and timing on production of same. Our goal is to narrow down the disputes today over our motion to compel and your second motion to compel. Production:
>
> Communications with Petitioning Creditors
> Will produce
> Communications with Michael Fu and his representatives
> **Will produce**
>
> Let me explain how we would like to see this case proceed. Since the standing issue has been raised And I believe the documents in 1 and 2 above could go to standing seems those should be produced.
>
> As far as the Interrogatory Answers we are generally amending all the answers to address any omissions in the prior responses and should have those shortly.

I will do the same for yours **by request number** as to the discovery we did not answer and which you and we both summarized for the court yesterday in our papers (and which coincide based on the papers filed).

I would like to report to the Court later today on those request numbers (on both sides) which we have resolved and the numbers we have not, so that tomorrow is not a lengthy, dramatic production. We are being cooperative and so are YOU at least. Thanks for that. I agree

As far as the First Motion to Compel, please let me know exactly what else you would like to discuss with us about that Motion which we find to be procedurally improper and wholly unsupported. We are obviously not going to agree to it. We filed last night Declarations with proof attached that all but three of our clients did in fact sign the Petitions and Declarations. As to the remaining three, we should have those confirmations before the hearing. There is nothing else we are going to provide at this time as there is nothing else to provide. Please withdraw the Motion. We can reframe that Motion but we need to address the standing questions as those seem to be the most contested right now. Those are preliminary issues dealing with the basic claims being made in the cases. I will point you to the specific questions we expected to get answered in the discovery to cover these issues.

We can discuss depositions if you wish later today. However, I would point out that so far we have not received any cooperation from you or Mr. Metzger regarding scheduling depositions of Mr. Barton and Mr. Bedoya. If we don't have those scheduled this week, we will have to file another Motion. We will be sending you subpoenas for them this morning. Steve Metzger will be on the call. Ms. Bedoya is 7 months pregnant and under a doctor's care so that one is problematic. Mr. Barton is traveling next week so that is another problem. And we have your clients which is yet another issue regarding where and when those depositions will take place and the Declarations filed last night just raise more questions with your clients.

As far as your request to depose 10 different Petitioning Creditors, please let me know a date or dates and the topics for the deponents. Please also let us know how long do you intend the depositions to be so we can communicate directly with our clients. To the extent they are Chinese Nationals (which the majority are), they cannot obtain travel visas at this time due to travel bans due to COVID-19. We will try to make them available for video depositions provided that you provide the interpreter and timely provide us with the deposition topics for them. We will provide the video link. If that is not satisfactory for you, there is nothing else we can do at this time due to the virus and both Chinese and US travel bans and restrictions.

---

**From:** Packman, Stephen <spackman@archerlaw.com>
**Sent:** Thursday, July 30, 2020 7:49 AM
**To:** Joyce Lindauer <joyce@joycelindauer.com>
**Cc:** Jiangang (James) Ou (jou@nguyen-chen.com) <jou@nguyen-chen.com>; Garcia, Jorge <jgarcia@archerlaw.com>
**Subject:** RE: [EXT MAIL] Court Order of July 27, 2020 re: Good-Faith Conference Call held on July 29, 2020 at 3:00 pm

Joyce:

Please send me this morning the documents you will produce **by request number** and the interrogatories you will answer **by number** and timing on production of same. Our goal is to narrow down the disputes today over our motion to compel and your second motion to compel.

I will do the same for yours **by request number** as to the discovery we did not answer and which you and we both summarized for the court yesterday in our papers (and which coincide based on the papers filed).

I would like to report to the Court later today on those request numbers (on both sides) which we have resolved and the numbers we have not, so that tomorrow is not a lengthy, dramatic production. We are being cooperative and so are YOU at least. Thanks for that.

As far as the First Motion to Compel, please let me know exactly what else you would like to discuss with us about that Motion which we find to be procedurally improper and wholly unsupported. We are obviously not going to agree to it. We filed last night Declarations with proof attached that all but three of our clients did in fact sign the Petitions and Declarations. As to the remaining three, we should have those confirmations before the hearing. There is nothing else we are going to provide at this time as there is nothing else to provide. Please withdraw the Motion.

We can discuss depositions if you wish later today. However, I would point out that so far we have not received any cooperation from you or Mr. Metzger regarding scheduling depositions of Mr. Barton and Mr. Bedoya. If we don't have those scheduled this week, we will have to file another Motion. We will be sending you subpoenas for them this morning.

As far as your request to depose 10 different Petitioning Creditors, please let me know a date or dates and the topics for the deponents. Please also let us know how long do you intend the depositions to be so we can communicate directly with our clients. To the extent they are Chinese Nationals (which the majority are), they cannot obtain travel visas at this time due to travel bans due to COVID-19. We will try to make them available for video depositions provided that you provide the interpreter and timely provide us with the deposition topics for them. We will provide the video link. If that is not satisfactory for you, there is nothing else we can do at this time due to the virus and both Chinese and US travel bans and restrictions.

Thanks.

---

**From:** Joyce Lindauer <joyce@joycelindauer.com>
**Sent:** Wednesday, July 29, 2020 10:12 PM
**To:** Garcia, Jorge <jgarcia@archerlaw.com>; Packman, Stephen <spackman@archerlaw.com>; K Walji <k.walji@waljilaw.com>; jou nguyen-chen.com <jou@nguyen-chen.com>
**Subject:** RE: [EXT MAIL] Court Order of July 27, 2020 re: Good-Faith Conference Call held on July 29, 2020 at 3:00 pm

Thank you for your courtesy

---

**From:** Garcia, Jorge <jgarcia@archerlaw.com>
**Sent:** Wednesday, July 29, 2020 8:33 PM
**To:** Packman, Stephen <spackman@archerlaw.com>; K Walji <k.walji@waljilaw.com>; Joyce Lindauer <joyce@joycelindauer.com>; jou nguyen-chen.com <jou@nguyen-chen.com>
**Subject:** RE: [EXT MAIL] Court Order of July 27, 2020 re: Good-Faith Conference Call held on July 29, 2020 at 3:00 pm

All—

As a follow up to Steve's email, attached are our filed oppositions to the first and second motions to compel filed by the Alleged Debtors. Please review in anticipation to our follow up call tomorrow.

Thanks,
Jorge

**Jorge Garcia, Esq.**

Archer & Greiner P.C.
Three Logan Square
1717 Arch Street, Suite 3500
Philadelphia, PA 19103
215-246-3102
jgarcia@archerlaw.com
www.archerlaw.com

---

**From:** Packman, Stephen <spackman@archerlaw.com>
**Sent:** Wednesday, July 29, 2020 8:35 PM
**To:** K Walji <k.walji@waljilaw.com>; Joyce Lindauer <joyce@joycelindauer.com>; jou nguyen-chen.com <jou@nguyen-chen.com>
**Cc:** Garcia, Jorge <jgarcia@archerlaw.com>
**Subject:** RE: [EXT MAIL] Court Order of July 27, 2020 re: Good-Faith Conference Call held on July 29, 2020 at 3:00 pm

Mr. Walji:

There was a typo in my email below which I have corrected and highlighted. Please have a wonderful evening and tomorrow we will discuss why you need to withdraw your First Motion to Compel.

Sincerely,

---

**From:** Packman, Stephen
**Sent:** Wednesday, July 29, 2020 8:15 PM
**To:** 'K Walji' <k.walji@waljilaw.com>; Joyce Lindauer <joyce@joycelindauer.com>; jou nguyen-chen.com <jou@nguyen-chen.com>
**Subject:** RE: [EXT MAIL] Court Order of July 27, 2020 re: Good-Faith Conference Call held on July 29, 2020 at 3:00 pm

Mr. Walji:

I disagree with your version of the conference call you set forth below. At the outset of the call, I asked Ms. Lindauer how she wished to proceed and she chose to first address the Petitioning Creditors' Motion to Compel. That was her choice not mine. I was flexible as to the manner and order of the conference. The conversation between Ms. Lindauer and me was proceeding civilly until you decided to interrupt us after I asked her why the Alleged Debtors would not produce their financial and corporate documents. Rather than allow Ms. Lindauer to respond you suddenly interjected and wanted to shift the discussion to your apparent quest to discredit the Petitioning Creditors and my law firm (and Mr. Ou's) by filing false accusations in your papers. I told you that since Ms. Lindauer and I were taking the

matters in the order she chose that we would proceed in that fashion at which point you, for the moment, went silent.

After Ms. Lindauer and I worked through her remaining issues with the Petitioner's Motion to Compel, we then moved on to the Alleged Debtors' Second Motion to Compel. I advised Ms. Lindauer that the Petitioning Creditors responded to the vast majority of the voluminous discovery requests served by the Alleged Debtors. I advised that I would be providing her with our responses to the Second Motion which will clarify those objections which warranted no further response or production by the Petitioning Creditors. That will be forthcoming shortly as, in the interim, I have to spend time and my clients' money on responding to your inaccurate representations below.

We then turned to the Alleged Debtors' First Motion to Compel which is really not a motion to compel but rather a position paper that you are apparently taking on behalf of the Alleged Debtors. The First Motion is, as I said repeatedly, your position. It is not in response to discovery propounded on the Petitioning Creditors. It is nothing more than your unsupported belief that the Petitioning Creditors are not real clients of our firms. It is a position that is both insulting and false. We will be responding to that position tonight.

As I further said, if after you review our filing tonight, you wish to discuss it further, we will do so tomorrow. However, I can tell you that if you do not withdraw your false accusations against our law firm, Mr. Ou's firm and against the Petitioning Creditor, we will have no choice but to proceed with all rights and remedies against you and your clients. As far as your final comment, as I said, I have never in 31 years of practice been accused by anyone of filing anything false or representing fictitious clients. You are the first to make such allegations and you had better be prepared to back them up if you persist with your First Motion to Compel.

I also have noted to Ms. Lindauer that you have an unavoidable conflict under the Bankruptcy Code in representing the Alleged Debtors. Not only do you represent the principal of the Alleged Debtors, Timothy Barton, but you also are listed as a creditor of each of the Alleged Debtors. Perhaps you are unfamiliar with the conflict provisions of the Bankruptcy Code. We will moving to disqualify you from representing the Alleged Debtors in due course.

Sincerely,

---

**From:** K Walji <k.walji@waljilaw.com>
**Sent:** Wednesday, July 29, 2020 7:53 PM
**To:** Joyce Lindauer <joyce@joycelindauer.com>; Packman, Stephen <spackman@archerlaw.com>; jou nguyen-chen.com <jou@nguyen-chen.com>
**Cc:** K Walji <k.walji@waljilaw.com>
**Subject:** [EXT MAIL] Court Order of July 27, 2020 re: Good-Faith Conference Call held on July 29, 2020 at 3:00 pm

Mr. Packman, Ms. Lindauer and Mr. Ou,

1. This purpose of this email is to highlight the key outcomes of today's conference call today held from 3:00 pm to approximately 3:45pm CST.

2. The conference call today was initiated pursuant to the Court's Order of July 27, 2020 which "ORDERED that the parties are to have a good-faith conference regarding their discovery disputes."

3. Ms. Lindauer spent approximately 30 minutes in discussing with Mr. Packman the Petitioners request for production of documents, and she also offered to provide a Chart which would

highlight Petitioners responses to Alleged Debtors discovery requests to facilitate the good-faith discussions.

4. However, when the discussions pivoted toward the *Alleged Debtors Motion to Compel Production of Documentary Evidence Permitting Verification of Electronic Signatures and Stay all Additional Discovery of Non-Dispositive Issues, or in the alternative to Invalidate the Involuntary Petition, and for Sanctions, Attorney Fees, and Costs, and to Schedule Hearing in Conjunction with Petitioners Motion to Compel,* Mr. Packman was not prepared to discuss the issues on the table and instead informed that he would be filing an opposition pleading this evening.

5. Accordingly, it was decided to have a follow-up the conference call tomorrow, July 30, 2020 at 1:00 pm CST, and per Mr. Packman, the Call-In Details remain the same, i.e. Tel No 855.501.8979 Access Code # 3543078#.

Finally, I wish to kindly request that tomorrow's discussions remain civil and professional and ask Mr. Packman to refrain from using crude and unprofessional language as he did during today's conference call.

Thank you,

**Khudabuksh**
**K. WALJI, Esq.**
**U.S. & Int'l Legal Advisor**
**M: +1.713.562.6875**
**Confidentiality Implied**

INFORMATION CONTAINED IN THIS E-MAIL TRANSMISSION IS PRIVILEGED AND CONFIDENTIAL. IF YOU ARE NOT THE INTENDED RECIPIENT OF THIS EMAIL, DO NOT READ, DISTRIBUTE OR REPRODUCE THIS TRANSMISSION (INCLUDING ANY ATTACHMENTS). IF YOU HAVE RECEIVED THIS E-MAIL IN ERROR, PLEASE IMMEDIATELY NOTIFY THE SENDER BY TELEPHONE OR EMAIL REPLY.

