**File a response/objection :**

20-31131-hdh7 WALL007 LLC

| | | | |
|---|---|---|---|
| Type: bk | Chapter: 7 i | Office: 3 (Dallas) | Filed: 04/08/2020 Closed: |
| Judge: hdh | Case Flag: EXHIBITS, jntadmn, LEAD, REFORM | | Reopen: Dismissed: Dismissed(jdb): Converted: Discharged: Discharged(jdb): |

Summary History Parties Filers Docket Sheet Deadlines/Hearings Status Pending Motions Creditors Claims Register

**U.S. Bankruptcy Court**

**Northern District of Texas**

Notice of Electronic Filing

The following transaction was received from Joyce W. Lindauer entered on 8/14/2020 at 3:59 PM CDT and filed on 8/14/2020
**Case Name:** WALL007 LLC
**Case Number:** 20-31131-hdh7
**Document Number:** 145

**Docket Text:**
Objection to (related document(s): [129] Amended motion to compel re: discovery Responses to Petitioning Creditors' First Request for Production of Documents and First Set of Interrogatories and Certain Party Deponents to Appear for Depositions, Pursuant to Federal Rule of Civil Procedure filed by Petitioning Creditor Jun Li, Petitioning Creditor Yunding Kang, Petitioning Creditor Cunxiang Ji, Petitioning Creditor Jin Wang, Petitioning Creditor Peng Guo, Petitioning Creditor Lin Zhou, Petitioning Creditor Qu Chen, Petitioning Creditor Kai Tian) filed by Alleged Debtor WALL007 LLC. (Lindauer, Joyce)

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** Response in Opposition to Mot to Compel (Dkt 129).pdf
**Electronic document Stamp:**
[STAMP bkecfStamp_ID=1017686615 [Date=8/14/2020] [FileNumber=45891827-0] [9fa1ce267842bee9b4337ca2b71a11455f6fcbe9aa011e3599b532ae55ab12efc2cbd3dfa2ddaa56621f0e2be4fdf29e07e10e26de65536ff5113a5df31025b5]]

**20-31131-hdh7 Notice will be electronically mailed to:**

Robert W. Buchholz on behalf of Creditor Southern Star Capital, LLC
bob@attorneybob.com

Katherine T. Hopkins on behalf of Interested Party Blackfoot Interest, Ltd.
katherine.thomas@kellyhart.com

Katherine T. Hopkins on behalf of Interested Party L. Allen Hodges, III
katherine.thomas@kellyhart.com

Katherine T. Hopkins on behalf of Interested Party LAH III Family Specific Interest, Ltd.
katherine.thomas@kellyhart.com

Katherine T. Hopkins on behalf of Interested Party Neighborhood Association of Lost Creek Estates, Inc
katherine.thomas@kellyhart.com

Katherine T. Hopkins on behalf of Interested Party Tejas Group, Ltd.
katherine.thomas@kellyhart.com

Joyce W. Lindauer on behalf of Alleged Debtor WALL007 LLC
joyce@joycelindauer.com, dian@joycelindauer.com;gina@joycelindauer.com

Joyce W. Lindauer on behalf of Alleged Debtor WALL009 LLC
joyce@joycelindauer.com, dian@joycelindauer.com;gina@joycelindauer.com

Joyce W. Lindauer on behalf of Alleged Debtor WALL010 LLC
joyce@joycelindauer.com, dian@joycelindauer.com;gina@joycelindauer.com

Joyce W. Lindauer on behalf of Alleged Debtor WALL011 LLC
joyce@joycelindauer.com, dian@joycelindauer.com;gina@joycelindauer.com

Joyce W. Lindauer on behalf of Alleged Debtor WALL012 LLC
joyce@joycelindauer.com, dian@joycelindauer.com;gina@joycelindauer.com

Joyce W. Lindauer on behalf of Alleged Debtor WALL016 LLC
joyce@joycelindauer.com, dian@joycelindauer.com;gina@joycelindauer.com

Joyce W. Lindauer on behalf of Alleged Debtor WALL017 LLC
joyce@joycelindauer.com, dian@joycelindauer.com;gina@joycelindauer.com

Steven C. Metzger on behalf of Interested Party Timothy Barton
smetzger@pmklaw.com

Jiangang Ou on behalf of Petitioning Creditor Aiguo Luo
jou@nguyen-chen.com, ahuber@archerlaw.com

Jiangang Ou on behalf of Petitioning Creditor Chao Xu
jou@nguyen-chen.com, ahuber@archerlaw.com

Jiangang Ou on behalf of Petitioning Creditor Chenchen Jiang
jou@nguyen-chen.com, ahuber@archerlaw.com

Jiangang Ou on behalf of Petitioning Creditor Cunxiang Ji
jou@nguyen-chen.com, ahuber@archerlaw.com

