**File a Motion:**

20-31131-hdh7 WALL007 LLC

| | | | | |
|---|---|---|---|---|
| Type: bk | Chapter: 7 i | Office: 3 (Dallas) | Filed: 04/08/2020 | Closed: |
| Judge: hdh | Case Flag: EXHIBITS, jntadmn, LEAD, REFORM | | Reopen: | Dismissed: |
| | | | | Dismissed(jdb): |
| | | | Converted: | Discharged: |
| | | | | Discharged(jdb): |



**U.S. Bankruptcy Court**

**Northern District of Texas**

Notice of Electronic Filing

The following transaction was received from Joyce W. Lindauer entered on 8/11/2020 at 5:55 PM CDT and filed on 8/11/2020
**Case Name:** WALL007 LLC
**Case Number:** 20-31131-hdh7
**Document Number:** 133

**Docket Text:**
Motion to quash *Petitioners' Deposition Notices* Filed by Interested Parties Hongpeng Lin, Venkat Murugan, Timothy Barton, Alleged Debtor WALL007 LLC (Attachments: # (1) Proposed Order) (Lindauer, Joyce)

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**Motion to Quash.pdf
**Electronic document Stamp:**
[STAMP bkecfStamp_ID=1017686615 [Date=8/11/2020] [FileNumber=45877485-0] [674c21383e2a17edca49df4637e1a6b169fcf741919101880e94656b61857b0e7b aa865c8a4d7bb0e763fe9fde2c4b1625aabe7d3cbd5b74b7b1f707ec78f9c3]]
**Document description:**Proposed Order
**Original filename:**C:\fakepath\Order.pdf
**Electronic document Stamp:**
[STAMP bkecfStamp_ID=1017686615 [Date=8/11/2020] [FileNumber=45877485-1] [091038d3ed6995381aec6441aa12f58b06da553644f36cbb9020b78b10051b52c7 7e2fdb97eada41e74bfa3a1630eca6dfd0293ba6aa7604abacbcbbbfdda525]]

**20-31131-hdh7 Notice will be electronically mailed to:**

Robert W. Buchholz on behalf of Creditor Southern Star Capital, LLC
bob@attorneybob.com

Katherine T. Hopkins on behalf of Interested Party Blackfoot Interest, Ltd.
katherine.thomas@kellyhart.com

Katherine T. Hopkins on behalf of Interested Party L. Allen Hodges, III
katherine.thomas@kellyhart.com

Katherine T. Hopkins on behalf of Interested Party LAH III Family Specific Interest, Ltd.
katherine.thomas@kellyhart.com

Katherine T. Hopkins on behalf of Interested Party Neighborhood Association of Lost Creek Estates, Inc
katherine.thomas@kellyhart.com

Katherine T. Hopkins on behalf of Interested Party Tejas Group, Ltd.
katherine.thomas@kellyhart.com

Joyce W. Lindauer on behalf of Alleged Debtor WALL007 LLC
joyce@joycelindauer.com, dian@joycelindauer.com;gina@joycelindauer.com

**EXHIBIT "7"**

Joyce W. Lindauer on behalf of Alleged Debtor WALL009 LLC
joyce@joycelindauer.com, dian@joycelindauer.com;gina@joycelindauer.com

Joyce W. Lindauer on behalf of Alleged Debtor WALL010 LLC
joyce@joycelindauer.com, dian@joycelindauer.com;gina@joycelindauer.com

Joyce W. Lindauer on behalf of Alleged Debtor WALL011 LLC
joyce@joycelindauer.com, dian@joycelindauer.com;gina@joycelindauer.com

Joyce W. Lindauer on behalf of Alleged Debtor WALL012 LLC
joyce@joycelindauer.com, dian@joycelindauer.com;gina@joycelindauer.com

Joyce W. Lindauer on behalf of Alleged Debtor WALL016 LLC
joyce@joycelindauer.com, dian@joycelindauer.com;gina@joycelindauer.com

Joyce W. Lindauer on behalf of Alleged Debtor WALL017 LLC
joyce@joycelindauer.com, dian@joycelindauer.com;gina@joycelindauer.com

Steven C. Metzger on behalf of Interested Party Timothy Barton
smetzger@pmklaw.com

Jiangang Ou on behalf of Petitioning Creditor Aiguo Luo
jou@nguyen-chen.com, ahuber@archerlaw.com

Jiangang Ou on behalf of Petitioning Creditor Chao Xu
jou@nguyen-chen.com, ahuber@archerlaw.com

Jiangang Ou on behalf of Petitioning Creditor Chenchen Jiang
jou@nguyen-chen.com, ahuber@archerlaw.com

Jiangang Ou on behalf of Petitioning Creditor Cunxiang Ji
jou@nguyen-chen.com, ahuber@archerlaw.com

Jiangang Ou on behalf of Petitioning Creditor Di Tang
jou@nguyen-chen.com, ahuber@archerlaw.com

Jiangang Ou on behalf of Petitioning Creditor Fang Ding
jou@nguyen-chen.com, ahuber@archerlaw.com

Jiangang Ou on behalf of Petitioning Creditor Feng Yan
jou@nguyen-chen.com, ahuber@archerlaw.com

Jiangang Ou on behalf of Petitioning Creditor Fuqing Chen
jou@nguyen-chen.com, ahuber@archerlaw.com

Jiangang Ou on behalf of Petitioning Creditor Guoqin Zhou
jou@nguyen-chen.com, ahuber@archerlaw.com

Jiangang Ou on behalf of Petitioning Creditor Hanjiang Fu
jou@nguyen-chen.com, ahuber@archerlaw.com

Jiangang Ou on behalf of Petitioning Creditor Heng Zhang
jou@nguyen-chen.com, ahuber@archerlaw.com

Jiangang Ou on behalf of Petitioning Creditor Hong Guo
jou@nguyen-chen.com, ahuber@archerlaw.com

Jiangang Ou on behalf of Petitioning Creditor Jialin Hu
jou@nguyen-chen.com, ahuber@archerlaw.com

Jiangang Ou on behalf of Petitioning Creditor Jiancheng Chen

jou@nguyen-chen.com, ahuber@archerlaw.com

Jiangang Ou on behalf of Petitioning Creditor Jiaxiang Lu
jou@nguyen-chen.com, ahuber@archerlaw.com

Jiangang Ou on behalf of Petitioning Creditor Jin Wang
jou@nguyen-chen.com, ahuber@archerlaw.com

Jiangang Ou on behalf of Petitioning Creditor Jingqiu Tang
jou@nguyen-chen.com, ahuber@archerlaw.com

Jiangang Ou on behalf of Petitioning Creditor Jinzhe Wu
jou@nguyen-chen.com, ahuber@archerlaw.com

Jiangang Ou on behalf of Petitioning Creditor Jun Li
jou@nguyen-chen.com, ahuber@archerlaw.com

Jiangang Ou on behalf of Petitioning Creditor Jun Wang
jou@nguyen-chen.com, ahuber@archerlaw.com

Jiangang Ou on behalf of Petitioning Creditor Jun Zeng
jou@nguyen-chen.com, ahuber@archerlaw.com

Jiangang Ou on behalf of Petitioning Creditor Kai Tian
jou@nguyen-chen.com, ahuber@archerlaw.com

Jiangang Ou on behalf of Petitioning Creditor Kangying Mao
jou@nguyen-chen.com, ahuber@archerlaw.com

Jiangang Ou on behalf of Petitioning Creditor Kui Wang
jou@nguyen-chen.com, ahuber@archerlaw.com

Jiangang Ou on behalf of Petitioning Creditor Lan Ji
jou@nguyen-chen.com, ahuber@archerlaw.com

Jiangang Ou on behalf of Petitioning Creditor Li Jiang
jou@nguyen-chen.com, ahuber@archerlaw.com

Jiangang Ou on behalf of Petitioning Creditor Lin Gao
jou@nguyen-chen.com, ahuber@archerlaw.com

Jiangang Ou on behalf of Petitioning Creditor Lin Li
jou@nguyen-chen.com, ahuber@archerlaw.com

Jiangang Ou on behalf of Petitioning Creditor Lin Zhou
jou@nguyen-chen.com, ahuber@archerlaw.com

Jiangang Ou on behalf of Petitioning Creditor Liying Yang
jou@nguyen-chen.com, ahuber@archerlaw.com

Jiangang Ou on behalf of Petitioning Creditor Mai Ye
jou@nguyen-chen.com, ahuber@archerlaw.com

Jiangang Ou on behalf of Petitioning Creditor Ou Jiang
jou@nguyen-chen.com, ahuber@archerlaw.com

Jiangang Ou on behalf of Petitioning Creditor Pei Guan
jou@nguyen-chen.com, ahuber@archerlaw.com

