Case 20-31131-hdh7 Doc 140 Filed 08/13/20 Entered 08/13/20 12:50:54 Page 1 of 11

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| In re:<br><br>WALL007 LLC, *et al.*,[1]<br><br>Alleged Debtors. | Chapter 7<br><br>Case No. 20-31131 (HDH)<br>(Jointly Administered) |

**PETITIONING CREDITORS' OPPOSITION TO THE ALLEGED DEBTORS', TIMOTHY BARTON'S, VENKAT MURUGAN'S, AND HONGPENG LIN'S MOTION TO QUASH PETITIONERS' DEPOSITION NOTICES**

Jun Li, Yunding Kang, Cunxiang Ji, Jin Wang, Peng Guo, Lin Zhou, Qu Chen, Kai Tian, Yijing Wu, Xuegeng Gong, Jin Wang, Weijia Kong, Heng Zhang, Hong Guo, Pei Guan, Yue Xu, Mai Ye, Chenchen Jiang, Qiuying Li, Ruinian Wu, Lin Zhou, Liying Yang, Yan Zhang, Wenjun Wang, Ying Zhou, Lin Li, Li Jiang, Rufeng Ding, Cunxiang Ji, Lin Gao, Qiao Qin, Yue Zhang, Xiaodong Hao, Tianqing Song, Li Jiang, Weisi Wang, Xiaoquan Dai, Feng Yan, Heng Zhang, Ou Jiang, Jinzhe Wu, Yadan Liu, Wanwan Li, Wenjuan Yin, Jiancheng Chen, Yi Tang, Ying Zhang, Pengfei Dong, Kangying Mao, Yijing Wu, Li Jiang, Qin Chu, Yulan Chen, Sicheng Zhan, Pei Guan, Jingqiu Tang, Di Tang, Jun Zeng, Kui Wang, Yue Zhang, Jun Wang, Xiaomin Fan, Di Tang, Jialin Hu, Qin Chu, Jiaxiang Lu, Fuqing Chen, Hanjiang Fu, Aiguo Luo, Fang Ding, Xiangdong Zhu, Wai Ying, Yuan Yuan, Chao Xu, Guoqin Zhou, Yijing Wu (collectively, the "Petitioning Creditors" or "Petitioners"), by and through their counsel, hereby submit this opposition (the "Opposition") to the Alleged Debtors', Timothy Barton's, Venkat Murugan's, and Hongpeng Lin's (collectively, the "Movants") Motion to Quash Petitioners' Deposition

---

[1] The Alleged Debtors in these cases are: WALL007 LLC, WALL009 LLC, WALL010 LLC, WALL011 LLC, WALL012 LLC, WALL016 LLC, and WALL017 LLC. The Alleged Debtors' federal tax identification numbers are unknown to the Petitioning Creditors sat this time.

**EXHIBIT "8"**

Notices (the “Motion to Quash”). In support of the Opposition, the Petitioning Creditors respectfully represent as follows:

## **FACTS AND ARGUMENT[2]**

1. As the Court is aware, the history of this discovery saga between the parties dates back almost to the beginning of this case (“Case”).

2. The Alleged Debtors filed two motions to dismiss at the outset of this Case and have not answered the Petitions. One of the motions (the “Second Motion to Dismiss”) was determined by this Court in favor of the Petitioning Creditors and denied by Order dated June 23, 2020 [Dkt. No. 81].

3. The “First Motion to Dismiss” of the Alleged Debtors remains pending for determination by this Court as do the Petitions.

4. The Petitioning Creditors’ incorporate herein the lengthy factual and procedural history of this Case to date as set forth in their *Amended Motion to Compel* [Dkt. No. 129].

5. On August 11, 2020, the Alleged Debtors and the deponents, Timothy Barton, Saskya Bedoya, Venkat Murugan, and Hongpeng Lin (“Deponents”) filed a Motion to Quash [Dkt. No. 133].

6. The Motion to Quash appears to be in direct retaliation for the recent filing of the Petitioning Creditors amended motion to compel (“Amended Motion to Compel”) by Petitioning Creditors on August 10, 2020 [Dkt No. 129].

