**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| In re:<br><br>WALL007 LLC, *et al.*,[1]<br><br>Alleged Debtors. | Chapter 7<br><br>Case No. 20-31131 (HDH)<br>(Jointly Administered) |

**SUPPLEMENT TO MOTION FOR AN ORDER (I) HOLDING TIMOTHY BARTON IN CONTEMPT FOR FAILURE TO COMPLY WITH THE COURT'S ORDER (II) IMPOSING SANCTIONS AGAINST TIMOTHY BARTON AND AWARDING THE PETITIONING CREDITORS ATTORNEY'S FEES AND (III) REQUIRING BARTON TO APPEAR BEFORE THE COURT CONCERNING THE IMPOSITION OF ADDITIONAL SANCTIONS AGAINST HIM AND/OR THE DEBTOR**

Jun Li, Yunding Kang, Cunxiang Ji, Jin Wang, Peng Guo, Lin Zhou, Qu Chen, Kai Tian, Yijing Wu, Xuegeng Gong, Jin Wang, Weijia Kong, Heng Zhang, Hong Guo, Pei Guan, Yue Xu, Mai Ye, Chenchen Jiang, Qiuying Li, Ruinian Wu, Lin Zhou, Liying Yang, Yan Zhang, Wenjun Wang, Lan Ji, Ying Zhou, Lin Li, Li Jiang, Rufeng Ding, Cunxiang Ji, Lin Gao, Qiao Qin, Yue Zhang, Xiaodong Hao, Tianqing Song, Li Jiang, Weisi Wang, Xiaoquan Dai, Feng Yan, Heng Zhang, Ou Jiang, Jinzhe Wu, Yadan Liu, Wanwan Li, Wenjuan Yin, Jiancheng Chen, Yi Tang, Ying Zhang, Pengfei Dong, Kangying Mao, Yijing Wu, Li Jiang, Qin Chu, Yulan Chen, Sicheng Zhan, Pei Guan, Jingqiu Tang, Di Tang, Jun Zeng, Kui Wang, Yue Zhang, Jun Wang, Xiaomin Fan, Di Tang, Jialin Hu, Qin Chu, Jiaxiang Lu, Fuqing Chen, Hanjiang Fu, Aiguo Luo, Fang Ding, Xiangdong Zhu, Wai Ying, Yuan Yuan, Chao Xu, Guoqin Zhou, Yijing Wu, (collectively, the "Petitioning Creditors"), by and through their undersigned counsel, hereby file this supplement (the "Supplement") to the *Motion For an Order (I) Holding Timothy Barton*

[1] The Alleged Debtors in these cases are: WALL007 LLC, WALL009 LLC, WALL010 LLC, WALL011 LLC, WALL012 LLC, WALL016 LLC, WALL017 LLC. The Alleged Debtors' federal tax identification numbers are unknown to the Petitioning Creditors sat this time.

*in Contempt For Failure to Comply With the Court's Order (II) Imposing Sanctions Against Timothy Barton and Awarding the Petitioning Creditors Attorney's Fees and (III) Requiring Barton to Appear Before the Court Concerning the Imposition of Additional Sanctions Against Him and/or the Debtor* (the "Motion to Hold Barton in Contempt") [Dkt. No. 83], as follows:

## LEGAL ARGUMENT

### I. Another Violation of the Order

1. For the sake of brevity, the Petitioning Creditors hereby incorporate the Motion to Hold Barton in Contempt[2] as if fully set forth herein.

2. On or about August 23, 2020, Zhong, acting on behalf of Barton, contacted the Petitioning Creditors via the same "Dallas Investors Group" on WeChat as described in the Motion to Hold Barton in Contempt and spread false information in attempt to confuse, mislead, deceive and intimidate them. A true and correct copy of the WeChat chatting records and the one-page handwritten note on yellow color legal pad sheet sent by Zhong in Chinese to the Petitioning Creditors are attached as Exhibits "A-1" and "B-1", with an English translation thereof included as Exhibit "A-2" and "B-2", respectively.

