Steven C. Metzger
State Bar No. 13982500
Metzger Law PLLC
3626 N. Hall Street, Suite 800
Dallas, Texas 75219
Telephone: (214) 740-5030
Facsimile: (214) 224-7555
Email: smetzger@pmklaw.com
Attorney for Tim Barton

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| **In re:** | **Chapter 7** |
| **WALL007 LLC, *et al.*** | **Case No. 20-31131-hdh7**<br>**(Jointly Administered)** |
| **Alleged Debtors.** | |

**TIMOTHY BARTON'S MOTION TO QUASH PETITIONERS' SUPPLEMENT TO MOTION FOR CONTEMPT OR, IN THE ALTERNATIVE, RESPONSE AND OPPOSITION TO PETITIONERS" SUPPLEMENT TO MOTION FOR CONTEMPT**

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

NOW COMES Timothy Barton, by and through his undersigned counsel, and files this *Motion to Quash Petitioners' Supplement to Motion for Contempt or, in the Alternative, Response and Opposition to Petitioners Supplement to Motion for Contempt* (Dkt 160) and would show the Court as follows:

A. <u>TIMOTHY BARTON'S MOTION TO QUASH PETITIONERS' SUPPLEMENT TO MOTION FOR CONTEMPT</u>

1. On June 3, 2020, this Court entered an Order requiring further communications from Barton about the Bankruptcy Case be done through counsel. (Dkt. No 48).

2. On July 2, 2020, Petitioners filed a Motion seeking, *inter alia*, to hold Timothy Barton in contempt of the June 3, 2020 Order. (The "**Contempt Motion**," Dkt. No. 83).

3. On July 23, 2020, Alleged Debtors filed an Opposition to the same (Dkt. No. 95). On July 24, 2020, counsel for Barton filed a Response to the Contempt Motion (Dkt. 99). The Contempt Motion has not yet been the subject of a hearing or decided.

4. Independently, the Parties also each filed a handful of motions related to discovery conflicts. On August 17, 2020, the Court heard those motions and on August 19, 2020 the Court issued an Oral Ruling from the bench (Dkt. No. 159).

5. One of the Court's rulings on those motions (at Dkt No. 159, ¶ 5) was that counsel for the Petitioners must file with the Court an agreement signed by counsel for Petitioners, advising that Petitioners will appear in the United States for live depositions (the "**Live Deposition Agreement**"). The Court made clear that the Live Deposition Agreement ***must*** be filed "before any other discovery ***or motions practice*** will continue" (emphasis added).

6. Counsel for the Petitioners has not yet filed the required Live Deposition Agreement with the Court and, thereby, should not be permitted to engage in any motions practice at this time. Despite this restriction, on August 27, 2020, the Petitioners filed a "Supplement" to the Contempt Motion (the "**Supplement**," Dkt. No. 160), adding additional contrived arguments. The Petitioners' Supplement is in direct violation of this Court's Order restricting all further motions practice until after counsel for Petitioners files the Live Deposition Agreement.

7. Accordingly, Tim Barton now moves to quash the Petitioners' improper filing of the Supplement.

B. TIMOTHY BARTON'S RESPONSE AND OPPOSITION TO PETITIONERS' SUPPLEMENT TO MOTION FOR CONTEMPT, FILED IN THE ALTERNATIVE TO MOTION TO QUASH

8. In the event that the Court determines that the Supplement need not be quashed, Barton files this Response and Opposition to the Supplement in the alternative.

9. Barton's opposition position is simple: Tim Barton has ***not*** communicated with Mr. Zhong as alleged by the Petitioners in their Motion (Dkt No. 160). Additionally, Mr. Barton has ***not*** communicated with the Petitioners. Attached to this filing is Timothy Barton's Declaration No. 2, attesting to these facts.

10. For avoidance of any doubt, Mr. Zhong's involvement is with respect to WALL018, LLC and WALL019, LLC ***only***, which are not involved in these proceedings.

LEGAL ARGUMENT

11. "To establish civil contempt, the moving party bears the burden of proving by clear and convincing evidence that the alleged contemptor was aware of and violated a definite and specific order requiring him to perform or refrain from performing a particular act or acts." *Shafer v. Army & Air Force Exch. Serv.*, 376 F.3d 386, 396 (5th Cir. 2004); *Petroleos Mexicanos v. Crawford Enters., Inc.*, 826 F.2d 392, 401 (5th Cir. 1987). Clear and convincing evidence is "that weight of proof which 'produces in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established, evidence so clear, direct and weighty and convincing as to enable the fact finder to come to a clear conviction, without hesitancy, of the truth of the precise facts' of the case." *Shafer*, 376 F.3d at 396 (quoting *In re Medrano*, 956 F.2d 101, 102 (5th Cir.1992)).

12. Here, Mr. Barton has adhered to the June 3, 2020 Order (Dkt. 48). He has not communicated with Mr. Zhong, as alleged by the Petitioners in their Supplement (Dkt No. 160),

nor has Barton communicated with the Petitioners. Petitioners have offered no direct evidence that establishes clearly and convincingly that Mr. Barton has done otherwise. Accordingly, no contempt order can follow.

Dated: August 31, 2020

Respectfully submitted,

*/s/ Steven C. Metzger*
Steven C. Metzger
State Bar No. 13982500
Metzger Law PLLC
3626 N. Hall Street, Suite 800
Dallas, Texas 75219
Telephone: (214) 740-5030
Email: smetzger@pmklaw.com

*Attorney for Timothy Barton*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that, on August 31, 2020, a true and correct copy of the foregoing document was served pursuant to the Court's ECF system.

*/s/ Steven C. Metzger*
Steven C. Metzger