CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

**ENTERED**

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed September 4, 2020**

**United States Bankruptcy Judge**

---

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | **Chapter 7** |
| | § | |
| **WALL007 LLC, *et al.*,** | § | **Case No. 20-31131-hdh7** |
| | § | **(Jointly Administered)** |
| **Alleged Debtors.** | § | |

**ORDER GRANTING IN PART THE PETITIONERS'
<u>MOTION COMPEL DISCOVERY [DKT. NOS. 92 & 129]</u>**

**TO THE HONORABLE UNITED STATES BANKRUPTCY COURT:**

UPON CONSIDERATION OF the *Motion to Compel* (the "Motion," originally filed at Dkt. No 92 and subsequently amended at Dkt. No. 129) filed by Petitioners Jun Li, Yunding Kang, Cunxiang Ji, Jin Wang, Peng Guo, Lin Zhou, Qu Chen, Kai Tian, Yijing Wu, Xuegeng Gong, Jin Wang, Weijia Kong, Heng Zhang, Hong Guo, Pei Guan, Yue Xu, Mai Ye, Chenchen Jiang, Qiuying Li, Ruinian Wu, Lin Zhou, Liying Yang, Yan Zhang, Wenjun Wang, Ying Zhou, Lin Li, Li Jiang, Rufeng Ding, Cunxiang Ji, Lin Gao, Qiao Qin, Yue Zhang, Xiaodong Hao, Tianqing

Song, Li Jiang, Weisi Wang, Xiaoquan Dai, Feng Yan, Heng Zhang, Ou Jiang, Jinzhe Wu, Yadan Liu, Wanwan Li, Wenjuan Yin, Jiancheng Chen, Yi Tang, Ying Zhang, Pengfei Dong, Kangying Mao, Yijing Wu, Li Jiang, Qin Chu, Yulan Chen, Sicheng Zhan, Pei Guan, Jingqiu Tang, Di Tang, Jun Zeng, Kui Wang, Yue Zhang, Jun Wang, Xiaomin Fan, Di Tang, Jialin Hu, Qin Chu, Jiaxiang Lu, Fuqing Chen, Hanjiang Fu, Aiguo Luo, Fang Ding, Xiangdong Zhu, Wai Ying, Yuan, Chao Xu, Guoqin Zhou, Yijing Wu (collectively, the "Petitioners") and all related filings, and having considered the arguments of counsel at the hearing conducted on August 17, 2020 and the Court's oral ruling on August 19, 2020, it is hereby

ORDERED that the Motion is GRANTED in part and DENIED in part as provided herein; it is further

ORDERED that no discovery or motions practice shall continue unless and until a live deposition agreement signed by counsel for Petitioners is filed with the Court, as required by the Court's ruling on the Alleged Creditors' Motion to Quash Deposition Notices (Docket No. 133); it is further

ORDERED that discovery is limited in topic to only those matters relevant to all elements of Section 303 of the Bankruptcy Code and the relevant factors under Section 305(a) and 707(a) of the Bankruptcy Code that were raised by the Alleged Debtors; it is further

ORDERED that, subject to the above limitations, the Alleged Debtors will provide a supplemental response to Interrogatory No. 2 as outlined in the Motion and the Court DENIES the Motion to Compel as to Interrogatories No. 7, 8. 9, 10, 11, and 12 as written; it is further

ORDERED that, subject to the above limitations, the Alleged Debtors will produce or supplement documents responsive to Petitioner's First Request for Production of Documents Nos. 5, 8, 9, 16, 20, 21 and 30; it is further

ORDERED that, subject to the above limitations, the Alleged Debtors will produce Timothy Barton and Hongpeng Lin for depositions at a time agreeable to the Parties; it is further

ORDERED that, subject to the above limitations, Ms. Saskya Bedoya is excused from sitting for a deposition if she provides the Petitioners with a note from her doctor stating that doing so, even by video, would be unsafe; it is further

ORDERED that the Motion to Compel is DENIED in part with respect to the remaining relief requested.

# # # END OF ORDER # # #