Robert W. Buchholz
420 S. Cesar Chavez Blvd.
Suite 300
Dallas, Texas 75201
214-754-5500
214-754-9100 fax
bob@attorneybob.com
Attorney for Southern Star Capital, LLC d/b/a Reliance Mortgage

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **In re:** | ) | |
| | ) | **Chapter 7** |
| **WALL007, LLC, et al** | ) | |
| | ) | **Case No. 20-31131-HDH** |
| | ) | |
| **Alleged Debtors** | ) | |

# MOTION OF SOUTHERN STAR CAPITAL, LLC d/b/a RELIANCE MORTGAGE COMPANY FOR RELIEF FROM AUTOMATIC STAY

## NOTICE - RESPONSE REQUIRED

**PURSUANT TO LOCAL BANKRUPTCY RULE 4001-1(b), A RESPONSE IS REQUIRED TO THIS MOTION, OR THE ALLEGATIONS IN THE MOTION MAY BE DEEMED ADMITTED, AND AN ORDER GRANTING THE RELIEF SOUGHT MAY BE ENTERED BY DEFAULT.**

**ANY RESPONSE SHALL BE IN WRITING AND FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AT**

**Earle Cabell Federal Building**
**1100 Commerce St., Rm. 1254**
**Dallas, TX 75242-1496**

**BEFORE CLOSE OF BUSINESS ON SEPTEMBER 24, 2020, WHICH IS AT LEAST 14 DAYS FROM THE DATE OF SERVICE HEREOF. A COPY SHALL BE SERVED UPON COUNSEL FOR THE MOVING PARTY AND ANY TRUSTEE OR EXAMINER APPOINTED IN THE CASE. ANY RESPONSE SHALL INCLUDE A DETAILED AND COMPREHENSIVE STATEMENT AS TO HOW THE MOVANT CAN BE "ADEQUATELY PROTECTED" IF THE STAY IS TO BE CONTINUED.**

**TO THE HONORABLE HARLAN D. HALE:**

SOUTHERN STAR CAPITAL LLC, d/b/a RELIANCE MORTGAGE COMPANY, a Texas limited liability company ("Movant") files this *Motion for Relief from Stay* (the "**Motion**") against WALL009, LLC ("**Debtor**"), and would respectfully show the Court as follows:

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §157 and §1334.

2. This is a core proceeding. This Motion constitutes a contested matter pursuant to Rule 9014 of the Bankruptcy Rules.

3. Section 362(a) of the Bankruptcy Code provides that the stay comes into effect upon the filing of a petition "under section … 303 of this title." Thus, section 362 applies during the gap period preventing prepetition creditors from commencing or continuing any of the actions set forth in that section. *Musso v. Ostashko (In re Ostashko),* 333 B.R. 625 (E.D.N.Y. 2005); *Hanrahan v. Walterman (In re Walterman Implement Inc.),* 2007 Bankr. LEXIS 186 (Bankr. N.D. Iowa May 22, 2006); *Ostrander v. Gardner (In re Millivision, Inc.),* 331 B.R. 515 (Bankr. D. Mass. 2005). One clear consequence of the stay during the gap period is that a post-filing creditor cannot enforce its claim absent stay relief.

4. This motion is brought pursuant to 11 U.S.C. §§ 105, 361, 362 and Bankruptcy Rule 4001.

5. Movant is the original lender and the current servicer of the holder of a note and deed of trust on a piece of real estate which is legally described in the attached Exhibit 1 which is incorporated herein by reference as if fully copied herein.

6. Movant agreed, on a short-term basis, to extend financing to Debtor secured by the real estate referenced herein.

7. On September 11, 2019, Debtor through Timothy Barton, its President, signed a Promissory Note in the amount of $900,000.00 (the "**Promissory Note**") and executed a Deed of Trust (the "**Deed of Trust**"), which was recorded on September 12, 2019 in the Deed Records of Johnson County, Texas at clerk's file No. 2019-24729. *See* Exhibits "2" and "3". Also, Timothy Barton personally guaranteed the indebtedness to Movant. *See* Exhibit "4".

8. The Promissory Note interest rate was 12.0% and it matured on September 1, 2020. Also, on matured and unpaid amounts the Promissory Note required the lesser of 18% or the Highest Lawful Rate permitted by law.

9. Debtor defaulted under the terms of the Promissory Note **by not making any** of the required payments. The note, by its own terms, matured and became fully due and payable on September 1, 2020. Further, in the deed of trust Debtor agreed to the following waivers:

> *E.19.* Grantor and each surety, endorser, and guarantor of the Obligation waive, to the extent permitted by law, all (a) demand for payment, (b) presentation for payment, (c) notice of intention to accelerate maturity, (d) notice of acceleration of maturity, (e) protest, (f) notice of protest and (g) rights under sections 51.003, 51.004, and 51.005 of the Texas Property Code.

