**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| In re:<br><br>WALL007 LLC, *et al.*,[1]<br><br>Alleged Debtors. | Chapter 7<br><br>Case No. 20-31131 (HDH)<br>(Jointly Administered) |

**MOTION OF THE PETITIONING CREDITORS FOR (I) RECONSIDERATION OF DISCOVERY ORDERS; AND (II) RELATED RELIEF**

Jun Li, Yunding Kang, Cunxiang Ji, Jin Wang, Peng Guo, Lin Zhou, Qu Chen, Kai Tian, Yijing Wu, Xuegeng Gong, Jin Wang, Weijia Kong, Heng Zhang, Hong Guo, Pei Guan, Yue Xu, Mai Ye, Chenchen Jiang, Qiuying Li, Ruinian Wu, Lin Zhou, Liying Yang, Yan Zhang, Wenjun Wang, Lan Ji, Ying Zhou, Lin Li, Li Jiang, Rufeng Ding, Cunxiang Ji, Lin Gao, Qiao Qin, Yue Zhang, Xiaodong Hao, Tianqing Song, Li Jiang, Weisi Wang, Xiaoquan Dai, Feng Yan, Heng Zhang, Ou Jiang, Jinzhe Wu, Yadan Liu, Wanwan Li, Wenjuan Yin, Jiancheng Chen, Yi Tang, Ying Zhang, Pengfei Dong, Kangying Mao, Yijing Wu, Li Jiang, Qin Chu, Yulan Chen, Sicheng Zhan, Pei Guan, Jingqiu Tang, Di Tang, Jun Zeng, Kui Wang, Yue Zhang, Jun Wang, Xiaomin Fan, Di Tang, Jialin Hu, Qin Chu, Jiaxiang Lu, Fuqing Chen, Hanjiang Fu, Aiguo Luo, Fang Ding, Xiangdong Zhu, Wai Ying, Yuan Yuan, Chao Xu, Guoqin Zhou, Yijing Wu, (collectively, the "Petitioning Creditors"), by and through their undersigned counsel, hereby move this Honorable Court for the entry of orders (i) reconsidering the discovery orders as set forth herein and (ii) for related relief (the "Motion"). In support of this Motion, the Petitioning Creditors (at times the "Petitioners") respectfully state as follows:

---

[1]The Alleged Debtors in these cases are: WALL007 LLC, WALL009 LLC, WALL010 LLC, WALL011 LLC, WALL012 LLC, WALL016 LLC, WALL017 LLC. The Alleged Debtors' federal tax identification numbers are unknown to the Petitioning Creditors sat this time.

## JURISDICTION AND VENUE

1. The Court has jurisdiction over the subject matter of this proceeding pursuant to 28 U.S.C. §§ 157, 1331 and 1334.

2. This proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

3. Venue of this action is proper in this Court pursuant to 28 U.S.C. § 1409.

## RELEVANT PROCEDURAL BACKGROUND

4. The Petitioning Creditors filed involuntary chapter 7 bankruptcy petitions (collectively, the "Petitions") against each Alleged Debtor on April 8, 2020. See [Dkt. No. 1 in 20-31131]; [Dkt. No. 1 in 20-31133]; [Dkt. No. 1 in 20-31134]; [Dkt. No. 1 in 20-31135]; [Dkt. No. 1 in 20-31136]; [Dkt. No. 1 in 20-31138]; and, [Dkt. No. 1 in 20-31139].

5. On April 24, 2020, this Court entered an Order granting the Petitioning Creditors' motions to jointly administer the bankruptcy cases (the "Cases") under the lead case WALL007 LLC [Dkt. No. 11 in 20-31131] (the "Lead Case").

6. On May 7, 2020, each Alleged Debtor filed Motions to Dismiss. See [Dkt. Nos. 18–19 in 20-31131]; [Dkt. Nos. 15–16 in 20-31133]; [Dkt. Nos. 14–15 in 20-31134]; [Dkt. Nos. 14–15 in 20-31135]; [Dkt. Nos. 14–15 in 20-31136]; [Dkt. Nos. 14–15 in 20-31138]; and, [Dkt. Nos. 14–15 in 20-31139] (collectively, the "Motions to Dismiss").

