# EXHIBIT "D"

Case 2:18-cv-01220-RSL Document 109 Filed 06/22/20 Page 1 of 4

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ZHIZHENG WANG,

Plaintiff,

v.

BRUCE HULL,

Defendant.

---

DECATHLON ALPHA III, L.P.,

Intervenor Plaintiff,

v.

ZHIZHENG WANG.

Intervenor Defendant.

NO. C18-1220RSL

ORDER GRANTING DEFENDANT'S MOTION TO COMPEL AND STAYING CASE

This matter comes before the Court on "Defendant's Motion to Compel the Deposition of Plaintiff Zhizheng Wang." Dkt. # 87. While attempting to schedule plaintiff's video deposition, defense counsel learned that "China does not permit attorneys to take depositions in China for use in foreign courts" and that "taking depositions, whether voluntary or compelled, and obtaining other evidence in China for use in foreign courts may, as a general matter, only be

accomplished through requests to its Central Authority under the Hague Evidence Convention." U.S. Dep't of State Bureau of Consular Affairs China Judicial Assistance Information (2019), https://travel.state.gov/content/travel/en/legal/Judicial-Assistance-Country-Information/China.html (last visited June 19, 2020). The Chinese law on which the State Department advisory is based, Article 277 of the Chinese Civil Law, provides that, except when coordinated in conformity with international treaties to which China is a party, "no foreign authority or individual is allowed to serve process, conduct investigation, or obtain evidence within the borders of People's Republic of China without permission" from the country's Central Authority.

Defendant, concerned that deposing plaintiff at his home in Beijing could expose defendant, his attorneys, and support staff to sanctions under Chinese law, notified plaintiff that the video deposition could not occur as previously contemplated and requested assistance in formulating another plan. Plaintiff refused, arguing that defendant was bound by his prior agreement to depose plaintiff at his home, that plaintiff's testimony has only limited relevance to this case, that defendant's interpretation of Chinese law is in error, that defendant's change of heart is harassment designed to inconvenience plaintiff, and that forcing plaintiff, a 69 year old man, to travel puts him at risk of COVID-19. Having reviewed the memoranda, declarations, and exhibits submitted by the parties, the Court finds as follows:

Defendant's interpretation of Chinese law is reasonable given the language of Article 277, the State Department's advisory, and U.S. case law regarding Article 277. While there is certainly a possibility that the Chinese authorities would construe the law narrowly so that it does not apply to foreign individuals who do not set foot within the borders of the People's

Republic of China and who have the cooperation of the Chinese citizen being deposed (*see* Dkt. # 92 at 2), the Court will not require defendant to bet on that outcome. *See Ji v. Jling, Inc.*, 2019 WL 1441130, at *2, 4, and 6 (E.D.N.Y. Mar. 31, 2019) (having previously required plaintiff to appear for deposition outside of China, the court struck his video-link trial testimony when it was revealed on cross-examination that he was physically located in China because the proceeding exposed the defense to legal sanctions).

Most of plaintiff's other arguments are likewise rejected. Defendant will not be held to a prior agreement which unknowingly put him, his counsel, the court reporter, and other participating foreigners in legal jeopardy. Nor can refusing to participate in a proceeding which appears to violate Chinese law reasonably be considered harassment, especially where defendant could have insisted that plaintiff appear in person in the jurisdiction where he chose to file this lawsuit but is instead seeking only a location that is indisputably lawful. And, finally, plaintiff has relevant information regarding at least two issues, standing and communications with defendant, making his deposition appropriate.

With regards to the current health crisis caused by the novel coronavirus, defendant is not demanding, and the Court will not require, that plaintiff board a flight for Seattle, Hong Kong, Macau, Seoul, or Taipei immediately. But plaintiff will not be permitted to refuse to be deposed while offering his declarations as evidence when it suits him. The Court recently denied plaintiff's motion for summary judgment, leaving unresolved the standing issue and noting that "[t]his determination is without prejudice to a motion for summary judgment directed at the issue" of standing. Dkt. # 108 at 4. The dispositive motion deadline is July 7, 2020, and defendant will not be required to file his motion until he has a chance to depose plaintiff without

Case 2:18-cv-01220-RSL Document 109 Filed 06/22/20 Page 4 of 4

fear of criminal entanglements in China.

