Behrooz P. Vida, SBOT No. 20578040
Carla Reed Vida, SBOT No. 16674445
Helenna Bird, SBOT No. 24085205
THE VIDA LAW FIRM, PLLC
3000 Central Drive
Bedford, Texas 76021
Tel: (817) 358-9977
Fax: (817) 358-9988
ATTORNEYS FOR TAMAMOI, LLC and FDRE, INC.

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| IIN RE | § | Chapter 7 |
| WALL007 LLC, *et al.*,[1] | § | Case No. 20-31131 (HDH) |
| Debtor | § | (Jointly Administered) |
| | § | |

# AMENDED MOTION FOR RELIEF FROM STAY

TO THE HONORABLE JUDGE OF THE SAID COURT:

TAMAMOI, LLC, a Delaware limited liability company ("**Tamamoi**") and FDRE, INC., an Oregon corporation ("**FDRE**") (collectively "**Movant**"), file this *Amended Motion for Relief from Stay* (the "**Motion**"), against WALL010, LLC ("**Debtor**"), and would respectfully show the Court as follows:

## NOTICE

**RESPONSE REQUIRED.** THE TRUSTEE (IF ONE HAS BEEN APPOINTED) OR THE DEBTOR SHALL FILE A RESPONSE TO ANY MOTION FOR RELIEF FROM THE AUTOMATIC STAY WITHIN 14 DAYS FROM THE SERVICE OF THE MOTION.* THE DEBTOR'S RESPONSE SHALL INCLUDE A DETAILED AND COMPREHENSIVE STATEMENT AS TO HOW THE MOVANT CAN BE "ADEQUATELY PROTECTED" IF THE STAY IS TO BE CONTINUED. IF THE DEBTOR

1 The entities to be declared debtors are: WALL007 LLC, WALL009 LLC, WALL010 LLC, WALL011 LLC, WALL012 LLC, WALL016 LLC, and WALL017 LLC.

DOES NOT FILE A RESPONSE AS REQUIRED, THE ALLEGATIONS IN THE CREDITOR'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY SHALL BE DEEMED ADMITTED, UNLESS GOOD CAUSE IS SHOWN WHY THESE ALLEGATIONS SHOULD NOT BE DEEMED ADMITTED, AND AN ORDER GRANTING THE RELIEF SOUGHT MAY BE ENTERED BY DEFAULT.

UNDER BANKRUPTCY RULE 9006(3) SERVICE BY MAIL IS COMPLETE UPON MAILING; UNDER BANKRUPTCY RULE 9006(f), 3 DAYS ARE ADDED TO THE PERIOD FOR FILING A RESPONSE WHEN NOTICE OF THE PERIOD IS SERVED BY MAIL.

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §157 and §1334.

2. This is a core proceeding. This Motion constitutes a contested matter pursuant to Rule 9014 of the Bankruptcy Rules.

3. Section 362(a) of the Bankruptcy Code provides that the stay comes into effect upon the filing of a petition "under section … 303 of this title." Thus, section 362 applies during the gap period, preventing prepetition creditors from commencing or continuing any of the actions set forth in that section. *Musso v. Ostashko (In re Ostashko),* 333 B.R. 625 (E.D.N.Y. 2005); *Hanrahan v. Walterman (In re Walterman Implement Inc.),* 2007 Bankr. LEXIS 186 (Bankr. N.D. Iowa May 22, 2006); *Ostrander v. Gardner (In re Millivision, Inc.)*, 331 B.R. 515 (Bankr. D. Mass. 2005). One clear consequence of the stay during the gap period is that a post-filing creditor cannot enforce its claim absent stay relief.

4. This motion is brought pursuant to 11 U.S.C. §§ 105, 361, 362 and Bankruptcy Rule 4001.

5. Movant is the mortgagee on a piece of real estate which has the following legal description:

LEGAL DESCRIPTION

BEING a 195.4720 acre tract of land situated in the John N. Ely Survey, Abstract No.261, Johnson County, Texas and being all that certain called 195.501 acre tract of land described in Deed from Randolph M. Roten and Lisa Renne Roten to BSAG Properties Ltd. And recorded in Volume 4444, Page 156 of the Real Property Records of Johnson County, Texas.

BEGINNING at a RR Spike set for corner in County Road 506 at the East corner of said 195.501 acre tract of land and being at intersection of the Southwest line of Farm-to-Market Road No. 157 with the Southeast line of said 195.501 acre tract, said corner also being in the in the established Southeast line of said Ely Survey, same being the established Northwest line of the Absalom Williams Survey, Abstract No. 857;

THENCE South 59°40’46” West with said Survey lines and the Southeast line of said 195.501 acre tract a distance of 2,150.64 feet to a RR Spike found for corner at the South comer of said 195.501 acre tract, same being the East corner of a called 0.6 acre save and accept tract from the called 200 acre parent tract recorded in Volume 2170, Page 901 of said Real Property Records;

