Joyce W. Lindauer
State Bar No. 21555700
Kerry S. Alleyne
State Bar No. 24066090
Guy H. Holman
State Bar No. 24095171
Joyce W. Lindauer Attorney, PLLC
1412 Main Street, Suite 500
Dallas, Texas 75202
Telephone: (972) 503-4033
Facsimile: (972) 503-4034
Attorneys for Alleged Debtors

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | **Chapter 7** |
| | § | |
| **WALL007 LLC, *et al.*[1],** | § | **Case No. 20-31131-hdh7** |
| | § | **(Jointly Administered)** |
| **Alleged Debtors.** | § | |

**WALL010, LLC'S OBJECTION TO**
**AMENDED MOTION FOR RELIEF FROM STAY**

**TO THE HONORABLE UNITED STATES BANKRUPTCY COURT:**

COMES NOW WALL010, LLC ("Alleged Debtor"), an Alleged Debtor in the above-styled and numbered bankruptcy case, and files its *Objection and Response to Amended Motion for Relief from Stay*, filed by TAMAMOI, LLC ("Tamamoi") and would respectfully show the Court as follows:

1. The Alleged Debtor admits the allegation in Paragraph 1 of the Motion that the Court has jurisdiction in this matter.

2. The Alleged Debtor admits the allegations in Paragraph 2 of the Motion to the extent that Fed. R. Bank. P 9014 applies to a contested motion for relief from the automatic stay.

[1] The Alleged Debtors in these cases are: WALL007 LLC, WALL009 LLC, WALL010 LLC, WALL011 LLC, WALL012 LLC, WALL016 LLC, and WALL017 LLC.

3. The Alleged Debtor admits the allegation in Paragraph 3 of the Motion as to the applicability of 11 U.S.C. § 362 during the gap period, and the inability of a creditor to enforce a claim without relief from the automatic stay.

4. The Alleged Debtor admits the allegation in Paragraph 4 of the Motion as to the referenced sections of the Bankruptcy Code (11 U.S.C. §§ 101 *et seq*.) and the referenced Bankruptcy Rule.

5. The Alleged Debtor admits the allegation in Paragraph 5 of the Motion that the Movant is the mortgagee on the realty (i.e. "Property") bearing the legal description provided.

6. The Alleged Debtor admits the allegation in Paragraph 6 of the Motion that Movant agreed to provide short-term financing to Carnegie Development, LLC ("Carnegie") to purchase the Property.

7. The Alleged Debtor admits the allegations in Paragraph 7 of the Motion as to the execution of a Promissory Note, Deed of Trust, and personal guaranty, but only to the extent that the documents so provide.

8. The Alleged Debtor admits the allegations in Paragraph 8 of the Motion as to applicable rates of interest and the maturity date only to the extent that the documents so provide.

9. The Alleged Debtor is without information sufficient to either admit or deny the allegations in Paragraph 9 of the Motion since it begs a response regarding an act or omission purportedly committed by another business entity, and whether or not such other business entity received notice of intent to accelerate maturity of the aforementioned Promissory Note.

10. The Alleged Debtor admits the allegations in Paragraph 10 of the Motion regarding the posting of the Property for foreclosure and the amount of alleged indebtedness, but only to the extent that the documents so provide. The Alleged Debtor denies the balance of the allegations in Paragraph 10 of the Motion.

11. The Alleged Debtor admits the allegations in Paragraph 11 of the Motion regarding the referenced communication between Debtor's bankruptcy counsel and the Movant's foreclosure attorney only to the extent the documents so provide.

12. The Alleged Debtor admits the allegations in Paragraph 12 of the Motion regarding the referenced communication between Debtor's bankruptcy counsel and the Movant's foreclosure attorney only to the extent the documents so provide.

13. The Alleged Debtor admits the allegations in Paragraph 13 of the Motion regarding the referenced communication between Debtor's bankruptcy counsel and the Movant's foreclosure attorney only to the extent the documents so provide.

14. The Alleged Debtor is without information sufficient with which to either admit or deny the allegations contained in Paragraph 14 of the Motion since it begs a response regarding documentation provided by another business entity.

15. The Alleged Debtor admits the allegation in the first sentence of Paragraph 15 of the Motion that the Movant is not a creditor because it and Debtor have never engaged in a contractual relationship. The Alleged Debtor denies the remaining allegation that it in any way created a "web" with Timothy Barton and Carnegie in an effort to "snag" the Movant.

