# EXHIBIT H

# PROMISSORY NOTE

**$1,350,239.57** **July 16, 2018**

**FOR VALUE RECEIVED**, the undersigned **CARNEGIE DEVELOPMENT, LLC**, a Delaware limited liability company (hereinafter referred to as "Maker"), promises to pay to **WALL 010, LLC**, a Texas limited liability company, (hereinafter referred to as "Payee"; Payee, and any subsequent holder(s) hereof, being hereinafter referred to collectively as "Holder"), in which Maker is the managing member of, at the office of Payee or at such other place as Holder may designate to Maker in writing from time to time, the principal sum of **One Million Three Hundred Fifty Thousand Two Hundred Thirty-Nine and 57/100 Dollars ($1,350,239.57)** together with interest thereon, or so much thereof as is from time to time outstanding and unpaid, at the rates hereinafter set forth, in lawful money of the United States of America, which shall at the time of payment be legal tender in payment of all debts and dues, public and private, such principal and interest to be paid in the following manner:

1. Interest Accrual. Interest shall accrue on the unpaid principal balance at the rate equal to three (3%) percent per annum (the "Regular Interest Rate").

2. Maturity Date. Notwithstanding anything in the Note to the contrary, the absolute maturity date (the "Maturity Date") of the loan evidenced by this Note shall be the later of the second anniversary of the date of this Note. Upon such Maturity Date, Maker shall pay all accrued and outstanding interest and all of the outstanding principal balance. Any payments made shall first be applied to accrued but unpaid interest and then to the unpaid principal amount of this Note.

3. INTENTIONALLY OMITTED.

4. Prepayment. Maker may prepay all or any portion of the unpaid principal balance of this Note in cash or other immediately available funds at any time prior to the Maturity Date.

5. Events of Default. For purposes of this Note, each of the following events shall constitute an "Event of Default" hereunder: (i) failure of Maker to pay the principal amount or interest when due hereunder; (ii) failure of Maker to pay when due the principal amount or interest on any of the other Partner Notes; (iii) the commencement of a voluntary case or other proceeding seeking liquidation, reorganization or other relief with respect to Maker or Maker's debts under the federal bankruptcy laws, as now constituted or hereafter amended, or under any other bankruptcy, insolvency, or similar law now or hereafter in effect; (iv) the commencement of an involuntary case or other proceeding seeking liquidation, reorganization or other relief with respect to Maker or Maker's debts under the federal bankruptcy laws, as now constituted or hereafter amended, or under any other bankruptcy, insolvency or similar law now or hereafter in effect, and such case or other proceeding shall not be vacated or dismissed within sixty (60) days after its commencement; (v) the entry of an order for relief by any court having jurisdiction in any involuntary bankruptcy case filed against Maker under the federal bankruptcy laws, as now constituted or hereafter amended; or (vi) the appointment of a receiver, trustee, liquidator or custodian for Maker or for all or a significant portion of Maker's assets or affairs. In the event of an Event of Default, (i) the principal indebtedness evidenced hereby, together with all unpaid interest accrued thereon, shall, at the option of Holder and upon written notice to Maker, at once become due and payable and may be collected forthwith, regardless of the stipulated Maturity Date and (ii) the

outstanding principal balance hereunder shall thereafter bear interest at a per annum interest rate equal to the Regular Interest Rate plus six percent (6%) per annum.

6. INTENTIONALLY OMITTED.

7. Usury Savings Clause. If from any circumstances whatsoever, fulfillment of any provision of this Note or of any other instrument evidencing or securing the indebtedness evidenced hereby, at the time performance of such provision shall be due, shall involve transcending the limit of validity presently prescribed by any applicable usury statute or any other applicable law, with regard to obligations of like character and amount, then ipso facto, the obligation to be fulfilled shall be reduced to the limit of such validity, so that in no event shall any exaction be possible under this Note or under any other instrument evidencing or securing the indebtedness evidenced hereby, that is in excess of the current limit of such validity, but such obligation shall be fulfilled to the limit of such validity.

8. Waiver. Presentment for payment, demand, protest and notice of demand, protest and non-payment and all other notices are hereby waived by Maker.

9. Time. Time is of the essence.

10. Governing Law. This Note is intended as a contract under and shall be construed and enforceable in accordance with the laws of the State of Texas, without regard to it conflict of laws provisions with venue and forum being in Dallas County, Texas.

11. Parties. As used herein, the terms "Maker" and "Holder" shall be deemed to include their respective heirs, successors, legal representatives and assigns, whether by voluntary action of the parties or by operation of law.

12. Binding. This Note shall be binding on the parties hereto and their respective heirs, legal representatives, executors, successors and assigns.

13. Modification. Neither this Note nor any provision hereof may be waived, amended or modified except pursuant to an agreement or agreements in writing entered into by Maker and Holder.

14. Severability. Any provision of this Note held to be invalid, illegal or unenforceable in any jurisdiction shall, as to such jurisdiction, be ineffective to the extent of such invalidity, illegality or unenforceability without affecting the validity, legality and enforceability of the remaining provisions hereof; and the invalidity of a particular provision in a particular jurisdiction shall not invalidate such provision in any other jurisdiction.

**MAKER**

CARNEGIE DEVELOPMENT, LLC

______________________________
Tim Barton, President