Behrooz P. Vida, SBOT No. 20578040
Carla Reed Vida, SBOT No. 16674445
Helenna Bird, SBOT No. 24085205
THE VIDA LAW FIRM, PLLC
3000 Central Drive
Bedford, Texas 76021
Tel: (817) 358-9977
Fax: (817) 358-9988
ATTORNEYS FOR TAMAMOI, LLC and FDRE, INC.

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| IIN RE | § | Chapter 7 |
| WALL007 LLC, *et al.*,[1] | § | Case No. 20-31131 (HDH) |
| Debtor | § | (Jointly Administered) |
| | § | |

## **OPPOISITION TO MOTION TO CONTINUE**

TO THE HONORABLE JUDGE OF THE SAID COURT:

TAMAMOI, LLC, a Delaware limited liability company ("**Tamamoi**") and FDRE, INC., an Oregon corporation ("**FDRE**") (collectively "**Creditor**"), file this *Opposition to Motion to Continue* (the "**Motion**"), against WALL010, LLC ("**Debtor**"), and would respectfully show the Court as follows:

1. Creditor admits paragraph 1 of Debtor's Motion.

2. Creditor admits paragraph 2 of Debtor's Motion.

3. Creditor admits paragraph 3 of Debtor's Motion.

4. In response to paragraph 4 of Debtor's Motion, Creditor points out that this Court entered its Interim Order [ECF No. 152], authorizing Creditor to amend its original motion for

1 The entities to be declared debtors are: WALL007 LLC, WALL009 LLC, WALL010 LLC, WALL011 LLC, WALL012 LLC, WALL016 LLC, and WALL017 LLC.

relief from stay. It is preposterous for Debtor to fain surprise and argue that it had no idea the value of the property made the subject of Creditor's relief from stay (the "**Property**"), which was transferred to Debtor via a shell game, would not be an issue in a final hearing when it had been ordered by this Court to pay $30,000 in adequate protection payments. By claiming that the amended motion for relief was not set for a hearing, Debtor is misrepresenting the fact that on October 8, 2020 a notice of hearing was filed advising Debtor that the amended motion for relief from stay would be heard on the same day and at the same time as the original motion for relief from stay. [ECF No. 180]. Debtor had notice and knowledge that it was set for a final hearing on October 19, 2020. Creditor points out that affidavits are only attached for preliminary hearings and not final hearings, therefore, there was no need to prepare and file an affidavit. *See* L.B.R. 4001-1(e).

5. In response to paragraph 5 of Debtor's Motion, Creditor points out that Creditor complied with its obligation, in this contested matter, in accordance with L.B.R. 4001-1(d). Continuously, Debtor has chosen to rely on Timothy Barton and his opinion as to the value of the Property in order to argue that there was equity in the property and the stay should not be lifted. *See* ECF Nos. 121, 123 and 186-3]. After seeing the appraisal report made an exhibit on Creditor's list of exhibits, now Debtor wants to delay, change course and move away from reliance on Timothy Barton. If Debtor was so unsure of what issues would be litigated at the final hearing, it should have sought expedited discovery under L.B.R. 4001-1(c), but it chose not to do. Also, it did not contact Creditor's counsel to discuss the final hearing.

6. In response to paragraph 6 of Debtor's Motion, Creditor points out that Creditor complied with its obligation, in this contested matter, in accordance with L.B.R. 4001-1(d).

7. In response to paragraph 7 of Debtor's Motion, Creditor points out that Creditor complied with its obligation, in this contested matter, in accordance with L.B.R. 4001-1(d), however, Debtor is attempting to impose duties on Creditor that are non-existent under the Bankruptcy Code, the bankruptcy rules or the local rules.

8. In response to paragraph 8 of Debtor's Motion, Creditors points out that Debtor misstates the standard for granting a motion for continuance by limiting the outcome to a benefit to be received by Debtor and its estate, and completely ignoring the prejudice to Creditor whose mortgage note (a) fully matured almost four months ago, (b) has been in default for more than six months on monetary basis, (c) has been in default for more than ten months on non-monetary basis and (d) who never extended a loan to Debtor but has been snagged in an involuntary bankruptcy due to a shell game played by Carnegie Development, LLC and Debtor, who are both managed by Timothy Barton.

9. Creditors requests that Debtor's motion for continuance be denied and that the final hearing on the motion for relief from stay be heard on October 19, 2020 as scheduled.

WHEREFORE, PREMISES CONSIDERED, Movant prays for an order of the Court denying the motion for continuance and for such other and further relief as is just.

Respectfully submitted:

By: /s/ Behrooz P. Vida 10/17/2020
Behrooz P. Vida
State Bar No. 20578040
Carla Reed Vida
State Bar No. 16674445
Helenna Bird
State Bar No. 24085205
THE VIDA LAW FIRM, PLLC
3000 Central Drive
Bedford, Texas 76021

EMAIL: filings@vidalawfirm.com
TEL: (817) 358-9977
FAX: (817) 358-9988

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on October 16, 2020, a true and correct copy of the foregoing document was served via email pursuant to the Court's ECF system upon the parties listed below.

Robert W. Buchholz
bob@attorneybob.com

Darrell Wayne Cook on behalf of Creditor Fargo Consultants, Inc.
dwcook@attorneycook.com; all@attorneycook.com

Katherine T. Hopkins
katherine.thomas@kellyhart.com

Joyce W. Lindauer
joyce@joycelindauer.com; dian@joycelindauer.com; ina@joycelindauer.com

Steven C. Metzger
smetzger@pmklaw.com

Jiangang Ou
jou@nguyen-chen.com; ahuber@archerlaw.com

Stephen M. Packman
spackman@archerlaw.com; jgarcia@archerlaw.com; ahuber@archerlaw.com

Michael P. Ridulfo
mridulfo@krcl.com; dtrevino@krcl.com; mridulfo@ecf.courtdrive.com

Patrick D. Sullivan
sullivan@hooverslovacek.com

United States Trustee
Ustpregion06.da.ecf@usdoj.gov

Behrooz P. Vida
filings@vidalawfirm.com; legalprokirstin@gmail.com; bkfilings@yahoo.com

/s/ Behrooz P. Vida 10/17/2020
Behrooz P. Vida