Joyce W. Lindauer
State Bar No. 21555700
Kerry S. Alleyne
State Bar No. 24066090
Guy H. Holman
State Bar No. 24095171
Joyce W. Lindauer Attorney, PLLC
1412 Main Street, Suite 500
Dallas, Texas 75202
Telephone: (972) 503-4033
Facsimile: (972) 503-4034
Attorneys for Alleged Debtors

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | **Chapter 7** |
| | § | |
| **WALL007 LLC, *et al.*[1],** | § | **Case No. 20-31131-hdh7** |
| | § | **(Jointly Administered)** |
| **Alleged Debtors.** | § | |

**NOTICE OF HEARING**

Please take notice that a hearing on the following documents will be held on **December 30, 2020 at 9:00 a.m.** before the Honorable Harlin D. Hale, United States Bankruptcy Court. The Webex hearing link will be posted to Judge Hale's web page and may be accessed here: https://www.txnb.uscourts.gov/judges-info/hearing-dates/judge-hales-hearing-dates. Parties are requested to review the Webex information and Tips (attached) prior to the hearing.

1. Motion to Dismiss Case [Docket No. 18];
2. Motion for Substitution of Real Party-in-Interest [Docket No. 20];
3. Motion for Bond [Docket No. 21];
4. Motion for Award of Fees, Costs and Damages [Docket No. 22]; and
5. Motion to Abstain [Docket No. 23].

[1] The Alleged Debtors in these cases are: WALL007 LLC, WALL009 LLC, WALL010 LLC, WALL011 LLC, WALL012 LLC, WALL016 LLC, and WALL017 LLC.

Dated: October 29, 2020.

Respectfully submitted,

*/s/ Joyce W. Lindauer*

Joyce W. Lindauer
State Bar No. 21555700
Kerry S. Alleyne
State Bar No. 24066090
Guy H. Holman
State Bar No. 24095171
Joyce W. Lindauer Attorney, PLLC
1412 Main Street, Suite 500
Dallas, Texas 75202
Telephone: (972) 503-4033
Facsimile: (972) 503-4034
Attorneys for Alleged Debtors

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on October 29, 2020, a true and correct copy of the foregoing document was served via email pursuant to the Court's ECF system upon the parties listed below.

Robert W. Buchholz
bob@attorneybob.com

Darrell Wayne Cook on behalf of Creditor Fargo Consultants, Inc.
dwcook@attorneycook.com, all@attorneycook.com

Katherine T. Hopkins
katherine.thomas@kellyhart.com

Joyce W. Lindauer
joyce@joycelindauer.com, dian@joycelindauer.com;gina@joycelindauer.com

Steven C. Metzger
smetzger@pmklaw.com

Jiangang Ou
jou@nguyen-chen.com, ahuber@archerlaw.com

Stephen M. Packman
spackman@archerlaw.com, jgarcia@archerlaw.com,ahuber@archerlaw.com

Michael P. Ridulfo
mridulfo@krcl.com, dtrevino@krcl.com;mridulfo@ecf.courtdrive.com

Patrick D. Sullivan
sullivan@hooverslovacek.com

United States Trustee
Ustpregion06.da.ecf@usdoj.gov

Behrooz P. Vida
filings@vidalawfirm.com; legalprokirstin@gmail.com; bkfilings@yahoo.com

*/s/ Joyce W. Lindauer*
Joyce W. Lindauer

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**
**OFFICE OF THE CLERK**

**October 9, 2020**

# CLERK'S NOTICE 20-04

## PARTICIPATING IN BANKRUPTCY COURT HEARINGS BY VIDEOCONFERENCE

During the COVID-19 Pandemic, the Northern District of Texas Bankruptcy Court is conducting most of its hearings virtually, using WebEx video conferencing. There is no fee/charge of any kind for the participants, although you will have to download the WebEx application to your electronic device. The WebEx meeting link, meeting number, and access code will be posted on the judge's webpage and/or on the ECF docket for the case. Please review the information below **prior to** participating in a hearing via WebEx.

