Joyce W. Lindauer
State Bar No. 21555700
Kerry S. Alleyne
State Bar No. 24066090
Guy H. Holman
State Bar No. 24095171
Joyce W. Lindauer Attorney, PLLC
1412 Main St., Suite 500
Dallas, Texas 75202
Telephone: (972) 503-4033
Facsimile: (972) 503-4034
Attorneys for Alleged Debtors

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | **Chapter 7** |
| | § | |
| **WALL007 LLC, *et al.*[1],** | § | **Case No. 20-31131-hdh7** |
| | § | **(Jointly Administered)** |
| **Alleged Debtors.** | § | |

**ALLEGED DEBTORS' OBJECTION AND RESPONSE TO**
**PETITIONING CREDITORS' MOTION FOR PROTECTIVE ORDER**

**TO THE HONORABLE UNITED STATES BANKRUPTCY COURT:**

COME NOW WALL007, LLC *et al.* ("Alleged Debtors"), Alleged Debtors in the above-styled and numbered bankruptcy case, and file this their *Objection and Response to Petitioning Creditors' Motion for Protective Order* (the "Motion"), and in support thereof would respectfully show the Court:

1. As a preface to the Alleged Debtors' Objection and Response, the Alleged Debtors call the following to the attention of the Court from the oral ruling on August 19, 2020 (nearly eleven weeks ago):

[1] The Alleged Debtors in these cases are: WALL007 LLC, WALL009 LLC, WALL010 LLC, WALL011 LLC, WALL012 LLC, WALL016 LLC, and WALL017 LLC.

- "The Petitioning Creditors did not really respond to Alleged Debtors' legality argument. Instead, the Petitioners claim that the difficulties associated with the COVID-19 crisis should excuse them from traveling to the United States for in-person depositions. During the hearing, counsel for the Petitioners did not specifically say there was a travel ban on Chinese nationals entering the United States. Rather, counsel argued that his clients would have to quarantine for 14 days upon entry to the United States and that doing so would be a great inconvenience."
- "The Court also believes that litigants who seek the benefit of the United States law must follow its process. And here, a serious concern has been raised that taking video depositions would violate Chinese law. While traveling to the US may be a great inconvenience and difficulty at this time, the Court believes it is necessary in this case to address both the legality issues and the identity concerns raised by the Alleged Debtors."
- "Because the willingness of the Petitioners to attend in-person depositions will affect several threshold issues, including the ability of the Petitioning Creditors to carry their evidentiary burdens and the identity concerns raised by the Alleged Debtors, **the Court will require that there is an agreement signed by counsel for the Petitioning Creditors that the Petitioning Creditors will appear for live depositions in the United States before any other discovery or motion practice will continue**."

All of the foregoing are contained in each of the Orders issued on September 4, 2020, requiring that:

- No discovery or motions practice shall continue unless and until a live deposition agreement signed by counsel for Petitioners is filed with the Court....
- Petitioners are required to sign their answers to their interrogatories with their own "wet signatures" as opposed to the signature of Petitioners' counsel;
- Petitioners will provide Alleged Debtors with copies of passports of all of the Petitioners, upon request and that such passports will be submitted to the Court for in-camera inspection, upon request;
- Petitioners' depositions shall be required to be taken in person in the United States, at a time and place agreeable to the Parties;
- Petitioners are required to produce all documents concerning transfers of funds from Chinese accounts to the Alleged Debtors that underlie the Petitioners' claims; and
- Petitioners are required to produce all documents concerning communications between Petitioners and Michael Fu.

2. The Alleged Debtors admit the allegation in Paragraph 1 of the Motion that the Court has jurisdiction over the subject matter of this proceeding.

3. The Alleged Debtors admit the allegation in Paragraph 2 of the Motion that this is a core proceeding.

4. The Alleged Debtors admit the allegation in Paragraph 3 of the Motion that venue of this action is proper in this Court.

5. The Alleged Debtors admit the allegation in Paragraph 4 of the Motion as to the date of the Petitioners' referenced filings for involuntary bankruptcy proceedings against the Alleged Debtors but have disputed the claims being asserted.

6. The Alleged Debtors admit the allegation in Paragraph 5 of the Motion concerning the Court's Order for joint administration of the bankruptcy cases under the instant case.

