**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| **In re:**<br><br>**WALL007 LLC, *et al.***<br><br>**Alleged Debtors.** | **Case No. 20-31131**<br>**Chapter 7** |

**ALLEGED DEBTORS STATUS REPORT FOR NOVEMEBR 6, 2020 HEARING**

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

NOW COME Alleged Debtors Wall007 LLC *et al.*[1] and file this Status Report for the November 6, 2020 Hearings, and hereby state as follows:

1.0 SUMMARY OF RELEVANT FILINGS

1.1 The following is a chart summarizing the outstanding filings relevant to the November 6, 2020 hearing:

| Dkt. No. | Date Filed | Title of Pleading | Filed By |
|---|---|---|---|
| 18/19/20/ 21/22/ 23 | 5/7/2020 | Motion to Dismiss/Brief in Support, Substitution of Real Party-in-Interest, Bond, Award of Fees, and to Abstain under Bankruptcy Code §305 | Alleged Debtors |
| 35 | 5/29/2020 | Opposition to Motion to Dismiss (Dkt. No. 18/19) | Petitioners |
| 83/95/99/161 | 7/2/2020 | Motion for Contempt against Timothy Barton regarding Failure to Comply with Courts Order; Objection to Motion for Contempt; Opposition Response; Motion to quash Petitioners Supplement to Motion to Quash in the alternative, Response and Opposition to Petitioners" Supplement to Motion for Contempt | Petitioners |
| 179/185/200/201 | 7/17/2020 | Amended Motion for Relief from Stay; Objection to Amended Motion for Relief from Stay; Motion to Continue Hearing; Opposition Response | Creditors Tamamoi/FDRE |
| 165/166 | 9/4/2020 | Order granting in part, denying in part motion to compel re: discovery | Court |
| 167 | 9/4/2020 | Order granting in part, denying in part motion to compel re: discovery | Court |

[1] The Alleged Debtors in these cases are: WALL007 LLC, WALL009 LLC, WALL010 LLC, WALL011 LLC, WALL012 LLC, WALL016 LLC, and WALL017 LLC.

| | | | |
|---|---|---|---|
| 168 | 9/4/2020 | Order granting in part, denying in part motion to quash petitioners' deposition notice | Court |
| 169 | 9/4/2020 | Order granting in part, denying in part motion to compel re: discovery | Court |
| 182 | 10/12/2020 | Third Motion of Alleged Debtors to Dismiss Involuntary Petition with Prejudice | Alleged Debtors |
| 212/214/243 | 10/30/2020 | Motion for Protective Order; Motion for Expedited Hearing; Objection to Motion for Protective Order | Petitioners |
| 220/221/225/226/ 230/231/235/236 240/241 | 11/3/2020 | Motions for Leave to Appeal (See Exhibit "A" for more detail) | Petitioners |
| 218/223/228/233/238 | 11/3/2020 | Notices of Appeal | Petitioners |

## 2.0 STATUS OF DISCOVERY

2.1 The Alleged Debtors further contend that the responses that have been provided do not meet the verification requirements for responses to discovery when the responding party lives outside the United States, as in these cases. The Interrogatories were signed by counsel for the Petitioners, in contravention of Federal Rule 33(b) which states that interrogatories must be answered "by the person to whom they are directed," and that "[t]he person who makes the answers must sign them..."

2.2 Complete wet signatures have not been provided.

2.3 Counsel for Petitioners has not certified that their clients will come to the United States for depositions.

2.4 Matters are still stayed absent Petitioners' compliance with prior Court orders.

## 3.0 OUTSTANDING SUBSTANTIVE MOTIONS

3.1 On May 7, 2020, the Alleged Debtors filed a Motion to Dismiss the above-captioned matter. (Dkt. No. 19.) In the Motion, the Alleged Debtors put forth the following arguments challenging the Petitioners' standing in this Court, any of which being dispositive of the action if decided in the Alleged Debtors' favor:

a. as the agent for all parties to the relevant pooled agreements, Haoqiang Fu, a/k/a Michael Fu and d/b/a Silverland Financial Ltd. and Platinum Investment Corporation, is the single real party in interest to this suit and should be substituted for the Petitioners, at which time the involuntary petitions should be dismissed under 11 U.S.C. § 303(b)(1) because there would be an insufficient number of petitioners to support the filing. Accordingly, the Petitioners have not established that they have standing to bring an action in this Court.

b. as the claims are also the subject of pending litigation in Texas state court brought by Michael Fu's alter ego companies Silverland Financial Ltd. and

