**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| In re:<br><br>WALL007 LLC, *et al.*,[1]<br><br>Alleged Debtors. | Chapter 7<br><br>Case No. 20-31131 (HDH)<br>(Jointly Administered) |

# MOTION FOR EXPEDITED CONSIDERATION OF PETITIONING CREDITORS' MOTIONS (A) FOR LEAVE TO FILE AN INTERLOCUTORY APPEAL AND (B) REQUESTING CERTIFICATION TO THE UNITED STATES COURT OF APPEALS FOR THE FIFTH CIRCUIT

Jun Li, Yunding Kang, Cunxiang Ji, Jin Wang, Peng Guo, Lin Zhou, Qu Chen, Kai Tian, Yijing Wu, Xuegeng Gong, Jin Wang, Weijia Kong, Heng Zhang, Hong Guo, Pei Guan, Yue Xu, Mai Ye, Chenchen Jiang, Qiuying Li, Ruinian Wu, Lin Zhou, Liying Yang, Yan Zhang, Wenjun Wang, Ying Zhou, Lin Li, Li Jiang, Rufeng Ding, Cunxiang Ji, Lin Gao, Qiao Qin, Yue Zhang, Xiaodong Hao, Tianqing Song, Li Jiang, Weisi Wang, Xiaoquan Dai, Feng Yan, Heng Zhang, Ou Jiang, Jinzhe Wu, Yadan Liu, Wanwan Li, Wenjuan Yin, Jiancheng Chen, Yi Tang, Ying Zhang, Pengfei Dong, Kangying Mao, Yijing Wu, Li Jiang, Qin Chu, Yulan Chen, Sicheng Zhan, Pei Guan, Jingqiu Tang, Di Tang, Jun Zeng, Kui Wang, Yue Zhang, Jun Wang, Xiaomin Fan, Di Tang, Jialin Hu, Qin Chu, Jiaxiang Lu, Fuqing Chen, Hanjiang Fu, Aiguo Luo, Fang Ding, Xiangdong Zhu, Wai Ying, Yuan Yuan, Chao Xu, Guoqin Zhou, Yijing Wu (collectively, the "Petitioning Creditors"), by and through their undersigned counsel, hereby submit this motion requesting a hearing on an emergency, expedited basis (the "Motion to Expedite") on *Petitioning Creditors' Motions (A) for Leave to File an Interlocutory Appeal and (B) Requesting Certification*

[1] The Alleged Debtors in these cases are: WALL007 LLC, WALL009 LLC, WALL010 LLC, WALL011 LLC, WALL012 LLC, WALL016 LLC, WALL017 LLC. The Alleged Debtors' federal tax identification numbers are unknown to the Petitioning Creditors sat this time.

*to the United States Court of Appeals for the Fifth Circuit* [Docket Nos. 221, 226, 231, 236, and 241] (the "Motions for Leave"). In further support of this Motion to Expedite, the Petitioning Creditors respectfully aver as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction to consider this Motion to Expedite under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b).

2. Venue is proper in this district under 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND[2]

3. On April 8, 2020 (the "Petition Date"), the Petitioning Creditors filed seven (7) involuntary bankruptcy petitions for relief under Chapter 7 of the Bankruptcy Code for the entities WALL007 LLC, WALL009 LLC, WALL010 LLC, WALL011 LLC, WALL012 LLC, WALL016 LLC, WALL017 LLC (collectively, the "Alleged Debtors").

4. In conjunction with this Motion to Expedite, the Petitioning Creditors filed the Motions for Leave, which request entry of orders, *inter alia*, granting Petitioning Creditors' leave to file interlocutory appeals and certifying those appeals directly to the United States Court of Appeals for the Fifth Circuit for consideration (the "Appeals").

5. The Motions for Leave were filed as a result of the Court's entry of an: (i) Order Granting in Part the Alleged Debtors' Motion for Discovery Related to Wet Signatures [Dkt. No. 101] (Dkt. No. 165) entered on September 4, 2020; (ii) Order Granting in Part the Petitioners' Motion to Compel Discovery [Dkt. Nos. 92 & 129] (Dkt. No. 167) entered on September 4, 2020; (iii) Order Granting in Part the Alleged Debtor's Motion to Quash Petitioners' Deposition Notice [Dkt. 133] (Dkt. No. 168) entered on September 4, 2020; (iv) Order Granting in Part the

---

2 Capitalized terms not defined in this Motion to Expedite shall have the same meaning as defined in the Motion to Compel.

