CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

**ENTERED**

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed November 23, 2020**

**United States Bankruptcy Judge**

---

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **In re:** | § | **Chapter 7** |
| | § | |
| **WALL007 LLC, *et al.*,** | § | **Case No. 20-31131 (HDH)** |
| | § | |
| **Alleged Debtors.** | § | **(Jointly Administered)** |

**ORDER DIRECTING COMPLIANCE WITH PRIOR ORDERS**

On August 19, 2020, this Court issued an oral ruling disposing of four outstanding discovery motions. As part of that ruling, the Court held that the petitioning creditors in the above-captioned cases (the "Petitioning Creditors")—who are Chinese nationals residing in mainland China—must appear for depositions to be taken in person, in the United States. Because the willingness of the Petitioning Creditors to attend in-person depositions will affect several threshold issues, including the ability of the Petitioning Creditors to carry their evidentiary burdens with regard to the validity of the involuntary petitions, the Court required that there be an agreement signed by counsel for the Petitioning Creditors that the Petitioning Creditors will appear for live depositions in the United States (a "Deposition Agreement") before any other discovery or motion

practice would continue. The Court's oral ruling was memorialized in a series of written orders that were entered on September 4, 2020 (the "Discovery Orders").[1]

The Petitioning Creditors have not filed a Deposition Agreement. On September 15, 2020, the Petitioning Creditors filed a motion to reconsider the Discovery Orders,[2] which this Court denied.[3] On November 3, 2020, the Petitioning Creditors filed notices of appeal for the Discovery Orders and the order denying the motion to reconsider,[4] along with motions for leave to file interlocutory appeals of those orders.[5] Both the Notices of Appeal and the Motions for Leave have been transferred to the District Court for consideration.

While the Petitioning Creditors are required to file a Deposition Agreement before these cases can progress, the Court neglected to set a deadline in the Discovery Orders for the Deposition Agreement to be filed. As a result, the above-captioned alleged debtors (the "Alleged Debtors") are stuck in an involuntary bankruptcy that is not only affecting them but other parties as well. For the reasons explained in more detail below, the Court believes it is necessary to order that the Alleged Debtors' bankruptcy cases will be dismissed without prejudice if, by the end of the day on December 4, 2020, the Petitioning Creditors have not either (1) filed the required Deposition Agreement or (2) obtained a stay of the Discovery Orders pending appeal.

---

[1] The Discovery Orders consist of four orders: *Order Granting in Part the Alleged Debtor's Motion to Compel Discovery Related to Wet Signatures [Dkt. No. 101]* [Docket No. 165]; *Order Granting in Part the Petitioners' Motion to Compel Discovery [Dkt. Nos. 92 & 129]* [Docket No. 167]; *Order Granting in Part the Alleged Debtor's Motion to Quash Petitioners' Deposition Notice [Dkt. No. 133]* [Docket No. 168]; *Order Granting in Part the Alleged Debtor's Second Motion to Compel Discovery Responses from Petitioners [Dkt. No. 105]* [Docket No. 169].

[2] *Motion of the Petitioning Creditors for (I) Reconsideration of Discovery Orders; and (II) Related Relief* [Docket No. 175].

[3] *Order Denying Motion for Reconsideration of Discovery Orders* [Docket No. 202].

[4] Docket Nos. 218, 223, 228, 233, and 238 (the "Notices of Appeal").

[5] Docket Nos. 221, 226, 231, 236, and 241 (the "Motions for Leave").

Involuntary bankruptcy is a particularly severe remedy. *Credit Union Liquidity Servs., LLC v. Green Hills Dev. Co., LLC (In re Green Hills Dev. Co., LLC)*, 741 F.3d 651, 655 (5th Cir. 2014). Even before a bankruptcy court is able to determine the propriety of the relief, just the filing of an involuntary bankruptcy petition against an entity is a serious action that can have consequences not only for the alleged debtor but for other parties as well. *See In re Landmark Distribs., Inc.*, 189 B.R. 290, 306 (Bankr. D.N.J. 1995) ("The filing of an involuntary petition by a creditor must be carefully scrutinized by the Court because such action is extreme in nature and carries with it serious consequences to the alleged debtor, examples of which include loss of credit standing, interference with general business affairs and public embarrassment."). Upon the filing of an involuntary petition, certain provisions of the Bankruptcy Code immediately go into effect. The alleged debtor is then allowed to challenge the petition on its merits. In order to obtain an order for relief that initiates a full-fledged bankruptcy, the petitioners must satisfy several requirements. Among other things, the petitioners must show that the alleged debtor is not generally paying its debts as they become due and that each petitioning creditor holds a claim against the alleged debtor that is not contingent as to liability or the subject of a bona fide dispute as to liability or amount. The time between the filing of the involuntary petition and the adjudication of the merits of the petition is commonly referred to as a "gap period" and can be a period of significant uncertainty. In this case, the gap period has already lasted much longer than usual.

