INITIAL:____

**BALLOON PROMISSORY NOTE**

| | |
|---|---|
| **DATE:** | May 24, 2019 |
| **BORROWER:** | **Wall007, LLC, a Texas Limited Liability Company** |
| **BORROWER'S MAILING ADDRESS:** | 1755 Whittington Place #340, Dallas TX 75234 |
| **LENDER:** | **Tamamoi, LLC as to a 96.25% interest and FDRE, Inc. as to a 3.75% interest** |
| **LENDER'S MAILING ADDRESS (PLACE FOR PAYMENT):** | 5060 SW Philomath Blvd #363, Corvallis OR 97333 |
| **PRINCIPAL AMOUNT:** | $2,800,000.00 |
| **ANNUAL INTEREST RATE:** | Eleven and a Half Percent (11.5%) |
| **MATURITY DATE:** | May 23, 2020 |
| **ANNUAL INTEREST RATE ON MATURED, UNPAID AMOUNTS:** | Lesser of: (a) eighteen percent (18%); or (b) the Highest Lawful Rate permitted by law. |

**1. TERMS OF PAYMENT (PRINCIPAL AND INTEREST):** Commencing July 1, 2019, monthly installments of accrued but unpaid interest shall be due and payable on the 1st day of each month after the date of this Note; then principal and accrued interest are due and payable on the Maturity Date. On the Maturity Date or upon the earlier maturity hereof, whether by acceleration or otherwise as provided in this Note or the Deed of Trust, any and all unpaid principal, together with all accrued but unpaid interest thereon shall be immediately, finally and fully due and payable. Interest shall begin to accrue on the entire principal balance from the date of execution of the documents.

**2. SECURITY FOR PAYMENT:** This Promissory Note (herein referred to as the "Note") is secured by Deed of Trust (herein referred to as the "Deed of Trust") of even date from Borrower to Ian Ghrist, Trustee, both of which cover that certain real property located in Tarrant County, Texas, which is more particularly described as:

**Approximately 100 acres in Tarrant County known as the Orchard Village Subdivision and further described in Exhibit A.**

**3. OTHER SECURITY FOR PAYMENT:** This loan is additionally secured by a personal guarantee from Timothy L. Barton.

**4. PROMISE OF PAYMENT:** Borrower promises to pay to the order of Lender the Principal Amount plus interest at the Annual Interest Rate. This Note is payable at the Place for Payment and according to the Terms of Payment. All unpaid amounts are due by the Maturity Date. After maturity, Borrower promises to pay any unpaid principal balance plus interest at the Annual Interest Rate on Matured, Unpaid Amounts.

**5. DEFAULT:** If Borrower defaults in the payment of this Note or in the performance of any obligation in any instrument securing or collateral to this Note, Lender may declare the unpaid principal balance, earned interest, and any other amounts owed on the Note immediately due; provided, however, that the entire principal balance and accrued interest owing thereon shall not be so accelerated unless Borrower fails to cure any such default within ten (10) days, if a monetary default, or, within twenty (20) days if a nonmonetary default, following the receipt of written notice from Lender, or any subsequent holder of this Note, specifying the existence of any such default. Borrower and each surety, endorser, and guarantor waive all demand for payment, presentation for payment, notice of intention to accelerate maturity, notice of acceleration of maturity, protest, and notice of protest, to the extent permitted by law.

**6. LATE CHARGE:** At the option of Lender, Borrower shall pay a "late charge" in the amount of five percent (5%) of any installment on this Note when such installment is not paid within ten (10) days following the date such installment is due, in order to cover the additional expenses involved in handling delinquent payments.

INITIAL:

7. **SERVICING CHARGE:** Borrower shall pay a $200 per month servicing fee each month for the duration of the loan to a loan servicer chosen by Lender. For each month where Borrower makes a timely payment in full via ACH auto-debit, servicing fee shall be reduced to $50.

I understand and agree to pay this servicing charge. INITIAL:________

8. **ATTORNEY'S FEES:** Borrower also promises to pay reasonable attorney's fees and court and other costs if this Note is placed in the hands of an attorney to collect or enforce the Note. These expenses will bear interest from the date of advance at the Annual Interest Rate on Matured, Unpaid Amounts. Borrower will pay Lender these expenses and interest on demand at the Place for Payment. These expenses and interest will become part of the debt evidenced by the Note and will be secured by any security for payment.

9. **PREPAYMENT:** Borrower may prepay this loan at any time without penalty.

10. **FIRST EXTENSION:** If Borrower is not in default on the Maturity Date, Borrower shall have the option to extend the Maturity Date on one occasion to May 23, 2021 ("Extended Maturity Date"), by providing Lender with documentation that insurance and property taxes are paid current, and paying a fee equal to two percent (2%) of the then outstanding loan amount and a processing fee of $500. In the event Borrower does not timely make the payment to extend this Note or provide satisfactory evidence of current insurance and property taxes prior to the Maturity Date, this Note will mature pursuant to the terms set forth above.

