# GUARANTY

**Basic Information**

| | |
|---|---|
| **DATE:** | May 24, 2019 |
| **GUARANTOR:** | **Timothy L. Barton** |
| **GUARANTOR'S MAILING ADDRESS:** | ______________________ |
| **BORROWER:** | **Wall007, LLC, a Texas Limited Liability Company** |
| **BORROWER'S MAILING ADDRESS:** | 1755 Whittington Place #340, Dallas TX 75234 |
| **LENDER:** | **Tamamoi, LLC as to a 96.25% interest and FDRE, Inc. as to a 3.75% interest** |
| **LENDER'S MAILING ADDRESS:** | 5060 SW Philomath Blvd #363, Corvallis OR 97333 |

**GUARANTEED INDEBTEDNESS:** The debt evidenced by a certain promissory note dated May 24, 2019, covering the property at **Approximately 100 acres in Tarrant County Texas known as the Orchard Village Subdivision and further described in Exhibit A** in the original principal amount of **$2,800,000.00**, executed by Borrower and payable to the order of Lender, the obligations under the deed of trust executed in connection with the note and any other document executed by Borrower evidencing or securing the note (collectively, the "Loan Documents"), plus all interest, penalties, expenses, attorney's fees, and other collection costs as provided in the Loan Documents.

**CLAUSES AND COVENANTS:**

1. Guarantor agrees to pay, when due or declared due, the Guaranteed Indebtedness to Lender at Lender's Mailing Address.

2. Guarantor waives (a) diligence in preserving liability of any person on the Guaranteed Indebtedness and in collecting or bringing suit to collect the Guaranteed Indebtedness; (b) all rights of Guarantor under chapter 43 of the Texas Civil Practice and Remedies Code, section 17.001 of the Texas Civil Practice and Remedies Code, and rule 31 of the Texas Rules of Civil Procedure, and sections 51.003, 51.004, and 51.005 of the Texas Property Code; (c) protest; (d) notice of extensions, increases, renewals, or rearrangements of the Guaranteed Indebtedness; and (e) notice of acceptance of this guaranty, of creation of the Guaranteed Indebtedness, of failure to pay the Guaranteed Indebtedness as it matures, of any other default, of adverse change in Borrower's financial condition, of release or substitution of collateral, of intent to accelerate, of acceleration, and of subordination of Lender's rights in any collateral, and every other notice of every kind. Guarantor's obligations under this guaranty will not be altered nor will Lender be liable to Guarantor because of any action or inaction of Lender in regard to a matter waived or of which notice is waived by Guarantor in the preceding sentence.

3. Guarantor agrees to pay reasonable attorney's fees and other collection costs if an attorney is retained to enforce this guaranty for collection.

4. This guaranty is an absolute, irrevocable, unconditional, and continuing guaranty of payment and performance and not of collection.

5. Lender need not resort to Borrower or any other person or proceed against collateral before pursuing its rights against Guarantor or any other guarantor. Lender's action or inaction with respect to any right of Lender under the law or any agreement will not alter the obligation of Guarantor hereunder. Lender may pursue any remedy against Borrower or any collateral or under any other guaranty without altering the obligations of Guarantor hereunder and without liability to Guarantor, even though Lender's pursuit of such remedy may result in Guarantor's loss of rights of subrogation or to proceed against others for reimbursement of contribution or any other right.

6. Guarantor will remain liable for the Guaranteed Indebtedness even though the Guaranteed Indebtedness may be unenforceable against or uncollectible from Borrower or any other person because of incapacity, lack of power or authority, discharge, or any other reason.

7. Guarantor consents and acknowledges that Guarantor's obligations will not be released by (a) the renewal, extension, or modification of the Guaranteed Indebtedness or any of the Loan Documents; (b) the insolvency, bankruptcy, liquidation, or dissolution of Borrower or any other obligor; (c) the failure of Lender to properly obtain, perfect, or preserve any

security interest or lien in any collateral for the Guaranteed Indebtedness; (d) the release, substitution, or addition of any collateral for the Guaranteed Indebtedness; or (e) the failure of Lender to exercise diligence, commercial reasonableness, or reasonable care in the preservation, enforcement, or sale of any of the collateral.

8. Lender need not notify Guarantor that Lender has sued Borrower, but if Lender gives written notice to Guarantor that it has sued Borrower, Guarantor will be bound by any judgment or decree, to the extent permitted by law.

9. Lender may sue any guarantor without impairing Lender's rights against any other guarantor, with or without making Borrower a party. Lender may settle with Borrower or any other guarantor for such amounts as it may elect or may release Borrower or any guarantor or any collateral securing the Guaranteed Indebtedness without impairing Lender's right to collect the Guaranteed Indebtedness from Guarantor.

10. This guaranty binds Guarantor and Guarantor's heirs, successors, and assigns, and it benefits and may be enforced by Lender and Lender's successors in interest. When the context requires, singular nouns and pronouns include the plural. This guaranty will be construed under the laws of the state of Texas, without regard to choice-of-law rules of any jurisdiction. The provisions of this guaranty are severable. If a court of competent jurisdiction finds that any provision of this guaranty is unenforceable, then the remaining provisions will remain in effect without the unenforceable parts.

11. FINAL AGREEMENT: THIS WRITTEN AGREEMENT REPRESENTS THE FINAL AGREEMENT BETWEEN THE PARTIES AND MAY NOT BE CONTRADICTED BY EVIDENCE OF PRIOR, CONTEMPORANEOUS, OR SUBSEQUENT ORAL AGREEMENTS OF THE PARTIES. THERE ARE NO UNWRITTEN ORAL AGREEMENTS BETWEEN THE PARTIES.

**GUARANTOR:**

______________________________
Timothy L. Barton
SSN: