UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JUN LI, et al., | § | |
| | § | |
| *Petitioning Creditors*, | § | |
| | § | |
| v. | § | Civil Action No. 3:20-CV-03386-X |
| | § | |
| WALL007 LLC, et al., | § | |
| | § | |
| *Alleged Debtors*. | § | |

# ORDER

Before the Court is the Petitioning Creditors' (Creditors) *Notice of Motion for Leave to Appeal* [Doc. No. 2]. This docket entry includes both the Motion for Leave to Appeal and the Alleged Debtors' Objection to the Motion for Leave to Appeal. After considering the motion, objection, record, and applicable law, and as explained below, the Court **DENIES** the Creditors' motion for leave to appeal and **DISMISSES** this appeal.

## I. Factual Background

This motion arises out of an involuntary bankruptcy case.[1] The Alleged Debtors are in the business of acquiring and improving land to sell residential lots to home builders. The Creditors claim that they each individually "entered into loan agreements with the Alleged Debtors for the purpose of providing the Alleged Debtors with funding for the purchase and development of land, and the Alleged Debtors

[1] *See In re WALL007 LLC, et al.*, No. 20-31131-hdh7 (N.D. Tex. Nov. 23, 2020).

failed to pay the loans back as and when required under the loan documents."[2] But the Alleged Debtors tell a different story. They claim that one individual, Michael Fu, located them, "engaged them to provide co-lending through his own entities, organized the transfer of funds, and acted as an agent on behalf of all of the [Creditors]."[3] This variance troubled the Bankruptcy Court because it raises concerns both of fraud and of whether the Creditors can satisfy the requirements for filing an involuntary petition.

The Creditors filed this motion seeking leave to appeal an interlocutory order of the Bankruptcy Court which requires the Creditors to appear for live, in-person depositions in the United States or risk the case being dismissed without prejudice on December 4, 2020. The Creditors, 65 Chinese nationals, oppose appearing in-person due to the COVID-19 pandemic and the complications that traveling from China to the United States would entail. While it acknowledged that traveling to conduct in-person depositions on U.S. soil would be difficult, the Bankruptcy Court found that: (1) it is not impossible; (2) conducting depositions in China may be illegal; and (3) it is the only solution to determine whether a fraud is being perpetrated on that Court.

## II. Legal Standard

Litigants may not appeal an interlocutory bankruptcy court order as of right.[4] And courts generally do not grant leave to appeal an interlocutory order because

---

[2] Doc. No. 287 at 4.
[3] *Id.*
[4] *See In re Hunt Intern. Resources Corp.*, 57 B.R. 371, 372 (N.D. Tex. 1985).

interlocutory appeals "interfere with the overriding goal of the bankruptcy system, expeditious resolution of pressing economic difficulties."[5] Granting leave to appeal an interlocutory order, then, "should be granted only where circumstances are present which justify the overriding general policy of not allowing such appeals."[6]

The United States district courts have jurisdiction to hear appeals of bankruptcy judgments pursuant to 28 U.S.C. § 158(a). But district court review of interlocutory orders requires leave of court.[7] The decision to grant or deny leave to appeal a bankruptcy court's interlocutory order is within the district court's discretion.[8] While Section 158(a)(3) does not provide a standard for determining whether to grant leave to appeal an interlocutory order, many courts have adopted the standard under 28 U.S.C. § 1292(b).[9] To be appealable under that standard, an interlocutory order must: (1) involve a controlling issue of law; (2) present a question upon which there is substantial ground for difference of opinion; and (3) an immediate appeal of the order must materially advance the ultimate termination of the litigation.[10] Every factor must be satisfied for an interlocutory order to be considered; they should not be weighed or balanced.[11]

[5] *Id.*
[6] *Id.*
[7] *See* 28 U.S.C. § 158(a)(3).
[8] *See Stumpf v. McGee (In re O'Connor)*, 258 F.3d 392, 399–400 (5th Cir. 2001).
[9] *Ichinose v. Homer Nat'l Bank*, 946 F.2d 1169, 1177 (5th Cir. 1991).
[10] *Id.*
[11] *Panda Energy Int'l, Inc. v. Factory Mut. Ins.*, Case. Nos. 3:11-cv-003-K, 3-10-cv-2541-K, 2011 WL 610016, at *4 (N.D. Tex. Feb. 14, 2011).

Document Page 4 of 5

## III. Analysis

The Court finds that the Creditors did not present a question upon which there is substantial ground for difference of opinion. Because failing to satisfy a single requirement is fatal to obtaining leave to appeal an interlocutory order, the Court discusses only the second requirement.

The fact that a court is the first to rule on a question or that counsel disagrees with the Court's decision "does not qualify the issue as one over which there is substantial disagreement."[12] In its motion, the Creditors argue that the issues are "likely of first impression, given the COVID-19 pandemic has largely only been with us in the U.S. since February or March of 2020."[13] They further assert that because the Macau government has allowed tourist travel from China to resume, and the depositions could conceivably be conducted there, "all of the issues presented are in fact controlling issues of law."

The Court finds this argument unconvincing for several reasons: (1) the Creditors rely on an expired travel alert from WorldAware.com for the proposition that depositions can be legally conducted in Macau; (2) Macau is a Chinese territory with a hybrid legal system, and the Creditors have offered no evidence that a video deposition would not violate this hybrid law, even if taken in Macau; (3) the fact that this issue may be one of first impression is irrelevant to whether there exists substantial ground for difference of opinion; and (4) because the depositions can be conducted in the United States (although the Court recognizes the difficulty of doing

---

[12] *Ryan v. Flowserve Corp.*, 444 F. Supp.2d 718, 724 (N.D. Tex. 2006).
[13] Doc. No. 2. at 18.

so), the Creditors' arguments are akin to a disagreement with the Bankruptcy Court's ruling.

The law here is not unsettled—the Creditors merely disagree with the Bankruptcy Court's opinion. But an appeal of an interlocutory order is not the appropriate vehicle "to obtain a second, more favorable opinion."[14] Accordingly, the Court finds that the Creditors have not presented a question upon which there is substantial ground for difference of opinion. Therefore, the Court determines that interlocutory appeal is inappropriate. Because the Creditors failed to satisfy the second element of the section 1292(b) analysis, the Court need not address the remaining elements.

III. Conclusion

For the foregoing reasons, the Court **DENIES** the Creditor's Motion for Leave to Appeal and **DISMISSES** this appeal.

**IT IS SO ORDERED** this 30th day of November 2020.



BRANTLEY STARR
UNITED STATES DISTRICT JUDGE

[14] *Flowserve*, 444 F. Supp.2d at 722.