Joyce W. Lindauer
State Bar No. 21555700
Guy H. Holman
State Bar No. 24095171
Kerry Alleyne-Simmons
State Bar No. 24066090
Joyce W. Lindauer Attorney, PLLC
1412 Main St., Suite 500
Dallas, Texas 75202
Telephone: (972) 503-4033
Facsimile: (972) 503-4034
Attorneys for Alleged Debtors

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | **Chapter 7** |
| | § | |
| **WALL007 LLC, *et al.*[1],** | § | **Case No. 20-31131-hdh7** |
| | § | **(Jointly Administered)** |
| **Alleged Debtors.** | § | |

**WALL009, LLC'S RESPONSE AND**
**OBJECTION TO MOTION OF SOUTHERN STAR CAPITAL, LLC d/b/a**
**RELIANCE MORTGAGE COMPANY FOR RELIEF FROM AUTOMATIC STAY**

**TO THE HONORABLE UNITED STATES BANKRUPTCY COURT:**

COMES NOW WALL009, LLC ("Alleged Debtor"), an alleged debtor in the above-styled and numbered bankruptcy case, and files its *Response and Objection to Motion of Southern Star Capital, LLC d/b/a Reliance Mortgage Company for Relief from Automatic Stay* [Docket No. 173] (the "Motion"), and in support thereof would respectfully show the Court as follows:

1. The Alleged Debtor admits the allegations in Paragraph 1 of the Motion.

2. The Alleged Debtor admits the allegations in Paragraph 2 of the Motion.

3. The Alleged Debtor admits the allegations in Paragraph 3 of the Motion.

4. The Alleged Debtor is not required to admit or deny the allegation in Paragraph 4 of the Motion.

---

[1] The Alleged Debtors in these cases are: WALL007 LLC, WALL009 LLC, WALL010 LLC, WALL011 LLC, WALL012 LLC, WALL016 LLC, and WALL017 LLC.



**EXHIBIT "3"**

5. The Alleged Debtor admits the allegations in Paragraph 5 of the Motion to the extent that Southern Star Capital, LLC ("SSC") *was* the original lender of a note, but denies the allegation that it is the current servicer of the holder of the referenced note and an associated deed of trust since the Alleged Debtor has received a "Release of Lien" duly authenticated by Michael D. Anderson, Owner and Manager of Southern Star Capital, which acknowledges payment in full of the referenced Note by the Alleged Debtor (**Exhibit "A"**). As such, there no amounts outstanding on the Note which would require servicing of such. Further, pursuant to the terms of the Release of Lien, Southern Star Capital "expressly waives and releases all present and future rights to establish or enforce the Lien as security for payment of any future or other indebtedness."

6. The Alleged Debtor admits the allegation in Paragraph 6 of the Motion to the extent documents so provide.

7. The Alleged Debtor admits the allegations in Paragraph 7 of the Motion to the extent documents so provide.

8. The Alleged Debtor admits the allegations in Paragraph 8 of the Motion to the extent documents so provide.

9. The Alleged Debtor denies the allegation in Paragraph 9 of the Motion concerning an alleged failure to make required payments to the extent that the aforementioned Release of Lien in its possession acknowledges that SSC has tendered payment in full of the Note. See **Exhibit "A."** The Alleged Debtor admits the allegations in the balance of Paragraph 9 of the Motion.

10. The Alleged Debtor admits the allegations in Paragraph 10 of the Motion to the extent documents so provide, but denies that Movant was within its rights to post the referenced property for foreclosure since all indebtedness to the Movant had been paid and such was acknowledged in its Release of Lien to the Alleged Debtor. **See Exhibit "A."**

11. The Alleged Debtor denies the allegations in Paragraph 11 of the Motion since, as of the loan maturity date, (a) no principal was due and owing, (b) payments had been tendered in full, and (c) no interest or late fees were due and owing. Evidence of such may be noted, as stated *supra*, in the Release of Lien (**Exhibit "A"**).

