Joyce W. Lindauer
State Bar No. 21555700
Kerry S, Alleyne
State Bar No. 24066090
Guy H. Holman
State Bar No. 24095171
Joyce W. Lindauer Attorney, PLLC
1412 Main St., Suite 500
Dallas, Texas 75202
Telephone: (972) 503-4033
Facsimile: (972) 503-4034
Attorneys for Alleged Debtors

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | **Chapter 7** |
| | § | |
| **WALL007 LLC, *et al.*[1],** | § | **Case No. 20-31131-hdh7** |
| | § | **(Jointly Administered)** |
| **Alleged Debtors.** | § | |

**THIRD MOTION OF ALLEGED DEBTORS TO**
**DISMISS INVOLUNTARY PETITION WITH PREJUDICE**

**TO THE HONORABLE UNITED STATES BANKRUPTCY COURT:**

COME NOW WALL007, LLC *et al.* ("Alleged Debtors"), Alleged Debtors in the above-styled and numbered bankruptcy case, and, due to the Petitioners' willful failure to comply with the Court's Orders, file this their *Third Motion of Alleged Debtors to Dismiss Involuntary Petition with Prejudice* (the "Motion"), and in support thereof would respectfully show the Court:

1. As a preface to the Alleged Debtors' Motion, the Alleged Debtors call the following to the attention of the Court from the oral ruling on August 19, 2020:

- "The Petitioning Creditors did not really respond to Alleged Debtors' legality argument. Instead, the Petitioners claim that the difficulties associated with the

[1] The Alleged Debtors in these cases are: WALL007 LLC, WALL009 LLC, WALL010 LLC, WALL011 LLC, WALL012 LLC, WALL016 LLC, and WALL017 LLC.



**EXHIBIT "6"**

COVID-19 crisis should excuse them from traveling to the United States for in-person depositions. During the hearing, counsel for the Petitioners did not specifically say there was a travel ban on Chinese nationals entering the United States. Rather, counsel argued that his clients would have to quarantine for 14 days upon entry to the United States and that doing so would be a great inconvenience."

- "The Court also believes that litigants who seek the benefit of the United States law must follow its process. And here, a serious concern has been raised that taking video depositions would violate Chinese law. While traveling to the US may be a great inconvenience and difficulty at this time, the Court believes it is necessary in this case to address both the legality issues and the identity concerns raised by the Alleged Debtors."
- "Because the willingness of the Petitioners to attend in-person depositions will affect several threshold issues, including the ability of the Petitioning Creditors to carry their evidentiary burdens and the identity concerns raised by the Alleged Debtors, **the Court will require that there is an agreement signed by counsel for the Petitioning Creditors that the Petitioning Creditors will appear for live depositions in the United States before any other discovery or motion practice will continue**."

All of the foregoing are contained in each of the Orders issued on September 4, 2020, requiring that:

- No discovery or motions practice shall continue unless and until a live deposition agreement signed by counsel for Petitioners is filed with the Court...;

- Petitioners are required to sign their answers to their interrogatories with their own "wet signatures" as opposed to the signature of Petitioners' counsel;
- Petitioners will provide Alleged Debtors with copies of passports of all of the Petitioners, upon request and that such passports will be submitted to the Court for in-camera inspection, upon request;
- Petitioners depositions shall be required to be taken in person in the United States, at a time and place agreeable to the Parties;
- Petitioners are required to produce all documents concerning transfers of funds from Chinese accounts to the Alleged Debtors that underlie the Petitioners' claims; and
- Petitioners are required to produce all documents concerning communications between Petitioners and Michael Fu.

