**CLERK, U.S. BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**

**ENTERED**

**THE DATE OF ENTRY IS ON**
**THE COURT'S DOCKET**

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed October 22, 2020**

**United States Bankruptcy Judge**

---

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **In re:** | § | **Chapter 7** |
| | § | |
| **WALL007 LLC, *et al.*,** | § | **Case No. 20-31131 (HDH)** |
| | § | |
| **Alleged Debtors.** | § | **(Jointly Administered)** |

**ORDER DENYING MOTION FOR**
**RECONSIDERATION OF DISCOVERY ORDERS**

On September 15, 2020, the petitioning creditors in the above-captioned case (the "Petitioning Creditors") filed the *Motion of the Petitioning Creditors for (I) Reconsideration of Discovery Orders; and (II) Related Relief* [Docket No. 175] (the "Motion to Reconsider") asking this Court to alter or amend several orders (the "Discovery Orders").[1] The part of the Discovery Orders that the Motion to Reconsider primarily addresses is the Court's requirement that the Petitioning Creditors' depositions be taken in person, in the United States. The Petitioning

[1] The Discovery Orders consist of four orders: *Order Granting in Part the Alleged Debtor's Motion to Compel Discovery Related to Wet Signatures [Dkt. No. 101]* [Docket No. 165]; *Order Granting in Part the Petitioners' Motion to Compel Discovery [Dkt. Nos. 92 & 129]* [Docket No. 167]; *Order Granting in Part the Alleged Debtor's Motion to Quash Petitioners' Deposition Notice [Dkt. No. 133]* [Docket No. 168]; *Order Granting in Part the Alleged Debtor's Second Motion to Compel Discovery Responses from Petitioners [Dkt. No. 105]* [Docket No. 169].

**EXHIBIT "34"**

Case 20-31131-hdh7 Doc 139 Filed 11/18/20 Entered 11/18/20 13:18:39 Desc

Creditors contend both that the Court erred by failing to consider evidence and argument provided by the Petitioning Creditors and that new evidence of an intervening change in law exists that should alter the determination. On September 23, 2020, the Alleged Debtors filed a response to the Motion to Reconsider[2] objecting to the relief sought therein. The Petitioning Creditors did not file a reply to address any of the arguments raised in the Alleged Debtors' Response.

**Applicable Legal Standard**

The parties urge the Court to follow the standard for reconsideration under either Federal Rule of Civil Procedure 59(e), made applicable to this matter by Federal Rule of Bankruptcy Procedure 9023, or Federal Rule of Civil Procedure 60(b), made applicable to this matter by Federal Rule of Bankruptcy Procedure 9024.

There are four basic grounds upon which a Rule 59(e) motion for reconsideration may be granted: (1) if necessary to correct manifest errors of law or fact upon which the judgment is based; (2) so that the moving party may present newly discovered or previously unavailable evidence; (3) if necessary to prevent manifest injustice; and (4) if justified by an intervening change in the controlling law. *Fields v. Pool Offshore, Inc.*, 1998 U.S. Dist. LEXIS 1122, at *7 (E.D. La. Feb. 2, 1998) (internal citations omitted).

Rule 60(b) provides six grounds for relief from a prior judgment, but the Petitioning Creditors have cited Rule 60(b)(6) as the grounds on which they are relying. Rule 60(b)(6) allows for relief from a judgment based on "any other reason justifying relief from the operation of the judgment," but such relief is granted rarely and only under extraordinary circumstances. *Ruiz v. Quarterman*, 504 F.3d 523, 533 (5th Cir. 2007).

[2] *Response and Objection to Motion of Petitioning Creditors for (I) Reconsideration of Discovery Orders; and (II) Related Relief* [Docket No. 177] (the "Alleged Debtors' Response").

While not raised by the parties, how courts characterize a motion to reconsider depends on whether it challenges a final or interlocutory order and when it is filed. *See De Olivera Dos Santos v. Bell Helicopter Textron, Inc.*, 651 F. Supp. 2d 550, 553 (N.D. Tex. 2009). When, as here, the court reconsiders an interlocutory order,[3] it does so under Federal Rule of Civil Procedure 54(b), which is made applicable to this contested matter by Federal Rules of Bankruptcy Procedure 7054 and 9014. *Id.* Under this standard, the court may "reconsider and reverse its decision for any reason it deems sufficient." *McClendon v. United States*, 892 F.3d 775, 781 (5th Cir. 2018).

