CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

**ENTERED**

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed December 7, 2020**

**United States Bankruptcy Judge**

---

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **In re:** | § | **Chapter 7** |
| | § | |
| **WALL007 LLC, *et al.*,** | § | **Case No. 20-31131 (HDH)** |
| | § | |
| **Alleged Debtors.** | § | **(Jointly Administered)** |

**ORDER DISMISSING INVOLUNTARY**
**BANKRUPTCY CASES WITHOUT PREJUDICE**

The above-captioned cases are involuntary bankruptcy proceedings filed by petitioning creditors (the "Petitioning Creditors") who are mostly Chinese nationals residing in mainland China. On August 19, 2020, this Court issued an oral ruling disposing of four outstanding discovery motions. Based on determinations that (1) depositions of the Petitioning Creditors are necessary in these cases, (2) conducting the depositions in the United States would be difficult, but possible, (3) conducting the depositions in China, even by video, may be illegal, and (4) proceeding with other discovery or motions would be fruitless if the Petitioning Creditors are not willing to appear for depositions, the Court ordered that before any other discovery or motion practice would continue, counsel for the Petitioning Creditors must sign and file an agreement that

**EXHIBIT "40"**

the Petitioning Creditors will appear for live depositions in the United States (the "Required Deposition Agreement"). The Court's oral ruling was memorialized in a series of written orders that were entered on September 4, 2020 (the "Discovery Orders").[1]

On September 15, 2020, the Petitioning Creditors filed a motion to reconsider the Discovery Orders,[2] which this Court denied.[3] On November 3, 2020, the Petitioning Creditors filed notices of appeal for the Discovery Orders and the Order Denying Reconsideration,[4] along with motions for leave to file interlocutory appeals of those orders[5] and requests for the certification necessary to obtain a direct review of those orders by the United States Court of Appeals for the Fifth Circuit.[6]

Both the Notices of Appeal and the Motions for Leave were transferred to the District Court for consideration. While those appeals were pending, this Court entered its *Order Directing Compliance with Prior Orders* [Docket No. 287] (the "Compliance Order"), ordering that the Alleged Debtors' bankruptcy cases will be dismissed without prejudice if, by the end of the day on December 4, 2020, the Petitioning Creditors have not either (1) filed the Required Deposition Agreement or (2) obtained a stay of the Discovery Orders pending appeal. On November 30, 2020, the District Court denied the Motions for Leave and dismissed the appeals.[7]

---

[1] The Discovery Orders consist of four orders: *Order Granting in Part the Alleged Debtor's Motion to Compel Discovery Related to Wet Signatures [Dkt. No. 101]* [Docket No. 165]; *Order Granting in Part the Petitioners' Motion to Compel Discovery [Dkt. Nos. 92 & 129]* [Docket No. 167]; *Order Granting in Part the Alleged Debtor's Motion to Quash Petitioners' Deposition Notice [Dkt. No. 133]* [Docket No. 168]; *Order Granting in Part the Alleged Debtor's Second Motion to Compel Discovery Responses from Petitioners [Dkt. No. 105]* [Docket No. 169].

[2] *Motion of the Petitioning Creditors for (I) Reconsideration of Discovery Orders; and (II) Related Relief* [Docket No. 175].

[3] *Order Denying Motion for Reconsideration of Discovery Orders* [Docket No. 202] (the "Order Denying Reconsideration").

[4] Docket Nos. 218, 223, 228, 233, and 238 (the "Notices of Appeal").

[5] Docket Nos. 221, 226, 231, 236, and 241 (the "Motions for Leave").

[6] Dockets Nos. 220, 225, 230, 235, and 240.

[7] *See* Case Nos. 3:20-cv-03385, 3:20-cv-03386, 3:20-cv-03387, 3:20-cv-03388, and 3:20-cv-03389.

On December 4, 2020, certain of the Petitioning Creditors filed their *Live Deposition Agreement* [Docket No. 308] (the "Petitioners' Deposition Agreement"), but there are a few problems with the Petitioners' Deposition Agreement. First, the Petitioners' Deposition Agreement was only filed on behalf of eleven of the sixty-five Petitioning Creditors. The rationale behind only filing the Petitioners' Deposition Agreement on behalf of some of the Petitioning Creditors appears to be that only eleven of the Petitioning Creditors have received subpoenas from the Alleged Debtors, but the Court's Discovery Orders and Compliance Order did not excuse Petitioning Creditors who have not yet received a subpoena from filing the Required Deposition Agreement evidencing their willingness to come to the United States for depositions if necessary.

