**IN THE UNITED STATES BANKRUPTCY COURT FOR THE
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| In re:<br><br>WALL007 LLC, et al.,[1]<br><br>Alleged Debtors. | Chapter 7<br><br>Case No. 20-31131 (HDH)<br>(Jointly Administered) |

**PETITIONING CREDITORS' OPPOSED MOTION TO APPOINT IDA P. SHAW AS COURT-APPOINTED EXPERT TRANSLATOR/INTERPRETER**

Pursuant to Federal Rules of Evidence Rule 706, Petitioning Creditors Jun Li, Yunding Kang, Cunxiang Ji, Jin Wang, Peng Guo, Lin Zhou, Qu Zhou, Kai Tian, Yijing Wu, Xuegeng Gong, Weijia Kong, Heng Zhang, Hong Guo, Pei Guan, Yue Xu, Mai Ye, Chenchen Jiang, Qiuying Li, Ruinian Wu, Liying Yang, Yan Zhang, Wenjun Wang, Ying Zhou, Lin Li, Li Jiang, Rufeng Ding, Cunxiang Ji, Lin Gao, Qiao Qin, Yue Zhang, Xiaodong Hao, Weisi Wang, Xiaoquan Dai, Feng Yan, Ou Jiang, Jinzhe Wu, Yadan Liu, Wenjuan Yin, Yi Tang, Ying Zhang, Pengfei Dong, Kangying Mao, Qin Chu, Yulan Chen, Sicheng Zhan, Jinqiu Tang, Di Tang, Jun Zeng, Kui Wang, Jun Wang, Xiaomin Fan, Jialin Hu, Jiaxiang Lu, Fuqing Chen, Hanjiang Fu, Aiguo Luo, Fang Ding, Xiangdong Zhu, Wai Ying, Yuan Yuan, Chao Xu, Guoqin Zhou, and Qu Chen ("Petitioning Creditors"), through their undersigned counsel, submit this motion to appoint Ida P. Shaw as a court-appointed expert in the translation/interpretation of testimony to/from Mandarin Chinese/English and would respectfully show the Court as follows:

[1] The Alleged Debtors in this jointly administered case are: WALL007 LLC, WALL009 LLC, WALL010 LLC, WALL011 LLC, WALL012 LLC, WALL016 LLC, and WALL017 LLC ("Alleged Debtors"). Currently, Alleged Debtors' federal tax identification numbers are unknown to Petitioning Creditors.

## BACKGROUND

On February 23, 2021, the Court is scheduled to conduct an evidentiary hearing on Alleged Debtors' Motion for Recovery of Attorneys' Fees, Costs, and Compensatory and Punitive Damages pursuant to 11 U.S.C. § 303(i) ("Motion for Recovery"). [Doc. No. 313].

As all Texans are aware, on February 14, 2021, Winter Storm Uri wreaked havoc all over Texas resulting in the loss of power, internet, and water to millions of Texans. Petitioning Creditors' counsel and office were hard hit by this disaster and were without power, heat, internet, and water for most of this week. As such, due to the Winter Storm and its effects and fallout, Petitioning Creditors' counsel was unable of making the necessary filings including the instant motion earlier this week as intended. Once power, heat, and internet returned on Friday, February 19, 2021, Petitioning Creditors' counsel reached out to Alleged Debtors' counsel advising that the Winter Storm (and the damages it caused) impacted Petitioning Creditors' counsel ability to prepare for the hearing and asked if a joint agreement to continue the hearing a couple of days could be reached. *See* EMAIL CHAIN BETWEEN PETITIONING CREDITORS' COUNSEL AND ALLEGED DEBTORS' COUNSEL, attached hereto as Ex. "A". Alleged Debtors' counsel's response was callous at best and Alleged Debtors refused to grant what would seem like an obvious act of professional courtesy in the wake of such a catastrophic event which impacted millions of Texans. *Id.* Despite Alleged Debtors' lack of common courtesy, Petitioning Creditors' counsel has scrambled and done everything they can to make up for the lost 4 ½ days this week to get the necessary filings timely accomplished in preparation for the hearing.

