Case 20-31131-hdh7 Doc 326 Filed 01/26/21 Entered 01/26/21 21:25:08 Page 1 of 8

**IN THE UNITED STATES BANKRUPTCY COURT FOR THE NORTHERN DISTRICT OF TEXAS DALLAS DIVISION**

| | |
|---|---|
| In re:<br><br>WALL007 LLC, et al.,[1]<br><br>Alleged Debtors. | Chapter 7<br><br>Case No. 20-31131 (HDH)<br>(Jointly Administered) |

**PETITIONING CREDITORS' OPPOSED MOTION FOR CONTINUANCE OF <u>HEARING AND REQUEST FOR LIMITED DISCOVERY</u>**

Petitioning Creditors Jun Li, Yunding Kang, Cunxiang Ji, Jin Wang, Peng Guo, Lin Zhou, Qu Zhou, Kai Tian, Yijing Wu, Xuegeng Gong, Weijia Kong, Heng Zhang, Hong Guo, Pei Guan, Yue Xu, Mai Ye, Chenchen Jiang, Qiuying Li, Ruinian Wu, Liying Yang, Yan Zhang, Wenjun Wang, Ying Zhou, Lin Li, Li Jiang, Rufeng Dai, Cunxiang Ji, Lin Gao, Qiao Qin, Yue Zhang, Xiaodong Hao, Weisi Wang, Xiaoquan Dai, Feng Yan, Ou Jiang, Jinzhe Wu, Yadan Liu, Wenjuan Yin, Yi Tang, Ying Zhang, Pengfei Dong, Kangying Mao, Qin Chu, Yulan Chen, Sicheng Zhan, Jinqiu Tang, Di Tang, Jun Zeng, Kui Wang, Jun Wang, Xiaomin Fan, Jialin Hu, Jiaxiang Lu, Fuqing Chen, Hanjiang Fu, Aiguo Luo, Fang Ding, Xiangdong Zhu, Wai Ying, Yuan Yuan, Chao Xu, Guoqin Zhou, and Qu Chen ("Petitioning Creditors") ask the Court to continue the hearing on Alleged Debtors' Motion for Recovery of Attorneys' Fees, Costs, and Compensatory and Punitive Damages Pursuant to 11 U.S.C. § 303(i) ("Motion for Recovery") [Docket No. 313] until after the Court adjudicates Petitioning Creditors' amended motion for reconsideration and related relief ("Motion for Reconsideration") [Docket No. 323]. Petitioning Creditors also ask the Court to allow

[1] The Alleged Debtors in this jointly administered case are: WALL007 LLC, WALL009 LLC, WALL010 LLC, WALL011 LLC, WALL012 LLC, WALL016 LLC, and WALL017 LLC ("Alleged Debtors"). Currently, Alleged Debtors' federal tax identification numbers are unknown to Petitioning Creditors.

limited discovery on the Motion for Recovery claims. Respectfully, Petitioning Creditors show the Court as follows in support of their requests:

**INTRODUCTION**

The Court should continue the hearing on the Motion for Recovery as the Court's ruling on Petitioning Creditors' pending Motion for Reconsideration may vitiate Alleged Debtors' claims and pending application for fees, costs, and damages. Additionally, the Court should permit Petitioning Creditors the opportunity to conduct limited discovery before the hearing currently set for February 23, 2021 so that Petitioning Creditors' have due process as to the Allege Debtors' claims set forth in their Motion for Recovery.

**BACKGROUND**

On December 7, 2020, the Court *sua sponte* issued its Order Dismissing Involuntary Bankruptcy Cases Without Prejudice, which describes conditions and concerns arising from COVID-19 causing excessive delay and uncertainty concerning discovery. *See* [Docket No. 310]. As such, the Court stated, "If [Petitioning Creditors] are more comfortable traveling to the United States in the future to prosecute their case, they are welcome to re-file the involuntary petitions at that time." *Id.* at p. 6. The Court did not comment on the merits of Petitioning Creditors' claims or Alleged Debtors' defenses.

