CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

**ENTERED**

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed February 12, 2021**

**United States Bankruptcy Judge**

---

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **In re:** | § | **Chapter 7** |
| | § | |
| **WALL007 LLC, *et al.*,** | § | **Case No. 20-31131 (HDH)** |
| | § | |
| **Alleged Debtors.** | § | **(Jointly Administered)** |

**ORDER (I) DENYING PETITIONING CREDITORS' MOTION FOR CONTINUANCE AND (II) BIFURCATING THE EVIDENTIARY HEARING ON THE ALLEGED DEBTORS' MOTION FOR RECOVERY OF AMOUNTS UNDER 11 U.S.C. § 303(i)**

On February 6, 2021, certain individuals (the "Petitioning Creditors") filed the *Petitioning Creditors' Opposed Motion for Continuance of Hearing and Request for Limited Discovery* [Docket No. 332] (the "Motion for Continuance"). Through the Motion for Continuance, the Petitioning Creditors ask this Court to continue the hearing currently set for February 23, 2021 on the *Alleged Debtors' Motion for Recovery of Attorneys' Fees, Costs, and Compensatory and Punitive Damages Pursuant to 11 U.S.C. § 303(i)* [Docket No. 313] (the "303(i) Motion") until after the Court rules on the *Amended Motion of the Petitioning Creditors for (I) Reconsideration of Order Dismissing Involuntary Bankruptcy Cases Without Prejudice; and (II) Related Relief* [Docket No. 325] (the "Motion to Reconsider").

The Petitioning Creditors make two arguments for why the hearing on the 303(i) Motion should be continued. First, if the Court grants the Motion to Reconsider, the claims made by the Alleged Debtors in the 303(i) Motion could be moot. Second, the Petitioning Creditors say they need more time to conduct discovery on the claims asserted in the 303(i) Motion.

With regard to the first argument, the Court notes that the Motion to Reconsider was filed on January 8, 2021, about three weeks after the 303(i) Motion was filed, and the Alleged Debtors filed an objection to the Motion to Reconsider on January 26, 2021.[1] When there is a motion and an objection, the Court generally allows the movant fourteen days to file a reply. In this instance, the Court was waiting until after February 9, 2021 to see if the Petitioning Creditors would file a reply in support of the Motion to Reconsider before ruling. Shortly before entering this order, the Court entered an order denying the Motion to Reconsider, so the Petitioning Creditors' argument regarding the possibility of the relief requested in the 303(i) Motion being moot is no longer applicable.

With regard to the argument that the Petitioning Creditors need more time for discovery, the 303(i) Motion was filed on December 17, 2020 and has not been expedited. The Petitioning Creditors provide no reason for why discovery has not already been completed. Nevertheless, under Federal Rule of Bankruptcy Procedure 7042, which makes Federal Rule of Civil Procedure 42 applicable in bankruptcy proceedings, a court may order a separate trial of one or more separate issues in the interest of convenience, to avoid prejudice, or when separate trials will be conducive to expedition and economy. Through the 303(i) Motion, the Alleged Debtors seek a recovery of attorneys' fees and costs under Bankruptcy Code section 303(i)(1) and compensatory and punitive damages under Bankruptcy Code section 303(i)(2). While the calculation of fees, costs, and

---

[1] *Response and Objection to Amended Motion of Petitioning Creditors for (I) Reconsideration of Order Dismissing Involuntary Bankruptcy Cases Without Prejudice; and (II) Related Relief* [Docket No. 331].

damages will likely be fairly complicated, there are certain threshold issues that the Court believes should be considered first.

**IT IS THEREFORE ORDERED** that the Motion to Continue is **DENIED**; it is further

**ORDERED** that the only issues to be considered at the initial evidentiary hearing on the 303(i) Motion, which is currently set for February 23, 2021, will be whether the Petitioning Creditors should be held liable under sections 303(i)(1) and (2) and whether the Petitioning Creditors filed the involuntary petitions in bad faith; and it is further

**ORDERED** that, if necessary, a second evidentiary hearing on the 303(i) Motion will be set after the first evidentiary hearing has been completed to determine the amount of fees, costs, and damages to which the Alleged Debtors may be entitled.

###End of Order###