Joyce W. Lindauer
State Bar No. 21555700
Guy H. Holman
State Bar No. 24095171
Kerry Alleyne-Simmons
State Bar No. 24066090
Joyce W. Lindauer Attorney, PLLC
1412 Main St., Suite 500
Dallas, Texas 75202
Telephone: (972) 503-4033
Facsimile: (972) 503-4034
Attorneys for Alleged Debtors

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | **Chapter 7** |
| | § | |
| **WALL007 LLC, *et al.*[1],** | § | **Case No. 20-31131-hdh7** |
| | § | **(Jointly Administered)** |
| **Alleged Debtors.** | § | |

**MOTION TO STRIKE AND OBJECTION TO PETITIONERS' LATE FILED EXHIBIT LIST, EXPERT DISCLOSURE, AND AMENDED WITNESS LISTS**

**TO THE HONORABLE UNITED STATES BANKRUPTCY COURT:**

COME NOW WALL007, LLC, *et al*. ("Alleged Debtors"), Alleged Debtors in the above-styled and numbered bankruptcy case, and file their *Motion to Strike and Objection to Petitioners' Late Filed Exhibit List* [Dkt. No. 341], *Expert Disclosure* [Dkt. No. 342], *and Amended Witness Lists* [Dkt. Nos. 343, 344 and 346] (the "Late Filed Pleadings"), and in support thereof would respectfully show the Court:

## I. PROCEDURAL AND FACTUAL BACKGROUND

1. On December 17, 2020, the Alleged Debtors filed their *Motion for Recovery of Attorney's Fees, Costs, and Compensatory and Punitive Damages* [Dkt. No. 313] (the "Recovery Motion") based on bad faith actions by the Petitioners that included (1) the improper filing of these

[1] The Alleged Debtors in these cases are: WALL007 LLC, WALL009 LLC, WALL010 LLC, WALL011 LLC, WALL012 LLC, WALL016 LLC, and WALL017 LLC.

parallel bankruptcy cases based on identical claims to those asserted in non-bankruptcy Case No. DC-19-18361 filed in the District Court of Dallas County for the 44th Judicial District ("State Court"); (2) the refusal to properly comply with the Court's order to file a signed Live Deposition Agreement which was aimed at the determination of standing based on the threshold issues of verification of existence and validation of identity of persons claiming to be Petitioners; (3) the filing of multiple motions asserting false claims of non-existent "travel bans" and proposing alternate discovery procedures known to the Petitioners (and clearly determined by this Court) to be illegal under Chinese law and unsupportable under U.S. law. The Recovery Motion was also based on (i) the damage inflicted on the Alleged Debtors' relationships with their lenders; (ii) the restriction of capital needed to operate their enterprise that has led to the inability to refinance other of their debts resulting in potential defaults with other creditors; and (iii) the morass of claims that other creditors were forced to file against the Alleged Debtors if only to preserve those claims in these redundant and pointless proceedings. All such fees, costs, and damages in the amount requested are permissible pursuant to 11 U.S.C. § 303(i)(1) and (2) and were requested in an effort to recoup legal fees resulting from the Petitioners' bad faith actions in the form of the filing of these proceedings and the need to respond to a quagmire of unnecessary pleadings, to offset the Petitioners' damaging but intended results of credit constriction, and to dissuade similar future bad acts.

2. On January 8, 2021, and with its appeals of the *Discovery Orders* and its *Order Denying Reconsideration* still pending, Petitioners filed their *Amended Motion for (i) Reconsideration of Order Dismissing Involuntary Bankruptcy Cases Without Prejudice; and (ii) Related Relief* [Dkt. No. 325] wherein Petitioners' counsel continued to assert that a "travel ban" imposed by the Trump Administration prohibits the Petitioners' travel to the United States.

No such "travel ban" exists. The *travel restrictions* enumerated in the Presidential Proclamation dated January 31, 2020, specifically enumerate exceptions to the restrictions and discuss the manner in which travel may be permitted. The restrictions in that Presidential Proclamation made no distinction between direct travel or indirect travel to the United States. No Petitioner ever attempted to seek entry into the United States by either direct or indirect means or using any exception enumerated in the Presidential Proclamation.

