**IN THE UNITED STATES BANKRUPTCY COURT FOR THE
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| In re:<br><br>WALL007 LLC, et al.,[1]<br><br>Alleged Debtors. | Chapter 7<br><br>Case No. 20-31131 (HDH)<br>(Jointly Administered) |

**PETITIONING CREDITORS' OPPOSED EMERGENCY MOTION FOR CONTINUANCE OF HEARING**

Petitioning Creditors Jun Li, Yunding Kang, Cunxiang Ji, Jin Wang, Peng Guo, Lin Zhou, Qu Zhou, Kai Tian, Yijing Wu, Xuegeng Gong, Weijia Kong, Heng Zhang, Hong Guo, Pei Guan, Yue Xu, Mai Ye, Chenchen Jiang, Qiuying Li, Ruinian Wu, Liying Yang, Yan Zhang, Wenjun Wang, Ying Zhou, Lin Li, Li Jiang, Rufeng Ding, Cunxiang Ji, Lin Gao, Qiao Qin, Yue Zhang, Xiaodong Hao, Weisi Wang, Xiaoquan Dai, Feng Yan, Ou Jiang, Jinzhe Wu, Yadan Liu, Wenjuan Yin, Yi Tang, Ying Zhang, Pengfei Dong, Kangying Mao, Qin Chu, Yulan Chen, Sicheng Zhan, Jinqiu Tang, Di Tang, Jun Zeng, Kui Wang, Jun Wang, Xiaomin Fan, Jialin Hu, Jiaxiang Lu, Fuqing Chen, Hanjiang Fu, Aiguo Luo, Fang Ding, Xiangdong Zhu, Wai Ying, Yuan Yuan, Chao Xu, Guoqin Zhou, and Qu Chen ("Petitioning Creditors") ask the Court to continue the hearing on Alleged Debtors' Motion for Recovery of Attorneys' Fees, Costs, and Compensatory and Punitive Damages Pursuant to 11 U.S.C. § 303(i) ("Motion for Recovery") [Docket No. 313] from Tuesday, February 23, 2021 until Thursday, February 25, 2021 or Friday, February 26, 2021 given the

[1] The Alleged Debtors in this jointly administered case are: WALL007 LLC, WALL009 LLC, WALL010 LLC, WALL011 LLC, WALL012 LLC, WALL016 LLC, and WALL017 LLC ("Alleged Debtors"). Currently, Alleged Debtors' federal tax identification numbers are unknown to Petitioning Creditors.

unprecedented and unanticipated havoc and conditions caused by Winter Storm Uri. Respectfully, Petitioning Creditors show the Court as follows in support of their request:

**INTRODUCTION**

Last week, Texans suffered through days of freezing cold weather knocking out the power grid leaving millions of Texas without electricity, heat, or water. Many people were in dire situations, grasping for basic human needs. Some still are. Petitioning Creditors' counsel and his firm were not spared from the storm's wrath as they lacked power, internet, heat, and water for most of last week. Moreover, Petitioning Creditors' counsel had to not only ensure the health and safety of his family (which includes four young children including a daughter who will turn one on the day of the hearing) during this crisis, but also deal with the damage the storm caused. When power, internet, and water were restored this past Friday, Petitioning Creditors' counsel contacted Alleged Debtors' counsel regarding the situation and asked for a joint agreement to continue the hearing for a couple of days. Alleged Debtors' counsel's response was callous at best and Alleged Debtors refused to grant what would seem like an obvious act of professional courtesy in the wake of such a catastrophic event which impacted millions of Texans. *See* EMAIL CHAIN BETWEEN PETITIONING CREDITORS' COUNSEL AND ALLEGED DEBTORS' COUNSEL, attached hereto as Ex. "A". Despite Alleged Debtors' lack of common courtesy, Petitioning Creditors' counsel has scrambled and done everything they can to make up for the lost 4 ½ days this past week to get the necessary filings timely accomplished in preparation for the hearing.

Alleged Debtors, knowing full well the evidence and proffered witness testimony would readily refute their bald claims that the Involuntary Bankruptcy Petitions were filed in bad faith, just filed a disingenuous and callous motion to strike and object to Petitioning Creditors' recent filings. [Dkt. No. 347]. Ironically, Alleged Debtors' accuse Petitioning Creditors of not adhering

to the Court's Local Rules (despite knowing full well the situation as described above) while Alleged Debtors' callously ignored and violated this Court's Local Rules in filing their motion for fees and damages. Specifically, Alleged Debtors' violated Local Rule 7007-1 via Local Rule 9013-1 as well as Local Rule 7007-1(f) as Alleged Debtors' motion is akin to an adversary proceeding under Bankruptcy Rule 9014 which mandates that a certificate of conference is required for their motion for fees and damages. Indeed, Alleged Debtors did not confer as the Local Rules required and did not include the requisite certificate of conference in their motion. *See* [Dkt. No. 313].

