IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

IN RE: ) BK. NO: 20-31131-HDH
)
WALL007 LLC )
D E B T O R. )

* * * * * * * * * *

# TRANSCRIPT OF PROCEEDINGS

* * * * * * * * * *

BE IT REMEMBERED, that on the 31st day of July, 2020, before the HONORABLE HARLIN D. HALE, United States Bankruptcy Judge at Dallas, Texas, the above styled and numbered cause came on for hearing, and the following constitutes the transcript of such proceedings as hereinafter set forth:


EXHIBIT 29

P R O C E E D I N G S

THE COURT: WALL007, we have, what I think amounts to a status conference now. What would be the time estimate in that one?

MR. PACKMAN: Your Honor, this is Stephen Packman. I know Ms. Lindauer, I can see her, as well.

I don't think we're going to be very long, because we're just updating the Court on our conversations about discovery. We're putting -- we're going to ask you to put off the motions. And, also, as to the hearing on the 17th, turn that into a continued discovery/status conference. So we don't really have too much more to report. We're trying to work towards getting our discovery differences either resolved completely, or at least narrowed down for you, so that we don't have to waste your time today.

THE COURT: All right. Ms. Lindauer.

MS. LINDAUER: So, Your Honor -- yeah, for a time estimate, Your Honor, I think you're looking at about 15 minutes.

THE COURT: I think let's do that one. And then that would free up opposing counsel. The Cowley folks said that they needed some time any way. Then I think we go back to DFW Projects. If they have a report that they've resolved their matters, I might very well interrupt DFW to take their announcement. So let's hear WALL007 and take

appearances in that one.

MR. PACKMAN: Thank you, Your Honor. Stephen Packman of Archer & Greiner for the petitioning creditors

THE COURT: Welcome back.

MS. LINDAUER: Your Honor, Joyce Lindauer for the alleged debtors.

THE COURT: Welcome to you.

MS. LINDAUER: Thank you, Your Honor.

THE COURT: All right.

MR. METZGER: Your Honor, Steven --

THE COURT: Go ahead.

MR. METZGER: All right. Steven Metzger on behalf of Tim Barton, an interested person.

THE COURT: Welcome. I saw you on the screen. Let's see, Mr. Metzger --

MR. WALJI: Your Honor, this is --

THE COURT: Let me just finish. Mr. Metzger, you're connected to two devices. If you could cut one of those off, it causes a vibration on our end.

MR. METZGER: Well, I'll try, Your Honor.

THE COURT: That's all we can ask.

All right. I'll take other appearances, too.

MR. WALJI: My name is Khudabuksh Walji. I'm counsel for Carnegie Development, which is the managing member of the WALL entities.

THE COURT: Welcome to our court, sir.

MR. WALJI: Thank you, sir.

THE COURT: All right. Ms. Lindauer or Mr. Packman, I'm not sure who's going to take the lead on this, but either one is fine.

MS. LINDAUER: Well, Your Honor, I think I can follow up with what Mr. Packman said. So what I'd like to do is kind of go through a little bit, since I need to ask you to treat this like a status conference, is kind of go through the status of where we are in this case.

The Court did sign a scheduling order for us that set out some discovery deadlines and scheduling of various matters. That scheduling order was primarily premised on the idea that we would try to try this case around August 17th. And the Court set us a date of August 17th to take up the question of whether the debtor should be in an involuntary or not.

First of all, I think all of the parties at this point, unless somebody disagrees, think that the August 17th date is going to be too soon to resolve all of the issues that are now pending between the parties. And so I think the first question for the Court -- and I know you have other --

MALE SPEAKER: (Indecipherable first word) join the hearing?

MS. LINDAUER: I'm sorry?


EXHIBIT 29

Any way, Your Honor, I think to go back. So on the August 17th date, I think the parties have sort of two suggestions. One, the Court may want to hold on to part of that time for us to --

MALE SPEAKER: Okay.

MS. LINDAUER: -- hear other matters. But more importantly, I think, is we're going to ask you to -- I don't think that would be our trial date. I think we're going to need a later date. And a couple of reasons. One, I think the parties are trying to resolve discovery, which we've narrowed down, I think, a number of issues on that. But we haven't completed the discovery. And then the second issue, Your Honor, is I think that there is going to be some requests to file dispositive motions on some issues. And so to give both sides time to submit motions and have those heard, I think there's going to need to be an extended date. So that being said, either we release the August 17th date, or we keep part of it, or whatever. It's kind of the Court's pleasure on that. I know you have other matters. But any way, I wanted to address that date first, because clearly that's not going to be the trial date.

The second matter that I'd like to bring up is we do have a -- and I think counsel sent the Court a letter. There was an August, I believe, 10th hearing on a matter involving Mr. Barton. And I believe that counsel's asked to put that

Case 20-31131-hdh7 Doc 155-29 Filed 02/23/22 Entered 02/23/22 10:59:29 Page 6 of 16

matter off, also -- not as Mr. Packman, but put that matter off, also. So I think that date and time may now also be freed up on the Court's calendar for other matters.

