**IN THE UNITED STATES BANKRUPTCY COURT FOR THE NORTHERN DISTRICT OF TEXAS DALLAS DIVISION**

| | |
|---|---|
| In re:<br><br>WALL007 LLC, et al.,[1]<br><br>Alleged Debtors. | Chapter 7<br><br>Case No. 20-31131 (HDH)<br>(Jointly Administered) |

**PETITIONING CREDITORS' OPPOSED MOTION TO APPOINT IDA P. SHAW AS COURT-APPOINTED EXPERT TRANSLATOR/INTERPRETER**

Pursuant to Federal Rules of Evidence Rule 706, Petitioning Creditors Jun Li, Yunding Kang, Cunxiang Ji, Jin Wang, Peng Guo, Lin Zhou, Qu Zhou, Kai Tian, Yijing Wu, Xuegeng Gong, Weijia Kong, Heng Zhang, Hong Guo, Pei Guan, Yue Xu, Mai Ye, Chenchen Jiang, Qiuying Li, Ruinian Wu, Liying Yang, Yan Zhang, Wenjun Wang, Ying Zhou, Lin Li, Li Jiang, Rufeng Ding, Cunxiang Ji, Lin Gao, Qiao Qin, Yue Zhang, Xiaodong Hao, Weisi Wang, Xiaoquan Dai, Feng Yan, Ou Jiang, Jinzhe Wu, Yadan Liu, Wenjuan Yin, Yi Tang, Ying Zhang, Pengfei Dong, Kangying Mao, Qin Chu, Yulan Chen, Sicheng Zhan, Jinqiu Tang, Di Tang, Jun Zeng, Kui Wang, Jun Wang, Xiaomin Fan, Jialin Hu, Jiaxiang Lu, Fuqing Chen, Hanjiang Fu, Aiguo Luo, Fang Ding, Xiangdong Zhu, Wai Ying, Yuan Yuan, Chao Xu, Guoqin Zhou, and Qu Chen ("Petitioning Creditors"), through their undersigned counsel, submit this motion to appoint Ida P. Shaw as a court-appointed expert in the translation/interpretation of testimony to/from Mandarin Chinese/English and would respectfully show the Court as follows:

[1] The Alleged Debtors in this jointly administered case are: WALL007 LLC, WALL009 LLC, WALL010 LLC, WALL011 LLC, WALL012 LLC, WALL016 LLC, and WALL017 LLC ("Alleged Debtors"). Currently, Alleged Debtors' federal tax identification numbers are unknown to Petitioning Creditors.

EXHIBIT 53

## BACKGROUND

On February 23, 2021, the Court is scheduled to conduct an evidentiary hearing on Alleged Debtors' Motion for Recovery of Attorneys' Fees, Costs, and Compensatory and Punitive Damages pursuant to 11 U.S.C. § 303(i) ("Motion for Recovery"). [Doc. No. 313].

As all Texans are aware, on February 14, 2021, Winter Storm Uri wreaked havoc all over Texas resulting in the loss of power, internet, and water to millions of Texans. Petitioning Creditors' counsel and office were hard hit by this disaster and were without power, heat, internet, and water for most of this week. As such, due to the Winter Storm and its effects and fallout, Petitioning Creditors' counsel was unable of making the necessary filings including the instant motion earlier this week as intended. Once power, heat, and internet returned on Friday, February 19, 2021, Petitioning Creditors' counsel reached out to Alleged Debtors' counsel advising that the Winter Storm (and the damages it caused) impacted Petitioning Creditors' counsel ability to prepare for the hearing and asked if a joint agreement to continue the hearing a couple of days could be reached. *See* EMAIL CHAIN BETWEEN PETITIONING CREDITORS' COUNSEL AND ALLEGED DEBTORS' COUNSEL, attached hereto as Ex. "A". Alleged Debtors' counsel's response was callous at best and Alleged Debtors refused to grant what would seem like an obvious act of professional courtesy in the wake of such a catastrophic event which impacted millions of Texans. *Id.* Despite Alleged Debtors' lack of common courtesy, Petitioning Creditors' counsel has scrambled and done everything they can to make up for the lost 4 ½ days this week to get the necessary filings timely accomplished in preparation for the hearing.

