**From:** **jou nguyen-chen.com** jou@nguyen-chen.com
**Subject:** Re: Wall
**Date:** July 29, 2020 at 8:22 AM
**To:** Joyce Lindauer joyce@joycelindauer.com
**Cc:** Stephen Packman spackman@archerlaw.com, Jorge Garcia jgarcia@archerlaw.com

Joyce,

Here is the first supplemental production: https://www.dropbox.com/sh/rksqb7dd8xcvgx6/AABTGS0J4DTs6Wma3P2yHqz_a?dl=0

Please let me know immediately should you have any problem in viewing or downloading same.

Jiangang "James" Ou
Attorney at Law

Nguyen & Chen, LLP
11200 Westheimer Suite 120
Houston, Texas 77042
(832)767-0339
(832)767-0669 (fax)
jou@nguyen-chen.com

CONFIDENTIALITY NOTICE: The information in this electronic message may be privileged and confidential and is intended for the use of the individual or entity named above. If you are not the intended recipient, you are on notice that any unauthorized disclosure, copying, distribution, or taking of any action in reliance on the contents of this message is prohibited.

> On Jul 13, 2020, at 5:34 PM, jou nguyen-chen.com <jou@nguyen-chen.com> wrote:
>
> Joyce,
>
> Please click the below DropBox web link and download the documents in response to the Alleged Debtors's Request for Production of Documents, which are being produced on rolling basis.
>
> https://www.dropbox.com/sh/fqufz9ttkn8r9aj/AACJVRqYWzZvyYxxvUiiIWJ8a?dl=0
>
> Jiangang "James" Ou
> Attorney at Law
>
> Nguyen & Chen, LLP
> 11200 Westheimer Suite 120
> Houston, Texas 77042
> (832)767-0339
> (832)767-0669 (fax)
> jou@nguyen-chen.com
>
> CONFIDENTIALITY NOTICE: The information in this electronic message may be privileged and confidential and is intended for the use of the individual or entity named above. If you are not the intended recipient, you are on notice that any unauthorized disclosure, copying, distribution, or taking of any action in reliance on the contents of this message is prohibited.
>
>> On Jul 11, 2020, at 1:32 PM, Packman, Stephen <spackman@archerlaw.com> wrote:
>>
>> Joyce:
>>
>> Per our call yesterday, we will look over the alleged debtors' discovery responses again and advise what objections we have to those responses. If we cannot resolve those issues early next week, we will ask the Court to intervene. We categorically disagree with your statement yesterday during our call that the alleged debtors' financial records are irrelevant to these proceedings. Based upon defenses asserted by the alleged debtors those document are highly relevant. If the alleged debtors have no corporate or financial records, then that needs to be stated in your responses. We find that hard to believe since the alleged debtors have asserted in this litigation that

> > the alleged debtors are in fact bona fide separate companies with assets and liabilities. Perhaps that is not the case?
> >
> > James will begin production of documents to you by Petitioning Creditors on a rolling basis on Monday.
> >
> > If you wish to convey any settlement offers, please convey them to me and James in writing.
> >
> > Thanks.

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| In re: | Chapter 7 |
| WALL007 LLC, *et al.*,[1] | Case No. 20-31131 (HDH) |
| Alleged Debtor. | |

**PETITIONING CREDITOR PEI GUAN'S RESPONSES AND ANSWERS TO ALLEGED DEBTOR WALL009 LLC'S FIRST SET OF DISCOVERY REQUESTS**

TO: Joyce W. Lindaeuer, Esquire
Jeffrey M. Veteto, Esquire
Guy H. Holman, Esquire
Joyce W. Lindauer Attorney, PLLC
1412 Main Street, Suite 500
Dallas, Texas 75202
*Attorneys for Alleged Debtors*

Petitioning Creditor, Pei Guan("Petitioning Creditor"), by its undersigned counsel, hereby answers and objects to the First Set of Request for Production of Documents, First Set of Interrogatories, and First Set of Request for Admissions (collectively, the "Discovery Requests") of Alleged Debtor WALL009, LLC (the "Alleged Debtor").

Petitioning Creditor provides the following answers ("Answer" or "Answers"), responses ("Response" or "Responses") and objections ("Objections" or "Objections") without conceding the relevance or materiality of any Interrogatory, Request, Answer, Response or document produced pursuant thereto, and without waiving its right to object to the admissibility into evidence of any matter disclosed herein or of any documents or other tangible thing in any proceeding now pending or commencing in the future.

1 The Alleged Debtors in these cases are: WALL007 LLC, WALL009 LLC, WALL010 LLC, WALL011 LLC, WALL012 LLC, WALL016 LLC, WALL017 LLC. The Alleged Debtors' federal tax identification numbers are unknown to the Petitioning Creditors at this time.

Petitioning Creditor reserves the right to amend, supplement or modify the Answers, Responses and Objections set forth herein at any time prior to trial of this matter. The Answers and Responses provided herein are subject to the following "General Objections."

Dated: July 5, 2020

*/s/ Jiangang Ou*
Jiangang Ou
Nguyen & Chen LLP
11200 Westheimer Road Suite 120
Houston, TX 77042
(832) 767-0339
Fax : (832) 767-0669
Email: jou@nguyen-chen.com

*/s/ Stephen M. Packman*
Stephen M. Packman
Archer & Greiner, P.C.
Three Logan Square
1717 Arch St., Suite 3500
Philadelphia, PA 19103
215-246-3147
Email: spackman@archerlaw.com

*Counsel for the Petitioning Creditors*

**GENERAL OBJECTIONS**

1. Petitioning Creditor objects to each Discovery Request insofar as it seeks information irrelevant to the issues in this case and is not reasonably calculated to lead to the discovery of admissible evidence. This Objection will be referred to hereinafter as the "Relevancy Objection."

2. Petitioning Creditor objects to each Discovery Request that seeks a disclosure of information which is subject to the attorney/client privilege, or any other applicable privilege. This Objection will be referred to hereinafter as the "Attorney/Client Privilege Objection."

3. Petitioning Creditor objects to each Discovery Requests that seeks the disclosure of private, personal information in violation of federal United States law, state law, and/or Chinese law. This Objection will be referred to hereinafter as the "Confidentiality Objection."

4. Petitioning Creditor objects to each Discovery Request that seeks a disclosure of information which is attorney work product generated in connection with this or any other litigation. This Objection will be referred to hereinafter as the "Work Product Objection."

5. Petitioning Creditor objects to each Discovery Request to the extent that it requires Petitioning Creditor to obtain information generated by persons over whom Petitioning Creditor have no control on the ground that said Discovery Request exceeds the permissible scope of discovery. This Objection will be referred to hereinafter as the "Absence of Control Objection."

6. Petitioning Creditor objects to each Discovery Request to the extent that it calls for information which would impose upon Petitioning Creditor a vexatious and undue burden on the ground that such a Discovery Request is oppressive and is made with the intent to harass Petitioning Creditor. This Objection will be referred to hereinafter as the "Undue Burden Objection."

7. Petitioning Creditor objects to each Discovery Request to the extent that it is vague, ambiguous, overbroad or otherwise lacks sufficient precision to permit an Answer or Response. This Objection will be referred to hereinafter as the "Ambiguity Objection."

8. Petitioning Creditor objects to each Discovery Request to the extent that it seeks information regarding events occurring prior to the time frame alleged in the claim filed herein in that such an Interrogatory and Document Request is overbroad, irrelevant to the subject matter of this action, and not reasonably calculated to lead to the discovery of admissible evidence. This Objection will be referred to hereinafter as the "Time Frame Objection."

9. Petitioning Creditor objects to any Discovery Request which calls for a legal conclusion. This Objection will be referred to hereinafter as the "Legal Conclusion Objection."

10. Insofar as any Discovery Request seeks information that falls within the scope of one or more of the foregoing General Objections, the same may be specifically noted below by reference to the applicable General Objection. Such specification of particular General Objections is not a waiver of those General Objections not so specified with respect to any Answer to said Discovery Request. Petitioning Creditor incorporate by reference the Definitions set forth in the Discovery Request for ease of reference herein and for no other purpose.

11. Petitioning Creditor objects to every Discovery Requests and to every introductory "definition" or "instruction," to the extent they seek to impose obligations beyond those required by the Federal Rules of Civil Procedure and/or Federal Rules of Bankruptcy Procedure, as reasonably interpreted and supplemented by local court rules.

12. Insofar as any Discovery Requests seeks information that falls within the scope of one or more of the foregoing General Objections, the same may be specifically noted below by reference to the applicable General Objection. Such specification of particular General

Objections is not a waiver of those General Objections not so specified with respect to any Response to said Request. The Petitioning Creditor incorporates by reference the Definitions set forth in the Discovery Requests for ease of reference herein and for no other purpose.

## RESPONSES TO FIRST REQUEST FOR PRODUCTION

**REQUEST NO. 1:** True and correct copies of any and all Written Agreements between You and the Alleged Debtor under which You agreed to loan (not invest) any funds to the Alleged Debtor.

**RESPONSE:** Petitioning Creditor asserts the Ambiguity and Legal Conclusion Objections. Subject to the foregoing objections, and expressly without waiver of same, see documents produced.

**REQUEST NO. 2:** True and correct copies of any and all Written Agreements between You, or any Agent working on Your behalf, and the Alleged Debtor including its Related Persons under which You agreed to invest (not loan) any funds with the Alleged Debtor.

**RESPONSE:** Petitioning Creditor asserts the Ambiguity and Legal Conclusion Objections. Subject to the foregoing objections, and expressly without waiver of same, see documents produced.

**REQUEST NO. 3:** True and correct copies of any and all Written Agreements, between You and any third-party, including but not limited to any of the Fu Parties, Remitter, or Agent related to funding the loan to the Alleged Debtor, including but not limited to any agreement by You to borrow money from a third-party to fund the loan and any commission or fee agreements related to the loan.

**RESPONSE:** Petitioning Creditor asserts the Ambiguity and Legal Conclusion Objections. Subject to the foregoing objections, and expressly without waiver of same, see documents produced.

**REQUEST NO. 4:** True and correct copies of any and all promissory notes evidencing any loan by You to the Alleged Debtor that the Alleged Debtor is the maker of and has executed to the order of You or to which You are the named beneficiary.

**RESPONSE:** Petitioning Creditor asserts the Ambiguity and Legal Conclusion Objections. Subject to the foregoing objections, and expressly without waiver of same, see documents produced.

**REQUEST NO. 5:** True and correct copies of any and all security instruments for any Loan by You to the Alleged Debtor including any pledge agreements and guaranties.

**RESPONSE:** See documents produced.

**REQUEST NO. 6:** True and correct copies of any and all Written Agreements between You and the Alleged Debtor not otherwise produced in response to any other Request.

**RESPONSE:** See documents produced.

**REQUEST NO. 7:** True and correct copies of any and all:

(a) Written Agreements or understandings between You and any of the Fu Parties,

(b) Written Correspondence and Documents

(i) sent by You to any of the Fu Parties,

(ii) sent by any of the Fu Parties to You,

(iii) sent by the Fu Parties to any Third Party including any Remitter or Agent upon which You were copied, or

(iv) sent by You to any Third Party including any of Remitter or Agent upon which the any of the Fu Parties were copied.

