**IN THE UNITED STATES BANKRUPTCY COURT FOR THE
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| In re:<br><br>WALL007 LLC, et al.,[1]<br><br>Alleged Debtors. | Chapter 7<br><br>Case No. 20-31131 (HDH)<br>(Jointly Administered) |

**PETITIONING CREDITORS' OBJECTIONS TO ALLEGED DEBTORS' MOTION [DKT. NO. 313] AS WELL AS CERTAIN EVIDENCE ALLEGED DEBTORS INTEND TO OFFER AT THE HEARING SCHEDULED FOR FEBRUARY 26, 2021**

Petitioning Creditors Jun Li, Yunding Kang, Cunxiang Ji, Jin Wang, Peng Guo, Lin Zhou, Qu Zhou, Kai Tian, Yijing Wu, Xuegeng Gong, Weijia Kong, Heng Zhang, Hong Guo, Pei Guan, Yue Xu, Mai Ye, Chenchen Jiang, Qiuying Li, Ruinian Wu, Liying Yang, Yan Zhang, Wenjun Wang, Ying Zhou, Lin Li, Li Jiang, Rufeng Ding, Cunxiang Ji, Lin Gao, Qiao Qin, Yue Zhang, Xiaodong Hao, Weisi Wang, Xiaoquan Dai, Feng Yan, Ou Jiang, Jinzhe Wu, Yadan Liu, Wenjuan Yin, Yi Tang, Ying Zhang, Pengfei Dong, Kangying Mao, Qin Chu, Yulan Chen, Sicheng Zhan, Jinqiu Tang, Di Tang, Jun Zeng, Kui Wang, Jun Wang, Xiaomin Fan, Jialin Hu, Jiaxiang Lu, Fuqing Chen, Hanjiang Fu, Aiguo Luo, Fang Ding, Xiangdong Zhu, Wai Ying, Yuan Yuan, Chao Xu, Guoqin Zhou, and Qu Chen ("Petitioning Creditors"), respectfully files their Objections to certain evidence Alleged Debtors intend to offer at the hearing scheduled for February 26, 2021 [Dkt. Nos. 339, 339-1 to 339-48], and would respectfully show the Court as follows:

---

[1] The Alleged Debtors in this jointly administered case are: WALL007 LLC, WALL009 LLC, WALL010 LLC, WALL011 LLC, WALL012 LLC, WALL016 LLC, and WALL017 LLC ("Alleged Debtors"). Currently, Alleged Debtors' federal tax identification numbers are unknown to Petitioning Creditors.

## OBJECTIONS

### A. Alleged Debtors' Motion for Recovery of Attorneys' Fees, Costs, and Compensatory and Punitive Damages Pursuant to 11 U.S.C. § 303(i) was Filed in Violation of the Local Rules

Petitioning Creditors object to and respectfully request the Court to disregard Debtors' Motion for Recovery of Attorneys' Fees, Costs, and Compensatory and Punitive Damages Pursuant to 11 U.S.C. § 303(i) as it was filed in violation of the Local Rules. Indeed, Alleged Debtors' callously ignored and violated Local Rule 7007-1 via Local Rule 9013-1 as well as Local Rule 7007-1(f)-as Alleged Debtors' motion is akin to an adversary proceeding under Bankruptcy Rule 9014 which mandates that a certificate of conference is required for their motion for fees and damages. As Alleged Debtors did not confer as the Local Rules require and failed to include the requisite certificate of conference in their motion, the Court should disregard Alleged Debtors' motion as it was improperly filed. *See* [Dkt. No. 313].

### B. Jeffrey H. Luber's Handwriting Analysis and Report

Petitioning Creditors object to the admissibility of Jeffrey H. Luber's Handwriting Analysis and Report as well as the contents set forth therein, and requests that the Court exclude, strike, and/or not consider the analysis/report. [Dkt. No. 339-47]. It is well-settled that expert reports are inadmissible hearsay because they are out-of-court statements offered to prove the truth of the matter asserted and fall within the definition of hearsay in Federal Rule of Evidence 801(c)(2). *Balfour Beatty Rail v. Kan. City S. Ry. Co.*, 173 F. Supp. 3d 363 (N.D. Tex. 2016) (citing *Bianco v. Globus Med.*, Inc., 30 F. Supp. 3d 565, 570 (E.D. Tex. 2014)). While experts are allowed to rely on hearsay in forming their opinions, "their testimony is not a vehicle by which evidence that is otherwise inadmissible may be introduced." *Id.* (citation omitted). Thus, Luber's

analysis/report is inadmissible hearsay.[2] The fact that Luber's report is unverified compounds its lack of indicia for unreliability. *See Provident Life & Accident Ins. Co. v. Goel*, 274 F.3d 984, 1000 (5th Cir. 2001) (unverified expert reports are inadmissible as hearsay).

