Joyce W. Lindauer
State Bar No. 21555700
Guy H. Holman
State Bar No. 24095171
Kerry S. Alleyne
State Bar No. 24066090
Joyce W. Lindauer Attorney, PLLC
1412 Main St., Suite 500
Dallas, Texas 75202
Telephone: (972) 503-4033
Facsimile: (972) 503-4034
Attorneys for Alleged Debtors

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | **Chapter 7** |
| | § | |
| **WALL007 LLC, *et al.*[1],** | § | **Case No. 20-31131-hdh7** |
| | § | **(Jointly Administered)** |
| **Alleged Debtors.** | § | |

**SECOND MOTION TO STRIKE AND OBJECTION TO PETITIONERS' LATE-FILED AMENDED WITNESS AND EXHIBIT LISTS [DKT NOS. 354 AND 355]**

**TO THE HONORABLE UNITED STATES BANKRUPTCY COURT:**

COMES NOW WALL007, LLC et al. ("Alleged Debtors"), Alleged Debtors in the above-styled and numbered bankruptcy case, and files their *Second Motion to Strike and Objection to Petitioners' Late Filed Second Amended Witness and Exhibit Lists* [Dkt. No. 354 and 355] (the "Late Filed Pleadings"), and in support thereof would respectfully show the Court:

## I. PROCEDURAL AND FACTUAL BACKGROUND

1. On December 17, 2020, the Alleged Debtors filed their *Motion for Recovery of Attorney's Fees, Costs, and Compensatory and Punitive Damages* [Dkt. No. 313] (the "Recovery Motion") based on bad faith actions by the Petitioners that included (1) the improper filing these parallel bankruptcy cases based on identical claims to those asserted in non-bankruptcy Case

[1] The Alleged Debtors in these cases are: WALL007 LLC, WALL009 LLC, WALL010 LLC, WALL011 LLC, WALL012 LLC, WALL016 LLC, and WALL017 LLC.

No. DC-19-18361 filed in the District Court of Dallas County for the 44th Judicial District ("State Court"); (2) the refusal to properly comply with the Court's order to file a signed Live Deposition Agreement which was aimed at the determination of standing based on the threshold issues of verification of existence and validation of identity of persons claiming to be Petitioners; (3) the filing of multiple motions asserting false claims of non-existent "travel bans" and proposing alternate discovery procedures known to the Petitioners (and clearly determined by this Court) to be illegal under Chinese law and unsupportable under U.S. law. The Recovery Motion was also based on (i) the damage inflicted on the Alleged Debtors' relationships with their lenders; (ii) the restriction of capital needed to operate their enterprise that has led to the inability to refinance other of their debts resulting in potential defaults with other creditors; (iii) the morass of claims that other creditors were forced to file against the Alleged Debtors if only to preserve those claims in these redundant and pointless proceedings. All such fees, costs, and damages in the amount requested are permissible pursuant to 11 U.S.C. § 303(i)(1) and (2) and were requested in an effort to recoup legal fees resulting from the Petitioners' bad faith actions in the form of the filing of these proceedings and the need to respond to a quagmire of unnecessary pleadings, to offset the Petitioners' damaging but intended results of credit constriction, and to dissuade similar future bad acts.

2. On January 8, 2021, and with its appeals of the *Discovery Orders* and its *Order Denying Reconsideration* still before the Fifth Circuit, Petitioners filed their *Amended Motion for (i) Reconsideration of Order Dismissing Involuntary Bankruptcy Cases Without Prejudice; and (ii) Related Relief* [Dkt. No. 325] wherein Petitioners' counsel continued to assert that a "travel ban" imposed by the Trump Administration prohibits the Petitioners' travel to the United States. No such "travel ban" exists. The *travel restrictions* enumerated in the Presidential Proclamation

dated January 31, 2020 specifically enumerate exceptions to the restrictions and discuss the manner in which travel may be permitted. The restrictions in that Presidential Proclamation made no distinction between direct travel or indirect travel to the United States. No Petitioner ever attempted to seek entry into the United States by either direct or indirect means or using any exception enumerated in the Presidential Proclamation.

