**Subject:** Re: Second Motion to Strike is frivolous- please withdraw
**Date:** Wednesday, February 24, 2021 at 9:25:13 PM Central Standard Time
**From:** Joyce Lindauer
**To:** Brian Gargano, Vance McMurry, Larry Martin, Steven Metzger, Khudabuksh K. Walji

I am familiar with the rules in this court
My pleadings are correct. I stand by what we have filed.

Sent from my iPhone

On Feb 24, 2021, at 8:34 PM, Brian Gargano <bgargano@nguyen-chen.com> wrote:

Joyce,

I am writing to you as a professional courtesy in the hope you do the right thing and withdraw your frivolous motion to strike and your recently filed supplement by midnight so that a Rule 11 sanction motion can be avoided when we file our response to it tomorrow.

Again, I understand your zealous representation of your client and do not begrudge you for that. However, there is a fine line between zealous representation and the unethical and improper practice of law.

I am worried you are crossing it and I want to raise the caution flag for a fellow attorney. FRCP 11(b) addresses this line and explicitly states:

By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

(1) **<u>it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation</u>**;

(2) **<u>the claims</u>**, defenses, and **<u>other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law</u>**;

(3) **<u>the factual contentions have evidentiary support</u>** or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

(4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Your position that the Lists and Exhibits were not filed 3 days before the February 26, 2021 hearing (remember the Court granted the emergency motion for continuance and you could not do Thursday morning February 25 for the hearing-I can send you the email you sent to Jenni if you like) is frivolous as three days prior (both regular and business days) to February 26-the

hearing date is February 23.

Additionally, you make the absurd argument "The Attorney Desk Reference for the Northern District of Texas which governs in this matter explicitly states that "Exhibits for trials and contested matters must be marked and exchanged three business days in advance of the hearing. Per L.B.R. 9014-1(c)(2), lists of witnesses and exhibits must be filed and exchanged three business days in advance."

First, the Dictionary definition of business day is: a day when most businesses are open : a weekday that is not a holiday. See https://www.merriam-webster.com/dictionary/business%20day
Even assuming the business day language applied, it makes no difference as the 23 is a business day, the 24th is a business day and the 25th is a business day. Since you received it on them on the 23th, you received them three business days before the hearing.

Second, it seems you mislead the Court as to the significance of the Attorney Desk Reference. As you will see at https://www.txnb.uscourts.gov/attorney-desk-reference the Court states:

"Attorney Desk Reference
Click here to download the Attorney Desk Reference
**This publication is based on the policies and procedures of the United States Bankruptcy Court for the Northern District of Texas** in effect as of September 1, 2011. **It is not a substitute for requirements contained in the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Federal Rules of Civil Procedure, the local rules of this court, the Administrative Procedures of this court and various guidelines of the Judicial Conference of the United States and the Administrative Office of the United States Courts**.
This publication will be updated on our website as necessary. Comments regarding this publication should be directed to:"

As such, your representation to the Court that the Desk Reference governs is ill-advised at best.

Moreover, your claim that we did not ask the Court for an extension of the 3-day deadline makes no sense. Given the rule which you cited in your papers is 3-days prior to the hearing (whether business or regular days) and the fact the hearing is scheduled for February 26, 2021, there is no need and no basis whatsoever for us to have petitioned the Court for an extension of a deadline we have already met.

Last but not least is the following:

FRCP 6:

(a) Computing Time. The following rules apply in computing any time period specified in these rules, in any local rule or court order, or in any statute that does not specify a method of computing time.
(1) Period Stated in Days or a Longer Unit. When the period is stated in days or a longer unit of time:
(A) exclude the day of the event that triggers the period;
(B) count every day, including intermediate Saturdays, Sundays, and legal holidays; and
(C) include the last day of the period, but if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday.

This standard applies globally from the Federal Rules of Bankruptcy Procedure (Rule 9006), Federal Rules of Appellate Procedure (Rule 26), Texas Rules of Civil Procedure (Rule 4), Texas Rules of Appellate Procedure (Rule 4.1), etc.

I implore you to do the right and sensible thing and withdraw these frivolous filings.

I can give you until midnight tonight as I am scheduled to talk with my clients and provide a status update to them shortly after that time.

-Brian

**Brian Gargano**
Partner

**Nguyen & Chen, LLP**
11200 Westheimer, Suite 120
Houston, Texas 77042
(832) 767-0339
(832) 767-0669 (fax)
Mobile: (315) 877-4577
bgargano@nguyen-chen.com

---

**From:** "bgargano@nguyen-chen.com" <bgargano@nguyen-chen.com>
**Date:** Wednesday, February 24, 2021 at 4:52 PM
**To:** Joyce Lindauer <joyce@joycelindauer.com>
**Cc:** N&C-Jiangang OU <jou@nguyen-chen.com>
**Subject:** Second Motion to Strike is frivolous- please withdraw

Joyce,

I saw this with all respect, I presume you learned simple addition and subtraction in school.

Please tell me the answer to this simple math problem:

26-23 = ?

As a Computer Scientist before I went to the dark side to become a lawyer I was very good at math and discrete mathematics.

From a liberal arts perspective, the dictionary defines the term "at least" as not less than; at the minimum. For example, the car will cost at least $10K. Meaning you must $10K or more for the car.

In math and computer science parlance, the term at least translates to >=. For example, 4 >= 3.

The language you quoted in your motion: "Local Bankruptcy Rule 9014-1(c)(2) requires parties to file and deliver to the opposing party their separate witness and exhibit lists at least three (3)

days prior to the scheduled hearing date" states by its plain meaning that those filings must occur >=3 days before the 26.

Simple math shows that 26-23 = 3. Since 3 = 3, the filings are undeniably timely. The language does not say anything else, it does not say three days prior before a certain time, ect.

As such, Point A of your second motion (which is the only thing changed from your first motion) **is frivolous**.

I bring this to your attention as I loathe to seek Rule 11 sanctions on others and my clients are going to instruct me to unless you cure ASAP.

Thank you.

-Brian

**Brian Gargano**
Partner

**Nguyen & Chen, LLP**
11200 Westheimer, Suite 120
Houston, Texas 77042
(832) 767-0339
(832) 767-0669 (fax)
Mobile: (315) 877-4577
bgargano@nguyen-chen.com