**IN THE UNITED STATES BANKRUPTCY COURT FOR THE
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| In re:<br><br>WALL007 LLC, et al.,[1]<br><br>Alleged Debtors. | Chapter 7<br><br>Case No. 20-31131 (HDH)<br>(Jointly Administered) |

**PETITIONING CREDITORS' RESPONSE TO ALLEGED DEBTORS' MOTIONS TO <u>STRIKE AND OBJECTION</u>**

Petitioning Creditors Jun Li, Yunding Kang, Cunxiang Ji, Jin Wang, Peng Guo, Lin Zhou, Qu Zhou, Kai Tian, Yijing Wu, Xuegeng Gong, Weijia Kong, Heng Zhang, Hong Guo, Pei Guan, Yue Xu, Mai Ye, Chenchen Jiang, Qiuying Li, Ruinian Wu, Liying Yang, Yan Zhang, Wenjun Wang, Ying Zhou, Lin Li, Li Jiang, Rufeng Ding, Cunxiang Ji, Lin Gao, Qiao Qin, Yue Zhang, Xiaodong Hao, Weisi Wang, Xiaoquan Dai, Feng Yan, Ou Jiang, Jinzhe Wu, Yadan Liu, Wenjuan Yin, Yi Tang, Ying Zhang, Pengfei Dong, Kangying Mao, Qin Chu, Yulan Chen, Sicheng Zhan, Jinqiu Tang, Di Tang, Jun Zeng, Kui Wang, Jun Wang, Xiaomin Fan, Jialin Hu, Jiaxiang Lu, Fuqing Chen, Hanjiang Fu, Aiguo Luo, Fang Ding, Xiangdong Zhu, Wai Ying, Yuan Yuan, Chao Xu, Guoqin Zhou, and Qu Chen ("Petitioning Creditors") respond and oppose Alleged Debtors' Motion to Strike and Objection to Petitioners' Late Filed Exhibit List, Expert Disclosure, and Amended Witness Lists [Dkt. No. 347] ("First Motion to Strike") and Alleged Debtors' Second Motion to Strike and Objection to Petitioners' Late Filed Exhibit List, Expert Disclosure, and Amended Witness Lists [Dkt. No. 358] ("Second Motion to Strike") would respectfully show the Court as follows:

[1]The Alleged Debtors in this jointly administered case are: WALL007 LLC, WALL009 LLC, WALL010 LLC, WALL011 LLC, WALL012 LLC, WALL016 LLC, and WALL017 LLC ("Alleged Debtors").

## BACKGROUND

On December 7, 2020, the Court issued its Order Dismissing Involuntary Bankruptcy Cases Without Prejudice, which describes conditions and concerns arising from COVID-19 causing excessive delay and uncertainty concerning discovery. [*See* Dkt. No. 310]. The delay and uncertainty stems from the fact that many Petitioning Creditors reside in China, which made taking their depositions in the U.S. practically impossible given past international travel restrictions on top of grave health concerns associated with COVID-19. As such, the Court stated, "If [Petitioning Creditors] are more comfortable traveling to the United States in the future to prosecute their case, they are welcome to re-file the involuntary petitions at that time." *Id.* at p. 6. The Court did not comment on the merits of Petitioning Creditors' claims or Alleged Debtors' defenses. *See id.*

On December 17, 2020, Alleged Debtors filed their Motion for Recovery of Attorneys' Fees, Costs, and Compensatory and Punitive Damages pursuant to 11 U.S.C. § 303(i) ("Motion for Recovery"). [Dkt. No. 313]. The Motion was filed in violation of Local Rule 7007-1 via Local Rule 9013-1 as well as Local Rule 7007-1(f) as Alleged Debtors' motion is akin to an adversary proceeding under Bankruptcy Rule 9014 which mandates that a certificate of conference is required for their motion for fees and damages. Indeed, Alleged Debtors did not confer as the Local Rules required and did not include the requisite certificate of conference in their motion. In any event, the Motion for Recovery improperly seeks a determination on the merits of Petitioning Creditors' Involuntary Bankruptcy Petitions and absurdly requests an award for attorneys' fees, costs, compensatory damages, and punitive damages against Petitioning Creditors for **$138,671,477.76**. *Id.* at p. 141.

