**IN THE UNITED STATES BANKRUPTCY COURT FOR THE NORTHERN DISTRICT OF TEXAS DALLAS DIVISION**

| | |
|---|---|
| In re:<br><br>WALL007 LLC, et al.,[1]<br><br>Alleged Debtors. | Chapter 7<br><br>Case No. 20-31131 (HDH)<br>(Jointly Administered) |

**PETITIONING CREDITORS' RESPONSE TO ALLEGED DEBTORS' MOTION TO <u>POST BOND PURSUANT TO 11 U.S.C. § 303(e)</u>**

Petitioning Creditors Jun Li, Yunding Kang, Cunxiang Ji, Jin Wang, Peng Guo, Lin Zhou, Qu Zhou, Kai Tian, Yijing Wu, Xuegeng Gong, Weijia Kong, Heng Zhang, Hong Guo, Pei Guan, Yue Xu, Mai Ye, Chenchen Jiang, Qiuying Li, Ruinian Wu, Liying Yang, Yan Zhang, Wenjun Wang, Ying Zhou, Lin Li, Li Jiang, Rufeng Ding, Cunxiang Ji, Lin Gao, Qiao Qin, Yue Zhang, Xiaodong Hao, Weisi Wang, Xiaoquan Dai, Feng Yan, Ou Jiang, Jinzhe Wu, Yadan Liu, Wenjuan Yin, Yi Tang, Ying Zhang, Pengfei Dong, Kangying Mao, Qin Chu, Yulan Chen, Sicheng Zhan, Jinqiu Tang, Di Tang, Jun Zeng, Kui Wang, Jun Wang, Xiaomin Fan, Jialin Hu, Jiaxiang Lu, Fuqing Chen, Hanjiang Fu, Aiguo Luo, Fang Ding, Xiangdong Zhu, Wai Ying, Yuan Yuan, Chao Xu, Guoqin Zhou, and Qu Chen ("Petitioning Creditors") file this response in opposition to Alleged Debtors' Motion for Petitioners to Post Bond Pursuant to 11 U.S.C. § 303(e) ("Motion to Post Bond"). [Doc. No. 335]. In support of this opposition, Petitioning Creditors (1) incorporate by reference as if fully set forth herein their Amended Opposition to Alleged Debtors' Motion for Recovery of Attorneys' Fees, Costs, and Compensatory and Punitive Damages pursuant to 11

[1] The Alleged Debtors in this jointly administered case are: WALL007 LLC, WALL009 LLC, WALL010 LLC, WALL011 LLC, WALL012 LLC, WALL016 LLC, and WALL017 LLC ("Alleged Debtors"). Currently, Alleged Debtors' federal tax identification numbers are unknown to Petitioning Creditors.

U.S.C. § 303(i) ("Response to Motion for Recovery") [Doc. Nos. 326 and 357] and (2) would respectfully show the Court as follows:

## BACKGROUND

Petitioning Creditors filed their involuntary petitions against Alleged Debtors because they have legitimate, undisputed debts owed to each by Alleged Debtors. Petitioning Creditors asserted at the time of the filings and still maintain that any "disputes" to their debts were manufactured after the filing of the involuntary petitions in an attempt to avoid the fate of being adjudged bankrupt. Although Alleged Debtors' efforts were successful for the time being—this case is subject to dismissal *without prejudice*—Petitioning Creditors continue to maintain that their debts are legitimate, and that they will ultimately prevail in establishing their right to be compensated for their efforts.

With this background, the Court is now being asked to award attorneys' fees, costs, and damages in the absurd amount of **$138,671,477.76**. [Dkt. No. 313]. Ironically, the Alleged Debtors have asked the Court in their motion to award them a windfall of millions of dollars even though they absconded millions of dollars from Petitioning Creditors under the auspices of loans in which Alleged Debtors have yet to repay. Indeed, to date, little, if any of the owed principal and accumulated interest has been paid back to the Petitioning Creditors.

Before reaching the legal analysis of an award of fees and expenses, the manifest unfairness of the relief sought by Alleged Debtors should be apparent. Bankruptcy courts are courts of equity, and notions of equity should be applied equally even to unsuccessful petitioning creditors, especially given the presence of facts such as those existing in the case at bar.

Despite its best efforts at trying to paint Petitioning Creditors as having improper motives, Alleged Debtors did not provide any evidence to support their burden to prove bad faith by a preponderance of the evidence.

**ARGUMENT**

Bankruptcy courts have discretion to impose bond under Section 303(e) to secure amounts awarded under Section 303(i) of the Bankruptcy Code. Under 11 U.S.C. § 303(e):

> After notice and a hearing, and for cause, the court may require the petitioners under this section to file a bond to indemnify the debtor for such amounts as the court may later allow under subsection (i) of this section.

Thus, imposition of a bond is permissive under the statute, not mandatory: "the court may require the petitioners under this section to file a bond to indemnify the debtor for such amounts as the court may later allow under subsection (i) of this section." 11 U.S.C. § 303(e) (emphasis added); *see In re Age Refining, Inc.*, 801 F.3d 530, 545 (5th Cir. 2015) ("may" denotes discretionary, permissive action by the Bankruptcy Court).

