**IN THE UNITED STATES BANKRUPTCY COURT FOR THE
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| In re:<br><br>WALL007 LLC, et al.,[1]<br><br>Alleged Debtors. | Chapter 7<br><br>Case No. 20-31131 (HDH)<br>(Jointly Administered) |

**PETITIONING CREDITORS' RESPONSE IN OPPOSITION TO ALLEGED DEBTORS' MOTION TO RECONSIDER [DKT. NO. 374]**

Petitioning Creditors Jun Li, Yunding Kang, Cunxiang Ji, Jin Wang, Peng Guo, Lin Zhou, Qu Zhou, Kai Tian, Yijing Wu, Xuegeng Gong, Weijia Kong, Heng Zhang, Hong Guo, Pei Guan, Yue Xu, Mai Ye, Chenchen Jiang, Qiuying Li, Ruinian Wu, Liying Yang, Yan Zhang, Wenjun Wang, Ying Zhou, Lin Li, Li Jiang, Rufeng Ding, Cunxiang Ji, Lin Gao, Qiao Qin, Yue Zhang, Xiaodong Hao, Weisi Wang, Xiaoquan Dai, Feng Yan, Ou Jiang, Jinzhe Wu, Yadan Liu, Wenjuan Yin, Yi Tang, Ying Zhang, Pengfei Dong, Kangying Mao, Qin Chu, Yulan Chen, Sicheng Zhan, Jinqiu Tang, Di Tang, Jun Zeng, Kui Wang, Jun Wang, Xiaomin Fan, Jialin Hu, Jiaxiang Lu, Fuqing Chen, Hanjiang Fu, Aiguo Luo, Fang Ding, Xiangdong Zhu, Wai Ying, Yuan Yuan, Chao Xu, Guoqin Zhou, and Qu Chen ("Petitioning Creditors") file this response in opposition to Alleged Debtors' Motion to Reconsider[2] the Court's order permitting three of Petitioning Creditors' witnesses to testify from Europe[3] ("Order") at the continuation of the hearing as to Alleged Debtors' Motion for Recovery of Attorneys' Fees, Costs, and Compensatory and Punitive

---

[1] The Alleged Debtors in this jointly administered case are: WALL007 LLC, WALL009 LLC, WALL010 LLC, WALL011 LLC, WALL012 LLC, WALL016 LLC, and WALL017 LLC ("Alleged Debtors"). Currently, Alleged Debtors' federal tax identification numbers are unknown to Petitioning Creditors.

[2] [Dkt. No. 374].

[3] [Dkt. No. 369].

Damages Pursuant to 11 U.S.C. § 303(i) ("Motion for Recovery")[4] and would respectfully show the Court as follows:

## BACKGROUND

On February 26, 2021, the Court conducted, in part due to time constraints, the hearing on Alleged Debtors' Motion for Recovery. *See* [Dkt. No. 366]. Just prior to the commencement of the hearing, the Court issued several rulings on the record concerning what evidence and testimony could be offered by the parties. *See* [Dkt. No. 373]. Notably, the Court denied Alleged Debtors' Motion to Strike Petitioning Creditors' witness and exhibit lists and overruled Alleged Debtors' objection to the admissibility of testimony by Petitioning Creditors' witnesses in Europe. *See id.* Specifically, the Court held that "[t]he three witnesses in Europe may testify, if Mr. Gargano represents to the Court that they are who they say they are and they are not testifying from China. Mr. Gargano, are you going to be able to make that representation to the Court?" *Id.* at Tr. Pp. 6:23–25; 7:1–2. Petitioning Creditors' counsel Brian Gargano replied, "Yes, Your Honor." *Id.* at p. 7:3.

Since that time there has been no newly discovered or previously unavailable evidence brought to the Court's attention by either party. Indeed, the laws, facts, and circumstances surrounding this case have remained the same, and Alleged Debtors have no basis to allege that any manifest error or prejudice has developed. Ironically, the Alleged Debtors have asked the Court in their Motion for Recovery to award them a windfall of millions of dollars even though they absconded millions of dollars from Petitioning Creditors under the auspices of loans in which Alleged Debtors have yet to repay. To date, little, if any of the owed principal and accumulated interest has been paid back to the Petitioning Creditors.

