**File a Motion:**

20-31131-hdh7 WALL007 LLC **Debtor dismissed** 12/07/2020

Type: bk | Chapter: 7 i | Office: 3 (Dallas)
Debtor disposition: Dismissed for Other Reason | Judge: hdh
Case Flag: EXHIBITS, APPEAL, DISMISSED, jntadmn, LEAD, REFORM

Filed: 04/08/2020
Reopen:
Converted:
Terminated:
Dismissed: 12/07/2020
Dismissed(jdb):
Discharged:
Discharged(jdb):

Summary History Parties Filers Docket Sheet Deadlines/Hearings Status Pending Motions Creditors Claims Register

**U.S. Bankruptcy Court**

**Northern District of Texas**

Notice of Electronic Filing

The following transaction was received from Joyce W. Lindauer entered on 2/10/2021 at 5:04 PM CST and filed on 2/10/2021
**Case Name:** WALL007 LLC
**Case Number:** 20-31131-hdh7
**Document Number:** 335

**Docket Text:**
Motion for leave */Alleged Debtors' Motion for Petitioners to Post Bond Pursuant to 11 U.S.C. Section 303(e)* (related document(s) [313] Motion for leave) Filed by Alleged Debtor WALL007 LLC (Attachments: # (1) Proposed Order) (Lindauer, Joyce)

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**Motion to Post Bond.pdf
**Electronic document Stamp:**
[STAMP bkecfStamp_ID=1017686615 [Date=2/10/2021] [FileNumber=46470724-0] [8a1762404d44114747d133cc6d8bf61b06cfd2c6f9a910a5e4af07b53b416bbd6f7b6158bffb765b3161c96fff6657e62bd99b32b554bb993a988f8e3c7b692f]]
**Document description:**Proposed Order
**Original filename:**C:\fakepath\Order.pdf
**Electronic document Stamp:**
[STAMP bkecfStamp_ID=1017686615 [Date=2/10/2021] [FileNumber=46470724-1] [9d83c6257844fb243b3bb493144ca91ecd81759f61607103a5feac0c95a96c6a49a7535353736d1c7cf62558552553590557663766e538c051d6cc38ab4eb4f17]]

**20-31131-hdh7 Notice will be electronically mailed to:**

Robert W. Buchholz on behalf of Creditor Southern Star Capital, LLC
bob@attorneybob.com

Darrell Wayne Cook on behalf of Creditor Fargo Consultants, Inc.
dwcook@attorneycook.com, all@attorneycook.com

Brian Michael Gargano on behalf of Petitioning Creditor Aiguo Luo
bgargano@nguyen-chen.com

Brian Michael Gargano on behalf of Petitioning Creditor Chao Xu
bgargano@nguyen-chen.com

Brian Michael Gargano on behalf of Petitioning Creditor Chenchen Jiang
bgargano@nguyen-chen.com

Brian Michael Gargano on behalf of Petitioning Creditor Cunxiang Ji
bgargano@nguyen-chen.com

Brian Michael Gargano on behalf of Petitioning Creditor Di Tang
bgargano@nguyen-chen.com

Brian Michael Gargano on behalf of Petitioning Creditor Fang Ding
bgargano@nguyen-chen.com

**EXHIBIT "1"**

Brian Michael Gargano on behalf of Petitioning Creditor Feng Yan
bgargano@nguyen-chen.com

Brian Michael Gargano on behalf of Petitioning Creditor Fuqing Chen
bgargano@nguyen-chen.com

Brian Michael Gargano on behalf of Petitioning Creditor Guoqin Zhou
bgargano@nguyen-chen.com

Brian Michael Gargano on behalf of Petitioning Creditor Hanjiang Fu
bgargano@nguyen-chen.com

Brian Michael Gargano on behalf of Petitioning Creditor Heng Zhang
bgargano@nguyen-chen.com

Brian Michael Gargano on behalf of Petitioning Creditor Hong Guo
bgargano@nguyen-chen.com

Brian Michael Gargano on behalf of Petitioning Creditor Jialin Hu
bgargano@nguyen-chen.com

Brian Michael Gargano on behalf of Petitioning Creditor Jiancheng Chen
bgargano@nguyen-chen.com

Brian Michael Gargano on behalf of Petitioning Creditor Jiaxiang Lu
bgargano@nguyen-chen.com

Brian Michael Gargano on behalf of Petitioning Creditor Jin Wang
bgargano@nguyen-chen.com

Brian Michael Gargano on behalf of Petitioning Creditor Jingqiu Tang
bgargano@nguyen-chen.com

Brian Michael Gargano on behalf of Petitioning Creditor Jinzhe Wu
bgargano@nguyen-chen.com

Brian Michael Gargano on behalf of Petitioning Creditor Jun Li
bgargano@nguyen-chen.com

Brian Michael Gargano on behalf of Petitioning Creditor Jun Wang
bgargano@nguyen-chen.com

Brian Michael Gargano on behalf of Petitioning Creditor Jun Zeng
bgargano@nguyen-chen.com

Brian Michael Gargano on behalf of Petitioning Creditor Kai Tian
bgargano@nguyen-chen.com

Brian Michael Gargano on behalf of Petitioning Creditor Kangying Mao
bgargano@nguyen-chen.com

Brian Michael Gargano on behalf of Petitioning Creditor Kui Wang
bgargano@nguyen-chen.com

Brian Michael Gargano on behalf of Petitioning Creditor Lan Ji
bgargano@nguyen-chen.com

Brian Michael Gargano on behalf of Petitioning Creditor Li Jiang
bgargano@nguyen-chen.com

Brian Michael Gargano on behalf of Petitioning Creditor Lin Gao
bgargano@nguyen-chen.com

Brian Michael Gargano on behalf of Petitioning Creditor Lin Li
bgargano@nguyen-chen.com

Brian Michael Gargano on behalf of Petitioning Creditor Lin Zhou
bgargano@nguyen-chen.com

Brian Michael Gargano on behalf of Petitioning Creditor Liying Yang
bgargano@nguyen-chen.com

Brian Michael Gargano on behalf of Petitioning Creditor Mai Ye
bgargano@nguyen-chen.com

Brian Michael Gargano on behalf of Petitioning Creditor Ou Jiang
bgargano@nguyen-chen.com

Brian Michael Gargano on behalf of Petitioning Creditor Pei Guan
bgargano@nguyen-chen.com

Brian Michael Gargano on behalf of Petitioning Creditor Peng Guo
bgargano@nguyen-chen.com

