NGUYEN | CHEN LLP
ATTORNEYS AND COUNSELORS AT LAW

832.767.0339 main
11200 Westheimer Ste 120
Houston, Texas 77042
832.767.0669 fax

May 21, 2021

***<u>Via CM/ECF:</u>***
The Honorable Chief Judge Harlin D. Hale
United States Bankruptcy Court
Northern District of Texas–Dallas Division
Earle Cabell Federal Building
1100 Commerce Street #1254
Dallas, Texas 75242

Re: Case No. 20-31131-hdh7 (Jointly Administered); *In re: WALL007 LLC, et al.*, Alleged Debtors;[1] In the United States Bankruptcy Court for the Northern District of Texas–Dallas Division; **Alleged Debtors' Improper Post-Hearing Brief**

Dear Judge Hale:

Despite the fact the Court concluded hearing (which consisted of three separate days spanning from February to May) on Alleged Debtor's 11 U.S.C. Section 303(i) motion on May 10, 2021 and the Court's notice on May 17, 2021 stating" HEARING HELD; THE COURT TOOK MATTER UNDER ADVISEMENT; THE COURT NOTED IT INTENDS TO ISSUE A RULING VIA WEBEX; A HEARING ON MOTION TO POST A BOND WILL BE RESET BY THE COURT TO A LATER DATE, DEPENDING ON THE RULING ON THE INSTANT MATTER" [Dkt. No. 411], Alleged Debtors just recently filed an improper and unauthorized written closing argument consisting of proposed findings of fact and law artfully disguised as an uninvited Post-Hearing Brief. Moreover, Petitioning Creditor's counsel specifically asked the Court whether it would accept and consider written closing argument (in the form of proposed findings of fact and law) and the Parties were advised "[u]nless Judge Hale has indicated otherwise, hold off on filing findings and conclusions. If Judge Hale determines that will be helpful, he will let the parties know." *See* EMAIL CORRESPONDENCE DATED MARCH 24, 2021, attached hereto as Exhibit "A".

Indeed, at the start of the third day of the hearing on May 10, 2021, the Court explained:

> "I'm probably not going to be able to give you a ruling today. But it would be something that I'm not going to write an opinion on, so I'm not going to take a long time on this. I just want to get with my law clerks and write something up and then we would set up just a Court Call or Webex with you and I would give you a ruling. That was the thinking on the hearing that was set for tomorrow that might be affected some way by what we do today."

[1] The Alleged Debtors in this jointly administered case are: WALL007 LLC, WALL009 LLC, WALL010 LLC, WALL011 LLC, WALL012 LLC, WALL016 LLC, and WALL017 LLC.

MAY 10, 2021 HEARING TRANSCRIPT at pp. 5-6, attached hereto as Exhibit “B”.

At the conclusion of the Hearing, the Court further explained:

> “As I mentioned at the beginning, you know, we've gone over the course of three different days. I'm going to take this matter under advisement, which I hope will be a brief advisement. I don't intend to write an opinion on this. I don't think that that's going to be necessary. But I will do a ruling either I'll read into the record or we'll just simply send you the ruling.”

*Id.* at p. 149.

Despite the Court’s pronouncements that it had “heard enough” to fully render a decision as Alleged Debtor’s pending motion, Alleged Debtors (who are clearly not confident in the proof and arguments they have submitted to the Court) just recently filed an improper and unauthorized written closing argument consisting of proposed findings of fact and law artfully disguised as an uninvited Post-Hearing Brief. [Dkt. No. 411]. It is beyond dispute that the Court did not invite the Parties to submit post-hearing briefing, nor did the Court even hint that post-hearing briefing would be useful. Also beyond dispute is that neither Party requested leave to submit post-hearing briefing. In short, Alleged Debtors’ post-hearing brief is not only uninvited, but improper and should be disregarded because it (1) violates multiple court rules, (2) offends due process, and (3) fails to bolster their allegations. Accordingly, Petitioning Creditors’ object to Alleged Debtors’ uninvited and improperly submitted post-hearing brief and respectfully request the Court to strike or disregard said post-hearing brief.

Indeed, Local Bankruptcy Rule 7056-1(g) limits the submission of supplemental materials such as Alleged Debtors’ post-hearing brief. *See* TX R USBCTND LBR 7056-1(g). Rule 7056-1(g) specifically provides “Except for the motions, responses, replies, briefs, and appendixes required by these rules, a party may not, without the permission of the Presiding Judge, file supplemental pleadings, briefs, authorities, or evidence.” *Id.* The rules do not permit parties to unilaterally submit post-hearing briefs to the Court, especially briefs concocted to reiterate and prop up arguments that have—or should have—already been presented. Relatedly, Local Bankruptcy Rule 7007-3 requires parties to file and serve a document confirming leave of the Court upon obtaining informal permission to submit extraneous briefing unauthorized by the rules. *See* TX R USBCTND LBR 7007-3. In relation to Alleged Debtors’ post-hearing brief, neither informal nor formal leave of the Court was obtained prior to its filing, hence the absence of confirmation suggesting such. As such, the Court should disregard Alleged Debtors’ post-hearing brief.

