Joyce W. Lindauer
State Bar No. 21555700
Guy H. Holman
State Bar No. 24095171
Kerry Alleyne-Simmons
State Bar No. 24066090
Joyce W. Lindauer Attorney, PLLC
1412 Main St., Suite 500
Dallas, Texas 75202
Telephone: (972) 503-4033
Facsimile: (972) 503-4034
Attorneys for Alleged Debtors

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | **Chapter 7** |
| | § | |
| **WALL007 LLC, *et al.*[1],** | § | **Case No. 20-31131-hdh7** |
| | § | **(Jointly Administered)** |
| **Alleged Debtors.** | § | |

**REPLY AND OBJECTION TO RESPONSE IN OPPOSITION AND MOTION TO STRIKE POST-TRIAL BRIEF IN SUPPORT OF ALLEGED DEBTOR'S MOTION FOR DISMISSAL OF INVOLUNTARY BANKRUPTCY PETITIONS FOR REASON OF BAD FAITH AND FOR RECOVERY OF ATTORNEYS' FEES, COSTS, AND COMPENSATORY AND PUNITIVE DAMAGES [Dkt No. 413 and Dkt. No. 414]**

**TO THE HONORABLE UNITED STATES BANKRUPTCY COURT:**

COME NOW WALL007, LLC, *et al.* ("Alleged Debtors"), Alleged Debtors in the above-styled and numbered bankruptcy case, and file this their *Reply and Objection to Response in Opposition and Motion to Strike Post-Trial Brief in Support of Alleged Debtor's Motion for Dismissal of Involuntary Bankruptcy Petitions for Reason of Bad Faith and For Recovery of Attorneys' Fees, Costs, and Compensatory and Punitive Damages [Dkt No. 413 and Dkt No. 414]* (the "Response" and "Motion," respectively), and in support thereof would respectfully show the Court:

---

[1] The Alleged Debtors in these cases are: WALL007 LLC, WALL009 LLC, WALL010 LLC, WALL011 LLC, WALL012 LLC, WALL016 LLC, and WALL017 LLC.

1. Alleged Debtors filed their *Post-Trial Brief in Support of Alleged Debtor's Motion for Dismissal of Involuntary Bankruptcy Petitions for Reason of Bad Faith and For Recovery of Attorneys' Fees, Costs, and Compensatory and Punitive Damages* [Dkt. No. 412] on May 19, 2021. They did so in light of the Court's recent ruling in *In re National Rifle Association of America and Sea Girt, LLC*, No. 21-30085 (Bankr, N.D. Tex. Entered May 11, 2021), which dealt with the issue of filing a bankruptcy petition in bad faith. Despite the assertions of Petitioner's counsel to the contrary, the finding in that case is both applicable and instructive in the instant matter, regardless of the fact that *Nat'l Rifle Ass'n* is a voluntary bankruptcy case, whereas the instant proceedings are of an involuntary nature. As the Court is fully aware, a filing in good faith is required in both types of bankruptcies.

2. Alleged Debtors would further note that the *Post-Trial Brief* is in no way "improper and unauthorized," and that such had to be "invited" by the Court. Alleged Debtors note that the email on which Petitioners' counsel relies to indicate some sort of prohibition by the judge in these proceedings was (1) transmitted by the judge's Courtroom Deputy, not the judge, and (2) contains no language proscribing the filing of any written closing argument. The motivation behind filing the *Post-Trial Brief* was simply to bring to the Court's attention its recent ruling in *Nat'l Rifle Ass'n,* and the clear overlap between it and the instant case concerning the matter of a bad faith filing of a bankruptcy petition.

3. Alleged Debtors admit the allegation that they did not request the leave of Court to file the Post-Trial Brief.

4. Alleged Debtors admit the allegation that L.B.R. 7056-1(g) limits the submission of certain materials, but denies its applicability since such applies to Motions for Summary Judgment which is not the case here.

5. Alleged Debtors admit the allegation that L.B.R. 7007-3 that a confirmation of leave of the court to file certain documents is required, but notes that such rule is inapplicable here since confirmation is required when "a Presiding Judge informally grants leave" which was not required in this instance.

6. Alleged Debtors deny the allegation as to the applicability of L.B.R. 7007-1 (and in particular L.B.R. 7007-1) which requires conference (and filing of a Certificate of Conference) prior to the filing of a Motion. Here, the pleading filed was not a Motion, but rather was a brief in support of such filed months after the actual Motion it supports.

7. Alleged Debtors deny the allegation concerning any offense of due process due to the assertion of new arguments in the Brief. In fact, no new argument has been made. The assertion that the Petitioner's filed their involuntary petitions in bad faith was first iterated in the original *Motion to Dismiss* and again in the *Motion For Recovery of Attorney's Fees, Expenses, and Damages* [Dkt. No. 313]. The Brief merely reiterated such assertion and brought to the Court's attention that it had recently decided the same issue in *Nat'l Rifle Ass'n*.

8. Alleged Debtors again deny the allegation for reasons mentioned *supra* that the Court's ruling in *Nat'l Rifle Ass'n* is inapplicable here simply because that case was a voluntary bankruptcy while these proceedings are involuntary in nature.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, the Alleged Debtors pray that the Court give due consideration of the *Post-Trial Brief* and the *Motion* it supports, deny the Petitioners' *Motion to Strike Post-Trial Brief*, and for such and other and further relief to which the Alleged Debtors may show themselves justly entitled.

Dated: May 21, 2021

Respectfully submitted,

*/s/ Joyce W. Lindauer*

Joyce W. Lindauer
State Bar No. 21555700
Guy H. Holman
State Bar No. 24095171
Kerry S. Alleyne
State Bar No. 24066090
Joyce W. Lindauer Attorney, PLLC
1412 Main St., Suite 500
Dallas, Texas 75202
Telephone: (972) 503-4033
Facsimile: (972) 503-4034
Email: joyce@joycelindauer.com
guy@joycelindauer.com
kerry@joycelindauer.com
ATTORNEYS FOR ALLEGED DEBTORS

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on May 21, 2021, a true and correct copy of the foregoing document was served via email pursuant to the Court's ECF system upon the parties receiving electronic notice in this case.

*/s/ Joyce W. Lindauer*

Joyce W. Lindauer