NGUYEN | CHEN LLP
ATTORNEYS AND COUNSELORS AT LAW

832.767.0339 main | 11200 Westheimer Ste 120
Houston, Texas 77042 | 832.767.0669 fax

May 24, 2021

***Via CM/ECF:***
The Honorable Chief Judge Harlin D. Hale
United States Bankruptcy Court
Northern District of Texas–Dallas Division
Earle Cabell Federal Building
1100 Commerce Street #1254
Dallas, Texas 75242

Re: Case No. 20-31131-hdh7 (Jointly Administered); *In re: WALL007 LLC, et al.*, Alleged Debtors;[1] In the United States Bankruptcy Court for the Northern District of Texas–Dallas Division; **Alleged Debtors' Improper Post-Hearing Brief**

Dear Judge Hale:

I write to the Court to address Alleged Debtors' response to Petitioning Creditors' objection and request to strike Alleged Debtors' uninvited and unauthorized filing of their post-hearing brief. [Dkt. Nos. 420 and 421].

Alleged Debtors concede they did not follow the Local Rules, and their argument the Local Rules do not apply to them rings hollow. Moreover, Alleged Debtors do not deny that the post-hearing brief is an attempt at running up the cost on Petitioning Creditors including unnecessarily increasing the attorney's fees and costs Alleged Debtors claim Petitioning Creditors are liable for as set forth Alleged Debtors' motion papers. Ironically, it is the Alleged Debtors, not the Petitioning Creditors, who have acted in bad faith throughout this involuntary bankruptcy proceeding.

In any event, Alleged Debtors' claim that the Brief was filed simply to bring to the Court's attention its own recent ruling in an unrelated case is disingenuous at best as the sections titled "Background" (paragraphs 6 through 27) and "Argument and Authority" (paragraphs 32 through 38) in the Brief easily refute Alleged Debtors' false claim to the Court. [Dkt. No. 412]. Indeed, only paragraphs 1 through 3 "brings to the Court's attention" the Court's own recently holding in *Nat'l Rifle Ass'n*, and it is beyond dispute that the majority of the Brief consists merely of cut and pasted content from Alleged Debtors' prior filings. Notably, Alleged Debtors added additional closing argument regarding the facts of the case by presenting in their Brief cherry-picked, out-of-context, and mischaracterized snippets of Yue Zhang, Weijia Kong, and Sicheng Zhan's testimony,

[1] The Alleged Debtors in this jointly administered case are: WALL007 LLC, WALL009 LLC, WALL010 LLC, WALL011 LLC, WALL012 LLC, WALL016 LLC, and WALL017 LLC.

which Alleged Debtors had every opportunity to mention in their closing at the hearing but failed to do so. [Dkt. No. 412 at ¶¶ 21-23]. In any event, the transcript clearly demonstrates all of the reasons Zhang, Kong, and Zhan testified to for participating in the involuntary bankruptcy proceeding. [Dkt. Nos. 413 and 414-Exhibit "B" at pp. 31-34, 91-92, 114-115, 123-125].

In sum, the post-hearing brief is cumulative, uninvited, unauthorized, and filed in bad faith, and the Court should not allow Alleged Debtors a second bite at the proverbial apple. Accordingly, the Court should disregard or strike the brief.

In the event, the Court is inclined to consider Alleged Debtors' post-hearing brief, which the Court should not, Petitioning Creditors reiterate their request to the Court for permission to file their own post-hearing hearing brief and allow said filing to be due by 5:00 pm on May 28, 2021.

Given Petitioning Creditors' desire to avoid incurring unnecessary additional cost in drafting and filing a counter-brief, Petitioning Creditors respectfully ask the Court to provide its guidance on this matter to the Parties as soon as practically possible.

On behalf of the Petitioning Creditors, I thank the Court for its time and consideration of Petitioning Creditors' request and we await further instruction and guidance from the Court.

Respectfully submitted

*/s/ Brian Gargano*
Brian Gargano

**CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the above instrument was served on the date the instrument was electronically filed. Service has been accomplished electronically and/or by first-class mail to the parties listed below.

**Via ECF**
WALL007, LLC, WALL009, LLC,WALL010, LLC,WALL011, LLC, WALL012, LLC, WALL016, LLC, WALL017, LLC
joyce@joycelindauer.com

**Via ECF**
Khudabuksh K. Walji, Esquire
Law Office of K. Walji
10701 Corporate Drive, Suite 350
Stafford, Texas 77477

**Via ECF**
Robert W. Buchholz, Esquire
bob@attorneybob.com

**Via ECF**
Darrell Wayne Cook, Esquire
dwcook@attorneycook.com
all@attorneycook.com

**Via ECF**
Katherine T. Hopkins, Esquire
katherine.thomas@kellyhart.com

**Via ECF**
Joyce W. Lindauer, Esquire
joyce@joycelindauer.com
dian@joycelindauer.com
gina@joycelindauer.com

**Via ECF**
Steven C. Metzger, Esquire
smetzger@pmklaw.com

**Via ECF**
Michael P. Ridulfo, Esquire
mridulfo@krcl.com
dtrevino@krcl.com
mridulfo@ecf.courtdrive.com

**Via ECF**

Patrick D. Sullivan, Esquire
sullivan@hooverslovacek.com

**Via ECF**
United States Trustee
ustpregion06.da.ecf@usdoj.gov

**Via ECF**
Behrooz P. Vida, Esquire
filings@vidalawfirm.com
legalprokirstin@gmail.com
bkfilings@yahoo.com

Dated: May 24, 2021

/s/ *Brian M. Gargano*
Brian M. Gargano