# EXHIBIT "B"

**Amended Summary List of Documents Provided**

"Response to Request No. 6":

- Email from vance@mcmurrylegal.com to Joyce Lindauer with subject line: RE: Yding Website.

"Response to Request No. 10":

- Names of individuals under the heading "Remitted by" with monetary amounts not identified.

"Response to Request No. 15":

- Complaint, Cause No. DC-19-18361, captioned *Silverland Finance LTD., Platinum Investment Corporation, Lin Zhou, Jin Wang, and Ji Lu v. Wall007, LLC, Wall009, LLC, Timothy Barton, Sada Cumber, and Carnegie Development Inc*

"Response to Request No. 25":

- Apparent draft of an Affidavit

"Response to Request No. 33":

- Master Loan Agreement dated February 15, 2017 between Platinum Investment Corporation and Wall007, LLC (UNSIGNED)

On August 10, 2020, the Alleged Debtors produced additional documents "responsive" to the following Requests for Production.

"Response to Request No. 1":

- Depo Tr. of Fu;
- Depo. Tr. of Jiang;
- A Declaration of Barton dated August 3, 2020;
- A screenshot of web page of Fu's company "www.yding.cn".

"Response to Request No. 4":

- Depo Tr. of Fu;
- Depo. Tr. of Jiang;
- A Declaration of Barton dated August 3, 2020;
- A screenshot of web page of Fu's company "www.yding.cn".

"Response to Request No. 7":

- Depo Tr. of Fu;
- Depo. Tr. of Jiang.

"Response to Request No. 10":

- Depo Tr. of Fu;
- Depo. Tr. of Jiang.

"Response to Request No. 11":

- Depo Tr. of Fu;
- Depo. Tr. of Jiang.

"Response to Request No. 12":

- Depo Tr. of Fu;
- Depo. Tr. of Jiang.

"Response to Request No. 13":

- Depo Tr. of Fu;
- Depo. Tr. of Jiang.

"Response to Request No. 15":

- Depo Tr. of Fu;
- Depo. Tr. of Jiang.

"Response to Request No. 16":

- Depo Tr. of Fu;
- Depo. Tr. of Jiang;
- A screenshot of Dallas Morning News reporting the filing of IBP in April.

"Response to Request No. 17":

- Depo Tr. of Fu;
- Depo. Tr. of Jiang;
- A screenshot of Dallas Morning News reporting the filing of IBP in April.

"Response to Request No. 18":

- Depo Tr. of Fu;
- Depo. Tr. of Jiang.

"Response to Request No. 19":

- Depo Tr. of Fu;
- Depo. Tr. of Jiang.

"Response to Request No. 20":

- Depo Tr. of Fu;
- Depo. Tr. of Jiang.

"Response to Request No. 23":

- EIN & Certificate of Formation of the Alleged Debtors.

"Response to Request No. 25":

- Depo Tr. of Fu.

218917212v1

# EXHIBIT "C"

**Huber, Amy M.**

| | |
|---|---|
| **From:** | Packman, Stephen |
| **Sent:** | Thursday, August 6, 2020 7:37 AM |
| **To:** | Garcia, Jorge |
| **Subject:** | Fwd: In re WALL007 LLC, et al. |
| **Attachments:** | (219021602 – 2) - 2020.07.31 - Letter to Lindauer enclosing Notices of Deposition and Subpoenas.PDF; ATT00001.htm; (219022047 – 2) - 2020.07.31 - Letter to Steven Metzger enclosing Notice of Deposition and Subpoena to Timothy Barton.PDF; ATT00002.htm |

Sent from my iPhone

Begin forwarded message:

> **From:** "Huber, Amy M." <ahuber@archerlaw.com>
> **Date:** July 31, 2020 at 5:54:10 PM EDT
> **To:** "joyce@joycelindauer.com" <joyce@joycelindauer.com>
> **Cc:** "Packman, Stephen" <spackman@archerlaw.com>, "Garcia, Jorge" <jgarcia@archerlaw.com>, "Jiangang James Ou (jou@nguyen-chen.com)" <jou@nguyen-chen.com>
> **Subject: In re WALL007 LLC, et al.**
>
> Dear Ms. Lindauer:
>
> On behalf of Stephen M. Packman, Esquire, please see the attached correspondence. Thank you.
>
> **Amy M. Huber**
> *Bankruptcy Administrative Assistant/Paralegal*
> Stephen M. Packman, Esq.
> Douglas G. Leney, Esq.
> Tanneika A. Minott, Esq.
> Jorge Garcia, Esq.
>
> Archer & Greiner P.C.
> Three Logan Square
> 1717 Arch Street, Suite 3500
> Philadelphia, PA 19103
> 215-963-3300 (Ext. 5436)
> ahuber@archerlaw.com
> www.archerlaw.com
>
> ARCHER
> ATTORNEYS AT LAW
>
> INFORMATION CONTAINED IN THIS E-MAIL TRANSMISSION IS PRIVILEGED AND CONFIDENTIAL. IF YOU ARE NOT THE INTENDED RECIPIENT OF THIS EMAIL, DO NOT READ, DISTRIBUTE OR REPRODUCE THIS TRANSMISSION (INCLUDING ANY ATTACHMENTS). IF YOU HAVE RECEIVED THIS E-MAIL IN ERROR, PLEASE IMMEDIATELY NOTIFY THE SENDER BY TELEPHONE OR EMAIL REPLY.

ARCHER
ATTORNEYS AT LAW

**Stephen M. Packman**
*Fellow of INSOL*
*Member of New Jersey, Pennsylvania and New York Bars*
spackman@archerlaw.com
215-246-3147 (Ext. 5147) Direct

Archer & Greiner, P.C.
Three Logan Square
1717 Arch Street, Suite 3500
Philadelphia, PA 19103-2739
215-963-3300 Main
215-963-9999 Fax
www.archerlaw.com

July 31, 2020

**VIA EMAIL AND FEDEX**

Joyce W. Lindauer, Esq.
Joyce W. Lindauer Attorney, PLLC
1412 Main St., Ste. 500
Dallas, TX 75202
joyce@joycelindauer.com

Re: In re WALL007, LLC, et al.[1]
Chapter 7 Bankruptcy Cases No. 20-31131 (HDH) (Bankr. N.D. Tex.)
Our File No. WAL347-00961

Dear Ms. Lindauer:

Enclosed please find Subpoenas to Testify at a Deposition in a Bankruptcy Case and Notices of Deposition to the following:

1. Corporate Designee of the Alleged Debtors for the deposition scheduled on August 10, 2020, at 9:30 a.m. (CT);

2. Saskya Bedoya, Treasurer and Secretary of the Alleged Debtors for deposition scheduled on August 10, 2020, at 1:00 p.m. (CT);

3. Timothy Barton, President of the Alleged Debtors for deposition scheduled on August 11, 2020 at 9:30 a.m. (CT);

4. Murugan Venkat, Corporate Controller of JMJ Development, LLC for the deposition scheduled on August 12, 2020, at 9:30 a.m. (CT);

5. Hongpeng Lin for the deposition scheduled on August 12, 2020, at 1:00 p.m. (CT).

---

[1] The Alleged Debtors in these cases are: WALL007 LLC, WALL009 LLC, WALL010 LLC, WALL011 LLC, WALL012 LLC, WALL016 LLC, WALL017 LLC.

Thank you.

Very truly yours,

*/s/ Stephen M. Packman*
STEPHEN M. PACKMAN

cc: Jorge Garcia, Esq.
Jiangang (James) Ou, Esq.

219021602v1

B2560 (Form 2560 – Subpoena to Testify at a Deposition in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

NORTHERN District of TEXAS (DALLAS DIVISION)

In re WALL007 LLC, et al.,
Debtor

*(Complete if issued in an adversary proceeding)*

Case No. 20-31131 (HDH)

Chapter 7

______________________
Plaintiff
v.
______________________
Defendant

Adv. Proc. No. ______________

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: Corporate Designee of WALL007 LLC, WALL009 LLC, WALL010 LLC, WALL011 LLC, WALL012 LLC, WALL016 LLC and WALL017 LLC
*(Name of person to whom the subpoena is directed)*

☒ *Testimony*: **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this bankruptcy case (or adversary proceeding). If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| PLACE | DATE AND TIME |
|---|---|
| Veritext Legal Solutions<br>600 North Pearl Street, Suite 2230<br>Dallas, TX 75201 | 8/10/2020 at 9:30 a.m. (CT) |

The deposition will be recorded by this method:

☒ *Production*: You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

See attached Addendum to Subpoena

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 7/31/2020

CLERK OF COURT

OR

______________________
*Signature of Clerk or Deputy Clerk*

***/s/ Stephen M. Packman***
*Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)* Petitioning Creditors , who issues or requests this subpoena, are: Stephen M. Packman, Esq., Archer & Greiner, P.C. Three Logan Square, 1717 Arch St., Ste. 3500, Philadelphia, PA 19103; spackman@archerlaw.com; 215-246-3147

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

## PROOF OF SERVICE

**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any)*: ______________________________________________
on *(date)* __________ .

☐ I served the subpoena by delivering a copy to the named person as follows: ____________________________________
____________________________________________________________________________________________________
__________________________________ on (*date*) ___________________ ; or

☐ I returned the subpoena unexecuted because: ____________________________________________________________
____________________________________________________________________________________________________

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _______________________ .

My fees are $ _________ for travel and $_________ for services, for a total of $_________ .

I declare under penalty of perjury that this information is true and correct.

Date: _______________

______________________________________________
*Server's signature*

______________________________________________
*Printed name and title*

______________________________________________
*Server's address*

Additional information concerning attempted service, etc.:

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)

**(made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)**

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person

(i) is a party or a party's officer; or

(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:

(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*

*(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

*(B) Objections*. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*

*(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

*(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

*(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

*(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

*(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

*(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

*(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*

*(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

*(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| In re: | Chapter 7 |
| WALL007 LLC, *et al.*,[1] | Case No. 20-31131 (HDH) |
| Alleged Debtor. | |

**<u>ADDENDUM TO SUBPOENA</u>**

You, or your representatives, must also bring with you to the deposition the following:

1. All writings and documents in your possession or available to you which relate to the Alleged Debtors, including, but not limited to, (a) communications (correspondence, emails, faxes, text, chats); (b) corporate and financial documents (for example, membership agreements, bylaws, minutes of meetings, resolutions, financial statements, tax returns, accounting books and records including balance sheets, P&Ls, account ledgers, agings, sales journals, disbursement ledgers, expense statements, bank records including statements); (c)agreements, instruments and other documents relating to the Alleged Debtors' businesses (for example, deeds, mortgages, loan agreements, notes, leases, valuations, appraisals, memos, opinions, graphs, charts, cash flows, projections, prospectus; and (d) all other documents and writings in your possession or available to you which relate to the Alleged Debtors, their assets, liabilities and businesses.

219018432v1

[1] The Alleged Debtors in these cases are: WALL007 LLC, WALL009 LLC, WALL010 LLC, WALL011 LLC, WALL012 LLC, WALL016 LLC, WALL017 LLC. The Alleged Debtors' federal tax identification numbers are unknown to the Petitioning Creditors at this time.

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| In re:<br><br>WALL007 LLC, *et al.*,[1]<br><br>Alleged Debtor. | Chapter 7<br><br>Case No. 20-31131 (HDH) |

**NOTICE OF DEPOSITION**

TO: Joyce W. Lindauer, Esq.
Joyce W. Lindauer Attorney, PLLC
1412 Main St., Ste. 500
Dallas, TX 75202
joyce@joycelindauer.com
*Counsel for Alleged Debtors*

PLEASE take notice that, pursuant to Federal Rule of Civil Procedure 30(b)(6), made applicable to this proceeding by Federal Rule of Bankruptcy Procedure 7030, on August 10, 2020, at 9:30 a.m. (CT), and continuing thereafter until it is complete, the undersigned counsel for Jun Li, Yunding Kang, Cunxiang Ji, Jin Wang, Peng Guo, Lin Zhou, Qu Chen, Kai Tian, Yijing Wu, Xuegeng Gong, Jin Wang, Weijia Kong, Heng Zhang, Hong Guo, Pei Guan, Yue Xu, Mai Ye, Chenchen Jiang, Qiuying Li, Ruinian Wu, Lin Zhou, Liying Yang, Yan Zhang, Wenjun Wang, Ying Zhou, Lin Li, Li Jiang, Rufeng Ding, Cunxiang Ji, Lin Gao, Qiao Qin, Yue Zhang, Xiaodong Hao, Tianqing Song, Li Jiang, Weisi Wang, Xiaoquan Dai, Feng Yan, Heng Zhang, Ou Jiang, Jinzhe Wu, Yadan Liu, Wanwan Li, Wenjuan Yin, Jiancheng Chen, Yi Tang, Ying Zhang, Pengfei Dong, Kangying Mao, Yijing Wu, Li Jiang, Qin Chu, Yulan Chen, Sicheng Zhan, Pei Guan, Jingqiu Tang, Di Tang, Jun Zeng, Kui Wang, Yue Zhang, Jun Wang, Xiaomin

---

1 The Alleged Debtors in these cases are: WALL007 LLC, WALL009 LLC, WALL010 LLC, WALL011 LLC, WALL012 LLC, WALL016 LLC, WALL017 LLC. The Alleged Debtors' federal tax identification numbers are unknown to the Petitioning Creditors at this time.