Jiangang Ou on behalf of Petitioning Creditor Di Tang
jou@nguyen-chen.com, ahuber@archerlaw.com

Jiangang Ou on behalf of Petitioning Creditor Fang Ding
jou@nguyen-chen.com, ahuber@archerlaw.com

Jiangang Ou on behalf of Petitioning Creditor Feng Yan
jou@nguyen-chen.com, ahuber@archerlaw.com

Jiangang Ou on behalf of Petitioning Creditor Fuqing Chen
jou@nguyen-chen.com, ahuber@archerlaw.com

Jiangang Ou on behalf of Petitioning Creditor Guoqin Zhou
jou@nguyen-chen.com, ahuber@archerlaw.com

Jiangang Ou on behalf of Petitioning Creditor Hanjiang Fu
jou@nguyen-chen.com, ahuber@archerlaw.com

Jiangang Ou on behalf of Petitioning Creditor Heng Zhang
jou@nguyen-chen.com, ahuber@archerlaw.com

Jiangang Ou on behalf of Petitioning Creditor Hong Guo
jou@nguyen-chen.com, ahuber@archerlaw.com

Jiangang Ou on behalf of Petitioning Creditor Jialin Hu
jou@nguyen-chen.com, ahuber@archerlaw.com

Jiangang Ou on behalf of Petitioning Creditor Jiancheng Chen
jou@nguyen-chen.com, ahuber@archerlaw.com

Jiangang Ou on behalf of Petitioning Creditor Jiaxiang Lu

jou@nguyen-chen.com, ahuber@archerlaw.com

Jiangang Ou on behalf of Petitioning Creditor Jin Wang
jou@nguyen-chen.com, ahuber@archerlaw.com

Jiangang Ou on behalf of Petitioning Creditor Jingqiu Tang
jou@nguyen-chen.com, ahuber@archerlaw.com

Jiangang Ou on behalf of Petitioning Creditor Jinzhe Wu
jou@nguyen-chen.com, ahuber@archerlaw.com

Jiangang Ou on behalf of Petitioning Creditor Jun Li
jou@nguyen-chen.com, ahuber@archerlaw.com

Jiangang Ou on behalf of Petitioning Creditor Jun Wang
jou@nguyen-chen.com, ahuber@archerlaw.com

Jiangang Ou on behalf of Petitioning Creditor Jun Zeng
jou@nguyen-chen.com, ahuber@archerlaw.com

Jiangang Ou on behalf of Petitioning Creditor Kai Tian
jou@nguyen-chen.com, ahuber@archerlaw.com

Jiangang Ou on behalf of Petitioning Creditor Kangying Mao
jou@nguyen-chen.com, ahuber@archerlaw.com

Jiangang Ou on behalf of Petitioning Creditor Kui Wang
jou@nguyen-chen.com, ahuber@archerlaw.com

Jiangang Ou on behalf of Petitioning Creditor Lan Ji
jou@nguyen-chen.com, ahuber@archerlaw.com

Jiangang Ou on behalf of Petitioning Creditor Li Jiang
jou@nguyen-chen.com, ahuber@archerlaw.com

Jiangang Ou on behalf of Petitioning Creditor Lin Gao
jou@nguyen-chen.com, ahuber@archerlaw.com

Jiangang Ou on behalf of Petitioning Creditor Lin Li
jou@nguyen-chen.com, ahuber@archerlaw.com

Jiangang Ou on behalf of Petitioning Creditor Lin Zhou
jou@nguyen-chen.com, ahuber@archerlaw.com

Jiangang Ou on behalf of Petitioning Creditor Liying Yang
jou@nguyen-chen.com, ahuber@archerlaw.com

Jiangang Ou on behalf of Petitioning Creditor Mai Ye
jou@nguyen-chen.com, ahuber@archerlaw.com

Jiangang Ou on behalf of Petitioning Creditor Ou Jiang
jou@nguyen-chen.com, ahuber@archerlaw.com

Jiangang Ou on behalf of Petitioning Creditor Pei Guan
jou@nguyen-chen.com, ahuber@archerlaw.com

Jiangang Ou on behalf of Petitioning Creditor Peng Guo
jou@nguyen-chen.com, ahuber@archerlaw.com

Jiangang Ou on behalf of Petitioning Creditor Pengfei Dong
jou@nguyen-chen.com, ahuber@archerlaw.com

Jiangang Ou on behalf of Petitioning Creditor Qiao Qin
jou@nguyen-chen.com, ahuber@archerlaw.com

Jiangang Ou on behalf of Petitioning Creditor Qin Chu
jou@nguyen-chen.com, ahuber@archerlaw.com

Jiangang Ou on behalf of Petitioning Creditor Qiuying Li
jou@nguyen-chen.com, ahuber@archerlaw.com