Jiangang Ou on behalf of Petitioning Creditor Peng Guo
jou@nguyen-chen.com, ahuber@archerlaw.com

Jiangang Ou on behalf of Petitioning Creditor Pengfei Dong
jou@nguyen-chen.com, ahuber@archerlaw.com

Jiangang Ou on behalf of Petitioning Creditor Qiao Qin
jou@nguyen-chen.com, ahuber@archerlaw.com

Jiangang Ou on behalf of Petitioning Creditor Qin Chu
jou@nguyen-chen.com, ahuber@archerlaw.com

Jiangang Ou on behalf of Petitioning Creditor Qiuying Li
jou@nguyen-chen.com, ahuber@archerlaw.com

Jiangang Ou on behalf of Petitioning Creditor Qu Chen
jou@nguyen-chen.com, ahuber@archerlaw.com

Jiangang Ou on behalf of Petitioning Creditor Rufeng Ding
jou@nguyen-chen.com, ahuber@archerlaw.com

Jiangang Ou on behalf of Petitioning Creditor Ruinian Wu
jou@nguyen-chen.com, ahuber@archerlaw.com

Jiangang Ou on behalf of Petitioning Creditor Sicheng Zhan
jou@nguyen-chen.com, ahuber@archerlaw.com

Jiangang Ou on behalf of Petitioning Creditor Tianqing Song
jou@nguyen-chen.com, ahuber@archerlaw.com

Jiangang Ou on behalf of Petitioning Creditor Wai Ying
jou@nguyen-chen.com, ahuber@archerlaw.com

Jiangang Ou on behalf of Petitioning Creditor Wanwan Li
jou@nguyen-chen.com, ahuber@archerlaw.com

Jiangang Ou on behalf of Petitioning Creditor Weijia Kong
jou@nguyen-chen.com, ahuber@archerlaw.com

Jiangang Ou on behalf of Petitioning Creditor Weisi Wang
jou@nguyen-chen.com, ahuber@archerlaw.com

Jiangang Ou on behalf of Petitioning Creditor Wenjuan Yin
jou@nguyen-chen.com, ahuber@archerlaw.com

Jiangang Ou on behalf of Petitioning Creditor Wenjun Wang
jou@nguyen-chen.com, ahuber@archerlaw.com

Jiangang Ou on behalf of Petitioning Creditor Xiangdong Zhu
jou@nguyen-chen.com, ahuber@archerlaw.com

Jiangang Ou on behalf of Petitioning Creditor Xiaodong Hao
jou@nguyen-chen.com, ahuber@archerlaw.com

Jiangang Ou on behalf of Petitioning Creditor Xiaomin Fan
jou@nguyen-chen.com, ahuber@archerlaw.com

Jiangang Ou on behalf of Petitioning Creditor Xiaoquan Dai
jou@nguyen-chen.com, ahuber@archerlaw.com

Jiangang Ou on behalf of Petitioning Creditor Xuegeng Gong
jou@nguyen-chen.com, ahuber@archerlaw.com

Jiangang Ou on behalf of Petitioning Creditor Yadan Liu
jou@nguyen-chen.com, ahuber@archerlaw.com

Jiangang Ou on behalf of Petitioning Creditor Yan Zhang
jou@nguyen-chen.com, ahuber@archerlaw.com

Jiangang Ou on behalf of Petitioning Creditor Yi Tang
jou@nguyen-chen.com, ahuber@archerlaw.com

Jiangang Ou on behalf of Petitioning Creditor Yijing Wu
jou@nguyen-chen.com, ahuber@archerlaw.com

Jiangang Ou on behalf of Petitioning Creditor Ying Zhang
jou@nguyen-chen.com, ahuber@archerlaw.com

Jiangang Ou on behalf of Petitioning Creditor Ying Zhou
jou@nguyen-chen.com, ahuber@archerlaw.com

Jiangang Ou on behalf of Petitioning Creditor Yuan Yuan
jou@nguyen-chen.com, ahuber@archerlaw.com

Jiangang Ou on behalf of Petitioning Creditor Yue Xu
jou@nguyen-chen.com, ahuber@archerlaw.com

Jiangang Ou on behalf of Petitioning Creditor Yue Zhang
jou@nguyen-chen.com, ahuber@archerlaw.com

Jiangang Ou on behalf of Petitioning Creditor Yulan Chen
jou@nguyen-chen.com, ahuber@archerlaw.com

Jiangang Ou on behalf of Petitioning Creditor Yunding Kang
jou@nguyen-chen.com, ahuber@archerlaw.com

Stephen M. Packman on behalf of Petitioning Creditor Cunxiang Ji
spackman@archerlaw.com, jgarcia@archerlaw.com,ahuber@archerlaw.com

Stephen M. Packman on behalf of Petitioning Creditor Jin Wang
spackman@archerlaw.com, jgarcia@archerlaw.com,ahuber@archerlaw.com

Stephen M. Packman on behalf of Petitioning Creditor Jun Li
spackman@archerlaw.com, jgarcia@archerlaw.com,ahuber@archerlaw.com

Stephen M. Packman on behalf of Petitioning Creditor Kai Tian
spackman@archerlaw.com, jgarcia@archerlaw.com,ahuber@archerlaw.com

Stephen M. Packman on behalf of Petitioning Creditor Li Jiang
spackman@archerlaw.com, jgarcia@archerlaw.com,ahuber@archerlaw.com

Stephen M. Packman on behalf of Petitioning Creditor Lin Li
spackman@archerlaw.com, jgarcia@archerlaw.com,ahuber@archerlaw.com

Stephen M. Packman on behalf of Petitioning Creditor Lin Zhou
spackman@archerlaw.com, jgarcia@archerlaw.com,ahuber@archerlaw.com

Stephen M. Packman on behalf of Petitioning Creditor Peng Guo
spackman@archerlaw.com, jgarcia@archerlaw.com,ahuber@archerlaw.com

Stephen M. Packman on behalf of Petitioning Creditor Qu Chen
spackman@archerlaw.com, jgarcia@archerlaw.com,ahuber@archerlaw.com

Stephen M. Packman on behalf of Petitioning Creditor Weisi Wang
spackman@archerlaw.com, jgarcia@archerlaw.com,ahuber@archerlaw.com

Stephen M. Packman on behalf of Petitioning Creditor Xuegeng Gong

spackman@archerlaw.com, jgarcia@archerlaw.com,ahuber@archerlaw.com

Stephen M. Packman on behalf of Petitioning Creditor Yan Zhang
spackman@archerlaw.com, jgarcia@archerlaw.com,ahuber@archerlaw.com

Stephen M. Packman on behalf of Petitioning Creditor Yunding Kang
spackman@archerlaw.com, jgarcia@archerlaw.com,ahuber@archerlaw.com

Michael P. Ridulfo on behalf of Creditor Bob Jiang
mridulfo@krcl.com, dtrevino@krcl.com;mridulfo@ecf.courtdrive.com

Michael P. Ridulfo on behalf of Creditor Michael Fu
mridulfo@krcl.com, dtrevino@krcl.com;mridulfo@ecf.courtdrive.com

Patrick D. Sullivan on behalf of Creditor Benchmark Acquisitions, LLC
sullivan@hooverslovacek.com

Patrick D. Sullivan on behalf of Creditor Benchmark Acquisitions, LLC
sullivan@hooverslovacek.com

United States Trustee
ustpregion06.da.ecf@usdoj.gov

Behrooz P. Vida on behalf of Creditor Tamamoi, LLC and FDRE, Inc.
filings@vidalawfirm.com, legalprokirstin@gmail.com;bkfilings@yahoo.com

**20-31131-hdh7 Notice will not be electronically mailed to:**

Carnegie Development LLC
,

Hongpeng Lin
,

Venkat Murugan
,

Khudabuksh K Walji on behalf of Alleged Debtor WALL007 LLC
Law Office of K. Walji
10701 Corporate Drive, Ste 350
Stafford, TX 77477

Joyce W. Lindauer
State Bar No. 21555700
Guy H. Holman
State Bar No. 24095171
Joyce W. Lindauer Attorney, PLLC
1412 Main Street, Suite 500
Dallas, Texas 75202
Telephone: (972) 503-4033
Facsimile: (972) 503-4034
Attorneys for Alleged Debtors

Steve C. Metzger
State Bar No. 13982500
3626 N. Hall Street, Suite 800
Dallas, Texas 75219
Telephone: (214) 740-5030
Facsimile: (214) 224-7555
smetzger@pmklaw.com
Attorneys for Timothy Barton, Venkat Murugan,
and Hongpeng Lin, in their Individual Capacities

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| **In re:**<br><br>**WALL007, et al**<br><br>**Alleged Debtors.** | **Case No. 20-31131**<br>**Chapter 7** |

**MOTION TO QUASH PETITIONERS' DEPOSITION NOTICES**

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

COME NOW Alleged Debtors Wall007, *et al.*,[1] Timothy Barton, Venkat Murugan, and Hongpeng Lin, in their individual capacities, and file this their *Motion to Quash Petitioners' Deposition Notices* (the "Motion"), prohibiting counsel for Petitioners from conducting depositions and preventing further discovery until the resolution of certain dispositive issues currently before the Court have been resolved, and further prohibiting any depositions from taking

[1] The Alleged Debtors are: WALL007 LLC, WALL009 LLC, WALL010 LLC, WALL011 LLC, WALL012 LLC, WALL016 LLC, and WALL017 LLC.

place in China (including Hong Kong) (whether conducted by video or in person), and further ordering all deposition to occur in the United States, and specifically Dallas, Texas. In support, the Alleged Debtors respectfully show the Court as follows:

## I. INTRODUCTION

This Motion is the result of the latest occurrence in a string of attempts by the Petitioners to use American courts to extract from Texas businesses as much information and leverage as they can, while habitually avoiding their own obligations of good faith and reciprocity in discovery. The Petitioners are well aware that the Alleged Debtors have filed several dispositive motions before this Court seeking to invalidate the Petitioners' involuntary petitions due to lack of standing, and in conjunction with those motions have also sought an order from this Court staying or limiting discovery until the resolution of those dispositive motions.