7. The Petitioning Creditors require the depositions of the Deponents who are representatives of the Alleged Debtors and a former employee (Lin) as part of their proofs on the Petitions.

---

2 Capitalized terms not defined in this section are defined in a later section of the Opposition or in the Amended Motion to Compel.

8. The Alleged Debtors have not set forth any meritorious basis for their Motion to Quash the subpoenas on Timothy Barton and Bedoya.

9. The Deponents, Murugan and Lin, are third-party witnesses. The Alleged Debtors have no basis to seek to quash a subpoena served on a third-party as hereinafter set forth.

10. Further, their individual counsel, Mr. Metzger, has not set forth any basis under the law to Quash the subpoenas at issue (the "Subpoenas").

***I. The Motion to Quash fails to Meet the Legal Standard.***

11. Pursuant to F.R.C.P. 45(d)(3)(A) ("Rule 45"):

> "[o]n timely motion, the court for the district where compliance is required must quash or modify a subpoena that (i) fails to allow a reasonable time to comply; (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c); (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden. The moving party has the burden of proof. See Wiwa v. Royal Dutch Petroleum Co., 392 F.3d 812, 818 (5th Cir. 2004); Williams v City of Dallas, 178 F.R.D. 103, 109 (N.D. Tex. 1998). "Generally, modification of a subpoena is preferable to quashing it outright." Wiwa, 392 F.3d at 818.

12. First, Petitioning Creditors have been amenable to giving the Deponents and their counsel reasonable time to comply with the subpoenas.

13. As set for the in the Amended Motion to Compel, counsel for Petitioning Creditors first asked for the deposition of Mr. Barton on July 27, 2020. See Amended Motion to Compel, ¶ 2.

14. Alleged Debtors counsel have been repeatedly told that the deposition dates are flexible but they refuse to abide by the Subpoenas in any event. See, Exhibit "A" to Amended Motion to Compel.

15. As to the second factor, the subject witnesses are all local to the Case, residing in and around the Dallas metro area. See, Subpoenas annexed to Amended Motion to Compel as Exhibit "B."

16. Third, the Subpoenas do not ask for the disclosure of any privileged or protected matter.

17. The Subpoenas request that the Deponents appear and testify under oath regarding the issues at hand in this Case regarding the Petitions and the defenses asserted by the Alleged Debtors in their First Motion to Dismiss and tangentially raised in other pleadings filed with this Court.

18. Last, the Subpoenas do not subject the Deponents to undue burden.

19. The Subpoenas request that the Deponents appear via video for the Depositions due to COVID-19.

20. The Movants have not even addressed let alone met one prong of Rule 45 in support of their Motion to Quash.

21. Further, there is no basis to modify the Subpoenas.

22. The Alleged Debtors wish to limit the depositions to issues raised solely by their First Motion to Dismiss.

23. They point to no Order in this Case, statute, rule or case law which supports this argument.

24. Rather, this limitation apparently just suits their purpose in seeking to prevent the Petitioning Creditors from supporting their case for the Court's determination on the Petitions.

25. Petitioning Creditors have previously set forth in great detail (in their Amended Motion to Compel) why they wish to depose the Deponents in support of their Petitions and to refute the First Motion to Dismiss.

26. The Alleged Debtors have not set forth any basis to limit the scope of the depositions other than to preclude relevant evidence on the Petitions and their First Motion to Dismiss.

27. The depositions of Mr. Jiang and Mr. Fu were conducted by counsel for the Alleged Debtors who asked them many questions directly related to the Petitions.

28. Why should the Alleged Debtors now be entitled to limit what the Petitioning Creditors may ask at the Deponents' depositions?

29. The remainder of the Motion to Quash is essentially a long diatribe by the Alleged Debtors and their counsel why the depositions of certain of the Petitioning Creditors should not be conducted by video.