3. In pertinent part, Barton, through Zhong, set forth as follows:

[2] Capitalized terms not defined in this Supplement shall have the same meaning as set forth in the Motion to Hold Barton in Contempt.



Judge: Finally ruled that Fu shall have all 65 individuals come to Dallas, appear in person in the court. (within 30-60 days)
Otherwise, the litigation will be dismissed.

Dismissal with prejudice
(All Petitioning Creditors cannot sue again)

Dismissal without prejudice
(may sue again)

Highly likely

Tim does not intend to repay any investment money to anyone
Because the loss of all the time and money
Further, will take retaliation! (definitely will retaliate on Fu)

Therefore, before the final opportunity to attend the court hearing, let the 65 individuals have an internal meeting to discuss, best to let them voluntarily withdraw from the litigation as early as possible,
Still have the room for negotiation of repayment.

See Exhibit "B-2."

4. Specifically, Zhong misrepresented to the Petitioning Creditors that the "Judge: Finally ruled that Fu shall have all 65 individuals come to Dallas, appear in person in the court. (within 30-60 days)." None of Zhong's assertions in this sentence are factually correct and are clearly an attempt by Barton, through his agent, Zhong, to mislead the Petitioning Creditors concerning the bankruptcy case and coerce them into "voluntarily withdraw[ing]" the petitions. See Exhibit "B-2."

5. Moreover, Zhong specifically mentions Barton by name in the note: "Tim does not intend to repay any investment money to anyone" and then indicates that Barton "will take retaliation! (definitely will retaliate on Fu)" because of the "loss of all the time and money" spent by the Alleged Debtors in the bankruptcy case. See Exhibit "B-2" (emphasis added).

6. This is an interesting statement by Barton's agent as his Alleged Debtor entities owe the Petitioning Creditors $20,000,000 for the Loans which they refuse to pay back!

7. The continued efforts of Barton to contact the Petitioning Creditors are in direct violation of the Order entered by the Court.

8. Barton knows that this conduct is not permitted by the Court and yet continues to do so hiding behind his agent, Zhong.[3]

9. A bankruptcy court may issue civil contempt orders. In re Terrebonne Fuel & Lube, Inc., 108 F.3d 609, 612–13 (5th Cir. 1997); see also 11 U.S.C. § 105(a) (Bankruptcy courts may impose contempt sanctions when "necessary or appropriate" to enforce their own orders).

10. "[C]onsideration by a bankruptcy court of a civil contempt motion will encompass only two issues: whether the alleged contemnor knew of the order and whether he complied with it. Decision of these two issues would involve no determination of private rights under non-bankruptcy law. On the other hand, the issue of whether the alleged contemnor substantially complied with the underlying order may well raise questions as to the nature, contents, and meaning of the underlying order, whether the alleged contemnor knew of it, and whether his conduct complied with it, which questions are well within the special knowledge and expertise of the bankruptcy court." In re Layer, 2007 WL 2229624, at *9 (Bankr. N.D. Tex. July 31, 2007).

11. In order for civil contempt to be found, the court must determine by clear and convincing evidence that (a) a court order was in effect; (b) the order required certain conduct by the respondent; and (c) that the respondent failed to comply with the order. In re LATCL & F, Inc., 2001 WL 984912, at *3 (N.D. Tex. 2001) (citing Petroleos Mexicanos v. Crawford Enterprises, Inc., 826 F.2d 392, 400 (5th Cir. 1987)).

[3] A hearing on the Motion to Hold Barton in Contempt was initially scheduled to be held on August 10, 2020. However, the Petitioning Creditors, the Alleged Debtors, and Barton requested that the Court continue the hearing to a date to be yet determined.

12. "An alleged contemnor must have had knowledge of the order on which civil contempt is to be based. The level of knowledge required, however, is not high. Intent or good faith is irrelevant." Kellogg v. Chester, 71 B.R. 36, 38 (N.D. Tex. 1987). "[I]ntent is not an element in civil contempt matters. Instead, the basic rule is that all orders and judgments of courts must be complied with promptly." In re Unclaimed Freight of Monroe, Inc., 244 B.R. 358, 366 (Bankr.W.D.La.1999).