10. Movant originally posted the Property for the May 5, 2020, foreclosure date. *See* Exhibit "5" but was then informed of the pending Bankruptcy Action. Debtor did not proceed with the foreclosure sale after being noticed of the pending bankruptcy action.

11. As of the maturity date of the loan, September 1, 2020, the status of the debt is as follows:

| | | |
|---|---|---|
| a. | Principal Amount Due: | $900,000.00. |
| b. | Total Payments Made: | $0.00. |
| c. | Total interest due as of September 1, 2020: | $108,000.00 |
| | Late Fees Due as of September 1, 2020 | $ 4,950.00 |
| | Total Interest & Late Fees Due as of Sept 1, 2020 | $112,950.00 |
| c. | Additional Collateral held as of September 1, 2020: | CD $90,000.00 |
| | Accrued Interest on CD as of Sept 1, 2020 | $1,654.57 |

12. This balance remains unpaid and is accruing interest and other applicable charges.

13. Movant contends that based on the facts of this case cause exists for the requirements of Bankruptcy Rule 4001(a)(3) to be waived so that Movant may once again post the Property for foreclosure as **Debtor has never made a single payment on the note**.

14. In accordance with the terms of the Deed of Trust Movant would allege that it is entitled to reasonable attorney's fees, including, but not limited to, fees, if any, for the preparation and filing of this Motion for Relief from Stay in the amount of at least $2,500.00.

15. By reason of the foregoing, Movant requests the Court to terminate the stay so Movant may proceed to foreclose in accordance with its Note and Deed of Trust.

16. Debtor has failed to provide adequate protection to Movant which constitutes cause to terminate the automatic stay of 11 U.S.C. § 362(a).

17. Movant reserves the right to assert an 11 U.S.C. § 362(d)(2) Cause of Action, if

appropriate, at the hearing on Movant's Motion for Relief.

18. The provision of Rule 4001 (a) (3) should be waived and Movant be permitted to immediately enforce and implement any order granting relief from the automatic stay.

19. This Motion is supported by the affidavit of Mr. Al Keller which is attached as Exhibit "6".

WHEREFORE, Movant prays that this Court enter an order, after notice and hearing, terminating the automatic stay as to Movant and allowing the posting and sale of the collateral at foreclosure. Movant further prays that the Court waive the provision of Rule 4001 (a) (3) and that Southern Star Capital, LLC d/b/a Reliance Mortgage be permitted to immediately enforce and implement any order granting relief from the automatic stay; that Movant be awarded its reasonable attorney's fees and expenses for this Motion; and, that Movant be granted such other and further relief as is just.

Respectfully submitted,

By: */s/ Robert W. Buchholz*
______________________________

Robert W. Buchholz
Texas Bar No: 03290600
420 S. Cesar Chavez Blvd., Suite 300
Dallas, Texas 75201
Tel. (214) 754-5500
Fax. (214) 754-9100
Bob@attorneybob.com

**CERTIFICATE OF CONFERENCE**

This will certify that the relief sought in this motion was discussed with the attorney for the alleged Debtor Wall 009, LLC, who stated that she is opposed to the relief requested.

By: */s/ Robert W. Buchholz*
______________________________
Robert W. Buchholz

**CERTIFICATE OF SERVICE**

I hereby certify that on September 10, 2020, a true and correct copy of the foregoing Motion for Relief from Stay was served via electronic means as listed on the Court's ECF noticing system which includes the Attorney for the Debtors and the U.S. Trustee, and by regular mail to the debtor(s) at:

| | |
|---|---|
| WALL009 LLC, Debtor<br>13901 Midway Rd., Ste. 102<br>Dallas, TX 75244 | VIA US MAIL |
| Joyce W. Lindauer<br>Joyce W. Lindauer Attorney, PLLC<br>1412 Main Street, Suite 500<br>Dallas, TX 75202<br>Attorney for Alleged Debtor | VIA ECF |
| Jiangang Ou<br>Nguyen & Chen LLP<br>11200 Westheimer Road, Suite 120<br>Houston, TX 77042 | VIA ECF |
| Stephen M. Packman<br>Archer & Greiner, P.C.<br>Three Logan Square<br>1717 Arch Street, Suite 3500<br>Philadelphia, PA 19103 | VIA ECF |

Parties Having Filed NOA VIA ECF

Office of United States Trustee VIA ECF

By: */s/ Robert W. Buchholz*
________________________________
Robert W. Buchholz