7. The Motions to Dismiss seek dismissal of the Petitions alleging, *inter alia*, that: (1) there are an insufficient number of Petitioning Creditors to support the filing of the Petitions against the Alleged Debtors; (2) the Petitioning Creditors' claims are in bona fide dispute; (3) the Alleged Debtors are generally paying their respective debts; and (4) the Petitions are not in the best interests of each of the Alleged Debtors and their creditors. See Motions to Dismiss.

8. On June 1, 2020, the Petitioning Creditors sent a First Set of Interrogatories ("Interrogatories") and First Request for Production of Documents ("Document Requests") (collectively, the "Requests") to each of the Alleged Debtors.

9. On June 20, 2020, the Court entered a Joint Discovery Plan setting forth, among other matters, discovery deadlines.

10. Paper discovery was exchanged between the parties.

11. On July 10, 2020, at the repeated request of counsel for the Petitioning Creditors, the Petitioning Creditors' and the Alleged Debtors' counsel discussed the Alleged Debtors' responses to the Requests (the "Responses") in a failed attempt to amicably resolve the Petitioning Creditors' objections to the Responses.

12. Back and forth regarding potential resolutions to the various discovery disputes between the parties occurred for most of the month of July and into August, 2020.

13. On July 27, 2020, the Petitioning Creditors filed a Motion to Compel [Dkt. No. 92] requesting that the Alleged Debtors produce paper discovery in the case. On August 10, 2020, the Petitioning Creditors filed an amendment to the Motion to Compel [Dkt. No. 129] (the "Amended Motion to Compel") requesting that the Alleged Debtors produce for deposition (i) Timothy Barton; (ii) Venkat Murugan; (iii) Hongpeng Lin; and (iv) Saskya Bedoya.

14. Petitioning Creditors now seek the Court's reconsideration of, inter alia, the Orders entered on the Amended Motion to Compel (the "Petitioners Compel Order") and the Alleged Debtors "Motion to Quash" [Dkt. No. 133] (the "Quash Order) as set forth herein.

15. For consistency of the record, the Petitioning Creditors also seek reconsideration of the Orders entered on the Alleged Debtors First and Second Motions to Compel [Dkt. Nos. 165 and 169] ( the "Alleged Debtor Compel Orders") as explained more fully herein.

16. The aforesaid discovery motions and orders may, at times, be referenced herein collectively as the "Discovery Motions" and the "Discovery Orders" or the "Orders for Reconsideration".

## RELEVANT FACTUAL BACKGROUND

17. In the Amended Motion to Compel, the Petitioning Creditors specifically referenced to the Court, President Trump's proclamation issued on January 31, 2020 (the "Presidential Proclamation"). See Amended Motion to Compel, Exhibit "D" thereto.

18. The Presidential Proclamation (number 9984) states, in pertinent part:

> NOW, THEREFORE, I, DONALD J. TRUMP, President of the United States, by the authority vested in me by the Constitution and the laws of the United States of America, including sections 212(f) and 215(a) of the Immigration and Nationality Act (INA), 8 U.S.C. 1182(f) and 1185(a), and section 301 of title 3, United States Code, hereby find that the unrestricted entry into the United States of persons described in section 1 of this proclamation would, except as provided for in section 2 of this proclamation, be detrimental to the interests of the United States, and that their entry should be subject to certain restrictions, limitations, and exceptions. I therefore hereby proclaim the following:
>
> Section 1. Suspension and Limitation on Entry. The entry into the United States, as immigrants or nonimmigrants, of all aliens who were physically present within the People's Republic of China, excluding the Special Administrative Regions of Hong Kong and Macau, during the 14-day period preceding their entry or attempted entry into the United States is hereby suspended and limited subject to section 2 of this proclamation.

See Exhibit "A" hereto for the full text of the Presidential Proclamation.

19. The Alleged Debtors' Motions to Compel argued that the Petitioning Creditors had not met their paper discovery obligations.

20. Nowhere in the Alleged Debtors' Motions to Compel do the Alleged Debtors seek relief relative to the noticed depositions of certain of the Petitioning Creditors.