For all of the foregoing reasons, defendant's motion to compel plaintiff to appear for deposition at a place where the parties can take his testimony without fear of reprisal by the People's Republic of China - such as Seattle, Hong Kong, Macau, Seoul, or Taipei - and using video conferencing software used commercially by court reporters is GRANTED. This matter is hereby STAYED until the deposition can occur. If the parties are able to reach agreement and conduct the deposition by July 1, 2020, the current case management schedule will be reinstated. The parties shall submit a joint status report upon completion of the deposition.

Dated this 22nd day of June, 2020.

Robert S. Lasnik
United States District Judge

**From:** Brooke Tredwell <international@planetdepos.com>
**Date:** September 14, 2020 at 9:53:04 AM EDT
**To:** "Packman, Stephen" <spackman@archerlaw.com>
**Subject: Re: [EXT MAIL] Depositions in Macau**
**Reply-To:** international@planetdepos.com

Good morning Steve,

Planet Depos is very active in Asia, and has been conducting remote (videoconference) depositions in both Hong Kong and Macau specifically for many years. We have completed hundreds of depositions in Hong Kong and Macau with our highly qualified Asian reporting teams - reporters, videographers, technicians, interpreters, videoconferencing suites and local printing services to name a few resources - many specifically located in Hong Kong.

Due to the difficulties posed by COVID-19 (ie., heightened travel regulations), most, if not all, depositions to Hong Kong and Macau are going forward via mobile videoconference. Our recommended software is Zoom due to its ease of use, high quality video/audio and stable connection.

So while most parties may be remote, we also understand there may still be need to supply a location for the deponent(s) to go to, where they will require a device equipped with webcam and microphone, and ideally a speaker phone. This can be where our local videoconferencing suite and location contacts in Hong Kong and Macau can be of assistance, and help to ensure an overall successful proceeding. We are also happy to work with our resources so that for any in-person services required, that they account for and meet pandemic safety precautions (ie., distancing and sanitizing).

There has been some instability in Hong Kong amid recent political protests; however we are still scheduling depositions locally there. In the wake of the demonstrations there may be decreased reliability and consistency with on-the-ground transportation, delayed or reduced opening times for offices and meeting spaces, temporary airport shutdowns, and potential flight delays. Of course there is the Macau option, and we also cover in nearby Taiwan and South Korea if these matters are of substantial concern.

We look forward to hearing more about your upcoming depositions in either Hong Kong or Macau. Please let us know if you have any further questions.

Kindly,

****Due to COVID-19 we are offering remote deposition services, including both teleconference and mobile videoconference. To learn more, please click here.****

**Brooke Tredwell** | Planet Depos
International Scheduling Case Manager
Worldwide Court Reporting & Litigation Technology
**t** 888.433.3767 | **f** 888.503.3767
International@planetdepos.com | planetdepos.com

**Did we Make It Happen for you today? Please tell us about your experience.**

On September 14, 2020, 7:48 AM EDT spackman@archerlaw.com wrote:

**[EXTERNAL]**

Brooke, thanks. Would you please also send me something indicating your companies experience with video depositions in Macau and Hong Kong? It doesn't have to be long.

**From:** Brooke Tredwell <international@planetdepos.com>
**Sent:** Friday, September 11, 2020 2:48 PM
**To:** Packman, Stephen <spackman@archerlaw.com>
**Subject:** [EXT MAIL] Depositions in Macau

Hello Steve,

Thank you for reaching out to Planet Depos for your deposition needs to Macau! Per our phone conversation today please see attached a Rate Sheet outlining

the potential costs, please let us know if you have any questions regarding these rates.