THENCE North 49°15’24” West across said Ely Survey and with the Southwest line of said 195.502 acre tract a distance of 444.86 feet to a ½" iron rod found for corner at an angle corner in said Southwest line, same being the No1iheast line of a called 124.051 acre tract of land described in Deed from Virginia
D. Rhinehart to Derrell G. Leonard and recorded in Volume 3557, Page 778 of said Real Property Records;

THENCE North 30°22’29” West with said Southwest and Northeast lines at a distance of 2921.20 feet passing a 5" metal corner post found for corner at the North corner of the above referenced 124.051 acre tract of land, same being the East corner of that ce1iain called 12.027 acre tract of land, Tract Two described in Deed from R. Pratt Phillips, et ux to Harper Cattle, L.L.C. and recorded in Volume 2476, Page 646 of said Real Property Records and continuing a total distance of 3,304.29 feet to RR spike found for the West corner of said 195.502 acre tract and being in County Road 507, the established Northwest line of said John N. Ely Survey, same being the Southeast line of the J. W. Harris Survey, Abstract No. 1072;

THENCE North 59°22'28" East with County Road 507, the Northwest line of said 195.502 acre tract and the Northwest line of said Ely Survey, same being the Southeast line of said Harris Survey a distance of 2,329.19 feet to a RR spike found for comer at the North corner of said 195.502 acre tract, same being the established North comer of said Ely Survey and being in the Southwest line of the J. Ware Survey, Abstract No. 913;

THENCE South 30°27’55” East with the Northeast line of said Ely Survey, the

Northeast line of said 195.502 acre tract and the Southwest line of said Ware Survey a distance of 162.69 feet to a ½" iron rod found for comer in the Southwest line of Farm-to-Market Road No. 157 and being at the beginning of a non-tangent curve to the left;

THENCE in a Southeasterly direction with said curve to the left having a radius of 358.31 feet, whose chord bears South 16°46'07" East -169.20 for an arc length of 170.81 feet;

THENCE with the East line of said 195.502 acre tract and the Southwest line of said Farm-to-Market Road the following:

South 30°27’37” East a distance of 454.30 feet to a½" iron rod found for corner;

South 24°44’51” East a distance of 100.50 feet to a ½" iron rod set for corner with cap marked "SANDS";

South 30°27’29” East a distance of 1,400.00 feet to a½" iron rod set for corner with cap marked "SANDS";

South 36°10’07” East a distance of 100.50 feet to a ½" iron rod set for corner with cap marked "SANDS";

THENCE South 30°27’29” East a distance of 1,356.00 feet back to the POINT OF BEGINNING AND CONTAINING 8,514,762 square feet or 195.4720 acres of land more or less

The (“**Property**”).

6. Movant agreed on a short-term basis to finance the purchase of the Property for Carnegie Development, LLC, a Delaware limited liability company, (“**Carnegie**”).

7. On December 28, 2018, Carnegie through Timothy Barton, its manager, signed a Promissory Note in the amount of $2,000,000.00 (the “**Promissory Note**”) and executed a Deed of Trust (the “**Deed of Trust**”), which was recorded on January 4, 2019. *See* Exhibits “A” and “B”. Also, Timothy Barton personally guaranteed Carnegie’s indebtedness to Movant. *See* Exhibit “C”.

8. The Promissory Note interest rate was 11.5% and it matured on June 27, 2020.

Also, on matured and unpaid amounts the Promissory Note required the lesser of 18% or the Highest Lawful Rate permitted by law.

9. Carnegie defaulted under the terms of the Promissory Note. Movant sent to Carnegie its notice of intent to accelerate. *See* Exhibit "D".

10. Movant posted the Property for the July 7, 2020, foreclosure date. *See* Exhibit "E". As of July 7, 2020, the payoff on the indebtedness to Movant was the sum of $2,150,882.15. This balance remains unpaid and is accruing interest and other applicable charges.

11. On July 6, 2020, Joyce Lindauer, Esq., bankruptcy counsel for the Debtor sent a letter to Movant's foreclosure attorney, Ian Ghrist, Esq., contending "[t]he funds used to purchase such Property included the funds of the Alleged Debtor and who has an interest in the Property and as such, the automatic stay that is in place applies to the Property." *See* Exhibit "F".

12. On July 6, 2020, at 9:48 p.m. Joyce Lindauer, Esq., sent an e-mail to Ian Ghrist, Esq., stating: "Need an update or I am told to file bankruptcy petition Thanks Joyce Lindauer". *See* Exhibit "G". Movant pushed for supporting documentation before agreeing to not go through with its scheduled foreclosure on July 7, 2020.

13. On July 7, 2020, at 9:55 a.m., Joyce Lindauer, Esq., took the following position: "If your client does foreclose I am told that a suit for wrongful foreclosure sale and stay violations will be filed So I would consider resetting and working something out". *See* Exhibit "G".

14. On July 7, 2020, for the first time ever, Carnegie and Debtor, through Timothy

Barton and Vance McMurry, Esq., provided the following documents to Movant:

1) Promissory Note allegedly executed between Carnegie and Debtor on July 16, 2018. *See* Exhibit "H".
2) Written Consent in Lieu of Special Meeting of Wall010, LLC, allegedly executed on December 30, 2018. *See* Exhibit "I".
3) Unrecorded Warranty Deed transferring the Property from Carnegie to Debtor allegedly executed on January 14, 2019. *See* Exhibit "J".