16. The Alleged Debtor admits the allegation in Paragraph 16 of the Motion that Movant did not foreclose on the Property.

17. The Alleged Debtor denies the allegations in Paragraph 17 of the Motion regarding the alleged transfer of property for payment of a pre-existing debt.

18. The Alleged Debtor admits the allegations contained in Paragraph 18 of the Motion only to the extent the documents so provide, but denies the assertion that any written consent was required.

19. The Alleged Debtor admits the allegations contained in Paragraph 19 of the Motion only to the extent the documents so provide, but is without any information permitting it to admit nor deny the Movant's assertion of exactly what facts the Movant was aware and what hypothetical actions it may have taken given awareness of such.

20. The Alleged Debtor denies the allegation in Paragraph 20 of the Motion as to the existence of cause permitting termination of the automatic stay.

21. The Alleged Debtor denies the allegations in Paragraph 21 of the Motion as to the supposition of fair market value of the Property since no valuation method or calculus has been identified, and no proof of formal or expert value assessment has been tendered for review. As such any determination of equity is likewise conjecture. Alleged Debtor admits the allegation that Petitioners are seeking to involuntarily place Debtor in Chapter 7 bankruptcy and liquidate its assets, but notes that such Petitioners are without standing, their petition was filed in bad faith, and they have failed to prosecute their case in accordance with various orders issued by this Court and with any sense of alacrity. As such, their involuntary bankruptcy filing is unsupportable. Thus, Alleged Debtors have moved this Court for dismissal of these proceedings. Should such be granted, any requested termination of the automatic stay would be moot.

22. The Alleged Debtor denies the allegations contained in Paragraph 22 of the Motion to the extent that such is mere supposition that the Debtor will file for protection under Chapter 11 of the Bankruptcy Code, which the Alleged Debtor has no intent to do. As such, discussion of this point has no relevance or bearing on the matter at hand.

23. The Alleged Debtor denies the allegation contained in Paragraph 23 of the Motion both as to the nature of the creditors in the referenced case, and to the designation of the Movant as a creditor since there is admittedly no credit relationship between the Alleged Debtor and the

Movant as noted in Paragraph 15 of the Motion and in Paragraph 15 of this Objection and Response.

24. The Alleged Debtor denies the allegations in Paragraph 24 of the Motion that any cause exists that may allow waiver of Fed. R. Bankr. P. 4001(a)(3) thereby permitting the re-posting of the property for foreclosure.

WHEREFORE, PREMISES CONSIDERED, the Alleged Debtor requests that this Court enter an order denying the relief requested in the Motion, and for such other and further relief to which the Alleged Debtor may be justly entitled.

Dated: October 14, 2020.

Respectfully submitted,

*/s/ Joyce W. Lindauer*

Joyce W. Lindauer
State Bar No. 21555700
Kerry S. Alleyne
State Bar No. 24066090
Guy H. Holman
State Bar No. 24095171
Joyce W. Lindauer Attorney, PLLC
1412 Main Street, Suite 500
Dallas, Texas 75202
Telephone: (972) 503-4033
Facsimile: (972) 503-4034
Attorneys for Alleged Debtors

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on October 14, 2020, a true and correct copy of the foregoing document was served via email pursuant to the Court's ECF system upon the parties listed below.

Robert W. Buchholz
bob@attorneybob.com

Katherine T. Hopkins
katherine.thomas@kellyhart.com

Joyce W. Lindauer
joyce@joycelindauer.com, dian@joycelindauer.com;gina@joycelindauer.com

Steven C. Metzger
smetzger@pmklaw.com

Jiangang Ou
jou@nguyen-chen.com, ahuber@archerlaw.com

Stephen M. Packman
spackman@archerlaw.com, jgarcia@archerlaw.com,ahuber@archerlaw.com

Michael P. Ridulfo
mridulfo@krcl.com, dtrevino@krcl.com;mridulfo@ecf.courtdrive.com

Patrick D. Sullivan
sullivan@hooverslovacek.com

United States Trustee
ustpregion06.da.ecf@usdoj.gov

Behrooz P. Vida
filings@vidalawfirm.com, legalprokirstin@gmail.com;bkfilings@yahoo.com

*/s/ Joyce W. Lindauer*
Joyce W. Lindauer