## CONNECTION INSTRUCTIONS FOR PARTICIPATING IN A WEBEX VIRTUAL HEARING

The court will allow participation in a virtual hearing using either of the following two methods. Please connect at least 10 minutes prior to the hearing time. It is recommended that attorneys discuss the logistics of the WebEx appearance with their clients/witnesses at least 48 hours before the hearing.

### Option 1: Using the WebEx app on your smartphone, tablet, laptop, or desktop.

It is strongly preferred that participants who may speak during a hearing use the WebEx application rather than using the "call-in" option described in Option 2.

Attorneys and/or witnesses who anticipate offering extensive testimony or legal argument or conducting examination are required to utilize the video function. The court may consider special requests for other appearance options on a case by case basis.

Please connect using only one device. Using two or more devices may cause audio feedback issues.

If using a phone or tablet for video, it should be set in a stationary position. Holding a phone or tablet in your hand while speaking does not yield a good video for the court.

**NOTE: If you are experiencing audio issues when using the WebEx application,** you may use the "Call Me At" selection under "Audio Connection" to move just the audio portion of the WebEx conference to your telephone.

### Option 2: Call-in via phone (audio only).

The meeting number/access code changes with each meeting and will be made available, along with the dial-in number on the WebEx link and instructions sheet found on the judge's webpage and/or on the ECF docket for the case.

## HELPFUL HINTS AND ETIQUETTE

- Please use the mute function when you are not speaking. Please be aware that sometimes the court mutes everyone when there is background noise. When you want to speak, make sure you are not on mute. Call-in users should dial *6 to unmute your line.
- Remember to state your name for the record each time before speaking and speak slowly and clearly so the court can get a good record.
- Use headphones whenever possible, especially if using a desktop PC with external speakers. We have found that newer iPhones provide the best visual and audio feed – better than most desktop computers. If you are on a personal computer, headphones or earbuds are required for those who need to speak during the hearing.
- During examination, attorneys and witnesses should use a separate camera and microphone when possible. To avoid feedback, parties using separate devices must not be in the same room. The court may consider special requests on a case by case basis.
- WebEx participants may use the "share" button to easily share their screen or document with the court or other WebEx participants. Press “stop sharing” to remove the presentation from the meeting.
- When making an appearance from a vehicle, please park in a safe location with windows rolled up (to minimize background distraction and noise) and use a headset that is ear-to-phone (not the vehicle’s hands-free speaker-phone option).
- Suggestions for participating in a WebEx hearing from home: If you are having connectivity problems, turn off devices that may be using bandwidth on your home network. Devices or applications such as Facetime, Roku, streaming media players, video games, or large downloads can negatively impact the audio and video quality of the WebEx meeting.
- Participants are reminded that they should wear attire suitable for court.
- Participants who wish to test their WebEx connection or the share screen functionality in advance of the hearing may arrange a “practice run” by contacting the courtroom deputy.

## EXHIBITS AND DEMONSTRATIVE AIDS

Exhibits should be filed ahead of time by the date that they would normally be exchanged pursuant to our local rules using the "notice" or "list (witness/exhibit/generic)" event in ECF. For voluminous exhibits, please contact the courtroom deputy, as it may be necessary for you to provide the court with an exhibit notebook or zip file in advance of the hearing.

Demonstrative aids and Power Points should also be filed prior to the hearing, if possible. If not, WebEx has the ability to allow you to share your screen, or a particular document, with everyone in the hearing. If these documents are admitted as exhibits, they would then have to be filed after the hearing.

During the hearing, lawyers can refer to (and offer) their exhibits by referencing the exhibit’s docket number for the court and all to access. After the hearing, the court will create a Minute Entry reflecting which exhibits were admitted. You should consider emailing exhibits to witnesses ahead of time since they may not have access to PACER.