7. The Alleged Debtors deny the allegation in Paragraph 6 of the Motion since the Dropbox link failed to provide copies of passports of all the Petitioners as required by Order or Orders of this Court. Notably, passports for at least sixteen Petitioners were not provided. Of these, at least one consists of a document written solely in Chinese which is not a passport. Additionally, some passports submitted are not valid since they are expired.

8. The Alleged Debtors deny the allegation in Paragraph 7 of the Motion to the extent that the unvalidated copies of the passports contain the supposed birth dates of Petitioners, and pursuant to FED. R. BANKR. P. 9037(a), such information may be provided. According to that Rule, the only data that qualifies for redaction is an individual's:

a. social security number;
b. taxpayer identification number;
c. date of birth;
d. name when known to be and identified as a minor;
e. financial account number;

Here, the passports of these Chinese national Petitioners do not include a social security number, a taxpayer identification number, any names of known and identified minors, or financial account numbers. The only information that may qualify is the date of birth, but such may be included in the filing according to the aforementioned Rule. No "confidential" information is provided.

9. The Alleged Debtors again deny the allegation in Paragraph 8 of the Motion that the aforementioned passports contain any "confidential information" or information that must be redacted pursuant to FED. R. BANKR. R. 9037(a). Alleged Debtors further deny any allegation,

assertion, or intimation in Paragraph 8 of the Motion that such passports, or the information contained therein, will be used for any purpose (including development of pleadings or exhibits), or will be provided to any person, unrelated to these proceedings. As such, redaction of such information is not necessary.

10. Aside from the Petitioners' Motion, it is important to note that the Petitioners continue to fail to take action required of them pursuant to the Court's August 19, 2020 oral decision and subsequent Written Orders (Docket Numbers 165, 166, 167, 168, and 169) entered by this Court on September 4, 2020. The Orders issued by the Court and outlined *supra* were direct, understandable, and easy to follow. Most notable among them is that "no discovery or motions practice shall continue unless and until a *live deposition agreement* signed by counsel for Petitioners is filed with the Court." No such agreement has ever been filed with this Court, and yet, the instant Motion was filed in violation of this order. For this reason alone, the Motion should be dismissed.

11. Additionally, this Court has ordered that "Petitioners are required to sign their answers to their interrogatories with their own 'wet signatures.'" It is notable that in the *Declaration of Stephen M. Packman* [Dkt. No. 213], of the seventy-seven (77) named Petitioners, counsel for Petitioners has provided only forty-five (45) corresponding "*copies* of wet signatures for the 'Verifications' to their Responses and Objections to the First Set of Request for Production of Documents, First Set of Interrogatories, and First Set of Request for Admissions of the Alleged Debtors." The language of the Court's Orders is clear: *all* Petitioners, not some, are required to sign their discovery request which are required to bear original wet signatures, not copies of such. For their failure to adhere to these requirements, this Motion should be dismissed.

12. Most recently the Petitioners appealed a series of Orders of this Court because it appears they are unable to comply with the requirements in such Orders. Accordingly, the Alleged Debtors request the Court to dismiss the cases.

WHEREFORE, PREMISES CONSIDERED, and notably in consideration of the failure of the Petitioners after nearly eleven weeks of delay to sign and file a live deposition agreement with this Court, and the failure of each Petitioner to provide an original wet signature to their discovery requests, all in violation of prior Orders of this Court, the adherence to which predicates any motion practice in this case, WALL007, LLC *et al.* request that this Court enter an order denying the Petitioners' requested relief in its entirety, and for such other and further relief to which it may be justly entitled.

Dated: November 4, 2020.

Respectfully submitted,

*/s/ Joyce W. Lindauer*

Joyce W. Lindauer
State Bar No. 21555700
Kerry S. Alleyne
State Bar No. 24066090
Guy H. Holman
State Bar No. 24095171
Joyce W. Lindauer Attorney, PLLC
1412 Main St., Suite 500
Dallas, Texas 75202
Telephone: (972) 503-4033
Facsimile: (972) 503-4034
Attorneys for Alleged Debtors
Email: joyce@joycelindauer.com
kerry@joycelindauer.com
guy@joycelindauer.com
Attorneys for Alleged Debtors

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on November 4, 2020, a true and correct copy of the foregoing document was served via email pursuant to the Court's ECF system upon all parties receiving electronic notice in this case.

*/s/ Joyce W. Lindauer*
Joyce W. Lindauer