Platinum Investment Corporation against the WALL entities and others (*Silverland Financial Ltd. et al. v. WALL007 et al.*, Cause No. DC-19-18361 in the 44th Judicial District Court of Dallas County, Texas), the involuntary petitions should be dismissed under 11 U.S.C. § 303(b)(1) because the claims are subject to bona fide disputes, contingent, and disputed. Accordingly, the Petitioners have not established that they have standing to bring suit in this Court;

c. the involuntary petitions should be dismissed under 11 U.S.C. § 303(a) because they are not in the best interest of the Alleged Debtors and their real creditors, as the action is clearly a mere collection tactic in a two-party dispute, thus it would be in the Alleged Debtors' and their real creditors' best interest to have the dispute treated and resolved as such in a state court. Imposed bankruptcy would have a dramatic negative effect on the Alleged Debtors' ongoing business operations and ability to satisfy their obligations;

d. the involuntary petitions should be dismissed under 11 U.S.C. § 305(a) based on abstention principles because the petitions were filed in bad faith as a strong-arm litigation tactic when Michael Fu and his colleagues became frustrated and impatient that their pending state court action had been legitimately challenged and resolution was not forthcoming;

e. the involuntary petitions should be dismissed for cause under 11 U.S.C. § 707(a) because the filing is an improper use of the bankruptcy court to create leverage in what is clearly a two-party collection dispute.

f. The Alleged Debtors also sought that the Petitioners be required to post a bond, as well as damages and attorneys' fees and costs due to the Petitioners' bad faith filing.

3.2 Counsel for Petitioners, Mr. Jiangang "James" Ou, filed a verification attesting to all the signatures' authenticity (although Mr. Stephen Packman is the counsel of record for seven of the Petitioners), but has not provided any information or evidence establishing the methodology that he used to confirm the identity of the Petitioners or the authenticity of these signatures, notwithstanding several requests by Alleged Debtors.

3.3 A decision by the Court to invalidate the Petitions based on the failure to provide authentic "wet signatures" would be dispositive of the action.

3.4 Alleged Debtors have filed their *Third Motion to Dismiss Involuntary Petition with Prejudice* for the reason that the Petitioners and their Counsel have failed to take action required of them pursuant to the Court's Orders resulting in purposeful delay and an inability to further prosecute this case. FED. R. CIV. P. 41(b) permits the Court to do so when a party fails to comply with such Orders (i.e. Docket Numbers 165, 166, 167, 168 and 169), resulting in a clear record of delay. The portion of those orders with which the Petitioners and their counsel have failed to comply have

primarily been (1) the provisions requiring the signing and filing of a Live Deposition Agreement before any motions practice may continue, and (2) the provision mandating that discovery requests must bear the Petitioners "wet signatures." Further, only a fraction of the copies of the Petitioners' passports have been submitted for review by counsel for the Alleged Debtors and the Court as ordered. FED. R. CIV. P. 37(b) allows dismissal when the failure to comply results from a party's willfulness or bad faith, accompanied by a clear record of delay or contumacious conduct, and not from an inability to comply. Finally, when a party's misconduct substantially prejudices the other party's preparation for trial, case law has established that dismissal is appropriate. Here, in light of the fact that the Petitioners and their counsel have avoided signing the Live Deposition Agreement, have made no attempt to coordinate any depositions of the Petitioners, have failed to provide any "wet signatures" on discovery requests, and have failed to provide copies of all the Petitioners' passports, the Alleged Debtors have been unable for over eleven (11) weeks to prepare their case. The Petitioners' conduct (and that of their counsel) exemplifies that envisioned in both statute and case law that would

3.5 Petitioners have filed several Motions for Leave to Appeal to the Fifth Circuit which include the following:

- Docket No. 220 – Petitioning Creditors' Request for Leave to Take Direct Appeal Pursuant to 11 U.S.C. § 158(d)(2)(A).
- Docket No. 221 – Motion of Petitioning Creditors (A) for Leave to File an Interlocutory Appeal and (B) Requesting Certification to the United States Court of Appeals for the Fifth Circuit.
- Docket No. 225 – Petitioning Creditors' Request for Leave to Take Direct Appeal Pursuant to 11 U.S.C. § 158(d)(2)(A).
- Docket No. 226 – Motion of Petitioning Creditors (A) for Leave to File an Interlocutory Appeal and (B) Requesting Certification to the United States Court of Appeals for the Fifth Circuit.
- Docket No. 230 – Petitioning Creditors' Request for Leave to Take Direct Appeal Pursuant to 11 U.S.C. § 158(d)(2)(A).
- Docket No. 231 – Motion of Petitioning Creditors (A) for Leave to File an Interlocutory Appeal and (B) Requesting Certification to the United States Court of Appeals for the Fifth Circuit.
- Docket No. 235 – Petitioning Creditors' Request for Leave to Take Direct Appeal Pursuant to 11 U.S.C. § 158(d)(2)(A).
- Docket No. 236 – Motion of Petitioning Creditors (A) for Leave to File an Interlocutory Appeal and (B) Requesting Certification to the United States Court of Appeals for the Fifth Circuit.
- Docket No. 240 – Petitioning Creditors' Request for Leave to Take Direct Appeal Pursuant to 11 U.S.C. § 158(d)(2)(A).
- Docket No. 241 – Motion of Petitioning Creditors (A) for Leave to File an Interlocutory Appeal and (B) Requesting Certification to the United States Court of Appeals for the Fifth Circuit.