Alleged Debtor's Second Motion to Compel Discovery Responses from Petitioners [Dkt. No. 105] (Dkt. No. 169) entered on September 4, 2020; and (v) October 22, 2020 Order Denying Motion for Reconsideration of Discovery Orders (Dkt. No. 202) entered on September 4, 2020 (collectively, the "Discovery Orders").

6. The Petitioning Creditors file this Motion to Expedite so that the Motions for Leave may be heard **sufficiently** prior to the scheduled hearing on the Debtor's Third Motion to Dismiss ("Third MTD").

7. The hearing on the Third MTD is presently scheduled for consideration by the Court on November 30, 2020 at 1:30 a.m. (CST).

8. The Petitioning Creditors request an expedited hearing since the Motions for Leave and the Appeals were filed as a direct result of the Court requiring the Petitioning Creditors to appear for live depositions in the United States or potentially suffer the consequences of dismissal of the Cases by virtue of the Third MTD.

9. The Petitioning Creditors require a decision on the Motions for Leave by this Court, at the Court's first opportunity, for procedural and substantive reasons.

10. If the Court grants Petitioning Creditors leave to appeal, that decision would of course necessarily put the issues on Appeal, including primarily those of the "live depositions," directly before either the Fifth Circuit Court of Appeals or the U.S. District Court for the Northern District of Texas.

11. If the Court denies leave to appeal, the matter will then go up to the U.S. District Court for a determination on the leave issue which Petitioning Creditors submit must be determined before this Court can procedurally hear the Third MTD (unless the Court continues the hearing on the Third MTD until the Appeals are heard).

12. Either way, whether this Court grants leave to appeal or the U.S. District Court grants it, the issue of leave needs to be both considered and determined prior to this Court hearing the Third MTD.

13. The matter is circular in nature, and therefore entirely interdependent, because the very issue on the Appeals is the same issue before the Court on the Third MTD.

14. Petitioning Creditors have provided the Alleged Debtors with all of the other discovery they complain about in the Third MTD as the Petitioning Creditors will make clear to the Court in their opposition in response to the Third MTD.

15. Petitioning Creditors have jumped through all of the Alleged Debtors' "hoops" except one, the "live depositions," which issue needs to be determined by this Court or the appellate court hearing the matter.

16. Otherwise, Petitioning Creditors' rights will be seriously, perhaps irreversibly, jeopardized.

17. Accordingly, the Petitioning Creditors respectfully request that this Court set an expedited hearing on the relief sought for a date sufficiently in advance of November 30, 2020.

**NOTICE**

18. Notice of this Motion to Expedite shall be provided to: (a) the Office of the United States Trustee for the Northern District of Texas via email and (b) counsel for the Alleged Debtors via email and to (c) all notice parties in the above-captioned case via ECF.

19. The Petitioning Creditors respectfully submit that such notice is sufficient and that no further notice of this Motion to Expedite is required.

**WHEREFORE**, the Petitioning Creditors respectfully request that the Court grant the relief requested herein and such other and further relief to the Petitioning Creditors as the Court may deem just and appropriate.

Dated: November 16, 2020

/s/ *Stephen M. Packman*
Jiangang Ou
Nguyen & Chen LLP
11200 Westheimer Road Suite 120
Houston, TX 77042
(832) 767-0339
Fax : (832) 767-0669
Email: jou@nguyen-chen.com

Stephen M. Packman
Archer & Greiner, P.C.
Three Logan Square
1717 Arch St., Suite 3500
Philadelphia, PA 19103
215-246-3147
Email: spackman@archerlaw.com

*Counsel for the Petitioning Creditors*

**CERTIFICATE OF SERVICE**

I hereby certify that on November 16, 2020, I caused to be served a copy of the foregoing by electronic mail upon all parties receiving notice through the Court's CM/ECF Noticing System.

*/s/ Stephen M Packman*
Stephen M. Packman, Esquire