To understand why the gap period has lasted for so long, why the Court believes it is necessary for the Petitioning Creditors to go through the difficulty and inconvenience of appearing for depositions in person, and why the Court believes there should be a deadline for agreeing to do so, it is helpful to understand some of the history of these cases and the dispute between the parties. The Alleged Debtors are in the business of acquiring land in order to construct

improvements necessary to create a subdivision—streets, water utilities, sewers, sidewalks, and residential lots—with the objective of selling residential lots to home builders. The Petitioning Creditors claim that the relevant details of the debts they assert against the Alleged Debtors are straightforward. They claim they each individually entered into loan agreements with the Alleged Debtors for the purpose of providing the Alleged Debtors with funding for the purchase and development of land, and the Alleged Debtors failed to pay the loans back as and when required under the loan documents.

The Alleged Debtors, on the other hand, claim that there is far more going on than meets the eye. They claim the financing at issue was arranged by an individual named Michael Fu who located the Petitioning Creditors, engaged them to provide co-lending through his own entities, organized the transfer of funds, and acted as an agent on behalf of all of the Petitioning Creditors. The pooled loans, therefore, were part of a single partnership amongst the Petitioning Creditors as co-lenders with Mr. Fu and/or his entities as the unified designated agent. The Alleged Debtors also claim that they have received remittances from unknown persons and entities in China but do not know if any of those funds came from the Petitioning Creditors. The Alleged Debtors assert that this may have all been orchestrated by Mr. Fu to engage in financial practices that may violate the laws of both China and the United States, and the Petitioning Creditors may have been misled by Mr. Fu. Specifically, the Alleged Debtors stated in a filing with the Court in early May:

> Upon information and belief, the Alleged Debtors assert that some or all of named Petitioners are: (i) not voluntarily participating in this Bankruptcy Case; (ii) not aware that the Involuntary Petition was filed in their name; and/or (iii) not real persons. The docu-signed documents that make up the Involuntary Petitions cast serious doubt on their authenticity. Further many of the Petitioners who reside in

> China have no contact information. It may become impossible to learn whether these persons actually exist or exist merely as masks for Fu or others.[6]

The concerns raised by the Alleged Debtors are of great concern to this Court because they raise a number of questions, including whether a fraud is being perpetrated on this Court, whether the Petitioning Creditors are aware of and properly authorized the relief sought in this proceeding, and, even if nothing nefarious is going on, whether the Petitioning Creditors can satisfy the requirement for filing of an involuntary petition of each holding their own individual claim against the Alleged Debtors.

The parties and the Court have spent a great deal of time and effort trying to find a satisfactory method of verifying the identity and the genuine participation of the Petitioning Creditors, but the efforts have fallen short. Initially, these efforts centered around obtaining proof that the Petitioning Creditors had actually signed the involuntary petitions. The Alleged Debtors filed a motion to dismiss the involuntary petitions on May 14, 2020 complaining that the involuntary petitions were electronically signed and the attorneys for the Petitioning Creditors had not filed a certification of receipt and maintenance of their clients' "wet signatures."[7] On May 29, 2020, the Petitioning Creditors filed a response asserting that the wet ink signature requirement had been suspended by General Order 2020-15 due to the pandemic but also representing that they were working to obtain the wet ink signatures from all of the Petitioning Creditors and would file an attorney certification attesting to the requirement as soon as practically possible.[8] Counsel for the Petitioning Creditors filed a declaration in support of that response about two weeks later, once

---

[6] *Brief in Support of the Motions of Alleged Debtors to Dismiss Involuntary Petitions, Request for Substitution of Real Party-In-Interest, Request for Bond, and Request for Award of Fees, Costs and Damages or in the Alternative to Abstain Under Bankruptcy Code § 305* at ¶ 13 [Docket No. 19].

[7] *Second Motion of Alleged Debtor to Dismiss Involuntary Petition Without Prejudice for Procedural Deficiencies* at ¶ 9 [Docket No. 27].