11. **SECOND EXTENSION:** If Borrower has exercised the first extension and is not in default as of either the Maturity Date or the Extended Maturity Date, then shall have the option to extend the Maturity Date on one occasion to May 23, 2022 ("Second Extended Maturity Date"), by providing Lender with documentation that insurance and property taxes are paid current, and paying a fee equal to two percent (2%) of the then outstanding loan amount and a processing fee of $500. In the event Borrower does not timely make the payment to extend this Note or provide satisfactory evidence of current insurance and property taxes prior to the first extended Maturity Date, this Note will mature pursuant to the terms set forth above.

12. **FURTHER ASSURANCES AND CORRECTIONS:** From time to time, at the reasonable request of Lender, Borrower will: (i) promptly correct any defect, error or omission which may be discovered in the contents of this Note or in any other loan document or in the execution or acknowledgement thereof; (ii) execute, acknowledge, deliver, record and/or file (or cause to be executed, acknowledged, delivered, recorded and/or filed) such further documents and instruments (including, without limitation, further deeds of trust, security agreements, financing statements, continuation statements, and assignments of rents) and perform such further acts and provide further assurances as may be necessary, desirable or proper in Lender's reasonable opinion (a) to carry out more effectively the purposes of this Note and the other loan documents and the transactions contemplated hereunder and thereunder, (b) to confirm the rights created under this Note and the other loan documents, (c) to protect and further the validity, priority and enforceability of this Note and the other loan documents and the liens and security interests created thereby, and (d) to subject to the loan documents any portion of the Property intended by the terms of any one or more of the loan documents to be encumbered by the loan documents; and (iii) pay all costs in connection with any of the foregoing.

13. **USURY SAVINGS:** It is expressly provided that in no event shall the aggregate of all interest paid or contracted to be paid to Lender by Borrower ever exceed the maximum amount of interest which may lawfully be charged by Lender on the principal balance of this Note from time to time advanced and remaining unpaid. It is expressly agreed that it is the intent of Lender and Borrower in the execution and delivery of this Note to contract in strict compliance with applicable usury laws. None of the terms of this Note shall ever be construed to create a contract to pay interest at a rate in excess of the Highest Lawful Rate. The term "Highest Lawful Rate" shall mean the maximum non-usurious rate of interest which may lawfully be charged the undersigned by Lender according to: (a) the higher of the "indicated rate ceiling" or the "quarterly ceiling" as of the date of this Note as defined in Chapter 303 of the Texas Finance Code as amended in effect at such time and which would be applicable to the indebtedness evidenced by this Note; or (b) under the laws of the United States, and the regulations promulgated thereunder or under other applicable law. In determining whether the loan any time contracted for, charged, or received from Borrower in connection with the loan evidenced by this Note is usurious under applicable law, all interest shall be amortized, prorated, allocated, and spread in equal parts during the period of the full stated term of the loan. However, in the event that this Note is paid in full by Borrower prior to the end of the term of this Note and in the event the interest received by the holder of this Note for the actual period of the existence of the loan exceeds the Highest Lawful Rate, the holder of this Note shall, either refund to Borrower the amount of such excess or credit the amount of such excess against any amounts owing by Borrower under this Note. In addition, if fulfillment of any provision hereof, at the time

INITIAL: ______

performance of such provision shall be due, shall involve transcending the limit of validity prescribed by applicable law, then, ipso facto, the obligation to fulfill shall be reduced to the limit of such validity, and if from any circumstance the holder thereof shall ever receive as interest an amount which would exceed the Highest Lawful Rate, such amount which would be excessive interest shall, at the option of Lender, be refunded to Borrower or be applied to the reduction of the unpaid principal balance due hereunder and not to the payment of interest. The provisions of this paragraph shall supersede all other provisions of this Note.

**14. LOAN PAYABLE AT MATURITY. IT IS EXPRESSLY UNDERSTOOD AND AGREED THAT THIS NOTE WILL REQUIRE A "BALLOON" PAYMENT OF ALL UNPAID PRINCIPAL AND ACCRUED BUT UNPAID INTEREST ON THE MATURITY DATE. THE PRINCIPAL INDEBTEDNESS EVIDENCED BY THIS NOTE IS PAYABLE IN FULL AT MATURITY. BORROWER MUST REPAY THE ENTIRE PRINCIPAL BALANCE OF THIS NOTE AND ACCRUED BUT UNPAID INTEREST THEN DUE. LENDER IS UNDER NO OBLIGATION TO REFINANCE THIS NOTE AT THAT TIME**

**15. MISCELLANEOUS:**

(a) Borrower is responsible for all obligations represented by this Note.

(b) When the context requires, singular nouns and pronouns include the plural.

(c) If any provision of this Note conflicts with any provision of any loan agreement, the Deed of Trust, or security agreement of the same transaction between Lender and Borrower, the provisions of the Deed of Trust will govern to the extent of the conflict.

(d) This Note will be construed under the laws of the state of Texas, without regard to choice-of-law rules of any jurisdiction.

**BORROWER:**

**Wall007, LLC, a Texas Limited Liability Company**

______________________________
By: Timothy L. Barton
Its: President