12. The Alleged Debtor denies the allegations in Paragraph 12 of the Motion for the aforementioned reason.

13. The Alleged Debtor denies the allegations in Paragraph 13 of the Motion and asserts that since all monies due and owing to SSC have been tendered, and since the Release of Lien provides that SSC "expressly waives and releases all present and future rights to establish or enforce the Lien as security for payment of any future or other indebtedness[,]" no cause exists that would permit the Court to waive Bankruptcy Rule 4001(a)(3) and permit Movant to post the Property (in which it has no rights) for foreclosure. See **Exhibit "A."**

14. The Alleged Debtor admits the allegation in Paragraph 14 of the Motion to the extent that the deed of trust does account for the payment of attorney's fees, but asserts that the $2,500.00 requested is an exorbitant fee given both the simplicity and length of the Motion, and the reasonable amount of opposing counsel's time required to produce such. Further, since the Motion requests relief to which the Movant is not entitled, it would be inappropriate and unjust to award Movant any attorney's fees for drafting such.

15. The Alleged Debtor denies the allegation in Paragraph 15 of the Motion to the extent SSC has no standing by which to request termination of the automatic stay (since the Alleged Debtor is not indebted to it), and in fact the automatic stay is not applicable to SSC in this instance. Alleged Debtor further denies the allegation in Paragraph 15 that SSC has any right to foreclose on said Property for reasons mentioned heretofore.

16. The Alleged Debtor admits the allegation in Paragraph 16 that no adequate protection payments have been tendered, but asserts that since it is not indebted to SSC, no such payments are appropriate or necessary. Without the existence of any payments due and owing to SSC, the Alleged Debtor asserts that the automatic stay is not applicable to SSC, and as such may not request any termination of such.

17. The Alleged Debtor denies the allegation in Paragraph 17 of the Motion that SSC has any right to a 11 U.S.C. § 362(d)(2) Cause of Action, and that such would not be appropriate since evidence shows that (a) Alleged Debtor has tendered payment in full for the Property in question, (b) SSC has acknowledged payment in full for such Property in its Release of Lien to Alleged Debtor, and (c) as a consequence of said Release, SSC has no right to any interest in said Property.

18. The Alleged Debtor denies the allegation in Paragraph 18, and again asserts that the automatic stay is not applicable to SSC since Alleged Debtor owes it no debt that would afford Movant the status of "creditor" to which the automatic stay applies; absent any standing or application of the automatic stay, there is no reason or need to grant any relief under Fed. R. Bankr. P. 4001(a)(3).

19. The Alleged Debtor denies the allegation in Paragraph 19 of the Motion to the extent that any affidavit provided by Mr. Al Keller (i.e. Movant's Exhibit "6") purporting that any debt is owed to SSC is in error.

20. It is important to add that on September 13, 2019, only one day after providing the Alleged Debtor with a Release of Lien on the subject Property (**Exhibit "A"**), SSC assigned, conveyed, and delivered to Texas Brand Bank ("Bank") its security interest in the aforementioned note, the deed of trust, and SSC's lien on the Property that is the subject of its Motion. See **Exhibit "B."** As such, any interest in said Property should have been claimed by the Bank instead

of SSC. Furthermore, when Mr. Anderson realized that the Alleged Debtor had never recorded the Release of Lien he had delivered to the Alleged Debtor, he improperly re-executed a "Partial Release of Lien" intended to surreptitiously and fraudulently replace the original in the eyes of the Court. See **Exhibit "C."** This revised document notably omitted all references to the full release found in the original (**Exhibit "A"**) in acknowledgment of payments tendered in full. Despite the fact that Mr. Anderson recorded this deceptively produced document on August 20, 2020, in the Johnson County real property records, doing so still presents no question as to priority of a security interest. Here, once the release was given to the Alleged Debtors, it was effective on delivery. Mr. Anderson's attempt to obscure this fact by presenting a replacement document that falsely purports to operate as the original release is nothing more than a perpetration of fraud against both the Alleged Debtor and this Court.

21. The property has substantial equity in it over and above any amount that might be claimed by the Movant and is necessary for a reorganization of the Debtor.

22. Movant, to the extent they have a claim, is further adequately protected by the value of the Property.

WHEREFORE, PREMISES CONSIDERED, WALL009, LLC requests that this Court enter an order denying the relief requested in the Motion, and for such other and further relief to which it may be justly entitled.