## I. <u>ARGUMENTS</u>

### A. *When one party fails to comply with a court order, the other party may seek dismissal of the case.*

FED. R. CIV. P. 41(b) is applied to bankruptcy cases by FED. R. BANKR. P. 7041 and permits a court to dismiss a legal action or claim against an Alleged Debtor after a motion by said party if the Petitioner fails to prosecute or to comply with the Federal Rules of Civil Procedure or a court order. "The established Rule in the Fifth Circuit is that failure to comply with an order of the court is grounds for dismissal under Rule 41(b) only where there is a clear record of delay or non-compliance, and lesser sanctions would not serve the best interests of justice. *Hargest v. Horizon Auto. Grp., LLC (In re Hargest)*, Nos. 12-30360, 12-03024, 2012 Bankr. LEXIS 4936 at *7 (Bankr. S.D. Tex. 2012) (citing *Houston Citizens Bank & Trust Co. v. Dolleslager (In the Matter of Dolleslager)*, 618 F.2d 322, 324 (5th Cir. 1980)). The Court's authority to dismiss pursuant to

Rule 41(b) "flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Elliott v. Sunrise Care*, No. 2:00-CV-86 (DF), 2006 U.S. Dist. LEXIS 2163 at *5 (E.D. Tex. 2006). To help the Court in its decision to invoke its powers under Rule 41(b), it may consider the extent to which the plaintiff (rather than counsel) was responsible for the delay, the degree to which the defendant endures actual prejudice, and whether the delay by the plaintiff has resulted from intentional conduct. *Rogers v. Kroger Co.*, 669 F.2d 317, 320 (5th Cir. 1982). When a party demonstrates a stubborn resistance to the Court's authority, dismissal with prejudice is justified. *Cotulla Style Pit Bar B Q, Inc. v. City of Laredo (In re Cotulla Style Pit Bar B Q, Inc.)*, No. L-09-14, 2009 U.S. Dist. LEXIS 55045 at *3-4 (S.D. Tex. 2009).

FED. R. CIV. P. 37(b)(2) is applied to bankruptcy cases by FED. R. BANKR. P. 7037 and permits the court where an action is pending to issue severe sanctions for a party's (or its representative's) failure to obey an order to provide or permit discovery. Such sanctions encompass the issuance of "further just orders" that may include, among other things, (i) prohibiting the disobedient party from supporting designated claims, or from introducing designated matters in evidence; (ii) dismissing the action or proceeding in whole or in part; or (iii) rendering a default judgment against the disobedient party. FED. R. CIV. P. 37(b)(2)(a)(ii), (v), and (vi). Dismissal under this rule is authorized when the failure to comply with the court's order results from a party's "willfulness or bad faith, accompanied by a clear record of delay or contumacious conduct, and not from the inability to comply." *Romero v. ABC Ins. Co*, 320 F.R.D. 36, 40 (W.D. La. 2017). Stated differently, dismissal is appropriate where a party's failure to comply with discovery has involved either repeated refusals or an indication of full understanding of discovery obligations coupled with a bad faith refusal to comply. *Griffin v. ALCOA*, 564 F.2d 1171, 1172 (5th Cir.1977). Dismissal is proper in situations where the deterrent value of Rule 37

cannot be substantially achieved by the use of less drastic sanctions. *Batson v. Neal Spelce Associates, Inc*., 765 F.2d 511, 514 (5th Cir.1985). It is further appropriate when the party's misconduct substantially prejudices the other party's preparation for trial. *Id*.

**B. The Petitioners have failed to take action required of them pursuant to multiple Court Orders resulting in purposeful delay and an inability to further prosecute this case.**

Here, both the Alleged Debtors and the Petitioners were in attendance at a hearing on August 19, 2020 wherein the Court informed them of its decision regarding several dispositive motions before it. Written Orders (Docket Numbers 165, 166, 167, 168, and 169) were entered by the Court on September 4, 2020. Orders issued by the Court and outlined *supra* were direct, understandable, and easy to follow. Yet, after more than seven weeks, Petitioners have failed to adhere to *any* of the requirements established by the Court.