## **Discussion**

The Petitioning Creditors make several arguments in their Motion to Reconsider for why the Court should alter the Discovery Orders, including (1) the Petitioning Creditors cannot legally enter the United States; (2) there has been a change in circumstances and law; and (3) there is new evidence of an allegedly fraudulent transfer warranting discovery regarding the Alleged Debtors' use of loan proceeds. The Court will address each argument in turn.

The first argument is generally that the Petitioning Creditors should not be required to appear for depositions in person, in the United States because they are Chinese nationals residing in mainland China and cannot legally enter the United States. The Petitioning Creditors cite their original briefing for a statement of the argument that they believe the Court did not properly consider:

[3] The Court believes the Discovery Orders are interlocutory orders, as they do not finally determine a cause of action but only decide some intervening matter pertaining to the cause and require further steps to be taken in order to enable the court to adjudicate the cause on the merits. *See In re Watson*, 884 F.2d 879, 880 (5th Cir. 1989). However, the arguments made by the Petitioning Creditors in the Motion to Reconsider were directed to the more stringent standard for reconsideration under Federal Rule of Civil Procedure 59(e). As a result, the Court's discussion of the merits of the Motion to Reconsider was not significantly different from a Rule 59(e) analysis even though it was conducted under the lower Rule 54(b) standard.

> However, as set forth in the Amended Motion to Compel, Petitioning Creditors **cannot enter into the United States** due to the ongoing COVID-19 pandemic and travel and quarantine restrictions imposed by both China and the United States.[4]

The Petitioning Creditors also contend that the substance of a Presidential Proclamation that was presented to the Court was not fully considered or understood by the Court prior to the Court issuing its ruling. *See* Pres. Proc. No. 9984, 85 Fed. Reg. 6709 (Jan. 31, 2020) (the "Presidential Proclamation").

Despite the argument in the Petitioning Creditors' briefing and the Presidential Proclamation, the Court essentially found that travel to the United States for depositions would be inconvenient, but not impossible, for the Petitioning Creditors and that it was necessary under the circumstances.[5] There were a few reasons for this finding. The first is that the Petitioning Creditors' argument that the Petitioning Creditors "cannot enter into the United States" was contradicted by counsel for the Petitioning Creditors at the hearing on the underlying motions when he represented to the Court that based on the most current information they had "there appears to still be a 14-day quarantine requirement for a Chinese national coming into the United States" and that "[i]t would be very expensive and costly for these petitioning creditors to come here."[6]

The Petitioning Creditors' argument that they cannot legally enter the United States was also flatly contradicted by the Presidential Proclamation on which they relied. In addition to providing several exceptions to the limitations on entry to the United States,[7] the limitation itself

[4] *See Motion to Reconsider* at ¶ 25 (citing *Petitioning Creditors' Opposition to the Alleged Debtors', Timothy Barton's, Venkat Murugan's, and Hongpeng Lin's Motion to Quash Petitioners' Deposition Notices* at ¶ 34 [Docket No. 140]).

[5] *See* Transcript of Hearing Held August 19, 2020 at 4:17-5:4 [Docket No. 159].

[6] Transcript of Hearing Held August 17, 2020 at 16:6-14 [Docket No. 172].

[7] *See* Pres. Proc. No. 9984, 85 Fed. Reg. at 6710-11. The Alleged Debtors made several arguments regarding these exceptions in the Alleged Debtors' Response, but the Petitioning Creditors did not respond to any of them.

only applies to aliens who were physically present within the People's Republic of China during the fourteen day period preceding their entry into the United States.[8] Thus, based on the evidence that has been presented to this Court, were the Petitioning Creditors not allowed to enter the United States and then quarantine for fourteen days, they could enter another country not subject to travel limitations, quarantine for fourteen days, and then enter the United States. The Petitioning Creditors appear to realize this. The Petitioning Creditors included the original statement that they cannot legally enter the United States in the Motion to Reconsider only as a block quotation but insert the caveat that the Petitioning Creditors cannot currently enter *directly* into the United States whenever the argument is restated in the Motion to Reconsider.[9]

The Court is again led to the conclusion that travel to the United States for depositions would be inconvenient, but not impossible for the Petitioning Creditors and that it is necessary under the circumstances. The Court does not find either a manifest error of law or fact in this conclusion.