The second problem with the Petitioners' Deposition Agreement is that it does not contain an unequivocal statement that the Petitioning Creditors enumerated therein (the "Petitioner Deponents") are willing to appear for live depositions in the United States. Instead, the Petitioners' Deposition Agreement contains several conditions to their willingness to appear for live depositions in the United States. Some of these conditions are problematic, and some are not. The condition that the Petitioner Deponents must first be permitted to enter the United States is fine because the Court did not contemplate ordering them to enter the United States illegally. The condition that current travel documents, including visas, are issued to the Petitioner Deponents prior to travel to the United States is fine in concept, but unacceptable as written. Again, the Court did not contemplate ordering the Petitioning Creditors to enter the United States illegally, but they should not be able to avoid their obligation to appear for depositions by simply not taking actions within their control, such as requesting current travel documents. The condition that counsel for the parties must agree on mutually acceptable dates, times, and places for the depositions to occur is similarly fine in concept, but unacceptable as written. It gives too much control to counsel for

the Petitioning Creditors to avoid the obligation to appear for a deposition simply by not agreeing to the dates, times, and places for the depositions to occur.

The most significant problem with the Petitioners' Deposition Agreement though, is the condition that COVID-19 vaccines are available to the Petitioner Deponents prior to their departure to the United States. Given that it is presently unknown when a vaccine will receive final regulatory approval or how long it will take to manufacture and distribute a vaccine once approved, this condition adds far too much delay and uncertainty. As the Court discussed in its Compliance Order, involuntary bankruptcy is a particularly severe remedy. *Credit Union Liquidity Servs., LLC v. Green Hills Dev. Co., LLC (In re Green Hills Dev. Co., LLC)*, 741 F.3d 651, 655 (5th Cir. 2014). Even before a bankruptcy court is able to determine the propriety of the relief, just the filing of an involuntary bankruptcy petition against an entity is a serious action that can have consequences not only for the alleged debtor but for other parties as well. *See In re Landmark Distribs., Inc.*, 189 B.R. 290, 306 (Bankr. D.N.J. 1995) ("The filing of an involuntary petition by a creditor must be carefully scrutinized by the Court because such action is extreme in nature and carries with it serious consequences to the alleged debtor, examples of which include loss of credit standing, interference with general business affairs and public embarrassment."). The period of time between the filing of the involuntary petition and the adjudication of the merits of the petition can be a period of significant uncertainty and has already lasted much longer than usual. As discussed in greater detail in the Compliance Order, the lack of progress in these cases has impacted not only the Alleged Debtors but third parties as well.

An overarching problem with the conditions that were inserted into the Petitioners' Deposition Agreement is that they were never requested. The original ruling regarding the Required Deposition Agreement was issued three and a half months ago, and this Court was

available to discuss these issues with the Petitioning Creditors at any time. The Petitioning Creditors could have filed a motion seeking alteration of the ruling regarding the Required Deposition Agreement to insert these conditions, or they could have simply requested a status conference to discuss it with the Court. Instead, they chose to wait until the last minute and file a non-compliant agreement on behalf of a fraction of the Petitioning Creditors.[8] The conditions unilaterally inserted by the Petitioning Creditors would leave these cases and the other parties in limbo for far too long and would make it far too easy for the Petitioning Creditors to intentionally trigger the conditions and never appear for a deposition in the United States.

The Petitioning Creditors have not filed the Required Deposition Agreement and have not obtained a stay of the Discovery Orders. The Court finds that the Petitioning Creditors have willfully disobeyed the Discovery Orders and the Compliance Order, which made it clear that the Alleged Debtors would be substantially prejudiced by the Petitioning Creditors' refusal to comply, lesser sanctions would not suffice, and these cases would be dismissed if the Petitioning Creditors did not comply. Accordingly, dismissal of these cases without prejudice is appropriate under Federal Rules of Civil Procedure 37(b)(2) and 41(b), made applicable to this matter by Federal Rules of Bankruptcy Procedure 7037, 7041, and 9014.

The Court also wishes to note that these cases are being dismissed without prejudice to refiling. The Petitioning Creditors chose to initiate a new proceeding in this Court when the global pandemic had already begun to affect the United States and the travel restrictions they complain

[8] This Court noted in the Compliance Order that there are seven Alleged Debtors and sixty-five Petitioning Creditors, which is far more Petitioning Creditors than is required. *See* 11 U.S.C. § 303(b). It appears that excluding the other Petitioning Creditors, the eleven Petitioner Deponents could potentially satisfy the statutory requirements for filing involuntary petitions against four of the seven Alleged Debtors. Had the conditions discussed above not been included in the Petitioners' Deposition Agreement, the Court likely would not have dismissed the cases of those four Alleged Debtors.

about were already in place. If they are more comfortable traveling to the United States in the future to prosecute their case, they are welcome to re-file the involuntary petitions at that time.

**IT IS THEREFORE ORDERED** that the Alleged Debtors' bankruptcy cases[9] are **DISMISSED** without prejudice to refiling.

###End of Order###

[9] Case Nos. 20-31131, 20-31133, 20-31134, 20-31135, 20-31136, 20-31138, and 20-31139.