Petitioning Creditors' counsel also reached out to Alleged Debtors' counsel regarding the need for a Mandarin translator to translate testimony Petitioning Creditors intend to elicit from non-English Mandarin speaking witnesses Petitioning Creditors have designated as fact witnesses

for the hearing. *Id.* As such, Petitioning Creditors' counsel disclosed that it had retained Ida Shaw, a well-experienced certified Mandarin-English translator to serve as translator for the witnesses at the hearing and that a motion to appoint Ms. Shaw as translator would be filed as a precaution. *Id.* While Alleged Debtors' counsel did not oppose Ms. Shaw as serving as translator based on Ms. Shaw's qualification and credentials, Alleged Debtors indicated they opposed the instant motion as to the timeliness of the disclosure (which was not the fault of Petitioning Creditors or their counsel given Winter Storm Uri. Moreover, the witness list was timely filed three days before the scheduled hearing date), and the ability of the witnesses to testify remotely (even though everyone is appearing remotely) from outside the United States. *Id.*

As good cause is clearly present to excuse a one-day delay due to the unprecedented circumstance and the fact Alleged Debtors cannot demonstrate any prejudice, Alleged Debtors' objection based on timeliness under the Local Rules rings hollow especially given the fact that Alleged Debtors failed to follow and adhere to the Local Rules when they filed their Motion for Leave for Fees and Damages (Alleged Debtors did not confer and did not put in their motion the requisite Certificate of Conference as Local Rule 7007-1(f) mandates). *Id.*

Alleged Debtors' other basis has nothing to do with the appointment of Ms. Shaw as translator itself, and as such, should be discarded as it pertains to this motion. In short, whether there is a need for Ms. Shaw is a different issue from the one this motion presents. Moreover, given everyone is appearing and testifying remotely, the principals of due process and fundamental fairness dictate that Petitioning Creditors' witnesses be allowed to participate remotely regardless of where they are provided they testify in accordance with the Federal and Local rules. In any event, Petitioning Creditors will address this issue further if necessary in the proper pleading or response.

In sum, Petitioning Creditors file the instant motion as they intend to offer the testimony of witnesses that will require a Mandarin Chinese/English translator/interpreter because most of them speak little-to-no-English. As such, the need for reliably accurate translation/interpretation of testimony to/from Mandarin Chinese/English is clear.

Accordingly, Petitioning Creditors have retained an expert translator/interpreter. Petitioning Creditors have disclosed and designated Ms. Shaw, who, according to her CV, is (1) licensed to translate and interpret Mandarin Chinese and English; and (2) experienced in translation and interpretation of Mandarin Chinese and English in legal trials, hearings, and depositions. [Dkt. No. 344].

**ARGUMENT**

A motion to have the court appoint an interpreter is appropriate when it is necessary to interpret the testimony of a witness who would otherwise be unable to communicate. *See* FED. R. CIV. P 43(d). The Court Interpreter's Act ("the Act") of 1978, 28 U.S.C. § 1827, requires, in pertinent part, the appointment of an interpreter when the judge, either *sua sponte* or on the motion of a party, determines that the party "speaks only or primarily a language other than the English language." *United States v. Coskun*, 623 F. App'x 663, 666 (5th Cir. 2015) cert. denied, 2016 WL 100737 (U.S. 2016) (quoting 28 U.S.C. § 1827(d)(1)(A)). An interpreter should be appointed when the presiding judicial officer finds that the party's "ability to comprehend the proceedings or communicate with counsel is 'inhibited' by language or hearing problems." *Id.* (quoting *United States v. Perez*, 918 F.2d 488, 490 (5th Cir. 1990)). Stated another way, a party who speaks only or primarily a language other than English such as to inhibit his comprehension of judicial

proceedings or his communications with his counsel is entitled to have the court appoint for him an interpreter. *Id.*

Most of the witnesses Petitioning Creditors intend to call at the hearing on Alleged Debtors' Motion for Recovery speak little-to-no-English—only Mandarin Chinese. Thus, there is a clear need for a licensed Mandarin Chinese/English translator/interpreter, and since Ms. Shaw is qualified as such, having the Court appoint Ms. Shaw to assist the Court and the Parties by providing accurate, neutral, and reliable translations/interpretations of witness testimony to/from Mandarin Chinese and English will serve the interests of justice and assist in the Court's determination of the matter to be adjudicated at the hearing.