Ten days later, on December 17, 2020, Alleged Debtors filed their Motion for Recovery, seeking an award for attorneys' fees, costs, compensatory damages, and punitive damages against Petitioning Creditors for **$138,671,477.76**. [Docket No. 313 at p. 141]. The Motion for Recovery accuses Petitioning Creditors of acting in bad faith when they initiated bankruptcy proceedings against Alleged Debtors, thus warranting compensatory and punitive damages under 11 U.S.C. §

303(i)(2). *See* [Docket No. 313]. Alleged Debtors provided no evidentiary proof whatsoever to support their bald allegations and their incredible and dubious claims for damages. *See id.*

On January 8, 2021, Petitioning Creditors filed their Motion for Reconsideration and opposition to the Motion for Recovery. [Docket No. 326]. The Motion for Reconsideration details changes in circumstances that diminish or completely resolve issues previously presented by the global pandemic. *See id.* It also acknowledges that recently unavailable recourse is now available to facilitate the discovery process. *See id.* Moreover, it demonstrates that vacatur of the Court's dismissal order is necessary to preclude inequity, injustice, and prejudice in this case, especially given the Petitioning Creditors' claims on the merits against Alleged Debtors are unchallenged by the Alleged Debtors. *See id.*

As the hearing on the Motion for Recovery is set for February 23, 2021 [Docket No. 329], continuing the hearing for forty-five (45 days) and allowing Petitioning Creditors to conduct discovery limited to the claims asserted in Alleged Debtors' Motion for Recovery will serve the interests of justice, due process and judicial economy.

**ARGUMENT**

A court has the discretion to grant a motion for continuance as part of its inherent power to control its own docket to ensure that cases proceed before it in a timely and orderly manner. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 43–44 (1991); *see, e.g., In re Sustaita*, 438 B.R. 198, 211 (B.A.P. 9th Cir. 2010), aff'd, 460 Fed. Appx. 627 (9th Cir. 2011) (holding that a bankruptcy judge has discretion whether to continue a hearing).

The Court should continue the hearing on the Alleged Debtors' Motion for Recovery because if the Court grants Petitioning Creditors' the principal of judicial economy is best served if the Court continues the hearing and first rules on pending Motion for Reconsideration.

Moreover, Petitioning Creditors are entitled to due process as to Allege Debtors' claims, especially given that Alleged Debtors' have offered no evidence whatsoever in support of their specious claims. As such, Petitioning Creditors seek permission and additional time to secure limited discovery from Alleged Debtors' as the claims in their Motion for Recovery are akin to the assertion of new counterclaims in an amended pleading. *See Menendez v. Perishable Distribs., Inc.*, 763 F.2d 1374, 1379–80 (11th Cir. 1985). While the Alleged Debtors' failure to provide substantive, credible evidence to warrant their pernicious claims and extremely inflated damages valuation in the Motion for Recovery warrants denial of their motion alone, it is nonetheless, necessary for Petitioning Creditors to conduct limited discovery in order to provide Petitioning Creditors adequate due process as to Alleged Debtors' claims. The limited discovery sought in this motion is solely in regard to the Alleged Debtors' claims set forth in their Motion for Recovery. Specifically, Petitioning Creditors request permission to propound written discovery demands in the form of 15 Requests for Production, 10 Interrogatories, and to conduct the deposition of Alleged Debtors limited to the matters set forth in their Motion for Recovery.

This request for continuance will not prejudice Alleged Debtors and will not unduly inconvenience the Court or Alleged Debtors. *See Fowler v. Jones*, 899 F.2d 1088, 1094 (11th Cir. 1990). This request is not merely for delay but so that justice may be done. Indeed, the requested relief is wholly congruent with and further the interests of judicial economy, fundamental fairness, and due process.