3. Further, upon information and belief, the Petitioners' counsel did not have a reasonable belief that the Live Deposition Agreement as filed was "sufficient and in compliance with the Court's Order" since such Order never mentioned any permission to so severely condition that Agreement as to allow the Petitioners to avoid their obligation to appear in the United States for deposition. During the four (4) months the Petitioners' counsel was aware of the Court's straightforward requirement for a signed and filed Live Deposition Agreement, it never requested, let alone mentioned, any such conditions prior the eleventh-hour filing of its "Agreement." The intent of the Petitioners was clear, namely that they would only agree to *possibly* appear. Despite mention in the instant Motion of the subsequent distribution in the United States of the Pfizer and Moderna vaccines for COVID-19 which clearly constitute a single changed circumstance that might relate to these proceedings, and provide grounds for this Court to reconsider its past Orders, the Petitioners have presented no evidence that distribution and availability of the American vaccine supply to citizens of the United States would in any way translate to similar distribution and availability of that supply in the People's Republic of China, thereby facilitating travel of that country's citizens to this country to participate in live, face-to-face depositions.

4. Also, on January 8, 2021, Petitioners filed their *Amended Opposition to Alleged Debtors' Motion for Recovery of Attorneys' Fees, Costs and Compensatory and Punitive Damages*

*Pursuant to 11 U.S.C. § 303(i)* [Dkt. No. 326]. In that pleading, Petitioners wrongfully assert that their "good faith" as to the filing of the bankruptcy cases must be presumed and that Alleged Debtors have presented no evidence of bad faith on their part.

5. On February 6, 2021, Petitioners filed their *Opposed Motion for Continuance of Hearing and Request for Limited Discovery* [Dkt. No. 332]. Notably, the Petitioners inequitably seek discovery to bolster their arguments to be presented at the hearing scheduled for February 23, 2021, but have themselves never complied with this Court's requirements concerning live depositions in these proceedings that would have enabled the Alleged Debtors to seek discovery.

6. On February 12, 2021, this Court entered its *Order Denying Petitioners' Motion to Reconsider Order Dismissing Involuntary Bankruptcy Cases* [Dkt. No. 336], noting that the Petitioners are unwilling to appear in the United States for live depositions before mid-September, 2021. As a result, these proceedings would be unacceptably delayed for an additional seven months before any progress on depositions could occur. Due to additional conditions placed by the Petitioners on the conduct of these proceedings, the negative consequences on the Alleged Debtors' businesses, and the Petitioners' willful disobedience of the Court's "Discovery Orders" and "Compliance Order," the Court found all to be prejudicial, unjust and inequitable to the Alleged Debtors, thereby justifying dismissal of these involuntary bankruptcy petitions.

7. On the same day, February 12, 2021, the Court issued its *Order (i) Denying Petitioning Creditors' Motion for Continuance and (ii) Bifurcating the Evidentiary Hearing on the Alleged Debtors' Motion for Recovery of Amounts Under 11 US.C. § 303(i)* [Dkt. No. 337]. The rationale for doing so was that the Petitioners never filed a reply in support of the Motion to Reconsider before the Court entered its Order Denying the Motion to Reconsider rendering inapplicable the Petitioners' argument that the possibility of relief in the 303(i) Motion is moot.

The Court also reasoned that the Petitioners had provided no reason why discovery has not already been completed.

8. On February 21, 2021, Petitioners filed their Exhibit List [Dkt. No. 341], Expert Disclosure [Dkt. No. 342], Amended Witness List [Dkt. No. 343], Amended Rule 26(a)(2)(B) and FRE 702 Expert Disclosure [Dkt. No. 344], and Amended Exhibit List [Dkt. No. 346]. The Amended Witness List [Dkt. No. 346] amends the original Witness List [Dkt. No. 340] filed only on February 20, 2021. The Amended Exhibit List [Dkt. No. 346] amends the Exhibit List [Dkt. No. 341]. The Amended Expert Disclosure [Dkt. No. 344] amends the Expert Disclosure [Dkt. No. 342].

## II. ARGUMENT

### A. The Petitioners' filing of their Exhibit List, Expert Disclosure, Witness List and and Amended Witness Lists and Amended Expert Disclosure are untimely and inadequate, and should not be considered by this Court.

9. Local Bankruptcy Rule 9014-1(c)(2) requires parties to file and deliver to the opposing party their separate witness and exhibit lists *at least* three (3) days prior to the scheduled hearing date. The three days are counted as business days.

10. Here, the Exhibit List [Dkt. No. 341], the Expert Disclosure [Dkt. No. 342], and Amended Witness List [Dkt No. 343] were all filed on February 21, 2021, less than two calendar days prior to the hearing. As such, these filings are untimely and should not be allowed.