In any event, while Alleged Debtors did not and cannot articulate any prejudice from the "late" filing, even *arguendo*, they were prejudiced, the remedy is to grant a brief continuance for the hearing in order to ensure due process for the parties. Alleged Debtors' Motion to Strike and Objections are merely "gamesmanship" in which they seek to capitalize on last week's storm which left Petitioning Creditors' counsel and his firm without electricity, heat, and water for almost 5 days, which ostensibly caused untimely filings complained of by Alleged Debtors. Thus, in the event the Court were to find that Petitioning Creditors' late filing prejudiced Alleged Debtors (which the Court should not) granting a brief continuance will easily cure any prejudice claimed by Alleged Debtors and satisfy the due process rights of Petitioning Creditors given the unprecedented circumstances resulting from last week's storm.

The emergency nature of this motion is necessitated due to Alleged Debtors' Motion to Strike and Alleged Debtors' bald claim of prejudice. Petitioning Creditors shall file a response to Alleged Debtors' Motion to Strike later today.

## BACKGROUND

As all Texans are aware, on February 14, 2021, Winter Storm Uri wreaked havoc all over Texas resulting in the loss of power, internet, and water to millions of Texans. Petitioning Creditors' counsel and office were hard hit by this disaster and were without power, heat, internet, and water for most of this week. As such, due to the Winter Storm and its effects and fallout, Petitioning Creditors' counsel was unable to make the necessary filings related to the Motion for Recovery as intended.

Indeed, once power, heat, and internet returned on Friday, February 19, 2021, counsel for Petitioning Creditors reached out to counsel for Alleged Debtors to request agreement on a brief continuance of the hearing on the Motion for Recovery. *See* Ex. "A" at p. 7. Petitioning Creditors' counsel wrote:

> Joyce,
>
> I hope you, your firm and your family are staying safe and warm.
>
> As you know, our great state of Texas was just ravaged by this winter storm.
>
> In the Houston area, my firm, James and I were without power, water, and internet until recently.
>
> In addition, the storm and outage caused extensive damage to our homes.
>
> As a result, this has impacted our ability to prepare for the hearing on Monday.
>
> Accordingly, I propose we continue the hearing to next Thursday (Feb 25) at the same time.
>
> Please let me know your thoughts.
>
> Thank you.

*Id.*

In response, Alleged Debtors counsel stated, "Hearing is Tuesday – we have all experienced the same issues[.] My client is not agreeable to moving the hearing[.]" *Id.* at pp. 5. Counsel for Petitioning Creditors replied:

> Joyce,
>
> Respectfully, the issues and circumstances I have experienced are not equal to yours. For example, I have four young children, one of them who will turn 1-year-old on Feb 23. I do not know how it is in your neck of the woods but in mine, in addition to addressing damage caused by this disaster, essentials like bottled water, milk, ect, are nowhere to found. As such, I am doing all that I can to take care of my family as well as honor my duties as an officer of the court.
>
> In any event, given your client's position (which I think is a bit harsh considering the circumstances) all I can do is my best to make up for the lost week we all just had. As you know, I filed our witness list today and most of the witnesses will require a Mandarin translator given they speak little to any English. To that end, we have procured Mandarin translator Ida Shaw-https://chinesetranslationteam.com/about/ida-shaw/ https://www.linkedin.com/in/ida-shaw-511b3212/ to serve as the translator for these witnesses at the hearing.
>
> I will provide formal disclosure and the designation of her as an expert (along with her CV) to you sometime tomorrow.
>
> Additionally, as a precaution, I will also file tomorrow a motion asking the Court to appoint Ms. Shaw as the Mandarin translator for the hearing which my clients will solely bear the cost for.
>
> Please let me know your position on this motion by 2:00 pm tomorrow.
>
> Thank you.

*Id.* at pp. 5–6.

In response, Alleged Debtors' counsel expressed objection as to the timeliness of Petitioning Creditors' filings associated with the hearing on the Motion for Recovery. *See id.* at pp. 1–5.

Despite the fact that it was not practically possible to serve the filings earlier given the power outage and related circumstances caused by last week's storm, Alleged Debtors' counsel stated "Mark us opposed" in relation to this emergency motion for continuance. *See id.* at 1–5.

The hearing on the Motion for Recovery is set for Tuesday, February 23, 2021. [Doc. No. 329]. Continuing the hearing for two to three days will serve the interests of justice and due process.

**ARGUMENT**

A court has the discretion to grant a motion for continuance as part of its inherent power to control its own docket to ensure that cases proceed before it in a timely and orderly manner. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 43–44 (1991); *see, e.g., In re Sustaita*, 438 B.R. 198, 211 (B.A.P. 9th Cir. 2010), aff'd, 460 Fed. Appx. 627 (9th Cir. 2011) (holding that a bankruptcy judge has discretion whether to continue a hearing). Good cause is a nonrigorous standard that has been construed broadly. *E.g., Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259–60 (9th Cir.2010).