As far as the big picture, Your Honor, in this case so far, both sides have exchanged written discovery. Both sides have responded to written discovery. Both sides have complained but what are the responses. And that's what prompted, I think, both sides to file motions to compel.

In the meantime, Mr. Packman and I have had a couple of different calls. I think we've tried to isolate some issues. I think both of us -- they've submitted additional discovery. We're in the process of sending them additional discovery. And this is on the written side. So I think that's ongoing. I think both parties will represent to the Court that the parties are trying to work through the written discovery issues and get the written discovery exchanged within a reasonable time.

That said, there have been two depositions taken. There was a deposition of Mr. Yang taken and the deposition of Mr. Fu. So both of those have been taken. Both sides, I believe, want to take at least a number of additional depositions. Those have not been scheduled yet. There's been a request made for dates. And so both sides, I think, have people that they would like to still ask questions of, before we ever get to a trial in this case. And I would say

that's on both sides. So we still have deposition testimony that needs to be taken. And then the last issue, I think, which is, I think both sides have indicated that they're going to want to file some sort of dispositive motions and get those set and heard before the Court, within a reasonable period of time.

So as the Court can see, there's a number of things still pending between the parties that have not been either filed or tied down, or whatever. That's why I think both sides have agreed that August 17th just isn't realistic to really go forward with this matter. All of us have been working against pretty short deadlines, because of the scheduling order that we put in place ourselves. So it's a little self-inflicted wound. But I think all of us have been working with pretty short deadlines to try to get things exchanged.

So that being said, I think we all agreed that this afternoon would be better to discuss with the Court the matters that we think -- anticipate will come before the Court in the next 30 days or so. Maybe have the Court -- and I'm hesitant to say, look for a new trial date, because I really don't have a good feel right now when that would be. And it may, a little bit, hinge on the dispositive motions that the parties file.

The other issue, Your Honor, that's on our side more

than Mr. Packman's side is, there are some questions -- and if you read our motions before we asked you not to study them any further, there is a question about standing. And we have raised that issue. We raised it in connection with one of the motions to compel. But in any event, there is a standing question out there regarding the petitioning creditors. And I think that we're probably going to deal with that on some kind of a dispositive motion. But I put that out there, because that is going to be sort of a threshold issue. Under the involuntary rules, of course, the creditors that put you in an involuntary have to have unliquidated -- or have to have liquidated, non-disputed, non-contingent claims. And so that's kind of a threshold issue is, do they meet that criteria. And then, of course, the issues we raised, Your Honor, have to do with whether, in fact, the actual petitioning creditors are, in fact, actually creditors. And, of course, there's a disagreement on that issue.

So what I would envision, and we'll get Mr. Packman's thoughts on it in a minute, but we may need to address the standing issue before we address some of the other issues that would come before the Court in connection with an involuntary, such as, are you paying your bills as they come due; is the bankruptcy in the best interest of the creditors; and if the case were dismissed, are there damages, or related issues related to that. So I wanted to alert the Court,

because I know Mr. Packman disagrees with us on the standing issue. But we think that is a threshold major issue that the Court is going to have to dispose of, I think, before we get into the rest of those questions dealing with involuntaries.

But those are a lot of the issues that we're working through with discovery right now, relate to some of those issues, as well as some of the other issues. So that's pretty much where we are. I think what we're asking the Court at this point to consider is, is perhaps putting off some of the dates that are out there. I don't know if it's appropriate for the parties to come up with a new scheduling order, maybe with some new deadlines that are maybe more realistic, given the circumstances. Or we just work together, I think, to try to get some of these things scheduled and done, like depositions and things, without necessarily trying to rely on a scheduling order. Because the scheduling order is creating deadlines that, unfortunately, are probably not very realistic.

In large part, part of what's delaying things, too, is we've got this whole COVID-19 issue out there. So it creates a lot of, and I know Mr. Packman can attest to this, we've had some real problems with depositions just trying to get the technology coordinated. So, in any event, that's where we see the case, Your Honor. And kind of where we see issues right now. And so then I'll relinquish the floor to anyone

else who wants to jump in here.

THE COURT: Let's hear next from Mr. Packman.

MR. PACKMAN: Thank you, Your Honor. Can you hear me okay?

THE COURT: I can. Thank you. And I can see you now, too.

MR. PACKMAN: Thank you.

So I was on the rails with Ms. Lindauer, until the very end of her summary. So that's progress. But I think we have a difference over the scope of our discovery. And I don't know whether we want to address that today or not. So what I'm saying is, Your Honor, that I don't disagree with Ms. Lindauer and her summary, until we got -- until she got to the part about -- which I think is -- she's calling it standing, but I think is the scope of discovery. So I don't know whether we have to discuss that further off-line. I don't have a problem putting off the motions for today. I think that the trial date needs to be put off until after Labor Day. I'd like to get another date put on. And I do agree that dispositive motions will be filed.