Petitioning Creditors' counsel also reached out to Alleged Debtors' counsel regarding the need for a Mandarin translator to translate testimony Petitioning Creditors intend to elicit from non-English Mandarin speaking witnesses Petitioning Creditors have designated as fact witnesses


EXHIBIT 53

for the hearing. *Id.* As such, Petitioning Creditors' counsel disclosed that it had retained Ida Shaw, a well-experienced certified Mandarin-English translator to serve as translator for the witnesses at the hearing and that a motion to appoint Ms. Shaw as translator would be filed as a precaution. *Id.* While Alleged Debtors' counsel did not oppose Ms. Shaw as serving as translator based on Ms. Shaw's qualification and credentials, Alleged Debtors indicated they opposed the instant motion as to the timeliness of the disclosure (which was not the fault of Petitioning Creditors or their counsel given Winter Storm Uri. Moreover, the witness list was timely filed three days before the scheduled hearing date), and the ability of the witnesses to testify remotely (even though everyone is appearing remotely) from outside the United States. *Id.*

As good cause is clearly present to excuse a one-day delay due to the unprecedented circumstance and the fact Alleged Debtors cannot demonstrate any prejudice, Alleged Debtors' objection based on timeliness under the Local Rules rings hollow especially given the fact that Alleged Debtors failed to follow and adhere to the Local Rules when they filed their Motion for Leave for Fees and Damages (Alleged Debtors did not confer and did not put in their motion the requisite Certificate of Conference as Local Rule 7007-1(f) mandates). *Id.*

Alleged Debtors' other basis has nothing to do with the appointment of Ms. Shaw as translator itself, and as such, should be discarded as it pertains to this motion. In short, whether there is a need for Ms. Shaw is a different issue from the one this motion presents. Moreover, given everyone is appearing and testifying remotely, the principals of due process and fundamental fairness dictate that Petitioning Creditors' witnesses be allowed to participate remotely regardless of where they are provided they testify in accordance with the Federal and Local rules. In any event, Petitioning Creditors will address this issue further if necessary in the proper pleading or response.



EXHIBIT 53

In sum, Petitioning Creditors file the instant motion as they intend to offer the testimony of witnesses that will require a Mandarin Chinese/English translator/interpreter because most of them speak little-to-no-English. As such, the need for reliably accurate translation/interpretation of testimony to/from Mandarin Chinese/English is clear.

Accordingly, Petitioning Creditors have retained an expert translator/interpreter. Petitioning Creditors have disclosed and designated Ms. Shaw, who, according to her CV, is (1) licensed to translate and interpret Mandarin Chinese and English; and (2) experienced in translation and interpretation of Mandarin Chinese and English in legal trials, hearings, and depositions. [Dkt. No. 344].

**ARGUMENT**

A motion to have the court appoint an interpreter is appropriate when it is necessary to interpret the testimony of a witness who would otherwise be unable to communicate. *See* FED. R. CIV. P 43(d). The Court Interpreter's Act ("the Act") of 1978, 28 U.S.C. § 1827, requires, in pertinent part, the appointment of an interpreter when the judge, either *sua sponte* or on the motion of a party, determines that the party "speaks only or primarily a language other than the English language." *United States v. Coskun*, 623 F. App'x 663, 666 (5th Cir. 2015) cert. denied, 2016 WL 100737 (U.S. 2016) (quoting 28 U.S.C. § 1827(d)(1)(A)). An interpreter should be appointed when the presiding judicial officer finds that the party's "ability to comprehend the proceedings or communicate with counsel is 'inhibited' by language or hearing problems." *Id.* (quoting *United States v. Perez*, 918 F.2d 488, 490 (5th Cir. 1990)). Stated another way, a party who speaks only or primarily a language other than English such as to inhibit his comprehension of judicial



EXHIBIT 53

proceedings or his communications with his counsel is entitled to have the court appoint for him an interpreter. *Id.*

Most of the witnesses Petitioning Creditors intend to call at the hearing on Alleged Debtors' Motion for Recovery speak little-to-no-English—only Mandarin Chinese. Thus, there is a clear need for a licensed Mandarin Chinese/English translator/interpreter, and since Ms. Shaw is qualified as such, having the Court appoint Ms. Shaw to assist the Court and the Parties by providing accurate, neutral, and reliable translations/interpretations of witness testimony to/from Mandarin Chinese and English will serve the interests of justice and assist in the Court's determination of the matter to be adjudicated at the hearing.