**RESPONSE:** See documents produced.

**REQUEST NO. 8:** True and correct copies of any and all (a) Written Agreements or understandings between You and any Remitters, (b) Written Correspondence and Documents (i) sent by You to any Remitter, (ii) sent by the Remitter to You, (iii) sent by the Remitter to any Third Party including any of the Fu Parties upon which You were copied, or (iv) sent by You to any Third Party including any of the Fu Parties upon which the Remitter was copied.

**RESPONSE:** See documents produced.

**REQUEST NO. 9:** True and correct copies of any and all Written Documents and Written Correspondence supporting Your contention that You delivered money to the Alleged Debtor to fund the Loan Agreement including but not limited to wire confirmations, bank statements, confirmation emails, and receipts.

**RESPONSE:** See documents produced.

**REQUEST NO. 10:** True and correct copies of any and all Written Documents (including any Written Correspondence such Documents were attached to or enclosed with) including any prospectuses, brochures, letters, or informational materials You have received, obtained, or been given access to related to the Alleged Debtor including its Related Persons and projects from any of the Fu Parties, any Third Parties, or the Alleged Debtor including its Related Persons.

**RESPONSE:** See documents produced.

**REQUEST NO. 11:** True and correct copies of any and all Written Communications along with any attached or enclosed Document to such communications between You and the Alleged Debtor and its Related Persons.

**RESPONSE:** See documents produced.

**REQUEST NO. 12:** True and correct copies of any and all Written Communications including any enclosed or attached Documents to such communications between any Third Person, including any of the Fu Parties, acting on Your behalf and the Alleged Debtor including its Related Persons related to the Loan Agreement.

**RESPONSE:** See documents produced.

**REQUEST NO. 13:** True and correct copies of any and all Written Communications including any enclosed or attached Documents to such communications including confirmation of receipt asserting any monetary default of the Loan Agreement made by You to the Alleged Debtor including its Related Persons along with any subsequent or follow up Written Communications related thereto sent by You to the Alleged Debtor or its Related Persons or sent by the Alleged Debtor or its Related Persons to You.

**RESPONSE:** Petitioning Creditor asserts the Ambiguity and Legal Conclusion Objections. Subject to the foregoing objections, and expressly without waiver of same, see documents produced.

**REQUEST NO. 14:** True and correct copies of any and all Written Communications including any enclosed or attached Documents including confirmation of receipt asserting any monetary default of the Loan Agreement made on Your behalf by any Third Party including by any of the Fu Parties or any attorney to the Alleged Debtor along with any subsequent or follow up Written Communications related thereto sent by You to the Alleged Debtor or its Related Persons or sent by the Alleged Debtor or its Related Persons to You.

**RESPONSE:** Petitioning Creditor asserts the Ambiguity and Legal Conclusion Objections. Subject to the foregoing objections, and expressly without waiver of same, see documents produced.

**REQUEST NO. 15:** True and correct copies of any and all Written Communications including any enclosed or attached Documents sent by You to the Alleged Debtor or its Related Persons including confirmation of receipt asserting a non-monetary default of the Loan Agreement or failure by the Alleged Debtor to provide accountings, progress reports, or other required information or along with any subsequent and follow up Written Communications or Written Documents related thereto sent by You or on Your behalf to the Alleged Debtor or its Related Persons or sent by the Alleged Debtor or its Related Persons to You or to a Third Party on Your behalf.

**RESPONSE:** Petitioning Creditor asserts the Ambiguity and Legal Conclusion Objections. Subject to the foregoing objections, and expressly without waiver of same, see documents produced.

**REQUEST NO. 16:** True and correct copies of any and all Written Communications including any enclosed or attached Documents including confirmation of receipt sent on Your behalf by any Third Party including any of the Fu Parties or by Your attorney to the Alleged Debtor or its Related Persons asserting a non-monetary default of the Loan Agreement or failure by the Alleged Debtor to provide accountings, progress reports, or other required information or along with any subsequent and follow up Written Communications or Written Documents related thereto sent by You or on Your behalf to the Alleged Debtor or its Related Persons or sent by the Alleged Debtor or its Related Persons to You or to a Third Party on Your behalf.

**RESPONSE:** Petitioning Creditor asserts the Ambiguity and Legal Conclusion Objections. Subject to the foregoing objections, and expressly without waiver of same, see documents produced.

**REQUEST NO. 17:** True and correct copies of any and all Written Communications between You and any of the Fu Parties or between any Third Parties which involved the Fu Parties to which You were copied alleging or discussing any default of the Loan Agreement or issues or concerns with the Loan Agreement.

**RESPONSE:** See documents produced.

**REQUEST NO. 18:** True and correct copies of any and all Written Communications between You and any Other Lenders, Remitters, Fu Parties, Agents, or other Third Parties or between any of the foregoing that You were copied on discussing the Loan Agreement, the Alleged Debtor or is Related Persons, the business or projects of the Alleged Debtor or its Related Persons including but not limited to Loan Agreements and any alleged default, remedy, proposed strategy, recommendations, or other information.

**RESPONSE:** See documents produced.

**REQUEST NO. 19:** True and correct copies of any and all Written Communications and Written Documents exchanged between You (including where You may have only been copied) and any of the Fu Parties, any Remitter, any Agent, Other Lenders, or any Third Party alleging or discussing any potential settlement, remedy, results, conduct, course of action, strategy, or modification related to the Loan Agreement or any alleged default of the Loan Agreement.

**RESPONSE:** See documents produced.

**REQUEST NO. 20:** True and correct copies of any and all Written Communications between You and Michael Fu related to the Alleged Debtor, any Related Person to the Alleged Debtor, any project of the Alleged Debtor or its Related Persons, or the business of the Alleged Debtor or its Related Persons.

**RESPONSE:** See documents produced.

**REQUEST NO. 21:** True and correct copies of any and all Written Communications between You and any of the Fu Parties besides Michael Fu related to the Alleged Debtor, any Related Person to the Alleged Debtor, any project of the Alleged Debtor or its Related Persons, or the business of the Alleged Debtor or its Related Persons.

**RESPONSE:** See documents produced.

**REQUEST NO. 22:** True and correct copies of any and all Written Communications between You and any Third Person where any of the Fu Parties were copied or received a copy including but not limited to by electronic mail.

**RESPONSE:** See documents produced.

**REQUEST NO. 23:** True and correct copies of any and all Documents supporting Your contention, if made, that none of the Fu Parties are Your Agent.

**RESPONSE:** Petitioning Creditor asserts the Ambiguity and Legal Conclusion Objections. Subject to the foregoing objections, and expressly without waiver of same, see documents produced.

**REQUEST NO. 24:** True and correct copies of any and all Written Documents supporting Your contention, if made, that You terminated an agency relationship between You any of the Fu Parties.

**RESPONSE:** Petitioning Creditor asserts the Ambiguity and Legal Conclusion Objections. Subject to the foregoing objections, and expressly without waiver of same, see documents produced.

**REQUEST NO. 25:** True and correct copies of any and all invoices tendered on You by Your counsel of record for fees and expenses incurred in relation to this Involuntary Case with any attorney-client privileged information redacted whether or not such fees have been paid or will be paid by You or any Third Party.

**RESPONSE:** Petitioning Creditor asserts the Relevancy, Ambiguity, Confidentiality, and Legal Conclusion Objections. The documents sought are entirely irrelevant to the claims and defenses raised in this Case and are not reasonably calculated to lead to the discovery of admissible evidence. Therefore, the Petitioning Creditor will maintain a privilege log and will not respond further to this Request.

**REQUEST NO. 26:** True and correct copies of any and all Written Agreements between You and any other Petitioning Creditor, Other Lender, or Remitter related to the pursuit of this Involuntary Case.

**RESPONSE:** Petitioning Creditor asserts the Relevancy Objection. The documents sought are entirely irrelevant to the claims and defenses raised in this Case and are not reasonably calculated to lead to the discovery of admissible evidence. Subject to the foregoing objection, and expressly without waiver of same, see documents produced.

**REQUEST NO. 27:** True and correct copies of any and all Written Agreements and Written Correspondence between You and any of the Fu Parties related to the pursuit of this Involuntary Case.

**RESPONSE:** Petitioning Creditor asserts the Relevancy Objection. The documents sought are entirely irrelevant to the claims and defenses raised in this Case and are not reasonably calculated to lead to the discovery of admissible evidence. Subject to the foregoing objection, and expressly without waiver of same, see documents produced.

**REQUEST NO. 28:** True and correct copies of any and all Documents supporting Your contention, if made, that You served a summons and copy of the Involuntary Petition on the Alleged Debtor.

**RESPONSE:** Petitioning Creditor asserts the Relevancy, Ambiguity, and Legal Conclusion Objections. The documents sought are entirely irrelevant to the claims and defenses raised in this Case and are not reasonably calculated to lead to the discovery of admissible evidence. Subject to the foregoing objections, and expressly without waiver of same, see documents produced.

**REQUEST NO. 29:** True and correct copies of any and all Documents supporting Your contention, if made, that You served any other pleadings or notices on the Alleged Debtor after the filing of the Involuntary Case, including without limitation (i) FedEx documentation; and (ii) copies of postmarked envelopes.

**RESPONSE:** Petitioning Creditor asserts the Relevancy, Ambiguity, Undue Burden, and Legal Conclusion Objections. The documents sought are entirely irrelevant to the claims and defenses raised in this Case and are not reasonably calculated to lead to the discovery of admissible evidence. Subject to the foregoing objections, and expressly without waiver of same, see documents produced.

**REQUEST NO. 30:** True and correct copies of any and all Documents showing that You physically signed the Involuntary Petition with a Wet Signature and delivered a copy to Your counsel of record in addition to or instead of utilizing any E-Signature Provider.

**RESPONSE:** See documents produced.

**REQUEST NO. 31:** True and correct copies of any and all Documents, Written Correspondence, and other information provided to You related to this Involuntary Case by any of the Fu Parties, any Agent, or any Third Person (excluding any attorney which represents You) including the identity of the Person who provided such information and if already provided in response to another Request, identify such Request number.

**RESPONSE:** Petitioning Creditor asserts the Relevancy, Ambiguity, Undue Burden, Confidentiality and Legal Conclusion Objections. The documents sought are entirely irrelevant to the claims and defenses raised in this Case and are not reasonably calculated to lead to the discovery of admissible evidence. Subject to the foregoing objections, and expressly without waiver of same, see documents produced.

**REQUEST NO. 31:** True and correct copies of any and all Written Communications and any enclosed or attached Documents between You or any Other Lender (including, for this Request, a lender to the Alleged Debtor or to any Related Person of the Alleged Debtor under a loan not related to the Loan Agreement) or between Other Lenders or between any Fu Parties and Other Lenders in which You were copied that contains any information pertaining to the business or projects of the Alleged Debtor or its Related Persons or describes or pertains to the terms in any other loan, investment, or agreement in which You are not a party to.