Equally problematic is that when witnesses are not subject to cross examination, the Court cannot assess their credibility. *Polymers, Inc. v. Ultra Flo Filtration Sys.*, 33 F. Supp. 2d 1008, n.3 (M.D. Fla. 1998). In short, such evidence has little value when it is not and cannot be subject to cross-examination as to its contents. *See generally Herrera v. Collins*, 506 U.S. 390, 417 (1993). As the Court has no way to test the veracity of Luber's analysis/report, and given he was not disclosed to testify, the Court cannot ascertain Luber's credibility. As such, the analysis/report is inadmissible hearsay which cannot be considered.

Additionally, under Rule 702 of the Federal Rules of Evidence, a witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case." *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 588 (1993). Prior to admitting expert testimony, "[d]istrict courts must be assured that the proffered witness is qualified to testify by virtue of his 'knowledge, skill, experience, training, or education.'" *Wilson v. Woods*, 163 F.3d 935, 937 (5th

[2] Pre-trial expert reports "are hearsay and, absent agreement to their admission, are inadmissible." Bianco, 30 F. Supp. 3d at 565. "Such reports are out-of-court statements by witnesses offered for their truth, and therefore fall within the definition of hearsay in Federal Rule of Evidence 801(c)." *Id.*; *see also Alexie v. United States*, No. 3:05-CV-002997, 2009 U.S. Dist. LEXIS 4103, 2009 WL 160354, at *1 (D. Alaska Jan. 21, 2009) ("Application of the hearsay rule to exclude both parties' expert reports is quite straightforward. The reports are out-of-court statements by witnesses offered for their truth and so fall within the definition of hearsay in FED. R. EVID. 801.").

Cir. 1999). Thus, the court plays the role of a gatekeeper, determining the admissibility of "all types of expert testimony, not just scientific testimony." *United States v. Ebron*, 683 F.3d 105, 139 (5th Cir. 2012), cert. denied, 134 S. Ct. 512 (2013).

Here, Luber's sparse report and analysis lacks sufficient foundation and facts as he admits in his report that more data and examination time is needed. Moreover, his findings appear to be devoid of reliable principals and methods. Finally, Luber failed to indicate how much he was compensated for his services which is required under Federal Rule of Civil Procedure 26.

**C. Alleged Debtors' Counsel's internal email re: opinion on handwriting**

Petitioning Creditors object to the admissibility of Alleged Debtors' Counsel's internal email regarding the wet signatures as well as the contents set forth therein, and requests that the Court exclude, strike, and/or not consider the email. [Dkt. No. 339-48]. The email and the statements contained within are inadmissible hearsay as they are statements made out of court and offered in evidence to prove the truth of the matter asserted. FED. R. EVID. 801(c). Moreover, they have not been properly authenticated and are clearly self-serving.

Equally problematic is that when witnesses are not subject to cross examination, the Court cannot assess their credibility. *Polymers, Inc.*, 33 F. Supp. 2d at 1008, n.3. In short, such evidence has little value when it is not and cannot be subject to cross-examination as to its contents. *See generally Herrera*, 506 U.S. at 417. As the Court has no way to test the veracity of statement of the email, and given Mr. McMurry was not disclosed to testify (nor could he under the ethical rules), the Court cannot ascertain the credibility and reliability of the email. As such, the email is inadmissible hearsay which cannot be considered.

To the extent the email contains matters appropriate for an expert, Mr. McMurry is clearly unqualified and the email should be precluded on this basis as well.

**D. Dallas Morning News Article (June 1, 2020)**

Petitioning Creditors object to the admissibility of the Dallas Morning News Article [Dkt. 339-42] as it is inadmissible hearsay and has no relevance whatsoever other than to demonstrate that the Petitioning Creditors who filed an involuntary bankruptcy against the Wall entities are from China. As this is self-evident and not in dispute the article is at best needless. Indeed, the article is self-serving and misleading based on Barton and his agents unsworn and unverified statements to real estate columnist Steve Brown who failed to not only do his homework on the facts but failed to contact Petitioning Creditors or their counsel to get their side of the "story." In short, the article is unreliable and inadmissible hearsay which has no probative value whatsoever.