3. Further, upon information and belief, the Petitioners' counsel did not have a reasonable belief that the Live Deposition Agreement as filed was "sufficient and in compliance with the Court's Order" since such Order never mentioned any permission to so severely condition that Agreement as to allow the Petitioners to avoid their obligation to appear in the United States for deposition. During the four (4) months the Petitioners' counsel was aware of the Court's straightforward requirement for a signed and filed Live Deposition Agreement, it never requested, let alone mentioned, any such conditions prior the eleventh-hour filing of its "Agreement." The intent of the Petitioners was clear, namely that they would only agree to *possibly* appear. Despite mention in the instant Motion of the subsequent distribution in the United States of the Pfizer and Moderna vaccines for COVID-19 which clearly constitute a single changed circumstance that might relate to these proceedings, and provide grounds for this Court to reconsider its past Orders, the Petitioners have presented no evidence that distribution and availability of the American vaccine supply to citizens of the United States would in any way translate to similar distribution and availability of that supply in the People's Republic of China, thereby facilitating travel of that country's citizens to this country to participate in live, face-to-face depositions.

4. Also, on January 8, 2021, Petitioners filed their *Amended Opposition to Alleged Debtors' Motion for Recovery of Attorneys' Fees, Costs and Compensatory and Punitive Damages Pursuant to 11 U.S.C. § 303(i)* [Dkt. No. 326]. In that pleading, Petitioners wrongfully assert that

their "good faith" as to the filing of the bankruptcy cases must be presumed and that Alleged Debtors have presented no evidence of bad faith on their part.

5. On February 6, 2021, Petitioners filed their *Opposed Motion for Continuance of Hearing and Request for Limited Discovery* [Dkt. No. 332]. Notably, the Petitioners inequitably seek discovery to bolster their arguments to be presented at the hearing scheduled for February 23, 2021, but have themselves never complied with this Court's requirements concerning live depositions in these proceedings that would have enabled the Alleged Debtors to seek discovery.

6. On February 12, 2021, this Court entered its *Order Denying Petitioners' Motion to Reconsider Order Dismissing Involuntary Bankruptcy Cases* [Dkt. No. 336], noting that the Petitioners are unwilling to appear in the United States for live depositions before mid-September, 2021. As a result, these proceedings would be unacceptably delayed for any additional seven months before any progress on depositions could occur. Due to additional conditions placed by the Petitioners on these the conduct of these proceedings, the negative consequences on the Alleged Debtors' businesses, and the Petitioners' willful disobedience of the Court's "Discovery Orders" and "Compliance Order," the Court found all to be prejudicial, unjust and inequitable to the Alleged Debtors, thereby justifying dismissal of these involuntary bankruptcy petitions.

7. On the same day, February 12, 2021, the Court issued its *Order (i) Denying Petitioning Creditors Motion for Continuance and (ii) Bifurcating the Evidentiary Hearing on the Alleged Debtors' Motion for Recovery of Amounts Under 11 US.C. § 303(i)* [Dkt. No. 337]. The rationale for doing so was that the Petitioners never filed a reply in support of the Motion to Reconsider before the Court entered its Order Denying the Motion to Reconsider rendering inapplicable the Petitioners' argument that the possibility of relief in the 303(i) Motion is moot.

The Court also reasoned that the Petitioners had provided no reason why discovery has not already been completed.

8. On February 21, 2021, Petitioners filed their Exhibit List [Dkt. No. 341], Expert Disclosure [Dkt. No. 342], Amended Witness List [Dkt. No. 343], Amended Rule 26(a)(2)(B) and FRE 702 Expert Disclosure [Dkt. No. 344], and Amended Exhibit List [Dkt. No. 346]. The Amended Witness List [Dkt. No. 346] amended the original Witness List [Dkt. No. 340] filed only on February 20, 2021 which, at the time of their filing was late since the hearing to which these pleadings was scheduled for February 23, 2021.

9. On February, 22, 2021, Alleged Debtors filed their *Motion to Strike and Objection to Petitioners' Late Filed Exhibit List* [Dkt. No. 341], *Expert Disclosure* [Dkt. No. 342], and *Amended Witness Lists* [Dkt. Nos. 343, 344, and 346].

10. On February 22, 2021, Petitioners filed their *Opposed Emergency Motion for Continuance of Hearing* [Dkt. No. 348]. Before Alleged Debtors were able to file their response and objection to such Motion, this Court granted the *Emergency Motion for Continuance* [Dkt. No. 353] on February 23, 2021, thereby continuing the subject hearing to February 26, 2021.