On February 20, 2021, Petitioning Creditors filed their Witness List. [Dkt. No. 340]. On February 21, 2020, Petitioning Creditors filed their Exhibit List with Exhibits [Dkt. No. 341],

Expert Witness Disclosure [Dkt. No. 342], Amended Witness List [Dkt. No. 343], Amended Expert Witness Disclosure [Dkt. No. 344], Application/Motion to employ Ida Shaw as translator for the hearing [Dkt. No. 345], and Amended Exhibit List with Exhibits [Dkt. No. 346] in preparation for an evidentiary hearing on Alleged Debtors' Motion for Recovery.

On February 22, 2021, Alleged Debtors filed their First Motion to Strike while knowing full well Petitioning Creditors' counsel's situation and request for an agreed brief continuance given Winter Storm Uri. [Dkt. No. 347]. As the Court is well aware, Winter Storm Uri ravaged Texas beginning on February 14, 2021, in which power, internet, and water was knocked out across the state for days impacting millions of Texans. Petitioning Creditors' counsel and his firm were not spared from the storm's wrath as they lacked power, internet, heat, and water for most of last week which made it practically impossible to file everything timely before the original hearing date February 23, 2021. The details on this impact are more specifically set forth in Petitioning Creditors' Emergency Motion for Continuance which the Court granted. [Dkt. Nos. 348, 348-1, and 353].[2] While the Court originally intended to reschedule the hearing to the morning of February 25, 2021, Alleged Debtors' counsel had a conflict, and as such, the Court set the hearing for the morning of February 26, 2021. *See* Ex. "A" attached hereto.

On February 23, 2021, three days (business and regular) prior to February 26, 2021, Petitioning Creditors' timely filed their Second Amended Witness List [Dkt. No. 354] and Second Amended Exhibit List with Marked Exhibits [Dkt. No. 355]. Despite these timely filings, Alleged Debtors filed a Second Amended Motion to Strike [Dkt. No. 358] in which the only change from the First Motion was the utterly frivolous argument that Petitioning Creditors' filing on February

[2] Notably, when Petitioning Creditors' counsel regained power and internet on the morning of February 19, 2021, he wrote to Alleged Debtors' counsel informing her of the situation and requested an agreed brief continuance which Alleged Debtors' rejected. *See* [Dkt. 348-1].

23 was untimely under the Local Rules. *See id.* Petitioning Creditors' counsel wrote to Alleged Debtors' counsel asking Alleged Debtors' to withdraw the frivolous motion/argument. *See* Ex. "B" attached hereto. Alleged Debtors' counsel not only refused to withdraw what is an obvious violation of FRCP 11(b) or Bankruptcy Rule 9011(b), but admitted that this action was purposeful and willful. *See id.* As such, Petitioning Creditors' intend to file an application to the Court for FRCP 11 and/or Bankruptcy Rule 9011(b) sanctions and request applicable attorneys' fees and costs unless Alleged Debtors withdraws the filing timely under the safe-harbor period which this Court may set to as early as tomorrow morning. For the reasons set forth below, the Court should deny Alleged Debtors' motions to strike and should *sua sponte* sanction Alleged Debtors' and their counsel accordingly.

## ARGUMENT

### A. PETITIONING CREDITORS' FILINGS ARE TIMELY AND THE TIMELINESS ISSUE IS MOOT

Alleged Debtors' primary argument in their Motion to Strike is that the filing of Petitioning Creditors' Amended Witness List and Amended Exhibit List was untimely under Local Bankruptcy Rule 9014-1(c)(2), which requires parties to file and serve witness and exhibit lists at least three days before the scheduled hearing date. First, Petitioning Creditors' Witness List was timely filed on February 20, 2021, three days prior to the scheduled hearing on February 23, 2021. [Dkt. No. 340]. Second, given the Court's granting of Petitioning Creditors' Emergency Motion for Continuance [Dkt. No. 353] in which the Court continued the hearing to February 26, 2021, Petitioning Creditors' Amended Witness List, Expert Disclosure, Motion to Appoint Translator, and Amended Exhibit List with exhibits filed on February 21, 2021, and the Second Amended

Witness List and Second Amended Exhibit List with marked Exhibits filed on February 23, 2021, were unequivocally file timely under the Local Rules.[3]

Nonetheless, Alleged Debtors make the absurd and patently frivolous arguments that: 1) the Local Rules language "at least three (3) days prior to the scheduled hearing date" means greater than or more than three days; 2) the Attorney Desk Reference supersedes the Federal Rules of Civil Procedure and Local Rules; 3) the filings did not occur at least three business days prior to the scheduling hearing date; and 4) Petitioning Creditors were required to ask the Court for an extension of something Petitioning Creditors timely filed and has no need for an extension.