In *In re Funnel Science Internet Marketing, LLC*, the district court reviewed for abuse of discretion bankruptcy court's decision not to require petitioning creditors to post bond for any sums that bankruptcy court might award following dismissal of involuntary Chapter 7 petition. *In re Funnel Sci. Internet Mktg., LLC*, 551 B.R. 262, 272 (E.D. Tex. 2016). According to the district court, requiring petitioning creditors to post bond for any sums that bankruptcy court may award following dismissal of involuntary petition is permissive, not mandatory. *Id.* at 276. Accordingly, the district court found that the bankruptcy court did not abuse its discretion in not requiring petitioning creditors to post bond for any sums that bankruptcy court might award following dismissal of involuntary Chapter 7 petition, where there was insufficient evidence of any bad faith on creditors' part in filing petition, such that creditors would not be liable for actual or punitive

damages, and where bond requested, in amount of $100,000, was far in excess of amount needed to secure payment of putative debtor's reasonable attorney fees and costs. *Id.* at 272–73.

Here, the Court should also deny Alleged Debtors' Motion to Post Bond because (1) there is insufficient evidence to show any bad faith by Petitioning Creditors and (2) the bond requested by Alleged Debtors far exceeds the amount needed to secure payment of reasonable attorney fees and costs. As fully detailed in Petition Creditors' Response and Sur-Reply to Motion for Recovery, Alleged Debtors cannot recover punitive damages because there is a presumption Petitioning Creditors acted in good faith, and Alleged Debtors did not provide any evidence to support its burden to prove bad faith by a preponderance of the evidence. Instead, Alleged Debtors' assertions of bad faith rely entirely on speculation and misrepresentations of fact. Likewise, Alleged Debtors failed to uphold their burden to establish the nature and the extent of their damages. *In re Tichy Elec. Co.*, 332 B.R. 364, 372 (Bankr. N.D. Iowa 2005) (citing *In re Mundo Custom Homes, Inc.*, 179 B.R. 566, 569 (Bankr. N.D. Ill. 1995)).

**CONCLUSION**

For these reasons, Petitioning Creditors respectfully ask the Court to exercise discretion by denying Alleged Debtors' Motion to Post Bond and for all other relief to which they may be entitled.

Dated: March 12, 2021

Respectfully submitted,

**NGUYEN & CHEN LLP**

/s/ *Brian M. Gargano*
Brian M. Gargano
State Bar No. 24102898
bgargano@nguyen-chen.com
Jiangang Ou
State Bar No. 5451133NY
jou@nguyen-chen.com
11200 Westheimer Road, Suite 120
Houston, Texas 77042
Tel: (832) 767-0339
Fax: (832) 767-0669

*Counsel for Petitioning Creditors*

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the above instrument was served on the date the instrument was electronically filed. Service has been accomplished electronically and/or by first-class mail to the parties listed below.

**Via U.S. Mail**
WALL007, LLC
13901 Midway Road, Suite 102
Dallas, Texas 75244

**Via U.S. Mail**
WALL009, LLC
13901 Midway Road, Suite 102
Dallas, Texas 75244

**Via U.S. Mail**
WALL010, LLC
13901 Midway Road, Suite 102
Dallas, Texas 75244

**Via U.S. Mail**
WALL011, LLC
13901 Midway Road, Suite 102
Dallas, Texas 75244

**Via U.S. Mail**
WALL012, LLC

13901 Midway Road, Suite 102
Dallas, Texas 75244

**Via U.S. Mail**
WALL016, LLC
13901 Midway Road, Suite 102
Dallas, Texas 75244

**Via U.S. Mail**
WALL017, LLC
13901 Midway Road, Suite 102
Dallas, Texas 75244

**Via ECF**
Khudabuksh K. Walji, Esquire
Law Office of K. Walji
10701 Corporate Drive, Suite 350
Stafford, Texas 77477

**Via ECF**
Robert W. Buchholz, Esquire
bob@attorneybob.com

**Via ECF**
Darrell Wayne Cook, Esquire
dwcook@attorneycook.com
all@attorneycook.com

**Via ECF**
Katherine T. Hopkins, Esquire
katherine.thomas@kellyhart.com

**Via ECF**
Joyce W. Lindauer, Esquire
joyce@joycelindauer.com
dian@joycelindauer.com
gina@joycelindauer.com

**Via ECF**
Steven C. Metzger, Esquire
smetzger@pmklaw.com

**Via ECF**
Michael P. Ridulfo, Esquire
mridulfo@krcl.com
dtrevino@krcl.com

mridulfo@ecf.courtdrive.com

**Via ECF**
Patrick D. Sullivan, Esquire
sullivan@hooverslovacek.com

**Via ECF**
United States Trustee
ustpregion06.da.ecf@usdoj.gov

**Via ECF**
Behrooz P. Vida, Esquire
filings@vidalawfirm.com
legalprokirstin@gmail.com
bkfilings@yahoo.com

Dated: March 12, 2021

/s/ *Brian M. Gargano*
Brian M. Gargano