[4] [Dkt. No. 313].

Despite their best efforts to portray Petitioning Creditors and their counsel as "villains" with improper motives, Alleged Debtors have not and cannot provide the Court with even a scintilla of evidence to warrant reconsideration of the Court's ruling permitting Petitioning Creditors' witnesses to testify remotely from Europe.

## ARGUMENT

### A. Alleged Debtors' Motion for Reconsideration is Woefully Deficient

It is beyond dispute that Alleged Debtors did not include in their Motion for Reconsideration the legal standard and basis that would warrant the Court to reconsider its ruling. Alleged Debtors' deficiency was not a mere oversight and unequivocally demonstrates that Alleged Debtors have no legitimate basis or grounds under either Federal Rule of Civil Procedure 59(e) or 60(b) that would or could justify reconsideration of the Court's ruling.

Federal Rule of Civil Procedure 59(e) (as applied to bankruptcy cases by Federal Rule of Bankruptcy Procedure 9023) permits a court to alter or amend a judgment after its entry. FED. R. CIV. P. 59(e). Rule 59(e) covers a broad range of motions, and the only real limitation on the type of the motion permitted is that it must request a substantive alteration of the judgment. *Id.* Indeed, "[r]econsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). As such, a motion for reconsideration brought under Rule 59(e), may only be granted in very narrow circumstances: (1) to correct a manifest error of fact or law; (2) to incorporate newly discovered and previously unavailable evidence; (3) to prevent manifest injustice; and (4) to address an intervening change in controlling law. *See United Nat. Ins. Co. v. Mundell Terminal Services, Inc.*, 740 F.3d 1022, 1031 (5th Cir. 2014).

Rule 59(e) does not exist to give the losing party a second chance at persuading the court to rule in its favor as absent a claim of manifest error, the court will not revisit the arguments it has already rejected. *See Celanese Corp. v. Martin K. Eby Const. Co., Inc.*, 620 F.3d 529, 531 (5th Cir. 2010), *cert. denied*, 563 U.S. 904 (2011). Additionally, parties may not use Rule 59(e) to raise arguments or theories that they could have raised prior to judgment but did not. *See Naquin v. Elevating Boats, L.L.C.*, 817 F.3d 235, 240 n.4 (5th Cir. 2016). Motions that simply "rehash" the losing party's failed arguments or that attempt to rescue failed positions by introducing new arguments are routinely and summarily rejected as being outside the proper scope of the limited relief available under Rule 59(e).

In short, "[A] motion to alter or amend the judgment under Rule 59(e) 'must clearly establish either a manifest error of law or fact or must present newly discovered evidence,' and 'cannot be used to raise arguments which could, and should, have been made before the judgment issued.'" *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 863–64 (5th Cir. 2003) (quoting *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)).

Here, Alleged Debtors have neither referred to Rule 59(e) as the legal basis to reconsider the Order, nor have they presented any grounds (either legal or factual) to support their request. Thus, inherently fatal to Alleged Debtors' motion is that they do not allege manifest errors of fact or law with respect to the Court's Order. *See, e.g.*, *Luig v. North Bay Enterprises, Inc.*, 817 F.3d 901, 905–06 (5th Cir. 2016) (trial court committed manifest error when it granted summary judgment sua sponte without giving the party a chance to present probative evidence). As such, Alleged Debtors' mere disagreement with how the court weighed the facts or interpreted the case law does not and will not constitute a manifest error justifying reconsideration. *See Horizon Lines, LLC v. U.S.*, 429 F. Supp. 2d 92, 97 (D.D.C. 2006).