Brian Michael Gargano on behalf of Petitioning Creditor Pengfei Dong
bgargano@nguyen-chen.com

Brian Michael Gargano on behalf of Petitioning Creditor Qiao Qin
bgargano@nguyen-chen.com

Brian Michael Gargano on behalf of Petitioning Creditor Qin Chu
bgargano@nguyen-chen.com

Brian Michael Gargano on behalf of Petitioning Creditor Qiuying Li
bgargano@nguyen-chen.com

Brian Michael Gargano on behalf of Petitioning Creditor Qu Chen
bgargano@nguyen-chen.com

Brian Michael Gargano on behalf of Petitioning Creditor Rufeng Ding
bgargano@nguyen-chen.com

Brian Michael Gargano on behalf of Petitioning Creditor Ruinian Wu
bgargano@nguyen-chen.com

Brian Michael Gargano on behalf of Petitioning Creditor Sicheng Zhan
bgargano@nguyen-chen.com

Brian Michael Gargano on behalf of Petitioning Creditor Tianqing Song
bgargano@nguyen-chen.com

Brian Michael Gargano on behalf of Petitioning Creditor Wai Ying
bgargano@nguyen-chen.com

Brian Michael Gargano on behalf of Petitioning Creditor Wanwan Li
bgargano@nguyen-chen.com

Brian Michael Gargano on behalf of Petitioning Creditor Weijia Kong
bgargano@nguyen-chen.com

Brian Michael Gargano on behalf of Petitioning Creditor Weisi Wang
bgargano@nguyen-chen.com

Brian Michael Gargano on behalf of Petitioning Creditor Wenjuan Yin
bgargano@nguyen-chen.com

Brian Michael Gargano on behalf of Petitioning Creditor Wenjun Wang
bgargano@nguyen-chen.com

Brian Michael Gargano on behalf of Petitioning Creditor Xiangdong Zhu
bgargano@nguyen-chen.com

Brian Michael Gargano on behalf of Petitioning Creditor Xiaodong Hao
bgargano@nguyen-chen.com

Brian Michael Gargano on behalf of Petitioning Creditor Xiaomin Fan
bgargano@nguyen-chen.com

Brian Michael Gargano on behalf of Petitioning Creditor Xiaoquan Dai
bgargano@nguyen-chen.com

Brian Michael Gargano on behalf of Petitioning Creditor Xuegeng Gong
bgargano@nguyen-chen.com

Brian Michael Gargano on behalf of Petitioning Creditor Yadan Liu
bgargano@nguyen-chen.com

Brian Michael Gargano on behalf of Petitioning Creditor Yan Zhang
bgargano@nguyen-chen.com

Brian Michael Gargano on behalf of Petitioning Creditor Yi Tang
bgargano@nguyen-chen.com

Brian Michael Gargano on behalf of Petitioning Creditor Yijing Wu
bgargano@nguyen-chen.com

Brian Michael Gargano on behalf of Petitioning Creditor Ying Zhang
bgargano@nguyen-chen.com

Brian Michael Gargano on behalf of Petitioning Creditor Ying Zhou
bgargano@nguyen-chen.com

Brian Michael Gargano on behalf of Petitioning Creditor Yuan Yuan
bgargano@nguyen-chen.com

Brian Michael Gargano on behalf of Petitioning Creditor Yue Xu
bgargano@nguyen-chen.com

Brian Michael Gargano on behalf of Petitioning Creditor Yue Zhang
bgargano@nguyen-chen.com

Brian Michael Gargano on behalf of Petitioning Creditor Yulan Chen
bgargano@nguyen-chen.com

Brian Michael Gargano on behalf of Petitioning Creditor Yunding Kang
bgargano@nguyen-chen.com

Katherine T. Hopkins on behalf of Interested Party Blackfoot Interest, Ltd.
katherine.thomas@kellyhart.com

Katherine T. Hopkins on behalf of Interested Party L. Allen Hodges, III
katherine.thomas@kellyhart.com

Katherine T. Hopkins on behalf of Interested Party LAH III Family Specific Interest, Ltd.
katherine.thomas@kellyhart.com

Katherine T. Hopkins on behalf of Interested Party Neighborhood Association of Lost Creek Estates, Inc
katherine.thomas@kellyhart.com

Katherine T. Hopkins on behalf of Interested Party Tejas Group, Ltd.
katherine.thomas@kellyhart.com

Joyce W. Lindauer on behalf of Alleged Debtor WALL007 LLC
joyce@joycelindauer.com, dian@joycelindauer.com;gina@joycelindauer.com

Joyce W. Lindauer on behalf of Alleged Debtor WALL009 LLC
joyce@joycelindauer.com, dian@joycelindauer.com;gina@joycelindauer.com

Joyce W. Lindauer on behalf of Alleged Debtor WALL010 LLC
joyce@joycelindauer.com, dian@joycelindauer.com;gina@joycelindauer.com

Joyce W. Lindauer on behalf of Alleged Debtor WALL011 LLC
joyce@joycelindauer.com, dian@joycelindauer.com;gina@joycelindauer.com

Joyce W. Lindauer on behalf of Alleged Debtor WALL012 LLC
joyce@joycelindauer.com, dian@joycelindauer.com;gina@joycelindauer.com

Joyce W. Lindauer on behalf of Alleged Debtor WALL016 LLC
joyce@joycelindauer.com, dian@joycelindauer.com;gina@joycelindauer.com

Joyce W. Lindauer on behalf of Alleged Debtor WALL017 LLC
joyce@joycelindauer.com, dian@joycelindauer.com;gina@joycelindauer.com

Steven C. Metzger on behalf of Interested Party Timothy Barton
smetzger@pmklaw.com