Additionally, Alleged Debtors violated Local Bankruptcy Rule 7007-1 by failing to confer with Petitioning Creditors’ counsel prior to filing the post-hearing brief. *See* TX R USBCTND LBR 7007-1. Rule 7007-1(f) required Alleged Debtors to include a certificate of conference in their post-hearing brief, but they failed to do so. Apart from plainly violating the Court’s rule, Alleged Debtors’ neglect to notify Petitioning Creditors about the post-hearing brief offends due process. Alleged Debtors’ post-hearing brief constitutes advocacy by ambush and deprives Petitioning Creditors of fair opportunity to defend their position, especially given new arguments

formulated in the post-hearing brief. Moreover, the post-hearing brief is a clear attempt at running up the cost on Petitioning Creditors including unnecessarily increasing the attorney's fees and costs Alleged Debtors claim Petitioning Creditors are liable for as set forth Alleged Debtors' motion papers.

Notably, Alleged Debtors' attempt to justify their post-hearing brief based on the Court's recent decision in *In re National Rifle Association* is disingenuous. Alleged Debtors quote the Court's recognition that "Courts have consistently held that a bankruptcy case filed for the purpose of obtaining an unfair litigation advantage is not filed in good faith and should be dismissed." *In re: Nat'l Rifle Ass'n of Am. & Sea Girt LLC, Debtors.*, No. 21-30085 (HDH), 2021 WL 1970738, at *15 (Bankr. N.D. Tex. May 11, 2021) (citing *Antelope Techs., Inc. v. Lowe* (*In re Antelope Techs, Inc.*), 431 F. App'x. 272 (5th Cir. 2011); *Investors Group, LLC v. Pottorff*, 518 B.R. 380, 383-84 (N.D. Tex. 2014); *In re Alexandra Trust*, 526 B.R. 668, 679-680 (Bankr. N.D. Tex. 2015)). Indeed, that matter is distinguishable as it involves a voluntary bankruptcy proceeding and not an involuntary proceeding. Additionally, as the Court highlighted in its decision, that legal conclusion is not novel and it is readily apparent based on the Parties' prior briefing that this is one of the factors the Court takes into consideration when determining whether the filing was made in good faith. As Alleged Debtors' post-hearing brief hinges on that legal conclusion, the point is unnecessarily cumulative, and its examination by the Court and Petitioning Creditors is a waste of time, money and resources.

Accordingly, Petitioning Creditors pray the Court disregard or strike Alleged Debtors' unexpected, unapproved post-hearing brief, which includes a hackneyed recitation of Alleged Debtors' allegations mingled with legal arguments that were not offered in their motion or at the hearing. In other words, the post-hearing brief was filed in bad faith and the Court should not allow Alleged Debtors a second bite at the proverbial apple.

In the event, the Court is inclined to consider Alleged Debtors' post-hearing brief, which the Court should not, Petitioning Creditors respectfully ask the Court for permission to file their own post-hearing hearing brief and allow said filing to be due by 5:00 pm on May 28, 2021 (one week from today). Petitioning Creditors also ask the Court for leave to seek reasonable fees and costs associated with preparing a post-hearing response brief in light of the reasons described above.

On behalf of the Petitioning Creditors, I thank the Court for its time and consideration of Petitioning Creditors' request and we await further instruction and guidance from the Court.

Respectfully submitted

*/s/ Brian Gargano*
Brian Gargano

Enclosures

**CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the above instrument was served on the date the instrument was electronically filed. Service has been accomplished electronically and/or by first-class mail to the parties listed below.

**Via ECF**
WALL007, LLC, WALL009, LLC,WALL010, LLC,WALL011, LLC, WALL012, LLC, WALL016, LLC, WALL017, LLC
joyce@joycelindauer.com

**Via ECF**
Khudabuksh K. Walji, Esquire
Law Office of K. Walji
10701 Corporate Drive, Suite 350
Stafford, Texas 77477

**Via ECF**
Robert W. Buchholz, Esquire
bob@attorneybob.com

**Via ECF**
Darrell Wayne Cook, Esquire
dwcook@attorneycook.com
all@attorneycook.com

**Via ECF**
Katherine T. Hopkins, Esquire
katherine.thomas@kellyhart.com

**Via ECF**
Joyce W. Lindauer, Esquire
joyce@joycelindauer.com
dian@joycelindauer.com
gina@joycelindauer.com

**Via ECF**
Steven C. Metzger, Esquire
smetzger@pmklaw.com

**Via ECF**
Michael P. Ridulfo, Esquire
mridulfo@krcl.com
dtrevino@krcl.com
mridulfo@ecf.courtdrive.com

**Via ECF**

Patrick D. Sullivan, Esquire
sullivan@hooverslovacek.com

**Via ECF**
United States Trustee
ustpregion06.da.ecf@usdoj.gov

**Via ECF**
Behrooz P. Vida, Esquire
filings@vidalawfirm.com
legalprokirstin@gmail.com
bkfilings@yahoo.com

Dated: May 21, 2021

/s/ *Brian M. Gargano*
Brian M. Gargano