Fan, Di Tang, Jialin Hu, Qin Chu, Jiaxiang Lu, Fuqing Chen, Hanjiang Fu, Aiguo Luo, Fang Ding, Xiangdong Zhu, Wai Ying, Yuan Yuan, Chao Xu, Guoqin Zhou, and Yijing Wu (collectively, the "Petitioning Creditors"), will take the oral deposition of the Corporate Designee of WALL007 LLC, WALL009 LLC, WALL010 LLC, WALL011 LLC, WALL012 LLC, WALL016 LLC, and WALL017 LLC (collectively, the "Alleged Debtors"), before a court reporter, who will transcribe the deposition, in the above bankruptcy proceeding, at Veritext Legal Solutions, 600 North Pearl Street, Suite 2230, Dallas, Texas 75201.

Pursuant to Federal Rule of Civil Procedure 30(b)(6), the matters on which the Corporate Designee is to testify are as follows:

1. All matters relating to the underlying Petitions, Motions to Dismiss filed by the Alleged Debtors, and other matters and issues raised by pleadings filed by the Petitioning Creditors and Alleged Debtors and otherwise in these cases.

Dated: July 31, 2020

/s/ *Stephen M. Packman*

Jiangang Ou
Nguyen & Chen LLP
11200 Westheimer Road Suite 120
Houston, TX 77042
Tel: 832-767-0339
Email: jou@nguyen-chen.com

Stephen M. Packman
Archer & Greiner, P.C.
Three Logan Square
1717 Arch St., Suite 3500
Philadelphia, PA 19103
Tel: 215-246-3147
Email: spackman@archerlaw.com

*Counsel for the Petitioning Creditors*

219013509v2

B2560 (Form 2560 – Subpoena to Testify at a Deposition in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

NORTHERN District of TEXAS (DALLAS DIVISION)

In re WALL007 LLC, et al.,
Debtor

Case No. 20-31131 (HDH)

*(Complete if issued in an adversary proceeding)*

Chapter 7

_______________________
Plaintiff
v.
_______________________
Defendant

Adv. Proc. No. ________

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: Saskya Bedoya, Treasurer and Secretary of WALL007 LLC, WALL009 LLC, WALL010 LLC, WALL011 LLC, WALL012 LLC, WALL016 LLC and WALL017 LLC
*(Name of person to whom the subpoena is directed)*

☒ *Testimony*: **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this bankruptcy case (or adversary proceeding). If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| PLACE | DATE AND TIME |
|---|---|
| Veritext Legal Solutions<br>600 North Pearl Street, Suite 2230<br>Dallas, TX 75201 | 8/10/2020 at 1:00 p.m. (CT) |

The deposition will be recorded by this method:

☒ *Production*: You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:
See attached Addendum to Subpoena

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 7/31/2020

CLERK OF COURT

OR

_______________________
*Signature of Clerk or Deputy Clerk*

***/s/ Stephen M. Packman***
*Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)* Petitioning Creditors , who issues or requests this subpoena, are: Stephen M. Packman, Esq., Archer & Greiner, P.C. Three Logan Square, 1717 Arch St., Ste. 3500, Philadelphia, PA 19103; spackman@archerlaw.com; 215-246-3147

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

## PROOF OF SERVICE

**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any)*: ______________________________________________
on *(date)* __________ .

☐ I served the subpoena by delivering a copy to the named person as follows: ____________________________________
__________________________________________________________________________________________
__________________________________ on (*date*) ___________________ ; or

☐ I returned the subpoena unexecuted because: ____________________________________________________________
__________________________________________________________________________________________

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _______________________ .

My fees are $ _________ for travel and $_________ for services, for a total of $_________ .

I declare under penalty of perjury that this information is true and correct.

Date: _______________

________________________________________________
*Server's signature*

________________________________________________
*Printed name and title*

________________________________________________
*Server's address*

Additional information concerning attempted service, etc.:

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
**(made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)**

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person

(i) is a party or a party's officer; or

(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:

(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*

*(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

*(B) Objections*. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*

*(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

*(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

*(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

*(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

*(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

*(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

*(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*

*(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

*(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| In re: | Chapter 7 |
| WALL007 LLC, *et al.*,[1] | Case No. 20-31131 (HDH) |
| Alleged Debtor. | |

**ADDENDUM TO SUBPOENA**

You, or your representatives, must also bring with you to the deposition the following:

1. All writings and documents in your possession or available to you which relate to the Alleged Debtors, including, but not limited to, (a) communications (correspondence, emails, faxes, text, chats); (b) corporate and financial documents (for example, membership agreements, bylaws, minutes of meetings, resolutions, financial statements, tax returns, accounting books and records including balance sheets, P&Ls, account ledgers, agings, sales journals, disbursement ledgers, expense statements, bank records including statements); (c)agreements, instruments and other documents relating to the Alleged Debtors' businesses (for example, deeds, mortgages, loan agreements, notes, leases, valuations, appraisals, memos, opinions, graphs, charts, cash flows, projections, prospectus; and (d) all other documents and writings in your possession or available to you which relate to the Alleged Debtors, their assets, liabilities and businesses.

[1] The Alleged Debtors in these cases are: WALL007 LLC, WALL009 LLC, WALL010 LLC, WALL011 LLC, WALL012 LLC, WALL016 LLC, WALL017 LLC. The Alleged Debtors' federal tax identification numbers are unknown to the Petitioning Creditors at this time.

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| In re: | Chapter 7 |
| WALL007 LLC, *et al.*,[1] | Case No. 20-31131 (HDH) |
| Alleged Debtor. | |

**NOTICE OF DEPOSITION**

TO: Joyce W. Lindauer, Esq.
Joyce W. Lindauer Attorney, PLLC
1412 Main St., Ste. 500
Dallas, TX 75202
joyce@joycelindauer.com
*Counsel for Alleged Debtors*

PLEASE take notice that, pursuant to Federal Rule of Civil Procedure 30(b)(1), made applicable to this proceeding by Federal Rule of Bankruptcy Procedure 7030, on August 10, 2020, at 1:00 p.m. (CT), and continuing thereafter until it is complete, the undersigned counsel for Jun Li, Yunding Kang, Cunxiang Ji, Jin Wang, Peng Guo, Lin Zhou, Qu Chen, Kai Tian, Yijing Wu, Xuegeng Gong, Jin Wang, Weijia Kong, Heng Zhang, Hong Guo, Pei Guan, Yue Xu, Mai Ye, Chenchen Jiang, Qiuying Li, Ruinian Wu, Lin Zhou, Liying Yang, Yan Zhang, Wenjun Wang, Ying Zhou, Lin Li, Li Jiang, Rufeng Ding, Cunxiang Ji, Lin Gao, Qiao Qin, Yue Zhang, Xiaodong Hao, Tianqing Song, Li Jiang, Weisi Wang, Xiaoquan Dai, Feng Yan, Heng Zhang, Ou Jiang, Jinzhe Wu, Yadan Liu, Wanwan Li, Wenjuan Yin, Jiancheng Chen, Yi Tang, Ying Zhang, Pengfei Dong, Kangying Mao, Yijing Wu, Li Jiang, Qin Chu, Yulan Chen, Sicheng Zhan, Pei Guan, Jingqiu Tang, Di Tang, Jun Zeng, Kui Wang, Yue Zhang, Jun Wang, Xiaomin

---

[1] The Alleged Debtors in these cases are: WALL007 LLC, WALL009 LLC, WALL010 LLC, WALL011 LLC, WALL012 LLC, WALL016 LLC, WALL017 LLC. The Alleged Debtors' federal tax identification numbers are unknown to the Petitioning Creditors at this time.

Case 20-31331-hdh7 Doc 129-14 Filed 08/10/20 Entered 08/10/20 16:25:30 Page 17 of 42

Fan, Di Tang, Jialin Hu, Qin Chu, Jiaxiang Lu, Fuqing Chen, Hanjiang Fu, Aiguo Luo, Fang Ding, Xiangdong Zhu, Wai Ying, Yuan Yuan, Chao Xu, Guoqin Zhou, and Yijing Wu (collectively, the "Petitioning Creditors") will take the oral deposition of Saskya Bedoya, in her capacity as Treasurer and Secretary of WALL007 LLC, WALL009 LLC, WALL010 LLC, WALL011 LLC, WALL012 LLC, WALL016 LLC, and WALL017 LLC (collectively, the "Alleged Debtors"), before a court reporter, who will transcribe the deposition, in the above bankruptcy proceeding, at Veritext Legal Solutions, 600 North Pearl Street, Suite 2230, Dallas, Texas 75201.

Pursuant to Federal Rule of Civil Procedure 30(b)(1), the matters on which Saskya Bedoya is to testify are as follows:

1. All matters relating to the underlying Petitions, Motions to Dismiss filed by the Alleged Debtors, and other matters and issues raised by pleadings filed by the Petitioning Creditors and Alleged Debtors and otherwise in these cases.

Dated: July 31, 2020

/s/ *Stephen M. Pacman*
Jiangang Ou
Nguyen & Chen LLP
11200 Westheimer Road Suite 120
Houston, TX 77042
Tel: 832-767-0339
Email: jou@nguyen-chen.com

Stephen M. Packman
Archer & Greiner, P.C.
Three Logan Square
1717 Arch St., Suite 3500
Philadelphia, PA 19103
Tel: 215-246-3147
Email: spackman@archerlaw.com

*Counsel for the Petitioning Creditors*

B2560 (Form 2560 – Subpoena to Testify at a Deposition in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

NORTHERN District of TEXAS (DALLAS DIVISION)

In re WALL007 LLC, et al.,
Debtor

*(Complete if issued in an adversary proceeding)*

Case No. 20-31131 (HDH)

Chapter 7

________________________
Plaintiff
v.
________________________
Defendant

Adv. Proc. No. ________________

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: Timothy Barton, President of WALL007 LLC, WALL009 LLC, WALL010 LLC, WALL011 LLC, WALL012 LLC, WALL016 LLC and WALL017 LLC
*(Name of person to whom the subpoena is directed)*

☒ *Testimony*: **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this bankruptcy case (or adversary proceeding). If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| PLACE | DATE AND TIME |
|---|---|
| Veritext Legal Solutions<br>600 North Pearl Street, Suite 2230<br>Dallas, TX 75201 | 8/11/2020 at 9:30 a.m. (CT) |

The deposition will be recorded by this method:

☒ *Production*: You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

See attached Addendum to Subpoena

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 7/31/2020

CLERK OF COURT

OR

________________________
*Signature of Clerk or Deputy Clerk*

***/s/ Stephen M. Packman***
*Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)* Petitioning Creditors, who issues or requests this subpoena, are: Stephen M. Packman, Esq., Archer & Greiner, P.C. Three Logan Square, 1717 Arch St., Ste. 3500, Philadelphia, PA 19103; spackman@archerlaw.com; 215-246-3147

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

## PROOF OF SERVICE

**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any)*: ______________________________________________
on *(date)* __________ .

☐ I served the subpoena by delivering a copy to the named person as follows: ____________________________________
____________________________________________________________________________________________________
__________________________________ on (*date*) ___________________ ; or

☐ I returned the subpoena unexecuted because: ____________________________________________________________
____________________________________________________________________________________________________

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _______________________ .

My fees are $ _________ for travel and $_________ for services, for a total of $_________ .

I declare under penalty of perjury that this information is true and correct.

Date: _______________

________________________________________________
*Server's signature*

________________________________________________
*Printed name and title*

________________________________________________
*Server's address*

Additional information concerning attempted service, etc.:

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)

**(made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)**

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person

(i) is a party or a party's officer; or

(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:

(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*

*(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

*(B) Objections*. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*

*(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

*(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

*(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

*(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

*(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

*(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

*(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*

*(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

*(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| In re:<br><br>WALL007 LLC, *et al.*,[1]<br><br>Alleged Debtor. | Chapter 7<br><br>Case No. 20-31131 (HDH) |

**ADDENDUM TO SUBPOENA**

You, or your representatives, must also bring with you to the deposition the following:

1. All writings and documents in your possession or available to you which relate to the Alleged Debtors, including, but not limited to, (a) communications (correspondence, emails, faxes, text, chats); (b) corporate and financial documents (for example, membership agreements, bylaws, minutes of meetings, resolutions, financial statements, tax returns, accounting books and records including balance sheets, P&Ls, account ledgers, agings, sales journals, disbursement ledgers, expense statements, bank records including statements); (c)agreements, instruments and other documents relating to the Alleged Debtors' businesses (for example, deeds, mortgages, loan agreements, notes, leases, valuations, appraisals, memos, opinions, graphs, charts, cash flows, projections, prospectus; and (d) all other documents and writings in your possession or available to you which relate to the Alleged Debtors, their assets, liabilities and businesses.