Jiangang Ou on behalf of Petitioning Creditor Qu Chen
jou@nguyen-chen.com, ahuber@archerlaw.com

Jiangang Ou on behalf of Petitioning Creditor Rufeng Ding
jou@nguyen-chen.com, ahuber@archerlaw.com

Jiangang Ou on behalf of Petitioning Creditor Ruinian Wu
jou@nguyen-chen.com, ahuber@archerlaw.com

Jiangang Ou on behalf of Petitioning Creditor Sicheng Zhan
jou@nguyen-chen.com, ahuber@archerlaw.com

Jiangang Ou on behalf of Petitioning Creditor Tianqing Song
jou@nguyen-chen.com, ahuber@archerlaw.com

Jiangang Ou on behalf of Petitioning Creditor Wai Ying
jou@nguyen-chen.com, ahuber@archerlaw.com

Jiangang Ou on behalf of Petitioning Creditor Wanwan Li
jou@nguyen-chen.com, ahuber@archerlaw.com

Jiangang Ou on behalf of Petitioning Creditor Weijia Kong
jou@nguyen-chen.com, ahuber@archerlaw.com

Jiangang Ou on behalf of Petitioning Creditor Weisi Wang
jou@nguyen-chen.com, ahuber@archerlaw.com

Jiangang Ou on behalf of Petitioning Creditor Wenjuan Yin
jou@nguyen-chen.com, ahuber@archerlaw.com

Jiangang Ou on behalf of Petitioning Creditor Wenjun Wang
jou@nguyen-chen.com, ahuber@archerlaw.com

Jiangang Ou on behalf of Petitioning Creditor Xiangdong Zhu
jou@nguyen-chen.com, ahuber@archerlaw.com

Jiangang Ou on behalf of Petitioning Creditor Xiaodong Hao
jou@nguyen-chen.com, ahuber@archerlaw.com

Jiangang Ou on behalf of Petitioning Creditor Xiaomin Fan
jou@nguyen-chen.com, ahuber@archerlaw.com

Jiangang Ou on behalf of Petitioning Creditor Xiaoquan Dai
jou@nguyen-chen.com, ahuber@archerlaw.com

Jiangang Ou on behalf of Petitioning Creditor Xuegeng Gong
jou@nguyen-chen.com, ahuber@archerlaw.com

Jiangang Ou on behalf of Petitioning Creditor Yadan Liu
jou@nguyen-chen.com, ahuber@archerlaw.com

Jiangang Ou on behalf of Petitioning Creditor Yan Zhang
jou@nguyen-chen.com, ahuber@archerlaw.com

Jiangang Ou on behalf of Petitioning Creditor Yi Tang
jou@nguyen-chen.com, ahuber@archerlaw.com

Jiangang Ou on behalf of Petitioning Creditor Yijing Wu
jou@nguyen-chen.com, ahuber@archerlaw.com

Jiangang Ou on behalf of Petitioning Creditor Ying Zhang
jou@nguyen-chen.com, ahuber@archerlaw.com

Jiangang Ou on behalf of Petitioning Creditor Ying Zhou
jou@nguyen-chen.com, ahuber@archerlaw.com

Jiangang Ou on behalf of Petitioning Creditor Yuan Yuan
jou@nguyen-chen.com, ahuber@archerlaw.com

Jiangang Ou on behalf of Petitioning Creditor Yue Xu
jou@nguyen-chen.com, ahuber@archerlaw.com

Jiangang Ou on behalf of Petitioning Creditor Yue Zhang
jou@nguyen-chen.com, ahuber@archerlaw.com

Jiangang Ou on behalf of Petitioning Creditor Yulan Chen
jou@nguyen-chen.com, ahuber@archerlaw.com

Jiangang Ou on behalf of Petitioning Creditor Yunding Kang
jou@nguyen-chen.com, ahuber@archerlaw.com

Stephen M. Packman on behalf of Petitioning Creditor Cunxiang Ji
spackman@archerlaw.com, jgarcia@archerlaw.com,ahuber@archerlaw.com

Stephen M. Packman on behalf of Petitioning Creditor Jin Wang
spackman@archerlaw.com, jgarcia@archerlaw.com,ahuber@archerlaw.com

Stephen M. Packman on behalf of Petitioning Creditor Jun Li
spackman@archerlaw.com, jgarcia@archerlaw.com,ahuber@archerlaw.com

Stephen M. Packman on behalf of Petitioning Creditor Kai Tian
spackman@archerlaw.com, jgarcia@archerlaw.com,ahuber@archerlaw.com

Stephen M. Packman on behalf of Petitioning Creditor Li Jiang
spackman@archerlaw.com, jgarcia@archerlaw.com,ahuber@archerlaw.com

Stephen M. Packman on behalf of Petitioning Creditor Lin Li
spackman@archerlaw.com, jgarcia@archerlaw.com,ahuber@archerlaw.com