The Alleged Debtors seek resolution of numerous issues relating to the validity of the Petitioners' claims:

- This matter is really **a simple two-party debt dispute that belongs where it started** – in Texas state court where it is still pending. Petitioners and their representatives are **improperly using this honorable Court as a tool to facilitate an overly-aggressive litigation agenda**.
- Petitioners **have not provided authenticated, valid "wet signatures"**, considering that the signatures in various pleadings and documents available do not match.
- Counsel for Petitioners **have not provided any explanation or methodology for how they internally rectified these discrepancies** and verified the authenticity of the signatures of Chinese nationals.
- Attorney Ou is the **only attorney to verify these signatures**, even though certain of the Petitioners have indicated in the Petitions that they are represented by Attorney Packman and ***not*** Attorney Ou.

- It is difficult to track payments[2] under various names which form the basis of the Petitioners proof of claim and Alleged Debtors are unsure of the identities of multiple remitters and source of such funds.
- Evidence gained in depositions of Haoqiang Fu, a/k/a Michael Fu (the "party-in-interest" in these cases), and Haibo Jiang indicate that the monetary transfers made from China to facilitate the funding agreements at issue **violated Chinese law**, and may have also violated U.S federal and Texas state law. There is concern that representatives for the Petitioners, and possibly the Petitioners may have been involved in a **Chinese money laundering scheme**.
- Petitioners refuse to travel from China to the U.S. to be deposed and insist upon video deposition, **which is illegal under Chinese law**.

Rather than allow for the resolution of these issues, the Petitioners have sought to compel discovery on the merits, including through the depositions of four representatives of the Alleged Debtors.

Ironically, it was the Petitioners' own impatience with the processes in Texas state court and desire to avoid a ruling on the Alleged Debtors' dispositive motions in that court that triggered the Petitioners' frivolous filing of the Involuntary Petitions. It is very clear: the Petitioners will do anything necessary to drive their discovery agenda while attempting to avoid the consequences of the dispositive motions.

To add insult to injury, while seeking to schedule depositions of representative of the Alleged Debtors as soon as possible, the Petitioners have simultaneously refused to appear in the United States to have their own depositions taken. The Petitioners insist that they will only consent to being deposed in China via WebEx, Zoom, or a similar digital platform – despite the fact that depositions on Chinese soil are illegal. The Petitioners would rather force the Alleged Debtors to break international laws than appear for depositions in the jurisdiction that they themselves filed

[2] Indeed, these issues also cast a shadow of doubt on the accuracy of the "Acknowledgement of Receipt of Loan Proceeds" (Dkt. Nos. 049 - 055) on which Petitioners almost exclusively rely to justify their claims. The names and amounts on these "Receipts" do not align with the Petitioners alleged payments. Indeed, it appears that certain funds came from remitters who are not the Petitioners, which resulted in claims that are most certainly disputed as to the source and ownership of funds, and thus are not ripe for involuntary bankruptcy adjudication.

suit. If the Petitioners can allegedly provide funding for Texas projects, bring lawsuits in Texas state courts, and force Texas businesses into involuntary bankruptcy, then the Petitioners should be able to sit for depositions in Texas and attempt to justify their claims. The U.S. judicial system is under no obligation to bend to the will of Chinese nationals who are attempting to hide behind Chinese laws to avoid being deposed. Until arrangements are made to take the depositions of these Chinese nationals in the United States, the Alleged Debtors should not be required to submit to unilateral, one-sided depositions on an expedited schedule.

## II. RELEVANT FACTUAL BACKGROUND[3]

On May 7, 2020, the Alleged Debtors filed a Motion to Dismiss this matter. (Dkt. No. 19.) In the Motion, the Alleged Debtors put forth the following arguments challenging the Petitioners'

---

[3] The Alleged Debtors also provide the following narrative as context for the immediate dispute:

The Alleged Debtors are Texas limited liability companies formed to acquire separate tracts of land and engage in horizontal development with the purpose of selling residential lots to home builders. These improvements to the acquired tract of lands are intended to include the development of streets, water utilities, sewers, sidewalks, and residential lots.

Haoqiang Fu, a/k/a Michael Fu and d/b/a Silverland Financial Ltd, allegedly established in the Marshall Islands ("Silverland"), Platinum Investment Corporation, allegedly also formed in Marshall Islands ("PIC") and PIC Consultants, LLC. formed in Texas ("PIC USA") (collectively, the "Fu Entities"), aided by Mr. Fu's wife, Jin Wang, and allegedly his colleague, Haibo Jiang, offered to acquire funding for these land development projects. Fu represents himself and the Fu Entities as the "designated agent" of the Petitioners, who are all represented to be Chinese nationals. Fu reportedly located the Petitioners, engaged them to provide funds through the Fu Entities via pooled fund agreements with the respective Alleged Debtors, organized the transfer of all funds from China to the U.S., and facilitated all transactions between the Alleged Debtors and Petitioners.

Essentially, the pooled funds were part of a single partnership among the Petitioners with Fu and/or the Fu Entities wherein he served as the "designated agent" who administered the pooled funds on their collective behalf. As such, Fu and the Petitioners are a single alleged general partnership entity, not separate entities. Fu is the real party-in-interest in this matter and is using the Petitioners as his pawns in these proceedings.

When certain Alleged Debtors sought to make payments to certain Petitioners, Fu directed the Alleged Debtors to pay him directly on behalf of Petitioners in contradiction to the terms of the Loan Papers as described in the Loan Agreements provided in the Petitions as Exhibit A. The Alleged Debtors have come to learn that numerous of the financial practices of Fu, the Fu Entities, and the Petitioners were misleading, fraudulent, may have been used for money laundering purposes, and may have violated U.S. federal, Texas state, and Chinese law. To eliminate any risk of money laundering, ensure payments to the proper persons, and to verify such persons' identities, the Alleged Debtors required that payment be made directly to the Petitioners via the originating bank from where the proceeds originated and in compliance with U.S. tax and related laws and regulations, rather than permit Fu to serve as an intermediary for the transfer of funds. The Alleged Debtors' understanding that amounts would be paid to Petitioners directly is also reflected in the "Acknowledgement of Receipt of Loan Proceeds" (Dkt. Nos. 049 - 055) on which

standing to file suit in this Court, any of which being dispositive of the action if decided in the Alleged Debtors' favor:

i. as the agent for all parties to the relevant pooled funds, Haoqiang Fu, a/k/a Michael Fu and d/b/a Silverland Financial Ltd. and Platinum Investment Corporation, is the single real party in interest to this suit and should be substituted for the Petitioners, at which time the involuntary petitions should be dismissed under 11 U.S.C. § 303(b)(1) because there would be an insufficient number of petitioners to support the filing. Accordingly, the Petitioners have not established that they have standing to bring an action in this Court;

ii. as the claims are also the subject of pending litigation in Texas state court, the involuntary petitions should be dismissed under 11 U.S.C. § 303(b)(1) because the claims are subject to bona fide disputes, contingent, and disputed, especially relating to the Loan Papers. Accordingly, the Petitioners have not established that they have standing to bring suit in this Court;

---

Petitioners almost exclusively rely to justify their claims, which is references in Footnote 2, *supra*. Therein, the Alleged Debtors state that amounts would be paid "to the original sending account," and not to any intermediary such as Fu after complying with the U.S. tax and related laws.

The dispute as to how, where and to whom certain payments be made is one of two primary underlying disputes with regard to this case. The other primary dispute is the requirement of Michael Fu to the Alleged Debtors to not withhold taxes in accordance with U.S. laws. The parties attempted to mediate these disputes – with Fu acting as the agent for the Petitioners in the mediation – but no resolution was reached.