30. Petitioning Creditors submit that this "issue" is not relevant to the Motion to Quash under Rule 45.

## ***II. The Alleged Debtors' contention that they are entitled to skirt their discovery obligations is unsupported by law.***

31. Without any legal support whatsoever in their Motion to Quash, the Alleged Debtors have made it clear that they refuse to participate in Depositions which (a) are clearly permitted under the Discovery Plan in this Case and (b) are not limited in scope as they claim.

32. The Alleged Debtors have served Notices of Depositions upon counsel for twenty-one of the Petitioning Creditors.

33. Although Petitioning Creditors believe that the brunt of these depositions are unnecessary, and interposed solely for harassment and procedural wrangling by the Alleged Debtors (to avoid having to face the real issue in this Case), the Petitioning Creditors have agreed to these depositions moving forward.

34. However, as set forth in the Amended Motion to Compel, Petitioning Creditors cannot enter into the United States due to the ongoing COVID-19 pandemic and travel and quarantine restrictions imposed by both China and the United States.

35. This is not the Petitioners' fault although the Alleged Debtors would have this Court believe differently.

36. The Petitioning Creditors offered to hold the depositions via online conferencing software such as Zoom, but the Alleged Debtors refused.

37. Despite this reasonable accommodation offered by the Petitioning Creditors, the Alleged Debtors now seek to undermine the entire discovery process in their position that if Petitioning Creditors are not deposed in the United States, then the Alleged Debtors are not bound to answer the Petitioning Creditors' discovery requests or appear pursuant to the Subpoenas.

38. In fact, the Alleged Debtors do not cite any law in their Motion to Quash which supports the nonsensical proposition that the Petitioning Creditors should not be given the opportunity to depose representatives of the Alleged Debtors until the Petitioning Creditors travel to the United States in violation of U.S. law and at their personal health risks.

39. The Alleged Debtors contend that they have participated in discovery so far in "good-faith" despite the fact that they have not produced any meaningful documents—including basic financial documents of the Alleged Debtors—to the Petitioning Creditors (See, Amended Motion to Compel, ¶ 21 and Exhibit "B."

40. The Alleged Debtors use unsubstantiated "procedural tactics" in their thinly veiled attempts to prevent the Petitioning Creditors from taking discovery to support their Petitions, refute the defenses asserted and of course from discovering the truth about what happened here

Case 20-31131-hdh7 Doc 141 Filed 08/13/20 Entered 08/13/20 12:50:54 Page 7 of 11

with their loans ("Loans") to the Alleged Debtors and the proceeds thereof ("Loan Proceeds"), which could prove to be valuable assets for recovery by a Chapter 7 Trustee.

41. In sum, simply because the Alleged Debtors "cannot have their way" does not mean that the Petitioning Creditors should not be permitted to take fulsome discovery in this Case, including the five depositions noticed per the Subpoenas.

### *III. The Alleged Debtors' contention that standing has not been met by the Petitioning Creditors is irrelevant to the Motion to Quash and wholly unsupported the evidence.*

42. Since the beginning of this case, the Alleged Debtors have lodged multiple attacks against the Petitioning Creditors regarding the validity of the wet-signatures on the Petitions filed, the very existence of the Petitioners and the Petitioning Creditors' standing to prove their Case.

43. It makes no difference apparently to the Alleged Debtors, **or their counsel**, that (i) counsel for the Petitioners has verified their signatures to the Court; (ii) counsel has further verified to the Court that they communicate regularly with the Petitioners by email; (iii) the Petitioners have verified to the Court their email communications with counsel; and (iv) the Alleged Debtors have been in possession of copies of the passports of the Petitioners through the proposed Deponent, Mr. Lin, for over a year.

44. The issue of standing, the Alleged Debtors now contend (three months into this Case and after conducting two depositions themselves of at least one key witness for the Petitioners (Mr. Fu) and serving thousands of written discovery requests, all of which the Petitioners responded to), is a "threshold" issue which in their view precludes Petitioning Creditors from taking depositions of the Deponents in this Case.