13. For civil contempt of a court order, there need not be a showing that the conduct was willful so long as the contemnor actually failed to comply with the court's order. In re All Trac Transp., Inc., 306 B.R. 859, 875 (Bankr. N.D. Tex. 2004).

14. Here, as evidenced by the Motion to Hold Barton in Contempt and this Supplement, there is no question that Barton knows about the contents of the Order. The Order states that: "Mr. Timothy Barton shall have no further contact with the Petitioning Creditors and all communications shall be through the Alleged Debtors' counsel to the Petitioning Creditors' counsel." [Dkt. No. 48].

15. Yet, Barton continues to contact the Petitioning Creditors through Zhong. Barton should not be permitted to hide behind his agent and continue to harass, confuse and lie to the Petitioning Creditors in this case.

16. Barton should be held in contempt by this Court for his failure to comply with the Order.

## II. Sanctions for Violating Order Repeatedly

17. In determining what sort of sanctions should be imposed for civil contempt, the court should consider (a) the harm from noncompliance; (b) the probable effectiveness of the sanction; (c) the financial resources of the contemnor and the burden the sanctions may impose;

and (d) the willfulness of the contemnor in disregarding the court's order." Lamar Financial Corp. v. Adams, 918 F.2d 564, 567 (5th Cir. 1990); see also United States v.. United Mine Workers, 330 U.S. 258 (1947) ("Where the purpose of a civil sanction is to make a party comply, the court must exercise its discretion in determining the proper sanction, considering the character and magnitude of the harm threatened by continued contumacy, and the probable effectiveness of any suggested sanction in bringing about the result desired.").

18. Here, Barton was informed multiple times—first directly by Petitioning Creditors' counsel; then by Court Order and Judge Hale directly—not to contact Petitioning Creditors. Despite this clear directive, Barton continues to willfully and knowingly violate the Order by having his agent contact the Petitioning Creditors. See Declaration of Jiangang Ou, Exhibits "1–7" attached to the Motion to Hold Barton in Contempt.

19. Petitioning Creditors have incurred additional costs due to the bad faith of Barton, including attorney's fees.

20. Barton should be held responsible for the unnecessary costs resulting from his bad faith. These unnecessary costs include the costs and fees for bringing this Motion. See Crescent Publishing Group, Inc. v. Playboy Enterprises, Inc., 246 F.3d 142, 147 (2d Cir. 2001) ("[T]he decision to award fees rests in the court's equitable discretion.").

21. The Petitioning Creditors submit that under the circumstances, an award of attorney's fees to Petitioning Creditors is an appropriate sanction.

22. In addition, Petitioning Creditors request that the Court require Barton to appear before it to explain why he continues to clearly and knowingly violate this Court's Order and why he and/or the Alleged Debtors should not be subjected to such further sanctions as the Court may thereafter deem appropriate.

## CONCLUSION

**WHEREFORE**, for the foregoing reasons and those in the Motion to Hold Barton in Contempt, the Petitioning Creditors respectfully request that this Court grant the Motion and enter an order (i) holding Barton in contempt; (ii) imposing sanctions against Barton including the award of attorney fees; (iii) requiring Barton and Zhong to appear before the Court; and (iv) granting such other and further relief that this Court deems just and proper under the circumstances.

Dated: August 27, 2020

/s/ *Stephen M. Packman*
Jiangang Ou
Nguyen & Chen LLP
11200 Westheimer Road Suite 120
Houston, TX 77042
(832) 767-0339
Fax : (832) 767-0669
Email: jou@nguyen-chen.com

Stephen M. Packman
Archer & Greiner, P.C.
Three Logan Square
1717 Arch St., Suite 3500
Philadelphia, PA 19103
215-246-3147
Email: spackman@archerlaw.com

*Counsel for the Petitioning Creditors*

**CERTIFICATE OF SERVICE**

I hereby certify that on August 27, 2020, I caused to be served a copy of the foregoing by electronic mail upon all parties receiving notice through the Court's CM/ECF Noticing System.

/s/ Stephen M. Packman
Stephen M. Packman, Esq.

219196305v1