21. On August 5, 2020, counsel for the Alleged Debtors served notices of deposition subpoenas ("Debtor Deposition Notices") on counsel for the following Petitioning Creditors (the "Petitioner Deponents"): Fang Ding, Guoqin Zhou, Jialin Hu, Jiancheng Chen, Jingqiu Tang, Jun Zeng, Kui Wang, Wenjun Wang, Xiangdong Zhu, Xiaoquan Dai, Qin Chu, Li Jiang, Weisi Wang, Ying Zhou, Di Tang, Kangying Mao, Jiaxiang Lu, Jin Wang, Wanwan Li, Yijing Wu, Heng Zhang.

22. In the Motion to Quash, the Alleged Debtors inserted language requesting, *inter alia*, that the depositions of the Petitioner Deponents be taken in the United States before any depositions are taken of the Alleged Debtors' representatives or further motion practices proceeds in the Case.

23. Procedurally, the Alleged Debtors never filed a motion or other application requesting enforcement of their Debtor Deposition Notices on the Petitioner Deponents.

24. On August 13, 2020, the Petitioning Creditors filed their opposition to the Motion to Quash (the "Quash Opposition") and reiterated that the Petitioning Creditors, who are Chinese nationals and reside in mainland China, were unable to enter into the United States due to the ongoing COVID-19 pandemic and specifically because of the travel restrictions imposed by President Trump.

25. Paragraph 34 of the Quash Opposition states as follows:

> "However, as set forth in the Amended Motion to Compel, Petitioning Creditors cannot enter into the United States due to the ongoing COVID-19 pandemic and travel and quarantine restrictions imposed by both China and the United States."

26. On August 17, 2020, the Court held a hearing on the multiple contested discovery matters, including the Discovery Motions.

27. At the August 17th hearing, counsel for the Petitioning Creditors and the Court briefly discussed the implications of the travel ban to the U.S. from China due to the ongoing COVID-19 pandemic. In particular, the following discourse occurred:

```
      Why don't you address the ability of your approach to
be deposed, just as Ms. Lindauer did in her's.  She's saying
she needs 10 to 12 depositions.
               MR. PACKMAN:  And we're happy to provide those
by video, Your Honor.  I do not believe, based on COVID and
the restrictions on travel both from China and into the
United States, which would require a 14-day quarantine, that
we can do these depositions live in the United States.  If we
could, we would.  We think it's a little bit overkill to have
11 or 12 of these petitioning creditors to have to travel
here.  But if we would, we could -- if we could, we would.
We can only produce them now --
```

THE COURT: Yeah. What is the travel situation in China? I just know enough to be dangerous, just from reading in the paper. Are we still under a travel quarantine from China? I don't know what the status is right now.

MR. PACKMAN: Your Honor, based on what the most current information we have from the U.S. government website, there appears to still be a 14-day quarantine requirement for a Chinese national coming into the United States.

THE COURT: Uh-huh.

MR. PACKMAN: So I do agree with Ms. Lindauer that it's a predicament. It would be very expensive and costly for these petitioning creditors to come here. But I don't disagree with Ms. Lindauer that they have some right to ask them questions and prepare for the trial. I don't disagree with that. I just don't know what else to do right now. I just don't know what else to do.

THE COURT: Okay.

MR. PACKMAN: But we will make them available by video.

THE COURT: All right. Okay.

As far as the petitioning creditors' depositions. We will do everything possible to make them available for depositions so they can answer whatever relevant questions Ms. Lindauer has. But as I said, they are just not permitted to travel here at this moment, without being quarantined for at least two weeks. I think that would be unfair to require them to do that.

Tr. at 15:14–16:22; 28:8–28:14, August 17, 2020 (attached as Exhibit "B").

28. Despite the foregoing, and the travel ban pursuant to the Presidential Proclamation, the Court determined that the Petitioner Deponents would be required to enter into the United States for depositions and stated, in pertinent part, as follows:

The petitioning creditors did not really respond to alleged debtors' legality argument. Instead, the petitioners claim that the difficulties associated with the COVID-19 crisis should excuse them from traveling to the United States for in-person depositions. During the hearing, counsel for the petitioners did not specifically say there was a travel ban on Chinese nationals entering the United States. Rather, counsel argued that his clients would have to quarantine for 14 days upon entry to the United States and that doing so would be a great inconvenience.