Please note the witness(es), or the location that we may provide for you in Macau, will need to supply a computer with a webcam and microphone. An Ethernet cable and speaker phone are also recommended, but per our phone chat, we are happy to look into Macau locations to which the witnesses could report, and possibly receive some level of onsite IT assistance. When you have your dates, we will work with you to ensure the location is sufficient for our needs.

When you are prepared to begin the scheduling process, please provide the following details:

- Full case name and number:
- Dates of depositions:
- How many depositions (and durations) do you anticipate?
- Will all the participating witnesses, in fact, be located in Macau?
- Noted your need for a remote reporter, videographer, and Mandarin interpreter.

(A remote videoconference technician will be provided separately).

We look forward to hearing from you soon and working with you!

****Due to COVID-19 we are offering remote deposition services, including both teleconference and mobile videoconference. To learn more, please click here.****

**Brooke Tredwell** | Planet Depos
International Scheduling Case Manager
Worldwide Court Reporting & Litigation Technology
**t** 888.433.3767 | **f** 888.503.3767
International@planetdepos.com | planetdepos.com

**Did we Make It Happen for you today? Please tell us about your experience.**

***Confidentiality Notice:*** *The information contained in this e-mail transmission and any attachments hereto constitutes confidential and/or privileged information. This information is intended for the sole use of the individual or entity to whom it is addressed. If you are not the intended recipient of this e-mail, you are hereby notified that any disclosure, copying, forwarding, distribution, or the taking of any action in reliance on this information, is strictly prohibited. If you have received this e-mail in error, please immediately notify us by telephone 888.433.3767 or by mail at 451 Hungerford Drive Suite 400, Rockville, MD 20850, to arrange for the return of this e-mail and contents.*

Planet Depos
We Make It Happen™

1100 Connecticut Avenue, NW
Suite 950
Washington DC 20036

**COURT REPORTING, VIDEOGRAPHY, INTERPRETATION, VIDEOCONFERENCING & CONFERENCE ROOM SERVICES RATE SHEET for ARCHER & GREINER, PC**
**MACAU**
**DATES TBD**
**TWO (2) DEPO DAYS**

***** Please note we are unable to hold dates, rates, make reservations or guarantee availability until we receive a signed Retention Agreement for the quoted matter, either from you or from a responsible party at your firm. *****

**COURT REPORTING SERVICES FEES**

| **Delivery** | **Per Page Rate** |
|---|---|
| Regular Delivery - Eight (8) Business Days * | $5.95 USD |
| | |
| Daily Attendance Fee (9a-5p): | $245 per day |

**160 page minimum*

**ADDITIONAL SERVICES**

| | |
|---|---|
| Mandarin Interpreter | $1,400-$2,100 up to 8 hours *(based on availability)* billed at 1.5X after 8 hours. |

**VIDEOGRAPHY**

| | |
|---|---|
| Videographer (9a-5p) - *Includes one set of uploaded MPEG files* | $1,200 USD per day |
| Overtime | $112.50 per half hour |

**CONFERENCE ROOM FEES**

| | |
|---|---|
| Cost Per Day | $1,500-$2,500 USD *(based on availability)* |
| Location | TBD |

**MOBILE VIDEOCONFERENCING SERVICES FEES (REMOTE TECHNICIAN INCLUDED)**

| | |
|---|---|
| Video Stream Setup Fee | $175 (includes first connection) |
| Additional video stream connections | $125 per connection |
| Hourly Rate | $195 per hour (2 hour minimum) |

**CANCELLATION**

| | |
|---|---|
| Court Reporter, Videographer & Videoconferencing | 3-5 business days: 50% of service fees will apply<br>2 or fewer business days: 100% cancellation of service fees will apply |
| Conference Room | *Based on availability* |
| Interpreter | *Based on availability* |

CONFIDENTIAL