15. Movant has never had any contractual relationship with Debtor and therefore is not a creditor. However, Movant has been snagged in the web created by Timothy Barton, Carnegie and Debtor.

16. Despite its grave concerns regarding Exhibits "H" through "J", Movant deemed it prudent to not foreclose on the Property and seek relief from this Court.

17. It seems Carnegie transferred the Property to Debtor for payment of an alleged antecedent debt owed by Carnegie to Debtor because the note, Exhibit "H", was executed on July 16, 2018, and the transfer, Exhibit "J", did not take place until January 14, 2019.

18. Paragraph A.11 of the Deed of Trust specifically provides Carnegie had to "obtain the written consent of [Movant] prior to entering into any pledge, security agreement, mortgage, or deed of trust covering any portion of the Property." Carnegie did not obtain Movant's written consent. *See* Exhibit "B".

19. Paragraph B.9 of the Deed of Trust specifically provides "If [Carnegie] shall sell or convey all or any part of the Property or any interest therein, [Movant] may at [Movant's] option, declare the Note to be immediately due and payable, which option may be

exercised at any time following such sale and/or conveyance." *See* Exhibit "B". Had Movant been aware of the transfer of the Property from Carnegie to Debtor, it would have sought this Court's help much sooner.

20. Should this Court find that Debtor has an interest in the Property, since the Promissory Note has already matured and remains unpaid, Movant asserts failure to pay the full indebtedness is cause for termination of stay pursuant to section 362(d)(1) of the Bankruptcy Code.

21. Movant additionally points out that since entry of Interim Order [ECF No. 152], Movant has discovered that the fair market value of the Property is less than the debt owed. Movant contends the value of the Property is less than $1,600,000.00. Since as of July 7, 2020, the payoff on the indebtedness to Movant was the sum of $2,150,882.15, this means Debtor does not have any equity in the Property. Also, there is no intent to reorganize because the petitioning creditors are seeking to put Debtor in Chapter 7 bankruptcy and liquidate its assets. Therefore, the stay should be terminated pursuant to section 362(d)(2) of the Bankruptcy Code.

22. Should Debtor opt to file Chapter 11 bankruptcy, Movant contends that Debtor's Chapter 11 case would be a single asset real estate case and Movant would move for dismissal of the case based on bad faith due to the contradicting factual and legal positions that Timothy Barton, Carnegie and Debtor have been taking.

23. Debtor has made a representation to this Court in ECF No. 18, Case No. 20-31134, that its creditors are primarily insiders and professionals who are unsecured creditors. Should this Court determine that Debtor has an interest in the Property, then, Movant would be

Debtor's only secured creditor.

24. Movant contends that based on the facts of this case cause exists for the requirements of Bankruptcy Rule 4001(a)(3) to be waived so that Movant may once again post the Property for foreclosure.

WHEREFORE, PREMISES CONSIDERED, Movant prays for an order of the Court granting relief from stay so that it may proceed to take all remedies available to it under Texas law with respect to the Property and for such other and further relief as is just.

Respectfully submitted:

By: /s/ Behrooz P. Vida 10/7/2020

Behrooz P. Vida
State Bar No. 20578040
Carla Reed Vida
State Bar No. 16674445
Helenna Bird
State Bar No. 24085205
THE VIDA LAW FIRM, PLLC
3000 Central Drive
Bedford, Texas 76021
EMAIL: filings@vidalawfirm.com
TEL: (817) 358-9977
FAX: (817) 358-9988

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and forgoing instrument was served on the date that the instrument was filed electronically. Service was accomplished electronically and/or by first class mail to the parties indicated on the mailing matrix attached to the original certificate filed with the Court.

| | |
|---|---|
| WALL007 LLC, Debtor<br>13901 Midway Rd., Ste. 102<br>Dallas, TX 75244 | VIA US MAIL |
| Jiangang Ou<br>Nguyen & Chen LLP<br>11200 Westheimer Road, Suite 120<br>Houston, TX 77042 | VIA ECF |
| Stephen M. Packman<br>Archer & Greiner, P.C.<br>Three Logan Square<br>1717 Arch Street, Suite 3500<br>Philadelphia, PA 19103 | VIA ECF |
| Joyce W. Lindauer<br>Joyce W. Lindauer Attorney, PLLC<br>1412 Main Street, Suite 500<br>Dallas, TX 75202 | VIA ECF |
| Dee J. Kelly, Jr.<br>Katherine T. Hopkins<br>Joakim G. Soederbaum<br>KELLY HART & HALLMAN LLP<br>201 Main Street, Suite 2500<br>Fort Worth, TX 76102 | VIA ECF |
| Parties Having Filed NOA | VIA ECF |
| Office of United States Trustee | VIA ECF |

/s/ Behrooz P. Vida 10/7/2020
Behrooz P. Vida
Carla R. Vida