Dated: November 5, 2020

Respectfully submitted,

**Joyce W. Lindauer Attorney, PLLC**
1412 Main St., Suite 500
Dallas, Texas 75202
Telephone: (972) 503-4033

*/s/ Joyce W. Lindauer*
Joyce W. Lindauer
State Bar No. 21555700
joyce@joycelindauer.com

Guy H. Holman
State Bar No. 24095171
guy@joycelindauer.com

*Attorneys for Alleged Debtors*

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document was served via email upon all counsel of record on this 5th day of November 2020, pursuant to the Court's ECF system in accordance with the Federal Rules of Bankruptcy Procedure and Federal Rules of Civil Procedure.

*/s/ Joyce W. Lindauer*
Joyce W. Lindauer

Motion for Reconsideration of Discovery Orders was filed 9/15/20

**APPEALS FILED 11/3/20**

| Docket No. | Date Filed | Description | Objection Deadline | Related Order Docket No. | Date Order Entered | Related Order |
|---|---|---|---|---|---|---|
| 218 | 11/3/2020 | Notice of Appeal | | 165 | 9/4/2020 | Order Granting in Part the Alleged Debtor's Motion to Compel Discovery Related to Wet Signatures [re: Dkt No. 101] |
| 219 | 11/3/2020 | Appellant's Statement of Issues & Designation of Record | Appellee Designation due 11/17/20 | 218 | | |
| 220 | 11/3/2020 | Request for Leave to Take Direct Appeal Pursuant to 11 U.S.C. Section 158(d)(2)(A) | Objections due 11/17/20 | 218 | | |
| 221 | 11/3/2020 | Motion (a) for Leave to File Interlocutory Appeal & (B) Requesting Certification to US Court of Appeals for 5th Circuit | Objections due 11/17/20 | 218 | | |
| | | | | | | |
| 223 | 11/3/2020 | Notice of Appeal | | 167 | 9/4/2020 | Order Granting in Part the Petitioners' Motion to Compel Discovery [re: Dkt Nos. 92 & 129] |
| 224 | 11/3/2020 | Appellants' Statement of Issues & Designation of Record | Appellee Designation due 11/17/20 | 223 | | |
| 225 | 11/3/2020 | Request for Leave to Take Direct Appeal Pursuant to 11 U.S.C. Section 158(d)(2)(A) | Objections due 11/17/20 | 223 | | |
| 226 | 11/3/2020 | Motion (a) for Leave to File Interlocutory Appeal & (B) Requesting Certification to US Court of Appeals for 5th Circuit | Objections due 11/17/20 | 223 | | |
| | | | | | | |
| 228 | 11/3/2020 | Notice of Appeal | | 168 | 9/4/2020 | Order Granting I Part the Alleged Debtors' Motion to Quash Petitioners' Deposition Notice [re: Dkt No. 133] |
| 229 | 11/3/2020 | Appellants' Statement of Issues & Designation of Record | Appellee Designation due 11/17/20 | 228 | | |
| 230 | 11/3/2020 | Request for Leave to Take Direct Appeal Pursuant to 11 U.S.C. Section 158(d)(2)(A) | Objections due 11/17/20 | 228 | | |
| 231 | 11/3/2020 | Motion (a) for Leave to File Interlocutory Appeal & (B) Requesting Certification to US Court of Appeals for 5th Circuit | Objections due 11/17/20 | 228 | | |
| | | | | | | |
| 233 | 11/3/2020 | Notice of Appeal | | 169 | 9/4/2020 | Order Granting in Part the Alleged Debtors' Second Motion to Compel Discovery Responses from Petitioners [re: Dkt. No. 105] |
| 234 | 11/3/2020 | Appellants' Statement of Issues & Designation of Record | Apellee Designation due 11/17/20 | 233 | | |
| 235 | 11/3/2020 | Request for Leave to Take Direct Appeal Pursuant to 11 U.S.C. Section 158(d)(2)(A) | Objections due 11/17/20 | 233 | | |
| 236 | 11/3/2020 | Motion (a) for Leave to File Interlocutory Appeal & (B) Requesting Certification to US Court of Appeals for 5th Circuit | Objections due 11/17/20 | 233 | | |
| | | | | | | |
| 238 | 11/3/2020 | Notice of Appeal | | 202 | 10/22/2020 | Order Denying Motion for Reconsideration of Discovery Orders |
| 239 | 11/3/2020 | Appellants' Statement of Issues & Designation of Record | Appellee Designation due 11/17/20 | 238 | | |
| 240 | 11/3/2020 | Request for Leave to Take Direct Appeal Pursuant to 11 U.S.C. Section 158(d)(2)(A) | Objections due 11/17/20 | 238 | | |
| 241 | 11/3/2020 | Motion (a) for Leave to File Interlocutory Appeal & (B) Requesting Certification to US Court of Appeals for 5th Circuit | Objections due 11/17/20 | 238 | | |

**EXHIBIT "A"**