[8] *Response of Petitioning Creditors to Alleged Debtors' Second Motions to Dismiss* at ¶ 46 [Docket No. 37].

again affirming that "counsel is working on obtaining the 'wet-ink' signatures from the Petitioning Creditors."[9] On June 15, 2020, the Court held a hearing on the Alleged Debtors' motion to dismiss, at which counsel for the Petitioning Creditors said he would be happy to provide wet ink signatures but believed doing so in the next ten days, as the Alleged Debtors requested, might be difficult, so the Court ordered the Petitioning Creditors to provide their wet ink signatures to counsel for the Alleged Debtors by no later than July 6, 2020.[10] On the day of the deadline, counsel for the Petitioning Creditors filed a certification stating that he was in possession of wet ink signature petitions from all but three of the Petitioning Creditors.[11] This, however, did not end the inquiry. On July 27, 2020, the Alleged Debtors filed a motion to compel production of additional evidence that would permit verification of the authenticity of the signatures.[12] As an exhibit to the motion to compel, the Alleged Debtors attached a chart showing the signatures of the Petitioning Creditors from various documents, including loan agreements, passports, and the involuntary petitions. The chart showed that the Petitioning Creditors' signatures from various sources did not resemble each other in all cases. In response, counsel for the Petitioning Creditors filed a series of declarations purporting to attach e-mails from each of the Petitioning Creditors verifying that the wet signatures appearing on the petitions and declarations in the bankruptcy are their original signatures.[13] These declarations, however, did not provide a method for verifying the e-mails came from the actual

---

[9] *Declaration of Jorge Garcia, Esquire in Further Support of Petitioning Creditors' Response to Alleged Debtors Second Motions to Dismiss* at ¶ 13 [Docket No. 62].

[10] A written order memorializing this oral ruling was entered on June 23, 2020. *Order on Second Motion of Alleged Debtors to Dismiss Involuntary Petition Without Prejudice for Procedural Deficiencies* [Docket No. 81].

[11] *Certification of Jiangang Ou, Esquire Regarding Receipt of Original "Wet-Signature" Petitions and Declarations from Petitioning Creditors* [Docket No. 84].

[12] *Alleged Debtors' Motion to Compel Production of Documentary Evidence Permitting Verification of Electronic Signatures and Stay All Additional Discovery of Non-Dispositive Issues, or in the Alternative to Invalidate the Involuntary Petition and to Schedule Hearing in Conjunction with Creditors' Motion to Compel* [Docket No. 101].

[13] Docket Nos. 111, 112, 113, 114, 115, 116, and 117.

Petitioning Creditors. The e-mails were generally in Chinese, and the e-mail addresses were widely varied, some of which bore some resemblance to the name of a Petitioning Creditor and some of which did not. Ultimately, signatures have been provided, but concerns remain. A more reliable way of verifying the identity of the Petitioning Creditors that has been requested by the Alleged Debtors, would be to take their depositions.

While the Court believes it is almost always true that a party that files an involuntary bankruptcy petition must be prepared to be deposed in order to provide evidentiary support for the petition, the factual issues with regard to the structure and mechanics of the financing transactions and the identity concerns that have persisted in these cases make the argument in favor of depositions of the Petitioning Creditors even more compelling.[14] At a hearing held on June 3, 2020, counsel for the Alleged Debtors raised the additional concern that it may be necessary to conduct the depositions live in the United States because taking the depositions by video while the Petitioning Creditors are in China may be illegal.[15] Counsel for the Petitioning Creditors only responded to this argument to say they would waive admissibility objections to the use of the deposition transcripts.[16] The Alleged Debtors followed up on this illegality argument after the hearing with a letter to the Court giving further support for their concern that conducting depositions of Chinese nationals in China or Hong Kong may be illegal.[17] The Petitioning Creditors responded to the Alleged Debtors' letter on June 4 but did not take the opportunity to

[14] While there has not been much in the way of proof that the Petitioning Creditors are not who they say they are, the difficulty in obtaining signatures from the Petitioning Creditors and the differences between their signatures on different documents is of concern. The Alleged Debtors have also identified other reasons for why they remain concerned about this issue. *See, e.g.*, Transcript of Hearing Held June 3, 2020 at 21:2-20 [Docket No. 71]; Transcript of Hearing Held August 17, 2020 at 8:23-9:24, 20:4-21:12 [Docket No. 172].

[15] Transcript of Hearing Held June 3, 2020 at 10:14-11:3 [Docket No. 71].

[16] *Id.* at 19:5-18.

[17] *Memorandum on Conducting Depositions of Chinese Nationals in China* [Docket No. 45].

respond to the legality argument and instead argued that the Alleged Debtors should be required to make an in-depth showing before being allowed to conduct any depositions of the Petitioning Creditors at all, by video or otherwise.[18] The parties filed a joint discovery plan on June 17, 2020[19] providing that the parties could conduct no more than one deposition of each party without further leave of Court and that those depositions would be concluded no later than July 31, 2020, but the parties did not state whether depositions would be live or by video in that plan.