Dated: September 23, 2020.

Respectfully submitted,

*/s/ Joyce W. Lindauer*

Joyce W. Lindauer
State Bar No. 21555700
Guy H. Holman
State Bar No. 24095171
Kerry Alleyne-Simmons
State Bar No. 24066090
Joyce W. Lindauer Attorney, PLLC
1412 Main St., Suite 500
Dallas, Texas 75202
Telephone: (972) 503-4033
Facsimile: (972) 503-4034
Email: joyce@joycelindauer.com
guy@joycelindauer.com
kerry@joycelindauer.com
Attorneys for Alleged Debtors

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on September 23, 2020, a true and correct copy of the foregoing document was served via email pursuant to the Court's ECF system upon the parties listed below.

Robert W. Buchholz on behalf of Creditor Southern Star Capital, LLC d/b/a Reliance Mortgage Company
bob@attorneybob.com

Katherine T. Hopkins
katherine.thomas@kellyhart.com

Joyce W. Lindauer
joyce@joycelindauer.com, dian@joycelindauer.com;gina@joycelindauer.com

Jiangang Ou
jou@nguyen-chen.com, ahuber@archerlaw.com

Stephen M. Packman
spackman@archerlaw.com, jgarcia@archerlaw.com,ahuber@archerlaw.com

Case 20-31131-hdh7 Doc 173 Filed 09/22/20 Entered 09/22/20 14:20:52 Page 7 of 17

Michael P. Ridulfo
mridulfo@krcl.com, dtrevino@krcl.com;mridulfo@ecf.courtdrive.com

Patrick D. Sullivan
sullivan@hooverslovacek.com

Behrooz P. Vida
filings@vidalawfirm.com

United States Trustee
ustpregion06.da.ecf@usdoj.gov

*/s/ Joyce W. Lindauer*
Joyce W. Lindauer

**After Recording Return to:**
Lawyers Title
6115 Camp Bowie Blvd #190
Fort Worth, TX 76116
GF# 2000641900721

**RELEASE OF LIEN**

**Date:** ______________________, 2019

**Holder of Note and Lien:** Southern Star Capital LLC d/b/a Reliance Mortgage Company

**Holder's Mailing Address:** ______________________

**Note and Lien Are Described in the Following Documents:**

A deed of trust to secure an indebtedness in the amount shown below,

| | |
|---|---|
| Amount: | $900,000.00 |
| Dated: | September 11, 2019 |
| Trustor/Grantor | Wall 009, LLC |
| Trustee: | Robert W. Buchholz |
| Beneficiary: | Southern Star Capital LLC d/b/a Reliance Mortgage Company |
| Loan No.: | n/a |
| Recording Date: | September 12, 2019 |
| Recording No: | under Clerk's File No(s). 2019-24729, Real Property Records, Johnson County, Texas |

An assignment of the beneficial interest under said deed of trust which names:

| | |
|---|---|
| Assignee: | Texas Brand Bank |
| Loan No.: | n/a |
| Recording Date: | September 13, 2019 |
| Recording No: | under Clerk's File No(s). 2019-24811, Real Property Records, Johnson County, Texas |

**Property (including any improvements) to Be Released from Lien ("Property"):**
Lot 21, Block 5, and Lot 1, Block 7 in subdivision of Lots 16-30, Block 5; Lots 14-16, Block 6; Lots 1-15, Block 7; Venus Ridge Phase IV, an addition to the City of Venus, Johnson County, Texas according to the map or plat thereof, recorded in Volume 11, Page 544, Real Property Records, Johnson County, Texas.

Holder of Note and Lien is the owner and holder of the Note and Lien described above. Holder of Note and Lien acknowledges payment in full of the Note and releases the Property from the Lien and from all liens held by Holder of Note and Lien, without regard to how they were created or evidenced. Holder of Note and Lien expressly waives and releases all present and future rights to establish or enforce the Lien as security for payment of any future or other indebtedness. When the context requires, singular nouns and pronouns include the plural.