Despite the Court's requirement that all discovery and motions practice shall be suspended until the receipt of a signed and filed live deposition agreement, the Petitioners inexplicably filed a Motion to Reconsider each of the Court's Orders without producing the mandated signed and filed Live Deposition Agreement. As such, that Motion to Reconsider was in direct contravention to several of the Court's Orders. Also, no interrogatories bearing the Petitioner's "wet signatures" have yet been produced as ordered. Such is required to ensure that the persons purported to be Petitioners are indeed claiming such status. Further, no copies of passports have been produced as requested, and which must be submitted to the Court to establish the existence and identity of persons claiming to be Petitioners (arguably a critical matter in this case). Despite the Alleged Debtor's repeated struggle to arrange face-to-face depositions of the Petitioners to be conducted in the United States, counsel for the Petitioners has failed to cooperate in this endeavor. Finally, no document production from Petitioners on certain matters (i.e. that concerning transfers of funds

from Chinese accounts to the Alleged Debtors and communications between and among the purported Petitioners and Michael Fu) has been provided.

Each of these documents is critical to the proper prosecution of this case by both sides. At the very least, they underlie the Petitioners' case and form the basis of each and every claim made against the Alleged Debtors. The failure of the Petitioners to produce them severely prejudices the Alleged Debtors since, without them, they have no ability to prepare their case for trial. Regardless of whether the failure to do so is the result of inaction on the part of the Petitioners or their counsel is irrelevant since the prejudicial effect on the Alleged Debtors is the same.

Either the purported Petitioners have the required documentation to give to their counsel or they do not. If they have done so, counsel for the Petitioners has offered no explanation for its delay in producing it. Regardless of the reason for the failure after seven weeks of delay (1) to sign and file the Live Deposition Agreement; (2) to produce the Petitioners' wet signatures on the petition; (3) to provide copies of the Petitioners' passports for review; (4) to submit documentation regarding funds transfers from Chinese accounts to the Alleged Debtors; (5) to present the communications between the Petitioners and Michael Fu; and (6) to cooperate in arranging for the deposition of selected Petitioners, it is apparent that such constitutes a willful refusal to comply with the Court's Orders, thereby demonstrating bad faith on the part of the Petitioners. This unexplained, yet apparently deliberate, delay has served to do nothing but stall these proceedings.

## II. CONCLUSION

Neither motions practice nor depositions may occur until the Petitioners comply with the Court's Orders, and yet they have demonstrated an unwillingness to do so, or to cooperate in any way that is constructive to the proper and timely prosecution of this case. Despite their clear understanding of the requirements enumerated in the aforementioned Court Orders, Petitioners

have demonstrated no intent to carry out such obligations in good faith. The Petitioners are responsible for this delay; they have actively and intentionally acted to create such delay; and the Alleged Debtors are clearly prejudiced by such delay (both by making it impossible for them to prepare a case in response to the Petitioners' claims and by causing undue and ongoing harm to their business in the form of other creditors unnecessarily seeking protections in an involuntary bankruptcy case that should never have been filed in the first place). As such, the conditions permitting the Court to dismiss this case with prejudice exist under the terms of both FED. R. CIV. P. 41(b) and FED. R. CIV. P. 37(b)(2).

## III. PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, WALL007, LLC et al. request that this Court enter an order dismissing this case with prejudice, and for such other and further relief to which it may be justly entitled.

Dated: October 12, 2020.

Respectfully submitted,

*/s/ Joyce W. Lindauer*
Joyce W. Lindauer
State Bar No. 21555700
Kerry S, Alleyne
State Bar No. 24066090
Guy H. Holman
State Bar No. 24095171
Joyce W. Lindauer Attorney, PLLC
1412 Main St., Suite 500
Dallas, Texas 75202
Telephone: (972) 503-4033
Facsimile: (972) 503-4034
Attorneys for Alleged Debtors
Email: joyce@joycelindauer.com
guy@joycelindauer.com
kerry@joycelindauer.com
Attorneys for Alleged Debtors

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on October 12, 2020, a true and correct copy of the foregoing document was served via email pursuant to the Court's ECF system upon all parties receiving electronic notice in this case.

*/s/ Joyce W. Lindauer*
Joyce W. Lindauer