The Petitioning Creditors next argue that reconsideration of the requirement that the Petitioning Creditors appear in person, in the United States for depositions is warranted by the discovery of a change of law or circumstances. Specifically, counsel for the Alleged Debtors has argued that taking depositions of Chinese nationals in China or any of its territories may be illegal, but the Petitioning Creditors claim to have found a solution to this because the Macau Special Administrative Region is now permitting Chinese nationals, such as the Petitioning Creditors, to travel to Macau where their depositions can be taken, either live by counsel or via video.

---

[8] *See* Pres. Proc. No. 9984, 85 Fed. Reg. at 6710.

[9] *See* Motion to Reconsider at ¶¶ 29, 30, 32, 33, 35, and 63.

There are a few problems with the Petitioning Creditors' newly discovered evidence of a change of law. The most glaring problem is that the evidence the Petitioning Creditors have presented does not say what they claim it does. The Petitioning Creditors claim in the Motion to Reconsider that Chinese nationals, such as the Petitioning Creditors, can now travel to Macau where their depositions can be taken, but the website they have cited as a source for that information (the "Website Alert") states that authorities in Macau "will allow tourist travel from neighboring Zhuhai, Guangdon Province."[10] It is not clear (1) why the Petitioning Creditors believe this travel allowance extends to non-tourist travel, (2) whether the Petitioning Creditors are in the neighboring province mentioned on the website, and (3) whether travel from other parts of mainland China is permitted if the individuals travel through the neighboring province. Even if the Petitioning Creditors were correct about the meaning of the Website Alert though, there is no indication from the Petitioning Creditors of why the Website Alert is trustworthy or an appropriate source of information regarding the laws and regulations of a foreign country. And even if the Petitioning Creditors were correct about the meaning of the Website Alert and the Website Alert were considered a reliable source, conducting depositions in Macau would not address both the legality[11] and the identity concerns raised by the Alleged Debtors. While the Court continues to acknowledge that requiring the Petitioning Creditors to travel to the United States may be a great inconvenience at this time, the Court also believes that litigants who seek the benefit of United States law must follow its process, and the Court believes it is necessary in this case to address the concerns raised by the Alleged Debtors. The Motion to Reconsider and

[10] COVID-19 Alert: Macau Allows Tourists from Zhuhai, China from Aug. 12, https://www.worldaware.com/covid-19-alert-macau-allows-tourists-zhuhai-china-aug-12 (last visited Oct. 22, 2020).

[11] The Alleged Debtors made several persuasive arguments regarding why they still do not believe the Petitioning Creditors have adequately addressed the issue of whether conducting the depositions in Macau would be legal. The Petitioning Creditors did not respond to these arguments.

the evidence presented in support do not present any newly discovered evidence or an intervening change in the controlling law that would change this conclusion.

Finally, the Petitioning Creditors argue that the Discovery Orders must be altered because there is new evidence of an allegedly fraudulent transfer warranting discovery regarding the Alleged Debtors' use of loan proceeds. The Court will deny this part of the Motion to Reconsider without prejudice to it being raised in a subsequent motion to compel in the event that (1) an agreement signed by counsel for the Petitioning Creditors that the Petitioning Creditors will appear for live depositions in the United States is filed with the Court and (2) the Alleged Debtors refuse to respond to the discovery the Petitioning Creditors are asking for. The Court previously inserted the requirement of a live deposition agreement before motion practice continues into the Discovery Orders because the willingness of the Petitioning Creditors to attend in-person depositions will affect several threshold issues, including the ability of the Petitioning Creditors to carry their evidentiary burdens and the identity concerns raised by the Alleged Debtors, and that ruling is still in effect.

This ruling is not novel and should not be surprising. Whether the Petitioning Creditors meet the requirements for a valid involuntary bankruptcy petition is under legal challenge, and the Petitioning Creditors, with the burden of proof, must prove their case in an American bankruptcy court. The Alleged Debtors are entitled to fair discovery prior to a hearing on the merits, and this ruling allows for that. For the reasons stated above, the Court finds that the Petitioning Creditors have not satisfied the standard for reconsideration of the Discovery Orders under Federal Rules of Civil Procedure 54(b), 59(e), or 60(b).

**IT IS THEREFORE ORDERED** that the Motion to Reconsider is **DENIED**.

###End of Order###