As such, Petitioning Creditors' respectfully request the Court appoint Ms. Shaw as translator/interpreter for which Petitioning Creditors shall bear the burden of expense. It is the understanding of undersigned counsel that Ms. Shaw will be available to serve as a translator/interpreter at the hearing on Alleged Debtors' Motion for Recovery, which is currently set on February 23, 2021.

**CONCLUSION**

Based on the foregoing, Petitioning Creditors respectfully ask the Court to grant this motion and appoint Ms. Shaw as the Chinese Mandarin/English translator/interpreter for Petitioning Creditors witnesses at the hearing on Alleged Debtors' Motion for Recovery.
Dated: February 21, 2021

Respectfully submitted,

**NGUYEN & CHEN LLP**

/s/ *Brian M. Gargano*
Brian M. Gargano
State Bar No. 24102898
bgargano@nguyen-chen.com
Jiangang Ou
State Bar No. 5451133NY
jou@nguyen-chen.com
11200 Westheimer Road, Suite 120
Houston, Texas 77042
Tel: (832) 767-0339
Fax: (832) 767-0669

*Counsel for Petitioning Creditors*

## CERTIFICATE OF CONFERENCE

I certify that on February 20 and 21, 2021, I conferred with Joyce Lindauer, counsel for Alleged Debtors via email, and they oppose Petitioning Creditors' Motion to Appoint Ida P. Shaw as Court-Appointed Expert Translator/Interpreter. I exchanged emails with Ms. Lindauer to reach an agreement, but Ms. Lindauer expressed Alleged Debtors' opposition, namely, that our motion was untimely and that the witnesses should not be allowed testify. We could not reach an agreement; therefore, Petitioning Creditors present this issue to the Court for determination.

Dated: February 21, 2021

/s/ *Brian M. Gargano*
Brian M. Gargano

**CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the above instrument was served on the date the instrument was electronically filed. Service has been accomplished electronically and/or by first-class mail to the parties listed below.

**Via U.S. Mail**
WALL007, LLC
13901 Midway Road, Suite 102
Dallas, Texas 75244

**Via U.S. Mail**
WALL009, LLC
13901 Midway Road, Suite 102
Dallas, Texas 75244

**Via U.S. Mail**
WALL010, LLC
13901 Midway Road, Suite 102
Dallas, Texas 75244

**Via U.S. Mail**
WALL011, LLC
13901 Midway Road, Suite 102
Dallas, Texas 75244

**Via U.S. Mail**
WALL012, LLC
13901 Midway Road, Suite 102
Dallas, Texas 75244

**Via U.S. Mail**
WALL016, LLC
13901 Midway Road, Suite 102
Dallas, Texas 75244

**Via U.S. Mail**
WALL017, LLC
13901 Midway Road, Suite 102
Dallas, Texas 75244

**Via ECF**
Khudabuksh K. Walji, Esquire
Law Office of K. Walji
10701 Corporate Drive, Suite 350
Stafford, Texas 77477

**Via ECF**
Robert W. Buchholz, Esquire
bob@attorneybob.com

**Via ECF**
Darrell Wayne Cook, Esquire
dwcook@attorneycook.com
all@attorneycook.com

**Via ECF**
Katherine T. Hopkins, Esquire
katherine.thomas@kellyhart.com

**Via ECF**
Joyce W. Lindauer, Esquire
joyce@joycelindauer.com
dian@joycelindauer.com
gina@joycelindauer.com

**Via ECF**
Steven C. Metzger, Esquire
smetzger@pmklaw.com

**Via ECF**
Michael P. Ridulfo, Esquire
mridulfo@krcl.com
dtrevino@krcl.com
mridulfo@ecf.courtdrive.com

**Via ECF**
Patrick D. Sullivan, Esquire
sullivan@hooverslovacek.com

**Via ECF**
United States Trustee
ustpregion06.da.ecf@usdoj.gov

**Via ECF**
Behrooz P. Vida, Esquire
filings@vidalawfirm.com
legalprokirstin@gmail.com
bkfilings@yahoo.com

Dated: February 21, 2021

/s/ *Brian M. Gargano*
Brian M. Gargano