**CONCLUSION**

For these reasons, Petitioning Creditors prays the Court to continue the hearing on the Motion for Recovery until after the Motion for Reconsideration has been heard, and allow

Petitioning Creditors the opportunity to conduct limited discovery concerning the allegations in the Motion for Recovery to defend against the same.

Dated: February 6, 2021

Respectfully submitted,

**NGUYEN & CHEN LLP**

/s/ *Brian M. Gargano*

Brian M. Gargano
State Bar No. 24102898
bgargano@nguyen-chen.com
Jiangang Ou
State Bar No. 5451133NY
jou@nguyen-chen.com
11200 Westheimer Road, Suite 120
Houston, Texas 77042
Tel: (832) 767-0339
Fax: (832) 767-0669

*Counsel for Petitioning Creditors*

**CERTIFICATE OF CONFERENCE**

I certify that on Wednesday, February 3, 2021, I conferred with Joyce Lindauer, counsel for Alleged Debtors, and they oppose Petitioning Creditors' Motion for Continuance of Hearing and Request for Limited Discovery. I exchanged emails with Ms. Lindauer in an attempt to reach an agreement, but Ms. Lindauer expressed Alleged Debtors' opposition, namely, "Sorry we are opposed [.] My client is very concerned about all the mess these filings have made and all the money [t]hey have had to spend well over $500,000 just in legal fees so they want this matter resolved ASAP[.]" We could not reach an agreement; therefore, Petitioning Creditors present these issues to the Court for determination.

Dated: February 5, 2021

/s/ *Brian M. Gargano*
Brian M. Gargano

**CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the above instrument was served on the date the instrument was electronically filed. Service has been accomplished electronically and/or by first-class mail to the parties listed below.

**Via U.S. Mail**
WALL007, LLC
13901 Midway Road, Suite 102
Dallas, Texas 75244

**Via U.S. Mail**
WALL009, LLC
13901 Midway Road, Suite 102
Dallas, Texas 75244

**Via U.S. Mail**
WALL010, LLC
13901 Midway Road, Suite 102
Dallas, Texas 75244

**Via U.S. Mail**
WALL011, LLC
13901 Midway Road, Suite 102
Dallas, Texas 75244

**Via U.S. Mail**
WALL012, LLC
13901 Midway Road, Suite 102
Dallas, Texas 75244

**Via U.S. Mail**
WALL016, LLC
13901 Midway Road, Suite 102
Dallas, Texas 75244

**Via U.S. Mail**
WALL017, LLC
13901 Midway Road, Suite 102
Dallas, Texas 75244

**Via ECF**
Khudabuksh K. Walji, Esquire
Law Office of K. Walji
10701 Corporate Drive, Suite 350
Stafford, Texas 77477

Case 20-31131-hdh7 Doc 324 Filed 02/06/21 Entered 02/06/21 21:25:28 Page 8 of 8

**Via ECF**
Robert W. Buchholz, Esquire
bob@attorneybob.com

**Via ECF**
Darrell Wayne Cook, Esquire
dwcook@attorneycook.com
all@attorneycook.com

**Via ECF**
Katherine T. Hopkins, Esquire
katherine.thomas@kellyhart.com

**Via ECF**
Joyce W. Lindauer, Esquire
joyce@joycelindauer.com
dian@joycelindauer.com
gina@joycelindauer.com

**Via ECF**
Steven C. Metzger, Esquire
smetzger@pmklaw.com

**Via ECF**
Michael P. Ridulfo, Esquire
mridulfo@krcl.com
dtrevino@krcl.com
mridulfo@ecf.courtdrive.com

**Via ECF**
Patrick D. Sullivan, Esquire
sullivan@hooverslovacek.com

**Via ECF**
United States Trustee
ustpregion06.da.ecf@usdoj.gov

**Via ECF**
Behrooz P. Vida, Esquire
filings@vidalawfirm.com
legalprokirstin@gmail.com
bkfilings@yahoo.com

Dated: February 6, 2021

/s/ *Brian M. Gargano*
Brian M. Gargano