11. Further, the expert witness is being disclosed pursuant to Fed. R. Civ. P. 26(a)(2)(B). This Rule requires that the expert witness present a written report that contains (i) a complete statement of all opinions the witness will express and the basis and reasons for them; (ii) the facts or data considered by the witness in forming them; (iii) any exhibits that will be used to summarize or support them; (iv) the witness's qualifications, including a list of all publications

authored in the previous 10 years; (v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and (vi) a statement of the compensation to be paid for the study and testimony in the case. Petitioners' counsel has failed to provide any of the foregoing information. Instead, counsel for the Petitioners has provided only a "LinkedIn Profile" with an offer to supplement such with only a copy of the retained expert's supposed curriculum vitae (but only once it is obtained, whenever that may be). The lack of information required by Fed. R. Civ. P. 26(a)(2)(B) coupled with the condition that the witness's qualifications may be provided when received is unsatisfactory and gives the Alleged Debtors minimal time, if any, to validate the bona fides of the supposed "expert." As such the Court should find that the expert witness disclosure pursuant to this rule is inadequate and refuse to allow such individual to provide testimony.

**B. The Petitioners request to take testimony via Zoom which should not be allowed.**

12. As has been stated in numerous pleadings to date, at least one court has made it clear that in "testifying via video link while located in mainland China, [a plaintiff] violated Chinese law" which results in such testimony being struck from the record. *Ji v. Jling Inc.,* 15-CV-4194 (SIL), 22 (E.D.N.Y. Mar. 31, 2019). Further, another reason why testimony is not permitted is because all testimony requires the swearing of an oath which would also violate Chinese law. The reason for this is that "China regards the administering of oaths by foreign attorneys and consular officials as a violation of China's judicial sovereignty" and, consequently, "[w]hen foreign attorneys or consular officials administer an unauthorized oath in China, the penalties may include arrest, detention, expulsion, or deportation of all participants in the oath." *Id*. As has already been determined, these same rules apply to territories controlled by China, i.e.

Hong Kong and Macau. While it is unlikely that the Chinese government would be able to affect any such penalties against counsel in this case due to the fact that attorneys involved in such violations would do so from within the borders of the United States, any order by this Court to take testimony from persons on Chinese soil will likely place the *witnesses* in legal jeopardy and will have marked those attorneys who conducted the examinations of such witnesses as having similarly violated Chinese law.

13. Further to allow the Petitioners to testify from China thwarts the entire reasons for needing live depositions in the United States. The identity of the persons has to be established as well as their role as an alleged creditor. None of that can be done via Internet testimony. These arguments have been presented several times and each time the Court has agreed. To allow the Petitioners to disregard all the prior orders and now to attempt to appear via Zoom from China must be disallowed.

## III. CONCLUSION

14. For reasons articulated heretofore, this Court should find that the Petitioners have failed to adhere to the requirement to timely file their Witness and Exhibit Lists pursuant to the terms of LBR 9014-1(c)(2), and that the Court should further find that the disclosure of the expert witness fails to adhere to the requirements of both Fed. R. Civ. P. 26(a)(2)(B) and Fed. R. Evid. 702. The Court should also find, as it has done numerous times in the past, that taking the testimony of Chinese witnesses while they are located on Chinese soil violates both Chinese and United States law and lacks the elements of trustworthiness required in any case.

## IV. PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Alleged Debtors WALL007, LLC, *et al.* request that this Court enter an order finding the Witness and Exhibit Lists are filed untimely, that

the Expert Disclosure fails to contain requisite information and is thus inadequate, that testimony by the Chinese witnesses will violate both Chinese and U.S. law, and that the Late Filed Pleadings will not be considered by this Court for purposes of the hearing scheduled for February 23, 2021. Alleged Debtors further request that this Court grant such other and further relief to which they may be justly entitled.

Dated: February 22, 2021.

Respectfully submitted,

*/s/ Joyce W. Lindauer*

Joyce W. Lindauer
State Bar No. 21555700
Guy H. Holman
State Bar No. 24095171
Kerry Alleyne-Simmons
State Bar No. 24066090
Joyce W. Lindauer Attorney, PLLC
1412 Main St., Suite 500
Dallas, Texas 75202
Telephone: (972) 503-4033
Facsimile: (972) 503-4034
Email: joyce@joycelindauer.com
guy@joycelindauer.com
kerry@joycelindauer.com
Attorneys for Alleged Debtors

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on February 22, 2021, a true and correct copy of the foregoing document was served via email pursuant to the Court's ECF system upon all parties receiving electronic notice in this case.

*/s/ Joyce W. Lindauer*

Joyce W. Lindauer