As good cause is clearly present to excuse a brief delay due to the unprecedented circumstance and the fact Alleged Debtors cannot demonstrate any prejudice, Alleged Debtors' objection based on timeliness under the Local Rules rings hollow especially given the fact that Alleged Debtors failed to follow and adhere to the Local Rules when they filed their Motion for Leave for Fees and Damages (Alleged Debtors did not confer and did not put in their motion the requisite Certificate of Conference as Local Rule 7007-1(f) mandates). *Id.*

Alleged Debtors' opposition to this emergency motion for continuance is callous at best, especially given their refusal to grant what would seem like an obvious act of professional courtesy in the wake of such a catastrophic event which impacted millions of Texans. Despite Alleged

Debtors' lack of common courtesy, Petitioning Creditors' counsel has scrambled and done everything they can to make up for the lost 4 ½ days this week to get the necessary filings timely accomplished in preparation for the hearing.

The Court should continue the hearing on the Alleged Debtors' Motion for Recovery because good cause definitely exists in this situation to do so following last week's winter storm.

This request for continuance will not prejudice Alleged Debtors and will not unduly inconvenience the Court or Alleged Debtors. *See Fowler v. Jones*, 899 F.2d 1088, 1094 (11th Cir. 1990). This request is not merely for delay but so that justice may be done. Indeed, the requested relief is wholly congruent with and further the interests of fundamental fairness and due process.

**CONCLUSION**

For these reasons, Petitioning Creditors prays the Court grants this emergency motion to continue the hearing on the Motion for Recovery until Thursday, February 25, 2021 or Friday, February 26, 2021 given Alleged Debtors' bald claims of prejudice.

Dated: February 22, 2021

Respectfully submitted,

**NGUYEN & CHEN LLP**

/s/ *Brian M. Gargano*
Brian M. Gargano
State Bar No. 24102898
bgargano@nguyen-chen.com
Jiangang Ou
State Bar No. 5451133NY
jou@nguyen-chen.com
11200 Westheimer Road, Suite 120
Houston, Texas 77042
Tel: (832) 767-0339
Fax: (832) 767-0669

*Counsel for Petitioning Creditors*

**CERTIFICATE OF CONFERENCE**

I certify that on Friday, February 19, 2021, I conferred with Joyce Lindauer, counsel for Alleged Debtors, and they oppose Petitioning Creditors' Emergency Motion for Continuance of Hearing. I exchanged emails with Ms. Lindauer in an attempt to reach an agreement, but Ms. Lindauer expressed Alleged Debtors' opposition, namely, "Hearing is Tuesday – we have all experienced the same issues[.] My client is not agreeable to moving the hearing[…] LBR 9014-1(C)(2) has 3 day rule[.] Everything was due Thursday last week[…] This is not a tit for tat situation[.] You missed your deadline[…] Mark us opposed[.]" We could not reach an agreement; therefore, Petitioning Creditors present this issue to the Court for determination.

Dated: February 22, 2021

/s/ *Brian M. Gargano*
Brian M. Gargano

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the above instrument was served on the date the instrument was electronically filed. Service has been accomplished electronically and/or by first-class mail to the parties listed below.

**Via U.S. Mail**
WALL007, LLC
13901 Midway Road, Suite 102
Dallas, Texas 75244

**Via U.S. Mail**
WALL009, LLC
13901 Midway Road, Suite 102
Dallas, Texas 75244

**Via U.S. Mail**
WALL010, LLC
13901 Midway Road, Suite 102
Dallas, Texas 75244

**Via U.S. Mail**
WALL011, LLC
13901 Midway Road, Suite 102
Dallas, Texas 75244

**Via U.S. Mail**
WALL012, LLC
13901 Midway Road, Suite 102
Dallas, Texas 75244

**Via U.S. Mail**
WALL016, LLC
13901 Midway Road, Suite 102
Dallas, Texas 75244

**Via U.S. Mail**
WALL017, LLC
13901 Midway Road, Suite 102
Dallas, Texas 75244

**Via ECF**
Khudabuksh K. Walji, Esquire
Law Office of K. Walji
10701 Corporate Drive, Suite 350
Stafford, Texas 77477

**Via ECF**
Robert W. Buchholz, Esquire
bob@attorneybob.com

**Via ECF**
Darrell Wayne Cook, Esquire
dwcook@attorneycook.com
all@attorneycook.com

**Via ECF**
Katherine T. Hopkins, Esquire
katherine.thomas@kellyhart.com

**Via ECF**
Joyce W. Lindauer, Esquire
joyce@joycelindauer.com
dian@joycelindauer.com
gina@joycelindauer.com

**Via ECF**
Steven C. Metzger, Esquire
smetzger@pmklaw.com

**Via ECF**
Michael P. Ridulfo, Esquire
mridulfo@krcl.com
dtrevino@krcl.com
mridulfo@ecf.courtdrive.com

**Via ECF**
Patrick D. Sullivan, Esquire
sullivan@hooverslovacek.com

**Via ECF**
United States Trustee
ustpregion06.da.ecf@usdoj.gov

**Via ECF**
Behrooz P. Vida, Esquire
filings@vidalawfirm.com
legalprokirstin@gmail.com
bkfilings@yahoo.com

Dated: February 22, 2021

*/s/ Brian M. Gargano*
Brian M. Gargano