If we then turn to the actual discovery that's pending. The written discovery, you have narrowed down the issues. And some of the issues go to this continued standing argument that the alleged debtors keep making. And I think that's going to come up during depositions, as well. So we may be

back to Your Honor on that sooner than later. I don't think it's a threshold issue. I think we've addressed Your Honor's order already, I'm not going to argue with today. But I don't really have much more on that, Your Honor, because we're not moving forward with their motion to compel today on this alleged standing issue.

Thank you.

THE COURT: Thank you.

Let me ask, on upcoming -- in your letter, you have a deposition set for the 10th; is that right?

MR. PACKMAN: Your Honor, we're -- we are actually sending out this afternoon our notices and subpoenas. And we are trying to get depositions on the 10th. But we've flexible in that regard. We're trying to get depositions on the 10th, 11th, 12th. They may happen on those days, or some of them. They may get pushed off to the following date. But, yes. That's one of the reasons why we're adjourning, asking for a continuance of the sanctions motion against Mr. Barton on the 10th. There's other reasons, as well, but that's one.

THE COURT: All right. Well, we'll definitely take that one off.

My suggestion would be that the matters that are set today, that we go ahead and just set these over, so we have a placeholder, we'll have something to set on the 17th. Does


EXHIBIT 29

that sound okay with you all?

MR. PACKMAN: I agree with that, Your Honor. I think that's a good idea.

MS. LINDAUER: I think that's fine, Your Honor.

THE COURT: And you all are still, obviously, whatever is out there, if it's narrowed, you all can let us know. And if you don't want to go forward that day, that's fine, too. But if we give up the slot, I promise you somebody is standing in line to take it. And probably on the 17th, then we can talk about dispository motions next. And then a trial setting next. You know, I don't like to run lawyers' lawsuits. So I think you're going to have to let this -- you're going to have to tell me the time you need for dispository motions. If you're in disagreement on whether we ought to have standing plus the affirmative defenses that have been pled, or separate them, then maybe we can talk about that some on the 17th. And then I'll go ahead and mention to our courtroom deputy that some motions may be coming, so she can at least be looking for some slots there.

I think you probably realize, we are just completely out of time here right now. You know, this is a Friday. I've got every single minute of the day booked. And then starting Monday, Tuesday, and Wednesday, the same situation. So the more in advance we have -- that's why I just don't

want to give up the 17th for you. So we'll just set this matter, the matters that are set today, over to the 17th, so you know that you're going to have some time to do some other things, too. If we want to have a status conference about order of motions and things like that, we can take up those sorts of things.

Okay. Anyone else wish to weigh in?

So the 10th is off for now. And these matters that were previously set will be set over to the 17th. And then the trial that was set on the 17th will obviously be reset. And it may be on the 17th we can give you a trial date that would be past when we would expect to have hearings on dispository motions.

Okay. I --

MS. LINDAUER: Your Honor, I think --

MR. PACKMAN: Thank you, Your Honor.

MS. LINDAUER: Thank you, Your Honor.

Your Honor, I think there is one additional issue, and maybe we take it up on the 17th. But I think Mr. Packman and I both have kind of struggled with what a trial in this case looks like, as far as taking evidence, or is it mostly -- I mean, is it mostly argument at that point, or whatever. So I think that's -- I have never tried an involuntary, I think, in your court. So I guess it might help the parties -- I don't know if today is the right day to bring this up, or

another day. But for us to prepare for that date, how do you normally handle an involuntary like this? Do you normally handle it like a normal trial, where we give you proposed findings? Almost treat it like an adversary because, in effect, it sort of is? Or -- yeah. I think that might help.

THE COURT: We just had a contested involuntary that was disposed of on dispository motions. So I have not had a trial on an involuntary. Why don't you give me the time I need to kind of think about it, too, on the 17th.

MS. LINDAUER: Okay.

THE COURT: Yeah. There was an involuntary case called Williams that it has, actually, some of the same issues that this one has. You all may just want to look at that one. That was tried on motions -- actually, competing motions for summary judgment, as I recall. It was back in March. Now, that helps a little bit. But as far as if we didn't do it on dispository motions, I'd have to just think out loud with you all and come up with an idea. I think it would just be tried like an adversary then. But we can talk about it on the 17th, too.

MS. LINDAUER: Okay. Thank you.

THE COURT: Thank you very much.

MR. PACKMAN: Thank you, Your Honor.

MS. LINDAUER: Thank you, Your Honor.

THE COURT: Nice to have you both with us.

(End of Proceedings.)


EXHIBIT 29

C E R T I F I C A T E

I, CINDY SUMNER, do hereby certify that the foregoing constitutes a full, true, and complete transcription of the proceedings as heretofore set forth in the above-captioned and numbered cause in typewriting before me.

/s/Cindy Sumner

______________________________

CINDY SUMNER, CSR #5832
Expires 10-31-2022
Cindy Sumner, CSR
5001 Vineyard Lane
McKinney, Texas 75070
214 802-7196



EXHIBIT 29