As such, Petitioning Creditors' respectfully request the Court appoint Ms. Shaw as translator/interpreter for which Petitioning Creditors shall bear the burden of expense. It is the understanding of undersigned counsel that Ms. Shaw will be available to serve as a translator/interpreter at the hearing on Alleged Debtors' Motion for Recovery, which is currently set on February 23, 2021.

**CONCLUSION**

Based on the foregoing, Petitioning Creditors respectfully ask the Court to grant this motion and appoint Ms. Shaw as the Chinese Mandarin/English translator/interpreter for Petitioning Creditors witnesses at the hearing on Alleged Debtors' Motion for Recovery. Dated: February 21, 2021



EXHIBIT 53

Respectfully submitted,

**NGUYEN & CHEN LLP**

*/s/ Brian M. Gargano*
Brian M. Gargano
State Bar No. 24102898
bgargano@nguyen-chen.com
Jiangang Ou
State Bar No. 5451133NY
jou@nguyen-chen.com
11200 Westheimer Road, Suite 120
Houston, Texas 77042
Tel: (832) 767-0339
Fax: (832) 767-0669

*Counsel for Petitioning Creditors*

## CERTIFICATE OF CONFERENCE

I certify that on February 20 and 21, 2021, I conferred with Joyce Lindauer, counsel for Alleged Debtors via email, and they oppose Petitioning Creditors' Motion to Appoint Ida P. Shaw as Court-Appointed Expert Translator/Interpreter. I exchanged emails with Ms. Lindauer to reach an agreement, but Ms. Lindauer expressed Alleged Debtors' opposition, namely, that our motion was untimely and that the witnesses should not be allowed testify. We could not reach an agreement; therefore, Petitioning Creditors present this issue to the Court for determination.

Dated: February 21, 2021

*/s/ Brian M. Gargano*
Brian M. Gargano



EXHIBIT 53

**CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the above instrument was served on the date the instrument was electronically filed. Service has been accomplished electronically and/or by first-class mail to the parties listed below.