**RESPONSE:** Petitioning Creditor asserts the Relevancy, Ambiguity, Undue Burden, Confidentiality and Legal Conclusion Objections. The documents sought are entirely irrelevant to the claims and defenses raised in this Case and are not reasonably calculated to lead to the discovery of admissible evidence. Subject to the foregoing objections, and expressly without waiver of same, see documents produced.

**REQUEST NO. 32:** True and correct copies of any and all Written Communications and any enclosed or attached Documents between any Third Person (including any of the Fu Parties) acting on Your behalf and the Alleged Debtor including its Related Persons not otherwise produced in response to any other Request.

**RESPONSE:** Petitioning Creditor asserts the Relevancy, Ambiguity, Undue Burden, Confidentiality and Legal Conclusion Objections. The documents sought are entirely irrelevant to the claims and defenses raised in this Case and are not reasonably calculated to lead to the discovery of admissible evidence. Subject to the foregoing objections, and expressly without waiver of same, see documents produced.

**REQUEST NO. 33:** True and correct copies of any and all any Written Agreements and Documents which has an E-Signature with Your name including where such E-Signature was affixed by You or by a Third Party upon Your behalf including (a) the Involuntary Petition and any affidavit, statement, or other Document related thereto; (b) the Loan Agreement including any related notice, demand, request, modification, termination; (c) any other Written Document or Written Agreement with any of the Fu Parties, Agent, Other Lenders, or other Third Party related to the Loan Agreement, along with the (i) name of E-Signature Provider, (ii) the user ID for E-Signature Provider account, (iii) the name on the E-Signature Provider account that was used, (iv) the account ID number or similar number for the account; (v) the authentication, tracking, confirmation, or similar unique number associated with such Document as generated by the E-Signature Provider including as provided upon execution, delivery, or receipt; (vi) a printed screen capture or printed copy of the history and/or past activity of the Document including, to the extent available, the (v) date completed or executed, (w) the Person and their email address who sent You the Document, (x) the Person and their email address who received the Document, (y) any Person who was copied on the delivery or receipt of the Document; and (z) the dates of the foregoing; and (vii) a copy of the certificate of completion or similar certificate or authentication document provided by the E-Service Provider for the Document.

**RESPONSE:** Petitioning Creditor asserts the Relevancy, Ambiguity, Undue Burden, Confidentiality and Legal Conclusion Objections. The documents sought are entirely irrelevant to the claims and defenses raised in this Case and are not reasonably calculated to lead to the discovery of admissible evidence. Subject to the foregoing objections, and expressly without waiver of same, see documents produced.

**REQUEST NO. 34:** True and correct copies of any and all United States Certificate of Naturalization issued to You.

**RESPONSE:** Petitioning Creditor asserts the Relevancy, Undue Burden, and Confidentiality Objections. The documents sought are entirely irrelevant to the claims and defenses raised in this Case and are not reasonably calculated to lead to the discovery of admissible evidence. Therefore, the Petitioning Creditor will not respond further to this Request.

**REQUEST NO. 35:** True and correct copies of any and all United States residency card issued to You.

**RESPONSE:** Petitioning Creditor asserts the Relevancy, Undue Burden, and Confidentiality Objections. The documents sought are entirely irrelevant to the claims and defenses raised in this Case and are not reasonably calculated to lead to the discovery of admissible evidence. Therefore, the Petitioning Creditor will not respond further to this Request.

**REQUEST NO. 36:** True and correct copies of any and all passports issued to You by any country and any United States visas issued to You.

**RESPONSE:** Petitioning Creditor asserts the Relevancy, Undue Burden, and Confidentiality Objections. The documents sought are entirely irrelevant to the claims and defenses raised in this Case and are not reasonably calculated to lead to the discovery of admissible evidence. Therefore, the Petitioning Creditor will not respond further to this Request.

**REQUEST NO. 37:** True and correct copies of any tax identification number issued to You by the Internal Revenue Service of the United States,

**RESPONSE:** Petitioning Creditor asserts the Relevancy, Undue Burden, and Confidentiality Objections. The documents sought are entirely irrelevant to the claims and defenses raised in this Case and are not reasonably calculated to lead to the discovery of admissible evidence. Therefore, the Petitioning Creditor will not respond further to this Request.

**REQUEST NO. 38:** True and correct copies of any and all other United States identification card or paper issued to You by the United States, including by an applicable state government of the United States, including without limitation any driver's licenses, social security cards, or tax identification form.

**RESPONSE:** Petitioning Creditor asserts the Relevancy, Undue Burden, and Confidentiality Objections. The documents sought are entirely irrelevant to the claims and defenses raised in this Case and are not reasonably calculated to lead to the discovery of admissible evidence. Therefore, the Petitioning Creditor will not respond further to this Request.

**REQUEST NO. 39:** True and correct copies of any and all Documents containing personal identification information that You provided to the Alleged Debtor prior to the Date of the Involuntary Petition.

**RESPONSE:** Petitioning Creditor asserts the Relevancy, Undue Burden, and Confidentiality Objections. The documents sought are entirely irrelevant to the claims and defenses raised in this Case and are not reasonably calculated to lead to the discovery of admissible evidence. Therefore, the Petitioning Creditor will not respond further to this Request.

**REQUEST NO. 40:** True and correct copies of any and all Documents containing personal identification information that You provided to any of the Fu Parties prior to the Date of the Involuntary Petition.

**RESPONSE:** Petitioning Creditor asserts the Relevancy, Undue Burden, and Confidentiality Objections. The documents sought are entirely irrelevant to the claims and defenses raised in this Case and are not reasonably calculated to lead to the discovery of admissible evidence. Therefore, the Petitioning Creditor will not respond further to this Request.

**REQUEST NO. 41:** True and correct copies of any Written Agreements, Written Correspondence, or Documents referenced in or related to the responses provided by You in response to Interrogatory No. 1 which have not been provided in response to any other Request.

**RESPONSE:** Petitioning Creditor asserts the Undue Burden Objection. The documents sought were produced in the Petitioning Creditor's response to Interrogatory No. 1. Subject to the foregoing objection, and expressly without waiver of same, see documents produced.

**REQUEST NO. 42:** True and correct copies of any Written Agreements, Written Correspondence, or Documents referenced in or related to the responses provided by You in response to Interrogatory No. 2 which have not been provided in response to any other Request.

**RESPONSE:** Petitioning Creditor asserts the Undue Burden Objection. The documents sought were produced in the Petitioning Creditor's response to Interrogatory No. 2. Subject to the foregoing objection, and expressly without waiver of same, see documents produced.

**REQUEST NO. 43:** True and correct copies of any Written Agreements, Written Correspondence, or Documents referenced in or related to the responses provided by You in response to Interrogatory No. 3 which have not been provided in response to any other Request.

**RESPONSE:** Petitioning Creditor asserts the Undue Burden Objection. The documents sought were produced in the Petitioning Creditor's response to Interrogatory No. 3. Subject to the foregoing objection, and expressly without waiver of same, see documents produced.

**REQUEST NO. 44:** True and correct copies of any Written Agreements, Written Correspondence, or Documents referenced in or related to the responses provided by You in response to Interrogatory No. 4 which have not been provided in response to any other Request.

**RESPONSE:** Petitioning Creditor asserts the Undue Burden Objection. The documents sought were produced in the Petitioning Creditor's response to Interrogatory No. 4. Subject to the foregoing objection, and expressly without waiver of same, see documents produced.

**REQUEST NO. 45:** True and correct copies of any Written Agreements, Written Correspondence, or Documents referenced in or related to the responses provided by You in response to Interrogatory No. 5 which have not been provided in response to any other Request.

**RESPONSE:** Petitioning Creditor asserts the Undue Burden Objection. The documents sought were produced in the Petitioning Creditor's response to Interrogatory No. 5. Subject to the foregoing objection, and expressly without waiver of same, see documents produced.

**REQUEST NO. 46:** True and correct copies of any Written Agreements, Written Correspondence, or Documents referenced in or related to the responses provided by You in response to Interrogatory No. 6 which have not been provided in response to any other Request.

**RESPONSE:** Petitioning Creditor asserts the Undue Burden Objection. The documents sought were produced in the Petitioning Creditor's response to Interrogatory No. 6. Subject to the foregoing objection, and expressly without waiver of same, see documents produced.

**REQUEST NO. 47:** True and correct copies of any Written Agreements, Written Correspondence, or Documents referenced in or related to the responses provided by You in response to Interrogatory No. 7 which have not been provided in response to any other Request.

**RESPONSE:** Petitioning Creditor asserts the Undue Burden Objection. The documents sought were produced in the Petitioning Creditor's response to Interrogatory No. 7. Subject to the foregoing objection, and expressly without waiver of same, see documents produced.

**REQUEST NO. 48:** True and correct copies of any Written Agreements, Written Correspondence, or Documents referenced in or related to the responses provided by You in response to Interrogatory No. 8 which have not been provided in response to any other Request.

**RESPONSE:** Petitioning Creditor asserts the Undue Burden Objection. The documents sought were produced in the Petitioning Creditor's response to Interrogatory No. 8. Subject to the foregoing objection, and expressly without waiver of same, see documents produced.

**REQUEST NO. 49:** True and correct copies of any Written Agreements, Written Correspondence, or Documents referenced in or related to the responses provided by You in response to Interrogatory No. 9 which have not been provided in response to any other Request.

**RESPONSE:** Petitioning Creditor asserts the Undue Burden Objection. The documents sought were produced in the Petitioning Creditor's response to Interrogatory No. 9. Subject to the foregoing objection, and expressly without waiver of same, see documents produced.

**REQUEST NO. 50:** True and correct copies of any Written Agreements, Written Correspondence, or Documents referenced in or related to the responses provided by You in response to Interrogatory No. 10 which have not been provided in response to any other Request.

**RESPONSE:** Petitioning Creditor asserts the Undue Burden Objection. The documents sought were produced in the Petitioning Creditor's response to Interrogatory No. 10. Subject to the foregoing objection, and expressly without waiver of same, see documents produced.

**REQUEST NO. 51:** True and correct copies of any Written Agreements, Written Correspondence, or Documents referenced in or related to the responses provided by You in response to Interrogatory No. 11 which have not been provided in response to any other Request.

**RESPONSE:** Petitioning Creditor asserts the Undue Burden Objection. The documents sought were produced in the Petitioning Creditor's response to Interrogatory No. 11. Subject to the foregoing objection, and expressly without waiver of same, see documents produced.

**REQUEST NO. 52:** True and correct copies of any Written Agreements, Written Correspondence, or Documents referenced in or related to the responses provided by You in response to Interrogatory No. 12 which have not been provided in response to any other Request.

**RESPONSE:** Petitioning Creditor asserts the Undue Burden Objection. The documents sought were produced in the Petitioning Creditor's response to Interrogatory No. 12. Subject to the foregoing objection, and expressly without waiver of same, see documents produced.