As such, the Court should disregard, strike, and/or preclude this exhibit as evidence.

**E. The Court Should First Rule on the Objections Interposed by Counsel Regarding Fu and Jiang's Deposition Testimony that was Objected to**

In their Exhibit List, Alleged Debtors submitted the entirety of the deposition transcripts of Fu and Jiang and did not indicate or provide deposition cuts of the specific testimony they intend to offer at the hearing. For this reason alone, the Court should preclude and/or limit which portions of the deposition testimony Alleged Debtors may offer into evidence at the hearing. Moreover, there is a plethora of testimony including the testimony Alleged Debtors refer to in their motion papers which were objected to by counsel at the deposition. As such, it is also respectfully submitted that the Court first rule on the objections made by counsel at the depositions (given Alleged Debtors did not parse out which deposition cuts they intend to introduce at the hearing) prior to Alleged Debtors offering into evidence at the hearing any portion of the transcript or testimony objected to by counsel. Petitioning Creditors may offer further objections to the testimony once Alleged Debtors parse out which portions they intend to offer at the hearing.

## CONCLUSION

Based on the above, Petitioning Creditors pray that the Court sustain their objections, disregard Alleged Debtors' motion and preclude, strike, and/or disallow the objected to evidence.

Dated: February 23, 2021

Respectfully submitted,

**NGUYEN & CHEN LLP**

/s/ *Brian M. Gargano*
Brian M. Gargano
State Bar No. 24102898
bgargano@nguyen-chen.com
Jiangang Ou
State Bar No. 5451133NY
jou@nguyen-chen.com
11200 Westheimer Road, Suite 120
Houston, Texas 77042
Tel: (832) 767-0339
Fax: (832) 767-0669

*Counsel for Petitioning Creditors*

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the above instrument was served on the date the instrument was electronically filed. Service has been accomplished electronically and/or by first-class mail to the parties listed below.

**Via U.S. Mail**
WALL007, LLC
13901 Midway Road, Suite 102
Dallas, Texas 75244

**Via U.S. Mail**
WALL009, LLC
13901 Midway Road, Suite 102
Dallas, Texas 75244

**Via U.S. Mail**
WALL010, LLC
13901 Midway Road, Suite 102
Dallas, Texas 75244

**Via U.S. Mail**
WALL011, LLC
13901 Midway Road, Suite 102
Dallas, Texas 75244

**Via U.S. Mail**
WALL012, LLC
13901 Midway Road, Suite 102
Dallas, Texas 75244

**Via U.S. Mail**
WALL016, LLC
13901 Midway Road, Suite 102
Dallas, Texas 75244

**Via U.S. Mail**
WALL017, LLC
13901 Midway Road, Suite 102
Dallas, Texas 75244

**Via ECF**
Khudabuksh K. Walji, Esquire
Law Office of K. Walji
10701 Corporate Drive, Suite 350
Stafford, Texas 77477

**Via ECF**
Robert W. Buchholz, Esquire
bob@attorneybob.com

**Via ECF**
Darrell Wayne Cook, Esquire
dwcook@attorneycook.com
all@attorneycook.com

**Via ECF**
Katherine T. Hopkins, Esquire
katherine.thomas@kellyhart.com

**Via ECF**
Joyce W. Lindauer, Esquire
joyce@joycelindauer.com
dian@joycelindauer.com
gina@joycelindauer.com

**Via ECF**
Steven C. Metzger, Esquire
smetzger@pmklaw.com

**Via ECF**
Michael P. Ridulfo, Esquire
mridulfo@krcl.com
dtrevino@krcl.com
mridulfo@ecf.courtdrive.com

**Via ECF**
Patrick D. Sullivan, Esquire
sullivan@hooverslovacek.com

**Via ECF**
United States Trustee
ustpregion06.da.ecf@usdoj.gov

**Via ECF**
Behrooz P. Vida, Esquire
filings@vidalawfirm.com
legalprokirstin@gmail.com
bkfilings@yahoo.com

Dated: February 23, 2021

/s/ *Brian M. Gargano*
Brian M. Gargano