11. After receiving the aforementioned continuance on February 23, 2021, counsel for Petitioners filed their Second Amended Witness List [Dkt. No. 354] and Second Amended Exhibit List [Dkt. No. 355] in the afternoon and evening (respectively). The Second Amended Witness List [Dkt. No. 354] added the names of four alleged Petitioners and identified three supposed Petitioners who would allegedly be appearing remotely from Europe. The Second Amended Exhibit List [Dkt. No. 355] included eight additional exhibits mentioned in the First Amended Exhibit List and added five new exhibits. Each of these exhibits was filed late.

## II. ARGUMENT

**A. The Petitioners filing of their Second Amended Witness List and Second Amended Exhibit List are untimely, and should not be considered by this Court.**

12. Local Bankruptcy Rule 9014-1(c)(2) requires parties to file and deliver to the opposing party their separate witness and exhibit lists *at least* three (3) days prior to the scheduled hearing date.

13. Here, the Second Amended Witness List [Dkt. No. 354], and Second Amended Witness List [Dkt No. 355] were both filed on the afternoon and evening of February 23, 2021, which is less than three days prior to the continued hearing. These filings are untimely and should not be allowed. They are completely late as to the original hearing date and time and now late as to the new hearing date and time. The Court did not extend the time to file new exhibits and witnesses. Exhibit "1" shows the untimeliness of the exhibits submitted by the Petitioners under all three exhibit lists they have filed and the additional inclusion of exhibits after the Court granted the continuance to February 26, 2021.

14. Further, it seems like the real purpose for which Petitioners' counsel sought a continuance of the subject hearing was to take advantage of the additional time by amending its already-late and earlier-filed Witness Lists [Dkt. Nos. 340, 343] and Exhibit Lists [Dkt. No. 341, 346]. What Petitioners are doing makes it very difficult for the Alleged Debtors and their counsel to adequately prepare for hearings when the Petitioners keep changing the playing field.

**B. The Petitioners request to take the testimony via the Zoom should not be allowed.**

15. As has been stated in numerous pleadings to date, at least one court has made it clear that in "testifying via video link while located in mainland China, [a plaintiff] violated Chinese law" which results in such testimony being struck from the record. *Ji v. Jling Inc.,*

15-CV-4194 (SIL), 22 (E.D.N.Y. Mar. 31, 2019). Further, another reason why testimony is not permitted is because all depositions require the swearing of an oath which would also violate Chinese law. The reason for this is that "China regards the administering of oaths by foreign attorneys and consular officials as a violation of China's judicial sovereignty" and, consequently, "[w]hen foreign attorneys or consular officials administer an unauthorized oath in China, the penalties may include arrest, detention, expulsion, or deportation of all participants in the oath." *Id*. As has already been determined, these same rules apply to territories controlled by China, i.e. Hong Kong and Macau. While it is unlikely that the Chinese government would be able to affect any such penalties against counsel in this case due to the fact that attorneys involved in such violations would do so from within the borders of the United States, any order by this Court to take testimony from persons on Chinese soil will likely to place the *witnesses* in legal jeopardy and will have marked those attorneys who conducted the examinations of such witnesses as having similarly violated Chinese law.

16. Further, to allow the Petitioners to testify from China thwarts each and every reason for which live depositions in the United States are required as has previously been recognized by this Court. The identity of the persons on the Second Amended Witness List has to be established as well as their purported role as an alleged creditor. None of that can be done via Internet testimony. These arguments have been presented several times, and each time the Court has agreed. To allow the Petitioners to disregard all the prior orders and now attempt to appear via Zoom from China must be disallowed.

17. If certain Petitioners are located in Europe then they should have been presented for depositions during the time that the case was pending. To allow them to testify now is not

appropriate since the Alleged Debtors never had the opportunity to have them deposed while the cases were pending.

## III. CONCLUSION

18. For reasons articulated heretofore, this Court should find that the Petitioners have failed to adhere to the requirement to timely file their Witness and Exhibit Lists pursuant to the terms of LBR 9014-1(c)(2). The Court should also find, as it has done numerous times in the past, that taking the testimony of Chinese witnesses while they are located on Chinese soil violates both Chinese and United States law and lacks the elements of trustworthiness required in any case. Further if some of the alleged Petitioners are in Europe they should have been available to be deposed during the pendency of the cases and were not. So they should not be allowed to testify now.