First, the Dictionary defines the term "at least" as meaning: not less than; at the minimum. In mathematical parlance the term "at least" means $\geq$. Since the hearing date is February 26, 2021, and the Second Amended filings occurred on February 23, 2021, the filings occurred at least 3 days prior to February 26, 2021. Second, the Attorney Desk Reference makes abundantly clear that it is not a substitute for the requirements contained in the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Federal Rules of Civil Procedure, the local rules of this court, the Administrative Procedures of this court and various guidelines of the Judicial Conference of the United States and the Administrative Office of the United States Courts.[4] Third, the Dictionary definition of business day is: a day when most businesses are open; a weekday that is not a holiday.[5] Thus, even assuming the business day language applied, it makes no difference as the 23rd is a business day, the 24th is a business day and the 25th is a business day. As the second amended filings occurred on the 23rd, the Alleged Debtors cannot even reasonably dispute they

[3] Ironically, Alleged Debtors are the ones who ignored and failed to follow the Court's Local Rules-L.B.R. 7007-1 made applicable via L.B.R 9013-1 and L.B.R 7007-1 made applicable via Federal Bankruptcy Rule 9014 by not conferring on and including the requisite certificate of conference in their Motion for Recovery [Dkt. No. 313].

[4] *See* https://www.txnb.uscourts.gov/attorney-desk-reference.

[5] *See* https://www.merriam-webster.com/dictionary/business%20day.

were filed at least three business prior to the 26th. Finally, given the second amended filings were timely filed there is absolutely no reason whatsoever for Petitioning Creditors to have burdened the Court with an unnecessary application for an extension of something that an extension is not needed for.

As such, the issue is moot, Alleged Debtors' argument and filing are frivolous, and the Court should deny Alleged Debtors' motion and sanction them accordingly.

**B. AN EXPERT PROVIDING FOREIGN LANGUAGE INTERPRETATION OF TESTIMONY IS NOT REQUIRED TO FURNISH AN "EXPERT" REPORT**

Alleged Debtors' next challenge Petitioning Creditors' expert disclosure designating Ida Shaw as translator for the hearing on the erroneous basis that an attendant expert report was not furnished in accordance with Federal Rule of Civil Procedure 26(a)(2)(B). [Dkt. No. 347 at p. 6]. Alleged Debtors' argument is risible as it is undisputed that Ms. Shaw will not be opining on anything as she shall merely provide Mandarin Chinese/English translation/interpretation for the benefit of the Court and both Parties at hearing. In short, there is no report to furnish and thus Alleged Debtors' objection is without merit. As several of Petitioning Creditors' witnesses speak little to no English, the necessity for a translator/interpreter is readily apparent and Ms. Shaw is amply qualified. *See* [Dkt. No. 345]. Moreover, the admissibility of an interpreter is governed under Federal Rule of Evidence 604 which states that "[a]n interpreter must be qualified and must give an oath or affirmation to make a true translation." FED. R. EVID. 604. Thus, as an interpreter, Ms. Shaw is not an expert in the traditional sense and it would be illogical to require her to provide a report on the translation of questions and answers she cannot possibly know about beforehand. Moreover, the Court under Federal Rule of Civil Procedure 43(d) is free to appoint Ms. Shaw as interpreter regardless of the sufficiency of Petitioning Creditors' Rule 26(a)(2)(B) disclosure. *See* FED. R. CIV. P. 43(d) ("The court may appoint an interpreter of its choosing; fix reasonable

compensation to be paid from funds provided by law or by one or more parties; and tax the compensation as costs.”).

As Alleged Debtors’ argument on this point is illogical and lacks merit, the Court should deny Alleged Debtors’ motion on this ground as well.