Equally fatal to their motion is that Alleged Debtors did not provide the Court with any newly discovered evidence to justify reconsideration and Alleged Debtors' failure to present available evidence prior to the court's ruling cannot form the basis for a motion under Rule 59(e) unless it is necessary to prevent manifest injustice. *See Ferraro v. Liberty Mut. Fire Ins. Co.*, 796 F.3d 529, 534–35 (5th Cir. 2015). As Alleged Debtors have not and cannot demonstrate to the Court any newly discovered evidence that likely would have made a difference in the result, Alleged Debtors' have not carried their heavy burden to warrant reconsideration. *See Johnson v. Diversicare Afton Oaks, LLC*, 597 F.3d 673, 677–78 (5th Cir. 2010).

The result is the same under Rule 60(b) which provides another legal basis for a court to grant substantive relief from a final judgment, order, or proceeding for specified reasons. FED. R. CIV. P. 60(b). As Alleged Debtors pointed out in their opposition papers to Petitioning Creditors' motion for reconsideration, relief under Rule 60(b) is not granted lightly. Rule 60(b) sets forth five specific grounds for relief and a "catchall provision" none of which Alleged Debtors have claimed in their motion. *See id.* In fact, Alleged Debtors do not even attempt to make a showing of mistake, surprise, excusable neglect, or newly discovered evidence in the Motion for Reconsideration. Indeed, Alleged Debtors' instant motion is basically a cut-and-paste reiteration of their previously-made arguments that the Court has already rejected.

As Alleged Debtors' motion is woefully deficient, the Court should deny their Motion for Reconsideration.

**B. <u>Alleged Debtors' request for information confirming Petitioning Creditors' testifying witnesses' existence, identity, and whereabouts is legally unfounded and harassing</u>**

Alleged Debtors' instant motion is a clear signal that the Alleged Debtors and Barton are extremely worried about the prospect of any of the Petitioning Creditors testifying at the hearing because Alleged Debtors know that the Petitioning Creditors' testimony will expose the truth and

refute Barton's false and unsubstantiated claims. Indeed, the instant motion is Alleged Debtors and Barton's last desperate attempt to utilize the old sales tactic of repetition by repeating their unsupported and false claims to the Court (however merely repeating unsupported and false claims does not make it so) while also attempting to silence Petitioning Creditors so they cannot expose Alleged Debtors and Barton's claims for what they are.

Alleged Debtors did not seek leave from the Court to conduct discovery and cannot cite to any authority whatsoever that requires Petitioning Creditors' counsel to reveal the exact whereabouts of the European witnesses prior to the hearing. Alleged Debtors request is especially concerning considering Barton's prior and persistent conduct (either directly or through an agent) of attempting to intimidate Petitioning Creditors via direct communications despite the fact Petitioning Creditors are represented by counsel.

In any event, as an officer of the Court, Petitioning Creditors' counsel verified and attested to the Court that he has checked and made sure that the witnesses are who they say they are and are testifying in Europe. The Court accepted counsel's representation and there is no reason why Alleged Debtors should not. In essence, it appears that Alleged Debtors are tacitly accusing Petitioning Creditors counsel of wrongdoing and making misrepresentations to the Court. As the old saying goes, "those who live in glass houses should not throw stones" and Alleged Debtors and their counsel should not be throwing stones given their own frivolous motions and misrepresentations to the Court.

**C. <u>Remote testimony is required as a matter of fundamental fairness and due process</u>**

As the Court pointed out at the hearing, Petitioning Creditors "are in a defensive posture and the alleged debtors are asking for a large amount of fees and damages." [Dkt. No. 373 at 7:9–10]. As such, Petitioning Creditors are entitled to due process and precluding them from testifying

remotely when everyone else is would be patently unfair and deprive them of due process. Moreover, it would be inherently unequal for the Court to require Petitioning Creditors to appear in-person at the hearing while others have the choice to appear via videoconference. Indeed, COVID-19 is still an issue prompting the Court to carry out the hearing remotely, and as such, live testimony is not required. Moreover, as the Court is aware from Petitioning Creditors' filing, Petitioning Creditors have no choice but to appear via videoconference unless the Court were to continue the Motion for Recovery hearing until the Petitioning Creditors can appear live.