Jiangang Ou on behalf of Petitioning Creditor Aiguo Luo
jou@nguyen-chen.com

Jiangang Ou on behalf of Petitioning Creditor Chao Xu
jou@nguyen-chen.com

Jiangang Ou on behalf of Petitioning Creditor Chenchen Jiang
jou@nguyen-chen.com

Jiangang Ou on behalf of Petitioning Creditor Cunxiang Ji
jou@nguyen-chen.com

Jiangang Ou on behalf of Petitioning Creditor Di Tang
jou@nguyen-chen.com

Jiangang Ou on behalf of Petitioning Creditor Fang Ding
jou@nguyen-chen.com

Jiangang Ou on behalf of Petitioning Creditor Feng Yan
jou@nguyen-chen.com

Jiangang Ou on behalf of Petitioning Creditor Fuqing Chen
jou@nguyen-chen.com

Jiangang Ou on behalf of Petitioning Creditor Guoqin Zhou
jou@nguyen-chen.com

Jiangang Ou on behalf of Petitioning Creditor Hanjiang Fu
jou@nguyen-chen.com

Jiangang Ou on behalf of Petitioning Creditor Heng Zhang
jou@nguyen-chen.com

Jiangang Ou on behalf of Petitioning Creditor Hong Guo
jou@nguyen-chen.com

Jiangang Ou on behalf of Petitioning Creditor Jialin Hu
jou@nguyen-chen.com

Jiangang Ou on behalf of Petitioning Creditor Jiancheng Chen
jou@nguyen-chen.com

Jiangang Ou on behalf of Petitioning Creditor Jiaxiang Lu
jou@nguyen-chen.com

Jiangang Ou on behalf of Petitioning Creditor Jin Wang
jou@nguyen-chen.com

Jiangang Ou on behalf of Petitioning Creditor Jingqiu Tang
jou@nguyen-chen.com

Jiangang Ou on behalf of Petitioning Creditor Jinzhe Wu
jou@nguyen-chen.com

Jiangang Ou on behalf of Petitioning Creditor Jun Li
jou@nguyen-chen.com

Jiangang Ou on behalf of Petitioning Creditor Jun Wang
jou@nguyen-chen.com

Jiangang Ou on behalf of Petitioning Creditor Jun Zeng
jou@nguyen-chen.com

Jiangang Ou on behalf of Petitioning Creditor Kai Tian
jou@nguyen-chen.com

Jiangang Ou on behalf of Petitioning Creditor Kangying Mao
jou@nguyen-chen.com

Jiangang Ou on behalf of Petitioning Creditor Kui Wang
jou@nguyen-chen.com

Jiangang Ou on behalf of Petitioning Creditor Lan Ji
jou@nguyen-chen.com

Jiangang Ou on behalf of Petitioning Creditor Li Jiang
jou@nguyen-chen.com

Jiangang Ou on behalf of Petitioning Creditor Lin Gao
jou@nguyen-chen.com

Jiangang Ou on behalf of Petitioning Creditor Lin Li
jou@nguyen-chen.com

Jiangang Ou on behalf of Petitioning Creditor Lin Zhou
jou@nguyen-chen.com

Jiangang Ou on behalf of Petitioning Creditor Liying Yang
jou@nguyen-chen.com

Jiangang Ou on behalf of Petitioning Creditor Mai Ye
jou@nguyen-chen.com

Jiangang Ou on behalf of Petitioning Creditor Ou Jiang
jou@nguyen-chen.com

Jiangang Ou on behalf of Petitioning Creditor Pei Guan
jou@nguyen-chen.com

Jiangang Ou on behalf of Petitioning Creditor Peng Guo
jou@nguyen-chen.com

Jiangang Ou on behalf of Petitioning Creditor Pengfei Dong
jou@nguyen-chen.com

Jiangang Ou on behalf of Petitioning Creditor Qiao Qin
jou@nguyen-chen.com

Jiangang Ou on behalf of Petitioning Creditor Qin Chu
jou@nguyen-chen.com

Jiangang Ou on behalf of Petitioning Creditor Qiuying Li
jou@nguyen-chen.com

Jiangang Ou on behalf of Petitioning Creditor Qu Chen
jou@nguyen-chen.com

Jiangang Ou on behalf of Petitioning Creditor Rufeng Ding
jou@nguyen-chen.com

Jiangang Ou on behalf of Petitioning Creditor Ruinian Wu
jou@nguyen-chen.com

Jiangang Ou on behalf of Petitioning Creditor Sicheng Zhan
jou@nguyen-chen.com

Jiangang Ou on behalf of Petitioning Creditor Tianqing Song
jou@nguyen-chen.com

Jiangang Ou on behalf of Petitioning Creditor Wai Ying
jou@nguyen-chen.com

Jiangang Ou on behalf of Petitioning Creditor Wanwan Li
jou@nguyen-chen.com

Jiangang Ou on behalf of Petitioning Creditor Weijia Kong
jou@nguyen-chen.com

Jiangang Ou on behalf of Petitioning Creditor Weisi Wang
jou@nguyen-chen.com

Jiangang Ou on behalf of Petitioning Creditor Wenjuan Yin
jou@nguyen-chen.com

Jiangang Ou on behalf of Petitioning Creditor Wenjun Wang
jou@nguyen-chen.com

Jiangang Ou on behalf of Petitioning Creditor Xiangdong Zhu
jou@nguyen-chen.com

Jiangang Ou on behalf of Petitioning Creditor Xiaodong Hao
jou@nguyen-chen.com

Jiangang Ou on behalf of Petitioning Creditor Xiaomin Fan
jou@nguyen-chen.com

Jiangang Ou on behalf of Petitioning Creditor Xiaoquan Dai
jou@nguyen-chen.com

Jiangang Ou on behalf of Petitioning Creditor Xuegeng Gong
jou@nguyen-chen.com

Jiangang Ou on behalf of Petitioning Creditor Yadan Liu
jou@nguyen-chen.com

Jiangang Ou on behalf of Petitioning Creditor Yan Zhang
jou@nguyen-chen.com

Jiangang Ou on behalf of Petitioning Creditor Yi Tang
jou@nguyen-chen.com

Jiangang Ou on behalf of Petitioning Creditor Yijing Wu
jou@nguyen-chen.com

Jiangang Ou on behalf of Petitioning Creditor Ying Zhang
jou@nguyen-chen.com

Jiangang Ou on behalf of Petitioning Creditor Ying Zhou
jou@nguyen-chen.com

Jiangang Ou on behalf of Petitioning Creditor Yuan Yuan
jou@nguyen-chen.com

Jiangang Ou on behalf of Petitioning Creditor Yue Xu
jou@nguyen-chen.com

Jiangang Ou on behalf of Petitioning Creditor Yue Zhang
jou@nguyen-chen.com

Jiangang Ou on behalf of Petitioning Creditor Yulan Chen
jou@nguyen-chen.com

Jiangang Ou on behalf of Petitioning Creditor Yunding Kang
jou@nguyen-chen.com

Stephen M. Packman on behalf of Petitioning Creditor Cunxiang Ji
spackman@archerlaw.com, ahuber@archerlaw.com

Stephen M. Packman on behalf of Petitioning Creditor Jin Wang
spackman@archerlaw.com, ahuber@archerlaw.com