219018622v1

[1] The Alleged Debtors in these cases are: WALL007 LLC, WALL009 LLC, WALL010 LLC, WALL011 LLC, WALL012 LLC, WALL016 LLC, WALL017 LLC. The Alleged Debtors' federal tax identification numbers are unknown to the Petitioning Creditors at this time.

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| In re: | Chapter 7 |
| WALL007 LLC, *et al.*,[1] | Case No. 20-31131 (HDH) |
| Alleged Debtor. | |

**NOTICE OF DEPOSITION**

TO: Joyce W. Lindauer, Esq.
Joyce W. Lindauer Attorney, PLLC
1412 Main St., Ste. 500
Dallas, TX 75202
joyce@joycelindauer.com
*Counsel for Alleged Debtors*

Steven C. Metzger Esq.
Metzger Law PLLC
3626 N. Hall St., Ste. 800
Dallas, TX 75219
smetzger@pmklaw.com
*Counsel for Timothy Barton*

PLEASE take notice that, pursuant to Federal Rule of Civil Procedure 30(b)(1), made applicable to this proceeding by Federal Rule of Bankruptcy Procedure 7030, on August 11, 2020, at 9:30 a.m. (CT), and continuing thereafter until it is complete, the undersigned counsel for Jun Li, Yunding Kang, Cunxiang Ji, Jin Wang, Peng Guo, Lin Zhou, Qu Chen, Kai Tian, Yijing Wu, Xuegeng Gong, Jin Wang, Weijia Kong, Heng Zhang, Hong Guo, Pei Guan, Yue Xu, Mai Ye, Chenchen Jiang, Qiuying Li, Ruinian Wu, Lin Zhou, Liying Yang, Yan Zhang, Wenjun Wang, Ying Zhou, Lin Li, Li Jiang, Rufeng Ding, Cunxiang Ji, Lin Gao, Qiao Qin, Yue Zhang, Xiaodong Hao, Tianqing Song, Li Jiang, Weisi Wang, Xiaoquan Dai, Feng Yan, Heng Zhang, Ou Jiang, Jinzhe Wu, Yadan Liu, Wanwan Li, Wenjuan Yin, Jiancheng Chen, Yi Tang, Ying Zhang, Pengfei Dong, Kangying Mao, Yijing Wu, Li Jiang, Qin Chu, Yulan Chen, Sicheng Zhan, Pei Guan, Jingqiu Tang, Di Tang, Jun Zeng, Kui Wang, Yue Zhang, Jun Wang, Xiaomin

[1] The Alleged Debtors in these cases are: WALL007 LLC, WALL009 LLC, WALL010 LLC, WALL011 LLC, WALL012 LLC, WALL016 LLC, WALL017 LLC. The Alleged Debtors' federal tax identification numbers are unknown to the Petitioning Creditors at this time.

Fan, Di Tang, Jialin Hu, Qin Chu, Jiaxiang Lu, Fuqing Chen, Hanjiang Fu, Aiguo Luo, Fang Ding, Xiangdong Zhu, Wai Ying, Yuan Yuan, Chao Xu, Guoqin Zhou, and Yijing Wu (collectively, the "Petitioning Creditors") will take the oral deposition of Timothy Barton, in his capacity as President of WALL007 LLC, WALL009 LLC, WALL010 LLC, WALL011 LLC, WALL012 LLC, WALL016 LLC, and WALL017 LLC (collectively, the "Alleged Debtors"), before a court reporter, who will transcribe the deposition, in the above bankruptcy proceeding at Veritext Legal Solutions, 600 North Pearl Street, Suite 2230, Dallas, Texas 75201.

Pursuant to Federal Rule of Civil Procedure 30(b)(1), the matters on which Timothy Barton is to testify are as follows:

1. All matters relating to the underlying Petitions, Motions to dismiss filed by the Alleged Debtors, and other matters and issues raised by pleadings filed by the Petitioning Creditors and Alleged Debtors and otherwise in these cases.

Dated: July 31, 2020

/s/ *Stephen M. Packman*
Jiangang Ou
Nguyen & Chen LLP
11200 Westheimer Road Suite 120
Houston, TX 77042
Tel: 832-767-0339
Email: jou@nguyen-chen.com

Stephen M. Packman
Archer & Greiner, P.C.
Three Logan Square
1717 Arch St., Suite 3500
Philadelphia, PA 19103
Tel: 215-246-3147
Email: spackman@archerlaw.com

*Counsel for the Petitioning Creditors*

B2560 (Form 2560 – Subpoena to Testify at a Deposition in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

NORTHERN District of TEXAS (DALLAS DIVISION)

In re WALL007 LLC, et al.,
Debtor

(Complete if issued in an adversary proceeding)

_______________
Plaintiff
v.
_______________
Defendant

Case No. 20-31131 (HDH)

Chapter 7

Adv. Proc. No. ___________

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: Murugan Venkat, Corporate Controller, JMJ Development, LLC, 1755 Wittington Place, Suite 340, Dallas, TX 75234
*(Name of person to whom the subpoena is directed)*

☒ *Testimony*: **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this bankruptcy case (or adversary proceeding). If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| PLACE | DATE AND TIME |
|---|---|
| Veritext Legal Solutions<br>600 North Pearl Street, Suite 2230<br>Dallas, TX 75201 | 8/12/2020 at 9:30 a.m. (CT) |

The deposition will be recorded by this method:

☒ *Production*: You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:
See attached Addendum to Subpoena.

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 7/31/2020

CLERK OF COURT

OR

_______________ *Signature of Clerk or Deputy Clerk*

*/s/ Stephen M. Packman*
*Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)* Petitioning Creditors, who issues or requests this subpoena, are: Stephen M. Packman, Esq., Archer & Greiner, P.C. Three Logan Square, 1717 Arch St., Ste. 3500, Philadelphia, PA 19103; spackman@archerlaw.com; 215-246-3147

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

## PROOF OF SERVICE

**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any)*: ______________________________________________
on *(date)* ___________ .

☐ I served the subpoena by delivering a copy to the named person as follows: ________________________________________
______________________________________________________________________________________________________
____________________________________ on (*date*) ____________________ ; or

☐ I returned the subpoena unexecuted because: ________________________________________________________________
______________________________________________________________________________________________________

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ ________________________ .

My fees are $ _________ for travel and $_________ for services, for a total of $_________ .

I declare under penalty of perjury that this information is true and correct.

Date: _______________

________________________________________________
*Server's signature*

________________________________________________
*Printed name and title*

________________________________________________
*Server's address*

Additional information concerning attempted service, etc.:

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)

**(made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)**

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person

(i) is a party or a party's officer; or

(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:

(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*

*(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

*(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*

*(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

*(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

*(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

*(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

*(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

*(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

*(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*

*(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

*(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| In re: | Chapter 7 |
| WALL007 LLC, *et al.*,[1] | Case No. 20-31131 (HDH) |
| Alleged Debtor. | |

**ADDENDUM TO SUBPOENA**

You, or your representatives, must also bring with you to the deposition the following:

1. All writings and documents in your possession or available to you which relate to the Alleged Debtors, including, but not limited to, (a) communications (correspondence, emails, faxes, text, chats); (b) corporate and financial documents (for example, membership agreements, bylaws, minutes of meetings, resolutions, financial statements, tax returns, accounting books and records including balance sheets, P&Ls, account ledgers, agings, sales journals, disbursement ledgers, expense statements, bank records including statements); (c)agreements, instruments and other documents relating to the Alleged Debtors' businesses (for example, deeds, mortgages, loan agreements, notes, leases, valuations, appraisals, memos, opinions, graphs, charts, cash flows, projections, prospectus; and (d) all other documents and writings in your possession or available to you which relate to the Alleged Debtors, their assets, liabilities and businesses.

219012325v2

---

1 The Alleged Debtors in these cases are: WALL007 LLC, WALL009 LLC, WALL010 LLC, WALL011 LLC, WALL012 LLC, WALL016 LLC, WALL017 LLC. The Alleged Debtors' federal tax identification numbers are unknown to the Petitioning Creditors at this time.

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| In re: | Chapter 7 |
| WALL007 LLC, *et al.*,[1] | Case No. 20-31131 (HDH) |
| Alleged Debtor. | |

**NOTICE OF DEPOSITION**

TO: Murugan Venkat, Corporate Controller
JMJ Development, LLC
1755 Wittington Place, Suite 340
Dallas, TX 75234

Joyce W. Lindauer, Esq.
Joyce W. Lindauer Attorney, PLLC
1412 Main St., Ste. 500
Dallas, TX 75202
joyce@joycelindauer.com
*Counsel for Alleged Debtors*

PLEASE take notice that, pursuant to Federal Rule of Civil Procedure 30(b)(1), made applicable to this proceeding by Federal Rule of Bankruptcy Procedure 7030, on August 12, 2020, at 9:30 a.m. (CT), and continuing thereafter until it is complete, the undersigned counsel for Jun Li, Yunding Kang, Cunxiang Ji, Jin Wang, Peng Guo, Lin Zhou, Qu Chen, Kai Tian, Yijing Wu, Xuegeng Gong, Jin Wang, Weijia Kong, Heng Zhang, Hong Guo, Pei Guan, Yue Xu, Mai Ye, Chenchen Jiang, Qiuying Li, Ruinian Wu, Lin Zhou, Liying Yang, Yan Zhang, Wenjun Wang, Ying Zhou, Lin Li, Li Jiang, Rufeng Ding, Cunxiang Ji, Lin Gao, Qiao Qin, Yue Zhang, Xiaodong Hao, Tianqing Song, Li Jiang, Weisi Wang, Xiaoquan Dai, Feng Yan, Heng Zhang, Ou Jiang, Jinzhe Wu, Yadan Liu, Wanwan Li, Wenjuan Yin, Jiancheng Chen, Yi Tang, Ying Zhang, Pengfei Dong, Kangying Mao, Yijing Wu, Li Jiang, Qin Chu, Yulan Chen, Sicheng Zhan, Pei Guan, Jingqiu Tang, Di Tang, Jun Zeng, Kui Wang, Yue Zhang, Jun Wang, Xiaomin Fan, Di Tang, Jialin Hu, Qin Chu, Jiaxiang Lu, Fuqing Chen, Hanjiang Fu, Aiguo Luo, Fang Ding, Xiangdong Zhu, Wai Ying, Yuan

1 The Alleged Debtors in these cases are: WALL007 LLC, WALL009 LLC, WALL010 LLC, WALL011 LLC, WALL012 LLC, WALL016 LLC, WALL017 LLC. The Alleged Debtors' federal tax identification numbers are unknown to the Petitioning Creditors at this time.

Yuan, Chao Xu, Guoqin Zhou, and Yijing Wu (collectively, the "Petitioning Creditors"), will take the oral deposition of Murugan Venkat, Corporate Controller of JMJ Development, LLC, before a court reporter, who will transcribe the deposition, in the above bankruptcy proceeding, at Veritext Legal Solutions, 600 North Pearl Street, Suite 2230, Dallas, Texas 75201.

Pursuant to Federal Rule of Civil Procedure 30(b)(1), the matters on which Murugan Venkat is to testify are as follows:

1. All matters relating to the underlying Petitions, Motions to dismiss filed by the Alleged Debtors, and other matters and issues raised by pleadings filed by the Petitioning Creditors and Alleged Debtors and otherwise in these cases.

Dated: July 31, 2020

/s/ *Stephen M. Packman*
Jiangang Ou
Nguyen & Chen LLP
11200 Westheimer Road Suite 120
Houston, TX 77042
Tel: 832-767-0339
Email: jou@nguyen-chen.com

Stephen M. Packman
Archer & Greiner, P.C.
Three Logan Square
1717 Arch St., Suite 3500
Philadelphia, PA 19103
Tel: 215-246-3147
Email: spackman@archerlaw.com

*Counsel for the Petitioning Creditors*

B2560 (Form 2560 – Subpoena to Testify at a Deposition in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

NORTHERN District of TEXAS (DALLAS DIVISION)

In re WALL007 LLC, et al.,
Debtor

Case No. 20-31131 (HDH)

*(Complete if issued in an adversary proceeding)*

Chapter 7

Plaintiff
v.

Adv. Proc. No. ____

Defendant

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: Hongpeng Lin, 9963 Boyton Canyon Rd., Frisco, TX 75035
*(Name of person to whom the subpoena is directed)*

☒ *Testimony*: **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this bankruptcy case (or adversary proceeding). If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| PLACE | DATE AND TIME |
|---|---|
| Veritext Legal Solutions<br>600 North Pearl Street, Suite 2230<br>Dallas, TX 75201 | 8/12/2020 at 1:00 p.m. (CT) |

The deposition will be recorded by this method:

☒ *Production*: You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:
See attached Addendum to Subpoena.