Stephen M. Packman on behalf of Petitioning Creditor Lin Zhou
spackman@archerlaw.com, jgarcia@archerlaw.com,ahuber@archerlaw.com

Stephen M. Packman on behalf of Petitioning Creditor Peng Guo
spackman@archerlaw.com, jgarcia@archerlaw.com,ahuber@archerlaw.com

Stephen M. Packman on behalf of Petitioning Creditor Qu Chen
spackman@archerlaw.com, jgarcia@archerlaw.com,ahuber@archerlaw.com

Stephen M. Packman on behalf of Petitioning Creditor Weisi Wang
spackman@archerlaw.com, jgarcia@archerlaw.com,ahuber@archerlaw.com

Stephen M. Packman on behalf of Petitioning Creditor Xuegeng Gong
spackman@archerlaw.com, jgarcia@archerlaw.com,ahuber@archerlaw.com

Stephen M. Packman on behalf of Petitioning Creditor Yan Zhang

spackman@archerlaw.com, jgarcia@archerlaw.com,ahuber@archerlaw.com

Stephen M. Packman on behalf of Petitioning Creditor Yunding Kang
spackman@archerlaw.com, jgarcia@archerlaw.com,ahuber@archerlaw.com

Michael P. Ridulfo on behalf of Creditor Bob Jiang
mridulfo@krcl.com, dtrevino@krcl.com;mridulfo@ecf.courtdrive.com

Michael P. Ridulfo on behalf of Creditor Michael Fu
mridulfo@krcl.com, dtrevino@krcl.com;mridulfo@ecf.courtdrive.com

Patrick D. Sullivan on behalf of Creditor Benchmark Acquisitions, LLC
sullivan@hooverslovacek.com

Patrick D. Sullivan on behalf of Creditor Benchmark Acquisitions, LLC
sullivan@hooverslovacek.com

United States Trustee
ustpregion06.da.ecf@usdoj.gov

Behrooz P. Vida on behalf of Creditor Tamamoi, LLC and FDRE, Inc.
filings@vidalawfirm.com, legalprokirstin@gmail.com;bkfilings@yahoo.com

**20-31131-hdh7 Notice will not be electronically mailed to:**

Carnegie Development LLC
,

Hongpeng Lin
,

Venkat Murugan
,

Khudabuksh K Walji on behalf of Alleged Debtor WALL007 LLC
Law Office of K. Walji
10701 Corporate Drive, Ste 350
Stafford, TX 77477

Joyce W. Lindauer
State Bar No. 21555700
Guy H. Holman
State Bar No. 24095171
Joyce W. Lindauer Attorney, PLLC
1412 Main Street, Suite 500
Dallas, Texas 75202
Telephone: (972) 503-4033
Facsimile: (972) 503-4034
Attorneys for Alleged Debtors

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | **Chapter 7** |
| | § | |
| **WALL007 LLC, *et al.*[1],** | § | **Case No. 20-31131-hdh7** |
| | § | **(Jointly Administered)** |
| **Alleged Debtors.** | § | |

**ALLEGED DEBTORS' RESPONSE IN OPPOSITION TO**
**PETITIONING CREDITORS' AMENDED MOTION TO COMPEL**

**TO THE HONORABLE UNITED STATES BANKRUPTCY COURT:**

COME NOW WALL0007, LLC, et al. ("Alleged Debtor"), the Alleged Debtors in the above-styled and numbered bankruptcy case, and files the *Alleged Debtors' Response in Opposition to Motion to Petitioning Creditor's Amended Motion to Compel.* In support of same, Alleged Debtors would respectfully show the Court as follows:

1. The Alleged Debtors admit the allegations in Paragraph 1 of the Motion.

2. The Alleged Debtors admit the allegations in Paragraph 2 of the Motion to the extent the document so provides.

3. The Alleged Debtors admit the allegations in Paragraph 3 of the Motion to the extent the document so provides.

[1] The Alleged Debtors in these cases are: WALL007 LLC, WALL009 LLC, WALL010 LLC, WALL011 LLC, WALL012 LLC, WALL016 LLC, and WALL017 LLC.



EXHIBIT "6"

4. The Alleged Debtors are not able to admit or deny the allegation in Paragraph 4 of the Motion since the referenced email was not included in Petitioning Creditors Exhibit "A" to their Amended Motion. However, on July 29, 2020, Mr. Metzger emailed opposing counsel informing him that the dates demanded for Mr. Barton's deposition (August 3 or 4, 2020) were not available due to previously scheduled travel. Further, Mr. Packman indicated in an email dated August 5, 2020 that he would not be available from August 13, 2020 through August 16, 2020.