After the mediation failed, on November 15, 2019, certain Fu Entities and a small handful of the Petitioners filed Cause No. DC-19-18361 in the 44th Judicial District Court of Dallas County (the "State Court Case") as a collection action against certain Alleged Debtors. **The underlying subject matter of the instant involuntary bankruptcy proceedings also served as the basis for the underlying claims in the State Court Case**.

The Original Petition in the State Court Case consists of salacious and specious content, and was filed in an effort by Fu to shakedown the Alleged Debtors and to cover for unrelated failed business ventures undertaken by the Fu Entities and to extract money he was not owed – in *addition* to the $3 million he was paid for the various WALL deals which are also in dispute. In the Original Petition of the State Court Case, Fu asserted entitlement to fees the Alleged Debtors did not owe, shared confidential information, spread false rumors and outright lies, and defamed the Alleged Debtors to the Petitioners and other parties in a collective and calculated effort to force the Alleged Debtors to agree to a grossly lopsided settlement payment to Fu alone.

The Alleged Debtors devoted substantial resources to litigating the State Court Case. In the State Court Case, the Alleged Debtors filed an answer, plea in abatement, motion to dismiss pursuant to Tex. R. Civ. P. 91(a), and an anti-SLAPP ("Strategic Lawsuit Against Public Participation") motion. Petitioners and Fu never responded to any of these pleadings.

When the judge in the State Court Case issued orders adverse to the interests of Fu and the Petitioners, they collectively engaged in a tactical pivot by filing the instant involuntary bankruptcy cases in bad faith to apply the pressure of additional and superfluous litigation based on the same claims as those in the State Court Case. Despite having initiated the State Court Case themselves, the Petitioners filed these duplicitous bankruptcy cases in bad faith as a strong-arm litigation tactic. Considering that the primary issue between the parties is a simple contractual dispute, the State Court forum was, and remains, a more appropriate forum to resolve all disputes between the Alleged Debtors and the Petitioners and Fu, and the parties' pooled agreements provide that the agreements shall be construed under the laws of the state of Texas. Furthermore, Fu and Petitioners are using this case to obtain, on an expedited schedule, discovery to which they would be entitled to in the State Court Case pending resolution of the dispositive motions filed there.

iii. the involuntary petitions should be dismissed under 11 U.S.C. § 303(a) because they are not in the best interest of the Alleged Debtors and their real creditors, as the action is clearly a mere collection tactic in a two-party dispute, thus it would be in the Alleged Debtors' and their real creditors' best interest to have the dispute treated and resolved as such in a state court. Imposed bankruptcy would have a dramatic negative effect on the Alleged Debtors' ongoing business operations and ability to satisfy their obligations as well as significant reduction in the valuation of the Alleged Debtors assets;

iv. the involuntary petitions should be dismissed under 11 U.S.C. § 305(a) based on abstention principles because the involuntary petitions were filed in bad faith as a strong-arm litigation tactic when Michael Fu and his colleagues became frustrated and impatient that their pending state court action had been legitimately challenged and resolution in favor of Fu was not neither likely nor expeditious;

v. the involuntary petitions should be dismissed for cause under 11 U.S.C. § 707(a) because the filing is an improper use of the bankruptcy court to create leverage in what is clearly a two-party collection dispute.

The Alleged Debtors also sought that the Petitioners be required to post a bond, as well as damages and attorneys' fees and costs due to the Petitioners' bad faith filing. The Motion to Dismiss (Dkt. No. 19) has not yet been resolved by this Honorable Court and remains pending.

On July 27, 2020, the Alleged Debtors filed a Motion to Compel Production of Documentary Evidence Permitting Verification of Electronic Signatures and Stay All Additional Discovery of Non-Dispositive Issues, or in the Alternative to Invalidate the Involuntary Petition. (Dkt. No. 101). In the Motion, the Alleged Debtors argued that the alleged "wet signatures" that counsel for Petitioners produced on July 6 and 7, 2020 (after significant delay and only after being ordered by this Court on June 15, 2020 (Dkt. No. 66) via motion on May 14, 2020 (Dkt. No. 27) to meet the required wet signatures obligation[4]) were inconsistent with signatures from other sources, including Chinese passports, the alleged Petitioner's DocuSignatures, the agreements attached to the petitions, and the involuntary petitions themselves.[5] Counsel for Petitioners, Mr.

---

[4] *See* Local Rule 11.1 (Electronic Signatures) and Fed. R. Civ. P. 5(d)(3).

[5] Had the Petitioners provided original "wet signatures" on their responses to Interrogatories, such signatures would have been another source to compare for determining the legitimacy of the alleged certifications. The Interrogatories were instead signed by counsel for the Petitioners, in contravention of Federal Rule 33(b), which states that interrogatories must be answered "by the person to whom they are directed," and that "[t]he person who makes the answers must sign them…"

Jiangang "James" Ou, filed a verification attesting to the signatures' authenticity, but has not provided any information or evidence establishing the methodology that he used to confirm the identity of the Petitioners or authenticating these signatures.[6]

Considering that the Petitioners are all Chinese nationals who do not speak or write in the English language and are seemingly using Michael Fu as a conduit to arrange the agreements and the lawsuits in the United States, the Alleged Debtors have significant concerns regarding the authenticity of the majority of the electronic and "wet" signatures of the Petitioners on documents produced and submitted to the Court, including the identity of the person who provided such signatures and, to that extent the Alleged Debtors object to the filing, submission, and use of any documents by Petitioners bearing any electronic or "wet signatures" of the petitioners including their petitions, verifications, the agreements attached to their petitions, until all such electronic and "wet signatures" have been properly authenticated under the Federal Rules of Evidence including Rules 901 and 902. A decision by the Court to invalidate the petitions based on the failure to authenticate signatures would be dispositive of the action.

In that Motion, the Alleged Debtors also sought a stay of all discovery unrelated to the resolution of the dispositive issues. The Alleged Debtors posit that on multiple fronts, the Petitioners have not met their burden of establishing standing in this proceeding, thus have not demonstrated that they are entitled to discovery from the Alleged Petitioners. The Motion to

[6] Subsequently, Ms. Amy Huber, a paralegal for a law firm representing certain Petitioners, provided a sworn declaration attesting that she sent each Petitioner an email asking the Petitioners to confirm the validity of their respective "wet signatures". (Dkt. Nos. 111 – 117). It is unclear, based upon language barriers and other issues, whether or how Ms. Huber confirmed the identity of the people she was emailing. It is also unclear why it was thought necessary to obtain these secondary confirmations *prior to* the Alleged Debtors filing their motion contesting the validity of the wet signatures. Indeed, such action indicates that perhaps counsel for Petitioners also had doubt about the validity of these signature.

Compel Wet Signatures filed on July 27, 2020 (Dkt. No. 101) has not yet been resolved by this Honorable Court and remains pending.

Notwithstanding the Alleged Debtors' position regarding the Petitioners' lack of standing, the Alleged Debtors have, in good faith, begun exchanging discovery with Petitioners relating to the resolution of the dispositive issues. It is the Alleged Debtors' position that any discovery that takes place before the dispositive motions are resolved should be limited only to discovery related to the dispositive issues raised in those motions, as the Petitioners' standing is in question; thus, the Petitioners are not yet entitled to obtain discovery. Further, any resolution that results in disposing of this case would render discovery efforts meaningless, thus limiting discovery to only dispositive issues could conserve the resources of the parties and protect the parties from unnecessary exposure of sensitive information. The Alleged Debtors have in good faith limited their discovery productions on these grounds.

Despite these limitations, the Petitioners have noted rush depositions of several current and former associates of the Alleged Debtors, which Petitioners' counsel seeks to take prior to the hearing scheduled before this Court on August 17, 2020 to resolve certain outstanding discovery issues (including the issue of whether to stay discovery). The following persons have been noticed for deposition (although not all have been properly served):

1. Timothy Barton
2. Venkat Murugan
3. Hongpeng Lin
4. Saskya Bedoya[7]

[7] Ms. Bedoya is over seven months pregnant and has lost two other pregnancies. Thus, the unnecessary stress of a deposition could result in harm to Ms. Bedoya and/or her unborn child.

Although the Alleged Debtors have consistently asserted that they can only, in good faith, respond to discovery requests related to the dispositive issues until the dispositive motions (or, at the least, the Motion to Stay) is decided, the Petitioners' counsel has indicated that he expects these depositions to include the full scope of topics related to substantive merit trial issues. The Alleged Debtors requested, through counsel and via a proposed Joint Stipulation (along with cover letter to attorney Stephen Packman, attached hereto as **Exhibit A**) to agree in advance of the depositions to the limitation of topics, but Attorney Packman swiftly and bluntly refused such consideration, while continuing to press for expedited deposition dates so as to effectively moot the issues that Alleged Debtors have brought in their Motion to Stay.