45. Section 303(b) of the Bankruptcy Code requires at least three (3) petitioning creditors to commence an involuntary proceeding when there are at least twelve (12) creditors

eligible to petition. See 11 U.S.C. § 303(b)(1). Each petitioning creditor must be "a holder of a claim against [the alleged debtor] that is not contingent as to liability or the subject of a bona fide dispute as to liability or amount."

46. The Petitioning Creditors have produced over 5,000+ documents and hundreds of responses to discovery requests demonstrating that the Petitioning Creditors have non-contingent claims against the Alleged Debtors in this case which are not subject to bona fide dispute.

47. Despite this mountain of evidentiary proof, the Alleged Debtors assert that the Petitioning Creditors do not even exist and that the Petitioning Creditors' signatures on the petitions are fake and were created by someone else.

48. Again, although completely irrelevant to the Motion to Quash, these wild allegations are both unsupported and false.

49. It bears repeating for the record that on July 6, 2020, the Petitioning Creditors filed the Certification of Jiangang Ou, Esquire Regarding Receipt of Original "Wet Signature" Petitions and Declarations from Petitioning Creditors [Dkt. No. 84].

50. On July 29, 2020, the Petitioning Creditors filed the Declarations of Amy M. Huber regarding wet signatures [Dkt. Nos. 111 – 117] containing emails from virtually every one of the Petitioners verifying that they signed the Petitions in the Case.

51. These filings go above and beyond the Petitioning Creditors' obligations under this Court's Order dated June 23, 2020 [Dkt. No. 81] which simply required the filing of a Certification of counsel that the "wet signatures" had been received.

52. In addition, the Petitioning Creditors are willing to submit to the Court written evidence that virtually every email address for the Petitioning Creditors set forth in Ms. Huber's

Case 20-31131-hdh7 Doc 147 Filed 08/14/20 Entered 08/14/20 16:30:16 Desc

Declaration is in fact the very same email address *provided in the Loan and Agency Agreements and/or* utilized by the Alleged Debtors to communicate with the Petitioning Creditors.

53. Petitioning Creditors are also willing to submit to the Court, in camera, their passports which the Alleged Debtors already have in their possession.

54. The Alleged Debtors and Mr. Barton now wish to dispute that these are the same creditors who the Alleged Debtors gladly received $20,000,000 in Loan Proceeds from and for which they have yet to account to the Petitioners. (See, Loan Verifications Exhibit "A" to the *Opposition of Petitioning Creditors to the Alleged Debtors' Second Motion to Compel Discovery Responses* [Dkt. 119]); commencing interest payments to some of the Petitioning Creditors on the early Loans; and, quite unbelievably, maintaining in this proceeding that they would pay the Loans back but that they "don't know how or who to pay." See Alleged Debtors' First Motion to Compel, p. 4 [Dkt. 105] ("***The disagreement as to how and to whom the loans should be repaid is the primary underlying dispute with regard to this case***") (emphasis maintained).

55. If the Alleged Debtors are so adamant that the Petitioning Creditors do not exist, and are not owed any money under the Loans, why does Timothy Barton—who signed the Loan and Agency Agreements with these same Petitioners and Loan Receipts—refuse to address these pressing issues under oath at deposition?

Case 20-31131-hdh7 Doc 14 Filed 08/13/20 Entered 08/13/20 20:45:46 Desc

## CONCLUSION

Based on the foregoing, the Petitioning Creditors request that this Court deny the Motion to Quash and enter such other relief as the Court deems appropriate under the circumstances.

Dated: August 13, 2020

/s/ *Stephen M. Packman*
Jiangang Ou
Nguyen & Chen LLP
11200 Westheimer Road Suite 120
Houston, TX 77042
(832) 767-0339
Fax : (832) 767-0669
Email: jou@nguyen-chen.com

Stephen M. Packman
Archer & Greiner, P.C.
Three Logan Square
1717 Arch St., Suite 3500
Philadelphia, PA 19103
215-246-3147
Email: spackman@archerlaw.com

*Counsel for the Petitioning Creditors*

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that, on August 13, 2020, a true and correct copy of the foregoing document was served on all parties requesting service via the Court's ECF system.

/s/ Stephen M. Packman
Stephen M. Packman