The Court understands the great difficulty travel poses during the current pandemic. However, the Court also believes that litigants who seek the benefit of the United States law must follow its process. And here, a serious concern has been raised that taking video depositions would violate Chinese law. While traveling to the U.S. may be a great inconvenience and difficulty at this time, the Court believes it is necessary in this case to address both the legality issues and the identity concerns raised by the

CINDY SUMNER, CSR (214) 802-7196

5

alleged debtors. Accordingly, the motion to quash at docket number 133 is granted in part to require the petitioning creditors' depositions to be taken in-person, in the United States, at a time and place agreeable to the parties.

Tr. at 4:7–5:4, August 19, 2020 (attached as Exhibit "C").

29. The Court does not address counsel for Petitioners' statement or legal position in the corresponding brief, arguing that the Petitioners cannot enter directly into the U.S. pursuant to the travel ban.

30. Petitioners cannot enter directly into the U.S. for any purpose if they are foreign nationals of China under the Presidential Proclamation absent an exception being recognized under Section 2 of the law as set forth herein.

31. At the time of the hearing, Petitioners' counsel thought that Petitioners might potentially quarantine in the U.S. for 14 days but that is not legally the case under the Presidential Proclamation. No direct entry of a Chinese national into the U.S. is permitted to quarantine absent discrete exceptions.

32. Section 2 contains various exceptions to the direct travel ban in Section 1 which do not appear to apply here. Absent an Order by this Court deeming that the depositions of the Petitioners fall under a specific exception under Section 2 to the direct travel ban and, further, approval of such Order by the relevant federal authorities as a recognized exception to the direct travel ban, Petitioners simply cannot legally (under U.S. Law) travel directly here and enter the United States for any reason at this time.

33. Just as the Alleged Debtors were concerned about violating Chinese law (by conducting video depositions in China-addressed herein in more detail), Petitioners would violate U.S. law by seeking direct entry into the U.S. and, in fact, would not be permitted to enter the country.

34. Perhaps the law should have been discussed in greater detail at the hearing but the substance of the Presidential Proclamation was clearly attached to the Amended Motion to

Compel and apparently was inadvertently not fully considered or understood prior to the Court's ruling.

35. To be clear, the President has banned the Petitioners (who are Chinese nationals) from directly entering the United States pursuant to the Presidential Proclamation.

36. Fortunately, there is now a legal alternative which was not previously available and which runs directly contrary to prior arguments by counsel for the Alleged Debtors.

37. In her prior arguments, Ms. Lindauer posited that taking depositions in China are illegal and that the depositions could not be taken there or even in other territories. See Alleged Debtors' Motion to Quash Petitioners' Deposition Notices [Dkt. No. 133]; correspondence from Alleged Debtors' counsel Joyce Lindauer to the Court dated June 3, 2020 with the subject line "Memorandum On Conducting Depositions of Chinese Nationals in China" [Dkt. No. 45].

38. However, that is not the case as the government of Macau Special Administrative Region is now permitting Chinese nationals, such as the Petitioners, to travel to Macau where their depositions can be taken, either live by counsel or via video. See https://www.worldaware.com/covid-19-alert-macau-allows-tourists-zhuhai-china-aug-12.

39. Petitioners suspect that Hong Kong will follow suit in allowing direct travel by mainland nationals to Hong Kong soon but it has not yet.

40. There is a history of remote depositions which have taken place in Hong Kong, Macau and elsewhere. See Dagen v. CFC Grp. Holdings, 00 Civ. 5682, 2003 U.S. Dist. LEXIS 20029, 2003 WL 22533425, at *2 (S.D.N.Y. Nov. 7, 2003) (permitting testimony by telephone of witnesses based in Hong Kong); see also Jordan Outdoor Enters., Ltd. v. Hubei Wild Trees Textiles Co., 2014 BL 99734 (M.D. Ga. Apr. 09, 2014) (Chinese national deposed in Hong

Kong in Georgia litigation). See Exhibit “D” for a recent U.S. case ruling on the issue of video depositions in locations such as Hong Kong and Macau.