On August 11, 2020, the Alleged Debtors placed the issue squarely in front of the Court by filing a motion asking, among other things, that the Court prohibit depositions from taking place in China and require that all further depositions take place in the United States.[20] In that motion, the Alleged Debtors gave a thorough and persuasive argument, with supporting legal authority, for why conducting in-person or video depositions in China would be illegal both for the deponents and the attorneys.[21] In their responsive brief, the Petitioning Creditors did not attempt to argue that their suggestion of video depositions would be legal but still called it a "reasonable accommodation offered by the Petitioning Creditors."[22] The Alleged Debtors continued to urge this argument at a hearing held on their discovery motions on August 17, 2020, specifically stating that they had identified ten or twelve individuals they wished to depose.[23]

Based on determinations that (1) depositions of the Petitioning Creditors are necessary in these cases, (2) conducting the depositions in the United States would be difficult, but possible,

---

[18] *Letter Filed by Petitioning Creditors* [Docket No. 47].

[19] *Joint Discovery Plan* [Docket No. 72].

[20] *Motion to Quash Petitioners' Deposition Notices* [Docket No. 133].

[21] *See Motion to Quash Petitioners' Deposition Notices* at 12-16 [Docket No. 133].

[22] *Petitioning Creditors' Opposition to the Alleged Debtors', Timothy Barton's, Venkat Murugan's, and Hongpeng Lin's Motion to Quash Petitioners' Deposition Notices* at ¶ 36-37 [Docket No. 140].

[23] Transcript of Hearing Held August 17, 2020 at 7:19-8:14 [Docket No. 172].

(3) conducting the depositions in China, even by video, may be illegal, and (4) proceeding with other discovery or motions would be fruitless if the Petitioning Creditors are not willing to appear for depositions, the Court granted the Alleged Debtors' motion and required that before any other discovery or motion practice would continue, counsel for the Petitioning Creditors must sign and file an agreement that the Petitioning Creditors will appear for live depositions in the United States. This ruling was memorialized in the Discovery Orders. As previously noted, the Petitioning Creditors filed a motion to reconsider the Discovery Orders,[24] and the Court rejected the grounds for reconsideration identified in that motion for the reasons explained in the *Order Denying Motion for Reconsideration of Discovery Orders* [Docket No. 202].

In the time since the Court imposed the requirement for the Petitioning Creditors to file a Deposition Agreement, progress in the cases has halted, but the impact on third parties has not. The Alleged Debtors are involved in multiple real estate projects. In one of them, one of the Alleged Debtors holds title to raw land that it intends to develop. During this involuntary proceeding, the promissory note secured by that property matured. The creditor holding that note wishes to pursue its rights with regard to its collateral but is prevented from doing so by the automatic stay. While section 303(f) of the Bankruptcy Code permits an alleged debtor to continue to operate its business as if an involuntary case had not been commenced, this does not require third parties to continue to work with the alleged debtor as they normally would. At a hearing on the creditor's motion for relief from the automatic stay,[25] the principal of the Alleged Debtor testified that he cannot refinance the debt as he normally would because third party lenders do not wish to extend credit to an entity in bankruptcy. Being in an extended gap period complicates the

---

[24] *Motion of the Petitioning Creditors for (I) Reconsideration of Discovery Orders; and (II) Related Relief* [Docket No. 175].

[25] *Amended Motion for Relief from Stay* [Docket No. 179].

Court's consideration of matters such as these, where the Court would normally try to determine, among other things, whether the property at issue is necessary to an effective reorganization. Without knowing whether the Alleged Debtor should be in bankruptcy, let alone what its plan would be if it were in bankruptcy, it is difficult to make meaningful determinations. In the meantime, however, both the Alleged Debtors and other creditors have limited options and limited rights. In fact, they are being adversely impacted while these cases remain parked.

The Court has now entered interim orders on that creditor's motion for relief from the automatic stay twice, granting it adequate protection until there is more clarity on what will become of the Alleged Debtors.[26] This holding pattern as to the rights of other creditors is not a sustainable solution though, and the Court has set a hearing in the coming weeks on a similar motion filed by yet another secured creditor.[27]

While the Court has sympathy for the burden the Deposition Agreement requirement puts on the Petitioning Creditors, some of the burden is of their own making. When they chose to initiate a new proceeding in this Court, the global pandemic had already begun to affect the United States, and the travel restrictions they complain about were already in place. They also chose to have seventy-seven petitioners when not nearly that many were required. Bankruptcy Code section 303(b)(2) requires at most three petitioners for each petition, but on average, they used eleven petitioners for each Alleged Debtor in these cases. Even accounting for Petitioning

[26] *Interim Order on Motion for Relief from Stay* [Docket No. 152]; *Order Conditioning the Automatic Stay* [Docket No. 268].