When the context requires, singular nouns and pronouns include the plural.

**Southern Star Capital LLC**
d/b/a Reliance Mortgage Company

BY: *Michael D. Anderson*

Name: *Mike D. Anderson*

ITS: *Owner / Manager*
Title



**EXHIBIT "A"**

THE STATE OF Texas §
COUNTY OF Dallas §

This instrument was acknowledged before me on this the 20th day of November, 2019, by Michael D Anderson, the owner of Southern Star Capital LLC d/b/a Reliance Mortgage Company.

CODY W. OLYNYK
Notary ID #129405339
My Commission Expires
April 29, 2021

Notary Public, State of Texas

Doc-24811

***** Electronically Recorded Document *****

**Johnson County**

Becky Ivey
Johnson County Clerk
Cleburne, TX

---

**Document Number:** 2019-24811

**Recorded As** : ERX-ASSIGNMENT

| | |
|---|---|
| **Recorded On:** | September 13, 2019 |
| **Recorded At:** | 11:13:25 am |
| **Number of Pages:** | 6 |
| **Recording Fee:** | $42.00 |

**Parties:**

Direct-

Indirect- NA

| | |
|---|---|
| **Receipt Number:** | 175525 |
| **Processed By:** | Linda Bailey |

---

*****THIS PAGE IS PART OF THE INSTRUMENT*****

I hereby certify that this instrument was filed on the date and time stamped hereon and was duly recorded in the Volume and Page of the named records in Johnson County, Texas.

Any provision herein which restricts the sale, rental or use of the described Real Estate because of color race is invalid and unenforceable under Federal law.

BECKY IVEY, COUNTY CLERK
JOHNSON COUNTY, TEXAS

# EXHIBIT "B"

**COLLATERAL ASSIGNMENT OF NOTE,**
**LOAN DOCUMENTS AND LIENS**

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | |
| | § | KNOW ALL MEN BY THESE PRESENTS: |
| COUNTY OF DALLAS | § | |

THAT SOUTHERN STAR CAPITAL, L.L.C.("Assignor"), has ENDORSED, TRANSFERRED, ASSIGNED, SOLD, SET OVER, CONVEYED and DELIVERED, and by these presents does hereby ENDORSE, TRANSFER, ASSIGN, SELL, SET OVER, CONVEY and DELIVER unto TEXAS BRAND BANK ("Lender"), and Assignor further hereby grants and assigns a security interest to Lender (the "Security Interest") in and to, all right, title and interest of Assignor in, to and under (a) that certain Real Estate Lien Note, dated September 11, 2019 in the stated principal amount of $900,000.00 made payable to SOUTHERN STAR CAPITAL, L.L.C. DBA RELIANCE MORTGAGE (the "Collateral Note"), (b) all documents and instruments evidencing, securing or otherwise pertaining to the Collateral Note (collectively, the "Collateral Loan Documents"), including, without limitation, that certain Deed of Trust (the "Collateral Deed of Trust") of even date with the Collateral Note from WALL009, LLC (collectively, "Grantor") to SOUTHERN STAR CAPITAL L.L.C. DBA RELIANCE MORTGAGE, TRUSTEE, as beneficiary thereunder, same having been filed under Clerk's File Number 2019-24729 of the Real Property Records of Johnson County, Texas, covering the real property more fully described on Exhibit "A" attached hereto, and (c) all of the liens and security interests granted in the Collateral Loan Documents or otherwise securing the Collateral Note (collectively, the "Collateral Liens"). Assignor hereby BARGAINS, SELLS, TRANSFERS, ASSIGNS, SETS OVER, CONVEYS and DELIVERS unto Lender all of the rights, privileges, securities, equities, powers, benefits, claims, priorities, demands, titles or interests now or hereafter owned or held by Assignor in, to and under the Collateral Note, the Collateral Loan Documents, the Collateral Deed of Trust and the Collateral Liens.

TO HAVE AND TO HOLD the Collateral Note, the Collateral Loan Documents, the Collateral Deed of Trust and the Collateral Liens, together with all and singular the rights, titles, interests, privileges, securities, equities, powers, benefits, claims, priorities and demands thereunto in anywise belonging to Lender, its successors and assigns forever.