**Via U.S. Mail**
WALL007, LLC
13901 Midway Road, Suite 102
Dallas, Texas 75244

**Via U.S. Mail**
WALL009, LLC
13901 Midway Road, Suite 102
Dallas, Texas 75244

**Via U.S. Mail**
WALL010, LLC
13901 Midway Road, Suite 102
Dallas, Texas 75244

**Via U.S. Mail**
WALL011, LLC
13901 Midway Road, Suite 102
Dallas, Texas 75244

**Via U.S. Mail**
WALL012, LLC
13901 Midway Road, Suite 102
Dallas, Texas 75244

**Via U.S. Mail**
WALL016, LLC
13901 Midway Road, Suite 102
Dallas, Texas 75244

**Via U.S. Mail**
WALL017, LLC
13901 Midway Road, Suite 102
Dallas, Texas 75244

**Via ECF**
Khudabuksh K. Walji, Esquire
Law Office of K. Walji
10701 Corporate Drive, Suite 350
Stafford, Texas 77477



EXHIBIT 53

**Via ECF**
Robert W. Buchholz, Esquire
bob@attorneybob.com

**Via ECF**
Darrell Wayne Cook, Esquire
dwcook@attorneycook.com
all@attorneycook.com

**Via ECF**
Katherine T. Hopkins, Esquire
katherine.thomas@kellyhart.com

**Via ECF**
Joyce W. Lindauer, Esquire
joyce@joycelindauer.com
dian@joycelindauer.com
gina@joycelindauer.com

**Via ECF**
Steven C. Metzger, Esquire
smetzger@pmklaw.com

**Via ECF**
Michael P. Ridulfo, Esquire
mridulfo@krcl.com
dtrevino@krcl.com
mridulfo@ecf.courtdrive.com

**Via ECF**
Patrick D. Sullivan, Esquire
sullivan@hooverslovacek.com

**Via ECF**
United States Trustee
ustpregion06.da.ecf@usdoj.gov

**Via ECF**
Behrooz P. Vida, Esquire
filings@vidalawfirm.com
legalprokirstin@gmail.com
bkfilings@yahoo.com

Dated: February 21, 2021

/s/ *Brian M. Gargano*
Brian M. Gargano



EXHIBIT 53

**Subject:** RE: Request to continue hearing a couple of days due to storm
**Date:** Sunday, February 21, 2021 at 2:47:58 PM Central Standard Time
**From:** Joyce Lindauer
**To:** Brian Gargano
**CC:** Clerk1, vance@mcmurrylegal.com

Mark us opposed

---

**From:** Brian Gargano <bgargano@nguyen-chen.com>
**Sent:** Sunday, February 21, 2021 2:43 PM
**To:** Joyce Lindauer <joyce@joycelindauer.com>
**Subject:** Re: Request to continue hearing a couple of days due to storm

Joyce,

Your position does not make sense, as there is no deadline we could have missed **since your motion violated the local rules and thus is a nullity**. Moreover, I did not have the capability to meet the deadline earlier given the storm and circumstances. In other words, there is clearly good cause here for "missing" the deadline, and any prejudice is easily remediated by a brief continuance.

I will note that your opposition to the emergency motion for continuance is that we missed the deadline.

Thank you.

**Brian Gargano**
Partner

**Nguyen & Chen, LLP**
11200 Westheimer, Suite 120
Houston, Texas 77042
(832) 767-0339
(832) 767-0669 (fax)
Mobile: (315) 877-4577
bgargano@nguyen-chen.com

---

**From:** Joyce Lindauer <joyce@joycelindauer.com>
**Date:** Sunday, February 21, 2021 at 2:33 PM
**To:** "bgargano@nguyen-chen.com" <bgargano@nguyen-chen.com>
**Subject:** RE: Request to continue hearing a couple of days due to storm

This is not a tit for tat situation
You missed your deadline

---

**From:** Brian Gargano <bgargano@nguyen-chen.com>
**Sent:** Sunday, February 21, 2021 2:27 PM
**To:** Joyce Lindauer <joyce@joycelindauer.com>

EXHIBIT 53

**Subject:** Re: Request to continue hearing a couple of days due to storm

Joyce,

I think it is bit hypocritical for you to say we failed to comply with the Court's local rules when you failed to follow the local rules in filing the instant motion.

LBR 7007-1(f)

MOTION (to/for): B C
AMEND X
CHANGE OF VENUE X X
COMPEL X X
CONSOLIDATION X X
CONTINUANCE X
DISMISS X
EXTEND TIME TO ANSWER X
INTERVENE X X
JUDGMENT AS MATTER OF LAW X X
JUDGMENT ON PLEADINGS X
**LEAVE TO FILE X X**
LIMINE X X
MORE DEFINITE STATEMENT X X
NEW TRIAL X
PRELIMINARY INJUNCTION X X
PRODUCE DOCUMENTS X X
PROTECTIVE ORDER X X
QUASH X X
REINSTATE
REMAND X X
SANCTIONS X X
STAY PENDING APPEAL X X
STRIKE X X
SUBSTITUTE COUNSEL X
SUMMARY JUDGMENT X
WITHDRAW AS ATTY. OF RECORD X
*NOTE: If your motion is not listed above, then a brief and a certificate of conference is required.

**You did not confer with us and you did not put in your motion the required Certificate of Conference.**

So isn't fair that what is good for the goose is good for the gander. So that means your motion is invalid and improperly filed right?

In any event, as I have already explained to you, it was impossible to comply with the deadline due to the storm (no power, now heat, no water in freezing temperatures). This is not about mere inconvenience, this was about survival and an inability to work due to forces beyond our control. Moreover, how are you even prejudiced with our "late" filing? More to the point, even if you could show prejudice, fundamental fairness and due process dictate that the remedy is to continue the hearing for a couple of days to "cure".