**REQUEST NO. 53:** True and correct copies of any Written Agreements, Written Correspondence, or Documents referenced in or related to the responses provided by You in response to Interrogatory No. 13 which have not been provided in response to any other Request.

**RESPONSE:** Petitioning Creditor asserts the Undue Burden Objection. The documents sought were produced in the Petitioning Creditor's response to Interrogatory No. 13. Subject to the foregoing objection, and expressly without waiver of same, see documents produced.

**REQUEST NO. 54:** True and correct copies of any Written Agreements, Written Correspondence, or Documents referenced in or related to the responses provided by You in response to Interrogatory No. 14 which have not been provided in response to any other Request.

**RESPONSE:** Petitioning Creditor asserts the Undue Burden Objection. The documents sought were produced in the Petitioning Creditor's response to Interrogatory No. 14. Subject to the foregoing objection, and expressly without waiver of same, see documents produced.

**REQUEST NO. 55:** True and correct copies of any Written Agreements, Written Correspondence, or Documents referenced in or related to the responses provided by You in response to Interrogatory No. 15 which have not been provided in response to any other Request.

**RESPONSE:** Petitioning Creditor asserts the Undue Burden Objection. The documents sought were produced in the Petitioning Creditor's response to Interrogatory No. 15. Subject to the foregoing objection, and expressly without waiver of same, see documents produced.

**REQUEST NO. 56:** True and correct copies of any Written Agreements, Written Correspondence, or Documents referenced in or related to the responses provided by You in response to Interrogatory No. 16 which have not been provided in response to any other Request.

**RESPONSE:** Petitioning Creditor asserts the Undue Burden Objection. The documents sought were produced in the Petitioning Creditor's response to Interrogatory No. 16. Subject to the foregoing objection, and expressly without waiver of same, see documents produced.

**REQUEST NO. 57:** True and correct copies of any Written Agreements, Written Correspondence, or Documents referenced in or related to the responses provided by You in response to Interrogatory No. 17 which have not been provided in response to any other Request.

**RESPONSE:** Petitioning Creditor asserts the Undue Burden Objection. The documents sought were produced in the Petitioning Creditor's response to Interrogatory No. 17. Subject to the foregoing objection, and expressly without waiver of same, see documents produced.

**REQUEST NO. 58:** True and correct copies of any Written Agreements, Written Correspondence, or Documents referenced in or related to the responses provided by You in response to Interrogatory No. 18 which have not been provided in response to any other Request.

**RESPONSE:** Petitioning Creditor asserts the Undue Burden Objection. The documents sought were produced in the Petitioning Creditor's response to Interrogatory No. 18. Subject to the foregoing objection, and expressly without waiver of same, see documents produced.

## ANSWERS TO FIRST SET OF INTERROGATORIES

**INTERROGATORY NO. 1:** Identify all personally identifiable information that You provided to the Alleged Debtor, or provided to a Third Party to relay to the Alleged Debtor prior to the Date of the Involuntary Petition, including without limitation names, aliases, addresses, identification numbers, and Bank account information, and identify on how and on what Date such information was communicated to the Alleged Debtor.

**ANSWER:** Petitioning Creditor asserts the Relevancy, Ambiguity, Undue Burden, and Confidentiality Objections. The information sought is entirely irrelevant to the claims and defenses raised in this Case and are not reasonably calculated to lead to the discovery of admissible evidence. Subject to the foregoing objections, and expressly without waiver of same, see documents produced.

**INTERROGATORY NO. 2:** Identify any and all of Your past and present Agents (excluding attorneys) related to the Loan Agreement, related to any other transaction between You and the Alleged Debtor, or related to any Remitter of funds on Your behalf to the Alleged Debtor and describe the relationship and services provided by such Agent including the Date such Agent began to serve, and if applicable ceased to serve, in the capacity of an Agent to You and compensation to the Agent.

**ANSWER:** Petitioning Creditor asserts the Ambiguity and Legal Conclusion Objections. Subject to the foregoing objections, and expressly without waiver of same, Michael Fu, see Loan Agreement produced.

**INTERROGATORY NO. 3:** Identify and describe Your current and past relationship and any verbal or Written Agreements with any and all of the Fu Parties not otherwise described in Interrogatory No. 2 and the services provided and the obligations of such Fu Parties related to any transactions, real estate purchases in the United States whether or not involving the Alleged Debtor or its Related Persons, including without limitation the Loan Agreement with the Alleged Debtor and transactions related to any Remitter of funds on Your behalf to the Alleged Debtor in the past five (5) years.

**ANSWER:** Petitioning Creditor asserts the Relevancy and Ambiguity Objections. The information sought is entirely irrelevant to the claims and defenses raised in this Case and are not reasonably calculated to lead to the discovery of admissible evidence. Subject to the foregoing objections, and expressly without waiver of same, there are no written or verbal agreements between the Fu Parties and I except that Michael Fu is acting as my agent under the Loan Agreement.

**INTERROGATORY NO. 4:** Describe the source, method, means, and Date of delivery of all funds to the Alleged Debtor related to the Loan Agreement and any related transactions including without limitation the exact amount of money delivered or transferred to the Alleged Debtor, whether such funds originally belonged to You, any Remitter, or any other Third Party, and the identity of any Remitter or Third Party and what Bank accounts were involved in such transaction or series of transactions related to the delivery of funds to the Alleged Debtor including the name on the account(s), type of account (investment, checking, savings, business, etc.), the

Date such account was opened, the name of the Bank, the physical address and location of the Bank where the account(s) were opened and if not known, the identity of the person who would have such information.

**ANSWER:** Petitioning Creditor asserts the Ambiguity, Undue Burden, Confidentiality, and Legal Conclusion Objections. Subject to the foregoing objections, and expressly without waiver of same, see documents produced.

**INTERROGATORY NO. 5:** Identify and describe what funds are to be received by You from the Alleged Debtor including the payment schedule, maturity date, any interest payments or the return of principal and whether such funds are to be received by You after the withholding of any and all applicable taxes, the amount of such funds which You or any Person, one of the Fu Parties, or Agent acting on Your behalf has received, the amount of such funds which are past due and payable, the amount of such funds which are not yet due and payable assuming no default has occurred under the Loan Agreement and whether such funds have been or are anticipated to be transferred to any of the Fu Parties, Your Agent, any Remitter, or into any Bank Account which is not the same Bank Account from which the original Loan principal amount was transferred to the Alleged Debtor.

**ANSWER:** Petitioning Creditor asserts the Ambiguity, Undue Burden, Confidentiality, and Legal Conclusion Objections. Subject to the foregoing objections, and expressly without waiver of same, see documents produced.

**INTERROGATORY NO. 6:** Identify any Remitters related to the Loan Agreement between You and the Alleged Debtor and describe the relationship, agreement, and understanding between You and the Remitter and the purpose for entering into such relationship, agreement, or understanding with the Remitter including description of any funds that have been transferred by the Remitter related to the Loan Agreement including any principal under the Loan to the Alleged Debtor, any fees and commissions have been paid or are to be paid to the Remitter by You or any Third Party as related to the Remitter and the Loan Agreement, any fees and commissions that have been paid or are to be paid to You from or related to the Remitter and the Loan Agreement, and any funds for the payment of interest or return of principal under the Loan that are to be received by any Remitter, either form the Alleged Debtor or from You, or any Third Party.

**ANSWER:** Petitioning Creditor asserts the Ambiguity, Undue Burden, Confidentiality, and Legal Conclusion Objections. Subject to the foregoing objections, and expressly without waiver of same, see documents produced.

**INTERROGATORY NO. 7:** Describe any consents requested from and any consent (whether written or oral) provided by You to any Third Party, the Fu Parties, or the Alleged Debtor including its Related Persons to withhold taxes from any payments made to You related to the Loan Agreement including the identity of such Person such consent was requested by and was provided to, the amount or percentage of any applicable payments requested to withhold and authorized by You to withhold for taxes, and the means by which such consent was requested of You and provided by You.

**ANSWER:** Petitioning Creditor asserts the Relevancy, Ambiguity, Undue Burden, Confidentiality, and Legal Conclusion Objections. Subject to the foregoing objections, and expressly without waiver of same, to the extent they exist, see documents produced.

**INTERROGATORY NO. 8:** Identify and describe any and all notices sent by Your or on Your behalf to, approvals applied for, or approvals received from any government agency located in China or any other country prior to the transmission of any funds by You or any other person on Your behalf including any Agent, including without limitation pre-approvals from the National Development and Reform Commission, the Ministry of Commerce, the State Administration of Foreign Exchange, and People's Bank of China.

**ANSWER:** Petitioning Creditor asserts the Relevancy, Ambiguity, Undue Burden, Confidentiality, and Legal Conclusion Objections. The information sought is entirely irrelevant to the claims and defenses raised in this Case and are not reasonably calculated to lead to the discovery of admissible evidence. Therefore, the Petitioning Creditor will not respond further to this Request.

**INTERROGATORY NO. 9:** In accordance with Your response to Interrogatory No. 5, identify what, if any, payments that You allege the Alleged Debtor has failed to pay as required under the Loan Agreement and the calculations used to determine such amounts You allege have not been paid.

**ANSWER:** Petitioning Creditor asserts the Ambiguity and Legal Conclusion Objections. . Subject to the foregoing objections, and expressly without waiver of same, see documents produced.

**INTERROGATORY NO. 10:** Identify the Date and amount of all payments You have received from the Alleged Debtor and where such payments were transmitted to, including any Bank Account, whether to You, Remitter, one of the Fu Parties, or Your Agent.

**ANSWER:** Petitioning Creditor asserts the Ambiguity and Legal Conclusion Objections. . Subject to the foregoing objections, and expressly without waiver of same, see documents produced.

**INTERROGATORY NO. 11:** Identify and describe, including all Dates, all oral or written notifications and any other Written Communications You made to the Alleged Debtor of any request for payment, deficiencies, or default under the Loan Agreement or which were made by any Third Party including any Fu Parties or attorney on Your behalf to the Alleged Debtor.

**ANSWER:** Petitioning Creditor asserts the Ambiguity and Legal Conclusion Objections. . Subject to the foregoing objections, and expressly without waiver of same, to the extent such notices were sent, see documents produced.

**INTERROGATORY NO. 12:** Please describe Your past and current relationship with the other Petitioning Creditors and any Other Lenders that You have met either in person or via telephonic or Electronic means and the Date upon which such relationship first began.

**ANSWER:** Petitioning Creditor asserts the Relevancy Objection. The information sought is entirely irrelevant to the claims and defenses raised in this Case and are not reasonably calculated to lead to the discovery of admissible evidence. Therefore, the Petitioning Creditor will not respond further to this Request.

**INTERROGATORY NO. 13:** Describe Your knowledge and the source of that knowledge of the State Court Case filed prior to the filing of this Involuntary Case or any other legal proceedings, disputes, and claims involving any of the Fu Parties and the Alleged Debtor or its Related Persons along with any discussions or communications between You and any Third Party and the identify of such Third Party.