## IV. PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Alleged Debtors WALL007, LLC *et al.* request that this Court enter an order finding the Witness and Exhibit Lists are filed untimely, that testimony by the Chinese witnesses will violate both Chinese and U.S. law, and that the Late Filed Pleadings will not be considered by this Court for purposes of the hearing scheduled for February 26, 2021. Further the alleged Petitioners should not be able to defeat the deposition requirements in the case by appearing now for hearing. Alleged Debtors further request that this Court grant such other and further relief to which they may be justly entitled.

Dated: February 24, 2021.

Respectfully submitted,

*/s/ Joyce W. Lindauer*

Joyce W. Lindauer
State Bar No. 21555700
Guy H. Holman
State Bar No. 24095171
Kerry S. Alleyne
State Bar No. 24066090
Joyce W. Lindauer Attorney, PLLC
1412 Main St., Suite 500
Dallas, Texas 75202
Telephone: (972) 503-4033
Facsimile: (972) 503-4034
Email: joyce@joycelindauer.com
guy@joycelindauer.com
kerry@joycelindauer.com
Attorneys for Alleged Debtors

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on February 24, 2021, a true and correct copy of the foregoing document was served via email pursuant to the Court's ECF system upon all parties receiving notice in this case.

*/s/ Joyce W. Lindauer*

Joyce W. Lindauer

**Petitioning Creditors' Exhibit List (Annotated for Late Filing)**
**Wall007, et al.**
**Case No. 20-31131**

| | | W&E List | | | |
|---|---|---|---|---|---|
| Exhibit No. | Exhibit Title | Original Filed 2.21@14:51 | 1st Amended Filed 2.21@22:25 | 2nd Amended Filed 2.23@19:39 | Late Filed |
| 1 | Docket Sheet 20-31131 (Wall007) | x | | | x |
| 2 | Original Petition, Cause No. 20-31131, (Wall007, LLC)-with Loan Agreements [Dkt. No. 1] | x | | | x |
| 3 | Original Petition, Cause No. 20-31133, (Wall009, LLC)-with Loan Agreements [Dkt. No. 1-in Cause No. 20-31133] | x | | | x |
| 4 | Original Petition, Cause No. 20-31134, (Wall010, LLC)-with Loan Agreements [Dkt. No. 1- in Cause No. 20-31134] | x | | | x |
| 5 | Original Petition, Cause No. 20-31135, (Wall011, LLC)-with Loan Agreements [Dkt. No. 1- in Cause No. 20-31135] | x | | | x |
| 6 | Original Petition, Cause No. 20-31136, (Wall012, LLC)-with Loan Agreements [Dkt. No. 1- in Cause No. 20-31136] | x | | | x |
| 7 | Original Petition, Cause No. 20-31138, (Wall016, LLC)-with Loan Agreements [Dkt. No. 1- in Cause No. 20-31138] | x | | | x |
| 8 | Original Petition, Cause No. 20-31139, (Wall017, LLC)-with Loan Agreements [Dkt. No. 1- in Cause No. 20-31139] | x | | | x |
| 9 | Joint Pre-Conference Statement [Dkt. No. 25] | x | | | x |
| 10 | Declaration of Timothy Barton [Dkt. No. 64] | x | | | x |
| 11 | Declaration of Timothy Barton [Dkt. No. 109] | x | | | x |
| 12 | Wall007- Wet Signatures | x | | | x |
| 13 | Wall009- Wet Signatures | x | | | x |
| 14 | Wall010- Wet Signatures | x | | | x |
| 15 | Wall011- Wet Signatures | x | | | x |
| 16 | Wall012- Wet Signatures | x | | | x |
| 17 | Wall016 -Wet Signatures | x | | | x |
| 18 | Wall017- Wet Signatures | x | | | x |
| 19 | Emails from Alleged Debtors with Loan Reciepts attached Part 1 | x | | | x |
| 20 | Emails from Alleged Debtors with Loan Reciepts attached Part 2 | x | | | x |
| 21 | Emails from Alleged Debtors with Loan Reciepts attached Part 3 | x | | | x |
| 22 | Declaration of Timothy Barton [Dkt. No. 121] | x | | | x |
| 23 | Declaration of Timothy Barton [Dkt. No. 122] | x | | | x |
| 24 | Declaration of Timothy Barton [Dkt. No. 123] | x | | | x |
| 25 | Petitioning Creditors' Amended Motion to Compel [Dkt. No. 124] | x | | | x |
| 26 | Supplemental Declaration of Stephen M. Packman with Ex. A- Wet Signatures [Dkt. Nos. 244 and 244-1] | x | | | x |
| 27 | Supplemental Declaration of Stephen M. Packman with Ex. A- Passports and Loan Agreements [Dkt. Nos. 248 and 248-2] | x | | | x |
| 28 | Transcript of Proceedings held on June 3, 2020 [Dkt. No. 71] | x | | | x |
| 29 | Transcript of Proceedings held on July 31, 2020 [Dkt. No. 141] | x | | | x |
| 30 | Transcript of Proceedings held on August 17, 2020 [Dkt. No. 172] | x | | | x |
| 31 | Transcript of Proceedings held on October 23, 2020 [Dkt. No. 265] | x | | | x |
| 32 | Court's Order dated November 23, 2020 [Dkt. No. 287] | x | | | x |
| 33 | Live Deposition Agreement filed on December 4, 2020 [Dkt. No. 308] | x | | | x |