**C. No binding evidence/authority bars Petitioning Creditors from testifying via Webex.**

Alleged Debtors’ final argument in their motions to strike is that Petitioning Creditors’ witnesses cannot testify via Webex because Chinese law prohibits them.

First, U.S. law, not Chinese law, applies to these proceedings. Federal Rule of Civil Procedure 43(a) provides that “[f]or good cause in compelling circumstances and with appropriate safeguards, the court may permit testimony in open court by contemporaneous transmission from a different location.” FED. R. CIV. P. 43(a); *see also In re Vioxx Prod. Liab. Litig.*, 439 F. Supp. 2d 640, 643 (E.D. La. 2006) (finding contemporaneous transmission of witness’s testimony at trial through use of videoconferencing was warranted). Courts have found that conducting adversarial hearings by videoconference is consistent with the requirement that such proceedings take place in open court, and videoconferencing technology enables counsel to test witnesses through cross-examination and courts to observe witnesses’ demeanor. *See Gould Elecs. Inc. v. Livingston Cty. Rd. Comm’n*, 470 F. Supp. 3d 735, 740 (E.D. Mich. 2020); *F.T.C. v. Swedish Match N. Am., Inc.*, 197 F.R.D. 1, 1 (D.D.C. 2000) (“there is no material difference between the live testimony that defendants seek and the live video testimony sought by the plaintiffs”). Moreover, the United States District Court for the Northern District of Texas currently encourages parties “to seek to participate in non-sentencing hearings and conferences by telephone or video.” Special Order 13-5 (Court Operations Under the Exigent Circumstances Created by the COVID-19 Pandemic) dated March 13, 2020. Likewise, “During the COVID-19 Pandemic, the Northern District of Texas

Bankruptcy Court is conducting most of its hearings virtually, using WebEx video conferencing." Clerk's Notice 20-04 (Participating in Bankruptcy Court Hearings by Videoconference). Nowhere in any of this authority does it allow the Court to discriminate and preclude witnesses from testifying merely because of what country they are in. Under U.S. law and this authority, nothing precludes a witness from voluntarily testifying from anywhere in the world. This is in stark contrast to a situation where a state or federal court is compelling the witness to testify from the country he/she resides as such a ruling directly implicates that particular country's sovereignty on the issue.

Second, some of the Petitioning Creditors' witnesses reside outside of China-they will be making their videoconference appearances from Europe. Specifically, the following disclosed witnesses who are also Petitioning Creditors are currently based in Europe: (1) Weijia Kong, (2) Yue Zhang, and (3) Sicheng Zhan. Any purported concerns raised by Chinese law is not applicable to them, as such there is no reason whatsoever to preclude their testimony at the hearing.

Third, to the extent that a country's law impacts the ability of the person to testify, that is an internal matter and an individual choice made by the witness. As previously stated, this is quite different from the Court compelling them to testify. In short, there is no difference at the hearing whether they are in China or Antarctica, as long as they take the oath and agree that the testimony is under penalty of perjury—that is sufficient. *See, e.g.*, *Gould*, 470 F. Supp. 3d at 740; *Swedish Match*, 197 F.R.D. 1 at 1. The key here is the oath prescribed by Federal Rule of Evidence 603: "Before testifying, a witness must give an oath or affirmation to testify truthfully. It must be in a form designed to impress that duty on the witness's conscience." FED. R. EVID. 603. Moreover, under Federal Bankruptcy Procedure Rule 9012(b), "[w]hen in a case under the Code an oath is required to be taken a solemn affirmation may be accepted in lieu thereof." FED. R. BANKR. P.

9012(b). As Petitioning Creditors' witnesses intend to take the oath or give a solemn affirmation there is no reason to preclude their testimony on this basis.

Fourth, the U.S. Department of State language cited regarding the pertinent Chinese law is not applicable here as that language only concerns discovery and voluntary depositions under the Hague Evidence Convention,[6] not party witnesses appearing at the hearing. Alleged Debtors did not and cannot cite to any Chinese laws prohibiting its own citizens from appearing and testifying at a hearing in a U.S. bankruptcy court. Notably, many China-based unsecured trade creditors did attend Section 341 Meeting of Creditors meetings and adversary proceedings in the U.S. bankruptcy court by video or audio conference.