The mere fact that the witnesses are located outside of the United States is irrelevant to the Court's consideration under FRCP 43. While Petitioning Creditors respectfully disagree with the Court regarding its position as to witnesses testifying remotely from China, the three witnesses here are located in Europe, and thus, China's prohibition is not relevant. Nonetheless, should the Court be inclined to change its ruling and require in-person testimony, fundamental fairness and due process dictate and require the Court to continue the hearing until the witnesses can appear in-person.

**D. The testimony of Petitioning Creditors' witnesses would not violate the Hauge Convention**

To begin with, Alleged Debtors' waived this argument by not raising it during the hearing. Nonetheless, the Hauge Convention does not necessarily apply as the witnesses are appearing voluntarily and Alleged Debtors did not point out to the Court any restrictions in any European country's law forbidding remote testimony and taking the oath. As such, Alleged Debtors cannot point to any authority that forbids the European witnesses from voluntarily testifying remotely at the hearing and namely the taking of the oath.

## CONCLUSION

For these reasons, Petitioning Creditors respectfully ask the Court to deny Alleged Debtors' Motion for Reconsideration and for all other relief to which they may be entitled.

Dated: March 19, 2021

Respectfully submitted,

**NGUYEN & CHEN LLP**

/s/ *Brian M. Gargano*

Brian M. Gargano
State Bar No. 24102898
bgargano@nguyen-chen.com
Jiangang Ou
State Bar No. 5451133NY
jou@nguyen-chen.com
11200 Westheimer Road, Suite 120
Houston, Texas 77042
Tel: (832) 767-0339
Fax: (832) 767-0669

*Counsel for Petitioning Creditors*

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the above instrument was served on the date the instrument was electronically filed. Service has been accomplished electronically and/or by first-class mail to the parties listed below.

**Via U.S. Mail**
WALL007, LLC
13901 Midway Road, Suite 102
Dallas, Texas 75244

**Via U.S. Mail**
WALL009, LLC
13901 Midway Road, Suite 102
Dallas, Texas 75244

**Via U.S. Mail**
WALL010, LLC
13901 Midway Road, Suite 102
Dallas, Texas 75244

**Via U.S. Mail**
WALL011, LLC
13901 Midway Road, Suite 102
Dallas, Texas 75244

**Via U.S. Mail**
WALL012, LLC
13901 Midway Road, Suite 102
Dallas, Texas 75244

**Via U.S. Mail**
WALL016, LLC
13901 Midway Road, Suite 102
Dallas, Texas 75244

**Via U.S. Mail**
WALL017, LLC
13901 Midway Road, Suite 102
Dallas, Texas 75244

**Via ECF**
Khudabuksh K. Walji, Esquire
Law Office of K. Walji
10701 Corporate Drive, Suite 350
Stafford, Texas 77477

**Via ECF**
Robert W. Buchholz, Esquire
bob@attorneybob.com

**Via ECF**
Darrell Wayne Cook, Esquire
dwcook@attorneycook.com
all@attorneycook.com

**Via ECF**
Katherine T. Hopkins, Esquire
katherine.thomas@kellyhart.com

**Via ECF**
Joyce W. Lindauer, Esquire
joyce@joycelindauer.com
dian@joycelindauer.com
gina@joycelindauer.com

**Via ECF**
Steven C. Metzger, Esquire
smetzger@pmklaw.com

**Via ECF**
Michael P. Ridulfo, Esquire
mridulfo@krcl.com
dtrevino@krcl.com
mridulfo@ecf.courtdrive.com

**Via ECF**
Patrick D. Sullivan, Esquire
sullivan@hooverslovacek.com

**Via ECF**
United States Trustee
ustpregion06.da.ecf@usdoj.gov

**Via ECF**
Behrooz P. Vida, Esquire
filings@vidalawfirm.com
legalprokirstin@gmail.com
bkfilings@yahoo.com

Dated: March 19, 2021

/s/ *Brian M. Gargano*
Brian M. Gargano