Stephen M. Packman on behalf of Petitioning Creditor Jun Li
spackman@archerlaw.com, ahuber@archerlaw.com

Stephen M. Packman on behalf of Petitioning Creditor Kai Tian
spackman@archerlaw.com, ahuber@archerlaw.com

Stephen M. Packman on behalf of Petitioning Creditor Li Jiang
spackman@archerlaw.com, ahuber@archerlaw.com

Stephen M. Packman on behalf of Petitioning Creditor Lin Li
spackman@archerlaw.com, ahuber@archerlaw.com

Stephen M. Packman on behalf of Petitioning Creditor Lin Zhou
spackman@archerlaw.com, ahuber@archerlaw.com

Stephen M. Packman on behalf of Petitioning Creditor Peng Guo
spackman@archerlaw.com, ahuber@archerlaw.com

Stephen M. Packman on behalf of Petitioning Creditor Qu Chen
spackman@archerlaw.com, ahuber@archerlaw.com

Stephen M. Packman on behalf of Petitioning Creditor Weisi Wang
spackman@archerlaw.com, ahuber@archerlaw.com

Stephen M. Packman on behalf of Petitioning Creditor Xuegeng Gong
spackman@archerlaw.com, ahuber@archerlaw.com

Stephen M. Packman on behalf of Petitioning Creditor Yan Zhang
spackman@archerlaw.com, ahuber@archerlaw.com

Stephen M. Packman on behalf of Petitioning Creditor Yunding Kang
spackman@archerlaw.com, ahuber@archerlaw.com

Michael P. Ridulfo on behalf of Creditor Bob Jiang
mridulfo@krcl.com, dtrevino@krcl.com;mridulfo@ecf.courtdrive.com

Michael P. Ridulfo on behalf of Creditor Michael Fu
mridulfo@krcl.com, dtrevino@krcl.com;mridulfo@ecf.courtdrive.com

Patrick D. Sullivan on behalf of Creditor Benchmark Acquisitions, LLC
sullivan@hooverslovacek.com

Patrick D. Sullivan on behalf of Creditor Benchmark Acquisitions, LLC
sullivan@hooverslovacek.com

United States Trustee
ustpregion06.da.ecf@usdoj.gov

Behrooz P. Vida on behalf of Creditor Tamamoi, LLC and FDRE, Inc.
filings@vidalawfirm.com, legalprokirstin@gmail.com;bkfilings@yahoo.com

**20-31131-hdh7 Notice will not be electronically mailed to:**

Carnegie Development LLC
,

Hongpeng Lin
,

Venkat Murugan
,

Khudabuksh K Walji on behalf of Alleged Debtor WALL007 LLC
Law Office of K. Walji
10701 Corporate Drive, Ste 350
Stafford, TX 77477

Joyce W. Lindauer
State Bar No. 21555700
Guy H. Holman
State Bar No. 24095171
Kerry S. Alleyne
State Bar No. 24066090
Joyce W. Lindauer Attorney, PLLC
1412 Main St., Suite 500
Dallas, Texas 75202
Telephone: (972) 503-4033
Facsimile: (972) 503-4034
Attorneys for Alleged Debtors

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | **Chapter 7** |
| | § | |
| **WALL007 LLC, *et al.*[1],** | § | **Case No. 20-31131-hdh7** |
| | § | **(Jointly Administered)** |
| **Alleged Debtors.** | § | |

**ALLEGED DEBTORS' MOTION FOR
PETITIONERS TO POST BOND PURSUANT TO 11 U.S.C. § 303(e)**

**TO THE HONORABLE UNITED STATES BANKRUPTCY COURT:**

COMES NOW WALL007, LLC et al. ("Alleged Debtors"), Alleged Debtors in the above-styled and numbered bankruptcy case, and files this their *Motion for Petitioners to Post Bond Pursuant to 11 U.S.C. § 303(e)* (the "Motion"), and in support thereof would respectfully show the Court:

## I. INTRODUCTION

1. Petitioners filed these related and jointly administered Chapter 7 cases as a litigation tactic, a debt collection tactic, and an attempt at shopping for a new forum in which to level claims and subject matter previously presented in a non-bankruptcy forum, namely Cause No. DC-19-18361 before the District Court of Dallas County for the 44th Judicial District (the

[1] The Alleged Debtors in these cases are: WALL007 LLC, WALL009 LLC, WALL010 LLC, WALL011 LLC, WALL012 LLC, WALL016 LLC, and WALL017 LLC.

"State Court." After that court and the Alleged Debtors had respectively expended significant judicial and financial resources, after the Alleged Debtors had met with a degree of success against Petitioners, and anticipating an undesirable outcome before that court, Petitioners abused the involuntary provisions of the Bankruptcy Code (11 U.S.C. §§ 101 *et seq*.) by filing these several related bankruptcy proceedings to receive a stay of the State Court action and relitigate the same issues and claims before this Bankruptcy Court.

2. The Petitioners' actions in these proceedings smack of bad faith. Those actions include (1) their use of this additional forum to improperly litigate identical claims, coupled with (2) their refusal to properly comply with the Court's order to file a Live Deposition Agreement (aimed at the determination of standing based on the threshold issues of verification of existence and validation of identity of persons claiming to be Petitioners), (3) the filing of multiple motions using false claims of nonexistent "travel bans" and proposing alternative discovery procedures known to the Petitioners to be illegal under Chinese law and unsupportable under U.S. law.

3. In consideration of these actions, this Court found that dismissal of the involuntary cases (without prejudice) was warranted and entered its Order to that effect [Dkt. No. 310]. Because of their bad faith actions, Alleged Debtors filed their *Motion for Recovery of Attorneys' Fees, Costs, and Compensatory and Punitive Damages Pursuant to 11. U.S.C. § 303(i)* [Dkt. No. 313]. Although the actions in this case leading up to the dismissal primarily deal with only the issue of standing of the Petitioners' to even file the involuntary bankruptcy cases, Alleged Debtors continue to assert numerous other claims of "bad faith" as outlined in its *Brief in Support* o*f the Motions of Alleged Debtor to Dismiss Involuntary Petition, Request for Substitution of Real Party-in-Interest, Request for Bond, and Request for Award of Fees, Costs and Damages or in the Alternative to Abstain Under Bankruptcy Code § 305 ("Brief") [Dkt. No. 19]* which the Court

never got to or needed to consider in order to dismiss these cases including that these cases were filed (i) as a litigation tactic related to a previously filed state court action by some of the Petitioners and their agent, (ii) without proper motivation, (iii) without making sufficient inquiry into the facts and law surrounding the involuntary cases, and (iv) on alleged debts that were contingent and in dispute especially as evidenced by the underlying state court case.