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 7/31/2020

CLERK OF COURT

OR

____________________ *Signature of Clerk or Deputy Clerk*

***/s/ Stephen M. Packman***
*Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)* Petitioning Creditors, who issues or requests this subpoena, are: Stephen M. Packman, Esq., Archer & Greiner, P.C. Three Logan Square, 1717 Arch St., Ste. 3500, Philadelphia, PA 19103; spackman@archerlaw.com; 215-246-3147

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

## PROOF OF SERVICE

**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any)*: ______________________________________________
on *(date)* __________ .

☐ I served the subpoena by delivering a copy to the named person as follows: ____________________________________
____________________________________________________________________________________________________
__________________________________ on (*date*) ___________________ ; or

☐ I returned the subpoena unexecuted because: ____________________________________________________________
____________________________________________________________________________________________________

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _______________________ .

My fees are $ _________ for travel and $_________ for services, for a total of $_________ .

I declare under penalty of perjury that this information is true and correct.

Date: _______________

________________________________________________
*Server's signature*

________________________________________________
*Printed name and title*

________________________________________________
*Server's address*

Additional information concerning attempted service, etc.:

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)

**(made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)**

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person

(i) is a party or a party's officer; or

(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:

(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*

*(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

*(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*

*(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

*(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

*(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

*(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

*(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

*(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

*(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*

*(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

*(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| In re: | Chapter 7 |
| WALL007 LLC, *et al.*,[1] | Case No. 20-31131 (HDH) |
| Alleged Debtor. | |

**ADDENDUM TO SUBPOENA**

You, or your representatives, must also bring with you to the deposition the following:

1. All writings and documents in your possession or available to you which relate to the Alleged Debtors, including, but not limited to, (a) communications (correspondence, emails, faxes, text, chats); (b) corporate and financial documents (for example, membership agreements, bylaws, minutes of meetings, resolutions, financial statements, tax returns, accounting books and records including balance sheets, P&Ls, account ledgers, agings, sales journals, disbursement ledgers, expense statements, bank records including statements); (c)agreements, instruments and other documents relating to the Alleged Debtors' businesses (for example, deeds, mortgages, loan agreements, notes, leases, valuations, appraisals, memos, opinions, graphs, charts, cash flows, projections, prospectus; and (d) all other documents and writings in your possession or available to you which relate to the Alleged Debtors, their assets, liabilities and businesses.

219011808v3

[1] The Alleged Debtors in these cases are: WALL007 LLC, WALL009 LLC, WALL010 LLC, WALL011 LLC, WALL012 LLC, WALL016 LLC, WALL017 LLC. The Alleged Debtors' federal tax identification numbers are unknown to the Petitioning Creditors at this time.

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| In re: | Chapter 7 |
| WALL007 LLC, *et al.*,[1] | Case No. 20-31131 (HDH) |
| Alleged Debtor. | |

**NOTICE OF DEPOSITION**

TO: Hongpeng Lin
9963 Boyton Canyon Rd.
Frisco, TX 75035

Joyce W. Lindauer, Esq.
Joyce W. Lindauer Attorney, PLLC
1412 Main St., Ste. 500
Dallas, TX 75202
joyce@joycelindauer.com
*Counsel for Alleged Debtors*

PLEASE take notice that, pursuant to Federal Rule of Civil Procedure 30(b)(1), made applicable to this proceeding by Federal Rule of Bankruptcy Procedure 7030, on August 12, 2020, at 1:00 p.m. (CT), and continuing thereafter until it is complete, the undersigned counsel for Jun Li, Yunding Kang, Cunxiang Ji, Jin Wang, Peng Guo, Lin Zhou, Qu Chen, Kai Tian, Yijing Wu, Xuegeng Gong, Jin Wang, Weijia Kong, Heng Zhang, Hong Guo, Pei Guan, Yue Xu, Mai Ye, Chenchen Jiang, Qiuying Li, Ruinian Wu, Lin Zhou, Liying Yang, Yan Zhang, Wenjun Wang, Ying Zhou, Lin Li, Li Jiang, Rufeng Ding, Cunxiang Ji, Lin Gao, Qiao Qin, Yue Zhang, Xiaodong Hao, Tianqing Song, Li Jiang, Weisi Wang, Xiaoquan Dai, Feng Yan, Heng Zhang, Ou Jiang, Jinzhe Wu, Yadan Liu, Wanwan Li, Wenjuan Yin, Jiancheng Chen, Yi Tang, Ying Zhang, Pengfei Dong, Kangying Mao, Yijing Wu, Li Jiang, Qin Chu, Yulan Chen, Sicheng Zhan, Pei Guan, Jingqiu Tang, Di Tang, Jun Zeng, Kui Wang, Yue Zhang, Jun Wang, Xiaomin Fan, Di Tang, Jialin Hu, Qin Chu, Jiaxiang Lu, Fuqing Chen, Hanjiang Fu, Aiguo Luo, Fang Ding, Xiangdong Zhu, Wai Ying, Yuan

---

1 The Alleged Debtors in these cases are: WALL007 LLC, WALL009 LLC, WALL010 LLC, WALL011 LLC, WALL012 LLC, WALL016 LLC, WALL017 LLC. The Alleged Debtors' federal tax identification numbers are unknown to the Petitioning Creditors at this time.

Case 20-31311-hdh7 Doc 29-14 Filed 08/10/20 Entered 08/10/20 16:32:26 Page 35 of 42

Yuan, Chao Xu, Guoqin Zhou, and Yijing Wu (collectively, the "Petitioning Creditors"), will take the oral deposition of Hongpeng Lin, before a court reporter, who will transcribe the deposition, in the above bankruptcy proceeding, at Veritext Legal Solutions, 600 North Pearl Street, Suite 2230, Dallas, Texas 75201.

Pursuant to Federal Rule of Civil Procedure 30(b)(1), the matters on which Hongpeng Lin is to testify are as follows:

1. All matters relating to the underlying Petitions, Motions to dismiss filed by the Alleged Debtors, and other matters and issues raised by pleadings filed by the Petitioning Creditors and Alleged Debtors and otherwise in these cases.

Dated: July 31, 2020

/s/ *Stephen M. Packman*

Jiangang Ou
Nguyen & Chen LLP
11200 Westheimer Road Suite 120
Houston, TX 77042
Tel: 832-767-0339
Email: jou@nguyen-chen.com

Stephen M. Packman
Archer & Greiner, P.C.
Three Logan Square
1717 Arch St., Suite 3500
Philadelphia, PA 19103
Tel: 215-246-3147
Email: spackman@archerlaw.com

*Counsel for the Petitioning Creditors*

ARCHER
ATTORNEYS AT LAW

**Stephen M. Packman**
*Fellow of INSOL*
*Member of New Jersey, Pennsylvania and New York Bars*
spackman@archerlaw.com
215-246-3147 (Ext. 5147) Direct

Archer & Greiner, P.C.
Three Logan Square
1717 Arch Street, Suite 3500
Philadelphia, PA 19103-2739
215-963-3300 Main
215-963-9999 Fax
www.archerlaw.com

July 31, 2020

**VIA EMAIL AND FEDEX**

Steven C. Metzger Esq.
Metzger Law PLLC
3626 N. Hall St., Ste. 800
Dallas, TX 75219
smetzger@pmklaw.com

Re: In re WALL007, LLC, et al.[1]
Chapter 7 Bankruptcy Cases No. 20-31131 (HDH) (Bankr. N.D. Tex.)
Our File No. WAL347-00961

Dear Mr. Metzger:

Enclosed please find a Subpoena to Testify at a Deposition in a Bankruptcy Case and a Notice of Deposition directed to your client, Timothy Barton, in his capacity as President of the Alleged Debtors in the above-referenced involuntary bankruptcy proceeding. Please note, Mr. Barton's deposition is scheduled to take place on August 11, 2020 at 9:30 a.m. (CT).

Thank you.

Very truly yours,

*/s/ Stephen M. Packman*
STEPHEN M. PACKMAN

cc: Jorge Garcia, Esq.
Jiangang (James) Ou, Esq.
Joyce W. Lindauer, Esq.

219022047v1

[1] The Alleged Debtors in these cases are: WALL007 LLC, WALL009 LLC, WALL010 LLC, WALL011 LLC, WALL012 LLC, WALL016 LLC, WALL017 LLC.

# UNITED STATES BANKRUPTCY COURT

NORTHERN District of TEXAS (DALLAS DIVISION)

In re WALL007 LLC, et al.,
Debtor

(*Complete if issued in an adversary proceeding*)

Case No. 20-31131 (HDH)

Chapter 7

_______________
Plaintiff
v.
_______________
Defendant

Adv. Proc. No. ________

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: Timothy Barton, President of WALL007 LLC, WALL009 LLC, WALL010 LLC, WALL011 LLC, WALL012 LLC, WALL016 LLC and WALL017 LLC
*(Name of person to whom the subpoena is directed)*

☒ *Testimony*: **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this bankruptcy case (or adversary proceeding). If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| PLACE | DATE AND TIME |
|---|---|
| Veritext Legal Solutions<br>600 North Pearl Street, Suite 2230<br>Dallas, TX 75201 | 8/11/2020 at 9:30 a.m. (CT) |

The deposition will be recorded by this method:

☒ *Production*: You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

See attached Addendum to Subpoena

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 7/31/2020

CLERK OF COURT

OR

_______________ /s/ Stephen M. Packman
*Signature of Clerk or Deputy Clerk* *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)* Petitioning Creditors, who issues or requests this subpoena, are: Stephen M. Packman, Esq., Archer & Greiner, P.C. Three Logan Square, 1717 Arch St., Ste. 3500, Philadelphia, PA 19103; spackman@archerlaw.com; 215-246-3147

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

## PROOF OF SERVICE

**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any)*: ________________________________________________
on *(date)* __________ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____________________________________
_____________________________________________________________________________________________________
___________________________________ on (*date*) ___________________ ; or

☐ I returned the subpoena unexecuted because: ______________________________________________________________
_____________________________________________________________________________________________________

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _______________________ .

My fees are $ _________ for travel and $_________ for services, for a total of $_________ .

I declare under penalty of perjury that this information is true and correct.

Date: _______________

_________________________________________________
*Server's signature*

_________________________________________________
*Printed name and title*

_________________________________________________
*Server's address*

Additional information concerning attempted service, etc.:

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)

## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person

(i) is a party or a party's officer; or

(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:

(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*

*(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

*(B) Objections*. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*

*(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

*(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

*(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

*(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

*(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

*(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

*(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*

*(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

*(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| In re:<br><br>WALL007 LLC, *et al.*,[1]<br><br>Alleged Debtor. | Chapter 7<br><br>Case No. 20-31131 (HDH) |

**ADDENDUM TO SUBPOENA**

You, or your representatives, must also bring with you to the deposition the following:

1. All writings and documents in your possession or available to you which relate to the Alleged Debtors, including, but not limited to, (a) communications (correspondence, emails, faxes, text, chats); (b) corporate and financial documents (for example, membership agreements, bylaws, minutes of meetings, resolutions, financial statements, tax returns, accounting books and records including balance sheets, P&Ls, account ledgers, agings, sales journals, disbursement ledgers, expense statements, bank records including statements); (c)agreements, instruments and other documents relating to the Alleged Debtors' businesses (for example, deeds, mortgages, loan agreements, notes, leases, valuations, appraisals, memos, opinions, graphs, charts, cash flows, projections, prospectus; and (d) all other documents and writings in your possession or available to you which relate to the Alleged Debtors, their assets, liabilities and businesses.

219018622v1

[1] The Alleged Debtors in these cases are: WALL007 LLC, WALL009 LLC, WALL010 LLC, WALL011 LLC, WALL012 LLC, WALL016 LLC, WALL017 LLC. The Alleged Debtors' federal tax identification numbers are unknown to the Petitioning Creditors at this time.