5. The Alleged Debtors admit the allegations in Paragraph 5 of the Motion.

6. The Alleged Debtors admit the allegations in Paragraph 6 of the Motion.

7. The Alleged Debtors admit the allegations in Paragraph 7 of the Motion.

8. The Alleged Debtors admit the allegations in Paragraph 8 of the Motion, but notes that the deposition dates for the named individuals were transposed.

9. The Alleged Debtors admit the allegations in Paragraph 9 of the Motion.

10. The Alleged Debtors deny the allegation in Paragraph 10 of the Motion that asserts that the depositions of the Petitioning Creditors "are largely duplicative" and that their purpose is designed for harassment. Debtors assert that they may depose any and all of Petitioning Creditors who stated a claim pursuant to the Involuntary Petition that they signed. Alleged Debtors are not required to admit or deny the allegations in the balance of Paragraph 10 of the Motion, but finds it highly suspect that the Petitioning Creditors are only willing to submit to deposition via means making confirmation of identity of the deponents nearly impossible. Further, the means proposed by opposing counsel are illegal under Chinese law and ineffective under U.S. law. In reference to Chinese law, neither attorneys for the Alleged Debtors, nor attorneys located in U.S. Consulates have authorization from China's central government to conduct a deposition of the Petitioning Creditors residing there. To do so would subject them to arrest, detention, and/or deportation. Counsel for the Petitioning Creditors has indicated that it will only assent to video and/or

telephonic depositions which, as opposing counsel is aware, is also illegal in that country. The only legal way that depositions of the Petitioning Creditors may be taken is for the Petitioning Creditors to travel to the United States (if permitted due to COVID-19 concerns) and submit to examination here. The Petitioning Creditors are attempting to force the Alleged Debtors to break international law instead of appearing for depositions in the jurisdiction in which they filed suit. The U.S. judicial system is under no obligation to bend to the will of Chinese nationals who are attempting to hide behind Chinese laws to avoid being deposed. It is also important to note that U.S. courts have also found that testimony taken by remote means is violative of Chinese law resulting in such testimony being struck from the record. *Ji v. Jling Inc.*, 15-CV-4194 (SIL), 22 (E.D.N.Y. Mar. 31, 2019). Finally, none of the formalities of FED. R. CIV. P. 28 concerning the taking of depositions abroad can be met. Thus, until arrangements are made to take the depositions of these Chinese nationals in the United States, the Alleged Debtors should not be required to submit to unilateral, one-sided depositions on an expedited schedule.

11. The Alleged Debtors deny the allegation in Paragraph 11 of the Motion that the Alleged Debtors will not produce the named individuals for deposition, but admit the allegation that they intend to limit the scope of any deposition prior to court rulings to issues contained within the mentioned dispositive Motions concerning standing and validity of claims of the Petitioning Creditors. Standing and validity of claims has been challenged on the following basis:

a. As the agent for all parties to the relevant pooled funds, Haoqiang Fu, a/k/a Michael Fu and d/b/a Silverland Financial Ltd. and Platinum Investment Corporation, is the single real party in interest to this suit and should be substituted for the Petitioners, at which time the involuntary petitions should be dismissed under 11 U.S.C. § 303(b)(1) because there would be an insufficient number of petitioners to support the filing.

b. As the claims are also the subject of pending litigation in Texas state court, the involuntary petitions should be dismissed under 11 U.S.C. § 303(b)(1) because the claims are subject to bona fide disputes, contingent, and disputed, especially relating to the Loan Papers.

c. The involuntary petitions should be dismissed under 11 U.S.C. § 303(a) because they are not in the best interest of the Alleged Debtors and their real creditors, as the action is clearly a mere collection tactic in a two-party dispute, thus it would be in the Alleged Debtors' and their real creditors' best interest to have the dispute treated and resolved as such in a state court. Imposed bankruptcy would have a dramatic negative effect on the Alleged Debtors' ongoing business operations and ability to satisfy their obligations as well as significant reduction in the valuation of the Alleged Debtors assets;

d. The involuntary petitions should be dismissed under 11 U.S.C. § 305(a) based on abstention principles because the involuntary petitions were filed in bad faith as a strong-arm litigation tactic when Michael Fu and his colleagues became frustrated and impatient that their pending state court action had been legitimately challenged and resolution in favor of Fu was not neither likely nor expeditious;

e. The involuntary petitions should be dismissed for cause under 11 U.S.C. § 707(a) because the filing is an improper use of the bankruptcy court to create leverage in what is clearly a two-party collection dispute.

f. The validity of the electronic signatures is in question as is that of the "wet signatures" since those produced by opposing counsel on July 6 and 7, 2020 contain numerous and significant inconsistencies from signatures found on other source documents (i.e. Chinese passports, the alleged Petitioning Creditors' DocuSignatures, agreements attached to the petitions, and the involuntary petitions themselves), and since opposing counsel has failed to properly authenticate such pursuant to the Federal Rules of Evidence including Rules 901 and 902.