To make matters worse, Attorney Packman has also refused the Alleged Debtors' request to depose the Petitioners in the United States, and is insistent that depositions only be held via WebEx, Zoom, or a similar conferencing platform with Petitioners in China and attorneys in the United States. Because of the illegality under Chinese law and violations of the Federal Rules of Civil Procedure with conducting depositions of persons located in China, the Alleged Debtors cannot consent to such an arrangement. As such, Alleged Debtors are essentially blocked from reciprocally taking depositions of Petitioners necessary to challenge Petitioners' claims and prove any defense on the merits. Thus, to permit the Petitioners' counsel to take depositions would be unfairly prejudicial to the Alleged Debtors and also impose unnecessary burdens upon the Alleged Debtors and certain related persons.

## III. ARGUMENT

### *A. Depositions Should be Limited to the Issues Raised in the Dispositive Motions Until Those Motions Have Been Heard and Decided by This Court.*

Depositions should be limited in topic only to those issues related to the dispositive motions because, as the Alleged Debtors argue in those motions, the Petitioners have not met the threshold

requirements for bringing a claim in this Court. Consequently, the Petitioners should not be permitted use their position in this Court to gain discovery to which they would otherwise not be entitled.

Rule 26 of the Federal Rules of Civil Procedure provides this Court with broad discretion to issue necessary orders to protect the parties and to control the discovery process. Rule 26(c) provides:

> Upon motion by any party or by the person from whom discovery is sought, and for good cause shown, the court ... may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following: (1) that the disclosure or discovery not be had; (2) that the disclosure or discovery may be had only on specified terms and conditions; including a designation of the time or place ... .

A court's inherent power to control discovery in a suit pending before it has been recognized by the United States Supreme Court as well as the Fifth Circuit. *Herbert v. Lando*, 441 U.S. 153, 177, 99 S. Ct. 1635 (1979) ("[J]udges should not hesitate to exercise appropriate control over the discovery process."); *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."); see also Petrus v. Bowen, 833 F.2d 581 (5th Cir. 1987).

In determining whether to limit discovery, courts look to whether a "threshold" or "preliminary" issue is at the heart of the dispositive motion, such as when jurisdiction, venue, standing, or immunity are preliminary issues. *See White v. Spikes*, No. 3:14-cv-389-M-BN, at *4 (N.D. Tex. Mar. 4, 2015); *Tamburo v. Dworkin*, No. 04 C 3317, 2010 WL 4867346, at *1 (N.D. Ill. Nov. 17, 2010) (citing *U.S. Catholic Conference v. Abortion Rights Mobilization, Inc.*, 487 U.S. 72, 79– 80 (1988)); *Twin City Fire Ins. Co. v. Emp'rs Ins. of Wausau*, 124 F.R.D. 652, 653 (D. Nev. 1989). Where these threshold issues are part of the motion to dismiss, courts apply more

scrutiny and give greater weight to the concern that discovery burdens would ultimately prove unnecessary. *Ellis v. Fortune Seas, Ltd.*, 175 F.R.D. 308, 312 (S.D. Ind. 1997) (holding that a threshold showing of jurisdiction is consistent with the district court's obligation to control discovery).

Also, because these threshold issues are seen as prerequisites to reaching the merits, courts are more likely to stay or limit discovery because discovery is primarily geared toward the merits of the case. To the extent that threshold issues require discovery before they can be decided, courts can and do limit discovery to only those threshold issues in order to carefully manage the process and decide the threshold matters without expending resources on merits discovery until it will clearly be relevant. *See, e.g.*, *Spikes*, No. 3:14-cv-389-M-BN, at *4 (citing *Enplanar, Inc. v. Marsh*, 25 F.3d 1043, 1994 WL 261088, at *2 (5th Cir. June 2, 1994)); *Walk Haydel & Assocs., Inc. v. Coastal Power Prod. Co.*, 517 F.3d 235, 241–42 (5th Cir. 2008) (holding that the court has discretion in type and amount of discovery permitted).

Although a pending dispositive motion does not automatically limit discovery, courts have found such limitations appropriate to protect litigants from costly discovery which may ultimately prove unnecessary. *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988) (affirming discovery stay because it would "further the goal of efficiency for the courts and the litigants"). Thus, if the Alleged Debtors' motion is granted on any of the dispositive issues, discovery on some or all of the claims can be avoided, conserving limited judicial resources and saving the parties time and money. *See, e.g. Chudasama v. Mazda Motor Corp.*, 123 F.3d at 1368 ("If the district court dismisses a non-meritorious claim before discovery has begun, unnecessary costs to the litigants and to the court system can be avoided."); cf. *Followell v. Mills*, No. 05-2423, 2006 WL 889395, at *5 (W.D. Tenn. Mar. 31, 2006) ("If the motion is granted, the issue of discovery is moot. If the

motion is denied, the protective order will be dissolved."); *In re Harrah's Entertainment, Inc. Sec. Litig*, No. 95-3925, 1997 WL 40640, at *2 (E.D. La. Feb. 3, 1997) (Clement, J.) (issuing protective order because "should [defendants] prevail on their motions to dismiss, no discovery would be necessary and any production of documents would have been a useless and wasteful effort. Rule 26 authorizes the Court to avoid such needless expense.") (citing *Petrus*, 833 F.2d at 583).

Here, the Petitioners have not yet established through valid, authenticated electronic and wet signatures that their petitions are validly brought in this court. Accordingly, and particularly considering that petitioners in involuntary bankruptcy proceedings have a higher burden of proof, the Petitioners have not established that they have a right to discovery to include the full scope of topics related to substantive merit trial issues. Moreover, because this and other dispositive motions are currently pending before this Court, discovery limits should be imposed until the resolution of such threshold matters.

At the very least, deposition topics should be limited until the Court has ruled on the Alleged Debtor's Motion to Stay Discovery. To do otherwise would defeat the purpose of that Motion, which is validly based on sound law. The Alleged Debtors should at least have the opportunity for that Motion to be heard and decided upon before being required to provide further discovery unrelated to the dispositive motions.

***B. The Petitioners Should Not Be Given the Opportunity to Depose Representatives of the Alleged Debtors Until and Unless the Petitioners Can Establish That the Alleged Debtors Will Receive, quid pro quo, the Opportunity to Depose Petitioners and Related Entities in the United States.***

Counsel for the Petitioners has insisted that the Petitioners and other Chinese nationals with relevant information will not travel from China to the United States to sit for depositions, and will instead only consent to depositions from China via a digital video platform. However, the Alleged Debtors cannot take depositions in China because doing so is illegal under Chinese law. Persons

located in China are legally prohibited by Chinese law from providing a deposition on Chinese soil whether in person or by video, and violators -- including the attorneys and all participants -- are subject to civil and criminal penalties, a fact to which counsel for Alleged Debtors previously alerted this Court and counsel for Petitioners via a court-filed memorandum of law. (Dkt. No 045). Conducting in-person or video depositions in China would also violate Fed. R. Civ. P. 28, which governs depositions conducted in foreign countries. Furthermore, plaintiffs are generally required to appear for the taking of depositions in the jurisdiction in which the suit is brought. The Petitioners have availed themselves of this jurisdiction by filing suit here, thus cannot now claim inconvenience in order to avoid their obligations to this lawsuit. Accordingly, the Alleged Debtors should not be made to sit for depositions until there are adequate assurances that the Petitioners will do the same in the U.S.

i. *Illegality Under Chinese Law*

When deciding the location of where a deposition of a party can be conducted, principals of international comity must be considered. See generally *Société Nationale Industrielle Aérospatiale v. U.S. Dist. Court for S. Dist. of Iowa,* 482 U.S. 522, 543–44 (1987). China, like many foreign countries, has strict laws against conducting depositions and other discovery within their borders which is avoided when conducting the deposition in the United States. "If a federal court compels discovery on foreign soil, foreign judicial sovereignty may be infringed, but when depositions of foreign nationals are taken on American or neutral soil, courts have concluded that comity concerns are not implicated." *In re Honda American Motor Co., Inc. Dealership Relations Litigation*, 168 F.R.D. 535, 538 (D. Md. 1996). See also *In re Anschuetz Co., GmbH*, 754 F.2d 602, 608 n. 13 (5th Cir. 1985) ("where the district court's order is an order that [depositions] will be compelled only in the United States, there can be no invasion of German sovereignty.")