41. Also annexed as part of Exhibit “D” is a proposal for related Court reporting and interpreter services for video depositions in Macau. The reporting service conducts depositions (including those of Chinese nationals) in Macau and Hong Kong frequently and the cost is not prohibitive.

42. Pursuant to F.R.C.P. 29(a), “[u]nless the court orders otherwise, the parties may stipulate that: (a) a deposition may be taken before any person, at any time or place, on any notice, and in the manner specified—in which event it may be used in the same way as any other deposition.”

43. This change in the foreign law (regarding direct travel from China’s mainland to Macau) was not known to Petitioning Creditors’ counsel at the time of the Discovery Motions as it had only been enacted days prior to argument on the Discovery Motions.

44. There, is therefore, now a viable, legal option for the Alleged Debtors to depose the Petitioner Deponents in Macau which was not an option at the time of the Motion to Quash due to travel restrictions.

45. Based on the change in circumstances and law, the Court should reconsider its prior Discovery Orders.

**UNAUTHORIZED TRANSFER BY THE ALLEGED DEBTOR WALL010**

46. The Court should also be aware of a recent, unauthorized and possibly fraudulent conveyance, which was transacted by the Alleged Debtor, Wall010.

47. Annexed hereto as Exhibit “E” is a deed conveying an interest in real property (“Property”) in which Wall010 maintained an interest as of the Petition Date (the “Deed”).

48. The Deed, dated August 3, 2020, conveys the interests of the Alleged Debtor, Wall010 in the Property to an entity known as LC Aledo Texas, LLC ("Grantee"). See ¶ 7 of the Deed.

49. The Alleged Debtors did not seek Court approval for this post-petition transfer and it is not clear what consideration, if any, the Alleged Debtor received for such transfer of its interests.

50. The entity taking the Deed in Trust as grantee is seemingly related to the Alleged Debtor and Mr. Barton. See documents annexed as part of Exhibit "E."

51. The Alleged Debtors previously requested that this Court limit discovery so that the Petitioners cannot delve into such undisclosed transfers.

52. The Court noted in its opinion on August 19, 2020, as follows:

> as they become due are appropriate. That said, the petitioners are not entitled to seek written discovery or ask questions in depositions that delve into issues beyond the scope of Sections 303, 305(a), and 707(a). Along those lines, I do not see how the use of the loan proceeds received by the alleged debtors is relevant to these issues unless there is an allegation that their use gave rise to a preference or fraudulent transfer cause of action. Accordingly, the motion to quash at docket number 133 is denied in this respect.

Tr. at 6:4–6:8, August 19, 2020 (attached as Exhibit "C") (emphasis added).

53. At this time, given the Deed, the Petitioners request that the Court modify the Discovery Orders and allow the Petitioners to ask questions of the deponents regarding the use

of the proceeds of the Loans from the Petitioners and any transfers of interests of the Alleged Debtors both pre and post-petition.

**RELIEF REQUESTED AND BASIS THEREFOR**

**I. Rule 9023 is Satisfied on the Motion to Reconsider**

54. Federal Rule of Civil Procedure 59(e) (as applied to bankruptcy cases by Federal Rule of Bankruptcy Procedure 9023) permits a court to alter or amend a judgment after its entry. Fed. R. Civ. P. 59(e). Federal Rule 59(e) covers a broad range of motions, and the only real limitation on the type of the motion permitted is that it must request a substantive alteration of the judgment. Id.

55. Federal Rule 59(e) includes motions for reconsideration. Edward H. Bohlin Co. v. Banning Co., 6 F.3d 350, 355 (5th Cir. 1993). Since specific grounds for a motion to amend or alter are not listed in the rule, the Court enjoys considerable discretion in granting or denying the motion. Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. New York State Dep't of Envtl. Conservation, 831 F. Supp. 57, 61 (N.D.N.Y. 1993), aff'd in part, rev'd in part, 17 F.3d 521 (2d Cir. 1994) (finding that a motion for reconsideration will be granted only when the court has overlooked matters or controlling decisions that might have materially influenced earlier decision).