[27] *Motion of Southern Star Capital, LLC d/b/a Reliance Mortgage Company for Relief from Automatic Stay* [Docket No. 173].

Creditors who appear to have signed multiple petitions,[28] there are still sixty-five unique petitioners, which is far more than were required.

None of this is meant to disparage the efforts of counsel for the Petitioning Creditors or to accuse them of intentionally causing delay. They have certainly spent a great deal of time and effort attempting to allay the identity concerns without the need for in-person depositions, but this is a difficult problem and the Court simply does not believe they have found a satisfactory alternative to in-person depositions in the United States. In the meantime, the Alleged Debtors and other parties have felt the impact of having an extended gap period for these involuntary cases. Some of the Petitioning Creditors and the Alleged Debtors were engaged in state court litigation when these cases were commenced, and the dispute may need to return to state court. This Court has allowed time for the parties to explore alternatives to holding live depositions in the United States, but these bankruptcy cases need to either move forward or come to an end. If the Petitioning Creditors are unwilling to file a Deposition Agreement in compliance with the Discovery Orders, dismissal without prejudice is appropriate under Federal Rules of Civil Procedure 37(b)(2) and 41(b), made applicable to this matter by Federal Rules of Bankruptcy Procedure 7037, 7041, and 9014. Accordingly, the Court believes it is necessary to impose a deadline for the Petitioning Creditors to file the required Deposition Agreement or obtain a stay of the Discovery Orders.

Under Federal Rule of Bankruptcy Procedure 8007, parties must normally present a motion for a stay pending appeal to the bankruptcy court first. The Petitioning Creditors are relieved from that obligation in this case because it would be impracticable to do so under the time constraints[29]

[28] It is difficult to tell with certainty which of the Petitioning Creditors signed multiple petitions because even when names and signatures appear to match, the passport numbers used to identify the individual sometimes differ.

[29] Federal Rule of Bankruptcy Procedure 8007(b)(2)(A).

and the Court affirms it would likely deny such a motion[30] because the Court does not believe the Petitioning Creditors are likely to succeed on the merits of their appeal, the issuance of a stay is likely to substantially harm other parties, and the public interest does not favor a stay. *See Nken v. Holder*, 556 U.S. 418, 426 (2009) (stating the factors to consider for a stay pending appeal).

**IT IS THEREFORE ORDERED** that the Alleged Debtors' bankruptcy cases will be dismissed without prejudice if, by the end of the day on December 4, 2020, the Petitioning Creditors have not either (1) filed the required Deposition Agreement or (2) obtained a stay of the Discovery Orders pending appeal.

###End of Order###

[30] Federal Rule of Bankruptcy Procedure 8007(b)(2)(B).

United States Bankruptcy Court

Northern District of Texas

In re: Case No. 20-31131-hdh
WALL007 LLC Chapter 7
Debtor(s)

# CERTIFICATE OF NOTICE

District/off: 0539-3 User: cecker Page 1 of 5
Date Rcvd: Nov 23, 2020 Form ID: pdf012 Total Noticed: 1

The following symbols are used throughout this certificate:

| Symbol | Definition |
|---|---|
| + | Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP. |

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Nov 25, 2020:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| aty | + | Khudabuksh K Walji, Law Office of K. Walji, 10701 Corporate Drive, Ste 350, Stafford, TX 77477-4091 |

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

# BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

NONE

# NOTICE CERTIFICATION

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Nov 25, 2020 Signature: /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

**The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on November 23, 2020 at the address(es) listed below:**

| Name | Email Address |
|---|---|
| Behrooz P. Vida | on behalf of Creditor Tamamoi LLC and FDRE, Inc. filings@vidalawfirm.com, legalprokirstin@gmail.com;bkfilings@yahoo.com |
| Darrell Wayne Cook | on behalf of Creditor Fargo Consultants Inc. dwcook@attorneycook.com, all@attorneycook.com |
| Jiangang Ou | on behalf of Petitioning Creditor Jun Li jou@nguyen-chen.com ahuber@archerlaw.com |
| Jiangang Ou | on behalf of Petitioning Creditor Jiancheng Chen jou@nguyen-chen.com ahuber@archerlaw.com |
| Jiangang Ou | on behalf of Petitioning Creditor Rufeng Ding jou@nguyen-chen.com ahuber@archerlaw.com |
| Jiangang Ou | |

on behalf of Petitioning Creditor Yue Zhang jou@nguyen-chen.com ahuber@archerlaw.com