This Collateral Assignment is made to secure payment and performance of Assignor's obligations under and pursuant to (i) that certain Promissory Note, dated September 11, 2019 in the stated principal amount of $900,000.00, executed by Assignor and made payable to the order of Lender (collectively with all renewals, increases, modifications, replacements, rearrangements, substitutions, restatements and extensions now or hereafter executed in connection therewith, the "Assignor's Note"), and (ii) all documents and instruments now or hereafter securing, evidencing or pertaining to the Assignor's Note (collectively, "Assignor's Loan Documents").

Assignor represents and warrants to Lender that (i) Assignor is the sole legal and equitable owner and holder of the Collateral Note and the obligations evidenced thereby, (ii) Assignor has not assigned, mortgaged or hypothecated the Collateral Note, any obligations evidenced thereby, or any of the Collateral Liens to any party other than Lender, (iii) the Collateral Note is in all respects current and in good standing and are not overdue or subject to any credits or offsets, (iv) neither the maker of the Collateral Note nor any surety or guarantor of the Collateral Note has raised any counterclaim, defense, allowance, adjustment, dispute, obligation or complaint regarding their respective liability on either of the Collateral Note or under any Collateral Loan Documents, (v) the Collateral Note and the Collateral Loan Documents have not been amended, altered or modified since the date of the execution thereof, (vi) no default, or event that, with notice, lapse of time or both, would constitute a default, under either of the Collateral Note or the Collateral Loan Documents has occurred, and (vii) Assignor has the full right and authority to sell, assign, pledge and grant a security interest in and to the Collateral Note and the Collateral Liens.

Upon the occurrence of a default or an event of default ("Event of Default"), as provided for in the Assignor's Note and/or any of the other Assignor's Loan Documents, Lender shall, in

addition to the rights and remedies provided for therein or under Texas law, have the right to sell the Collateral Note, the Collateral Loan Documents, the Collateral Deed of Trust and the Collateral Liens, in any manner afforded to Lender under the laws of the State of Texas. The proceeds of the sale shall be applied first to the reasonable expenses of the sale and then toward the payment of interest, principal and attorneys' fees due and unpaid upon the Assignor's Note, rendering the balance, if any, and surplus, if any, to Assignor; but if there be any deficiency, Assignor shall remain liable therefor. Lender shall have the right to purchase (by credit against the Note) at any public sale in which it is the highest bidder.

Lender shall have all the rights and remedies of a secured party under Title 1, Chapter 9 of the Texas Business and Commerce Code (the "UCC"), and Lender shall be entitled to avail itself of all such other rights and remedies as may now or hereafter exist at law or in equity for the collection of the Obligations evidenced by the Assignor's Note and other Obligations. The foreclosure of the Security Interest created hereby and the resort to any remedy provided hereunder or provided by the UCC or any Texas law shall not prevent the concurrent employment of any other appropriate remedy or remedies.

The requirement of notice to Assignor of the time and place of any public sale of the Collateral Note, the Collateral Loan Documents, the Collateral Deed of Trust and the Collateral Liens or of the time after which any private sale or any other intended disposition thereof is to be made, shall be met if such notice is mailed, postage prepaid, to Assignor at 5220 Spring Valley Suite 602 Dallas, TX. 75254, or such other address provided to Lender by Assignor in writing, at least ten (10) days before the date of any public sale or at least ten (10) days before the time after which any private sale or disposition is to be made, unless a longer period of time is required pursuant to the UCC, in which case, applicable provisions of the UCC shall control.

The Security Interest created herein shall not be affected by or affect any other security taken for the Assignor's Note, and any extensions may be made for the payment of the Assignor's Note, without affecting the priority of the Security Interest or the validity thereof with reference to any third party, and the holder or holders of the Assignor's Note shall not be limited by election of remedies if the holder or holders choose to foreclose this Security Interest by suit. The right to sell the Collateral Note and the Collateral Loan Documents under the terms hereof shall also exist cumulative with such suit, and one method of foreclosure shall not bar the other, but both may be exercised at the same or different times, nor shall one be a defense to the other.