Again, I get you are a zealous advocate, but this is about pure decency and professionalism. Are you honestly taking the position with what has happened, with people freezing to death in their homes from this, that it is

EXHIBIT 53

somehow our fault that we had no power, heat, water, and supplies for our families and our office? That would truly be disappointing for an lawyer of your caliber. Nonetheless, if that is who you are and what you stand for so be it.

As such, I have no choice after I file everything to file later today an emergency motion for continuance. I assume you are opposed so please just indicate the reason why to me as soon as possible so I can satisfy the local rules pertaining to the certificate of conference.

-Brian

**Brian Gargano**
Partner

**Nguyen & Chen, LLP**
11200 Westheimer, Suite 120
Houston, Texas 77042
(832) 767-0339
(832) 767-0669 (fax)
Mobile: (315) 877-4577
bgargano@nguyen-chen.com

---

**From:** Joyce Lindauer <joyce@joycelindauer.com>
**Date:** Sunday, February 21, 2021 at 2:00 PM
**To:** "bgargano@nguyen-chen.com" <bgargano@nguyen-chen.com>
**Subject:** RE: Request to continue hearing a couple of days due to storm

LBR 9014-1(C)(2) has 3 day rule
Everything was due Thursday last week

---

**From:** Brian Gargano <bgargano@nguyen-chen.com>
**Sent:** Sunday, February 21, 2021 10:37 AM
**To:** Joyce Lindauer <joyce@joycelindauer.com>
**Subject:** Re: Request to continue hearing a couple of days due to storm

Joyce,

I appreciate your zealous representation of your client, but even that has practical limitations. In any event, given your response, it appears you don't have authority to support your position.

If you do please kindly send to me. Otherwise I will presume you don't.

The reason this is necessary is to ascertain whether I have to make an emergency application for a brief continuance. Thus far I do not see any authority in the federal, local or court rules supporting your position. If I am incorrect, I would greatly appreciate it if you would enlighten me.

Thank you

Brian

Sent from my iPhone

On Feb 21, 2021, at 9:53 AM, Joyce Lindauer <joyce@joycelindauer.com> wrote:

No worries we will file our response
To address your changes issues

Sent from my iPhone

On Feb 21, 2021, at 9:39 AM, Brian Gargano <bgargano@nguyen-chen.com> wrote:

Joyce,

Notwithstanding the impossibility of getting you the list earlier, (remember no power no internet no water) what authority do you have to support your contention the list is late?

Moreover, the hearing is being held via webex so in-person appearance is impossible. Additionally, what authority do you have to support your contention they cannot testify remotely just like Barton is going to do? Remember this is not discovery, but a hearing on your application for fees and bad faith. Apples and oranges. Oh and let's not forget about a little thing called due process.

The court has to treat all people equally when it comes to due process regardless of their national origin. If it doesn't then so be it, that is why there is the appellate process.

Finally, please make sure Barton is readily available for the hearing as I have quite a few questions for him.

I look forward to your response citing applicable authority supporting your contentions.

Thank you.

Sent from my iPhone

EXHIBIT 53

On Feb 21, 2021, at 9:06 AM, Joyce Lindauer <joyce@joycelindauer.com> wrote:

We have greater concerns than translation. The list you filed was late. Also where are your clients going to be when they testify. If they are not here in the U.S. we will object to their appearing to testify from China. They were supposed to come here for depositions and never did. We are not going to let them circumvent the court's orders and now try to appear in a manner which was not previously allowed. Sorry about your family situation but everyone has problems stemming from last week.

---

**From:** Brian Gargano <bgargano@nguyen-chen.com>
**Sent:** Saturday, February 20, 2021 10:32 PM
**To:** Joyce Lindauer <joyce@joycelindauer.com>; vance@mcmurrylegal.com
**Cc:** jou nguyen-chen.com <jou@nguyen-chen.com>; Dian Gwinnup <dian@joycelindauer.com>; Steven Metzger <smetzger@pmklaw.com>; Tim Barton <tbarton@jmjdevelopment.com>; Khudabuksh K. Walji Esq. <k.walji@waljilaw.com>; larry.martin1948@gmail.com
**Subject:** Re: Request to continue hearing a couple of days due to storm
**Importance:** High

Joyce,

Respectfully, the issues and circumstances I have experienced are not equal to yours. For example, I have four young children, one of them who will turn 1-year-old on Feb 23. I do not know how it is in your neck of the woods but in mine, in addition to addressing damage caused by this disaster, essentials like bottled water, milk, ect, are nowhere to found. As such, I am doing all that I can to take care of my family as well as honor my duties as an officer of the court.