**ANSWER:** Petitioning Creditor asserts the Relevancy and Ambiguity Objections. The information sought is entirely irrelevant to the claims and defenses raised in this Case and are not reasonably calculated to lead to the discovery of admissible evidence. Subject to the foregoing objections, and expressly without waiver of same, Michael Fu, see Loan Agreement.

**INTERROGATORY NO. 14:** Describe any delegation, assignment or intent to delegate or assign any of Your rights or decision-making authority with respect to this Involuntary Case to any Third Party than Your counsel of record.

**ANSWER:** Petitioning Creditor asserts the Relevancy, Ambiguity, Undue Burden, Attorney/Client Privilege, and Legal Conclusion Objections. The information sought is entirely irrelevant to the claims and defenses raised in this Case and are not reasonably calculated to lead to the discovery of admissible evidence. Subject to the foregoing objections, and expressly without waiver of same, none.

**INTERROGATORY NO. 15:** Describe any of Your current or future plans to be represented by any attorneys, other than Your counsel of record in this Involuntary Case, with respect to any claims or asserted defaults against the Alleged Debtor.

**ANSWER:** Petitioning Creditor asserts the Relevancy, Ambiguity, Undue Burden, Attorney/Client Privilege, and Legal Conclusion Objections. The information sought is entirely irrelevant to the claims and defenses raised in this Case and are not reasonably calculated to lead to the discovery of admissible evidence. Therefore, the Petitioning Creditor will not respond further to this Request.

**INTERROGATORY NO. 16:** Describe any written or oral communications, representations, and whatever reason, into efforts to organize You, the Petitioning Creditors, and any Other Lenders who are not Petitioning Creditors, for the filing of this Involuntary Case.

**ANSWER:** Petitioning Creditor asserts the Relevancy, Ambiguity, Undue Burden, Attorney/Client Privilege, and Legal Conclusion Objections. The information sought is entirely irrelevant to the claims and defenses raised in this Case and are not reasonably calculated to lead to the discovery of admissible evidence. Therefore, the Petitioning Creditor will not respond further to this Request.

**INTERROGATORY NO. 17:** Identify and describe the amount, source, and method of payment of any and all legal fees incurred by You or incurred on Your behalf, including any prepaid

retainer, related to this Involuntary Case including whether nor not any of the Fu Parties paid any legal fees on Your behalf including without limitation the initial retainer amount, and if such legal fees were paid by any of the Fu Parties the date You first learned that any of the Fu Parties would pay or had paid such legal fees and how You learned such information.

**ANSWER:** Petitioning Creditor asserts the Relevancy, Ambiguity, Undue Burden, Attorney/Client Privilege, and Legal Conclusion Objections. The information sought is entirely irrelevant to the claims and defenses raised in this Case and are not reasonably calculated to lead to the discovery of admissible evidence. Therefore, the Petitioning Creditor will not respond further to this Request.

**INTERROGATORY NO. 18:** Identify and describe who delivered, and the method used to deliver, a draft of the involuntary petition to You and the process to consent to and sign the Involuntary Petition including without limitation identification of any Third Party, including any of the Fu Parties and any attorney, who provided the initial draft or provided any explanation of the involuntary petition.

**ANSWER:** Petitioning Creditor asserts the Relevancy, Ambiguity, Undue Burden, Attorney/Client Privilege, and Legal Conclusion Objections. The information sought is entirely irrelevant to the claims and defenses raised in this Case and are not reasonably calculated to lead to the discovery of admissible evidence. Therefore, the Petitioning Creditor will not respond further to this Request.

**INTERROGATORY NO. 19:** Identify and describe any and all physical or Electronic payments, bonds, negotiable instruments, stocks, transfers, cash, physical payments, personal property, real property, tangible items, or any other consideration given to any of the Fu Parties or any other Third Party by You or on Your behalf for any reason or purpose related to the Loan Agreement including but not limited to fees, interest, commissions, principal, salary, wages, and expenses.

**ANSWER:** Petitioning Creditor asserts the Relevancy, Ambiguity, Undue Burden, Attorney/Client Privilege, and Legal Conclusion Objections. The information sought is entirely irrelevant to the claims and defenses raised in this Case and are not reasonably calculated to lead to the discovery of admissible evidence. Subject to the foregoing objections, and expressly without waiver of same, none.

## RESPONSES TO FIRST REQUEST FOR ADMISSION

**REQUEST NO. 1:** Admit that You are fluent in spoken Chinese.

**RESPONSE:** Petitioning Creditor asserts the Relevancy Objection. The information sought is entirely irrelevant to the claims and defenses raised in this Case and are not reasonably calculated to lead to the discovery of admissible evidence. Subject to the foregoing objection, and expressly without waiver of same, admitted.

**REQUEST NO. 2:** Admit that You are fluent in written Chinese.

**RESPONSE:** Petitioning Creditor asserts the Relevancy Objection. The information sought is entirely irrelevant to the claims and defenses raised in this Case and are not reasonably calculated to lead to the discovery of admissible evidence. Subject to the foregoing objection, and expressly without waiver of same, admitted.

**REQUEST NO. 3:** Admit that You are fluent in spoken English.

**RESPONSE:** Petitioning Creditor asserts the Relevancy Objection. The information sought is entirely irrelevant to the claims and defenses raised in this Case and are not reasonably calculated to lead to the discovery of admissible evidence. Subject to the foregoing objection, and expressly without waiver of same, denied.

**REQUEST NO. 4:** Admit that You are fluent in written English

**RESPONSE:** Petitioning Creditor asserts the Relevancy Objection. The information sought is entirely irrelevant to the claims and defenses raised in this Case and are not reasonably calculated to lead to the discovery of admissible evidence. Subject to the foregoing objection, and expressly without waiver of same, denied.

**REQUEST NO. 5:** Admit that You are fluent in written English with sufficiency to understand financial documents that are not translated into another language.

**RESPONSE:** Petitioning Creditor asserts the Relevancy Objection. The information sought is entirely irrelevant to the claims and defenses raised in this Case and are not reasonably calculated to lead to the discovery of admissible evidence. Subject to the foregoing objection, and expressly without waiver of same, denied.

**REQUEST NO. 6:** Admit that You are fluent in written English with sufficiency to understand legal documents that are not translated into another language.

**RESPONSE:** Petitioning Creditor asserts the Relevancy Objection. The information sought is entirely irrelevant to the claims and defenses raised in this Case and are not reasonably calculated to lead to the discovery of admissible evidence. Subject to the foregoing objection, and expressly without waiver of same, denied.

**REQUEST NO. 7:** Admit that You are fluent in spoken and written English with sufficiency to answer questions and provide testimony without necessity of a translator.

**RESPONSE:** Petitioning Creditor asserts the Relevancy Objection. The information sought is entirely irrelevant to the claims and defenses raised in this Case and are not reasonably calculated to lead to the discovery of admissible evidence. Subject to the foregoing objection, and expressly without waiver of same, denied.

**REQUEST NO. 8:** Admit that You did not raise any concerns to the Alleged Debtor related to Your understanding of Loan based on it being in English.

**RESPONSE:** Petitioning Creditor asserts the Relevancy Objection. The information sought is entirely irrelevant to the claims and defenses raised in this Case and are not reasonably calculated to lead to the discovery of admissible evidence. Subject to the foregoing objection, and expressly without waiver of same, denied.

**REQUEST NO. 9:** Admit that You reviewed an English language version of the Involuntary Petition prior to its execution.

**RESPONSE:** Petitioning Creditor asserts the Relevancy Objection. The information sought is entirely irrelevant to the claims and defenses raised in this Case and are not reasonably calculated to lead to the discovery of admissible evidence. Subject to the foregoing objection, and expressly without waiver of same, admitted.

**REQUEST NO. 10:** Admit that You reviewed a Chinese language version of the Involuntary Petition prior to its execution.

**RESPONSE:** Petitioning Creditor asserts the Relevancy and Attorney/Client Privilege Objections. The information sought is entirely irrelevant to the claims and defenses raised in this Case and are not reasonably calculated to lead to the discovery of admissible evidence. Subject to the foregoing objection, and expressly without waiver of same, admitted.

**REQUEST NO. 11:** Admit that Your attorney was retained on Your behalf by at least one of the Fu Parties.

**RESPONSE:** Petitioning Creditor asserts the Relevancy Objection, Ambiguity, and Attorney/Client Privilege Objections. Subject to the foregoing objections, and expressly without waiver of same, denied.

**REQUEST NO. 12:** If Your response to Request No. 11 is "Admit," then admit that you did not provide written consent to any of the Fu Parties' retaining your Attorney on Your behalf prior to the filing of the Involuntary Petition.

**RESPONSE:** Denied.

**REQUEST NO. 13:** If Your response to Request No. 12 is "Deny," then Admit that Your attorney was retained on Your behalf by a Third Party other than any one of the Fu Parties.

**RESPONSE:** Denied.

**REQUEST NO. 14:** If Your response to Request No. 13 is "Admit," then admit that you did not provide written consent to such Third Party retaining your Attorney on Your behalf prior to the filing of the Involuntary Petition.

**RESPONSE:** Denied.

**REQUEST NO. 15:** Admit that You did not personally retain or hire Your attorney, execute any contract between You and Your attorney, or engage Your Attorney to represent You related to the Involuntary Petition **prior to receiving** the initial draft of the Involuntary Petition.

**RESPONSE:** Denied.

**REQUEST NO. 16:** Admit that You did not personally retain or hire Your attorney, execute any contract between You and Your attorney, or engage Your Attorney to represent You related to the Involuntary Petition **prior to the signing** of the Involuntary Petition in Your name.

**RESPONSE:** Denied.

**REQUEST NO. 17:** If Your response to Request No. 15 and Request No. 16 is "Admit", then admit that You have not personally retained or hired Your attorney, executed any contract between You and Your attorney, or engaged Your Attorney to represent You related to the Involuntary Petition at any time.

**RESPONSE:** Denied.

**REQUEST NO. 18:** Prior to receiving the initial, unexecuted draft of the Involuntary Petition, admit that You had never spoken directly with Your attorney (not including any Written Communications).

**RESPONSE:** Petitioning Creditor asserts the Relevancy and Attorney/Client Privilege Objections. The information sought is entirely irrelevant to the claims and defenses raised in this Case and are not reasonably calculated to lead to the discovery of admissible evidence. Subject to the foregoing objections, and expressly without waiver of same, admitted.

**REQUEST NO. 19:** Prior to receiving the initial, unexecuted draft of the Involuntary Petition, admit that You had never exchanged any Written Communications with Your attorney.

**RESPONSE:** Petitioning Creditor asserts the Relevancy and Attorney/Client Privilege Objections. The information sought is entirely irrelevant to the claims and defenses raised in this Case and are not reasonably calculated to lead to the discovery of admissible evidence. Subject to the foregoing objections, and expressly without waiver of same, denied.

**REQUEST NO. 20:** Prior to the filing of the Involuntary Petition, admit that at least one of the Fu Parties gave You advice or made recommendations to You related to the Involuntary Petition.