**EXHIBIT "1"**

**Petitioning Creditors' Exhibit List (Annotated for Late Filing)**
**Wall007, et al.**
**Case No. 20-31131**

| Exhibit No. | Exhibit Title | W&E List Original Filed 2.21@14:51 | W&E List 1st Amended Filed 2.21@22:25 | W&E List 2nd Amended Filed 2.23@19:39 | Late Filed |
|---|---|---|---|---|---|
| 34 | Court's Order dated December 7, 2020 [Dkt. No. 310] | x | | | x |
| 35 | Alleged Debtors' Motion for Recovery of Attorneys' Fees, Costs and Compensatory and Punitive Damages Pursuant to 11 U.S.C. § 303(i) [Dkt. No. 313] | x | | | x |
| 36 | Petitioning Creditors' Notice of Appeal [Dkt. No. 314] | x | | | x |
| 37 | List of Creditors of Wall010, LLC [Dkt. No. 18 in Case No. 20-31134] | | x | | x |
| 38 | List of Largest 20 Unsecured Creditors of Wall 010, LLC [Dkt. No. 19 in Case No. 21-30016] | | x | | x |
| 39 | Amended Motion for Reconsideration [Dkt. No. 325] | x | | | x |
| 40 | Amended Objection to Alleged Debtors' Motion for Recovery of Attorneys' Fees, Costs and Compensatory and Punitive Damages Pursuant to 11 U.S.C. § 303(i) [Dkt. No. 326] | x | | | x |
| 41 | Notice of Hearing [Dkt. No. 329]. | x | | | x |
| 42 | Motion to Continue Hearing [Dkt. No. 332] | x | | | x |
| 43 | Reply and Brief in further support of Motion for Reconsideration [Dkt. Nos. 333 and 334]. | x | | | x |
| 44 | Court's Order denying Motion for Reconsideration [Dkt. No. 336]. | x | | | x |
| 45 | Court's Order denying Motion for Continuance [Dkt. No. 337]. | x | | | x |
| 46 | Alleged Debtors Witness and Exhibit Lists and attached Exhibits [Dkt. Nos. 339, 339-1 to 339-48] | x | | | x |
| 47 | Petitioning Creditors' Witness List [Dkt. No. 340] | x | | | x |
| 48 | Petitioning Creditors Disclosure and Designation of Translator for hearing [Dkt. No. 342] | | x | | x |
| 49 | Petitioning Creditors' Amended Witness List [Dkt. No. 343] | | x | | x |
| 50 | Petitioning Creditors Amended Disclosure and Designation of Translator for hearing [Dkt. No. 344] | | x | | x |
| 51 | Wall Entities' Notices of Default to Michael Fu | | x | | x |
| 52 | Second Declaration of Timothy Barton [Dkt. No. 161-1] | | x | | x |
| 53 | Motion to Appoint Ida Shaw as Translator [Dkt. Nos. 345 and 345-1] | | x | | x |
| 54 | Petitioning Creditors' Second Amended Witness List [Dkt. No. 354] | | | x | x |
| 55 | Email correspondence from JMJ to Fu re: showing receipt of funding from PIC and PowerPoint presentation | | | x | x |
| 56 | Petitioning Creditors' Discovery Demands Propounded on Alleged Debtors and Alleged Debtors' Responses | | | x | x |
| 57 | Petitioning Creditors' Responses to Alleged Debtors' Discovery Demands demonstrating production of numerous documents to Alleged Debtors | | | x | x |
| 58 | Guan Pei Reciept from JMJ | | | x | x |