Fifth, the only case cited by Alleged Debtors is easily distinguishable from the instant matter. In *Ji v. Jling Inc.*, the Chinese plaintiff's counsel admitted it is illegal to offer testimony from China—which was wrong---therefore the *Ji* Court never adjudicated the issue of the legality of allowing a party-witness to testify at the US Court hearing to defend him- or herself under the US laws including the Constitution, because it became a non-issue based on the Chinese plaintiff's self-admission.

Lastly, Petitioning Creditors' due process concerns strongly weigh against precluding Petitioning Creditors' witnesses from testifying remotely. Alleged Debtors have impermissibly asked the Court to rule on the merits of the Involuntary Bankruptcy Petition and find that the filing was in bad faith without Petitioning Creditors having sufficient due process. The stakes are extremely high as Allege Debtors have asked the Court to award them over 138 million dollars

---

[6] *See* Aimée Canty, March 23, 2020, Getting Discovery Across Borders, at https://www.americanbar.org/groups/litigation/committees/pretrial-practice-discovery/practice/2020/getting-discovery-across-borders/, and Margaret T. Burns, The Hague Convention on Taking Evidence Abroad: Conflict OverPretrial Discovery, Michigan Journal of International Law Vol. 7 Issue 1, 1985, also electronically available at https://repository.law.umich.edu/cgi/viewcontent.cgi?article=1789&context=mjil.

against Petitioning Creditors and preclude them from re-filing based on a finding of bad faith. If Alleged Debtors insist Petitioning Creditors must be here in person, and if the Court agrees, then continuing the motion until Petitioning Creditors can come here to defend themselves (the rationale is the same the Court articulated in rendering its *sua sponte* dismissal without prejudice for Alleged Debtors' benefit) is absolutely necessary. Indeed, it would be unconstitutional and extremely unreasonable to prevent Petitioners from testifying at the hearing to defend themselves in this proceeding assuming the Court does indeed decide at the hearing to adjudicate the merits of the Involuntary Bankruptcy Proceeding.

**CONCLUSION**

For these reasons, Petitioning Creditors ask the Court deny Alleged Debtors' motions to strike and sanction Alleged Debtors and their counsel accordingly.

Dated: February 25, 2021

Respectfully submitted,

**NGUYEN & CHEN LLP**

/s/ *Brian M. Gargano*

Brian M. Gargano
State Bar No. 24102898
bgargano@nguyen-chen.com
Jiangang Ou
State Bar No. 5451133NY
jou@nguyen-chen.com
11200 Westheimer Road, Suite 120
Houston, Texas 77042
Tel: (832) 767-0339
Fax: (832) 767-0669

*Counsel for Petitioning Creditors*

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the above instrument was served on the date the instrument was electronically filed. Service has been accomplished electronically and/or by first-class mail to the parties listed below.

**Via ECF**
Khudabuksh K. Walji, Esquire
Law Office of K. Walji
10701 Corporate Drive, Suite 350
Stafford, Texas 77477

**Via ECF**
Robert W. Buchholz, Esquire
bob@attorneybob.com

**Via ECF**
Darrell Wayne Cook, Esquire
dwcook@attorneycook.com
all@attorneycook.com

**Via ECF**
Katherine T. Hopkins, Esquire
katherine.thomas@kellyhart.com

**Via ECF**
Joyce W. Lindauer, Esquire
joyce@joycelindauer.com
dian@joycelindauer.com
gina@joycelindauer.com

**Via ECF**
Steven C. Metzger, Esquire
smetzger@pmklaw.com

**Via ECF**
Michael P. Ridulfo, Esquire
mridulfo@krcl.com
dtrevino@krcl.com
mridulfo@ecf.courtdrive.com

**Via ECF**
Patrick D. Sullivan, Esquire
sullivan@hooverslovacek.com

**Via ECF**
United States Trustee

ustpregion06.da.ecf@usdoj.gov

**Via ECF**
Behrooz P. Vida, Esquire
filings@vidalawfirm.com
legalprokirstin@gmail.com
bkfilings@yahoo.com

Dated: February 25, 2021

/s/ *Brian M. Gargano*
Brian M. Gargano