## II. <u>PROCEDURAL HISTORY AND FACTS</u>

4. On April 8, 2020, the Petitioners filed an involuntary petition initiating these bankruptcy proceedings pursuant to Chapter 7 of the Bankruptcy Code (11 U.S.C. §§ 101 *et seq*.).

5. On May 7, 2020, Alleged Debtor Wall007, LLC filed its first *Motion to Dismiss Involuntary Petition*, citing, among other issues, the Petitioners' standing to file the instant case and/or cases. See Dkt No. 18.

6. On May 14, 2020, Alleged Debtor Wall007, LLC filed its *Second Motion to Dismiss Involuntary Petition*, citing among other issues, the Petitioners' failure to comply with petition "wet signature" requirements that would authenticate and certify the identity of the Petitioners. See Dkt. No. 27.

7. On June 15, 2020, the Court conducted a hearing wherein the second dismissal motion was denied because the Petitioners had complied with the majority of the procedural errors.

8. On August 17, 2020 the Court conducted a hearing wherein it considered arguments on several dispositive issues before the Court. The Court issued an oral ruling on its findings on August 19, 2020 wherein it found the following:

- "The Petitioning Creditors did not really respond to Alleged Debtors' legality argument. Instead, the Petitioners claim that the difficulties associated with the COVID-19 crisis should excuse them from traveling to the United States for in-person depositions. During the hearing, counsel for the Petitioners did not specifically say there was a travel ban on Chinese nationals entering the United States. Rather, counsel argued

that his clients would have to quarantine for 14 days upon entry to the United States and that doing so would be a great inconvenience."

- "The Court also believes that litigants who seek the benefit of the United States law must follow its process. And here, a serious concern has been raised that taking video depositions would violate Chinese law. While traveling to the US may be a great inconvenience and difficulty at this time, the Court believes it is necessary in this case to address both the legality issues and the identity concerns raised by the Alleged Debtors."

- "Because the willingness of the Petitioners to attend in-person depositions will affect several threshold issues, including the ability of the Petitioning Creditors to carry their evidentiary burdens and the identity concerns raised by the Alleged Debtors, **the Court will require that there is an agreement signed by counsel for the Petitioning Creditors that the Petitioning Creditors will appear for live depositions in the United States before any other discovery or motion practice will continue**."

9. On September 4, 2020, the Court collectively addressed the foregoing points in each of the "Discovery Orders" [Dkt. Numbers 165, 167, 168, and 169] issued on September 4, 2020, requiring that:

(i) No discovery or motions practice would be permitted to continue unless and until a live deposition agreement was signed by counsel for Petitioners and filed with the Court...;
(ii) Petitioners would be required to sign their answers to their interrogatories with their own "wet signatures" as opposed to the signature of Petitioners' counsel; and
(iii) Petitioners would be required to provide Alleged Debtors with copies of passports of all of the Petitioners, upon request and that such passports would be submitted to the Court for in-camera inspection, upon request.
(iv) Petitioners depositions would be required to be taken in person in the United States at a time and place agreeable to the Parties;
(v) Petitioners would be required to produce all documents concerning transfers of funds from Chinese accounts to the Alleged Debtors that underlie the Petitioners' claims; and
(vi) Petitioners would be required to produce all documents concerning communications between Petitioners and Michael Fu.

10. In contravention of the prohibition against motion practice articulated *supra*, Petitioners filed a *Motion for Reconsideration of the Discovery Orders* [Dkt No. 175] on

September 15, 2020, asserting *inter alia* a non-existent "travel ban" against Chinese citizens purportedly "not fully considered or understood prior to the Court's ruling on the aforementioned issues." In that same pleading, counsel for Petitioners attempted to argue that this Court should authorize either live or video depositions of the Petitioners which it incorrectly declared could proceed in the Chinese territory of Macau, a practice that is illegal under Chinese law since it violates sovereignty of the Chinese legal system.

11. This Court issued its *Order Denying the Motion for Reconsideration of the Discovery* Orders [Dkt. No. 202] on October 22, 2020. It did so for several reasons. First, the Court found that restrictions on travel by the Petitioners, who are Chinese nationals, to the United States renders such travel merely inconvenient, but not impossible. The Court noted that the presidential proclamation on which the Petitioners relied specifically provides several exceptions to limitations on entry into the United States. Second, the Court found that the Petitioners' unwavering and ill-advised recommendation to conduct depositions in Macau failed to address legality and identity concerns raised by the Alleged Debtors and that the Petitioners presented no newly discovered evidence or intervening change in controlling law that would prevent such conclusion. Finally, the Petitioners' argument that the Discovery Orders had to be altered because of purported new evidence of an alleged fraudulent transfer thus warranting discovery concerning the Alleged Debtors' use of loan proceeds was denied *without prejudice* to its being raised in a subsequent motion to compel (1) once the Petitioners' counsel signed and filed the aforementioned "Live Deposition Agreement, and (2) if the Alleged Debtors refuse to respond to the discovery requested by the Petitioners.

12. On October 12, 2020, Alleged Debtors filed their *Third Motion to Dismiss Involuntary Petition*. In that pleading, the Alleged Debtors restated the six (6) aforementioned

points stated in the Discovery Orders and argued that the Petitioners had failed to comply with any part of the four (4) *Discovery Orders*, had injected purposeful delay into these proceedings, and were unable to further prosecute these cases.

13. On November 3, 2020, the Petitioners then filed a flurry of *Notices of Appeal*, *Motions for Leave to Take Direct Appeal*, and *Motions to (A) File an Interlocutory Appeal & (B) Requesting* Certification *to the US Court of Appeals for the Fifth Circuit* concerning each of the four (4) Discovery Orders [Dkt Numbers 218, 220, 221, 223, 225, 226, .228, 230, 231, 233, 235, and 236] and the *Order Denying the Motion for Reconsideration of the Discovery Orders* [Dkt. Numbers. 238, 240, and 241]. Alleged Debtors filed their Objection to Petitioners' Motion for Leave to Take Direct Appeal and related documents (Doc. No. 266).

14. On November 23, 2020 this Court entered its *Order Directing Compliance with Prior Orders* (the "Compliance Order") in which it established a deadline of December 4, 2020 for Petitioners' counsel to file the Live Deposition Agreement, or obtain a stay of the *Discovery Orders* pending appeal. Petitioners were clearly warned that failure to do so by the established deadline would result in dismissal of these bankruptcy cases without prejudice.