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| In re: | Chapter 7 |
| WALL007 LLC, *et al.*,[1] | Case No. 20-31131 (HDH) |
| Alleged Debtor. | |

**NOTICE OF DEPOSITION**

TO: Joyce W. Lindauer, Esq.
Joyce W. Lindauer Attorney, PLLC
1412 Main St., Ste. 500
Dallas, TX 75202
joyce@joycelindauer.com
*Counsel for Alleged Debtors*

Steven C. Metzger Esq.
Metzger Law PLLC
3626 N. Hall St., Ste. 800
Dallas, TX 75219
smetzger@pmklaw.com
*Counsel for Timothy Barton*

PLEASE take notice that, pursuant to Federal Rule of Civil Procedure 30(b)(1), made applicable to this proceeding by Federal Rule of Bankruptcy Procedure 7030, on August 11, 2020, at 9:30 a.m. (CT), and continuing thereafter until it is complete, the undersigned counsel for Jun Li, Yunding Kang, Cunxiang Ji, Jin Wang, Peng Guo, Lin Zhou, Qu Chen, Kai Tian, Yijing Wu, Xuegeng Gong, Jin Wang, Weijia Kong, Heng Zhang, Hong Guo, Pei Guan, Yue Xu, Mai Ye, Chenchen Jiang, Qiuying Li, Ruinian Wu, Lin Zhou, Liying Yang, Yan Zhang, Wenjun Wang, Ying Zhou, Lin Li, Li Jiang, Rufeng Ding, Cunxiang Ji, Lin Gao, Qiao Qin, Yue Zhang, Xiaodong Hao, Tianqing Song, Li Jiang, Weisi Wang, Xiaoquan Dai, Feng Yan, Heng Zhang, Ou Jiang, Jinzhe Wu, Yadan Liu, Wanwan Li, Wenjuan Yin, Jiancheng Chen, Yi Tang, Ying Zhang, Pengfei Dong, Kangying Mao, Yijing Wu, Li Jiang, Qin Chu, Yulan Chen, Sicheng Zhan, Pei Guan, Jingqiu Tang, Di Tang, Jun Zeng, Kui Wang, Yue Zhang, Jun Wang, Xiaomin

[1] The Alleged Debtors in these cases are: WALL007 LLC, WALL009 LLC, WALL010 LLC, WALL011 LLC, WALL012 LLC, WALL016 LLC, WALL017 LLC. The Alleged Debtors' federal tax identification numbers are unknown to the Petitioning Creditors at this time.

Fan, Di Tang, Jialin Hu, Qin Chu, Jiaxiang Lu, Fuqing Chen, Hanjiang Fu, Aiguo Luo, Fang Ding, Xiangdong Zhu, Wai Ying, Yuan Yuan, Chao Xu, Guoqin Zhou, and Yijing Wu (collectively, the "Petitioning Creditors") will take the oral deposition of Timothy Barton, in his capacity as President of WALL007 LLC, WALL009 LLC, WALL010 LLC, WALL011 LLC, WALL012 LLC, WALL016 LLC, and WALL017 LLC (collectively, the "Alleged Debtors"), before a court reporter, who will transcribe the deposition, in the above bankruptcy proceeding at Veritext Legal Solutions, 600 North Pearl Street, Suite 2230, Dallas, Texas 75201.

Pursuant to Federal Rule of Civil Procedure 30(b)(1), the matters on which Timothy Barton is to testify are as follows:

1. All matters relating to the underlying Petitions, Motions to dismiss filed by the Alleged Debtors, and other matters and issues raised by pleadings filed by the Petitioning Creditors and Alleged Debtors and otherwise in these cases.

Dated: July 31, 2020

/s/ *Stephen M. Packman*
Jiangang Ou
Nguyen & Chen LLP
11200 Westheimer Road Suite 120
Houston, TX 77042
Tel: 832-767-0339
Email: jou@nguyen-chen.com

Stephen M. Packman
Archer & Greiner, P.C.
Three Logan Square
1717 Arch St., Suite 3500
Philadelphia, PA 19103
Tel: 215-246-3147
Email: spackman@archerlaw.com

*Counsel for the Petitioning Creditors*

# EXHIBIT "D"

Centers for Disease Control and Prevention

MENU




# Travelers Prohibited from Entry to the United States Travelers Prohibited from Entry to the US

Updated June 15, 2020 Print

Several Presidential proclamations established restrictions on the entry of certain travelers into the United States in an effort to help slow the spread of coronavirus disease 2019 (COVID-19).

**With specific exceptions, foreign nationals who have been in any of the following countries during the past 14 days may not enter the United States. For a full list of exceptions, please refer to the relevant proclamations in the links below.**

- China
- Iran
- European Schengen area (Austria, Belgium, Czech Republic, Denmark, Estonia, Finland, France, Germany, Greece, Hungary, Iceland, Italy, Latvia, Liechtenstein, Lithuania, Luxembourg, Malta, Netherlands, Norway, Poland, Portugal, Slovakia, Slovenia, Spain, Sweden, Switzerland, Monaco, San Marino, Vatican City)
- United Kingdom (England, Scotland, Wales, Northern Ireland)
- Republic of Ireland
- Brazil

As further provided in each proclamation, citizens and lawful permanent residents of the United States, certain family members, and other individuals who meet specified exceptions, who have been in one of the countries listed above in the past 14 days will be allowed to enter the United States through one of 15 airports. After arriving to the United States from one of these countries, CDC recommends that travelers stay home and monitor their health for 14 days. More information about what to do after arriving to the United States is available on CDC's Returning from International Travel webpage.

Last Updated June 15, 2020

# EXHIBIT "E"

## Garcia, Jorge

**From:** Joyce Lindauer <joyce@joycelindauer.com>
**Sent:** Thursday, August 6, 2020 9:59 AM
**To:** Packman, Stephen
**Cc:** Garcia, Jorge; Steven Metzger; K Walji; Tim Barton; vance@mcmurrylegal.com
**Subject:** RE: [EXT MAIL] Wall 007 and related Cases

Stephen - Steve and I would like to set up a call with you this morning Is there a good time for that?

-----Original Message-----
From: Packman, Stephen <spackman@archerlaw.com>
Sent: Wednesday, August 5, 2020 6:43 PM
To: Joyce Lindauer <joyce@joycelindauer.com>
Cc: Garcia, Jorge <jgarcia@archerlaw.com>; Steven Metzger <smetzger@pmklaw.com>; K Walji <k.walji@waljilaw.com>; Tim Barton <tbarton@jmjdevelopment.com>; vance@mcmurrylegal.com
Subject: Re: [EXT MAIL] Wall 007 and related Cases

If you will not produce the representatives of the debtor per our subpoenas served upon you as counsel for the debtor we will simply amend our motion to compel and take it up with the court on the 17th. There is no Order limiting discovery so your position is meritless.

Sent from my iPhone

On Aug 5, 2020, at 7:33 PM, Joyce Lindauer <joyce@joycelindauer.com> wrote:

Mr. Packman,

As you are aware, it is our position that any discovery that takes place prior to the resolution of our dispositive Motion to Dismiss and Motion re: Wet Signatures should be limited only to issues contained within those Motions dealing with standing and whether your clients hold claims that meet the criteria for the filing of involuntary petitions, as resolution in our favor of any of a number of issues raised in those Motions could result in invalidating the petitions / dismissal of the case.

We understand that you may not share our views, but are hopeful that a mutual agreement can be made so that all parties can make a good faith effort in continuing to exchanging meaningful discovery during the pendency of the dispositive Motions. To that end, we now send to you a draft proposed Joint Stipulation Regarding Discovery. As you will see, the Joint Stipulation does not require you to agree with our reasoning for the discovery limitations, and permits you to provide your own narrative as well (which we will not disturb) – the only agreement is for the Conclusion Paragraph, i.e. to limit the discovery prior to the ruling of the Court on the dispositive Motions . We believe that this is a fair way for all sides to be heard and for limited discovery to continue in good faith.

If you are amenable to joining this Stipulation, we request that you give us notice of such in the next 24 hours, and provide your draft position statement in the next 48 hours for filing. We appreciate your consideration.

PLEASE NOTE OUR NEW ADDRESS IN DOWNTOWN DALLAS

<image001.png>

Joyce Lindauer
Joyce W. Lindauer Attorney, PLLC
1412 Main Street
Suite 500
Dallas, TX 75202
PH 972-503-4033
FAX 972-503-4034
CEL 214-957-8039

<WALL BKP - Joint Stipulation Regarding Discovery VF2 Aug 5 2020.jl.docx>

## Garcia, Jorge

**From:** Joyce Lindauer <joyce@joycelindauer.com>
**Sent:** Wednesday, August 5, 2020 7:33 PM
**To:** Packman, Stephen; Garcia, Jorge
**Cc:** Steven Metzger; K Walji; Tim Barton; vance@mcmurrylegal.com
**Subject:** [EXT MAIL] Wall 007 and related Cases
**Attachments:** WALL BKP - Joint Stipulation Regarding Discovery VF2 Aug 5 2020.jl.docx

Mr. Packman,

As you are aware, it is our position that any discovery that takes place prior to the resolution of our dispositive Motion to Dismiss and Motion re: Wet Signatures should be limited only to issues contained within those Motions dealing with standing and whether your clients hold claims that meet the criteria for the filing of involuntary petitions, as resolution in our favor of any of a number of issues raised in those Motions could result in invalidating the petitions / dismissal of the case.

We understand that you may not share our views, but are hopeful that a mutual agreement can be made so that all parties can make a good faith effort in continuing to exchanging meaningful discovery during the pendency of the dispositive Motions. To that end, we now send to you a draft proposed Joint Stipulation Regarding Discovery. As you will see, the Joint Stipulation does not require you to agree with our reasoning for the discovery limitations, and permits you to provide your own narrative as well (which we will not disturb) – the only agreement is for the Conclusion Paragraph, i.e. to limit the discovery prior to the ruling of the Court on the dispositive Motions . We believe that this is a fair way for all sides to be heard and for limited discovery to continue in good faith.

If you are amenable to joining this Stipulation, we request that you give us notice of such in the next 24 hours, and provide your draft position statement in the next 48 hours for filing. We appreciate your consideration.

**PLEASE NOTE OUR NEW ADDRESS IN DOWNTOWN DALLAS**

JOYCE LINDAUER
Attorney at Law
And Mediator

*Joyce Lindauer*
Joyce W. Lindauer Attorney, PLLC
1412 Main Street
Suite 500
Dallas, TX 75202
PH 972-503-4033
FAX 972-503-4034
CEL 214-957-8039

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| **In re:**<br><br>**WALL007 LLC, et al**<br><br>**Alleged Debtors.** | <br><br>**Case No. 20-31131**<br>**Chapter 7** |

**JOINT STIPULATION REGARDING LIMITING DISCOVERY PENDING RESOLUTION OF DISPOSITIVE MOTIONS**

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

NOW HERE COME Alleged Debtors Wall007 LLC *et al*. and Petitioners Jun Li *et al*. and file this Joint Stipulation Regarding Discovery pursuant to Federal Rule of Bankruptcy Procedure 7029(b) and Federal Rule of Civil Procedure 29(b), and hereby state as follows:

A. <u>POSITION AS TO ALLEGED DEBTORS</u>

On May 7, 2020, the Alleged Debtors filed a Motion to Dismiss the above-captioned matter. (Dkt. No. 19.) In the Motion, the Alleged Debtors put forth the following arguments, any of which being dispositive of the action if decided in the Alleged Debtors' favor:

i. as the agent for all parties to the relevant pooled agreements, Haoqiang Fu, a/k/a Michael Fu and d/b/a Silverland Financial Ltd. and Platinum Investment Corporation, is the single real party in interest to this suit and should be substituted for the Petitioners, at which time the involuntary petitions should be dismissed under 11 U.S.C. § 303(b)(1) because there would be an insufficient number of petitioners to support the filing. Accordingly, the Petitioners have not established that they have standing to bring an action in this Court;

ii. as the claims are also the subject of pending litigation in Texas state court brought by Michael Fu's alter ego companies Silverland Financial Ltd. and Platinum Investment Corporation against the WALL entities and others (*Silverland Financial Ltd. et al. v. WALL007 et al.*, Cause No. DC-19-18361 in the 44th Judicial District Court of Dallas County, Texas), the involuntary petitions should be dismissed under 11 U.S.C. § 303(b)(1) because the claims are subject to bona fide disputes, contingent, and disputed. Accordingly, the Petitioners have not established that they have standing to bring suit in this Court;

iii. the involuntary petitions should be dismissed under 11 U.S.C. § 303(a) because they are not in the best interest of the Alleged Debtors and their real creditors, as the action is clearly a mere collection tactic in a two-party dispute, thus it would be in the Alleged Debtors' and their real creditors' best interest to have the dispute treated and resolved as such in a state court. Imposed bankruptcy would have a dramatic negative effect on the Alleged Debtors' ongoing business operations and ability to satisfy their obligations as well as significant reduction in the valuation of the companies;

iv. the involuntary petitions should be dismissed under 11 U.S.C. § 305(a) based on abstention principles because the involuntary petitions were filed in bad faith as a strong-arm litigation tactic when Michael Fu and his colleagues became frustrated and impatient that their pending state court action had been legitimately challenged and resolution was not expiditious;

v. the involuntary petitions should be dismissed for cause under 11 U.S.C. § 707(a) because the filing is an improper use of the bankruptcy court to create leverage in what is clearly a two-party collection dispute.

The Alleged Debtors also sought that the Petitioners be required to post a bond, as well as damages and attorneys' fees and costs due to the Petitioners' bad faith filing. The Motion to Dismiss (Dkt. No. 19) has not yet been resolved by this Honorable Court and remains pending.