Alleged Debtors note for clarity's sake that it is not refusing to produce Ms. Bedoya for deposition. However, she is over seven months pregnant, and is at possible risk of loss of her pregnancy. While counsel for the Petitioning Creditors may be willing to subject her to the unnecessary stress of deposition that may result in harm to Ms. Bedoya or her unborn child, neither the Alleged Debtors nor Ms. Bedoya are similarly inclined.

12. The Alleged Debtors deny the allegation contained in Paragraph 12 of the Motion that the purpose of the "Joint Stipulation" is to "circumvent the discovery rules and prevent Barton and Bedoya from testifying at a deposition," noting that the purpose of such was to come to an agreement on issues now before this Court.

13. The Alleged Debtors are not required to admit or deny the allegation in Paragraph 13 of the Motion as to the Petitioning Creditors belief in their entitlement to documents,

information, and deposition testimony, but denies the allegation that Petitioning Creditors have made any good faith attempt to resolve matters by consensus. Alleged Debtors further note that such individuals have previously indicated that they would present themselves for deposition on matters properly before this Court and would present documents, information, and testimony to which this Court, and not the Petitioning Creditors, deems them to be entitled. The swift and blunt refusal to consider the issues mentioned in the Joint Stipulation while continuing to press for expedited deposition dates is nothing more than an attempt to effectively moot the issues contained in the dispositive Motions before this Court.

14. The Alleged Debtors deny the allegations contained in Paragraph 14 of the Motion relating to any uncertainty of whether they would produce the referenced persons for deposition prior to the Court's determination on dispositive issues presented to it.

15. The Alleged Debtors admit the allegations in Paragraph 15 of the Motion, but notes that opposing counsel admits that Mr. Venkat has not been properly served Notice of Deposition, and that Mr. Lin has received threats to members of his family living in China from persons also living in China that indicate his family will be harmed if he provides deposition testimony expected to be harmful to the Petitioning Creditors' claims.

16. The Alleged Debtors admit the allegation in Paragraph 16 of the Motion.

17. The Alleged Debtors deny the allegations in Paragraph 17 of the Motion that Mr. Metzger's purpose in limiting the scope of deposition was for purpose of delay and to "prevent Petitioning Creditors from getting to relevant information and the truth of the matter." Interestingly, Petitioning Creditors insist on rushed access to deposition testimony only before the August 17, 2020 hearing on the dispositive Motions. They have never explained, and have even refused to explain why, if the Petitioning Creditors have both standing and valid claims as they assert, they cannot wait until such issues are decided by this Court to take the depositions of the

named individuals. It has been well established that when determining whether to limit discovery, courts look to whether a "threshold" or "preliminary" issue is at the heart of the dispositive motion, such as when jurisdiction, venue, standing, or immunity are preliminary issues. *See White v. Spikes*, No. 3:14-cv-389-M-BN, at *4 (N.D. Tex. Mar. 4, 2015); *Tamburo v. Dworkin*, No. 04 C 3317, 2010 WL 4867346, at *1 (N.D. Ill. Nov. 17, 2010) (citing *U.S. Catholic Conference v. Abortion Rights Mobilization, Inc.*, 487 U.S. 72, 79– 80 (1988)); *Twin City Fire Ins. Co. v. Emp'rs Ins. of Wausau*, 124 F.R.D. 652, 653 (D. Nev. 1989). Where these threshold issues are part of the motion to dismiss, courts apply more scrutiny and give greater weight to the concern that discovery burdens would ultimately prove unnecessary. *Ellis v. Fortune Seas, Ltd.*, 175 F.R.D. 308, 312 (S.D. Ind. 1997) (holding that a threshold showing of jurisdiction is consistent with the district court's obligation to control discovery).

18. The Alleged Debtors deny the allegations in Paragraph 18 of the Motion as to any failure to act in good faith regarding discovery, and assert that they will cooperate in such process if and when this Court determines that the Petitioning Creditors have both standing and valid claims entitling them to such discovery. Further, courts recognize courts have found limitations on discovery pending a ruling on dispositive Motions to be appropriate to protect litigants from costly discovery which may ultimately prove unnecessary. *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988) (affirming discovery stay because it would "further the goal of efficiency for the courts and the litigants"). Thus, if the Alleged Debtors' motion is granted on any of the dispositive issues, discovery on some or all of the claims can be avoided, conserving limited judicial resources and saving the parties time and money. See, e.g. *Chudasama v. Mazda Motor Corp.*, 123 F.3d at 1368 ("If the district court dismisses a non-meritorious claim before discovery has begun, unnecessary costs to the litigants and to the court system can be avoided."); cf. *Followell v. Mills*, No. 05-2423, 2006 WL 889395, at *5 (W.D. Tenn. Mar. 31, 2006) ("If the

motion is granted, the issue of discovery is moot. If the motion is denied, the protective order will be dissolved."). At the very least, if deposition is allowed to proceed, deposition topics should be limited until the Court has ruled on the Alleged Debtor's Motion to Stay Discovery. To do otherwise would defeat the purpose of that Motion, which is validly based on sound law. The Alleged Debtors should at least have the opportunity for that Motion to be heard and decided upon before being required to provide further discovery unrelated to the dispositive motions.