The U.S. Department of State – Bureau of Consular Affairs states:

> China does **not** permit attorneys to take depositions in China for use in foreign courts. Under its Declarations and Reservations to the Hague Evidence Convention and subsequent diplomatic communications, China has indicated that taking depositions, whether voluntary or compelled, and obtaining other evidence in China for use in foreign courts may, as a general matter, only be accomplished through requests to its Central Authority under the Hague Evidence Convention. Consular depositions would require permission from the Central Authority on a case by case basis and the Department of State will not authorize the involvement of consular personnel in a deposition without that permission. Participation in such activity could result in the arrest, detention or deportation of the American attorneys and other participants.

With respect to the statement above, "in practice [the Chinese government] so severely restrict them that, for all practical purposes, . . . [they] are simply not going to happen." (*Restrictions on Taking Deposition Testimony of in China for Use in Foreign Courts*, THE CHINA DOCKET REPORT, November 2, 2018, quoting Craig Allely, Successful Depositions in International Litigation, 37 No. 4 Litigation 12, 13 (2011).) "Although the People's Republic of China is a signatory to the Hague Evidence Convention, covering discovery for international litigation, China has explicitly rejected Chapter II (except Art. 15), meaning that the taking of willing depositions is generally not permitted within the country."[8] *Id*.

Furthermore, under Chinese law "[t]he embassy and consulate of a foreign country are permitted to serve process, conduct investigations, and to obtain evidence from its own nationals, but shall not violate the law of People's Republic of China or a compulsory measure. … [N]o foreign authority or individual is allowed to serve process, conduct investigation, or obtain evidence within the borders of People's Republic of China without permission from the authority of the People's Republic of China." *Ji v. Jling Inc.*, 15-CV-4194 (SIL), 10 (E.D.N.Y. Mar. 31, 2019) quoting article 277 of the Chinese Civil Law.

---

[8] See also Consular Affairs, U.S. Dept. of State, Taking Voluntary Depositions of Willing Witnesses, 7 Foreign Affair Manual 920 (2013), available at https://fam.state.gov/fam/07fam/ 07fam0920.html

Likewise, conducting video depositions of the Petitioners would be prohibited because the Petitioners would be located in China, and thus the depositions would be deemed as occurring in China in violation of Chinese law. Although Rule 30(d)(4) of the Federal Rules of Civil Procedure permits parties to take a deposition "by telephone or other remote means," the result is that the deposition is officially taking place "where the deponent answers the questions." Additionally, at least one court has stated, "testifying via video link while located in mainland China, [Plaintiff] violated Chinese law" and as a result, struck such testimony from the record. *Ji v. Jling Inc.,* 15-CV-4194 (SIL), 22 (E.D.N.Y. Mar. 31, 2019).

Video depositions are also impermissible because all depositions require the swearing of an oath, which would also violate Chinese law. "China regards the administering of oaths by foreign attorneys and consular officials as a violation of China's judicial sovereignty" and, consequently, "[w]hen foreign attorneys or consular officials administer an unauthorized oath in China, the penalties may include arrest, detention, expulsion, or deportation of all participants in the oath." *Id.*

Given that the Alleged Debtors would be considered a participant in multiple depositions for the purposes of Chinese law, such criminal acts would effectively bar Alleged Debtors and its representatives from entering or doing business in China in the future without risking arrest or other criminal penalties notwithstanding the risk imposed upon the Petitioners.

Although in the past, in-person and video depositions of Chinese nationalists have been conducted from Hong Kong for use in the United States, that is not a viable alternative at this time or in this case. Hong Kong is newly under the authority of the Chinese government, which continues to assert stricter controls over the former British colony, including China's recent unilateral and arbitrary imposition of national security legislation on Hong Kong in May of 2020

which has resulted in a U.S. Executive Order declaring Hong Kong as no longer being autonomous from China.[9] Nonetheless, Petitioners would still have to obtain a special Exit-Entry Permit for travelling to and from Hong Kong and a valid visa requiring Petitioners to provide proof justifying the specified purpose of their travel to Hong Kong (i.e. giving depositions/witness statements in Hong Kong in support of a case pending overseas which is likely not to be permitted in light of the China's view on such depositions as previously described) and submit their application to the appropriate local Public Securities Bureau Office in person for approval, which usually takes at least 15 working days.[10] Even then there is no assurance such permission would be granted given China's stance on overseas depositions and legal matters. To that end, traveling to the United States for a deposition eliminates such problems, as well as any comity concerns.

ii. *The Petitioners Have Availed Themselves of this Jurisdiction*

Because the Petitioners chose to file the involuntary bankruptcy petitions in the Northern District of Texas and are not merely witnesses, the depositions of Petitioners should be conducted in Dallas, Texas. The general presumption is that the plaintiff, in this case the Petitioners, is required to be deposed in the forum in which they choose to file suit, unless there was no choice of jurisdiction or there is other good cause to depart from the general rule. *See Aerocrine AB v. Apieron Inc.*, 267 F.R.D. 105, 108 (D. Del. 2010); *see also Bayer AG v. Sony Elecs. Inc.*, No. 95-8-JJF, slip op. at 5 (D.Del. Sept. 30, 1998) (D.I. 95 Attachment 1).[11]

To conduct depositions outside of the United States, each Petitioner has the burden to show good cause such as financial hardship or inability to attend the deposition. *Su* at 3 ("Because

---

9 *The President's Executive Order on Hong Kong Normalization*. July 14, 2020. See https://www.whitehouse.gov/presidential-actions/presidents-executive-order-hong-kong-normalization/

10 https://media.lockelord.com/files/upload/2009-LSCA-TakingDepositions.pdf

11 "The general rule with respect to the location of depositions is that the plaintiff must produce its witnesses in the district in which the plaintiff instituted the action, 'unless the plaintiff has shown financial hardship or inability to attend the deposition in that district.'"

Plaintiffs chose to file suit in this district … they bear the burden of showing the existence of good cause to excuse their presumptive obligation to be deposed in New York."). As previously described, Petitioners have not and would not be able meet this burden which is likely limited to cost and time, when compared to the burdens to the Alleged Debtors and other issues identified with conducting in-person depositions in China or even Hong Kong.

Further, in any case the plaintiff is generally the one that "should bear any reasonable burdens of inconvenience that the action presents." *Id.* at 4. Even when defendants are to be deposed, which are generally conducted where defendants are located, if the law of the foreign state prohibits U.S.-style depositions or otherwise makes them impractical and other considerations of cost, burden, litigation efficiency, or the defendant's contacts with the United States weigh in favor of a deposition here, a court may order the deposition to take place in the United States. *Fausto v. Credigy Servs. Corp.*, 251 F.R.D. 427 (N.D. Cal. 2008) (ordering depositions in the United States because Brazilian law prohibited U.S. lawyers from taking depositions there).

iii. *Depositions in China would not Comply with Fed. R. Civ. P. 28*

Depositions conducted overseas must comport with Fed. R. Civ. P. 28, which is not possible when conducting in-person or video depositions from China or even Hong Kong. A deposition may only be taken in a foreign country "(A) under an applicable treaty or convention; (B) under a letter of request, whether or not captioned a "letter rogatory"; (C) on notice, before a person authorized to administer oaths either by federal law or by the law in the place of examination; or (D) before a person commissioned by the court to administer any necessary oath and take testimony." Fed. R. Civ. P. 28. Given the legal prohibition on conducting depositions in China and administering oaths by foreign officials and attorneys, none of the four prongs under Rule 28 can be satisfied. *See Su v. Sotheby's, Inc.*, 17-CV-4577 (VEC), 6 (S.D.N.Y. Aug. 28, 2019)

("Plaintiffs' proposal consists almost entirely of a claim that WeChat and Zoom are reliable technologies, without any regard for how Rule 28(b) requirements would be satisfied in a way that does not run afoul of Chinese law. ").[12]

Furthermore, certain logistical factors must also be considered before permitting a deposition to be conducted overseas under Rule 28, including requiring the deponent to "(1) provide documentation that the foreign nation's government permits such depositions to proceed on its own soil or does not expressly foreclose their conduct; (2) identify and secure one or more officials who are authorized to administer an oath at the prospective location; (3) set forth dates, times, and locations of any foreign deposition promptly; (4) arrange high-resolution cameras/videos offering a full view of both the deponent and his or her immediate surroundings if the deposition is to be taken via live video; and/or (5) identify any and all interpreters, stenographers, and, if necessary, videographers to be involved." [13] When considering the "logistical factors" to compel a deposition in China or even Hong Kong, the Petitioners would not be able to show such depositions are permitted and would not be able to secure any officials to administer the oath, not to mention the additional burdens created.