56. There are four independent grounds upon which Rule 59(e) motion may be granted, three of which apply in this case. First, the movant may demonstrate that the motion is necessary to correct manifest errors of law or facts upon which the judgment is based. Second, the motion may be granted so that the moving party may present newly discovered or previously unavailable evidence. Third, the motion will be granted if necessary to prevent manifest injustice. See 11 U.S.C. § 59(e); 11 Charles Alan Wright et al., Federal Practice and

Procedure § 2810.1, at 150-162 (3d ed. 2020) (outlining the grounds for amendment or alteration of judgment under Rule 59(e)).

57. A Federal Rule of Civil Procedure 59(e) motion "calls into question the correctness of a judgment" In re Transtexas Gas Corp., 303 F.3d 571, 581 (5th Cir. 2002).

58. Applying the three relevant Rule 9023 factors here, **respectfully**:

(a) The Court overlooked or incorrectly decided the matter contrary to the Presidential Proclamation;

(b) The relevant law was recently changed only a few short days prior to oral argument and counsel was unaware of this new development until recently;

(c) Since there is a fair and equitable solution at this point, the Court should allow the depositions of the Petitioner Deponents by video in Macau.

59. This provides the Alleged Debtors with their desired "face time" with the Petitioner Deponents and there will be no violations of U.S. or Chinese law to the knowledge of Petitioners.

60. Counsel for the Petitioner Deponents believe that such video (or live depositions in Macau if travel is preferred by Ms. Lindauer) can be agreed to by Petitioner Deponents and arranged within the next 30 days.

## II. Rule 9024 is Satisfied on the Motion to Reconsider

61. In the alternative, Federal Rule of Civil Procedure 60(b)(6) (as applied to bankruptcy cases by Federal Rule of Bankruptcy Procedure 9024) provides that among the grounds for relief from a final judgment, order, or proceeding is "any other reason justifying relief." Fed. R. Civ. P. 60(b)(6).

62. This "catchall" provision of the rule allows the Court to use its equitable power to prevent injustice in a wide range of circumstances and should be used utilized where extraordinary circumstances prevent a party from taking timely action to prevent or correct an erroneous judgment. In re Weisband, No. BAP AZ-10-1239, 2011 WL 3303453, at *8 (B.A.P. 9th Cir. June 13, 2011).

63. As discussed above, the Presidential Proclamation precludes the Petitioners, as a matter of law, from traveling directly into the United States at this time. However, there is a legal option now available to satisfy the concerns of the Court.

64. The depositions may be conducted in Macau, China by video or live if that is what counsel prefers.

65. The Court is further, respectfully, requested to revisit the Petitioners Compel Order which would limit their ability to ask questions of the Alleged Debtors regarding use of the Loan Proceeds and otherwise delve into assets of the Alleged Debtors which may have been transferred pre and post-petition by the Alleged Debtors.

66. Finally, in light of the Petitioners providing the Alleged Debtors with a legal option to depose the Petitioner Deponents, the Court is requested to modify the Discovery Orders so that Petitioners can proceed now, without further delay, in their discovery and motion practice.

Dated: September 15, 2020

/s/ *Stephen M. Packman*
Jiangang Ou
Nguyen & Chen LLP
11200 Westheimer Road Suite 120
Houston, TX 77042
(832) 767-0339
Fax : (832) 767-0669
Email: jou@nguyen-chen.com

Stephen M. Packman
Archer & Greiner, P.C.
Three Logan Square
1717 Arch St., Suite 3500
Philadelphia, PA 19103
215-246-3147
Email: spackman@archerlaw.com

*Counsel for the Petitioning Creditors*

219313350v2

**CERTIFICATE OF SERVICE**

I hereby certify that on September 15, 2020, I caused to be served a copy of the foregoing by electronic mail upon all parties receiving notice through the Court's CM/ECF Noticing System.

/s/ Stephen M. Packman
Stephen M. Packman, Esq.