Jiangang Ou
on behalf of Petitioning Creditor Weijia Kong jou@nguyen-chen.com ahuber@archerlaw.com

Jiangang Ou
on behalf of Petitioning Creditor Pei Guan jou@nguyen-chen.com ahuber@archerlaw.com

Jiangang Ou
on behalf of Petitioning Creditor Di Tang jou@nguyen-chen.com ahuber@archerlaw.com

Jiangang Ou
on behalf of Petitioning Creditor Xiaodong Hao jou@nguyen-chen.com ahuber@archerlaw.com

Jiangang Ou
on behalf of Petitioning Creditor Yi Tang jou@nguyen-chen.com ahuber@archerlaw.com

Jiangang Ou
on behalf of Petitioning Creditor Yan Zhang jou@nguyen-chen.com ahuber@archerlaw.com

Jiangang Ou
on behalf of Petitioning Creditor Xuegeng Gong jou@nguyen-chen.com ahuber@archerlaw.com

Jiangang Ou
on behalf of Petitioning Creditor Wenjuan Yin jou@nguyen-chen.com ahuber@archerlaw.com

Jiangang Ou
on behalf of Petitioning Creditor Yunding Kang jou@nguyen-chen.com ahuber@archerlaw.com

Jiangang Ou
on behalf of Petitioning Creditor Wai Ying jou@nguyen-chen.com ahuber@archerlaw.com

Jiangang Ou
on behalf of Petitioning Creditor Cunxiang Ji jou@nguyen-chen.com ahuber@archerlaw.com

Jiangang Ou
on behalf of Petitioning Creditor Ruinian Wu jou@nguyen-chen.com ahuber@archerlaw.com

Jiangang Ou
on behalf of Petitioning Creditor Weisi Wang jou@nguyen-chen.com ahuber@archerlaw.com

Jiangang Ou
on behalf of Petitioning Creditor Qu Chen jou@nguyen-chen.com ahuber@archerlaw.com

Jiangang Ou
on behalf of Petitioning Creditor Ying Zhou jou@nguyen-chen.com ahuber@archerlaw.com

Jiangang Ou
on behalf of Petitioning Creditor Yulan Chen jou@nguyen-chen.com ahuber@archerlaw.com

Jiangang Ou
on behalf of Petitioning Creditor Fang Ding jou@nguyen-chen.com ahuber@archerlaw.com

Jiangang Ou
on behalf of Petitioning Creditor Jingqiu Tang jou@nguyen-chen.com ahuber@archerlaw.com

Jiangang Ou
on behalf of Petitioning Creditor Xiangdong Zhu jou@nguyen-chen.com ahuber@archerlaw.com

Jiangang Ou
on behalf of Petitioning Creditor Heng Zhang jou@nguyen-chen.com ahuber@archerlaw.com

Jiangang Ou
on behalf of Petitioning Creditor Jialin Hu jou@nguyen-chen.com ahuber@archerlaw.com

Jiangang Ou
on behalf of Petitioning Creditor Lan Ji jou@nguyen-chen.com ahuber@archerlaw.com

Jiangang Ou
on behalf of Petitioning Creditor Jin Wang jou@nguyen-chen.com ahuber@archerlaw.com

Jiangang Ou
on behalf of Petitioning Creditor Yadan Liu jou@nguyen-chen.com ahuber@archerlaw.com

Jiangang Ou
on behalf of Petitioning Creditor Hanjiang Fu jou@nguyen-chen.com ahuber@archerlaw.com

Jiangang Ou
on behalf of Petitioning Creditor Lin Gao jou@nguyen-chen.com ahuber@archerlaw.com

Jiangang Ou
on behalf of Petitioning Creditor Lin Zhou jou@nguyen-chen.com ahuber@archerlaw.com

Jiangang Ou
on behalf of Petitioning Creditor Ying Zhang jou@nguyen-chen.com ahuber@archerlaw.com

Jiangang Ou
on behalf of Petitioning Creditor Liying Yang jou@nguyen-chen.com ahuber@archerlaw.com

Jiangang Ou
on behalf of Petitioning Creditor Kangying Mao jou@nguyen-chen.com ahuber@archerlaw.com

Jiangang Ou
on behalf of Petitioning Creditor Qin Chu jou@nguyen-chen.com ahuber@archerlaw.com