Assignor authorizes Lender, at the option of Lender, to give notice to the maker of the Collateral Note of the existence of this Collateral Assignment and to instruct such maker, upon the occurrence of an Event of Default which is not cured within any applicable grace period, to direct all payments due and payable under the Collateral Note to Lender.

Assignor authorizes Lender, at the option of Lender, and only upon the occurrence of an Event of Default, which is not cured within any applicable grace period, to collect and receive any and all sums becoming due upon the Collateral Note, such sums to be held by Lender without liability for interest thereon and applied towards the payment of the Assignor's Note. Except as otherwise expressly provided herein, Lender shall hold and have the full control of the Collateral Note until the Assignor's Note is fully paid, including, without limitation, the right to foreclose any or all Collateral Liens, without the necessity of consent by Assignor (and without the necessity of the prior foreclosure of the Collateral Note), and to release the Collateral Liens upon the full and final payment of such Collateral Note to Lender. Notwithstanding the foregoing, Lender is under no obligation to make or enforce the collection of the Collateral Note, and the failure of Lender from any cause to make or enforce the collection thereof shall not in any way prejudice the right of Lender to thereafter make or enforce collection thereof or in any way affect the Assignor's Note.

Lender shall, once the Assignor's Note has been paid in full to Lender, remit all proceeds, if any, received by it under the Collateral Note, if any, that remain after the Assignor's Note has been paid in full to Assignor.

This Collateral Assignment shall in no manner impair or affect any of the other liens granted by Assignor to Lender, and no security interest hereafter taken therefor shall in any manner impair or affect the security hereby given, it being agreed that all such present and future

security shall be cumulative security and that Lender may foreclose under any of such security, as Lender may elect, without waiving the other.

In addition to the other rights of Lender hereunder, Lender may, but shall not be obligated to, renew, extend or rearrange the time and manner of payment of the Collateral Note, in its own name or in the name of Assignor, with or without the joinder or consent of Assignor, without incurring responsibility or liability to Assignor or discharging, impairing or otherwise affecting any liability or obligation of Assignor, including, without limitation, Assignor's liability for payment of the Assignor's Note.

If Assignor hereafter becomes the owner of any of the property covered by the Collateral Loan Documents prior to the date that Lender executes a written release of this Collateral Assignment, Lender shall automatically have a lien and security interest in and against such property to secure the payment of the Assignor's Note, and Assignor does hereby grant Lender a lien and security interest in and against such property, and Assignor shall immediately, at Assignor's sole cost and expense, execute and deliver, and file in the appropriate public records with all filing fees paid, appropriate documents, in form and substance satisfactory to Lender, further evidencing the granting of such lien and security interest. The foregoing provisions shall not be deemed to constitute consent or authorization by Lender to the transfer, sale or other disposition of any of the property covered by the Collateral Loan Documents to or by Assignor.

Assignor shall pay to Lender all expenditures and expenses, including, without limitation, reasonable attorneys' fees, incurred by Lender in exercising, protecting or enforcing Lender's interests, rights and remedies under this Collateral Assignment, plus interest thereon at the maximum rate permitted by applicable law. Assignor shall further do, make, procure, execute and deliver all acts, things, writings and assurances as Lender may at any time reasonably request to protect, assure or enforce Lender's interests, rights and remedies under this Collateral Assignment.

THIS COLLATERAL ASSIGNMENT CONSTITUTES THE ENTIRE AGREEMENT BETWEEN THE PARTIES HERETO WITH RESPECT TO THE SUBJECT HEREOF AND SHALL SUPERSEDE ANY PRIOR AGREEMENT BETWEEN THE PARTIES HERETO, WHETHER WRITTEN OR ORAL, RELATING TO THE SUBJECT HEREOF. FURTHERMORE, IN THIS REGARD, THIS AGREEMENT AND OTHER WRITTEN LOAN DOCUMENTS REPRESENT, COLLECTIVELY, THE FINAL AGREEMENT AMONG THE PARTIES THERETO AND MAY NOT BE CONTRADICTED BY EVIDENCE OF PRIOR, CONTEMPORANEOUS OR SUBSEQUENT ORAL AGREEMENT OF SUCH PARTIES. THERE ARE NO UNWRITTEN ORAL AGREEMENTS BETWEEN THE PARTIES.