In any event, given your client's position (which I think is a bit harsh considering the circumstances) all I can do is my best to make up for the lost week we all just had. As you know, I filed our witness list today and most of the witnesses will require a Mandarin translator given they speak little to any English. To that end, we have procured Mandarin translator Ida Shaw- https://chinesetranslationteam.com/about/ida-shaw/ https://www.linkedin.com/in/ida-shaw-511b3212/ to serve as the translator for these witnesses at the hearing.

I will provide formal disclosure and the designation of her as an expert (along with her CV) to you sometime tomorrow.

Additionally, as a precaution, I will also file tomorrow a motion asking the Court to appoint Ms. Shaw as the Mandarin translator for the hearing which my clients will solely bear the cost for.

Please let me know your position on this motion by 2:00 pm tomorrow.

Thank you.

Respectfully,

**Brian Gargano**
Partner

**Nguyen & Chen, LLP**
11200 Westheimer, Suite 120
Houston, Texas 77042
(832) 767-0339
(832) 767-0669 (fax)
Mobile: (315) 877-4577
bgargano@nguyen-chen.com

**CONFIDENTIALITY NOTICE:** The information in this electronic message may be privileged and confidential and is intended for the use of the individual or entity named above. If you are not the intended recipient, you are on notice that any unauthorized disclosure, copying, distribution, or taking of any action in reliance on the contents of this message is prohibited.

---

**From:** Joyce Lindauer <joyce@joycelindauer.com>
**Date:** Friday, February 19, 2021 at 1:00 PM
**To:** "bgargano@nguyen-chen.com" <bgargano@nguyen-chen.com>, "vance@mcmurrylegal.com" <vance@mcmurrylegal.com>
**Cc:** N&C-Jiangang OU <jou@nguyen-chen.com>, Dian Gwinnup <dian@joycelindauer.com>, Steven Metzger <smetzger@pmklaw.com>, Tim Barton <tbarton@jmjdevelopment.com>, "Khudabuksh K. Walji Esq." <k.walji@waljilaw.com>, "larry.martin1948@gmail.com" <larry.martin1948@gmail.com>
**Subject:** RE: Request to continue hearing a couple of days due to storm

Hearing is Tuesday – we have all experienced the same issues
My client is not agreeable to moving the hearing

**PLEASE NOTE OUR NEW ADDRESS IN DOWNTOWN DALLAS**

<image001.png>

*Joyce Lindauer*

EXHIBIT 53

Joyce W. Lindauer Attorney, PLLC
1412 Main Street
Suite 500
Dallas, TX 75202
PH 972-503-4033
FAX 972-503-4034
CEL 214-957-8039

---

**From:** Brian Gargano <bgargano@nguyen-chen.com>
**Sent:** Friday, February 19, 2021 12:51 PM
**To:** Joyce Lindauer <joyce@joycelindauer.com>
**Cc:** jou nguyen-chen.com <jou@nguyen-chen.com>; Dian Gwinnup <dian@joycelindauer.com>
**Subject:** Request to continue hearing a couple of days due to storm
**Importance:** High

Joyce,

I hope you, your firm and your family are staying safe and warm.

As you know, our great state of Texas was just ravaged by this winter storm.

In the Houston area, my firm, James and I were without power, water, and internet until recently.

In addition, the storm and outage caused extensive damage to our homes.

As a result, this has impacted our ability to prepare for the hearing on Monday.

Accordingly, I propose we continue the hearing to next Thursday (Feb 25) at the same time.

Please let me know your thoughts.

Thank you.

**Brian Gargano**
Partner

**Nguyen & Chen, LLP**
11200 Westheimer, Suite 120
Houston, Texas 77042
(832) 767-0339
(832) 767-0669 (fax)
Mobile: (315) 877-4577
bgargano@nguyen-chen.com

EXHIBIT 53

EXHIBIT 53