**RESPONSE:** Petitioning Creditor asserts the Relevancy and Attorney/Client Privilege Objections. The information sought is entirely irrelevant to the claims and defenses raised in this

Case and are not reasonably calculated to lead to the discovery of admissible evidence. Subject to the foregoing objections, and expressly without waiver of same, admitted.

**REQUEST NO. 21:** Prior to the filing of the Involuntary Petition, admit that at least one of the Fu Parties gave You advice or made recommendations to You regarding Your participation in the involuntary bankruptcy process.

**RESPONSE:** Petitioning Creditor asserts the Relevancy and Attorney/Client Privilege Objections. The information sought is entirely irrelevant to the claims and defenses raised in this Case and are not reasonably calculated to lead to the discovery of admissible evidence. Subject to the foregoing objections, and expressly without waiver of same, admitted.

**REQUEST NO. 22:** Prior to the filing of the Involuntary Petition, admit that at least one of the Fu Parties provided certain explanations to You related to the Involuntary Petition.

**RESPONSE:** Petitioning Creditor asserts the Relevancy and Attorney/Client Privilege Objections. The information sought is entirely irrelevant to the claims and defenses raised in this Case and are not reasonably calculated to lead to the discovery of admissible evidence. Subject to the foregoing objections, and expressly without waiver of same, admitted.

**REQUEST NO. 23:** Prior to the filing of the Involuntary Petition, admit that at least one of the Fu Parties provided certain explanations to You related to the bankruptcy process in the United States.

**RESPONSE:** Petitioning Creditor asserts the Relevancy and Attorney/Client Privilege Objections. The information sought is entirely irrelevant to the claims and defenses raised in this Case and are not reasonably calculated to lead to the discovery of admissible evidence. Subject to the foregoing objections, and expressly without waiver of same, admitted.

**REQUEST NO. 24:** Prior to the filing of the Involuntary Petition, admit that a Third Party, not including Your attorney, gave You advice or made recommendations to You related to the Involuntary Petition.

**RESPONSE:** Petitioning Creditor asserts the Relevancy and Attorney/Client Privilege Objections. The information sought is entirely irrelevant to the claims and defenses raised in this Case and are not reasonably calculated to lead to the discovery of admissible evidence. Subject to the foregoing objections, and expressly without waiver of same, denied.

**REQUEST NO. 25:** Prior to the filing of the Involuntary Petition, admit that a Third Party, not including Your attorney, gave You advice or made recommendations to You regarding Your participation in the involuntary bankruptcy process.

**RESPONSE:** Petitioning Creditor asserts the Relevancy and Attorney/Client Privilege Objections. The information sought is entirely irrelevant to the claims and defenses raised in this Case and are not reasonably calculated to lead to the discovery of admissible evidence. Subject to the foregoing objections, and expressly without waiver of same, denied.

**REQUEST NO. 26:** Prior to the filing of the Involuntary Petition, admit that a Third Party, not including Your attorney, provided certain explanations to You related to the Involuntary Petition.

**RESPONSE:** Petitioning Creditor asserts the Relevancy and Attorney/Client Privilege Objections. The information sought is entirely irrelevant to the claims and defenses raised in this Case and are not reasonably calculated to lead to the discovery of admissible evidence. Subject to the foregoing objections, and expressly without waiver of same, denied.

**REQUEST NO. 27:** Prior to the filing of the Involuntary Petition, admit that a Third Party, not including Your attorney, provided certain explanations to You related to the bankruptcy process in the United States.

**RESPONSE:** Petitioning Creditor asserts the Relevancy and Attorney/Client Privilege Objections. The information sought is entirely irrelevant to the claims and defenses raised in this Case and are not reasonably calculated to lead to the discovery of admissible evidence. Subject to the foregoing objections, and expressly without waiver of same, denied.

**REQUEST NO. 28:** Admit that You did not provide any of the Documents or Loan information ultimately contained in the Involuntary Petition directly to Your attorneys prior to the execution of the Involuntary Petition.

**RESPONSE:** Petitioning Creditor asserts the Relevancy and Attorney/Client Privilege Objections. The information sought is entirely irrelevant to the claims and defenses raised in this Case and are not reasonably calculated to lead to the discovery of admissible evidence. Subject to the foregoing objections, and expressly without waiver of same, denied.

**REQUEST NO. 29:** To the best of Your knowledge, admit that at least one of the Fu Parties directly provided Documents or Loan information to Your attorney that was ultimately incorporated into the Involuntary Petition.

**RESPONSE:** Petitioning Creditor asserts the Relevancy and Attorney/Client Privilege Objections. The information sought is entirely irrelevant to the claims and defenses raised in this Case and are not reasonably calculated to lead to the discovery of admissible evidence. Subject to the foregoing objections, and expressly without waiver of same, admitted.

**REQUEST NO. 30:** To the best of Your knowledge, admit that a Third Party other than one of the Fu Parties directly provided Documents or Loan information to Your attorney that was ultimately incorporated into the Involuntary Petition.

**RESPONSE:** Petitioning Creditor asserts the Relevancy and Attorney/Client Privilege Objections. The information sought is entirely irrelevant to the claims and defenses raised in this Case and are not reasonably calculated to lead to the discovery of admissible evidence. Subject to the foregoing objections, and expressly without waiver of same, denied.

**REQUEST NO. 31:** Admit that one of the Fu Parties used an E-Service Provider to utilize an E-Signature to sign the Involuntary Petition with Your name.

**RESPONSE:** Petitioning Creditor asserts the Relevancy and Attorney/Client Privilege Objections. The information sought is entirely irrelevant to the claims and defenses raised in this Case and are not reasonably calculated to lead to the discovery of admissible evidence. Subject to the foregoing objections, and expressly without waiver of same, denied.

**REQUEST NO. 32:** If Your response to Request No. 31 is "Deny", then admit that a Third Party used an E-Service Provider to utilize an E-Signature to sign the Involuntary Petition with Your name.

**RESPONSE:** Petitioning Creditor asserts the Relevancy and Attorney/Client Privilege Objections. The information sought is entirely irrelevant to the claims and defenses raised in this Case and are not reasonably calculated to lead to the discovery of admissible evidence. Subject to the foregoing objections, and expressly without waiver of same, denied.

**REQUEST NO. 33:** If Your response to Request No. 32 is "Deny," then admit that You personally used an E-Service Provider to utilize an E-Signature to sign the Involuntary Petition.

**RESPONSE:** Petitioning Creditor asserts the Relevancy and Attorney/Client Privilege Objections. The information sought is entirely irrelevant to the claims and defenses raised in this Case and are not reasonably calculated to lead to the discovery of admissible evidence. Subject to the foregoing objections, and expressly without waiver of same, denied.

**REQUEST NO. 34:** If your response to Request No. 32 was "Admit," then admit that You did not specifically and knowingly consent to a Third Party using an E-Service Provider to utilize an E-Signature to sign the Involuntary Petition on Your behalf in Your name.

**RESPONSE:** Denied.

**REQUEST NO. 35:** If your response to Request No. 31 was "Admit," then admit that You did not specifically and knowingly consent to at least one of the Fu Parties using an E-Service Provider to utilize an E-Signature to sign the Involuntary Petition on Your behalf in Your name.

**RESPONSE:** Denied.

**REQUEST NO. 36:** Admit that You did not physically execute the Involuntary Petition in person using a Wet Signature prior to its filing.

**RESPONSE:** Petitioning Creditor asserts the Relevancy and Attorney/Client Privilege, and Legal Conclusion Objections. The information sought is entirely irrelevant to the claims and defenses raised in this Case and are not reasonably calculated to lead to the discovery of admissible evidence. Subject to the foregoing objections, and expressly without waiver of same, denied.

**REQUEST NO. 37:** Admit that You did not deliver a physically executed original of the Involuntary Petition which contained Your Wet Signature to any Third Person including Your attorney.

**RESPONSE:** Petitioning Creditor asserts the Relevancy and Attorney/Client Privilege, and Legal Conclusion Objections. The information sought is entirely irrelevant to the claims and defenses raised in this Case and are not reasonably calculated to lead to the discovery of admissible evidence. Subject to the foregoing objections, and expressly without waiver of same, denied.

**REQUEST NO. 38:** Admit that You are not in possession, custody, or control of an original of the Involuntary Petition that You physically executed using a Wet Signature prior to its filing.

**RESPONSE:** Petitioning Creditor asserts the Relevancy and Legal Conclusion Objections. The information sought is entirely irrelevant to the claims and defenses raised in this Case and are not reasonably calculated to lead to the discovery of admissible evidence. Subject to the foregoing objections, denied.

**REQUEST NO. 39:** Admit that You did not directly transfer or deliver any funds related to the Loan Agreement to the Alleged Debtor.

**RESPONSE:** Denied.

**REQUEST NO. 40:** Admit that You did not directly transfer or deliver the entire principal amount under the Loan Agreement to the Alleged Debtor.

**RESPONSE:** Denied.

**REQUEST NO. 41:** Admit that at least one of the Fu Parties transferred or delivered funds related to the Loan Agreement to the Alleged Debtor on Your behalf.

**RESPONSE:** Denied.

**REQUEST NO. 42:** Admit that You provided funds to a Third Party for the purpose of transmitting the same to the Alleged Debtor as part of the Loan.

**RESPONSE:** Denied.

**REQUEST NO. 43:** Admit that a Third Party (other than a Bank) caused or initiated the transfer, or directly transferred or delivered funds, related to the Loan Agreement to the Alleged Debtor on Your behalf.

**RESPONSE:** Petitioning Creditor asserts the Relevancy, Ambiguity, Undue Burden, Confidentiality, Legal Conclusion Objections. The information sought is entirely irrelevant to the claims and defenses raised in this Case and are not reasonably calculated to lead to the discovery of admissible evidence. Denied.

**REQUEST NO. 44:** Admit that one or more Remitters has certain rights to receive funds related to the Loan Agreement.

**RESPONSE:** Denied.

**REQUEST NO. 45:** Admit that one or more Remitters is Your partner as related to the Loan Agreement.

**RESPONSE:** Denied.

**REQUEST NO. 46:** Admit that one or more of the Fu Parties is Your partner as related to the Loan Agreement.

**RESPONSE:** Denied.

**REQUEST NO. 47:** Admit that a Remitter transferred or delivered funds related to the Loan Agreement to the Alleged Debtor.

**RESPONSE:** Denied. See documents produced.

**REQUEST NO. 48:** Admit that at least some of the principal amount under the Loan Agreement that was transferred by You to the Alleged Debtor originally belonged to a Third Party or was provided to You by a Third Party for the purpose of delivering to the Alleged Debtor as related to the Loan Agreement.

**RESPONSE:** Denied.

**REQUEST NO. 49:** Admit that You transferred or delivered funds to an account not in Your name prior to the same funds being transferred to the Alleged Debtor.

**RESPONSE:** Petitioning Creditor asserts the Ambiguity Objections. The information sought is entirely irrelevant to the claims and defenses raised in this Case and are not reasonably calculated to lead to the discovery of admissible evidence. Subject to the foregoing objections, and expressly without waiver of same, denied.