15. On November 30, 2020, the United States District Court for the Northern District of Texas dismissed the Petitioners' appeals [Dkt. Nos. 301-305].

16. On December 1, 2020, this Court certified the *Discovery Orders* and the *Order Denying Reconsideration* for direct appeal by the United States Court of Appeals for the Fifth Circuit citing the hope for doing so was to "materially advance the progress of the case[.]" [Dkt. No. 300.]

17. On the December 4, 2020 deadline, nearly four months after the Court issued its requirement for a signed and filed "Live Deposition Agreement," the Petitioners' counsel filed what it termed to be a "Live Deposition Agreement." [Dkt. No. 308].

18. On December 7, 2020 the Court issued its *Order Dismissing Involuntary Bankruptcy Cases Without Prejudice* to refiling [Dkt. No. 310] ("Dismissal Order"). This Court noted several problems with that "Live Deposition Agreement" in that it was filed only on behalf of eleven (11) of sixty-five (65) Petitioners, and that it impermissibly contained several unrequested conditions that would have allowed them to avoid their obligation to appear. Although timely filed, this Court found that such "Agreement" did not comport with the November 23, 2020 *Compliance Order*. Coupled with the fact that the Petitioners had not received a stay of the *Discovery Orders*, the Court found that the Petitioners had willfully disobeyed both the *Discovery Orders* and the *Compliance Order*, thereby prejudicing the Alleged Debtors.

19. In the Dismissal Order, the Court stated that dismissal was appropriate because

> [t]he Petitioning Creditors have not filed the Required Deposition Agreement and have not obtained a stay of the Discovery Orders. The Court finds that the Petitioning Creditors have willfully disobeyed the Discovery Orders and the Compliance Order, which made it clear that the Alleged Debtors would be substantially prejudiced by the Petitioning Creditors' refusal to comply, lesser sanctions would not suffice, and these cases would be dismissed if the Petitioning Creditors did not comply.

20. On December 17, 2020, the Alleged Debtors filed their *Motion for Recovery of Attorney's Fees, Costs, and Compensatory and Punitive Damages* [Dkt. No. 313] (the "Recovery Motion") based on bad faith actions by the Petitioners that included (1) the improper filing of these bankruptcy cases based on certain identical claims, which were subject to a bona fide dispute, to those asserted in parallel to non-bankruptcy Case No. DC-19-18361 filed in the District Court of

Dallas County for the 44th Judicial District ("State Court") because Petitioners and their agent Michael Fu, determined it would be "much faster" to file the involuntary bankruptcy cases instead of pursuing the State Court case which he felt was "going to be a long procedure, a long time dragging and for the longest time."[2]; (2) the refusal to properly comply with the Court's order to file a signed Live Deposition Agreement which was aimed at the determination of standing based on the threshold issues of verification of existence and validation of identity of persons claiming to be Petitioners; (3) the filing of multiple motions asserting false claims of non-existent "travel bans" and proposing alternate discovery procedures known to the Petitioners (and clearly determined by this Court) to be illegal under Chinese law and unsupportable under U.S. law. The Recovery Motion was also based on (i) the damage inflicted on the Alleged Debtors' relationships with their lenders; (ii) the restriction of capital needed to operate their enterprise that has led to the inability to develop their property and refinance other of their debts resulting in potential defaults with other creditors; and (iii) the morass of claims that other creditors were forced to file against the Alleged Debtors if only to preserve those claims in these redundant and pointless proceedings. All such fees, costs, and damages in the amount requested are permissible pursuant to 11 U.S.C. § 303(i)(1) and (2) and were requested in an effort to recoup legal fees resulting from the Petitioners' bad faith actions in the form of the filing of these proceedings and the need to respond to a quagmire of unnecessary pleadings, to offset the Petitioners' damaging but intended results of credit constriction, and to dissuade similar future bad acts.

21. Although the actions in this case leading up to the dismissal primarily deal with only the issue of standing of the Petitioners' to even file the involuntary bankruptcy cases, Alleged Debtors continue to assert numerous other claims of "bad faith" as outlined in its *Brief in Support*

---

[2]See line 19, page 73 through line 15, page 74 of the Deposition Transcript of Michael Fu

Case 20-33113-hdh7 Doc 350 Filed 06/25/21 Entered 06/25/21 16:04:18 Desc

of *the Motion of Alleged Debtors to Dismiss Involuntary Petition, Request for Substitution of Real Party-in-Interest, Request for Bond, and Request for Award of Fees, Costs and Damages or in the Alternative to Abstain Under Bankruptcy Code § 305* which the Court never got to or needed to consider in order to dismiss these cases including that these cases were filed (i) as a litigation tactic related to a previously filed state court action by some of the Petitioners and their agent, Michael Fu, (ii) without proper motivation, (iii) without making sufficient inquiry into the facts and law surrounding the involuntary cases, (iv) on alleged debts that were contingent and in dispute especially as evidenced by the underlying state court case, and (v) to damage other related parties of the Alleged Debtors .

22. On December 21, 2020, Petitioners filed a *Notice of Appeal* [Dkt No. 314] of the "Order Dismissing Involuntary Bankruptcy Cases Without Prejudice [Dkt. No. 310] entered on December 7, 2020" which Petitioners amended on January 10, 2021 [Dkt. No. 327].[3]

23. On January 7, 2021, and with its appeals of the *Discovery Orders* and its *Order Denying Reconsideration* still before the Fifth Circuit, Petitioners filed their *Motion for (i) Reconsideration of Order Dismissing Involuntary Bankruptcy Cases Without Prejudice; and (ii) Related Relief* [Dkt. No. 321] which was amended on January 8, 2021 [Dkt. No. 325].

24. Petitioners' counsel essentially asserts the same arguments as made in its prior Motion for Reconsideration which had been denied. Petitioners continue to assert that a "travel ban" imposed by the Trump Administration prohibits the Petitioners' travel to the United States. No such "travel ban" exists. The *travel restrictions* enumerated in the Presidential Proclamation dated January 31, 2020 specifically enumerate exceptions to the restrictions and discuss the manner in which travel may be permitted. The restrictions in that Presidential Proclamation made

[3] Appellate Case 3:31-cv-00029-s Document 1-1

no distinction between direct travel or indirect travel to the United States. Notably, no Petitioner ever attempted to seek entry into the United States by either direct or indirect means, or using any exception enumerated in the Presidential Proclamation.