On July 27, 2020, the Alleged Debtors filed a Motion to Compel Production of Documentary Evidence Permitting Verification of Electronic Signatures and Stay All Additional Discovery of Non-Dispositive Issues, or in the Alternative to Invalidate the Involuntary Petition. (Dkt. No. 101). In the Motion, the Alleged Debtors argued that the alleged "wet signatures" that counsel for Petitioners produced on July 6 and 7, 2020 (after significant delay and only after being ordered by this Court on June 15, 2020 (Dkt. No. 66) via motion on May 14, 2020 (Dkt. No. 27) to meet the required wet signatures obligation) were inconsistent with signatures from other sources, including loan agreements, Chinese passports, and the involuntary petitions themselves. Counsel for Petitioners, Mr. Jiangang "James" Ou, filed a verification attesting to the signatures' authenticity, but has not provided any information or evidence establishing the methodology that he used to confirm the identity of the Petitioners or the authenticity of these signatures. Considering

that the Petitioners are all Chinese nationals, who do not speak or write in the English language, and seemingly using Michael Fu as a conduit to arrange the loan agreements and the lawsuits in the United States, the Alleged Debtors have significant concerns regarding the authenticity of certain of these alleged “wet signatures.” A decision by the Court to invalidate their petitions based on the failure to provide authentic “wet signatures” would be dispositive of the action.

In that Motion, the Alleged Debtors also sought a stay of all discovery unrelated to the resolution of the dispositive issues. The Alleged Debtors posit that on multiple fronts, the Petitioners have not met their burden of establishing standing in this Court, thus have not demonstrated that they are entitled to discovery from the Alleged Petitioners. The Motion to Compel Wet Signatures filed on July 27, 2020 (Dkt. No. 101) has not yet been resolved by this Honorable Court and remains pending.

Notwithstanding the Alleged Debtors’ position, the Alleged Debtors have, in good faith, begun exchanging discovery with Petitioners as relating to the resolution of the dispositive issues. The Petitioners have noted rush depositions of several representatives of the Alleged Debtors, which they are seeking to take in the next two weeks. It is the Alleged Debtors’ position, however, that any discovery that take place before the dispositive motions are resolved should be limited only to discovery related to the dispositive issues raised in those motions, as the Petitioners’ standing in this Court is in question thus the Petitioners are not yet entitled to obtain discovery. Further, resolution that results in disposing of this case would render discovery efforts meaningless, thus limiting discovery to only dispositive issues could conserve the resources of the parties and protect the parties from unnecessary exposure of sensitive information. The Alleged Debtors have in good faith limited their discovery productions on these grounds. As the parties are scheduled to come before this Court on August 17, 2020 to resolve certain outstanding discovery

issues (including the issue of whether to stay discovery), the Alleged Debtors intend to do so at least until that date, including in the depositions that the Petitioners have noted for prior to the August 17th hearing.

B. POSITION AS TO PETITIONERS

[TO BE INSERTED BY COUNSEL FOR PETITIONERS]

C. CONCLUSION AND TERMS OF STIPULATION

By this Stipulation, the Parties hereby agree to limit all further discovery, including written discovery, production of documents, and depositions, to only such discovery that is relevant to the dispositive issues contained within the Motions pending resolution by this Court. The terms of this Joint Stipulation shall remain in place until such time that all dispositive issues have been resolved and this honorable Court has determined that the Petitioners have standing and are entitled to discovery on the merits in preparation for trial, or by other order of this honorable Court.

IT IS SO STIPULATED.

Dated: August XX, 2020

**Archer & Greiner, P.C.**
1717 Arch St., Suite 3500
Philadelphia, PA 19103
Telephone: (215) 246-3147 x5147

____________________________
Stephen M. Packman
spackman@archerlaw.com

**Nguyen & Chen LLP**
11200 Westheimer Rd., Suite 120
Houston, TX 77042
Telephone: (832) 767-0669

Jiangjang "James" Ou
jou@nguyen-chen.com

*Attorneys for Petitioners*

Respectfully submitted,

**Joyce W. Lindauer Attorney, PLLC**
1412 Main St., Suite 500
Dallas, Texas 75202
Telephone: (972) 503-4033

____________________________
Joyce W. Lindauer
State Bar No. 21555700
joyce@joycelindauer.com

Guy H. Holman
State Bar No. 24095171
guy@joycelindauer.com

Paul B. Geilich
State Bar No. 07792500
paul@joycelindauer.com

*Attorneys for Alleged Debtors*

**CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the foregoing document was served upon all counsel of record on this XX day of August, 2020, in accordance with the Federal Rules of Bankruptcy Procedure and Federal Rules of Civil Procedure.

______________________________
Joyce W. Lindauer

# EXHIBIT "F"

**Huber, Amy M.**

---

**From:** Packman, Stephen
**Sent:** Thursday, August 6, 2020 7:39 AM
**To:** Garcia, Jorge
**Subject:** Fwd: [EXT MAIL] Court Order of July 27, 2020 re: Good-Faith Conference Call held on July 29, 2020 at 3:00 pm

Sent from my iPhone

Begin forwarded message:

> **From:** "Packman, Stephen" <spackman@archerlaw.com>
> **Date:** July 30, 2020 at 1:49:35 PM EDT
> **To:** Joyce Lindauer <joyce@joycelindauer.com>
> **Cc:** "Jiangang (James) Ou (jou@nguyen-chen.com)" <jou@nguyen-chen.com>, "Garcia, Jorge" <jgarcia@archerlaw.com>
> **Subject: RE: [EXT MAIL] Court Order of July 27, 2020 re: Good-Faith Conference Call held on July 29, 2020 at 3:00 pm**
>
> Thanks. Talk to you at 3pm CT.
>
> ---
>
> **From:** Joyce Lindauer <joyce@joycelindauer.com>
> **Sent:** Thursday, July 30, 2020 1:33 PM
> **To:** Packman, Stephen <spackman@archerlaw.com>
> **Cc:** K Walji <k.walji@waljilaw.com>; Krista Vassallo <KVassallo@jmjdevelopment.com>
> **Subject:** RE: [EXT MAIL] Court Order of July 27, 2020 re: Good-Faith Conference Call held on July 29, 2020 at 3:00 pm
>
> Much like you I am trying to narrow down the responses and what is still at issue for tomorrow. See below
>
> Please send me this morning the documents you will produce **by request number** and the interrogatories you will answer **by number** and timing on production of same. Our goal is to narrow down the disputes today over our motion to compel and your second motion to compel. Production:
>
> Communications with Petitioning Creditors
> Will produce
> Communications with Michael Fu and his representatives
> **Will produce**
>
> Let me explain how we would like to see this case proceed. Since the standing issue has been raised And I believe the documents in 1 and 2 above could go to standing seems those should be produced.
>
> As far as the Interrogatory Answers we are generally amending all the answers to address any omissions in the prior responses and should have those shortly.

I will do the same for yours **by request number** as to the discovery we did not answer and which you and we both summarized for the court yesterday in our papers (and which coincide based on the papers filed).

I would like to report to the Court later today on those request numbers (on both sides) which we have resolved and the numbers we have not, so that tomorrow is not a lengthy, dramatic production. We are being cooperative and so are YOU at least. Thanks for that. I agree

As far as the First Motion to Compel, please let me know exactly what else you would like to discuss with us about that Motion which we find to be procedurally improper and wholly unsupported. We are obviously not going to agree to it. We filed last night Declarations with proof attached that all but three of our clients did in fact sign the Petitions and Declarations. As to the remaining three, we should have those confirmations before the hearing. There is nothing else we are going to provide at this time as there is nothing else to provide. Please withdraw the Motion. We can reframe that Motion but we need to address the standing questions as those seem to be the most contested right now. Those are preliminary issues dealing with the basic claims being made in the cases. I will point you to the specific questions we expected to get answered in the discovery to cover these issues.

We can discuss depositions if you wish later today. However, I would point out that so far we have not received any cooperation from you or Mr. Metzger regarding scheduling depositions of Mr. Barton and Mr. Bedoya. If we don't have those scheduled this week, we will have to file another Motion. We will be sending you subpoenas for them this morning. Steve Metzger will be on the call. Ms. Bedoya is 7 months pregnant and under a doctor's care so that one is problematic. Mr. Barton is traveling next week so that is another problem. And we have your clients which is yet another issue regarding where and when those depositions will take place and the Declarations filed last night just raise more questions with your clients.

As far as your request to depose 10 different Petitioning Creditors, please let me know a date or dates and the topics for the deponents. Please also let us know how long do you intend the depositions to be so we can communicate directly with our clients. To the extent they are Chinese Nationals (which the majority are), they cannot obtain travel visas at this time due to travel bans due to COVID-19. We will try to make them available for video depositions provided that you provide the interpreter and timely provide us with the deposition topics for them. We will provide the video link. If that is not satisfactory for you, there is nothing else we can do at this time due to the virus and both Chinese and US travel bans and restrictions.

---

**From:** Packman, Stephen <spackman@archerlaw.com>
**Sent:** Thursday, July 30, 2020 7:49 AM
**To:** Joyce Lindauer <joyce@joycelindauer.com>
**Cc:** Jiangang (James) Ou (jou@nguyen-chen.com) <jou@nguyen-chen.com>; Garcia, Jorge <jgarcia@archerlaw.com>
**Subject:** RE: [EXT MAIL] Court Order of July 27, 2020 re: Good-Faith Conference Call held on July 29, 2020 at 3:00 pm

Joyce:

Please send me this morning the documents you will produce **by request number** and the interrogatories you will answer **by number** and timing on production of same. Our goal is to narrow down the disputes today over our motion to compel and your second motion to compel.

I will do the same for yours **by request number** as to the discovery we did not answer and which you and we both summarized for the court yesterday in our papers (and which coincide based on the papers filed).

I would like to report to the Court later today on those request numbers (on both sides) which we have resolved and the numbers we have not, so that tomorrow is not a lengthy, dramatic production. We are being cooperative and so are YOU at least. Thanks for that.

As far as the First Motion to Compel, please let me know exactly what else you would like to discuss with us about that Motion which we find to be procedurally improper and wholly unsupported. We are obviously not going to agree to it. We filed last night Declarations with proof attached that all but three of our clients did in fact sign the Petitions and Declarations. As to the remaining three, we should have those confirmations before the hearing. There is nothing else we are going to provide at this time as there is nothing else to provide. Please withdraw the Motion.

We can discuss depositions if you wish later today. However, I would point out that so far we have not received any cooperation from you or Mr. Metzger regarding scheduling depositions of Mr. Barton and Mr. Bedoya. If we don't have those scheduled this week, we will have to file another Motion. We will be sending you subpoenas for them this morning.

As far as your request to depose 10 different Petitioning Creditors, please let me know a date or dates and the topics for the deponents. Please also let us know how long do you intend the depositions to be so we can communicate directly with our clients. To the extent they are Chinese Nationals (which the majority are), they cannot obtain travel visas at this time due to travel bans due to COVID-19. We will try to make them available for video depositions provided that you provide the interpreter and timely provide us with the deposition topics for them. We will provide the video link. If that is not satisfactory for you, there is nothing else we can do at this time due to the virus and both Chinese and US travel bans and restrictions.

Thanks.

---

**From:** Joyce Lindauer <joyce@joycelindauer.com>
**Sent:** Wednesday, July 29, 2020 10:12 PM
**To:** Garcia, Jorge <jgarcia@archerlaw.com>; Packman, Stephen <spackman@archerlaw.com>; K Walji <k.walji@waljilaw.com>; jou nguyen-chen.com <jou@nguyen-chen.com>
**Subject:** RE: [EXT MAIL] Court Order of July 27, 2020 re: Good-Faith Conference Call held on July 29, 2020 at 3:00 pm

Thank you for your courtesy

---

**From:** Garcia, Jorge <jgarcia@archerlaw.com>
**Sent:** Wednesday, July 29, 2020 8:33 PM
**To:** Packman, Stephen <spackman@archerlaw.com>; K Walji <k.walji@waljilaw.com>; Joyce Lindauer <joyce@joycelindauer.com>; jou nguyen-chen.com <jou@nguyen-chen.com>
**Subject:** RE: [EXT MAIL] Court Order of July 27, 2020 re: Good-Faith Conference Call held on July 29, 2020 at 3:00 pm

All—

As a follow up to Steve's email, attached are our filed oppositions to the first and second motions to compel filed by the Alleged Debtors. Please review in anticipation to our follow up call tomorrow.