19. The Alleged Debtors deny the allegations in Paragraph 19 to the extent documents so provide.

20. The Alleged Debtors deny the allegations in Paragraph 20 of the Motion as to "many gaps" in their discovery responses, a failure to respond to relevant requests. Alleged Debtors admit the allegation in Paragraph 20 as to their agreement to produce witnesses who will present deposition testimony limited in scope until this Court decides on the aforementioned dispositive Motions before it.

21. The Alleged Debtors can neither admit nor deny the allegations in Paragraph 21 of the Motion, but notes Petitioning Creditors are not entitled to any such discovery until their standing and validity of claims entitling them to such discovery has been duly established by this Court.

22. The Alleged Debtors deny the allegations in Paragraph 22 of the Motion.

23. The Alleged Debtors deny the allegations in Paragraph 23 of the Motion, and note that the assertion that Alleged Debtors comments regarding not knowing who to pay or how to pay them have been presented grossly out of context in an effort to deceive this Court as to the facts underlying such comments since a person or persons purporting themselves to be Petitioning Creditors have made demands to tender payments to other individuals not party to certain loan

agreements, and to make payments to accounts other than those from which the supposed loans originated, possibly in contravention of U.S. law, Chinese law, or both.

24. The Alleged Debtors admit the allegation in Paragraph 24 of the Motion to the extent documents so provide, but assert that the Petitioning Creditors' faulty interpretation of the cited comments is again designed to mislead this Court as to the nature of the underlying dispute that such comments describe.

25. The Alleged Debtors deny the allegations in Paragraph 25 of the Motion.

26. The Alleged Debtors deny the allegations in Paragraph 26 of the Motion.

27. The Alleged Debtors deny the allegations in Paragraph 27 of the Motion as to the relevance of the requested documents, and they further assert that any issue as relates to the relief requested by Tamamoi, LLC has no bearing on, or relation to, the claims of the Petitioning Creditors, and are thereby similarly not relevant to the Petitioning Creditors' Motion.

28. The Alleged Debtors deny the allegations in Paragraph 28 of the Motion.

29. The Alleged Debtors deny the allegations in Paragraph 29 of the Motion as to any action or omission by the Alleged Debtors, but they refuse to respond to the insinuation or conjecture of wrongdoing committed by Mr. Barton that the Petitioning Creditors characterize only as conceivable, but which is unsupported by even a scintilla of evidence, and which amounts to nothing more that a smear tactic intended to prejudice Mr. Barton before this Court.

30. The Alleged Debtors admit the allegation in Paragraph 30 of the Motion, but they reiterate that if the Petitioning Creditors lack standing and/or have failed to present a valid claim before this Court, they are not entitled to discovery in the first place. The Court's decision on such matters will inform all parties to this suit as to any such entitlement.

31. The Alleged Debtors admit the allegation in Paragraph 31 of the Motion to the extent that they do not have to produce documents or witnesses until this Court decides on the

dispositive Motions before it, but deny that such position "goes well beyond a Rule 12(b)(6) Motion."

32. The Alleged Debtors deny the allegation in Paragraph 32 of the Motion that the purpose of citing that certain of the Petitioning Creditors' discovery requests lack relevancy is to "avoid their discovery obligation" since there is no obligation to respond to irrelevant questions and since objections based on irrelevancy are permitted by the Federal Rules of Civil Procedure.

33. The Alleged Debtors deny the allegation in Paragraph 33 of the Motion.

34. The Alleged Debtors deny the allegation in Paragraph 34 of the Motion.

35. The Alleged Debtors deny the allegation in Paragraph 35 of the Motion and reiterate that they will gladly participate in the discovery process once this Court determines that the Petitioning Creditors have both standing and valid claims entitling them to such discovery by deciding on the dispositive Motions currently before this Court that are designed to definitively answer such questions of law.

36. The Alleged Debtors deny the allegation in Paragraph 36 of the Motion that Petitioning Creditors have made any attempt to "resolve" matters concerning production since the only "resolution" acceptable to the Petitioning Creditors is that the Alleged Debtors unquestionably accede to each and every one of their demands for production regardless of whether such demands warrant objection.

37. The Alleged Debtors admit the allegation in Paragraph 37 of the Motion.

38. The Alleged Debtors admit the allegations in Paragraph 38 of the Motion.

39. The Alleged Debtors deny the allegation in Paragraph 39 of the Motion.

40. The Alleged Debtors deny the allegation in Paragraph 40 of the Motion, and specifically note that all documents produced are "true" in every sense of that word and take

umbrage at the spurious insinuation that anything provided in response to discovery requests has been anything less than truthful.