---

[12] This case goes on to state, "[a]ccording to the United States Department of State, "China does not permit attorneys to take depositions in China for use in foreign courts"; such depositions, "as a general matter, [may] only be accomplished through requests to its Central Authority under the Hague Evidence Convention"; "[c]onsular depositions would require permission from the Central Authority on a case by case basis"; and "[p]articipation in [unapproved deposition] activity could result in the arrest, detention or deportation of the American attorneys and other participants." Thus, as the record stands today, there is a non-negligible risk that swearing an oath and answering deposition questions, even those posed remotely, could violate Chinese law—an issue that Plaintiffs have failed to address in proposing their alternative. At minimum, the Court would have to require further briefing on whether Plaintiffs' video deposition could subject the parties and their attorneys to sanctions under Chinese law. And, if so, the parties would have to obtain approval from China's Central Authority, consistent with the Hague Evidence Convention, before proceeding with a Shanghai-based deposition. All of the foregoing would cause delay and prejudice."

[13] Amir Shachmurove, A Quixotic Quest Over Befogged Terrain? How to Choose and Contest a Deposition's Location Under Federal Procedural Law, 87 U. Cin. L. Rev. 945 (2019) citing United States v. Cordoba, No. 12-20157-CR-ROSENBAUM, 2013 U.S. Dist. LEXIS 46804, at *11–12, 2013 WL 1325302, at *4 (S.D. Fla. Apr. 1, 2013) (listing these conditions).

iv. *Requiring Depositions in China is Unfair, Prejudicial, and Inequitable to the Alleged Debtors*

Permitting the Petitioners to conduct in person depositions of the representatives of the Alleged Debtors under the liberal rules of the United States, while forcing the Alleged Debtors to conduct in person or video depositions under the constraints imposed by China and/or Hong Kong would be patently unfair, prejudicial, and inequitable. *See In re Honda American Motor Co., Inc. Dealership Relations Litigation, 168 F.R.D. 535, 539 (D. Md. 1996); see also First National Bank v. Reinhart Vertrieb's AG*, 116 F.R.D. 8 (1986). Conducting such depositions would add cost and additional burdens to the Alleged Debtors in performing discovery in this case. Conducting an in-person deposition in the United States would better ensure the accuracy of the deposition and interpretation when compared to video from halfway around the world. See *Memory Film Prods. v. Makara,* No. 05-CV-3735, 2007 WL 1385740, at *3 (E.D.N.Y. May 9, 2007) ("The court finds that an in-person deposition is also preferable in terms of ensuring the accuracy of the depositions and interpretations, and avoiding the prejudice and expenses [that Defendant] would face were she required to conduct the depositions . . . by telephone, across continents and time zones.")

Here, the Alleged Debtors have already experienced significant problems when conducting video depositions of Michael Fu and Haibo Jiang between Dallas and Houston which would only be exacerbated if trying to conduct depositions between two countries across the globe, especially with the language barriers that exist. For instance, the audio of Jiang's deposition was interrupted countless times for several minutes each time. Suspiciously, and as indicated in the deposition transcripts, these audio cut-outs occurred often, but only after Joyce Lindauer, counsel for the Alleged Debtors, had asked Mr. Jiang a question but before he responded to the same. Accordingly, the Alleged Debtors suspect that Mr. Jiang was possibly being coached by someone off-camera. Furthermore, Alleged Debtors experienced numerous difficulties in presenting evidentiary

materials to Fu over the video feed.[14] Many hours were lost which would have been prevented if the depositions had been conducted in person.[15]

Moreover, the United States has a clear interest in maintaining the integrity of its judicial system and the power of its jurisdiction over persons doing business in the United States. *Id*. An open discovery process helps maintain this integrity by ensuring that facts necessary for a proper and just adjudication are disclosed. Id. Maintaining such integrity is best accomplished when conducting depositions within the United States. Furthermore, conducting depositions outside of the jurisdiction of the United States removes the fear of incurring any penalties resulting from perjured deposition testimony. Petitioners would have little incentive to provide truthful testimony that may be adverse to their interests, which would hinder Alleged Debtors' efforts to conduct discovery and which would erode the integrity of the judicial process.

For all of the foregoing reasons, all depositions of the Petitioners need to occur in the United States and specifically Dallas, Texas. Unless and until the Petitioners agree to sit for depositions in this jurisdiction, the deposition notices issued upon representatives of the Alleged Debtors should be quashed.

WHEREFORE PREMISES CONSIDERED, Alleged Debtors respectfully request that this honorable Court enter an order:

a) granting this Motion to Quash;

---

[14] Curiously, Mr. Fu also claimed that he required a Chinese interpreter, despite having a degree in English. The use of the interpreter, by its very nature, doubled the amount of time it took to ask questions and obtain information.

[15] Moreover, had the Alleged Debtors not acted swiftly to obtain an order from this Court requiring Mssrs. Fu and Jiang to appear for depositions (Dkt. No. 48), these gentlemen would have in all likelihood left the country and returned to China, thereby evading the Alleged Debtor's subpoenas. Indeed, both men are currently in China. Such actions demonstrate the Petitioners' desire to use their residency in China as a shield when it is convenient, while still taking advantage of litigation opportunities in the U.S. when such opportunities suit them.

b) quashing and preventing all depositions by Petitioners' counsel until the resolution of dispositive issues, pending a contrasting ruling on the Motion to Stay Discovery;

c) preventing any further discovery on non-dispositive issues until the resolution of dispositive issues, pending a contrasting ruling on the Motion to Stay Discovery; and

d) quashing and prohibiting any depositions of the Petitioners from occurring in China (including Hong Kong) whether in person or by video, and ordering that all depositions must be conducted in the United States and specifically Dallas, Texas.

Dated: August 11, 2020

Respectfully submitted,

**Joyce W. Lindauer Attorney, PLLC**
1412 Main St., Suite 500
Dallas, Texas 75202
Telephone: (972) 503-4033
Facsimile: (972) 503-4034

/s/ Joyce W. Lindauer
Joyce W. Lindauer
State Bar No. 21555700
joyce@joycelindauer.com
Guy H. Holman
State Bar No. 24095171
guy@joycelindauer.com

*Attorneys for Alleged Debtors*

/s/ Steven C. Metzger
Steve C. Metzger
State Bar No. 13982500
3626 N. Hall Street, Suite 800
Dallas, Texas 75219
Telephone: (214) 740-5030
Facsimile: (214) 224-7555
smetzger@pmklaw.com

*Attorneys for Timothy Barton, Venkat Murugan, and Hongpeng Lin, in their Individual Capacities*

**CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the foregoing document was served upon all counsel of record on this the 11th day of August 2020, via email pursuant to the Court's ECF system in accordance with the Federal Rules of Civil Procedure and Federal Rules of Bankruptcy Procedure.

*/s/ Joyce W. Lindauer*
Joyce W. Lindauer

# EXHIBIT "A"

**From:** Joyce Lindauer
**Sent:** Wednesday, August 5, 2020 6:33 PM
**To:** Packman, Stephen <spackman@archerlaw.com>; Garcia, Jorge <jgarcia@archerlaw.com>
**Cc:** Steven Metzger <smetzger@pmklaw.com>; K Walji <k.walji@waljilaw.com>; Tim Barton <tbarton@jmjdevelopment.com>; vance@mcmurrylegal.com
**Subject:** Wall 007 and related Cases

Mr. Packman,

As you are aware, it is our position that any discovery that takes place prior to the resolution of our dispositive Motion to Dismiss and Motion re: Wet Signatures should be limited only to issues contained within those Motions dealing with standing and whether your clients hold claims that meet the criteria for the filing of involuntary petitions, as resolution in our favor of any of a number of issues raised in those Motions could result in invalidating the petitions / dismissal of the case.

We understand that you may not share our views, but are hopeful that a mutual agreement can be made so that all parties can make a good faith effort in continuing to exchanging meaningful discovery during the pendency of the dispositive Motions. To that end, we now send to you a draft proposed Joint Stipulation Regarding Discovery. As you will see, the Joint Stipulation does not require you to agree with our reasoning for the discovery limitations, and permits you to provide your own narrative as well (which we will not disturb) – the only agreement is for the Conclusion Paragraph, i.e. to limit the discovery prior to the ruling of the Court on the dispositive Motions . We believe that this is a fair way for all sides to be heard and for limited discovery to continue in good faith.

If you are amenable to joining this Stipulation, we request that you give us notice of such in the next 24 hours, and provide your draft position statement in the next 48 hours for filing. We appreciate your consideration.