Jiangang Ou
on behalf of Petitioning Creditor Feng Yan jou@nguyen-chen.com ahuber@archerlaw.com

Jiangang Ou
on behalf of Petitioning Creditor Chao Xu jou@nguyen-chen.com ahuber@archerlaw.com

Jiangang Ou
on behalf of Petitioning Creditor Tianqing Song jou@nguyen-chen.com ahuber@archerlaw.com

Jiangang Ou
on behalf of Petitioning Creditor Wanwan Li jou@nguyen-chen.com ahuber@archerlaw.com

Jiangang Ou
on behalf of Petitioning Creditor Yijing Wu jou@nguyen-chen.com ahuber@archerlaw.com

Jiangang Ou
on behalf of Petitioning Creditor Jinzhe Wu jou@nguyen-chen.com ahuber@archerlaw.com

Jiangang Ou
on behalf of Petitioning Creditor Hong Guo jou@nguyen-chen.com ahuber@archerlaw.com

Jiangang Ou
on behalf of Petitioning Creditor Jun Zeng jou@nguyen-chen.com ahuber@archerlaw.com

Jiangang Ou
on behalf of Petitioning Creditor Ou Jiang jou@nguyen-chen.com ahuber@archerlaw.com

Jiangang Ou
on behalf of Petitioning Creditor Mai Ye jou@nguyen-chen.com ahuber@archerlaw.com

Jiangang Ou
on behalf of Petitioning Creditor Yue Xu jou@nguyen-chen.com ahuber@archerlaw.com

Jiangang Ou
on behalf of Petitioning Creditor Kai Tian jou@nguyen-chen.com ahuber@archerlaw.com

Jiangang Ou
on behalf of Petitioning Creditor Aiguo Luo jou@nguyen-chen.com ahuber@archerlaw.com

Jiangang Ou
on behalf of Petitioning Creditor Qiuying Li jou@nguyen-chen.com ahuber@archerlaw.com

Jiangang Ou
on behalf of Petitioning Creditor Pengfei Dong jou@nguyen-chen.com ahuber@archerlaw.com

Jiangang Ou
on behalf of Petitioning Creditor Lin Li jou@nguyen-chen.com ahuber@archerlaw.com

Jiangang Ou
on behalf of Petitioning Creditor Li Jiang jou@nguyen-chen.com ahuber@archerlaw.com

Jiangang Ou
on behalf of Petitioning Creditor Peng Guo jou@nguyen-chen.com ahuber@archerlaw.com

Jiangang Ou
on behalf of Petitioning Creditor Fuqing Chen jou@nguyen-chen.com ahuber@archerlaw.com

Jiangang Ou
on behalf of Petitioning Creditor Chenchen Jiang jou@nguyen-chen.com ahuber@archerlaw.com

Jiangang Ou
on behalf of Petitioning Creditor Jiaxiang Lu jou@nguyen-chen.com ahuber@archerlaw.com

Jiangang Ou
on behalf of Petitioning Creditor Wenjun Wang jou@nguyen-chen.com ahuber@archerlaw.com

Jiangang Ou
on behalf of Petitioning Creditor Jun Wang jou@nguyen-chen.com ahuber@archerlaw.com

Jiangang Ou
on behalf of Petitioning Creditor Kui Wang jou@nguyen-chen.com ahuber@archerlaw.com

Jiangang Ou
on behalf of Petitioning Creditor Yuan Yuan jou@nguyen-chen.com ahuber@archerlaw.com

Jiangang Ou
on behalf of Petitioning Creditor Guoqin Zhou jou@nguyen-chen.com ahuber@archerlaw.com

Jiangang Ou
on behalf of Petitioning Creditor Qiao Qin jou@nguyen-chen.com ahuber@archerlaw.com

Jiangang Ou
on behalf of Petitioning Creditor Xiaomin Fan jou@nguyen-chen.com ahuber@archerlaw.com

Jiangang Ou
on behalf of Petitioning Creditor Xiaoquan Dai jou@nguyen-chen.com ahuber@archerlaw.com

Jiangang Ou
on behalf of Petitioning Creditor Sicheng Zhan jou@nguyen-chen.com ahuber@archerlaw.com

Joyce W. Lindauer
on behalf of Alleged Debtor WALL007 LLC joyce@joycelindauer.com dian@joycelindauer.com;gina@joycelindauer.com

Joyce W. Lindauer
on behalf of Alleged Debtor WALL012 LLC joyce@joycelindauer.com dian@joycelindauer.com;gina@joycelindauer.com