EXECUTED effective as of September 11, 2019.

Michael D. Anderson [signature]
_______________________________
Michael Anderson Manager of Southern
Star Capital, L.L.C.

STATE OF TEXAS §a
§
COUNTY OF Dallas §

This instrument was acknowledged before me on the 12 day of September, 2019, by Mike Anderson for the purposes and consideration therein expressed.

JOHNNA L BEST
MY COMMISSION EXPIRES
08/26/2021
NOTARY ID: 684276-8

[signature]
_______________________________
NOTARY PUBLIC, State of Texas

# EXHIBIT A

Legal description of land:

Whereas Wall009, LLC is the owner of that certain called 63.76454 acre tract of land situated in the John Haigler Survey, Abstract No. 358, Johnson County, Texas and being a part of that certain called 101.49 acre tract of land described in Deed from Billy Roten and Joyce Roten, husband and wife, to Lynco Ventures, LLC and recorded in County Clerk's Doc No. 2017-12107 of the Deed Records of Johnson County, Texas, said 63.7644 acre tract of land to be more particularly described by metes and bounds as follows:

COMMENCING at a 1/2" iron rod w/cap marked "SANDS" found for corner at the west corner of said 101.49 acre tract, the north corner of that certain called 37.583 acre tract of land known as Venus Ridge Phase III and recorded in Volume 10, Page 819 of the Plat Records of Johnson County, Texas, said 1/2" iron rod found also being in the northwest line of said Haigler Survey, same being the southeast line of B.B.B. & C. R.R Survey, Abstract No. 92, same being the southeast line of that certain 144.38 acre tract of land described in Deed to Wayne Hood and Eleanor Hood recorded in Volume 2616, Page 156 of said Deed Records;

THENCE North 59° 45' 40" East with said northwest and southeast lines a distance of 363.97 feet to a 1/2" iron rod with plastic cap marked "SANDS" set for corner in the south line of a 170 foot wide Texas Power & Light Company Easement as described in Deed recorded in Volume 625, Page 52 of said Deed Records and being at the Point of Beginning;

THENCE North 59° 45' 40" East continuing with said Northwest and southeast lines a distance of 1,286.03 feet to a 1/2" iron rod w/cap marked Fort Worth Surveying found for corner at or about the north corner of said Haigler Survey, same being the north corner of said 101.49 acre tract, the east corner said B.B.B. & C. R.R. Survey, same being the est corner of that certain called 3.03 acre tract of land described in Deed from Wayne Hood and Eleanor Hood to ETC Texas Pipeline, Ltd., recorded in Volume 4438, Page 447 of said Deed Records and also being along the southwest line of the Absalom Williams Survey, Abstract No. 857, same being the southwest line of that certain called 65.70 acre tract of land described in Deed from Tom Cravens, Independent Executor of the Estate of Hazel E. Barnes to Mattie F. Tolbert and recorded in County Clerk's File No. 200900026516 of said Deed Records;

THENCE South 30° 13' 50" East with the northeast line of said 101.49 acre tract, same being the southwest line of said 65.70 acre tract and along the northeast line of said Haigler Survey, same being the southwest line of said Williams Survey a distance of 2,697.80 feet to a 1/2" iron rod w/cap marked FORT WORTH SURVEYING found for corner in the northwest line of County Road 501 (apparent 60' Right-of-Way);

THENCE South 61° 01' 00" West with the southeast line of said 101.49 acre tract and said County Road a distance of 1,019.04 feet to a point for corner;

THENCE across said 101.49 acre tract the following:

North 30° 13' 50"' West a distance of 2,191.26 feet to a point for corner;

North 00° 26' 19" West a distance of 112. 41 feet to a point for corner;

South 89° 33' 41' West a distance of 33.74 feet to a point for corner at the beginning of a non-tangent curve to the left;

THENCE in a Southwesterly direction with said curve to the left having a radius of 270.00 feet, whose chord bears South 74° 39' 55" West 138.81 feet for an arc length of 140.39 feet to a point for corner;

THENCE North 30° 13' 50" West a distance of 242.77 feet to a point for corner in the northwest line of said 101.49 acre tract;

THENCE South 89° 33' 41" West with said northwest line of distance of 183.97 feet back to the Point of Beginning and containing 2,777,575 square feet or 63.7644 acres of land, more or less.