**REQUEST NO. 50:** Admit that You caused more than $50,000.00 to be transferred, in one more transactions or series of transactions in a single calendar year, from China to a country outside of China for investment purposes.

**RESPONSE:** Petitioning Creditor asserts the Relevancy, Ambiguity, Undue Burden, Confidentiality, and Legal Conclusion Objections. The information sought is entirely irrelevant to the claims and defenses raised in this Case and are not reasonably calculated to lead to the discovery of admissible evidence. Subject to the foregoing objections, and expressly without waiver of same, denied.

**REQUEST NO. 51:** Admit that You have used Third Parties or Remitters to circumvent certain restrictions on the transfer of funds from China to any other country outside of China or on the receipt of funds into China from any other country.

**RESPONSE:** Petitioning Creditor asserts the Relevancy, Ambiguity, Undue Burden, Confidentiality, Attorney/Client Privilege and Legal Conclusion Objections. The information sought is entirely irrelevant to the claims and defenses raised in this Case and are not reasonably

calculated to lead to the discovery of admissible evidence. Subject to the foregoing objections, and expressly without waiver of same, denied.

**REQUEST NO. 52:** Admit that You have not disclosed or reported any taxable income to the United States Internal Revenue Service resulting from transactions with the Alleged Debtor.

**RESPONSE:** Petitioning Creditor asserts the Relevancy, Ambiguity, Undue Burden, Confidentiality, and Legal Conclusion Objections. The information sought is entirely irrelevant to the claims and defenses raised in this Case and are not reasonably calculated to lead to the discovery of admissible evidence. Subject to the foregoing objections, and expressly without waiver of same, denied.

**REQUEST NO. 53:** Admit that You have not disclosed or reported any taxable income to the to any agency or department of the Chinese government resulting from transactions with the Alleged Debtor.

**RESPONSE:** Petitioning Creditor asserts the Relevancy, Ambiguity, Undue Burden, Confidentiality, and Legal Conclusion Objections. The information sought is entirely irrelevant to the claims and defenses raised in this Case and are not reasonably calculated to lead to the discovery of admissible evidence. Subject to the foregoing objections, and expressly without waiver of same, denied.

**REQUEST NO. 54:** Admit that for any funds received by You or on Your behalf, no taxes have been paid to the United States government.

**RESPONSE:** Petitioning Creditor asserts the Relevancy, Ambiguity, Undue Burden, Confidentiality, and Legal Conclusion Objections. The information sought is entirely irrelevant to the claims and defenses raised in this Case and are not reasonably calculated to lead to the discovery of admissible evidence. Subject to the foregoing objections, and expressly without waiver of same, denied.

**REQUEST NO. 55:** Admit that for any funds received by You or on Your behalf, no taxes or other fees or amounts have been paid to the Chinese government.

**RESPONSE:** Petitioning Creditor asserts the Relevancy, Ambiguity, Undue Burden, Confidentiality, and Legal Conclusion Objections. The information sought is entirely irrelevant to the claims and defenses raised in this Case and are not reasonably calculated to lead to the discovery of admissible evidence. Subject to the foregoing objections, and expressly without waiver of same, denied.

**REQUEST NO. 56:** Admit that for any interest payments or other sums excluding return of Principal under the Loan Agreement that have been received by You or on Your behalf or that You claim are owed to You, You are obligated to pay certain taxes to the United States government.

**RESPONSE:** Petitioning Creditor asserts the Relevancy, Ambiguity, Undue Burden, Confidentiality, and Legal Conclusion Objections. The information sought is entirely irrelevant to the claims and defenses raised in this Case and are not reasonably calculated to lead to the

discovery of admissible evidence. Subject to the foregoing objections, and expressly without waiver of same, denied.

**REQUEST NO. 57:** Admit that for any interest payments or other sums paid to You, excluding return of Principal, under the Loan Agreement that have been received by You or on Your behalf or that You claim are owed to You, the Alleged Debtor is required to withhold certain taxes from such payments the sums of which are to be paid to the United States government.

**RESPONSE:** Petitioning Creditor asserts the Relevancy, Ambiguity, Undue Burden, Confidentiality, and Legal Conclusion Objections. The information sought is entirely irrelevant to the claims and defenses raised in this Case and are not reasonably calculated to lead to the discovery of admissible evidence. Subject to the foregoing objections, and expressly without waiver of same, denied.

**REQUEST NO. 58:** Admit that funds were provided to You by some other person or entity for the purpose of transmitting the same to the Alleged Debtor as part of the Loan.

**RESPONSE:** Denied.

**REQUEST NO. 59:** Admit that You transferred or delivered funds to the Alleged Debtor on behalf of a Third Party.

**RESPONSE:** Denied.

**REQUEST NO. 60:** Admit that You authorized any of the Fu Parties to receive, redirect, or transfer Your funds related to the Loan Agreement.

**RESPONSE:** Denied.

**REQUEST NO. 61:** Admit that You authorized any of the Fu Parties to receive, redirect, or transfer Your funds related to the Loan Agreement to a Bank Account in a location other than the United States or China.

**RESPONSE:** Petitioning Creditor asserts the Relevancy, Ambiguity, Undue Burden, Confidentiality, and Legal Conclusion Objections. The information sought is entirely irrelevant to the claims and defenses raised in this Case and are not reasonably calculated to lead to the discovery of admissible evidence. Subject to the foregoing objections, and expressly without waiver of same, denied.

**REQUEST NO. 62:** Admit that You never authorized any of the Fu Parties to instruct the Alleged Debtor or a Related Party of the Alleged Debtor to adjust the Alleged Debtor's accounting records in relation to Your Loan Agreement or amounts loaned thereunder.

**RESPONSE:** Petitioning Creditor asserts the Relevancy, Ambiguity, Undue Burden, Confidentiality, and Legal Conclusion Objections. The information sought is entirely irrelevant to the claims and defenses raised in this Case and are not reasonably calculated to lead to the discovery of admissible evidence. Subject to the foregoing objections, and expressly without waiver of same, denied.

**REQUEST NO. 63:** Admit that You never authorized Michael Fu to instruct the Alleged Debtor or a Related Party of the Alleged Debtor to adjust the Alleged Debtor's accounting records in relation to Your Loan Agreement or amounts loaned thereunder.

**RESPONSE:** Petitioning Creditor asserts the Relevancy, Ambiguity, Undue Burden, Confidentiality, and Legal Conclusion Objections. The information sought is entirely irrelevant to the claims and defenses raised in this Case and are not reasonably calculated to lead to the discovery of admissible evidence. Subject to the foregoing objections, and expressly without waiver of same, denied.

**REQUEST NO. 64:** Admit that You authorized any of the Fu Parties to take actions related to the Loan Agreement without Your prior consent.

**RESPONSE:** Denied.

**REQUEST NO. 65:** Admit that You have compensated at least one of the Fu Parties for services rendered in relation to the Loan Agreement.

**RESPONSE:** Petitioning Creditor asserts the Relevancy Objection. The information sought is entirely irrelevant to the claims and defenses raised in this Case and are not reasonably calculated to lead to the discovery of admissible evidence. Subject to the foregoing objection, and expressly without waiver of same, denied.

**REQUEST NO. 66:** Admit that You owe compensation to at least one of the Fu Parties for services rendered in relation to the Loan Agreement.

**RESPONSE:** Petitioning Creditor asserts the Relevancy Objection. The information sought is entirely irrelevant to the claims and defenses raised in this Case and are not reasonably calculated to lead to the discovery of admissible evidence. Subject to the foregoing objection, and expressly without waiver of same, denied.

**REQUEST NO. 67:** Admit that You have made a written demand on or filed suit against at least one of the Fu Parties.

**RESPONSE:** Denied.

**REQUEST NO. 68:** Admit that at least one of the Fu Parties has made a written demand on or filed suit against You.

**RESPONSE:** Petitioning Creditor asserts the Relevancy and Absence of Control Objections. The information sought is entirely irrelevant to the claims and defenses raised in this Case and are not reasonably calculated to lead to the discovery of admissible evidence. Subject to the foregoing objection, and expressly without waiver of same, denied.

**REQUEST NO. 69:** Admit that at least one of the Fu Parties has provided You advice related to the purchasing of real estate in the United States.

**RESPONSE:** Petitioning Creditor asserts the Relevancy and Undue Burden Objections. The information sought is entirely irrelevant to the claims and defenses raised in this Case and are not reasonably calculated to lead to the discovery of admissible evidence. Subject to the foregoing objection, and expressly without waiver of same, admitted.

**REQUEST NO. 70:** Admit that at least one of the Fu Parties has provided You advice related to making loans in the United States.

**RESPONSE:** Petitioning Creditor asserts the Relevancy and Undue Burden Objections. The information sought is entirely irrelevant to the claims and defenses raised in this Case and are not reasonably calculated to lead to the discovery of admissible evidence. Subject to the foregoing objection, and expressly without waiver of same, admitted.

**REQUEST NO. 71:** Admit that at least one of the Fu Parties has provided You advice related to investing in businesses or projects in the United States.

**RESPONSE:** Petitioning Creditor asserts the Relevancy and Undue Burden Objections. The information sought is entirely irrelevant to the claims and defenses raised in this Case and are not reasonably calculated to lead to the discovery of admissible evidence. Subject to the foregoing objection, and expressly without waiver of same, admitted.

**REQUEST NO. 72:** Admit that at least one of the Fu Parties has provided You advice related to obtaining citizenship in the United States.

**RESPONSE:** Petitioning Creditor asserts the Relevancy and Undue Burden Objections. The information sought is entirely irrelevant to the claims and defenses raised in this Case and are not reasonably calculated to lead to the discovery of admissible evidence. Subject to the foregoing objection, and expressly without waiver of same, denied.

**REQUEST NO. 73:** Admit that at least one of the Fu Parties has provided You advice related to obtaining the legal right to enter, live, or work in the United States.

**RESPONSE:** Petitioning Creditor asserts the Relevancy and Undue Burden Objections. The information sought is entirely irrelevant to the claims and defenses raised in this Case and are not reasonably calculated to lead to the discovery of admissible evidence. Subject to the foregoing objection, and expressly without waiver of same, denied.

**REQUEST NO. 74:** Admit that at least one of the Fu Parties has provided You advice related to tax requirements on investment income in the United States.

**RESPONSE:** Petitioning Creditor asserts the Relevancy and Undue Burden Objections. The information sought is entirely irrelevant to the claims and defenses raised in this Case and are not reasonably calculated to lead to the discovery of admissible evidence. Subject to the foregoing objection, and expressly without waiver of same, denied.

**REQUEST NO. 75:** Admit that at least one of the Fu Parties has provided You advice related to tax requirement on payments made from the United States to China or any other country.

**RESPONSE:** Petitioning Creditor asserts the Relevancy and Undue Burden Objections. The information sought is entirely irrelevant to the claims and defenses raised in this Case and are not reasonably calculated to lead to the discovery of admissible evidence. Subject to the foregoing objection, and expressly without waiver of same, denied.