25. Upon information and belief, the Petitioners' counsel did not have a reasonable belief that the Live Deposition Agreement as filed was "sufficient and in compliance with the Court's Order." An "agreement" would necessitate the review and approval by both parties, but Petitioners did not even provide a draft of the Live Deposition Agreement to the Alleged Debtors prior to filing it. Obviously, there was no "agreement." Additionally, the Court's Order never mentioned any permission to so severely condition that Agreement as to allow the Petitioners to avoid their obligation to appear in the United States for deposition. During the four (4) months the Petitioners' counsel was aware of the Court's straightforward requirement for a signed and filed Live Deposition Agreement, it never requested, let alone mentioned, any such conditions prior to the eleventh-hour filing of its non-compliant, unilateral "Agreement." The intent of the Petitioners was clear, namely that they would only agree to *possibly* appear. Despite the Petitioners assertion that the distribution in the United States of the Pfizer and Moderna vaccines for COVID-19 which clearly constitute a single changed circumstance that might relate to these proceedings, and provide grounds for this Court to reconsider its past Orders, the Petitioners have presented no evidence that distribution and availability of the American vaccine supply to citizens of the United States would in any way translate to similar distribution and availability of that supply in the People's Republic of China, thereby facilitating travel of that country's citizens to this country to participate in live, face-to-face depositions.

26. Petitioners have offered no new argument, no new evidence, no mention of substantial change in underlying law, or other reason that this Court may use to reconsider the

Order that is the subject of the *Motion to Reconsider Dismissal Order [Dkt, No. 325]*, or by which the United States District Court for the Northern District (the "Appeals Court") may overturn the *Dismissal Order* [Dkt. No. 310].

27. While these simultaneous pleadings are winding their way through the Bankruptcy Court and the Appeals Court, the Alleged Debtors continue to accrue costs, fees, and damages for which they have moved this Court for relief through recompense. Given Petitioners' appeal and lack of finality of these involuntary bankruptcy cases, these cases continue to encumber the property owned by the Alleged Debtors after the dismissal which severely hinders and even blocks Alleged Debtors from developing the Property and selling lots as intended or refinancing existing loans on the properties including those which have matured as Alleged Debtors have been unable to obtain a clean title report given the existence of the appeal. Furthermore, the uncertainty created by a dismissal that is on appeal creates too much uncertainty for third parties who may otherwise wish to be involved in the development of the Properties.

## III. LEGAL AUTHORITIES

28. Pursuant to 11 U.S.C. § 303(e), "[a]fter notice and hearing, and for cause, the court may require the petitioners under this section to file a bond to indemnify the debtor for such amounts as the court may later allow under subsection (i) of this section."

## IV. ARGUMENT

29. The provision regarding the posting of a bond is intended to "discourage frivolous petitions as well as the more dangerous spiteful petitions, based on a desire to embarrass the debtor … or to put the debtor out of business without good cause." *In re Ransome Grp. Inv'rs I, LP*, 423 B.R. 556, 558 (Bankr. M.D. Fla. 2009) (citing *In re Reed*, 11 B.R. 755, 757 (Bankr. S.D.

W.Va. 1981) and H.R. Rep. No. 95-595, 95th Cong., 1st Sess. 323 (1977), U.S. Code Cong. & Admin. News 1978, p. 5787.).

30. To apply Section 303(e) of the Bankruptcy Code, the Court must determine that cause exists rooted in the finding of a bad faith filing of the involuntary bankruptcy petition. *In re Antar*, No. 12-13288-AJC, 2012 Bankr. LEXIS 5723, at *5-6 (Bankr. S.D. Fla. 2012). "[B]ad faith on the part of petitioning creditors provides a basis for dismissing an involuntary bankruptcy petition." *In re Bates*, 545 B.R. 183, 192 (Bankr. W.D. Tex. 2016) (citing *Forever Green Athletic*, 804 F.3d 328, 326 (3d Cir. 2015). Although the Bankruptcy Code fails to define "bad faith" as that term relates to involuntary Chapter 7 bankruptcy cases, courts consider, among other factors, whether the case was filed as a litigation tactic in a two-party dispute. *In re Tichy Elec. Co*., 332 B.R. 364, 373 (Bankr. N.D. Iowa 2005).

31. Other factors used by courts to make a determination of bad faith filings of involuntary petitions have included "whether: the creditors satisfied the statutory criteria for filing the petition; the involuntary petition was meritorious; the creditors made a reasonable inquiry into the relevant facts and pertinent law before filing; there was evidence of preferential payments to certain creditors or of dissipation of the debtor's assets; the filing was motivated by ill will or a desire to harass; the petitioning creditors used the filing to obtain a disproportionate advantage for themselves rather than to protect against other creditors doing the same; the filing was used as a tactical advantage in pending actions; the filing was used as a substitute for customary debt-collection procedures; and the filing had suspicious timing." *Forever Green Athletic Fields, Inc*., 804 F.3d 328, 336 (3d Cir. 2015).

32. Here, and as mentioned in prior pleadings in this case, the actions of the Petitioners and these bankruptcy proceedings (which have been dismissed by this Court) have met most, if

not all of these criteria, and appear to be calculated to have the greatest detrimental effect on the Alleged Debtors by intending to cause irreparable damage to their business operations. Notably, these cases, so long as they are on appeal, have affected and will continue to affect the ability of the Alleged Debtors to receive a title policy (or policies) on properties owned by the Alleged Debtors which has made it exceedingly difficult, if not impossible, for them to secure refinancing including on loans which have matured or construction financing from Lenders, or to sell lots to potential buyers upon developing the Properties. Coupled with the appeal filed by the Petitioners, these circumstances are serving to protract these bankruptcy proceedings while pushing the Alleged Debtors closer to default on the debt obligations on these properties, damaging their relationships with their current lenders, endangering their collective corporate operations, and maximizing legal costs.