Thanks,
Jorge

**Jorge Garcia, Esq.**

Archer & Greiner P.C.
Three Logan Square
1717 Arch Street, Suite 3500
Philadelphia, PA 19103
215-246-3102
jgarcia@archerlaw.com
www.archerlaw.com

---

**From:** Packman, Stephen <spackman@archerlaw.com>
**Sent:** Wednesday, July 29, 2020 8:35 PM
**To:** K Walji <k.walji@waljilaw.com>; Joyce Lindauer <joyce@joycelindauer.com>; jou nguyen-chen.com <jou@nguyen-chen.com>
**Cc:** Garcia, Jorge <jgarcia@archerlaw.com>
**Subject:** RE: [EXT MAIL] Court Order of July 27, 2020 re: Good-Faith Conference Call held on July 29, 2020 at 3:00 pm

Mr. Walji:

There was a typo in my email below which I have corrected and highlighted. Please have a wonderful evening and tomorrow we will discuss why you need to withdraw your First Motion to Compel.

Sincerely,

---

**From:** Packman, Stephen
**Sent:** Wednesday, July 29, 2020 8:15 PM
**To:** 'K Walji' <k.walji@waljilaw.com>; Joyce Lindauer <joyce@joycelindauer.com>; jou nguyen-chen.com <jou@nguyen-chen.com>
**Subject:** RE: [EXT MAIL] Court Order of July 27, 2020 re: Good-Faith Conference Call held on July 29, 2020 at 3:00 pm

Mr. Walji:

I disagree with your version of the conference call you set forth below. At the outset of the call, I asked Ms. Lindauer how she wished to proceed and she chose to first address the Petitioning Creditors' Motion to Compel. That was her choice not mine. I was flexible as to the manner and order of the conference. The conversation between Ms. Lindauer and me was proceeding civilly until you decided to interrupt us after I asked her why the Alleged Debtors would not produce their financial and corporate documents. Rather than allow Ms. Lindauer to respond you suddenly interjected and wanted to shift the discussion to your apparent quest to discredit the Petitioning Creditors and my law firm (and Mr. Ou's) by filing false accusations in your papers. I told you that since Ms. Lindauer and I were taking the

matters in the order she chose that we would proceed in that fashion at which point you, for the moment, went silent.

After Ms. Lindauer and I worked through her remaining issues with the Petitioner's Motion to Compel, we then moved on to the Alleged Debtors' Second Motion to Compel. I advised Ms. Lindauer that the Petitioning Creditors responded to the vast majority of the voluminous discovery requests served by the Alleged Debtors. I advised that I would be providing her with our responses to the Second Motion which will clarify those objections which warranted no further response or production by the Petitioning Creditors. That will be forthcoming shortly as, in the interim, I have to spend time and my clients' money on responding to your inaccurate representations below.

We then turned to the Alleged Debtors' First Motion to Compel which is really not a motion to compel but rather a position paper that you are apparently taking on behalf of the Alleged Debtors. The First Motion is, as I said repeatedly, your position. It is not in response to discovery propounded on the Petitioning Creditors. It is nothing more than your unsupported belief that the Petitioning Creditors are not real clients of our firms. It is a position that is both insulting and false. We will be responding to that position tonight.

As I further said, if after you review our filing tonight, you wish to discuss it further, we will do so tomorrow. However, I can tell you that if you do not withdraw your false accusations against our law firm, Mr. Ou's firm and against the Petitioning Creditor, we will have no choice but to proceed with all rights and remedies against you and your clients. As far as your final comment, as I said, I have never in 31 years of practice been accused by anyone of filing anything false or representing fictitious clients. You are the first to make such allegations and you had better be prepared to back them up if you persist with your First Motion to Compel.

I also have noted to Ms. Lindauer that you have an unavoidable conflict under the Bankruptcy Code in representing the Alleged Debtors. Not only do you represent the principal of the Alleged Debtors, Timothy Barton, but you also are listed as a creditor of each of the Alleged Debtors. Perhaps you are unfamiliar with the conflict provisions of the Bankruptcy Code. We will moving to disqualify you from representing the Alleged Debtors in due course.

Sincerely,

---

**From:** K Walji <k.walji@waljilaw.com>
**Sent:** Wednesday, July 29, 2020 7:53 PM
**To:** Joyce Lindauer <joyce@joycelindauer.com>; Packman, Stephen <spackman@archerlaw.com>; jou nguyen-chen.com <jou@nguyen-chen.com>
**Cc:** K Walji <k.walji@waljilaw.com>
**Subject:** [EXT MAIL] Court Order of July 27, 2020 re: Good-Faith Conference Call held on July 29, 2020 at 3:00 pm

Mr. Packman, Ms. Lindauer and Mr. Ou,

1. This purpose of this email is to highlight the key outcomes of today's conference call today held from 3:00 pm to approximately 3:45pm CST.

2. The conference call today was initiated pursuant to the Court's Order of July 27, 2020 which "ORDERED that the parties are to have a good-faith conference regarding their discovery disputes."

3. Ms. Lindauer spent approximately 30 minutes in discussing with Mr. Packman the Petitioners request for production of documents, and she also offered to provide a Chart which would

highlight Petitioners responses to Alleged Debtors discovery requests to facilitate the good-faith discussions.

4. However, when the discussions pivoted toward the *Alleged Debtors Motion to Compel Production of Documentary Evidence Permitting Verification of Electronic Signatures and Stay all Additional Discovery of Non-Dispositive Issues, or in the alternative to Invalidate the Involuntary Petition, and for Sanctions, Attorney Fees, and Costs, and to Schedule Hearing in Conjunction with Petitioners Motion to Compel,* Mr. Packman was not prepared to discuss the issues on the table and instead informed that he would be filing an opposition pleading this evening.

5. Accordingly, it was decided to have a follow-up the conference call tomorrow, July 30, 2020 at 1:00 pm CST, and per Mr. Packman, the Call-In Details remain the same, i.e. Tel No 855.501.8979 Access Code # 3543078#.

Finally, I wish to kindly request that tomorrow's discussions remain civil and professional and ask Mr. Packman to refrain from using crude and unprofessional language as he did during today's conference call.

Thank you,

**Khudabuksh**
**K. WALJI, Esq.**
**U.S. & Int'l Legal Advisor**
**M: +1.713.562.6875**
**Confidentiality Implied**

INFORMATION CONTAINED IN THIS E-MAIL TRANSMISSION IS PRIVILEGED AND CONFIDENTIAL. IF YOU ARE NOT THE INTENDED RECIPIENT OF THIS EMAIL, DO NOT READ, DISTRIBUTE OR REPRODUCE THIS TRANSMISSION (INCLUDING ANY ATTACHMENTS). IF YOU HAVE RECEIVED THIS E-MAIL IN ERROR, PLEASE IMMEDIATELY NOTIFY THE SENDER BY TELEPHONE OR EMAIL REPLY.

# EXHIBIT "G"

**JOYCE W. LINDAUER ATTORNEY, PLLC**
Attorney & Mediator
1412 Main Street, Suite 500
Dallas, Texas 75202
Email: joyce@joycelindauer.com

Telephone No.
(972) 503-4033

Facsimile No.
(972) 503-4034

August 5, 2020

Stephen M. Packman
Archer & Greiner, P.C.
Three Logan Squaer, 1717 Arch Street, Suite 3500
Philadelphia, Pennsylvania 19103
spackman@archerlaw.com

Jiangang Ou
Nguyen & Chen, L.L.P.
11200 Westheimer Road, Suite 120
Houston, Texas 77042
jou@nguyen-chen.com

**RE: WALL007, et al. (Case No. 20-31131) - Production of Documents**

Dear Messrs. Packman and Ou,

Attached to this correspondence is a copy of our clients' *Amended Objections and Responses to Petitioning Creditors First Set of Requests for Production*. Please utilize the following DropBox link to access our client's documents responsive to such Requests.

https://www.dropbox.com/sh/xz0bj7syjojlu7d/AACN2SV6lQDrZ9AjbkH4_VJfa?dl=0

As you will note, there are separate folders for each Request. Documents contained therein correspond to the referenced Request. Further, as additional responsive documentation is identified, it is being uploaded into these folders. This will require you to continue to review the folders for such supplemental production.

If you have any issues, questions, or concerns with this production of documents or if you have any difficulty using the link provided, please call me at (972) 503-4033 or contact me by email at joyce@joycelindauer.com.

Sincerely,

Joyce W. Lindauer
Attorney-at-Law

# EXHIBIT “H”

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| In re:<br><br>WALL007 LLC, *et al.*,[1]<br><br>Alleged Debtors. | Chapter 7<br><br>Case No. 20-31131 (HDH)<br>(Jointly Administered) |

**ORDER COMPELLING (A) RESPONSES TO PETITIONING CREDITORS FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND FIRST SET OF INTERROGATORIES AND (B) CERTAIN PARTY DEPONENTS TO APPEAR FOR VIDEO DEPOSITIONS, PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 30(b)(4)**

Upon the motion (the "Motion") of Jun Li, Yunding Kang, Cunxiang Ji, Jin Wang, Peng Guo, Lin Zhou, Qu Chen, Kai Tian, Yijing Wu, Xuegeng Gong, Jin Wang, Weijia Kong, Heng Zhang, Hong Guo, Pei Guan, Yue Xu, Mai Ye, Chenchen Jiang, Qiuying Li, Ruinian Wu, Lin Zhou, Liying Yang, Yan Zhang, Wenjun Wang, Ying Zhou, Lin Li, Li Jiang, Rufeng Ding,

[1] The Alleged Debtors in these cases are: WALL007 LLC, WALL009 LLC, WALL010 LLC, WALL011 LLC, WALL012 LLC, WALL016 LLC, WALL017 LLC. The Alleged Debtors' federal tax identification numbers are unknown to the Petitioning Creditors sat this time.

Cunxiang Ji, Lin Gao, Qiao Qin, Yue Zhang, Xiaodong Hao, Tianqing Song, Li Jiang, Weisi Wang, Xiaoquan Dai, Feng Yan, Heng Zhang, Ou Jiang, Jinzhe Wu, Yadan Liu, Wanwan Li, Wenjuan Yin, Jiancheng Chen, Yi Tang, Ying Zhang, Pengfei Dong, Kangying Mao, Yijing Wu, Li Jiang, Qin Chu, Yulan Chen, Sicheng Zhan, Pei Guan, Jingqiu Tang, Di Tang, Jun Zeng, Kui Wang, Yue Zhang, Jun Wang, Xiaomin Fan, Di Tang, Jialin Hu, Qin Chu, Jiaxiang Lu, Fuqing Chen, Hanjiang Fu, Aiguo Luo, Fang Ding, Xiangdong Zhu, Wai Ying, Yuan Yuan, Chao Xu, Guoqin Zhou, Yijing Wu, (collectively, the "Petitioning Creditors") for entry of an order, pursuant to Rule 7037 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Federal Rule of Civil Procedure 37, compelling the Alleged Debtors, WALL007 LLC, WALL009 LLC, WALL010 LLC, WALL011 LLC, WALL012 LLC, WALL016 LLC, WALL017 LLC's (collectively, the "Alleged Debtors") (a) responses to the Petitioning Creditors' First Request for Production of Documents and First Set of Interrogatories [Dkt. No. 92] and (b) compelling certain party deponents to appear for video depositions, pursuant to Federal Rule of Civil Procedure 30(b)(4), as set forth in the Amended Motion to Compel; and after due deliberation and sufficient cause appearing therefore:

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1. The Motion is **GRANTED**, as set forth herein.

2. The Alleged Debtors are hereby ordered to:

(a) Produce the Corporate Deponents for video depositions (or phone as to Ms. Bedoya) within two weeks of entry of the Court's Order compelling same;

(b) Cooperate in the production of Mr. Lin and Mr. Venkat (both of whom worked for or formerly worked for or with the Alleged Debtors) for deposition pursuant to the same time line;

(c) Produce all financial books and records of the Alleged Debtors as requested by Petitioning Creditors;

(d) Fully respond and answer the subject Request for Production of Documents (Nos. 5, 8, 9, 16, 20, 21, 30) as outlined in the Motion to Compel no later than _______ business days following the entry of this Order;

(e) Fully respond and answer the subject Interrogatories (Nos. 7, 9, 14), as outlined in the Motion to Compel no later than _______ business days following the entry of this Order;

3. Reimburse the Petitioning Creditors for their costs and counsel fees for having to pursue this Amended Motion to Compel (and the Motion to Compel); and

4. The terms and conditions of this Order are immediately effective and enforceable upon its entry.

5. The Petitioning Creditors are authorized to take all actions necessary to effectuate the relief granted pursuant to this order in accordance with the Amended Motion to Compel..

6. This Court shall retain jurisdiction over any and all matters arising from or related to the interpretation or implementation of this order.

### End of Order ###

Submitted by:

Jiangang Ou
Nguyen & Chen LLP
11200 Westheimer Road Suite 120. Houston, TX 77042
(832) 767-0339 | Email: jou@nguyen-chen.com

Stephen M. Packman
Archer & Greiner, P.C.
Three Logan Square
1717 Arch St., Suite 3500. Philadelphia, PA 19103
(215)246-3147 | Email: spackman@archerlaw.com

*Counsel for the Petitioning Creditors*