41. The Alleged Debtors are not required to admit or deny the allegations in Paragraph 41 of the Motion.

42. The Alleged Debtors are not required to admit or deny the allegations in Paragraph 42 of the Motion only to the extent that they are accurate recitations of statute and case law, but note that the "party's claim or defense" envisioned by Fed. R. Civ. P. 26(b)(1) presumes that the party's claim is valid and that the case may be heard by the court in question. Here, the Alleged Debtors assert that the Petitioning creditors have neither standing nor valid claims that would entitle them to discovery. Only after such questions have been answered by this Court can their entitlement to discovery be established.

43. The Alleged Debtors are not required to admit or deny the allegations in Paragraph 43 of the Motion.

44. The Alleged Debtors are not required to admit or deny the allegations in Paragraph 44 of the Motion.

45. The Alleged Debtors are not required to admit or deny the allegations in Paragraph 45 of the Motion.

46. The Alleged Debtors are not required to admit or deny the allegations in Paragraph 46 of the Motion.

47. The Alleged Debtors are not required to admit or deny the allegations in Paragraph 47 of the Motion.

48. The Alleged Debtors are not required to admit or deny the allegations in Paragraph 48 of the Motion.

49. The Alleged Debtors are not required to admit or deny the allegations in Paragraph 49 of the Motion.

50. The Alleged Debtors admit the allegation in Paragraph 50 of the Motion.

51. The Alleged Debtors deny the allegation in Paragraph 51 of the Motion because, as they have previously asserted, Petitioning Creditors have no standing before this Court, nor have they made claims filed pursuant to a valid petition. Until this Court disposes of such matters by decision on Motions before it, Petitioning Creditors can show no entitlement to discovery.

52. The Alleged Debtors admit the allegation in Paragraph 52 of the Motion as to the lack of limitation on scope of discovery in the Joint Discovery Plan, but the Alleged Debtors again argue that no entitlement to discovery exists until the Court renders its decision on the aforementioned dispositive Motions before it. Here, as stated supra, the Petitioners have not yet established that their petitions are validly brought in this court. Accordingly, and particularly considering that petitioners in involuntary bankruptcy proceedings have a higher burden of proof, the Petitioners have not established that they have a right to discovery to include the full scope of topics related to substantive merit trial issues. Moreover, because this and other dispositive motions are currently pending before this Court, discovery limits should be imposed until the resolution of such threshold matters.

53. The Alleged Debtors deny the allegation in Paragraph 53 of the Motion for the reasons stated heretofore.

54. The Alleged Debtors deny the allegations in Paragraph 54 of the Motion and assert that if this Court renders an opinion on the dispositive Motions before it that establish both the Petitioning Creditors standing and validity of claims, they shall happily produce deposition witnesses for testimony.

55. The Alleged Debtors are not required to admit or deny the allegations in Paragraph 55 of the Motion.

WHEREFORE, PREMISES CONSIDERED, the Alleged Debtors request that this Court enter an order denying the relief requested in the Motion, and for such other and further relief to which the Alleged Debtors may be justly entitled.

Dated: August 14, 2020.

Respectfully submitted,

*/s/ Joyce W. Lindauer*

Joyce W. Lindauer
State Bar No. 21555700
Guy H. Holman
State Bar No. 24095171
Joyce W. Lindauer Attorney, PLLC
1412 Main Street, Suite 500
Dallas, Texas 75202
Telephone: (972) 503-4033
Facsimile: (972) 503-4034
Attorneys for Alleged Debtors

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on August 14, 2020, a true and correct copy of the foregoing document was served via email pursuant to the Court's ECF system upon the parties listed below.

Robert W. Buchholz
bob@attorneybob.com

Katherine T. Hopkins
katherine.thomas@kellyhart.com

Joyce W. Lindauer
joyce@joycelindauer.com, dian@joycelindauer.com;gina@joycelindauer.com

Jiangang Ou
jou@nguyen-chen.com, ahuber@archerlaw.com

Stephen M. Packman
spackman@archerlaw.com, jgarcia@archerlaw.com,ahuber@archerlaw.com

Michael P. Ridulfo
mridulfo@krcl.com, dtrevino@krcl.com;mridulfo@ecf.courtdrive.com

Patrick D. Sullivan
sullivan@hooverslovacek.com

United States Trustee
ustpregion06.da.ecf@usdoj.gov

Behrooz P. Vida on behalf of Creditor Tamamoi, LLC and FDRE, Inc.
filings@vidalawfirm.com, legalprokirstin@gmail.com;bkfilings@yahoo.com

*/s/ Joyce W. Lindauer*
Joyce W. Lindauer