**PLEASE NOTE OUR NEW ADDRESS IN DOWNTOWN DALLAS**

JOYCE LINDAUER
Attorney at Law
And Mediator

*Joyce Lindauer*
Joyce W. Lindauer Attorney, PLLC
1412 Main Street
Suite 500
Dallas, TX 75202
PH 972-503-4033
FAX 972-503-4034
CEL 214-957-8039

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| **In re:**<br><br>**WALL007 LLC, et al**<br><br>**Alleged Debtors.** | **Case No. 20-31131**<br>**Chapter 7** |

**JOINT STIPULATION REGARDING LIMITING DISCOVERY PENDING RESOLUTION OF DISPOSITIVE MOTIONS**

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

NOW HERE COME Alleged Debtors Wall007 LLC *et al*. and Petitioners Jun Li *et al*. and file this Joint Stipulation Regarding Discovery pursuant to Federal Rule of Bankruptcy Procedure 7029(b) and Federal Rule of Civil Procedure 29(b), and hereby state as follows:

A. POSITION AS TO ALLEGED DEBTORS

On May 7, 2020, the Alleged Debtors filed a Motion to Dismiss the above-captioned matter. (Dkt. No. 19.) In the Motion, the Alleged Debtors put forth the following arguments, any of which being dispositive of the action if decided in the Alleged Debtors' favor:

i. as the agent for all parties to the relevant pooled agreements, Haoqiang Fu, a/k/a Michael Fu and d/b/a Silverland Financial Ltd. and Platinum Investment Corporation, is the single real party in interest to this suit and should be substituted for the Petitioners, at which time the involuntary petitions should be dismissed under 11 U.S.C. § 303(b)(1) because there would be an insufficient number of petitioners to support the filing. Accordingly, the Petitioners have not established that they have standing to bring an action in this Court;

ii. as the claims are also the subject of pending litigation in Texas state court brought by Michael Fu's alter ego companies Silverland Financial Ltd. and Platinum Investment Corporation against the WALL entities and others (*Silverland Financial Ltd. et al. v. WALL007 et al.*, Cause No. DC-19-18361 in the 44th Judicial District Court of Dallas County, Texas), the involuntary petitions should be dismissed under 11 U.S.C. § 303(b)(1) because the claims are subject to bona fide disputes, contingent, and disputed. Accordingly, the Petitioners have not established that they have standing to bring suit in this Court;

iii. the involuntary petitions should be dismissed under 11 U.S.C. § 303(a) because they are not in the best interest of the Alleged Debtors and their real creditors, as the action is clearly a mere collection tactic in a two-party dispute, thus it would be in the Alleged Debtors' and their real creditors' best interest to have the dispute treated and resolved as such in a state court. Imposed bankruptcy would have a dramatic negative effect on the Alleged Debtors' ongoing business operations and ability to satisfy their obligations as well as significant reduction in the valuation of the companies;

iv. the involuntary petitions should be dismissed under 11 U.S.C. § 305(a) based on abstention principles because the involuntary petitions were filed in bad faith as a strong-arm litigation tactic when Michael Fu and his colleagues became frustrated and impatient that their pending state court action had been legitimately challenged and resolution was not expiditious;

v. the involuntary petitions should be dismissed for cause under 11 U.S.C. § 707(a) because the filing is an improper use of the bankruptcy court to create leverage in what is clearly a two-party collection dispute.

The Alleged Debtors also sought that the Petitioners be required to post a bond, as well as damages and attorneys' fees and costs due to the Petitioners' bad faith filing. The Motion to Dismiss (Dkt. No. 19) has not yet been resolved by this Honorable Court and remains pending.

On July 27, 2020, the Alleged Debtors filed a Motion to Compel Production of Documentary Evidence Permitting Verification of Electronic Signatures and Stay All Additional Discovery of Non-Dispositive Issues, or in the Alternative to Invalidate the Involuntary Petition. (Dkt. No. 101). In the Motion, the Alleged Debtors argued that the alleged "wet signatures" that counsel for Petitioners produced on July 6 and 7, 2020 (after significant delay and only after being ordered by this Court on June 15, 2020 (Dkt. No. 66) via motion on May 14, 2020 (Dkt. No. 27) to meet the required wet signatures obligation) were inconsistent with signatures from other sources, including loan agreements, Chinese passports, and the involuntary petitions themselves. Counsel for Petitioners, Mr. Jiangang "James" Ou, filed a verification attesting to the signatures' authenticity, but has not provided any information or evidence establishing the methodology that he used to confirm the identity of the Petitioners or the authenticity of these signatures. Considering

that the Petitioners are all Chinese nationals, who do not speak or write in the English language, and seemingly using Michael Fu as a conduit to arrange the loan agreements and the lawsuits in the United States, the Alleged Debtors have significant concerns regarding the authenticity of certain of these alleged "wet signatures." A decision by the Court to invalidate their petitions based on the failure to provide authentic "wet signatures" would be dispositive of the action.

In that Motion, the Alleged Debtors also sought a stay of all discovery unrelated to the resolution of the dispositive issues. The Alleged Debtors posit that on multiple fronts, the Petitioners have not met their burden of establishing standing in this Court, thus have not demonstrated that they are entitled to discovery from the Alleged Petitioners. The Motion to Compel Wet Signatures filed on July 27, 2020 (Dkt. No. 101) has not yet been resolved by this Honorable Court and remains pending.

Notwithstanding the Alleged Debtors' position, the Alleged Debtors have, in good faith, begun exchanging discovery with Petitioners as relating to the resolution of the dispositive issues. The Petitioners have noted rush depositions of several representatives of the Alleged Debtors, which they are seeking to take in the next two weeks. It is the Alleged Debtors' position, however, that any discovery that take place before the dispositive motions are resolved should be limited only to discovery related to the dispositive issues raised in those motions, as the Petitioners' standing in this Court is in question thus the Petitioners are not yet entitled to obtain discovery. Further, resolution that results in disposing of this case would render discovery efforts meaningless, thus limiting discovery to only dispositive issues could conserve the resources of the parties and protect the parties from unnecessary exposure of sensitive information. The Alleged Debtors have in good faith limited their discovery productions on these grounds. As the parties are scheduled to come before this Court on August 17, 2020 to resolve certain outstanding discovery

issues (including the issue of whether to stay discovery), the Alleged Debtors intend to do so at least until that date, including in the depositions that the Petitioners have noted for prior to the August 17th hearing.

B. POSITION AS TO PETITIONERS

[TO BE INSERTED BY COUNSEL FOR PETITIONERS]

C. CONCLUSION AND TERMS OF STIPULATION

By this Stipulation, the Parties hereby agree to limit all further discovery, including written discovery, production of documents, and depositions, to only such discovery that is relevant to the dispositive issues contained within the Motions pending resolution by this Court. The terms of this Joint Stipulation shall remain in place until such time that all dispositive issues have been resolved and this honorable Court has determined that the Petitioners have standing and are entitled to discovery on the merits in preparation for trial, or by other order of this honorable Court.

IT IS SO STIPULATED.

Dated: August XX, 2020

**Archer & Greiner, P.C.**
1717 Arch St., Suite 3500
Philadelphia, PA 19103
Telephone: (215) 246-3147 x5147

____________________________
Stephen M. Packman
spackman@archerlaw.com

**Nguyen & Chen LLP**
11200 Westheimer Rd., Suite 120
Houston, TX 77042
Telephone: (832) 767-0669

Jiangjang "James" Ou
jou@nguyen-chen.com

*Attorneys for Petitioners*

Respectfully submitted,

**Joyce W. Lindauer Attorney, PLLC**
1412 Main St., Suite 500
Dallas, Texas 75202
Telephone: (972) 503-4033

____________________________
Joyce W. Lindauer
State Bar No. 21555700
joyce@joycelindauer.com

Guy H. Holman
State Bar No. 24095171
guy@joycelindauer.com

Paul B. Geilich
State Bar No. 07792500
paul@joycelindauer.com

*Attorneys for Alleged Debtors*

**CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the foregoing document was served upon all counsel of record on this XX day of August, 2020, in accordance with the Federal Rules of Bankruptcy Procedure and Federal Rules of Civil Procedure.

______________________________
Joyce W. Lindauer

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| **In re:**<br><br>**WALL007, et al**<br><br>**Alleged Debtors.** | <br><br>**Case No. 20-31131**<br>**Chapter 7** |

**ORDER GRANTING MOTION TO QUASH PETITIONERS' DEPOSITION NOTICES**

CAME ON FOR CONSIDERATION the *Motion to Quash Petitioners' Deposition Notices* (the "Motion"), filed by Alleged Debtors Wall007, *et al.*,[1] and Timothy Barton, Venkat Murugan, and Hongpeng Lin, in their individual capacities, and the Court having considered the pleadings

[1] The Alleged Debtors are: WALL007 LLC, WALL009 LLC, WALL010 LLC, WALL011 LLC, WALL012 LLC, WALL016 LLC, and WALL017 LLC.

and argument of counsel, and for the reasons stated on the record, finds good cause to grant same. It is, therefore

**ORDERED, ADJUDGED AND DECREED** that the Motion is **GRANTED**; it is further

**ORDERED** that all depositions noticed by the Petitioners are quashed until the resolution of dispositive issues; it is further

**ORDERED** that there will be no further discovery on non-dispositive issues until the resolution of dispositive issues; and it is further

**ORDERED** that all depositions must be conducted in the United States and specifically Dallas, Texas.

# # # END OF ORDER # # #