Joyce W. Lindauer
on behalf of Alleged Debtor WALL017 LLC joyce@joycelindauer.com dian@joycelindauer.com;gina@joycelindauer.com

Joyce W. Lindauer
on behalf of Alleged Debtor WALL011 LLC joyce@joycelindauer.com dian@joycelindauer.com;gina@joycelindauer.com

Joyce W. Lindauer
on behalf of Alleged Debtor WALL009 LLC joyce@joycelindauer.com dian@joycelindauer.com;gina@joycelindauer.com

Joyce W. Lindauer
on behalf of Alleged Debtor WALL016 LLC joyce@joycelindauer.com dian@joycelindauer.com;gina@joycelindauer.com

Joyce W. Lindauer
on behalf of Alleged Debtor WALL010 LLC joyce@joycelindauer.com dian@joycelindauer.com;gina@joycelindauer.com

Katherine T. Hopkins
on behalf of Interested Party Neighborhood Association of Lost Creek Estates Inc katherine.thomas@kellyhart.com

Katherine T. Hopkins
on behalf of Interested Party LAH III Family Specific Interest Ltd. katherine.thomas@kellyhart.com

Katherine T. Hopkins
on behalf of Interested Party L. Allen Hodges III katherine.thomas@kellyhart.com

Katherine T. Hopkins
on behalf of Interested Party Blackfoot Interest Ltd. katherine.thomas@kellyhart.com

Katherine T. Hopkins
on behalf of Interested Party Tejas Group Ltd. katherine.thomas@kellyhart.com

Michael P. Ridulfo
on behalf of Creditor Bob Jiang mridulfo@krcl.com dtrevino@krcl.com;mridulfo@ecf.courtdrive.com

Michael P. Ridulfo
on behalf of Creditor Michael Fu mridulfo@krcl.com dtrevino@krcl.com;mridulfo@ecf.courtdrive.com

Patrick D. Sullivan
on behalf of Creditor Benchmark Acquisitions LLC sullivan@hooverslovacek.com

Robert W. Buchholz
on behalf of Creditor Southern Star Capital LLC bob@attorneybob.com

Stephen M. Packman
on behalf of Petitioning Creditor Jin Wang spackman@archerlaw.com jgarcia@archerlaw.com,ahuber@archerlaw.com

Stephen M. Packman
on behalf of Petitioning Creditor Weisi Wang spackman@archerlaw.com jgarcia@archerlaw.com,ahuber@archerlaw.com

Stephen M. Packman
on behalf of Petitioning Creditor Yunding Kang spackman@archerlaw.com jgarcia@archerlaw.com,ahuber@archerlaw.com

Stephen M. Packman
on behalf of Petitioning Creditor Peng Guo spackman@archerlaw.com jgarcia@archerlaw.com,ahuber@archerlaw.com

Stephen M. Packman
on behalf of Petitioning Creditor Lin Zhou spackman@archerlaw.com jgarcia@archerlaw.com,ahuber@archerlaw.com

Stephen M. Packman
on behalf of Petitioning Creditor Li Jiang spackman@archerlaw.com jgarcia@archerlaw.com,ahuber@archerlaw.com

| | |
|---|---|
| Stephen M. Packman | on behalf of Petitioning Creditor Lin Li spackman@archerlaw.com jgarcia@archerlaw.com,ahuber@archerlaw.com |
| Stephen M. Packman | on behalf of Petitioning Creditor Cunxiang Ji spackman@archerlaw.com jgarcia@archerlaw.com,ahuber@archerlaw.com |
| Stephen M. Packman | on behalf of Petitioning Creditor Xuegeng Gong spackman@archerlaw.com jgarcia@archerlaw.com,ahuber@archerlaw.com |
| Stephen M. Packman | on behalf of Petitioning Creditor Qu Chen spackman@archerlaw.com jgarcia@archerlaw.com,ahuber@archerlaw.com |
| Stephen M. Packman | on behalf of Petitioning Creditor Kai Tian spackman@archerlaw.com jgarcia@archerlaw.com,ahuber@archerlaw.com |
| Stephen M. Packman | on behalf of Petitioning Creditor Jun Li spackman@archerlaw.com jgarcia@archerlaw.com,ahuber@archerlaw.com |
| Stephen M. Packman | on behalf of Petitioning Creditor Yan Zhang spackman@archerlaw.com jgarcia@archerlaw.com,ahuber@archerlaw.com |
| Steven C. Metzger | on behalf of Interested Party Timothy Barton smetzger@pmklaw.com |
| United States Trustee | ustpregion06.da.ecf@usdoj.gov |

TOTAL: 98