**After Recording Return to:**
Lawyers Title
6115 Camp Bowie Blvd #190
Fort Worth, TX 76116

**PARTIAL RELEASE OF LIEN**

Unofficial Copy

**Date:** August 20, 2020

**Holder of Note and Lien:** Southern Star Capital LLC d/b/a Reliance Mortgage Company
**Holder's Mailing Address:** 5220 Spring Valley Rd., Ste 602, Dallas, TX 75254

**Note and Lien Are Described in the Following Documents:**

A deed of trust to secure an indebtedness in the amount shown below,

| | |
|---|---|
| Amount: | $900,000.00 |
| Dated: | September 11, 2019 |
| Trustor/Grantor | WALL009, LLC, a Texas limited liability company |
| Trustee: | Robert W. Buchholz |
| Beneficiary: | Southern Star Capital LLC d/b/a Reliance Mortgage Company |
| Recording Date: | September 12, 2019 |
| Recording No: | under Clerk's File No. 2019-24729, Real Property Records, Johnson County, Texas |

**Property (including any improvements) to Be Released from Lien ("Property"):**
Being Lot 1, Block 7, of Venus Ridge Phase IV, an Addition to the City of Venus, Johnson County, Texas, according to the Map or Plat thereof recorded in Volume 11, Page 544, of the Map or Plat Records of Johnson County, Texas.

**Commonly known as 1000 Sumner Dr, Venus, TX 76084.**

Being Lot 21, Block 5, of Venus Ridge Phase IV, an Addition to the City of Venus, Johnson County, Texas according to the Map or Plat thereof recorded in Volume 11, Page 544, of the Map or Plat Records of Johnson County, Texas.

**Commonly known as 1109 Sumner Dr, Venus, TX 76084.**

Unofficial Copy

For value received, Holder of Note and Lien releases only the Property from the Lien and from all liens held by Holder of Note and Lien, without regard to how they were created or evidenced.

When the context requires, singular nouns and pronouns include the plural.

**Southern Star Capital LLC d/b/a Reliance Mortgage Company**

BY: Mike D. Anderson

ITS: Owner/ Manager
Title

THE STATE OF Texas §
COUNTY OF Dallas §

This instrument was acknowledged before me on this the 20th day of August, 2020, by Mike D Anderson, the Owner of Southern Star Capital LLC d/b/a Reliance Mortgage Company, on behalf of said company.

CODY W. OLYNYK
Notary ID #128405339
My Commission Expires
April 29, 2021

Notary Public, State of Texas



Copy

EXHIBIT "C"

**Johnson County**
**Becky Ivey**
**Johnson County**
**Clerk**

---

**Instrument Number:** 25449

eRecording - Real Property

Partial Release

Recorded On: August 20, 2020 02:24 PM

Number of Pages: 2

Unofficial Copy

---

**" Examined and Charged as Follows: "**

Total Recording: $26.00

---

************ THIS PAGE IS PART OF THE INSTRUMENT ************

Any provision herein which restricts the Sale, Rental or use of the described REAL PROPERTY because of color or race is invalid and unenforceable under federal law.

**File Information:**

| | |
|---|---|
| Document Number: | 25449 |
| Receipt Number: | 20200820000142 |
| Recorded Date/Time: | August 20, 2020 02:24 PM |
| User: | Linda B |
| Station: | ccl30 |

**Record and Return To:**

Corporation Service Company

Unofficial Copy

---

**STATE OF TEXAS**
**COUNTY OF JOHNSON**

**I hereby certify that this Instrument was FILED In the File Number sequence on the date/time printed hereon, and was duly RECORDED in the Official Records of Johnson County, Texas.**

Becky Ivey
Johnson County Clerk
Johnson County, TX