**REQUEST NO. 76:** Admit that at least one of the Fu Parties has provided You advice related to circumvention or avoidance of United States taxes.

**RESPONSE:** Petitioning Creditor asserts the Relevancy and Undue Burden Objections. The information sought is entirely irrelevant to the claims and defenses raised in this Case and are not reasonably calculated to lead to the discovery of admissible evidence. Subject to the foregoing objection, and expressly without waiver of same, denied.

**REQUEST NO. 77:** Admit that at least one of the Fu Parties has provided You advice related to circumvention or avoidance of Chinese taxes.

**RESPONSE:** Petitioning Creditor asserts the Relevancy and Undue Burden Objections. The information sought is entirely irrelevant to the claims and defenses raised in this Case and are not reasonably calculated to lead to the discovery of admissible evidence. Subject to the foregoing objection, and expressly without waiver of same, denied.

**REQUEST NO. 78:** Admit that at least one of the Fu Parties is, or has been, Your Agent with respect to the Loan with the Alleged Debtor.

**RESPONSE:** Petitioning Creditor asserts the Ambiguity Objection. Subject to the foregoing objections, and expressly without waiver of same, admitted, see Loan Agreement produced.

**REQUEST NO. 79:** If your response to Request No. 78 is "Admit," then admit that any Agency relationship You have with at least one of the Fu Parties with respect to the Loan with the Alleged Debtor has not been terminated.

**RESPONSE:** Admitted.

**REQUEST NO. 80:** Admit that no promissory note was executed by the Alleged Debtor (i) to Your benefit or (ii) that was issued or provided to You.

**RESPONSE:** Admitted.

**REQUEST NO. 81:** Admit that the amount of Your claim asserted against the Alleged Debtor in this Involuntary Case is disputed by either the Alleged Debtor or any of the Fu Parties.

**RESPONSE:** Petitioning Creditor asserts the Relevancy, Ambiguity and Legal Conclusion Objections. The information sought is entirely irrelevant to the claims and defenses raised in this Case and are not reasonably calculated to lead to the discovery of admissible evidence. Subject to the foregoing objections, denied.

**REQUEST NO. 82:** Admit that Your Loan Agreement was part Your participation in a single pool of loan agreements, a single master loan agreement, or part of group of loans reflected by a single promissory note as organized by at least one of the Fu Parties.

**RESPONSE:** Petitioning Creditor asserts the Relevancy, Ambiguity and Legal Conclusion Objections. The information sought is entirely irrelevant to the claims and defenses raised in this Case and are not reasonably calculated to lead to the discovery of admissible evidence. Subject to the foregoing objections, and expressly without waiver of same, denied.

**REQUEST NO. 83:** Admit that You are a Co-Lender participating (i) in a pool of loan agreements, (ii) under a single master loan agreement, or (iii) as part of a group of loans reflected by a single promissory note with the Alleged Debtor.

**RESPONSE:** Petitioning Creditor asserts the Relevancy, Ambiguity and Legal Conclusion Objections. The information sought is entirely irrelevant to the claims and defenses raised in this Case and are not reasonably calculated to lead to the discovery of admissible evidence. Subject to the foregoing objections, and expressly without waiver of same, denied.

**REQUEST NO. 84:** Admit that You delegated or assigned Your right to receive all payments to at least one of the Fu Parties.

**RESPONSE:** Petitioning Creditor asserts the Relevancy, Ambiguity and Legal Conclusion Objections. The information sought is entirely irrelevant to the claims and defenses raised in this Case and are not reasonably calculated to lead to the discovery of admissible evidence. Subject to the foregoing objections, and expressly without waiver of same, denied.

**REQUEST NO. 85:** If your response to Request No. 84 is "Deny." Then admit that You delegated or assigned Your right to receive certain payments but less than all payments to at least one of the Fu Parties.

**RESPONSE:** Denied.

**REQUEST NO. 86:** Admit that You delegated or assigned Your right to receive all payments related to the Loan Agreement to at least one Remitter.

**RESPONSE:** Petitioning Creditor asserts the Relevancy, Ambiguity and Legal Conclusion Objections. The information sought is entirely irrelevant to the claims and defenses raised in this Case and are not reasonably calculated to lead to the discovery of admissible evidence. Subject to the foregoing objections, and expressly without waiver of same, denied.

**REQUEST NO. 87:** If your response to Request No. 85 is "Deny." Then admit that You delegated or assigned Your right to receive certain payments but less than all payments related to the Loan Agreement to at least one Remitter.

**RESPONSE:** Denied.

**REQUEST NO. 88:** If your response to Request No. 87 is "Deny," then admit that You are obligated to deliver or assign certain payments or all payments received by You related to the Loan Agreement to at least one Remitter.

**RESPONSE:** Denied.

**REQUEST NO. 89:** Admit that You delegated Your right to administer Your Loan Agreement to at least one of the Fu Parties.

**RESPONSE:** Petitioning Creditor asserts the Relevancy, Ambiguity and Legal Conclusion Objections. The information sought is entirely irrelevant to the claims and defenses raised in this Case and are not reasonably calculated to lead to the discovery of admissible evidence. Subject to the foregoing objections, and expressly without waiver of same, denied.

**REQUEST NO. 90:** Admit that aside from persons and entities named in the Involuntary Petition You have no knowledge of whether the Alleged Debtor is generally paying its debts as they come due.

**RESPONSE:** Petitioning Creditor asserts the Relevancy, Ambiguity and Legal Conclusion Objections. The information sought is entirely irrelevant to the claims and defenses raised in this Case and are not reasonably calculated to lead to the discovery of admissible evidence. Subject to the foregoing objections, and expressly without waiver of same, denied.

**REQUEST NO. 91:** Admit that You participated in this Involuntary Petition in an effort to collect money You believe the Alleged Debtor owes You.

**RESPONSE:** Petitioning Creditor asserts the Relevancy, Ambiguity and Legal Conclusion Objections. The information sought is entirely irrelevant to the claims and defenses raised in this Case and are not reasonably calculated to lead to the discovery of admissible evidence. Subject to the foregoing objections, and expressly without waiver of same, denied.

**REQUEST NO. 92:** Admit that this Involuntary Case has, or will have, a negative impact on the business operations of the Alleged Debtor.

**RESPONSE:** Petitioning Creditor asserts the Relevancy, Ambiguity and Legal Conclusion Objections. The information sought is entirely irrelevant to the claims and defenses raised in this Case and are not reasonably calculated to lead to the discovery of admissible evidence. Subject to the foregoing objections, and expressly without waiver of same, denied.

**REQUEST NO. 93:** Admit that You have no knowledge of any direct or imminent threat to the value of the Alleged Debtor's assets.

**RESPONSE:** Petitioning Creditor asserts the Relevancy, Ambiguity and Legal Conclusion Objections. The information sought is entirely irrelevant to the claims and defenses raised in this Case and are not reasonably calculated to lead to the discovery of admissible evidence. Subject to the foregoing objections, and expressly without waiver of same, denied.

**REQUEST NO. 94:** Admit that at least one of the Fu Parties retained Your attorneys in this Involuntary Case on Your Behalf.

**RESPONSE:** Petitioning Creditor asserts the Relevancy, Ambiguity and Attorney/Client Privilege Objections. The information sought is entirely irrelevant to the claims and defenses raised in this Case and are not reasonably calculated to lead to the discovery of admissible evidence. Therefore, the Petitioning Creditor will not respond further to this Request.

**REQUEST NO. 95:** Admit that Michael Fu retained Your attorneys in this Involuntary Case on Your Behalf.

**RESPONSE:** Petitioning Creditor asserts the Relevancy, Ambiguity and Attorney/Client Privilege Objections. The information sought is entirely irrelevant to the claims and defenses raised in this Case and are not reasonably calculated to lead to the discovery of admissible evidence. Therefore, the Petitioning Creditor will not respond further to this Request.

**REQUEST NO. 96:** Admit that at least one of the Fu Parties paid the initial retainer to Your attorneys in this Involuntary Case on Your Behalf.

**RESPONSE:** Petitioning Creditor asserts the Relevancy, Ambiguity and Attorney/Client Privilege Objections. The information sought is entirely irrelevant to the claims and defenses raised in this Case and are not reasonably calculated to lead to the discovery of admissible evidence. Therefore, the Petitioning Creditor will not respond further to this Request.

**REQUEST NO. 97:** Admit that Michael Fu paid the initial retainer to Your attorneys in this Involuntary Case on Your Behalf.

**RESPONSE:** Petitioning Creditor asserts the Relevancy, Ambiguity and Attorney/Client Privilege Objections. The information sought is entirely irrelevant to the claims and defenses raised in this Case and are not reasonably calculated to lead to the discovery of admissible evidence. Therefore, the Petitioning Creditor will not respond further to this Request.

**REQUEST NO. 98:** Admit that at least one of the Fu Parties gave You general or specific advice, guidance, explanations, or recommendations (including as contained in any verbal communications or Written Communications to one or more Petitioning Creditors whether or not directed to You or which copied You) regarding the Requests for Production and Your responses to such requests.

**RESPONSE:** Petitioning Creditor asserts the Relevancy and Ambiguity Objections. The information sought is entirely irrelevant to the claims and defenses raised in this Case and are not reasonably calculated to lead to the discovery of admissible evidence. Subject to the foregoing objections, and expressly without waiver of same, denied.

**REQUEST NO. 99:** Admit that one of the Fu Parties gave You general or specific advice, guidance, explanations, or recommendations (including as contained in any verbal communications or Written Communications to one or more Petitioning Creditors whether or not directed to You or which copied You) regarding the Interrogatories and Your responses to such requests.

**RESPONSE:** Petitioning Creditor asserts the Relevancy and Ambiguity Objections. The information sought is entirely irrelevant to the claims and defenses raised in this Case and are not reasonably calculated to lead to the discovery of admissible evidence. Subject to the foregoing objections, and expressly without waiver of same, denied.

**REQUEST NO. 100:** Admit that one of the Fu Parties gave You general or specific advice, guidance, explanations, or recommendations (including as contained in any verbal communications or Written Communications to one or more Petitioning Creditors whether or not directed to You or which copied You) regarding these Requests for Admissions and Your responses to such requests.

**RESPONSE:** Petitioning Creditor asserts the Relevancy and Ambiguity Objections. The information sought is entirely irrelevant to the claims and defenses raised in this Case and are not reasonably calculated to lead to the discovery of admissible evidence. Subject to the foregoing objections, and expressly without waiver of same, denied.

218684072v6

**VERIFICATION**

I, Pei Guan, verify that I have read the foregoing Responses and Objections to the First Set of Request for Production of Documents, First Set of Interrogatories, and First Set of Request for Admissions of Alleged Debtor WALL009, LLC and that the answers contained therein are true and correct to the best of my knowledge, information and belief.

I verify under the penalty of perjury that the foregoing is true and correct.

Executed on July 6, 2020

Pei Guan

______________________________
Pei Guan