33. Since the Alleged Debtors have demonstrated bad faith on the part of the Petitioners, the Alleged Debtors have sought to recoup their attorney's fees, expenses, and damages pursuant to 11 U.S.C. § 303(i) for the demonstrated and described bad faith actions of the Petitioners. Because such monies may be awarded upon a finding of cause in response to the *Recovery Motion* [Dkt. 313], the Alleged Debtors would argue that this Court should require the Petitioners to file a bond in accordance with 11 U.S.C. § 303(e). *In re Antar*, 2012 Bankr. LEXIS 5723, at *6. The purpose of doing so would be to indemnify the Alleged Debtors for such potential award consisting of actual damages of $46,223,825.92 and punitive damages of $92,447,651.84 (which aggregate to $138,671,477.76) as articulated in Exhibit B of the Recovery Motion. *In re Kidwell*, 158 B.R. 203, 213 (Bankr. E.D. Cal. 1993). See also *In re Hutter Assocs., Inc.*, 138 B.R. 512, 516 (W.D. Va. 1992). "A bond can have a sobering effect in a case that is off to a shaky start and that is fraught with controversy about the bona fides of the petitioners." *In re Apollo Health*

*St., Inc.*, No. 11-22970 (NLW), 2011 Bankr. LEXIS 1978 (Bankr. D.N.J. 2011) (citing *In re Kidwell*, 158 B.R. at 218). Just as *Apollo Health St. Inc.*, the instant cases have been rocked by controversies and questions regarding motivation, identity, and legality concerns that remain unresolved, and the Petitioners have failed, if not outright refused, to act to settle such issues. The cost for such failure should be similarly sobering.

34. As mentioned *supra*, such request for bond is further supported by Fed. R. Civ. P. 62(b) and (d) which is applied to these bankruptcy proceedings by Fed. R. Bankr. P. 1018 and 7062. Further, Fed. R. Bankr. P 8007(a)(1)(B) and 8007(c) also apply here as previously mentioned and permit this Court to condition the Petitioners requested relief (namely simultaneous reconsideration of the *Dismissal Orders* by this Court and the appeal to overturn such *Dismissal Orders* before the United States District Court for the Northern District) by requiring the Petitioners to file a bond or other security.

## V. CONCLUSION

35. Courts have realized that the liberalization of certain bankruptcy procedures have relaxed restrictions on filing involuntary petitions, thus necessitating certain equitable counterbalances. *In re Kidwell*, 158 B.R. at 213. Dismissal of an involuntary petition and exposure of all petitioners to statutory remedies of attorney's fees are just such counterbalances, while *bad faith* petitioners are further exposed to actual and punitive damages. *Id*. Further, "the court was given authority to require petitioners to file a bond to indemnify for awards under the new costs and damages remedies…. In other words, the operative principle was that one who swats at the hornet had best kill it." *Id*.

36. Here, the Alleged Debtors have been able to demonstrate bad faith intent on the part of the Petitioners regarding the filing of their involuntary bankruptcy petitions in these

proceedings. Further, rather than electing to refile their petitions as permitted by the *Order of Dismissal* [Dkt No. 310], Petitioners are choosing to protract these proceedings for as long as possible while simultaneously pursuing an appeal of the *Order of Dismissal* in an attempt to make the costs of these cases so unbearable as to force the Alleged Debtors to capitulate to the Petitioners' each and every demand. This is despite the fact that the petitions in each of these related cases have been dismissed. Despite the Order of this Court that these proceedings are concluded, the Petitioners continue to act to damage the Alleged Debtors. Such actions establish the cause by which this Court may award the Alleged Debtors their attorneys' fees, costs, and compensatory and punitive damages pursuant to 11 U.S.C. 303(i) as requested in their *Recovery Motion* [Dkt, No. 313]. When that occurs, 11 U.S.C. 303(e), Fed. R. Civ. P. 62(b) and (d) (as applied to bankruptcy proceedings by Fed. R. Bankr. P. 1018 and 7062), and Fed. R. Bankr. P. 8007(a)(1)(B) and 8007(c) all permit this Court to require these Petitioners to indemnify the Alleged Debtors for such amounts as the Court may later allow under Section 303(i). *Id.* The Alleged Debtors believe that the circumstances of these bankruptcy proceedings warrant just such a requirement from this Court.

## VI. <u>PRAYER</u>

WHEREFORE, PREMISES CONSIDERED, Alleged Debtors WALL007, LLC *et al.* request that this Court enter an order requiring the Petitioners in these jointly administered cases to post bond in the amount of $138,671,477.76 to indemnify the Alleged Debtors for the possible recovery of its attorneys' fees, costs, and compensatory and punitive damages sought in its *Motion for Recovery of Fees* [Dkt. No. 313]. Alleged Debtors further pray that this court grant such other and further relief to which they may be justly entitled.

Dated: February 10, 2021.

Respectfully submitted,

/s/ Joyce W. Lindauer

Joyce W. Lindauer
State Bar No. 21555700
Guy H. Holman
State Bar No. 24095171
Kerry S. Alleyne
State Bar No. 24066090
Joyce W. Lindauer Attorney, PLLC
1412 Main St., Suite 500
Dallas, Texas 75202
Telephone: (972) 503-4033
Facsimile: (972) 503-4034
Email: joyce@joycelindauer.com
guy@joycelindauer.com
kerry@joycelindauer.com
Attorneys for Alleged Debtors

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on February 10, 2021, a true and correct copy of the foregoing document was served via email pursuant to the Court's ECF system upon all parties receiving notice in this case.

/s/ Joyce W. Lindauer

Joyce W. Lindauer

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | |
| | § | |
| **WALL007 LLC, *et al.*[1],** | § | **CASE NO. 20-31131-hdh7** |
| | § | **Chapter 7** |
| **Alleged Debtors.** | § | |

**ORDER GRANTING ALLEGED DEBTORS' MOTION FOR**
**PETITIONERS TO POST BOND PURSUANT TO 11 U.S.C. § 303(e)**

CAME ON FOR CONSIDERATION THE Alleged Debtors' Motion for Petitioners to Post Bond Pursuant to Post Bond Pursuant to 11 U.S.C. § 303(e), and the Court having considered the pleadings and argument of counsel, finds good cause to grant same. It is, therefore,

ORDERED, ADJUDGED AND DECREED that the Petitioners in these jointly administered cases shall post a bond in the amount of $138,671,477.76 to indemnify the Alleged

[1] The Alleged Debtors in these cases are: WALL007 LLC, WALL009 LLC, WALL010 LLC, WALL011 LLC, WALL012 LLC, WALL016 LLC, and WALL017 LLC.

Debtors for the possible recovery of its attorneys' fees, costs, and compensatory and punitive damages sought in their *Motion for Recovery of Fees* [Dkt. No. 313].

# # # END OF ORDER # # #

<u>Submitted by</u>:
Joyce W. Lindauer
State Bar No. 21555700
Joyce W. Lindauer Attorney, PLLC
1412 Main St., Suite 500
Dallas, Texas 75202
Telephone: (972) 503-4033
Facsimile: (972) 503-4034
Attorneys for Alleged Debtors